1

2

3

4

5

6

The Honorable Thomas S. Zilly

7

8

UNITED STATES DISTRICT COURT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

JULIE DALESSIO, an individual,

                              Plaintiff,

        v.

UNIVERSITY OF WASHINGTON,

                              Defendant.

No. 2:17-cv-00642 TSZ

DEFENDANT UNIVERSITY OF
WASHINGTON'S ANSWER TO
COMPLAINT AND AFFIRMATIVE
DEFENSES

14

15

16

        Defendant, UNIVERSITY OF WASHINGTON, in answer to JULIE DALESSIO,

AN INDIVIDUAL'S complaint, admits, denies and alleges as follows:

17

18

        Defendant denies the allegations contained in the "Introduction" section of

Plaintiff's Complaint.

19

**I.      PARTIES**

20

21

        1.1     Upon information and belief, Defendant admits the allegations in paragraph

1.1 of Plaintiff's Complaint.

22

        1.2     Defendant admits the allegations contained in paragraph 1.2.

23

**II.      FACTS**

24

25

26

        2.1     Defendant admits that it responded to Public Records Requests (PR 15-
00570, PR 16-00218, PR 16-00283, and PR 16-00760) regarding records related to
Plaintiff.  The remainder of the paragraph contains only legal conclusions, and therefore no

27

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

response is required; however, Defendant denies the allegations as stated.

2.2     This paragraph contains only legal conclusions, and therefore no response is required; however, Defendant denies the allegations as stated.

2.3     Defendant admits the 2003 Settlement Agreement was released in response to PR 15-00570, but denies that the Settlement Agreement was confidential.

2.4     Defendant denies the allegations contained in paragraph 2.4.

2.5     Defendant denies the allegations contained in paragraph 2.5.

2.6     Defendant admits to providing a response to PR-2015-00570 to David Betz. To the extent this paragraph contains legal conclusions, including whether the information in the public records was "personal" or "confidential", no response to those conclusions is required.  Defendant lacks knowledge sufficient to determine the truth of the remaining allegations contained in paragraph 2.6 and therefore neither admits nor denies the same.

2.7     Defendant admits the allegations contained in paragraph 2.7.

### III.     BACKGROUND

3.1     Upon information and belief, Defendant admits the allegations in paragraph 3.1 with the exception of the sentence "She is credited with the development of methods used in the diagnosis and characterization of immune responses to viral pathogens[,]" which Defendant lacks knowledge sufficient to determine the truth of and therefore neither admits nor denies the same.

3.2     Defendant lacks knowledge sufficient to determine the truth of the allegations contained in paragraph 3.2 and therefore neither admits nor denies the same.

3.3     Defendant admits Plaintiff entered into a settlement agreement with the University in 2003. By way of further Answer, it appears Plaintiff was represented by legal counsel at the time. Defendant lacks knowledge sufficient to determine the truth of the allegations contained in paragraph 3.3 and therefore neither admits nor denies the same.

3.4     Defendant denies the allegations contained in paragraph 3.4.

DEFENDANT UNIVERSITY OF WASHINGTON'S
ANSWER TO COMPLAINT AND AFFIRMATIVE
DEFENSES - 2
2:17-cv-00642 TSZ
1010-00051/287072.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

3.5     Defendant denies the allegations contained in paragraph 3.5.  To the extent this paragraph contains legal conclusions, no response to those conclusions is required.

3.6     Defendant admits to providing responses to PR 15-00570 to David Betz and PR 16-00283 to Plaintiff.  Defendant denies any public records violations occurred.  To the extent this paragraph contains legal conclusions, including whether the information in the public records was "personal", no response to those conclusions is required.  Defendant lacks knowledge sufficient to determine the truth of the remaining allegations contained in paragraph 3.6 and therefore neither admits nor denies the same.

3.7     Defendant admits Plaintiff emailed the Office of Public Records, on or around April 16, 2016, regarding concerns about confidential information released in documents produced to David Betz.

