The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JULIE DALESSIO,<br><br>    Plaintiff,<br><br>v.<br><br><br><br>University of Washington,<br><br>    Defendants | CASE NO. 2:17–cv–00642  RSM<br><br><br><br>PLAINTIFF'S REPLY RE: MOTION TO APPOINT COUNSEL & STATEMENT OF MERIT OF CLAIM<br><br><br>Note on Motion Calendar:  May 26, 2017 |

Plaintiff submits this reply in direct response to Defendant UW's Response to Plaintiff's Motion to Appoint Counsel & Statement of Merit of Claim.

1. INTRODUCTION

    Defendant UW has no basis for their assertions and offers no evidence that the Plaintiff's factual statements regarding the merits of her claim are incorrect in any way. Given the tremendous imbalance of resources in favor of the UW and the Plaintiff's

PLAINTIFF'S REPLY RE: Plaintiff's

MOTION TO Appoint COUNSEL      1

Julie Dalessio
1110 29th Ave
Seattle, WA  98122
206 324 2590

inability to obtain representation due to her lack of financial resources, along with the egregious actions of the UW, Plaintiff prays for court appointed counsel.

## 2. LEGAL AUTHORITY

The Plaintiff has NOT submitted any requests to proceed *in forma pauperis*. This hearing is to decide on Plaintiff's application for a court appointed counsel under 42 U.S.C. §2000e-5(f)(1)(B)(1976) and the court's *pro bono* plan.

**A.** The University of Washington Ignores the fact that this case was originally filed in King County Superior Court by the Plaintiff, according to her rights and contractual obligations with the UW. The **UW** subsequently removed this case to District Court, which may be their right based on the Plaintiff's complaint which includes citations of federal laws that are corroborative to the cited, applicable state laws. However, the removal of this case to District Court constitutes another breach of the settlement agreement between Plaintiff and UW, in which the parties agreed to jurisdiction and venue in King County Superior Court. (see attached agreement at #11).

Plaintiff's Public Records Act claim involves both the failure to produce documents and the improper release of documents by the UW, that was not in the public interest, that was offensive, and constitutes an **invasion of privacy.** The UW is **not** "entitled to good faith immunity against any cause of action" as claimed by counsel for UW. As the UW's actions have violated Plaintiff's statutory and civil rights to privacy, they are not immune from civil actions for these violations of the Public Records Act (PRA).

PLAINTIFF'S REPLY RE: Plaintiff's

MOTION TO Appoint COUNSEL     2

Julie Dalessio
1110 29th Ave
Seattle, WA 98122
206 324 2590

The UW's response at page 2, line 15, implying that Plaintiff's claim is based on the UW "accidently(sic) failing to redact Plaintiff's social security number on one page out of hundreds produced" is a **blatant misrepresentation** of Plaintiff's claim.  See the Plaintiff's COMPLAINT at page 7.  The UW compiled and released a multitude of documents that are personal, confidential, statutorily exempt from public inspection, offensive, frivolous, deliberately misleading, could have the effect of discrimination against the Plaintiff or it is possible to determine the identity of persons receiving healthcare from these records.  These improper public records releases contain complete, identifying information of the Plaintiff, including **several** copies of Plaintiff's social security number.

While settlement agreements might be produced in response to requests under the PRA, the **agreements in conjunction with employees' names are exempt from disclosure**.  In this case, the settlement agreement could also have been exempted under several other statutes.   In this case, the UW was not under any legal obligation to produce this document, and was, in fact, under contractual obligations to sequester this document, and to not publicize the terms of the agreement (see agreement at #16).  The settlement agreement does NOT acknowledge UW rights to release related documents as counsel for UW asserts, and, in fact, the agreement specifies that UW agreed to withdraw all related documents from their files (see agreement at #2), which they not only failed to do, but instead added multiple copies of said documents to Plaintiff's personnel file.

PLAINTIFF'S REPLY RE: Plaintiff's

MOTION TO Appoint COUNSEL                3

Julie Dalessio
1110 29th Ave
Seattle, WA  98122
206 324 2590

Plaintiff's Breach of Contract claim is based not only on the UW's improper disclosure of the settlement agreement, but on the Plaintiff's discovery that the UW violated other terms of the agreement as well as UW policies and Washington Administrative Code. The **fact** is that Plaintiff requested mediation prior to her scheduled appeal for an unfounded 8-day suspension.  At the "mediation" on January 2, 2003, the UW immediately informed the Plaintiff that if she did not sign the agreement and withdraw her appeal, she would be fired the next day and they would make sure she did not receive unemployment compensation, and they assured her that it would take at least a year to even get to an appeal that would cost her upwards of $50,000 for legal representation, whereupon the best outcome to be expected would be reinstatement with her abusive supervisor.  The Plaintiff signed the agreement which specifically settles the Personnel Appeals Board appeal (see agreement at page 1, "Statement of Dispute").

