UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIE DALESSIO, ) | |
| ) | CASE NO. C17-0642RSM |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER DENYING MOTION TO |
| ) | APPOINT COUNSEL |
| THE UNIVERSITY OF WASHINGTON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the Court on Plaintiff's Motion to Appoint Counsel. Dkt. #8. Plaintiff asks the Court to appoint counsel in this case on the bases that: 1) she received referrals to attorneys who were "not competent" for this type of case; 2) attempts to engage an attorney by phone or internet contact were not successful; and 3) over the past six months she has contacted more than 30 attorneys and none of them have accepted her case. *Id.* Plaintiff has not been granted leave to proceed *in forma pauperis* in this matter. *Id.* The Complaint was removed to this Court on April 24, 2017, and Defendant has appeared through its counsel. *See* Dkt. #1. Although it is not typical for defendants to respond to these types of applications for appointment of counsel, Defendant has opposed the motion, and argues that the Court should deny the request because Plaintiff's claims are likely to be denied on the merits. Dkt. #11.

In civil cases, the appointment of counsel to a *pro se* litigant "is a privilege and not a right." *United States ex. Rel. Gardner v. Madden,* 352 F.2d 792, 793 (9th Cir. 1965) (citation

ORDER
PAGE - 1

omitted). "Appointment of counsel should be allowed only in exceptional cases." *Id.* (citing *Weller v. Dickson,* 314 F.2d 598 (9th Cir. 1963)). A court must consider together "both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983). Even where the claim is not frivolous, counsel is often unwarranted where the litigant's chances of success are extremely slim. *See Mars v. Hanberry,* 752 F.2d 254, 256 (6th Cir. 1985).

At this early stage of the litigation, the Court cannot find that Plaintiff is entitled to appointment of counsel. It does not yet appear that any exceptional circumstances exist, and there is no record before the Court that would allow the Court to examine whether Plaintiff's claims appear to have merit. In addition, Title VII does not provide an automatic right to counsel for employment discrimination claims. *See* 42 U.S.C. § 2000e-5(f)(1).

Accordingly, the Court hereby finds and ORDERS that Plaintiff's Motion to Appoint Counsel (Dkt. #8) is DENIED without prejudice. This Order does not preclude Plaintiff from re-filing her Motion once a factual record pertaining to her claims has been more fully developed.

DATED this 31 day of May, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE