The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
OF WASHINGTON

JULIE DALESSIO, an individual,

        Plaintiff,

v.

UNIVERSITY OF WASHINGTON,

        Defendant.

No. 2:17-cv-00642-RSM

JOINT STATUS REPORT AND DISCOVERY PLAN

Pursuant to this Court's April 27, 2017 Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement, the parties hereby submit their Rule 26(f) Joint Status Report.

**STATEMENT OF PLAINTIFF'S REFUSAL TO SIGN THE JOINT STATUS REPORT**

While Defendant does not prefer to file the Proposed Joint Status Report ("JSR") without both parties' signatures, today is the deadline and we have no other reasonable choice.

The parties had their required FRCP 26(f) conference on May 25, 2017. Prior to that meeting, Defendant sent Plaintiff a copy of a draft of the JSR so that both parties had something to work off of during the conference. While the parties disagreed on certain things, they productively discussed the JSR and then agreed to exchange drafts to work toward one report. After exchanging several copies, Plaintiff sent counsel for Defendant a version at 9:33 PM on June 7. This version contained more elaborate statements regarding Plaintiff's positions, but virtually erased all of Defendant's details regarding its positions.

JOINT STATUS REPORT AND DISCOVERY PLAN - 1
2:17-cv-00642-RSM

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

Counsel for Defendant sent Plaintiff an email stating that we understood Plaintiff felt strongly about her positions and explaining that the purpose of the Joint Status Report was to give the Court both parties' positions if the parties could not agree. To assist this, counsel for Defendant included a new draft (identical to the one below) that clearly laid out "<u>Defendant's Position</u>" and "<u>Plaintiff's Position</u>" where the parties could not come to an agreement. Counsel for Defendant then "copy and pasted" the content from Plaintiff's version (the one she was willing to submit less than 24 hours before) into the "<u>Plaintiff's Position</u>" sections to incorporate Plaintiff's exact arguments. Defendant asked for Plaintiff's approval to file the JSR, stating that we would be forced to file it without her signature and with an explanation of why we were unable to obtain it if she refused to sign it or work with counsel for Defendant to come to an agreement.

Plaintiff responded "unfortunately, i can't agree to submit your revision, as i've told you, I object to the inclusions of certain misleading, redundant, and irrelevant statements." Plaintiff then asked counsel for Defendant to sign her version from the night before, despite the fact that it had removed almost all of Defendant's explanations of its positions. Counsel for Defendant promptly responded, asking Plaintiff to again consider the version that allowed both sides to state their positions in their own words. Defendant stated that if Plaintiff wished to make further objections, she could. As of 3:50 PM, Plaintiff has not responded again.

While Plaintiff will undoubtedly submit her own version, this JSR contains **both** Plaintiff's positions (as stated in her most recent version of the JSR) and Defendant's most recent positions, which were previously sent to Plaintiff. Defendant respectfully requests the Court use this proposed JSR.

1. **Nature and Complexity of the Case**

   **<u>Plaintiff's statement</u>:**

   Plaintiff asserts the University of Washington (UW), in response to public records requests in 2015-2017, provided hundreds of documents containing personal and confidential

JOINT STATUS REPORT AND DISCOVERY PLAN - 2
2:17-cv-00642-RSM

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

information pertaining to Plaintiff that are statutorily exempt from disclosure pursuant to the Public Records Act (RCW 42.56).  In addition, the UW released confidential (and statutorily exempt) information to unauthorized persons in violation of RCW 42.52.050(3).  In addition, Plaintiff claims the University's release of records violated other state laws (RCW 41.06.450 for retention and destruction of records; RCW 49.60.180 for discrimination and unfair practices of employers; RCW 51.28.070 for breach of confidentiality of records of injured workers; RCW 7.96 for defamation), Washington Administrative Code (WAC 478-276-085, WAC 478-276-090; WAC 44-14 Public Records Act Rules), and Federal statutes including 45 CFR part 160 & 164, 20 U.S.C 1232g(a)(4), 34 CGR Part 99,  5 U.S.C. 552(b)(6), and that the negligent release of information resulted in an invasion of her privacy (RCW 42.56.050) and violated her right to privacy.

In addition, Plaintiff asserts that the UW, in response to public records requests in 2015-2017, published a settlement agreement between the Parties, in breach of the terms of the contract.  Additionally, Plaintiff asserts that the UW breached other terms of the contract.

In addition, Plaintiff asserts that the settlement agreement between the Parties contains terms in violation of state laws (RCW 49.60.180, RCW 49.44.090, RCW 49.60.210 and RCW 49.60.220), the Americans with Disabilities Act, the Age Discrimination in Employment Act, and Title VII of the Civil Rights Act, 42 U.S.C. 2000e-2, ch 76; 42 U.S.C. 1981; 42 U.S.C. 1983.

