The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT OF WASHINGTON

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JULIE DALESSIO, an individual<br><br>　　　Plaintiff,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON,<br><br>　　　Defendant. | No. 2:17-cv-00642-RSM<br><br><br><br><br>Motion for Reconsideration re: Minute Order [21]<br>　　　re: [16] Motion to Strike |

The Plaintiff respectfully submits this Motion for Reconsideration re: Minute Order [21] re: [16] Motion to Strike portions of Joint Status Report [15].

As much as the court might like to dispense with unnecessary work, be assured that this is even more unpleasant for the Plaintiff. The actions of counsel for Defendant (UW) and the court have necessitated this Motion, if only to have Plaintiff's side included in the court record.

## I. Background

On June 8, 2017 Counsel for UW filed a Joint Status Report [15] that was **not signed** by the Plaintiff.  Counsel for UW indicated in the CM/ECF court record system that the document was signed by both parties.

Counsel for UW included in the Joint Status Report a two-page, so called **"STATEMENT OF PLAINTIFF'S REFUSAL TO SIGN THE JOINT STATUS REPORT"** that was, in fact, **not** the Plaintiff's statement, nor was this a complete and accurate statement of facts.

The Plaintiff hoped that this improper filing could be corrected by the clerk's office, so as to avoid the possible prejudice of the court that the statement might induce, so she filed a Praecipe motion to strike the statement.

On June 12, 2017, the court refiled the document as a Motion to Strike[16] pursuant to LCR 7(d)(3), and noted for June 23, 2017.

On June 13, at 11 am, Counsel for UW filed a response [17] to the Motion to Strike [16], along with a declaration and exhibits from co-counsel [20].

On June 13, 2017 at 2:30 PM, Judge Ricardo S. Martinez filed a Minute Order [21] denying the Motion to Strike.

## II. Matters Overlooked or Misapprehended by the Court

1. The Joint Status Report [15] was not signed by the Plaintiff.  FRCP 27(2) regarding Failure to Sign states: "Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention."

2. As the moving party, it is the **Plaintiff's responsibility to file** the Rule 26(f) Joint Status Report.  The Defendant had other options that would not involve breaking the rules, including a) Sign their version and send Plaintiff the pdf to sign and file; b) Send Plaintiff a signed pdf copy with room for her to write in her objections; c) Sign Plaintiff's pdf version; d) Refuse to sign and cause Plaintiff to ask for relief from the deadline.

3. The court ruled on the Motion to Strike after Defendant's response, before allowing due process for the Plaintiff to reply.

4. The court order [21] states "the Court acknowledges that some portions were meant to provide an explanation as to why the Report was being submitted with one signature only."  Plaintiff asserts that those portions, which are inaccurate, incomplete, misleading, and judgmental, were meant to embarrass her and to prejudice the court.

5. The Plaintiff's motion to strike portions of the JSR was unopposed by Defendant "If the court does not require or prefer such explanation, and will accept the JSR when it is not signed by Plaintiff Julie Dalessio, pro se, Defendants do no(sic) oppose striking the initial paragraphs of the JSR . . ." (Defendant's Response to Plaintiff's Motion to Strike . . . Dkt [17] pg 2).

### III. New Matters Being Brought to the Court's Attention

1. Plaintiff's Declaration, with attached exhibits.

### IV.  Modifications sought in the Court's Prior Ruling

1. Strike from the record all redundant, immaterial, or impertinent matter, including court documents [15] through [21];

2. Acknowledge that the actions by the Defendant in filing the JSR were erroneous;

3. Acknowledge that the court erred in ruling on the motion [16] without due process;

4. Such other relief as the court deems appropriate.

5. Attached find Plaintiff's version of the JSR, which Counsel for Defendant would not sign.

The Plaintiff hopes that the court has not been prejudiced by these proceedings, and prays that going forward counsel will carefully consider FRCP 11(b) in their REPRESENTATIONS TO THE COURT.

DATED:  June 18, 2017.

SIGNED:            s/julie dalessio

Julie Dalessio, Pro Se
1110 29th Ave., Seattle, WA 98122
206-324-2590
juliedalessio@msn.com

CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following person:

Jayne L. Freeman, WSBA #2318

Special Assistant Attorney General for Defendant

800 Fifth Ave., Suite 4141

Seattle, WA  98104-3175

Phone:  206 623 8861

Fax:  206 223 9423


Email:  jfreeman@kbmlawyers.com


    s/ julie dalessio

    Julie Dalessio, Pro Se Plaintiff

    1110 29th Ave

    Seattle, WA  98122


    206 324 2590

    juliedalessio@msn.com