The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| JULIE DALESSIO, | CASE NO. 2:17–cv–00642  RSM |
| Plaintiff, | |
| v. | Joint Status Report, Rule 26(f) |
| University of Washington<br>Defendants | |

The parties hereby submit their Rule 26(f) Joint Status Report and Discovery Plan.

**1.    Nature and complexity of case**

(A)  Plaintiff asserts the University of Washington (UW), in response to public records requests in 2015-2017, provided hundreds of documents containing personal and confidential information pertaining to Plaintiff which is statutorily exempt from disclosure pursuant to the Public Records Act (RCW 42.56).  In addition, the UW released confidential (and statutorily exempt) information to unauthorized persons in violation of RCW 42.52.050(3).  In addition, Plaintiff claims the UW's release of records violated other state laws (RCW 41.06.450 for retention and

JOINT STATUS REPORT AND
DISCOVERY PLAN

Julie Dalessio
1110 29th Ave
Seattle, WA  98122
206 324 2590

destruction of records; RCW 49.60.180 for discrimination and unfair practices of employers; RCW

51.28.070 for breach of confidentiality of records of injured workers; RCW 7.96 for defamation),

also Washington Administrative Code (WAC 478-276-085, WAC 478-276-090; WAC 44-14 Public

Records Act Rules), and Federal statutes including 45 CFR part 160 & 164, 20 U.S.C 1232g(a)(4),

34 CGR Part 99,  5 U.S.C. 552(b)(6), and that the negligent release of information resulted in an

invasion of her privacy (RCW 42.56.050) and violated her right to privacy.


    1. (B)  In addition, Plaintiff asserts that the UW, in response to public records requests in

2015-2017, published a settlement agreement between the Parties, in breach of the terms of the

contract.  Additionally, Plaintiff asserts that the UW breached other terms of the contract.


    1.  (C)  In addition, Plaintiff asserts that the settlement agreement between the Parties

contains terms in violation of state laws (RCW 49.60.180, RCW 49.44.090, RCW 49.60.210 and

RCW 49.60.220), the Americans with Disabilities Act, the Age Discrimination in Employment Act,

and Title VII of the Civil Rights Act, 42 U.S.C. 2000e-2, ch 76; 42 U.S.C. 1981; 42 U.S.C. 1983.


    1.  (D)  Plaintiff asserts that, in addition, the UW has violated RCW 40.14, WAC

478-276-095 and UW policies for records retention and destruction, and has compiled, published,

distributed and left open for public inspection malicious, deliberately misleading, libelous and

defamatory records and opinions concerning Plaintiff, in violation of RCW 42.40, RCW

42.52.050(3), RCW 41.06.450, RCW 42.56.050, RCW 7.96 and 42 U.S.C. sec 1981.

JOINT STATUS REPORT AND
DISCOVERY PLAN

Julie Dalessio
1110 29th Ave
Seattle, WA  98122
206 324 2590

1. (E)  Further, Plaintiff asserts that pursuant to RCW 42.40 (State employee whistleblower protection), Plaintiff has the right to confidentiality in this case.

1. (F)  The UW denies all of these claims and expects all issues in this case will be resolved as a matter of law pursuant to an early dispositive motion.

## 2.  Proposed Deadline for joining additional parties

The UW proposes August 1, 2017 as the deadline for joining additional parties.  Plaintiff proposes that this deadline should be determined after the UW has responded in full to Plaintiff's First Discovery requests (served to counsel for UW on 5/24/17 and 5/25/17).

3.  **No**, the parties don't consent to assignment of this case to a United States **Magistrate Judge**.

## 4.  Discovery Plan

4.(A)  The Parties have served Initial Disclosures on June 1, 2017.

4.(B)  **Subjects, timing of Discovery**

It is UW's position that discovery beyond Initial Disclosures should be stayed pending resolution of an early motion for summary judgement.  Further, it is UW's position that both parties have copies of all relevant documents.

JOINT STATUS REPORT AND
DISCOVERY PLAN

Page 3 of 13

Julie Dalessio
1110 29th Ave
Seattle, WA  98122
206 324 2590

It is Plaintiff's position that dispositive motions should be stayed until the deadline for discovery, or at least until UW has responded fully to Plaintiff's First Discovery requests (served to counsel for UW on 5/24/17 and 5/25/17).

Plaintiff has requested Public Records relevant to her claims for Public Records Violations/Invasion of Privacy, Negligence, Breach of Contract, Discrimination/Retaliation, and Defamation/Libel, and has also requested production of these documents (served to counsel for UW on 5/24/17).   It is Plaintiff's position that additional discovery may be necessary.

