The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT OF WASHINGTON

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JULIE DALESSIO, an individual<br><br>    Plaintiff,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON,<br><br><br><br>    Defendant. | No. 2:17-cv-00642-RSM<br><br><br><br><br><br>Declaration of Julie Dalessio re: Plaintiff's Motion for Reconsideration re: Minute Order [21]<br>re: [16] Motion to Strike |

I, Julie Dalessio, Plaintiff, declare as follows:

1. I am competent to testify to the matters set forth in this declaration.

2. As much as the court might prefer to dispense with this matter, I would prefer to dispense with the misleading and prejudicial statements submitted by Counsel for Defendant.

3. Attached Exhibits 1-4 are true and correct copies of emails exchanged between myself and counsel for defendant (UW), including those omitted from defendant's submissions. As the

statement of Julie Dalessio re;
Plaintiff's Motion to Reconsider

1 of 6

Julie Dalessio
1110 29th Ave
Seattle, WA 98122

Court has admitted some of these emails submitted by defendant, I assume that claims of privilege are waived.

4. On May 23, 2017 the parties conferred pursuant to FRCP 26(f) order. Prior to this meeting, defendant sent me a draft JSR. At the meeting, we productively moved toward completing the JSR. I voiced objections to certain statements in the defendant's draft, in particular to the confusing and dismissive mis-statements of my claims, and to the inclusions of redundant and irrelevant statements. Counsel for defense volunteered to make changes and send an updated draft, while I would compose an accurate statement regarding the nature and complexity of the case. On June 1, Defendant sent me a new draft. On June 5, because I found it impossible to work with their draft format and because it was my understanding that it was my responsibility to file this report, I sent a draft **that I had composed** to defendant (Exhibit 1) accurately including all of the relevant information and pointing out deficiencies. On June 5, defendant returned **their** draft report, not my draft (Exhibit 2), even though I had told them that I could not work with their format! On June 5, I responded with an email reiterating my objections (Exhibit 3), and stating "i've tried to accurately state your positions without the judgments. if you disagree with anything in the attached draft, please let me know. if not, I will send a final pdf version for your signature, and then file thru ecf by thursday." After 2 days, as the defendant had not responded, I assumed that they had no objections or corrections and on June 7, I sent them the final JSR in pdf format for their signature (Exhibit 4). On June 8, the Defendant AGAIN sent another draft of their report (Exhibit 4), stating "If you will not agree to sign the joint status report in this format, we will file it without your signature with an explanation of how the Joint Status Report was created. . ." On June 8, I responded, asking defendant to let me know "if they

statement of Julie Dalessio re;
Plaintiff's Motion to Reconsider

2 of 6

Julie Dalessio
1110 29th Ave
Seattle, WA  98122

cannot agree to sign the attached pdf . ."   On June 8, defendant AGAIN sent me an email with another draft of their report (Dkt [20], Exhibit A), AGAIN failed to respond to my previous email or my objections.  Instead, adding insulting characterizations, AGAIN refusing to work with my draft report, and in effect, insisting that their frivolous, misleading, prejudicial statements remain in the JSR.

5. The direction of the court ([5]pg.4 line 14), states "No separate reports are to be filed.  If the parties wish to have a status conference with the Court at any time . . . notify Lowell Williams . . . at (206) 370-8521."  I called to ask for guidance.

6. On June 8, 2017, soon after I spoke to Lowell Williams, Counsel for UW filed a Joint Status Report [15] that was **not signed** by me.  Counsel for UW wrongfully indicated in the cm/ecf court record system that the document was signed by both parties.  Counsel for UW included in their Joint Status Report a two-page, so called **"STATEMENT OF PLAINTIFF'S REFUSAL TO SIGN THE JOINT STATUS REPORT"** that was, in fact, **not** my statement, nor were the details of events accurate.

7. Rather than file my own version of the JSR(another violation of the court's instructions) I hoped that the court could right the improper filing with a praecipe motion to strike the misleading, prejudicial assertions of the defendant, and hoped that I would never have to read them again.

8.  In Defendant's own words (Ex. 4) "It is clear we have different positions regarding this case, the purpose of the Joint Status Report is to update the Court regarding where we are and help the court set a case schedule."   My version of the JSR contains all of the material necessary to schedule the trial date and pre-trial deadlines.  It accurately states defendant's

statement of Julie Dalessio re;
Plaintiff's Motion to Reconsider

3 of 6

Julie Dalessio
1110 29th Ave
Seattle, WA  98122

positions regarding scheduling matters without redundant, confusing, prejudicial opinions about my claims.

9. The Defendants states "We are truly trying to make this as efficient as possible and fair to both sides." (Dkt [20], Exhibit A).  For the sake of fairness and efficiency, the defendant had the reasonable choice to sign Plaintiff's pdf version of the JSR.  Instead, they followed through on their threat and filed their own version, without my signature, along with their own prejudicial version of events and characterizations of my actions.

10. According to the Rules of Professional Conduct (RPC) 4.1 comment(1) "A misrepresentation can also occur by partially true but misleading statements or omissions that are equivalent of affirmative false statements."  and RPC 4.4 (a)  "In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person . . ." and RPC 8.4 "It is professional misconduct for a lawyer to:  (c) engage in conduct involving . . . misrepresentation; (d)  engage in conduct that is prejudicial to the administration of justice;"

11. The defendant's insistence on filing their own version of the JSR, along with their skewed explanation for doing so, under the guise of efficiency and fairness, has unduly burdened me, and I fear, has prejudiced the court.

12. I recognize that court records are Public Records, therefore I could not just let the submissions by the Defendant stand unopposed by the complete facts as presented here, because someday someone might care to read this.

13. Going forward, I pray that Counsel for defendant will respond directly to my actual claims, not their misinterpretations of my claims, that they might dispense with irrelevant and

statement of Julie Dalessio re;
Plaintiff's Motion to Reconsider

4 of 6

Julie Dalessio
1110 29th Ave
Seattle, WA  98122

misleading statements, and that they might have some regard for me and the damage that may result from their unprofessional actions.

DATED:  June 16, 2017

SIGNED:          s/julie dalessio

              Julie Dalessio, Pro Se
              1110 29th Ave., Seattle, WA 98122
              206-324-2590
              juliedalessio@msn.com

statement of Julie Dalessio re;
Plaintiff's Motion to Reconsider     5 of 6     Julie Dalessio
1110 29th Ave
Seattle, WA  98122

CERTIFICATE OF SERVICE

      I hereby certify that on June 16, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following person:

Jayne L. Freeman, WSBA #2318

Special Assistant Attorney General for Defendant

800 Fifth Ave., Suite 4141

Seattle, WA 98104-3175

Phone: 206 623 8861

Fax: 206 223 9423

Email: jfreeman@kbmlawyers.com

      s/ julie dalessio

      Julie Dalessio, Pro Se Plaintiff

      1110 29th Ave

      Seattle, WA 98122

      206 324 2590

      juliedalessio@msn.com