The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

JULIE DALESSIO, an individual,

      Plaintiff,

v.

UNIVERSITY OF WASHINGTON,

      Defendant.

No. 2:17-cv-00642 RSM

DEFENDANT UNIVERSITY OF WASHINGTON'S MOTION FOR SUMMARY JUDGMENT DISMISSAL OF PLAINTIFF'S CLAIMS

**NOTED FOR HEARING:
FRIDAY, SEPTEMBER 15, 2017**

## I. INTRODUCTION

Plaintiff Julie Dalessio is a former University of Washington ("University") employee who was separated from employment in 2003 pursuant to a settlement agreement ("Settlement Agreement"). She has not worked for the University since. Almost 15 years later, Plaintiff filed this lawsuit after the University missed *one page* of redactions containing Plaintiff's Social Security Number (labeled "Employee ID") in 370 pages of records produced in response to a lawful Public Records Act ("PRA") request. The University successfully made 487 redactions and withheld an additional 101 pages pursuant to various PRA exemptions. Public agencies such as the University are afforded immunity for actions taken in good faith when responding to PRA requests and Plaintiff has not otherwise pled any legally viable causes of action. Therefore, Defendant respectfully requests the Court dismiss Plaintiff's claims in their entirety and with prejudice.

DEFENDANT UNIVERSITY OF WASHINGTON'S MOTION FOR SUMMARY JUDGMENT DISMISSAL OF PLAINTIFF'S CLAIMS - 1
17-2-07812-3 SEA
1010-00051/285788

**KEATING, BUCKLIN & MCCORMACK, INC., P.S.**
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE: (206) 623-8861
FAX: (206) 223-9423


## II.     RELIEF REQUESTED

Pursuant to FRCP 56(c), Defendant University of Washington requests the court enter an order dismissing Plaintiff's Complaint and all causes of action therein with prejudice as a matter of law.

## III.     STATEMENT OF FACTS

University records reflect that Plaintiff worked as an employee for the University in the Virology Lab from December 19, 1987 until December 31, 2002. *Exh. A to Declaration of Alison Swenson*, at p. 68, 366.  Plaintiff never resumed employment with the University, and was actually prohibited from doing so under the terms of a Settlement Agreement. *Exh. B to Swenson Decl.*, at ¶ 4.

### A. Plaintiff Entered Into a Settlement Agreement With the University in 2003 Wherein She Agreed to Resign From Her Employment and Release All Claims in Exchange for Valuable Consideration.

Prior to 2003, the parties were involved in an employment dispute that eventually resulted in a settlement and release of all actual and potential claims. *Exh. B to Swenson Decl.* The details of the underlying claims are irrelevant to the disposition of the current lawsuit.[1]  As part of this Settlement Agreement, Plaintiff agreed to dismiss an appeal that was pending with the Personnel Appeals Board, discharge as settled or satisfied all claims against the University of Washington relating to her employment, and resign from the University with the understanding that she would never reapply to work at the University. *Id.* at ¶¶ 2, 4, 7-8. In exchange, the University agreed to accept her resignation, pay her a total of $15,000 as a compromise payment, and remove all copies of and exhibits to "(a) the memorandum of July 12, 2002 recommending Dalessio's suspension without pay; (b) the letter of July 24, 2002 imposing an eight-day suspension without pay; and (c) drafts of memos recommending further discipline of Dalessio." *Id.* at ¶¶ 2, 5.

---

[1] The details of any former employment dispute between the parties are irrelevant to this case and should not be re-litigated as they were the subject of a valid and enforceable settlement agreement.

DEFENDANT UNIVERSITY OF WASHINGTON'S
MOTION FOR SUMMARY JUDGMENT DISMISSAL OF
PLAINTIFF'S CLAIMS - 2
17-2-07812-3 SEA
1010-00051/285788

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

Plaintiff signed this agreement voluntarily, *Id.* at p. 1, and with the advice and participation of experienced counsel.[2] *Id.* at p. 3. The parties did agree not to affirmatively "publicize" the settlement, with several exceptions. *Id.* at ¶ 16. One relevant exception permits the University to disclose the document as a public record as required by law. *Id.* Plaintiff signed the Settlement Agreement on January 2, 2003. *Id.*

**B. In 2015, the University Received a Public Records Request from David Betz Seeking Documents Related to Former Employee Julie Dalessio (PRR-2015-00570).**

On September 16, 2015, the University received a public records request (PR 15-00570) from David Betz.[3] He requested "all records maintained by the University of Washington relating or pertaining to Julie Dalessio." *Exh. C to Swenson Decl.* In response, the University released 370 pages of responsive documents in two installments (one on November 10, 2015, Exh. D to Swenson Decl., and one on December 4, 2015, *Exh. E to Swenson Decl. See also, Exh. A to Swenson Decl.* for documents produced.) Prior to releasing these documents, the University's Public Records staff made 487 redactions and withheld a total of 101 additional pages pursuant to applicable PRA exemptions, FERPA, and HIPAA laws. *Exh. F to Swenson Decl.*

University Public Records staff went so far as to research individual names on documents to determine whether they may be students who may fall under FERPA's protections, or simply employees. *Exh. A to Swenson Decl.*, at pp. 99-100. University staff also combed through memoranda and redacted line by line rather than simply redacting

---

[2] According to her law firm profile, Joyce Thomas practiced labor law for 18 years in New York prior to joining her current firm, Frank Freed, Subit and Thomas, where it appears she has had an active employment practice since 1992. *See* http://www.frankfreed.com/Our-Attorneys/Joyce-Thomas.aspx; https://www.mywsba.org/LawyerDirectory/LawyerProfile.aspx?Usr_ID=21727

[3] According to court records, Plaintiff and David Betz were parties to an adverse possession lawsuit filed on July 16, 2015. *Exh. A to Freeman Decl.* (docket). The proceedings appear to have ended in August of 2016. *Exh. B to Freeman Decl.*, at ¶ 5. Based on the court filings in the *Betz v. Dalessio* case, there is no evidence Betz actually publicly filed any of the documents he received from PR 15-00570 in the lawsuit. Plaintiff has not alleged that Betz spread the information in any other way.

