**EXHIBIT B**

NOT
DATESTAMP

# SETTLEMENT AGREEMENT AND RELEAS
## Parties and Purpose

Julie Dalessio (Dalessio) and the University of Washington (the University) are voluntarily entering into this Settlement Agreement and Release to completely resolve all matters relating to Dalessio's employment relationship with the University. Therefore, in consideration of the terms specified below, Dalessio and the University both agree as follows:

## Statement of Dispute

There is a dispute between Dalessio and the University with regard to Dalessio's employment relationship with the University of Washington. The dispute is evidenced by Personnel Appeals Board (PAB) appeal number SUSP 02-0036 and by a pending recommendation for dismissal.

## Terms of Settlement

1.     Both Dalessio and the University agree that signing this Settlement Agreement and Release does not mean that either Dalessio or the University admits any wrongdoing or liability, or abandons any contentions regarding this dispute. Dalessio and the University agree that this Settlement Agreement and Release does not affect the validity of the contentions claimed by Dalessio or the University.

2.     By signing this Agreement Dalessio voluntarily agrees to resign from employment at the University of Washington effective January 15, 2003. Dalessio understands that she cannot withdraw this resignation after she signs this Agreement except as described in Paragraph 14 below. University agrees to accept this resignation and to withdraw from Dalessio's official Personnel Department file and from all Department of Laboratory Medicine files the following documents and all attachments to each document, plus the originals of all such attachments: (a) the memorandum of July 12, 2002 recommending Dalessio's suspension without pay; (b) the letter of July 24, 2002 imposing an eight-day suspension without pay; and (c) drafts of memos recommending further discipline of Dalessio. University also agrees that from the date Dalessio signs this Agreement through January 15, 2003, Dalessio will be on paid administrative leave for eight hours per weekday, and that this time may be used by Dalessio for job search purposes.

3.     Dalessio agrees to withdraw her PAB appeal, # SUSP 02-0036 eight days after this Agreement is signed by both Dalessio and the University and to seek, obtain, and be bound by a dismissal with prejudice in the above described action against the University before the PAB. This means that once this action is withdrawn, it cannot under any circumstances be refiled. Attached to this Settlement Agreement and Release is a document withdrawing the above Personnel Appeals Board action. Dalessio agrees to sign and date this form concurrent with signing this Settlement Agreement. Dalessio will give the signed form to the University, which will mail it to the Personnel Appeals Board after all parties have signed the Settlement Agreement and the revocation period described in Paragraph 14 below has expired.

4.     By signing this Agreement Dalessio agrees that she will never again apply for or accept any form of employment or appointment with the University at any of its locations under any circumstances. This includes the University of Washington Medical Center; UWMC – Roosevelt; Harborview Medical Center; and the University main campus, including the health sciences areas.

5.     Upon execution of this Agreement, the University agrees to pay Dalessio fifteen thousand dollars ($15,000) as a compromise payment. One thousand, five hundred forty-six dollars ($1,546) of this amount is restoration of money withheld from Dalessio's earnings due to her suspension without pay, and constitutes back wages subject to all regular payroll withholding. It will be paid through the regular payroll system on January 24, 2003. The remainder of this amount, thirteen thousand four hundred fifty-four dollars

($13,454) is not back pay but is in lieu of wages, and the parties agree that it is subject to federal tax withholding. The University will begin processing this second payment such that the check will be processed and available on or before January 24, 2003. The parties agree that this check will be made out to Frank Freed Roberts Subit and Thomas LLP in trust for Julie Dalessio. Dalessio's cash out of unused annual leave will be paid in the normal fashion as for any other employee leaving University employment. University also agrees to provide Dalessio with a reference letter that will confirm Dalessio's dates of employment, positions held, typical duties, and final salary. A copy of this letter is attached to this Agreement as Attachment A, and will be issued immediately following the expiration of the revocation period provided for in Paragraph 14.

6.      The University understands that Dalessio may apply for unemployment benefits from the Washington State Employment Security Department. The University agrees to not contest Dalessio's claim for unemployment benefits. If contacted by the Employment Security Department, the University shall decline to provide any response.