3.8     Defendant admits Plaintiff contacted the Office of Public Records, the Attorney General's Office, and that she filed a claim with the Office of Risk Management, which is part of the Department of Enterprise Services, in November of 2016. Defendant lacks knowledge sufficient to determine the truth of the remaining allegations contained in paragraph 3.8 and therefore neither admits nor denies the same.

3.9     Defendant denies the allegations contained in paragraph 3.9.

3.10    Defendant lacks knowledge sufficient to determine the truth of the allegations contained in paragraph 3.10 and therefore neither admits nor denies the same.

3.11    Defendant denies the allegations contained in paragraph 3.11.

### IV.     JURISDICTION AND VENUE

4.1     Defendant admits the parties and alleged acts giving rise to the claims occurred within King County. The remaining allegations in paragraph 4.1 contain legal conclusions.

4.2     Defendant admits parties and alleged acts giving rise to the claims occurred within King County. The remaining allegations in paragraph 4.1 contain legal

DEFENDANT UNIVERSITY OF WASHINGTON'S
ANSWER TO COMPLAINT AND AFFIRMATIVE
DEFENSES - 3
2:17-cv-00642 TSZ
1010-00051/287072.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

conclusions.

4.3     Defendant lacks knowledge sufficient to determine the truth of the allegations contained in paragraph 4.3 and therefore neither admits nor denies the same.

## V.     CAUSES OF ACTION

Defendant re-incorporates all prior responses in paragraphs 1.1-4.3.

### 5.1     Claim for Invasion of Privacy/Public Records Act Violations

a.     Defendant admits that in response to PR 15-00570, a staff-member inadvertently missed redacting Plaintiff's social security number on one page in the production of documents made on or around November 10, 2015.  By way of further answer, Defendant inadvertently missed redacting Plaintiff's date of birth on two pages in the production of documents made on or around November 10, 2015, and on one page in the production of documents made on or around December 4, 2015, but is not required to redact this employee's date of birth under the PRA.  Defendant denies the remaining allegations contained in paragraph 5.1(a), including that any other production of Plaintiff's own social security number to Plaintiff herself constitutes disclosure of private information.

b     This paragraph contains only legal conclusions and/or statutes, and therefore no response is required.

c.     This paragraph contains only statements copied from a University of Washington webpage, and therefore no response is required.

d.     This paragraph contains only quotations from the Washington Administrative Code, and therefore no response is required.

e.     This paragraph contains only quotations from the Washington Administrative Code, and therefore no response is required.

f.     This paragraph contains only legal conclusions and/or statutes, and therefore no response is required.

g.     This paragraph contains only legal conclusions and/or statutes, and therefore

DEFENDANT UNIVERSITY OF WASHINGTON'S
ANSWER TO COMPLAINT AND AFFIRMATIVE
DEFENSES - 4
2:17-cv-00642 TSZ
1010-00051/287072.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

no response is required.

h.   Defendant denies that it does not know the proper procedures for responding to public records requests and redacting records.  Defendant further denies the remaining allegations contained in paragraph 5.1(h).

i.   This paragraph contains only legal conclusions and/or statutes, and therefore no response is required.

j.   This paragraph contains only legal conclusions and/or statutes, and therefore no response is required.

k.   Defendant denies the allegations contained in paragraph 5.1(k).

l.   This paragraph contains only legal conclusions and/or statutes, and therefore no response is required.

m.   This paragraph contains only legal conclusions and/or statutes, and therefore no response is required.

n.   This paragraph contains only legal conclusions and/or statutes, and therefore no response is required. By way of further answer, RCW 42.56.060 actually provides that neither the agency nor individual employees, officials, or custodians shall be liable:

> **RCW 42.56.060**
> **Disclaimer of public liability.**
>
> *No public agency, public official, public employee, or custodian shall be liable, nor shall a cause of action exist, for any loss or damage based upon the release of a public record if the public agency, public official, public employee, or custodian acted in good faith in attempting to comply with the provisions of this chapter.*

[1992 c 139 § 11. Formerly RCW 42.17.258.]

o.   Defendant admits that it knew of and followed all legal obligations.

p.   Defendant denies the allegations contained in paragraph 5.1(p).

q.   Defendant denies the allegations contained in paragraph 5.1(q) that it should have made a better effort to redact exempt documents from the public records, and further