Plaintiff has tried to make it very clear that she is **NOT** reviving any claims that were the subject of the settlement agreement.  All of the instant claims fall within the statutes of limitations, having occurred less than one year before the commencement of this action.

In addition to claims for Public Records Act violations and Breach of Contract, Plaintiff claims that the settlement agreement contains illegal, discriminatory and retaliatory terms that specifically prohibit the Plaintiff's rights to complain of discrimination "under the Age Discrimination in Employment Act and/or the American with Disabilities

PLAINTIFF'S REPLY RE: Plaintiff's

MOTION TO Appoint COUNSEL               4

Julie Dalessio
1110 29th Ave
Seattle, WA  98122
206 324 2590

Act." (see agreement at #7).  This matter is entirely deserving of the attention of the court and the public, and especially so if discovery reveals that this is a customary practice of the UW.

**B.**  Plaintiff agrees that she suffers from legal and technical deficiencies.  In addition, Plaintiff suffers from emotional stress caused by the actions of the UW.  Plaintiff fears that she has thus far been unable to clearly articulate her claims, as evidenced by the UW's confused response to her motion.  Plaintiff has cited both case law and statutes in support of her claims, yet the UW has ignored both.  Plaintiff has attempted to use online resources to educate herself regarding court rules, but has no experience or education in the law, nor the legal resources available to licensed attorneys.

## 3.  CONCLUSION

Plaintiff fears that without legal representation, Defendant UW will misunderstand, trivialize, obfuscate, and misrepresent her claims, causing added stress to Plaintiff in this already highly stressful action.  Plaintiff fears that going forward, the Defendant UW will continue to offer untrue, conclusory statements and irrelevant case citations in lieu of facts and relevant legal citations.  Given UW's stated plans to file a motion for summary judgment before any discovery takes place and their intention to limit discovery "to just four records requests," Plaintiff fears that she will be overwhelmed by the machinations of the UW in their attempts to avoid the just and legal resolution of the REAL issues.

PLAINTIFF'S REPLY RE: Plaintiff's

MOTION TO Appoint COUNSEL         5

Julie Dalessio
1110 29th Ave
Seattle, WA  98122
206 324 2590

Plaintiff does not have the financial resources for legal representation in this case and, indeed, believes that the UW is obligated to reimburse the costs, according to the settlement agreement at #12 and Title VII and/or 42 U.S.C. §1988.

In addition, a court appointed counsel for Plaintiff could aid the efficient and fair resolution of this case and the UW and the court would not be subjected to Plaintiff's uneducated attempts to assert her claims.

Plaintiff prays that the court will approve her application for court-appointed counsel.

I declare under penalty of perjury that the foregoing is true and correct, and the attached document is a true and correct copy of the settlement agreement between the UW and the Plaintiff.

Dated:  May 25, 2017

s/ julie dalessio

Julie Dalessio, Pro Se Plaintiff
1110 29th Ave
Seattle, WA  98122

206 324 2590

juliedalessio@msn.com

PLAINTIFF'S REPLY RE: Plaintiff's

MOTION TO Appoint COUNSEL            6

Julie Dalessio
1110 29th Ave
Seattle, WA  98122
206 324 2590

CERTIFICATE OF SERVICE

      I hereby certify that on May 25, 2017 I electronically filed the foregoing document to which this Certification is attached using the CM/ECF system which will send notice of such filing to the following person:

Jayne L. Freeman, WSBA #2318

Special Assistant Attorney General for Defendant

800 Fifth Ave., Suite 4141

Seattle, WA  98104-3175

Phone:  206 623 8861

Fax:  206 223 9423


Email:  jfreeman@kbmlawyers.com


Dated May 25, 2017

                                s/ julie dalessio

                                Julie Dalessio, Pro Se Plaintiff

                                1110 29th Ave

                                Seattle, WA  98122

                                206 324 2590

                                juliedalessio@msn.com

PLAINTIFF'S REPLY RE: Plaintiff's

MOTION TO Appoint COUNSEL     7

Julie Dalessio
1110 29th Ave
Seattle, WA  98122
206 324 2590