Plaintiff asserts that, in addition, the UW has violated RCW 40.14, WAC 478-276-095 and UW policies for records retention and destruction, and has compiled, published, distributed and left open for public inspection malicious, deliberately misleading, libelous and defamatory records and opinions concerning Plaintiff, in violation of RCW 42.40, RCW 42.52.050(3), RCW 41.06.450, RCW 42.56.050, RCW 7.96 and 42 U.S.C. sec 1981.

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

Further, Plaintiff asserts that pursuant to RCW 42.40 (State employee whistleblower protection), Plaintiff has the right to confidentiality in this case.

**Defendant's Statement:**

This case arises out of the University of Washington's responses to requests for records pursuant to Washington's Public Records Act, RCW Ch. 42.56. Plaintiff primarily asserts the University violated the Public Records Act by failing to redact personal information from portions of records produced pursuant to a public records request to the University. Plaintiff also claims that the University breached their contract with her (a 2003 Settlement Agreement) by including illegal terms in the agreement which prevented her from making claims of discrimination.

The University denies all of these claims and expects all issues in this case will be resolved as a matter of law pursuant to an early dispositive motion in light of the application of statutory immunity from many claims pursuant to RCW Ch. 42.56.060, applicable statutes of limitations, and failure to state an actionable cause of action on remaining claims.

**2. Deadline for Joining Additional Parties**

Defendant proposes August 1, 2017 as the deadline for joining additional parties. Plaintiff proposes that this deadline should be determined after the UW has responded in full to Plaintiff's First Discovery requests (served to counsel for UW on 5/24/17 and 5/25/17).

**3. Magistrate**

The parties do not agree to a full-time Magistrate.

**4. Discovery Plan**

**(A) Initial Disclosures.** The parties served Initial Disclosures on June 1, 2017.

**(B) Subjects, Timing of Discovery.**

JOINT STATUS REPORT AND DISCOVERY PLAN - 4
2:17-cv-00642-RSM

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

Defendant's Position: It is Defendant's position that discovery beyond Initial Disclosures should be stayed pending resolution of an early motion for summary judgement in light of the application of statutory immunity from many claims pursuant to RCW Ch. 42.56.060, applicable statutes of limitations, and failure to state an actionable cause of action on remaining claims. Further, it is Defendant's position that both parties have copies of all relevant documents, including. copies of the relevant public records requests and responses (one from a third party and three from Plaintiff regarding her own records that were released to her only), exemption logs, and Plaintiff's own personnel file and related records that were released to her upon request. If necessary, discovery would mostly involve Plaintiff's alleged damages.

Plaintiff's Position: It is Plaintiff's position that dispositive motions should be stayed until the deadline for discovery, or at least until UW has responded fully to Plaintiff's First Discovery requests (served to counsel for UW on 5/24/17 and 5/25/17). Plaintiff has requested Public Records relevant to her claims for Public Records Violations/Invasion of Privacy, Negligence, Breach of Contract, Discrimination/Retaliation, and Defamation/Libel, and has also requested production of these documents (served to counsel for UW on 5/24/17). It is Plaintiff's position that additional discovery may be necessary.

**(C) Electronically-stored information.** The parties do not anticipate any issues with disclosing electronically stored information as requested and as governed by the Federal Rules of Civil Procedure.

**(D) Privilege Issues.**

Defendant's Position: It is the University's position that Plaintiff should be barred from seeking discovery related to her employment claims, which she voluntarily settled pursuant to a written settlement agreement in 2003, and that discovery should be stayed pending resolution of an early summary judgment motion on the merits.

JOINT STATUS REPORT AND DISCOVERY PLAN - 5
2:17-cv-00642-RSM

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

<u>Plaintiff's Position</u>: It is Plaintiff's position that the parties should assert these claims after production.

**(E) Proposed Limitations on discovery.**

<u>Defendant's Position</u>: It is the University's position that Plaintiff should be barred from seeking discovery related to her employment claims as her employment ended in 2003 pursuant to a settlement and release agreement.

<u>Plaintiff's Position</u>: Plaintiff disagrees.  The Plaintiff does not propose any limitations on discovery, other than those already provided in the Federal Rules of Civil Procedure.

**(F) Need for Discovery-Related Orders**.

Defendants may seek an order staying discovery pending resolution of an early summary judgment motion that Defendant anticipates will not require discovery to resolve.  Plaintiff will oppose any such motions.