**4.(C)  Electronically stored information**

The parties do not anticipate any issues with disclosing electronically stored information as requested and as governed by the Federal Rules of Civil Procedure.

**4.(D)  Privilege Issues**

It is UW's position that discovery beyond Initial Disclosures should be stayed pending resolution of an early motion for summary judgement.

It is Plaintiff's position that the parties assert these claims after production.

**4.(E)  Proposed limitations on discovery**

JOINT STATUS REPORT AND
DISCOVERY PLAN

Page 4 of 13

Julie Dalessio
1110 29th Ave
Seattle, WA  98122
206 324 2590

It is the UW's position that Plaintiff should be barred from seeking discovery related to her employment claims.  Plaintiff disagrees.

The Plaintiff does not propose any limitations on discovery, other than those already provided in the Federal Rules of Civil Procedure.

4.(F)  **The need for any discovery related orders**

The UW may seek an order staying discovery pending an early motion for summary judgement.

The Plaintiff will oppose any such motions.

**5.  LCR 26(f)(1)  views, proposals, agreements for:**

**5.(A)  Prompt Case Resolution**

At this point, there have been no formal settlement discussions between the parties.

**5.(B)  Alternative dispute resolution**

The parties may elect to engage in mediation.

Plaintiff proposes that the parties engage in formal mediation discussions as soon as possible to resolve immediate public records and privacy issues.

The UW believes mediation should take place after the close of discovery and the expiration of the dispositive motion filing deadline.

JOINT STATUS REPORT AND
DISCOVERY PLAN

Julie Dalessio
1110 29th Ave
Seattle, WA  98122
206 324 2590

**5.(C)  Related Cases**

The Plaintiff knows of no related cases pending.  The UW knows of no related

cases pending.


**5.(D)  discovery management**

The parties will attempt to resolve discovery disputes among themselves.  The

parties will manage discovery in a manner to effectuate full disclosure to the extent relevant and

proportional to claims and defenses and minimize expense, and as governed by the Rules of Civil

Procedure.


**5.(E)  anticipated discovery sought**

Plaintiff's First Requests for Admissions, Interrogatories and Requests for

Production were served to counsel for UW on 5/24/17 and 5/25/17.  Plaintiff anticipates that she

may  seek further discovery relevant to her claims, as governed by the Federal Rules of Civil

Procedure and the Federal Rules of Evidence.


Both parties anticipate seeking discovery on issues of liability and damages.


**5.(F)  phasing of motions**

The University anticipates filing a motion for summary judgment dismissal of all of

Plaintiff's claims as a matter of law shortly after this plan is approved.  It is the University's position

JOINT STATUS REPORT AND
DISCOVERY PLAN

Page 6 of 13

Julie Dalessio
1110 29th Ave
Seattle, WA  98122
206 324 2590

that the court should rule on this motion prior to the parties engaging in further discovery beyond

Initial Disclosures.

It is Plaintiff's position that dispositive motions should be stayed until the deadline

for  discovery, or at least until UW has responded fully to Plaintiff's First Discovery requests

(served to counsel for UW on 5/24/17 and 5/25/17).


**5.(G)  preservation of discoverable info**

The Plaintiff is not aware of any preliminary issues related to the preservation of

discoverable information or the scope of the preservation obligation.  The UW was served a "Notice

of Charge of Discrimination" by the U.S. Equal Employment Opportunity Commission on October

25, 2016, including instructions for preservation of records made or kept, pursuant to Section

1602.14  of Title 29 CFR.


**5.(H)  privilege issues**

In the event of inadvertent production of privileged information, the parties agree to

return said information as soon as possible, and the production shall not constitute a waiver of the

privilege.

The UW anticipates privilege-related issues including general attorney-client and

work-product privileges and some health or other information protected under FERPA and HIPAA.

The Plaintiff anticipates that there may be issues, as the UW released hundreds of

documents pertaining to Plaintiff that contain personal information.  The parties may agree to

JOINT STATUS REPORT AND
DISCOVERY PLAN

Julie Dalessio
1110 29th Ave
Seattle, WA  98122
206 324 2590

acceptable methods for submission of this evidence, or Plaintiff will ask the court for guidance or an order.

**5.(I)  model protocol for discovery of ESI**

The parties do not anticipate any problems in exchanging relevant electronically stored information.

**5.(J)  alternatives to model protocol**

The parties do not believe that adopting the Model Agreement Regarding Discovery of Electronically Stored Information in Civil Litigation is necessary in this case.

The UW Attorney General Office has published guidelines for electronic discovery.  Discovery in this case may include the search of UW Information Technology(UWIT) accounts and archived records, personal electronic devices, and  non - UWIT  email servers.