DEFENDANT UNIVERSITY OF WASHINGTON'S
MOTION FOR SUMMARY JUDGMENT DISMISSAL OF
PLAINTIFF'S CLAIMS - 3
17-2-07812-3 SEA
1010-00051/285788

**KEATING, BUCKLIN & MCCORMACK, INC., P.S.**
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE: (206) 623-8861
FAX: (206) 223-9423

whole pages. *Id.* at pp. 239-241.  Despite these efforts, it appears the University staff missed redacting Plaintiff's Employee ID number on one page, which happened to also be Plaintiff's Social Security Number (SSN) at that time. *Id.* at pp. 113.

**C. In 2016, Plaintiff Julie Dalessio Made Three Public Records Requests for Records Regarding Her Own Employment.**

1. <u>PRR 16-00218 (Dalessio's April 15, 2016 Request for Documents Released to David Betz in 2015.)</u>

Plaintiff apparently learned about Betz's PRA 15-00570 request sometime prior to March 25, 2016, when she submitted her own PRA request to the University seeking copies of all records that had been produced to Betz in response to his 2015 public records request. *Exh. G to Swenson Decl.*, at p. 1.  The University produced responsive documents to Ms. Dalessio on April 5, 2016. *Id.* at p. 2.  This production contained redactions even though it was produced to Plaintiff herself because Plaintiff requested copies of the exact documents that had been produced to Betz, and not a copy of her own records. *Swenson Decl.*

2. <u>PRR 16-00283 (Dalessio's April 16 Request for Records of Requests for her Employment Records.)</u>

On April 16, 2016, Plaintiff filed a second public records request with the University, requesting "copies of the records of anyone who accessed [her] records since 2002, along with their contact information."[4] *Exh. H to Swenson Decl.*, at p. 1.  In response, the University produced four pages of records on April 27, 2016, confirming that Betz was the only person who had requested records regarding her employment in the past fourteen years. *Id.* at pp. 2-6.

3. <u>PRR 16-00760 (Dalessio's November 9, 2016 Request for All of Her Employment Records.)</u>

On November 9, 2016, more than 6 months after receiving the University's response to her second PRR, Plaintiff submitted another public records request for "a digital copy of

---

[4] Dalessio also requested the University "confirm that you will immediately redact all private information from the public record." *Exh. H to Swenson Decl.*, at p. 1.  This is not a public records request and requires no response.

DEFENDANT UNIVERSITY OF WASHINGTON'S
MOTION FOR SUMMARY JUDGMENT DISMISSAL OF
PLAINTIFF'S CLAIMS - 4
17-2-07812-3 SEA
1010-00051/285788

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

my departmental personnel file, along with any other computer or paper files that might contain records of inquiries concerning my employment at the uw, since my resignation in January 2003." *Exh. A to Palmer Decl.*, at p. 1.  The University produced the first set of responsive documents to Ms. Dalessio on January 26, 2017, *Id.* at p. 2, and the second and final set of responsive documents on February 15, 2017. *Id.* at p. 3.  Both letters included the statement "This letter is provided in response to your public records request for your own personnel file and other related records."[5] *Id.* at pp. 2-3.  The University then produced 1142 pages of documents related to her own employment directly to Plaintiff.[6] *Palmer Decl.*, at ¶ 5.

## IV.   EVIDENCE RELIED UPON

- Declaration of Jayne Freeman and attached exhibits.
- Declaration of Alison Swenson and attached exhibits.
- Declaration of Andrew Palmer and attached exhibits.

## V.   ARGUMENT AND ANALYSIS

Based on Plaintiff's Complaint, the foregoing public records requests and the responsive documents constitute the entire universe of evidence needed to resolve these issues at a matter of law.[7]

A motion for summary judgment should be granted if there is no genuine issue of material fact. *Fed.R.Civ.P. 56(c))*; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  The moving party bears the initial burden of informing the court of the basis for the motion, and demonstrate the absence of a triable

---

[5] This statement includes the word "partial" in the first release. *Id.*, at p. 2.

[6] The University has intentionally chosen not to attach these records as an exhibit so as to avoid publicly re-disseminating records or information Plaintiff claims should never have been released.  However, the University has the records available to supplement the record should the Court determine it necessary to review the records themselves to rule on Defendant's motion.  Though Defendant had initially requested that discovery be stayed pending resolution of this motion, the University has since responded to two sets of discovery requests sent by Plaintiff. *See Dkt. 15*.

[7] Plaintiff makes a litany of unsubstantiated claims that appear to be unrelated to actual causes of action.  Defendant has attempted to distill her Complaint down to its actual claims.