7.      Dalessio agrees that all claims, demands, rights, causes of action and administrative remedies that Dalessio has or may have against the University, its successors and assigns, and each and every one of its past or present employees, students, agents, attorneys and/or representatives in their individual or official capacities are satisfied, discharged and settled. This includes any actions under the Age Discrimination in Employment Act and/or the American with Disabilities Act. By signing this Agreement Dalessio is confirming that except for the claims described in "Statement of Dispute," she has not filed any complaint, appeal or other claim which is waived in this paragraph with any agency or court. Dalessio further agrees that she will never do so. The parties agree that this paragraph does not apply to any claim Dalessio has filed or may file under RCW Title 51 (Industrial Insurance/Workers' Compensation), and that nothing in this Agreement limits Dalessio's Workers' Compensation rights.

8.      Dalessio hereby completely releases the University, its successors and assigns, and each and every one of its past or present employees, students, agents, attorneys, or representatives, in their individual or official capacities, from any and all liability that they may have relating to Dalessio's employment with the University, and/or to the claims described in this Agreement.

9.      The University agrees that all claims and demands that the University has or may have against Dalessio with respect to the above-described dispute are satisfied, discharged, and settled.

10.     This Agreement is the entire Agreement between Dalessio and the University and replaces any other discussions and understandings. This Agreement may be modified only by a later written Agreement that is signed by Dalessio and the University.

11.     This Agreement shall be governed in all respects by the laws of the State of Washington. Should this Agreement need to be enforced in court, both parties agree to jurisdiction and venue in King County Superior Court, State of Washington.

12.     Both the University and Dalessio agree that any party that prevails in court in showing a violation of the terms of this Agreement will pay all reasonable attorneys' fees and costs that are necessary to enforce the Agreement. The amount of the fees and costs will be determined by the court.

13.     The provisions of this Agreement are intended to be severable. If any term or condition is determined to be invalid for any reason, the remaining provisions of this Agreement shall continue to be valid and enforceable.

14.     Dalessio acknowledges that she has the right to be given at least twenty-one (21) calendar days to consider entering into this Agreement and voluntarily waives that right. Both parties acknowledge

and agree that Dalessio has seven (7) days following the date of this agreement to revoke it. Dalessio agrees that this Agreement constitutes written notice that she should seek the advice of an attorney of her choice before signing this agreement and that she has had an opportunity to do so. Dalessio agrees that if she decides to revoke this Agreement she will send via certified mail a signed written revocation of the agreement to Janet Sullivan, Senior Human Resources Consultant, Academic Medical Centers Human Resources, 319 Terry Ave., Box 359715, Seattle, WA 98104. Dalessio understands that the revocation must be postmarked no later than seven days following the date Dalessio signs this agreement.

15. Dalessio acknowledges that she has been advised to carefully consider every part of this Agreement before signing it and that he has done so. Dalessio understands and accepts all of the terms of this Settlement Agreement and Release.

16. The parties, including their attorneys, agree not to publicize the terms of this Agreement, and to direct others to do the same with the following exceptions: The University may disclose internally such terms of this Agreement as are necessary for processing it, Dalessio may disclose the terms of this Agreement to her attorney, accountant, tax preparer, medical care provider or to immediate family members, and the University may disclose public records as required by law. Either party (a) may disclose solely the fact that this matter has been settled, (b) may utilize this Agreement in enforcing it or defending claims covered by it, (c) may provide truthful and complete sworn testimony in any judicial or administrative proceeding, and (d) may disclose the terms of this Agreement as requested by the Internal Revenue Service (IRS) or as otherwise required by law.

17. Dalessio understands that if she has not signed this Agreement by January 2, 2003, the University's offer is withdrawn unless the University, in writing, extends the deadline for signing the Agreement.


_Melissa Cochran_  1/8/03
Melissa Cochran            (date)
Acting Director of Human Resources
School of Medicine
University of Washington


_Janelle Browne_  1/6/03
Janelle Browne            (date)
Director
Medical Centers Human Resources
University of Washington


_James S. Fine_  1/2/03
James S. Fine, M.D.
Chairman
Department of Laboratory Medicine
University of Washington


_Jeffrey W. Davis_  1/2/03
Jeffrey W. Davis            (date)
Assistant Attorney General
Attorney for the University of Washington
Approved as to form


_Julie Dalessio_  1-2-03
Julie Dalessio            (date)
Employee


_Joyce L. Thomas_  1/2/03
Joyce L. Thomas            (date)
Attorney for Employee
Approved as to form