DEFENDANT UNIVERSITY OF WASHINGTON'S
ANSWER TO COMPLAINT AND AFFIRMATIVE
DEFENSES - 5
2:17-cv-00642 TSZ
1010-00051/287072.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

denies that it does not know about an individual's right to privacy under the PRA.  The remaining portions of this section contain only legal conclusions and/or statutes, and therefore no response is required.  By way of further answer, Defendant asserts that its employees at all times related to this matter acted in good faith in attempting to comply with the provisions of the Public Records Act.

r.    Defendant denies the allegations contained in paragraph 5.1(r).

s.    This paragraph contains only legal conclusions and/or statutes, and therefore no response is required.

t.    This paragraph contains only legal conclusions and/or statutes, and therefore no response is required.

u.    This paragraph contains only legal conclusions and/or statutes, and therefore no response is required.

v.    Defendant lacks knowledge sufficient to determine the truth of the allegations contained in paragraph 5.1(v) and therefore neither admits nor denies the same.

w.    Defendant denies the allegations contained in paragraph 5.1(w).

x.    Defendant denies the allegations contained in paragraph 5.1(x).

y.    Defendant denies the allegations contained in paragraph 5.1(y).

**5.2 Claim for Breach of Contract**

Defendant re-incorporates all prior responses in paragraphs 1.1-5.1(y).

a.    Defendant admits that it entered into a Settlement Agreement with Plaintiff in 2003, but denies remaining allegations contained in paragraph 5.2(a).

b.    Defendant admits the Settlement Agreement is part of the public record in compliance with the Public Records Act, but denies the remaining allegations contained in paragraph 5.2(b).

c.    Defendant denies the allegations contained in paragraph 5.2(c).

d.    Defendant denies it is always liable for the actions of its employees.

DEFENDANT UNIVERSITY OF WASHINGTON'S
ANSWER TO COMPLAINT AND AFFIRMATIVE
DEFENSES - 6
2:17-cv-00642 TSZ
1010-00051/287072.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

e.      Defendant denies the allegations contained in paragraph 5.2(e).

f.      Defendant denies the allegations contained in paragraph 5.2(f).

g.      Defendant denies the allegations contained in paragraph 5.2(g).

**5.3 Claim for Defamation/Libel**

Defendant re-incorporates all prior responses in paragraphs 1.1-5.2(g).

a.      Defendant denies the allegations contained in paragraph 5.3(a).

b.      Defendant denies the allegations contained in paragraph 5.3(b). The documents referenced are neither defamatory nor exempt from being in a personnel file.

c.      Defendant admits it has schedules for records retention but denies the remaining allegations contained in paragraph 5.3(c).

d.      Defendant denies the final sentence in paragraph 5.3(d) asserting "The University of Washington provided all of the above and did not retain the required records." The remaining language of paragraph 5.3(d) contains only statements copied from a University of Washington webpage, and therefore no response is required.

e.      Defendant denies it is always liable for the actions of its employees. The remaining language of section 5.3(e) contains only legal conclusions and/or statutes, and therefore no response is required.

f.      The first paragraph of section 5.3(f) contains only legal conclusions and/or statutes, and therefore no response is required. Defendant denies the remaining paragraphs in section 5.3(f).

g.      The first paragraph of section 5.3(g) contains only legal conclusions and/or statutes, and therefore no response is required. Defendant did remove the specified letters from Plaintiff's personnel file. Defendant admits that Plaintiff did file a claim regarding the Public Records Requests discussed in the complaint, and that this claim was denied. Defendant denies the remaining allegations contained in section 5.3(g).

h.      This paragraph contains only legal conclusions and/or statutes, and therefore

DEFENDANT UNIVERSITY OF WASHINGTON'S
ANSWER TO COMPLAINT AND AFFIRMATIVE
DEFENSES - 7
2:17-cv-00642 TSZ
1010-00051/287072.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

no response is required.

i.       Defendant denies the allegations contained in paragraph 5.3(i).

j.       Defendant denies the allegations contained in paragraph 5.3(j).

k.       Defendant denies the allegations contained in paragraph 5.1(k).