**5.   Proposed Case Management under Local Civil Rule 26(f)(1)**

**(A)    Prompt Case Resolution.** At this point, there have been no formal settlement discussions between the parties.

**(B)    Alternative Dispute Resolution.** The parties may elect to participate in mediation.

<u>Plaintiff's Position</u>: Plaintiff proposes that the parties engage in formal mediation discussions as soon as possible to resolve immediate public records and privacy issues.

<u>Defendant's Position</u>: It is Defendant's position that any mediation should take place after the close of discovery and the expiration of the dispositive motion filing deadline.

**(C)    Related Cases.** The Plaintiff knows of no related cases pending.  Defendant knows of no related cases pending.

JOINT STATUS REPORT AND DISCOVERY PLAN - 6
2:17-cv-00642-RSM

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

**(D)    Discovery Management.** The parties will attempt to resolve discovery disputes among themselves. The parties will attempt to manage discovery in a manner to effectuate full disclosure to the extent relevant and proportional to claims and defenses and minimize expense and as governed by the Federal Rules of Civil Procedure.

**(E)    Anticipated Discovery Sought**.

Plaintiff's Position: Plaintiff's First Requests for Admissions, Interrogatories and Requests for Production were served to counsel for UW on 5/24/17 and 5/25/17. Plaintiff anticipates that she will seek further discovery related to her claims, as governed by the Federal Rules of Civil Procedure and the Federal Rules of Evidence. Plaintiff also anticipates seeking discovery on issues of liability and damages.

Defendant's Position: If necessary following a ruling on an early dispositive motion on the merits, Defendant anticipates seeking discovery on issues of liability and damages.

**(F)    Phasing of Motions.**

Defendants' Position: The University anticipates filing a motion for summary judgment dismissal of all of Plaintiff's claims as a matter of law shortly after this plan is approved, as many of the claims alleged do not state a claim for which relief can be granted, and the remaining claims are barred by statutory immunity pursuant to RCW Ch. 42.56.060 and applicable statutes of limitations. It is the University's position that the court should rule on this motion prior to the parties engaging in further discovery beyond Initial Disclosures.

Plaintiff's Position: It is Plaintiff's position that dispositive motions should be stayed until the deadline for discovery, or at least until UW has responded fully to Plaintiff's First Discovery requests (served to counsel for UW on 5/24/17 and 5/25/17).

**(G)    Preservation of Discoverable Information.**

JOINT STATUS REPORT AND DISCOVERY PLAN - 7
2:17-cv-00642-RSM

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

Defendant's Position: It is the University's position that Plaintiff should be barred from attempting to re-litigate any employment claims that were subject to a signed, written separation and release agreement between Plaintiff and the University in 2003, when both parties were represented by counsel.  If she was allowed to do so, there may be issues related to preservation of emails and other documents from nearly 15 years ago or older.  Plaintiff asserts that she is not trying to re-litigate claims from 2003, but asserts she made need that documentation to prove "post-termination" retaliation by release of records in 2015-2016.  Defendant is not aware of any other preliminary issues related to the preservation of discoverable information or the scope of the preservation obligation.

Plaintiff's Position:  The Plaintiff is not aware of any preliminary issues related to the preservation of discoverable information or the scope of the preservation obligation. The UW was served a "Notice of Charge of Discrimination" by the U.S. Equal Employment Opportunity Commission on October 25, 2016, including instructions for preservation of records made or kept, pursuant to Section 1602.14 of Title 29 CFR.

**(H)     Privilege Issues.** In the event of inadvertent production of privileged information, the parties agree to return said information as soon as possible, and the production shall not constitute a waiver of the privilege.

Defendant's Position: Defendant does not anticipate any privilege-related issues outside of general attorney-client, work-product privileges and possibly some limited health or other information protected under FERPA and HIPAA laws.

Plaintiff's Position: The Plaintiff anticipates that there may be issues, as the UW released hundreds of documents pertaining to Plaintiff that contain personal information.  Plaintiff will seek acceptable methods for submission of this evidence, or Plaintiff will ask the court for guidance or an order.

JOINT STATUS REPORT AND DISCOVERY PLAN - 8
2:17-cv-00642-RSM

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

**(I)  Model Protocol for Discovery of ESI.** The parties do not anticipate any problems in exchanging relevant electronically stored information.

**(J)  Alternatives to Model Protocol.** The parties do not believe that adopting the Model Agreement Regarding Discovery of Electronically Stored Information in Civil Litigation is necessary in this case.

Defendant's Position: Discovery in this case is fairly straightforward and the majority of information can be exchanged in print form.