 The information can be exchanged in electronic or print form.

**6.  Date by which discovery can be completed.**

The Plaintiff hopes that UW can respond promptly to discovery requests.  The Plaintiff proposes a discovery cutoff 49 days before trial.

Defendant proposes a discovery cutoff of September 1, 2017 if trial is set in January 2018.

JOINT STATUS REPORT AND
DISCOVERY PLAN

Julie Dalessio
1110 29th Ave
Seattle, WA  98122
206 324 2590

7. **Bifurcation**

    Both Parties reserve the right to move for bifurcation of some claims, whether by claims or between liability and damages issues.

8. **Pre-Trial Statements and Pre-Trial Order**

    The parties do not believe that pretrial statements and the pretrial order should be dispensed with in this case.

9. **Shortening or Simplifying the Case.**

    The UW anticipates filing a summary judgment motion seeking dismissal of all of Plaintiff's claims as a matter of law shortly after this Joint Status Report is entered.

    The Plaintiff believes that there are genuine issues as to material facts and that the UW is not entitled to judgement as a matter of law, and thus a summary judgment motion will further encumber the parties and the Court.

10. **date the case will be ready for trial**

    Plaintiff, having no experience in these matters, proposes that the case could be ready for trial in September of 2017 if UW responds promptly to discovery requests.

    The UW believes this case will be ready for trial in January of 2018.

JOINT STATUS REPORT AND
DISCOVERY PLAN

Julie Dalessio
1110 29th Ave
Seattle, WA  98122
206 324 2590

**11.  The trial will be by jury**.

**12.  Length of Trial**

The UW anticipates trial will take three days.

Plaintiff, having no experience in these matters, has no idea of how many trial days are

required.

**13.  Trial Counsel**

Jayne Freeman

Attorney for Defendant University of Washington

Keating, Bucklin & McCormack, Inc., P.S.

800 Fifth Ave., Suite 4141

Seattle, WA 98104

Phone: (206) 623-8861

Julie Dalessio

Pro se Plaintiff

1110 29th Ave.

Seattle, WA  98122

(206) 324-2590

JOINT STATUS REPORT AND
DISCOVERY PLAN

Page 10 of 13

Julie Dalessio
1110 29th Ave
Seattle, WA  98122
206 324 2590

14. **Trial Counsel Unavailability**

Trial counsel for Defendant UW is not available between

- August 30-September 6, 2017 (vacation)

- November 6-17, 2017 (Trial in U.S.D.C., Western District)

- December 11-22, 2017 (trial in King County Superior Court)

- February 1- March 16, 2018 (trial in Clark County Superior Court)

- April 2-13, 2018 (trial in King County Superior Court)


Plaintiff does not have any periods of unavailability at this point, but some witnesses have conflicts in January 2018.


15. **Service**

Defendant does not dispute service.


16. **Whether the Parties Request a Scheduling Conference**

The parties do not request a scheduling conference prior to the Court entering a scheduling order in this case (unless the parties cannot agree on preliminary matters).


17. **Nongovernment Corporate Parties**

Not applicable.

JOINT STATUS REPORT AND
DISCOVERY PLAN

Julie Dalessio
1110 29th Ave
Seattle, WA  98122
206 324 2590

DATED:  June 7, 2017.


SIGNED:


_____

Julie Dalessio, Pro Se

1110 29th Ave., Seattle, WA 98122

206-324-2590

juliedalessio@msn.com

AND


_____

KEATING, BUCKLIN & McCORMACK, INC., P.S.

by:   Jayne L. Freeman, WSBA #24318

Special Assistant Attorney General for Defendant

University of Washington

800 Fifth Avenue, Suite 4141

Seattle, WA 98104-3175

Phone: (206) 623-8861

Fax: (206) 223-9423

Email: jfreeman@kbmlawyers.com

CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2017, I caused copies of the document to which this

Certification is attached to be served by email on the following person:

Jayne L. Freeman, WSBA #2318

Special Assistant Attorney General for Defendant

800 Fifth Ave., Suite 4141

Seattle, WA  98104-3175

Phone:  206 623 8861

Fax:  206 223 9423

Email:  jfreeman@kbmlawyers.com

s/ julie dalessio

Julie Dalessio, Pro Se Plaintiff

1110 29th Ave

Seattle, WA  98122

206 324 2590

juliedalessio@msn.com

JOINT STATUS REPORT AND
DISCOVERY PLAN                    Page 13 of 13

Julie Dalessio
1110 29th Ave
Seattle, WA  98122
206 324 2590