DEFENDANT UNIVERSITY OF WASHINGTON'S MOTION FOR SUMMARY JUDGMENT DISMISSAL OF PLAINTIFF'S CLAIMS - 5
17-2-07812-3 SEA
1010-00051/285788

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE: (206) 623-8861
FAX: (206) 223-9423

issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  In order to meet its burden, "the moving party must… show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses.  *Id*.  Rule 56(e) itself provides that a party opposing summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.  *Anderson, supra*.

### A. The "Good Faith" Immunity Doctrine, and Therefore All of Plaintiff's State Claims Should Be Dismissed as a Matter of Law.

1. <u>"Good Faith" Immunity Under RCW 42.56.060 Bars All Causes of Action.</u>

More importantly, even assuming a question regarding the scope of the University's obligations, the Washington State Legislature chose to create the following immunity from liability or lawsuits arising from administration of the Public Records Act (PRA):

> No **public agency**, public official, public employee, or custodian shall be liable, **nor shall a cause of action exist**, for any loss or damage based upon the release of a public record if the public agency, public official, public employee, or custodian acted in good faith in attempting to comply with the provisions of this chapter.

RCW 42.56.060(emphasis added).

This immunity acts as a **complete bar** to state law claims in PRA cases. *Nicholas v. Wallenstein*, 266 F.3d 1083, 1087 (9th Cir.2001) ("Under the PDA, good faith was a complete defense. Wash. Rev.Code § 42.17.258.  As Graber had consulted county counsel, there was no doubt that he had acted in good faith. None of the plaintiffs' state law claims survived this conclusion.")[8]; *Levine v. City of Bothell*, No. 2:11-CV-1280-MJP, 2012 WL

---

[8] RCW 42.17.258 (formerly known as the "Public Disclosure Act") has been recodified as RCW 42.56.060 (now known as the "Public Records Act".)

DEFENDANT UNIVERSITY OF WASHINGTON'S
MOTION FOR SUMMARY JUDGMENT DISMISSAL OF
PLAINTIFF'S CLAIMS - 6
17-2-07812-3 SEA
1010-00051/285788

**KEATING, BUCKLIN & MCCORMACK, INC., P.S.**
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE:  (206) 623-8861
FAX: (206) 223-9423

2567095, at *3 (W.D. Wash. July 2, 2012); *Marthaller v. King Cty. Hosp. Dist. No. 2*, 94 Wash. App. 911, 916, 973 P.2d 1098, 1101 (1999) ("Although good faith is usually a question of fact, it may be resolved on summary judgment where no reasonable minds could differ on the question.")

"The standard definition of good faith is a state of mind indicating honesty and lawfulness of purpose." *Whaley v. State, Dept. of Social and Health Services*, 90 Wash.App. 658, 669 (1998).[9] There is absolutely no evidence that the University did not act in good faith when responding to the Betz request. Prior to this request, the public records specialist who filled the request, Alison Swenson, had no idea who Plaintiff was and had never met her. *Decl. of Alison Swenson*, at ¶ 5. The requests were merely among hundreds the Office of Public Records files each year. She is also not aware, even to this day, of anyone adding, deleting, or altering files in Plaintiff's personnel file. *Id.* at ¶ 3.

In addition, the University acted with a lawful purpose. "The PRA is a strongly worded mandate for broad disclosure of public records. Passed by popular initiative, it stands for the proposition that 'full access to information concerning the conduct of government on every level must be assured as a fundamental and necessary precondition to the sound governance of a free society.'" *Neighborhood All. of Spokane Cty. v. Cty. of Spokane*, 172 Wash. 2d 702, 714–15, 261 P.3d 119, 125 (2011) (internal citation omitted.) Ms. Swenson released the records in order to comply with the law.[10]

In fact, it appears Ms. Swenson demonstrated significant efforts and diligence in attempting to protect Plaintiff's personal information before producing responsive documents. She redacted numerous items over hundreds of pages, including numerous references to Plaintiff's SSN. Out of 471 pages, the only actual mistake the University staff

---

[9] The Honorable Judge Pechman cited the good faith definition from *Whaley* in her PRA analysis in *Levine v. City of Bothell*, 2012 WL 2567095 at *3 (W.D. Wash. July 2, 2012).

[10] The Public Records Act does place obligations on public agencies to promptly and thoroughly provide responses to all public records requests under threat and assessment of penalties for failure to meet the standards. *See, e.g.*, RCW 42.56.550.

DEFENDANT UNIVERSITY OF WASHINGTON'S
MOTION FOR SUMMARY JUDGMENT DISMISSAL OF
PLAINTIFF'S CLAIMS - 7
17-2-07812-3 SEA
1010-00051/285788

**KEATING, BUCKLIN & MCCORMACK, INC., P.S.**
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE: (206) 623-8861
FAX: (206) 223-9423

made was failing to notice and redact one page with Plaintiff's social security number on it. In light of the voluminous and extensive redactions made, reasonable minds cannot disagree that these omissions were not intentional and were certainly not done in bad faith. Therefore, **all** of Plaintiff's state law claims are barred.

### B. Plaintiff Has Stated No Legally Viable Federal Claims and Therefore All Potential Federal Claims Should Be Dismissed as a Matter of Law.

Plaintiff's Complaint cites and/or references a myriad of federal statutes and claims that are either wholly inapplicable to this case or do not provide a private cause of action. While it is difficult to determine whether she is actually pursuing a claim under each of these federal laws, they should be dismissed as a matter of law if she is.