**5.4   Claim   for   Civil   Rights   Violations,   Discrimination,   Retaliation   for whistleblower**

Defendant re-incorporates all prior responses in paragraphs 1.1-5.3(k).

a.       Defendant denies the allegations contained in paragraph 5.4(a).

b.       This paragraph contains only legal conclusions and/or statutes, and therefore no response is required.

c.       Defendant denies the allegations contained in paragraph 5.4(c).

d.       This paragraph contains only legal conclusions and/or statutes, and therefore no response is required.

e.       Defendant denies the allegations contained in paragraph 5.4(e).

f.       Defendant   denies   the   allegations   contained   in   the   second   paragraph   of section 5.4(f).  The remainder contains only legal conclusions and/or statutes, and therefore no response is required.

g.       Defendant denies the allegations contained in paragraph 5.4(g).

h.       This paragraph contains only legal conclusions and/or statutes, and therefore no response is required.

i.       Defendant denies the allegations contained in paragraph 5.4(i).

j.       Defendant admits the University responded to Plaintiff's 2016 tort claim in February of 2017 and included a reference to RCW 42.56.060.

k.       The first paragraph of section 5.4(k) contains only legal conclusions and/or statutes, and therefore no response is required.  Defendant denies the remaining allegations contained in section 5.4(k).

DEFENDANT UNIVERSITY OF WASHINGTON'S
ANSWER TO COMPLAINT AND AFFIRMATIVE
DEFENSES - 8
2:17-cv-00642 TSZ
1010-00051/287072.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

l.      Defendant denies the allegations contained in paragraph 5.4(l).

m.     Defendant denies the allegations contained in paragraph 5.4(m).

n.      Defendant denies the allegations contained in paragraph 5.4(n).

o.      The first paragraph of section 5.4(o) contains only legal conclusions and/or statutes, and therefore no response is required.  Defendant denies the remaining allegations contained in paragraph 5.4(o).

**5.5 Claim for Injunctive Relief**

Defendant re-incorporates all prior responses in paragraphs 1.1-5.4(o).

a.      Defendant denies the allegations contained in paragraph 5.5(a).

b.      Defendant denies the allegations contained in paragraph 5.5(b).

c.      Defendant denies the allegations contained in paragraph 5.5(c).

d.      Defendant denies the allegations contained in paragraph 5.5(d).

e.      Defendant denies the allegations contained in paragraph 5.5(e).

f.      Defendant denies the allegations contained in paragraph 5.5(f).

g.      Defendant lacks knowledge sufficient to determine the truth of sentence 2 in paragraph 5.5(g) regard to when Plaintiff found out someone had made a public records request regarding her, and therefore neither admits nor denies the same.  Defendant denies the remaining allegations contained in paragraph 5.5(g).

## VI.     RESERVATION OF RIGHTS

This paragraph contains only legal conclusions and/or statutes, and therefore no response is required.

## VII.    PRAYER FOR RELIEF

Defendant University of Washington denies the allegations contained in this section, and denies Plaintiff is entitled to recover the relief sought from Defendant.

## VIII.   AFFIRMATIVE DEFENSES

BY WAY OF FURTHER ANSWER and AFFIRMATIVE DEFENSE, Defendant

DEFENDANT UNIVERSITY OF WASHINGTON'S
ANSWER TO COMPLAINT AND AFFIRMATIVE
DEFENSES - 9
2:17-cv-00642 TSZ
1010-00051/287072.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

states and alleges as follows:

1. **STATUTE OF LIMITATIONS:**  That one or more of Plaintiff's claims are barred by the statute of limitations.

2. **RELEASE:**  That the Plaintiff has executed releases of other parties and received full compensation for alleged injuries and damages which operates as a release of this Defendant and a bar to several claims in this action, .

3. **FAILURE TO STATE A CLAIM:**  That the Plaintiff has failed to state a claim upon which relief may be granted.

4. **GOOD FAITH:**  That the Defendant at all times acted in good faith in the performance of their duties and are therefore immune from suit for the matters charged in Plaintiff's complaint.  This affirmative defense includes the good faith immunity provided under the PRA pursuant to RCW 42.56.060.