Plaintiff's Position: The UW Attorney General Office has published guidelines for electronic discovery.  Discovery in this case may include the search of UW Information Technology (UWIT) accounts and archived records, personal electronic devices, and non-UWIT email servers.  The information can be exchanged in electronic or print form.

**6.  Proposed Discovery Deadline**

Plaintiff's Position: The Plaintiff hopes that UW can respond promptly to discovery requests.  The Plaintiff proposes a discovery cutoff 49 days before trial.

Defendant's Position: Defendant proposes a discovery cutoff of September 1, 2017 if trial is set in January 2018.

**7.  Bifurcation.** Both parties reserve the right to move for bifurcation of some claims, whether by claims or between liability and damages issues.

**8.  Pre-Trial Statements and Pre-Trial Order**

The parties do not believe that pretrial statements or the pretrial order should be dispensed with in this case.

**9.  Shortening or Simplifying the Case.**

Defendant's Position: The University anticipates filing a summary judgment motion seeking dismissal of all of Plaintiff's claims as a matter of law shortly after this Joint Status Report is entered.  It is the University's position that Plaintiff has not pled an actionable PRA

JOINT STATUS REPORT AND DISCOVERY PLAN - 9
2:17-cv-00642-RSM

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

violation or actionable claims pursuant to any other Federal or State statute, constitutional provision, or common law cause of action.

Plaintiff's Position: The Plaintiff believes that there are genuine issues as to material facts and that the UW is not entitled to judgement as a matter of law, and thus a summary judgment motion will further encumber the parties and the Court.

**10. When the Case will be Ready for Trial.**

Plaintiff's Position: Plaintiff, having no experience in these matters, proposes that the case could be ready for trial in September of 2017 if the University responds promptly to discovery requests.

Defendant's Position: Defendant believes this case will be ready for trial in January of 2018.

**11. Whether the Case will be a Jury or a Non-Jury Trial**

This case will be a jury trial.

**12.  Length of Trial**

Defendant's Position: Defendant anticipates trial will take three days.

Plaintiff's Position: Plaintiff, having no experience in these matters, has no idea of how many trial days are required.

**13. Trial Counsel**

Jayne Freeman
Attorney for Defendant University of Washington
Keating, Bucklin & McCormack, Inc., P.S.
800 Fifth Ave., Suite 4141
Seattle, WA 98104
Phone: (206) 623-8861

Julie Dalessio
Pro se Plaintiff
1110 29th Ave.
Seattle, WA  98122
(206) 324-2590

JOINT STATUS REPORT AND DISCOVERY PLAN - 10
2:17-cv-00642-RSM

Keating, Bucklin & McCormack, Inc., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

### 14. Trial Counsel Unavailability

Trial counsel for Defendant University is not available between

- August 30-September 6, 2017 (vacation)
- November 6-17, 2017 (Trial in U.S.D.C., Western District)
- December 11-22, 2017 (trial in King County Superior Court)
- February 1- March 16, 2018 (trial in Clark County Superior Court)
- April 2-13, 2018 (trial in King County Superior Court)

Plaintiff does not have any periods of unavailability at this point, but some witnesses have conflicts in January 2018.

### 15. Service

Defendant does not dispute service.

### 16. Whether the Parties Request a Scheduling Conference

The parties do not request a scheduling conference prior to the Court entering a scheduling order in this case (unless the parties cannot agree on preliminary matters)

### 17. Nongovernment Corporate Parties

Not applicable.

DATED:  June 8, 2017

KEATING, BUCKLIN & McCORMACK, INC., P.S.

By: */s/ Jayne L. Freeman*
Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for Defendant University of Washington
800 Fifth Avenue, Suite 4141
Seattle, WA  98104-3175
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: jfreeman@kbmlawyers.com

JOINT STATUS REPORT AND DISCOVERY PLAN - 11
2:17-cv-00642-RSM

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1
2
3
4  By: _____ [1]
5      Julie Dalessio, Plaintiff
       1110 29th Ave
6      Seattle, WA 98122
       206-324-2590
7      jdalessio@msn.com
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

---

[1] See Statement on Page 1-2.

JOINT STATUS REPORT AND DISCOVERY PLAN - 12
2:17-cv-00642-RSM

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

# CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Pro-Se Plaintiff**

Julie Dalessio
1110 29th Ave.
Seattle, WA  98122
Telephone:  (206) 324-2590
Email:  juliedalessio@msn.com

DATED:  June 8, 2017

/s/ LaHoma Walker
LaHoma Walker, Legal Assistant

JOINT STATUS REPORT AND DISCOVERY PLAN - 13
2:17-cv-00642-RSM

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423