#### 1. HIPAA Does Not Provide for a Private Cause of Action.

Plaintiff cites HIPAA language (45 CFR Parts 160 & 164) as a basis for her "invasion of privacy/Public Records Act violations" claims. HIPAA does not create a private cause of action, and therefore Plaintiff cannot bring a claim under these statutes. *Rickman v. Premera Blue Cross*, 184 Wash. 2d 300, 318, 358 P.3d 1153, 1162 (2015), as amended (Nov. 23, 2015). Therefore, any HIPAA claim should fail.

#### 2. FERPA Does Not Provide for a Private Cause of Action Itself or For a Cause of Action Under § 1983, and Plaintiff is Not a Student.

Plaintiff also cites 20 U.S.C. § 1232g(a)(4) and 34 CFR Part 99 (both FERPA regulations) as a basis for her "invasion of privacy/Public Records Act violations" claims. The United States Supreme Court has held that FERPA itself does not create a cause of action, *Gonzaga Univ. v. Doe*, 536 U.S. 273, 278, 122 S. Ct. 2268, 2272 (2002), or a cause of action under 42 U.S.C. § 1983. *Id.* at 290-291.

In addition, FERPA is designed to protect student information in education records. *See* 20 U.S.C. § 1232g(a)(4)(A) ("For the purposes of this section, the term "education records" means… those records, files, documents, and other materials which - **(i)** *contain*

DEFENDANT UNIVERSITY OF WASHINGTON'S MOTION FOR SUMMARY JUDGMENT DISMISSAL OF PLAINTIFF'S CLAIMS - 8
17-2-07812-3 SEA
1010-00051/285788

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE: (206) 623-8861
FAX: (206) 223-9423

*information directly related to a student[.]* (Emphasis added.))  Education records do not include "records made and maintained in the normal course of business which relate exclusively to such person in that person's capacity as an employee and are not available for use for any other purpose." 20 U.S.C. § 1232g(a)(4)(B)(ii).  Plaintiff was not a student during the relevant period (her only relationship with the University at that time was as an employee.)  For both of these reasons, Plaintiff's FERPA claims should fail.

### 3. Plaintiff Did Not File a FOIA Claim and, in Any Event, the University of Washington is Not a Federal Agency.

Despite never making a Freedom of Information Act (FOIA) request to the University of Washington, Plaintiff cites the statute as a basis for her first claim.  Even if Plaintiff had made a FOIA request, the University is not a federal agency and therefore cannot be liable under FOIA. *Progressive Animal Welfare Soc. v. Univ. of Washington*, 125 Wash. 2d 243, 266, 884 P.2d 592, 605 (1994) ("The FOIA is a *federal* statutory enactment imposing federal burdens on federal agencies. State and local governmental bodies are not covered, as they are not federal agencies.")

### 4. Plaintiff Cannot Now Revive Claims for "Civil Rights Violations, Discrimination, [or] Retaliation for Whistleblower" That Were Released Fourteen Years Ago.

#### a. Plaintiff Released All Potential Claims in the Settlement Agreement.

It is undisputed that Plaintiff has not worked at the University since her employment ended in 2003.  Any cause of action she may have thought she had in 2003 or otherwise arising out of her employment or separation from the University was addressed by a 2003 Settlement Agreement, where Plaintiff agreed to voluntarily release the University from any and all claims related to these exact issues. *Folley v. Henderson*, 175 F. Supp. 2d 1007, 1011 (S.D. Ohio 2001) ("Insofar as Folley seeks to litigate events that are the subject of the settlement agreement, the Postmaster General is entitled to summary judgment and/or the

DEFENDANT UNIVERSITY OF WASHINGTON'S
MOTION FOR SUMMARY JUDGMENT DISMISSAL OF
PLAINTIFF'S CLAIMS - 9
17-2-07812-3 SEA
1010-00051/285788

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE: (206) 623-8861
FAX: (206) 223-9423

dismissal of her Title VII claims. 'A plaintiff who knowingly and voluntarily agrees to settle his claims is bound by his agreement.'")

As a threshold matter, Plaintiff's employment-related claim appears to be based on two potential theories: (1) the University "harassed, threatened and coerced" Plaintiff into resigning and signing the Settlement Agreement [in 2003]; and (2) the University breached the settlement agreement, somehow reviving her previous claims. *Complaint*, at pp. 19-24. These claims have no merit. The first line of the Settlement Agreement states "*Julie Dalessio (Dalessio) and the University of Washington (the University) are voluntarily entering into this Settlement Agreement and Release to completely resolve all matters relating to Dalessio's employment relationship with the University.*" *Exh. B to Swenson Decl.*, at p. 1. Plaintiff also acknowledged "*that she has been advised to carefully consider every part of this Agreement before signing it and that he [sic] has done so. Dalessio understands and accepts all of the terms of this Settlement Agreement and Release.*" *Id.* at ¶ 15. Finally, Joyce Thomas, Plaintiff's attorney at the time, also reviewed and signed the Agreement. *Id.*

Further, even an alleged breach of a settlement contract would not legally revive Plaintiff's years-old civil rights, discrimination, or retaliation claims. Courts that have addressed this issue have unanimously held so. *See Witte v. Lakeside Inn & Casino*, 61 F.3d 914 (9th Cir. 1995)[11] ("In Nevada, a settlement extinguishes the settled claims. … Witte validly settled his Title VII claim, so if the casino breached, Witte had a common law cause of action for breach of contract, not a federal Title VII cause of action.")[12] (Internal citations omitted); *Reyes v. San Francisco Unified Sch. Dist.*, No. 11-CV-04628-YGR, 2012 WL 4343784, at *7-9 (N.D. Cal. Sept. 20, 2012); *Folley v. Henderson*, 175 F. Supp. 2d 1007, 1011–12 (S.D. Ohio 2001) ("A breach of the agreement, however, would not revive

---

[11] Cited pursuant to Ninth Circuit Rule 36-3.