5. **MITIGATION OF DAMAGES:**  That if the Plaintiff suffered any damages, recovery therefore is barred by Plaintiff's failure to mitigate said damages.

6. **INTERCORPORATE COMMUNICATIONS PRIVILEGE:**  That the conduct of the Defendants was privileged and some/all of Plaintiff's claims are therefore barred.

7. **ACCORD AND SATISFACTION**: That the parties entered into a binding contractual settlement agreement and Defendant has performed its contractual obligations.

8. **OTHER INDIVIDUALS AT FAULT:**  Defendant alleges that there are other entities at fault for the damages alleged in Plaintiff's complaint.  This answer is based on the limited discovery and investigation one to date, and is subject to amendment and supplement.  At this state, Defendants allege the following are at fault:

Defendant asserts that to the extent Plaintiff suffered any damages from the use of this information, such damages were caused by David Betz or his counsel.  Defendant is not responsible for what third-party individuals do with public records after they are released.

DEFENDANT UNIVERSITY OF WASHINGTON'S
ANSWER TO COMPLAINT AND AFFIRMATIVE
DEFENSES - 10
2:17-cv-00642 TSZ
1010-00051/287072.docx

**KEATING, BUCKLIN & McCORMACK, INC., P.S.**
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

9.     **DISCRETIONARY IMMUNITY:**   That all actions of the Defendant herein alleged manifest a reasonable exercise of judgment and discretion by authorized public officials made in the exercise of governmental authority entrusted to them by law and are neither tortious nor actionable.

### PRAYER FOR RELIEF

WHEREFORE, Defendant, UNIVERSITY OF WASHINGTON, prays for the following relief:

1.     That Plaintiff's complaint be dismissed with prejudice, and that Plaintiff take nothing from her complaint;

2.     That Defendant be allowed its statutory costs and reasonable attorney fees incurred herein; and

3.     For such additional relief the Court may deem just and equitable.

DATED this 26th day of April, 2017.

KEATING, BUCKLIN & McCORMACK, INC., P.S.

By:  */s/ Jayne L. Freeman*
Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for Defendant

800 Fifth Avenue, Suite 4141
Seattle, WA  98104-3175
Phone: (206) 623-8861
Fax:     (206) 223-9423
Email: jfreeman@kbmlawyers.com

DEFENDANT UNIVERSITY OF WASHINGTON'S
ANSWER TO COMPLAINT AND AFFIRMATIVE
DEFENSES - 11
2:17-cv-00642 TSZ
1010-00051/287072.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1

**CERTIFICATE OF SERVICE**

2       I hereby certify that on April 26, 2017, I electronically filed the foregoing with the

3   Clerk of the Court using the CM/ECF system which will send notification of such filing to

4   the following:

5       **Pro-Se Plaintiff**

6       Julie Dalessio
7       1110 29th Ave.
        Seattle, WA  98122
8       Telephone:  (206) 324-2590
        Email:  juliedalessio@msn.com
9
and I hereby certify that I have mailed by United States Postal Service, via first class and
10
    certified mail, the document to the following non CM/ECF participants:
11
        **Pro-Se Plaintiff**
12
        Julie Dalessio
13      1110 29th Ave.
        Seattle, WA  98122
14      Telephone:  (206) 324-2590
        Email:  juliedalessio@msn.com
15

16
    DATED:  April 26, 2017
17

18                                              */s/ Jayne L. Freeman*
19                                              Jayne L. Freeman, WSBA #24318
                                                Special Assistant Attorney General for
20                                              Defendant
                                                800 Fifth Avenue, Suite 4141
21                                              Seattle, WA  98104-3175
                                                Phone: (206) 623-8861
22                                              Fax:    (206) 223-9423
                                                Email: jfreeman@kbmlawyers.com
23

24

25

26

27
DEFENDANT UNIVERSITY OF WASHINGTON'S
ANSWER TO COMPLAINT AND AFFIRMATIVE
DEFENSES - 12
2:17-cv-00642 TSZ
1010-00051/287072.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423