[12] "Washington law similarly holds that valid settlements extinguish all settled claims." *Lietz v. Hansen Law Offices, P.S.C.*, 166 Wash. App. 571, 591, 271 P.3d 899, 910 (2012).

DEFENDANT UNIVERSITY OF WASHINGTON'S
MOTION FOR SUMMARY JUDGMENT DISMISSAL OF
PLAINTIFF'S CLAIMS - 10
17-2-07812-3 SEA
1010-00051/285788

**KEATING, BUCKLIN & MCCORMACK, INC., P.S.**
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE: (206) 623-8861
FAX: (206) 223-9423

her ability to litigate the settled Title VII claims.") (*citing Pilon v. University of Minnesota*, 710 F.2d 466 (8th Cir.1983)*; Vermett v. Hough,* 606 F.Supp. 732, 745 (W.D.Mich.1984); *Sherman v. Standard Rate Data Service Inc.,* 709 F.Supp. 1433, 1438 (N.D.Ill.1989) ("In asserting both the sexual discrimination claim in Count I which she previously settled and the breach of the Settlement claim in Count II, Sherman essentially wants to both 'have her cake and eat it too.' The Court will not allow Sherman this luxury."); *Breen v. Norwest Bank Minnesota,* 865 F.Supp. 574, 577–578 (D.Minn.1994)). Thus, Plaintiff is barred from attempting to pursue federal claims allegedly arising from her decades-old employment relationship with the University.[13]

### b. Any Potential Employment Claims are Otherwise Barred by the Statute of Limitations.

Finally, any such employment claims would be barred by the applicable statute of limitations. *See Oliver v. Spokane Cty. Fire Dist. 9*, 963 F. Supp. 2d 1162, 1170 (E.D. Wash. 2013) (Claims under the Age Discrimination in Employment Act are subject to *at most* a three-year statute of limitations.); *Douchette v. Bethel Sch. Dist. No. 403*, 117 Wash. 2d 805, 809, 818 P.2d 1362, 1364 (1991) ("The statute of limitations for actions involving discrimination under RCW 49.60.180 is 3 years.")[14]; *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1003 (9th Cir. 2011), as amended (Aug. 19, 2011) ("[S]ection 1981 retaliation claims are governed by the four-year status of limitations[.]") Therefore, Plaintiff is absolutely barred from bringing any claims outlined or referenced in section 5.4 of the Complaint.

### c. Plaintiff's Theory that the Settlement Terms are Per Se "Illegal" is Meritless and Does Not Otherwise Revive her Claims.

During the parties Initial FRCP 26 scheduling conference, Plaintiff asserted that she

---

[13] Nor is there any basis for concluding that the Settlement Agreement has even been breached. This argument is addressed, *infra*, where Plaintiff's state law breach of contract claim is discussed.

[14] *See Sharkey v. O'Neal*, 778 F.3d 767, 770 (9th Cir. 2015) (Federal courts analyzing disability discrimination claims "borrow the statute of limitations applicable to the most analogous state-law claim, so long as 'it is not inconsistent with federal law or policy to do so.'")

DEFENDANT UNIVERSITY OF WASHINGTON'S
MOTION FOR SUMMARY JUDGMENT DISMISSAL OF
PLAINTIFF'S CLAIMS - 11
17-2-07812-3 SEA
1010-00051/285788

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE: (206) 623-8861
FAX: (206) 223-9423

was not attempting to revive the employment claims released in the Settlement Agreement, but rather the illegal terms of the Settlement Agreement put in there by the University, including the use of the terms "Age Discrimination in Employment Act" and "American [*sic*] with Disabilities Act", discriminate against Plaintiff because they dissuade a reasonable person from making a complaint about such acts of discrimination. *See Dkt. 15.* Upon information and belief, it appears Plaintiff may argue that the University's Settlement Agreements are all invalid if they identify these Acts because by doing so, they identify that the employee may have a disability or age complaint. This is nonsensical, and goes against all tenets of contract law requiring specificity. This appears to be the "continued discrimination" which Plaintiff alleges allows her claims to survive a statute of limitations argument. Plaintiff has not identified any authority supporting such an argument, likely because none exists. Regardless of how Plaintiff attempts to frame her argument, any claim related to her employment at the University has been released and must be dismissed.

> 5. Plaintiff Fails to State a Viable § 1983 Claim.

Under section "5.4 Claim for Civil Rights violations, Discrimination, Retaliation for whistleblower" of her Complaint, Plaintiff lays out the two-part analysis for establishing a claim pursuant to 42 U.S.C. §1983: "(1) the conduct complained of must be committed by a person acting under color of state law; and (2) the conduct must deprive the plaintiff of a right or privilege secured by the constitution or the laws of the United States." *Turngren v. King Cty.*, 104 Wash. 2d 293, 311, 705 P.2d 258, 269 (1985). However, nowhere does Plaintiff cite which Federally-protected right or privilege of which she believes she was deprived by the University's lawful response to a PRA request. Plaintiff fails to state a valid claim here. Absent an identified Constitutional right or Federally-protected right and evidence establishing that right has been violated by the University, any claims pursuant to § 1983 should be dismissed as a matter of laws. *See*, *Vierra v. Cochise Cty.*, 301 F. App'x 727, 728 (9th Cir. 2008).

DEFENDANT UNIVERSITY OF WASHINGTON'S
MOTION FOR SUMMARY JUDGMENT DISMISSAL OF
PLAINTIFF'S CLAIMS - 12
17-2-07812-3 SEA
1010-00051/285788

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

Assuming Plaintiff pursues a section 1983 claim based on a federal right to privacy, Plaintiff has not asserted *Monell* liability. (*See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978) ("[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory.")); *Flores v. Cty. of Los Angeles*, 758 F.3d 1154, 1158 (9th Cir. 2014) (Same rule applies to the state.)  Any claim for *Monell* liability would fail as Plaintiff cannot show (1) a policy or practice or (2) ratification that directly caused the simple mistake – specifically, failing to redact Plaintiff's SSN on one page. *Connick v. Thompson*, 563 U.S. 51, 75, 131 S. Ct. 1350, 1368, 179 L. Ed. 2d 417 (2011) ("[T]o recover from a municipality under 42 U.S.C. § 1983, a plaintiff must satisfy a 'rigorous' standard of causation; he must 'demonstrate a direct causal link between the municipal action and the deprivation of federal rights.'") (internal citations omitted.) Plaintiff is nowhere close to proving these elements, and will not be able to.

### C. Even Absent the Legislative Bar of "Good Faith" Immunity, Plaintiff Fails to Otherwise State Legally Viable Claims Under Washington State Law.[15]

Plaintiff cites multiple Washington State statutes in her Complaint, many of which are wholly inapplicable to this set of facts.[16]  As an initial matter, Plaintiff's claim for violation of the Public Records Act must be limited to *the 370 pages produced* to David Betz in 2015 (PR 15-00570) — it is undisputed these were the only records released to a third party.  The production of records *to Ms. Dalessio herself* was with the understanding that the University was producing records relating to her own employment directly to her. *Palmer Decl.*, at ¶ 4.  Therefore, it is not actionable under the PRA because it is not highly offensive to release records related to the requestor themselves.  It is undisputed no privacy

---

[15] It is the University's position that any and all state law claims alleged by Plaintiff are barred by the immunity provided by RCW 42.56.060, as each claim is based on the university's good faith effort to respond to a PRA request.

[16] Plaintiff confusingly cites RCW 9.73.060, which only applies to "[a]ny person who, directly or by means of a detective agency or any other agent, violates the provisions of this chapter[.]"  The remainder of RCW Ch. 9.73 applies to surreptitious recording or interception of private communications, which has no relevance to this action.  Any claim under this statute must fail.

DEFENDANT UNIVERSITY OF WASHINGTON'S
MOTION FOR SUMMARY JUDGMENT DISMISSAL OF
PLAINTIFF'S CLAIMS - 13
17-2-07812-3 SEA
1010-00051/285788

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

interests are implicated at all. *See* RCW 42.56.050 ("A person's 'right to privacy,' 'right of privacy,' 'privacy,' or 'personal privacy,' as these terms are used in this chapter, is invaded or violated only if disclosure of information about the person: (1) **Would be highly offensive to a reasonable person**, and (2) is not of legitimate concern to the public.") (Emphasis added.)

        1. <u>The Records Plaintiff Complains of Were Not Produced to Any Third-Party.</u>

In addition, with the exception of the missed social security numbers on one out of 370 pages produced in response to the Betz request in 2015, any additional personal information Plaintiff complains of was (upon belief and examination by counsel) *never produced to anyone other than Ms. Dalessio herself*, and therefore no privacy interests are implicated. For example, the following types of information were either redacted or withheld from the records produced to Mr. Betz:

- Plaintiff's residential telephone number
- Plaintiff's personal electronic email address (to the extent Plaintiff may be referencing her University of Washington email, that was disclosed to Betz in a land use application during their litigation, and it is not "private".)
- documents potentially pertaining to Plaintiff's health were highly redacted. *See Exh. A*, at pp. 239-241, 247-249.
- "educational records" related to students (discussed in FERPA section above)
- "test questions[,]" performance evaluations, "preliminary drafts, notes, recommendations, and intra-agency memorandums[,]" or mediation communications.

To the extent any information related to alleged employee misconduct may be present (which the University argues is not), instances of specific misconduct are nonetheless not "private" and are subject to public disclosure. *See*, *DeLong v. Parmelee*, 157 Wash. App. 119, 160, 236 P.3d 936, 957 (2010), *rev. gr., cause remanded*, 171 Wash. 2d 1004, 248 P.3d 1042 (2011).[17]

Similarly, no medical records or "information contained in the claim files and

---

[17] Review was granted and the case was remanded to Div. 2 of the Court of Appeals, who dismissed the case as moot. *DeLong v. Parmelee*, 164 Wash. App. 781, 788, 267 P.3d 410, 414 (2011).

DEFENDANT UNIVERSITY OF WASHINGTON'S
MOTION FOR SUMMARY JUDGMENT DISMISSAL OF
PLAINTIFF'S CLAIMS - 14
17-2-07812-3 SEA
1010-00051/285788

**KEATING, BUCKLIN & MCCORMACK, INC., P.S.**
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE: (206) 623-8861
FAX: (206) 223-9423

records of injured workers" regarding Plaintiff were produced to any third party, including Mr. Betz. To the extent any personnel records or correspondence was produced that referenced any injury or medical condition regarding Plaintiff, it was heavily redacted, making any specific information regarding medical conditions undeterminable. Even if the Court could find error in this production, it cannot be disputed that University Public Records staff made a good faith effort to comply with the PRA and the scope of any potential privacy interests here. Finally, Plaintiff cites RCW 42.56.230 for the proposition that "personnel files; … employee job classification, salary, and benefits information" along with payroll records are "exempt" from public disclosure. The Public Records Act provides no such exemption, and such logic runs counter to established case law in Washington. *DeLong*, 157 Wash.App. at 161 ("Information about a public employee's compensation, including publicly funded fringe benefits, vacation, and sick leave pay, is subject to disclosure.")

### 2. There is No Legal Requirement to Notify Third-Parties of PRA Responses.

Washington law provides that public agencies *may* notify third-parties named in the record or to whom a record specifically pertains of a public records request regarding them. RCW 42.56.540. While the University may choose to notify individuals, it is not *obligated* to under the PRA and no cause of action exists for failing to do so. *Id.* Plaintiff cites no law that would require the University to provide her warning or notice, and the PRA does not provide a statutory cause of action on this basis (*discussed above*). In fact, choosing to delay disclosure in order to notify a third-party that is not an "affected" party could constitute a violation of the PRA and subject the University to penalties if it unreasonably delays the requestor's access to the public record. WAC 44-14-04003. The University acted in accordance with the PRA; furthermore, the "good faith" immunity provision of RCW 42.56.060 also bars any claim based on this attenuated theory.

DEFENDANT UNIVERSITY OF WASHINGTON'S
MOTION FOR SUMMARY JUDGMENT DISMISSAL OF
PLAINTIFF'S CLAIMS - 15
17-2-07812-3 SEA
1010-00051/285788

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

### 3. The University Did Not Breach Any Settlement Agreement.

Plaintiff's second claim asserts that the University breached the 2003 Settlement Agreement in the course of administering its legal obligations under the PRA by (1) disclosing the Agreement itself to Betz in response to his 2015 public records request, and (2) by allegedly failing to not remove documents the parties agreed in 2003 would be removed from Plaintiff's "personnel file." *Complaint*, at p. 13-14. Neither claim has merit.

The 2013 Settlement Agreement itself states, by its terms, that "*the University may disclose public records*" and that "*[e]ither party … may disclose the terms of this Agreement … as otherwise required by law.*" *Exh. B to Swenson Decl.*, at ¶ 16. Plaintiff acknowledged that she understood all parts of the Settlement Agreement before she signed it, and even had the agreement reviewed by private counsel. Washington law long has established that settlement agreements are public records and must be disclosed, even if the settlement agreement specified that the agreement remain confidential. *Yakima Newspapers, Inc. v. City of Yakima*, 77 Wash. App. 319, 323–24, 890 P.2d 544, 547 (1995). No contract term in the Settlement Agreement mandates that the University keep the agreement "confidential"; rather, the terms explicitly contemplate disclosure in compliance with the PRA, and the University would not be legally allowed to withhold it. Therefore, this does not constitute a breach of contract.

### 4. RCW 40.14 Does Not Establish a Private Cause of Action.

Plaintiff asserts that "[t]he University of Washington has violated their responsibilities for retention and for destruction of public records" under RCW 40.14 by failing to destroy all records related to her employment at an earlier date. RCW 40.14.060 (which governs the destruction and disposition of public records) does not provide for a private cause of action. *Washington State Dep't of Corr. v. Barstad*, 191 Wash. App. 1003 (2015), *review denied*, 185 Wash. 2d 1015, 368 P.3d 171 (2016). Furthermore, RCW Ch. 40.14 merely sets forth the parameters under which public agencies are *allowed* to destroy records, it does not *mandate* destruction. This claim must be denied.

DEFENDANT UNIVERSITY OF WASHINGTON'S
MOTION FOR SUMMARY JUDGMENT DISMISSAL OF
PLAINTIFF'S CLAIMS - 16
17-2-07812-3 SEA
1010-00051/285788

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE: (206) 623-8861
FAX: (206) 223-9423

### 5. Plaintiff Cannot Establish a Cognizable Defamation or Libel Claim.

Both defamation and libel claims require that a Plaintiff prove: (1) falsity, (2) an unprivileged communication (sometimes called "publication"), (3) fault, and (4) damages. *Sisley v. Seattle Sch. Dist. No. 1*, 171 Wash. App. 227, 234, 286 P.3d 974, 978 (2012); *Parry v. George H. Brown & Assocs. Inc.*, 46 Wash. App. 193, 195, 730 P.2d 95, 96 (1986).

> A statement meets this test to the extent it falsely expresses or implies provable facts, regardless of whether the statement is, in form, a statement of fact or a statement of opinion. A statement does not meet this test to the extent it does not express or imply provable facts; necessarily, such a statement communicates only ideas or opinions, and there is no such thing as a false idea.

*Schmalenberg v. Tacoma News, Inc.*, 87 Wash. App. 579, 590–91, 943 P.2d 350, 357 (1997) (internal quotations omitted.) Plaintiff cannot establish that anything in the documents produced to Betz—the only third party to whom any documents were released--is false.

In addition, "state law requires not only that there be fault on the part of the defamation defendant, but that 'the substance of the statement makes substantial danger to reputation apparent.'" *Mark v. Seattle Times*, 96 Wash. 2d 473, 493, 635 P.2d 1081, 1092 (1981) (internal quotations omitted.) First, even if Plaintiff alleges any information within personnel documents were demonstrably "false," she cannot establish the University "knew or should have known" the statements were false when they produced the public records in 2015, as they were documents maintained in her file almost 15 years ago. Second, there was no "substantial danger to [Plaintiff's] reputation[,]" and therefore the document could not put anyone on notice that there would be.

Nor can Plaintiff establish damages from production of any allegedly "false" information via production in response to a lawful public records request. The case between her and Betz was voluntarily dismissed, and she did not have to pay Betz's attorney fees. There is no indication any part of 15-00570 was used in the litigation or otherwise caused her damage. Therefore, Plaintiff's defamation and libel claims fail.

DEFENDANT UNIVERSITY OF WASHINGTON'S
MOTION FOR SUMMARY JUDGMENT DISMISSAL OF
PLAINTIFF'S CLAIMS - 17
17-2-07812-3 SEA
1010-00051/285788

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE: (206) 623-8861
FAX: (206) 223-9423

### 6. Plaintiff is Not Entitled to Injunctive Relief.

Plaintiff is not entitled to any relief or damages herein, but particularly not injunctive relief. To receive an injunction, Plaintiff must show "(1) that she has a clear legal or equitable right, (2) that she has a well-grounded fear of immediate invasion of that right, and (3) that the acts complained of are either resulting in or will result in actual and substantial injury to him." *Washington Fed'n of State Employees, Council 28, AFL-CIO v. State*, 99 Wash. 2d 878, 888, 665 P.2d 1337, 1343 (1983). It is not clear exactly what injunctive relief Plaintiff seeks, but she is not entitled to further redaction than the Public Records Act permits.[18] Not only does she not have a legal or equitable right, but the University has an obligation to redact or omit only as much information as permitted by the law. In addition, Plaintiff has no "well-grounded fear" of immediate invasion of her right to privacy or substantial injury. One person has requested her records in almost 15 years.

Plaintiff also may not request prospective injunctive relief broadly requesting Defendant to "follow the law." *See Stetson v. Washington Dep't of Corr.*, No. C15-5524 BHS-KLS, 2017 WL 2485198, at *6 (W.D. Wash. Apr. 7, 2017), *report and recommendation adopted*, No. C15-5524 BHS, 2017 WL 2483528 (W.D. Wash. June 8, 2017) ("The scope of the remedy requested is so broad—it amounts to a decree that all of the defendants " follow the law"—that it renders itself meaningless and unenforceable.") In addition, plaintiffs are precluded from requesting injunctive relief in a federal court to compel state officials to follow state law. *Oregonians for Accountability v. Bradbury*, No. 04-1170-KI, 2004 WL 1969405, at *2 (D. Or. Sept. 2, 2004) (citing *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 106 (1984)). Therefore, injunctive relief is not appropriate here.

### VI. CONCLUSION

The University made an unintended error by missing redactions of Plaintiff's Social Security Number from 1 out of 370 pages produced in response to a lawful public records

---

[18] The University would certainly voluntarily agree to redact the SSN that was unintentionally missed if another third-party request for her records was made.

DEFENDANT UNIVERSITY OF WASHINGTON'S
MOTION FOR SUMMARY JUDGMENT DISMISSAL OF
PLAINTIFF'S CLAIMS - 18
17-2-07812-3 SEA
1010-00051/285788

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE: (206) 623-8861
FAX: (206) 223-9423

request while clearly demonstrating extensive efforts to redact her SSN and other personal information from hundreds of other locations. The "good faith" immunity clause clearly was created to protect public employees and agencies in just this situation. For the reasons set forth above, Defendant University of Washington respectfully requests the Court dismiss Plaintiff's claims and dismiss her case entirely as a matter of law with prejudice.

DATED: August 24, 2017

          KEATING, BUCKLIN & McCORMACK, INC., P.S.

By: */s/ Jayne L. Freeman*
  Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for Defendant

801 Second Avenue, Suite 1210
Seattle, WA  98104-1576
Telephone:  (206) 623-8861
Fax:  (206) 223-9423
Email:  jfreeman@kbmlawyers.com

DEFENDANT UNIVERSITY OF WASHINGTON'S
MOTION FOR SUMMARY JUDGMENT DISMISSAL OF
PLAINTIFF'S CLAIMS - 19
17-2-07812-3 SEA
1010-00051/285788

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE: (206) 623-8861
FAX: (206) 223-9423

# DECLARATION OF SERVICE

I declare under penalty of perjury under the laws of the State of Washington that on August 24, 2017, a true and correct copy of the foregoing DEFENDANT UNIVERSITY OF WASHINGTON'S MOTION FOR SUMMARY JUDGMENT DISMISSAL OF PLAINTIFF'S CLAIMS was served upon the parties listed below via the method indicated:

**Attorneys for Pro-Se Plaintiff**

Julie Dalessio
1110 29th Ave.
Seattle, WA  98122
Telephone:  (206) 324-2590
Email:  juliedalessio@msn.com

[**X**] E-mail

DATED this 24th day of August, 2017, at Seattle, Washington.

*/s/ LaHoma Walker*
LaHoma Walker, Legal Assistant

---

DEFENDANT UNIVERSITY OF WASHINGTON'S
MOTION FOR SUMMARY JUDGMENT DISMISSAL OF
PLAINTIFF'S CLAIMS - 20
17-2-07812-3 SEA
1010-00051/285788

**KEATING, BUCKLIN & MCCORMACK, INC., P.S.**
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE:  (206) 623-8861
FAX:  (206) 223-9423