1

2          The Honorable Marsha J. Pechman

3

4

5

6            UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON AT SEATTLE

7   JULIE DALESSIO, an individual,

                                        Case No. 2:17-cv-00642 MJP
                    Plaintiff,
8                                       **PLAINTIFF'S MOTION TO SEAL**
    v.                                  **Records**
9
    UNIVERSITY OF WASHINGTON,
                                        **Noted for Hearing: Sept. 15, 2017**
10
                    Defendant.
11

12

                            **I.  INTRODUCTION**
13       Plaintiff asserts that the University of Washington (UW), in response to public records

14   (PR) requests in 2015-2017, produced hundreds of documents containing personal and

15   confidential information pertaining to Plaintiff (and others) that is statutorily exempt from

16   disclosure pursuant to the Public Records Act (RCW 42.56), and provided these records to

17   unauthorized persons in violation of RCW 42.52.050(3). In addition, Plaintiff claims the UW's

18   actions violated other state laws (RCWs 7.96; 40.14; 41.06.450; 42.40; 42.52.050(3); 42.56.050;

19   49.60.180;  51.28.070), Washington Administrative Code (WAC 478-276-085, WAC

20   478-276-090; , WAC 478-276-095; WAC 44-14 Public Records Act Rules), Federal statutes

21   including 45 CFR part 160 & 164, 20 U.S.C 1232g(a)(4), 34 CGR Part 99,  5 U.S.C. 552(b)(6),

22   42 U.S.C. sec 1981, and a Settlement Agreement between the parties, and that the negligent

release of information violated her constitutional right to privacy and RCW 42.56.050 (state

employee right to privacy).(*Dkts. 1, 15, and 22 attachment 1*)

Further, Plaintiff asserts that pursuant to RCW 42.40 (State employee whistleblower

protection), Plaintiff has the right to confidentiality in this case. *(id)*

## II. EVIDENCE RELIED UPON

• Court Records Dkts. 1, 4, 15, 22, 27, 29, 30-7;

Dkts. 30-1, 30-2 (altered versions of PR 15-00570);

Dkts. 32, 33, 34 (altered versions of Dkts. 30-1, 30-2);

• Public Records PR 15-00570;

• Attached Exh. 1, RFA re document descriptions;

• Attached Exh. 2 (PR 16-00760 , filed under seal);

• Declaration of Defendant and attached exhibits.

## III.  STATEMENT OF FACTS

**(A)**  On May 23, 2017, the parties met for FRCP 26 conference and discussed the

necessity to submit confidential documents as exhibits in this lawsuit.  Plaintiff suggested

that the parties admit descriptions of the documents (ER 1006), since redaction of

confidential information would obscure evidence of the UW releases of confidential

information and the Parties could not agree on the confidentiality of certain information.

The Plaintiff composed a descriptive list of the documents, which she submitted to Defendant

in Requests for Admission.  The UW objected to every one of these.(*Exh. 1*)

*LCR 5 (g)(1)(a) If the party seeks to file the document under seal because another party has designated it as confidential during discovery, the filing party and the designating party must meet and confer to determine whether the designating party will withdraw the confidential designation or will agree to redact the document so that sealing is unnecessary.*

**PLAINTIFF'S MOTION TO SEAL     -   Case 2:17-cv-00642-MJP**                                **p. 2**

1

2   The UW did not meet with plaintiff to discuss this issue before filing non-redacted contents

3   of PR 15-00570 (*Dkt. 30-1, 30-2*).  The Plaintiff emailed Counsel for Defense and the Court

4   regarding the breaches.(*Decl. Plaintiff*, *Exh. 1*)  Subsequently, the UW stated their

5   willingness to request that Dkt. 30-1and 30-2 be filed under seal, and Plaintiff concurred.

6   (*Decl. Plaintiff*, *Exh .2*).  However, before meeting to discuss this issue, the UW again filed

7   these documents as Dkts. 32, 33, and 34.  Pursuant to LCR 5(g), the Plaintiff and Counsel for

8   Defense, Derek Chen, conferred by email, then Defendant finally agreed to meet by phone on

9   Friday Sept. 1, 2017 at 4pm. (*Decl. Plaintiff*, *Exh. 3*)  Counsel for Defense would not agreed

10  to stipulate filing the documents, listed above, under seal.  Currently, this confidential

11  information is publicly available online, linked to Plaintiff's name on internet search engines.

12

13       **(B)** The UW claims to have complied with policies and regulations for Public

14  Records Releases, yet the Plaintiff has identified several regulations that indicate otherwise.
    *(Dkt. 1, p. 7, Dkt. 15, Dkt. 22 attachment 1).*  UW has **admitted** that staff failed to redact

15  Plaintiff's Social Security Number  *(Dkt 27; P.4, line 1)* in PR 15-00570, but not that they

16  failed to redact 11 copies of Plaintiff's Social Security Number as well as her date of birth

17  from the record.  The defendant has since redacted some of their court submissions, replacing

18  Dkt.30-2 with Dkts 32, 33, 34, obscuring evidence of the breach. (*Decl. Plaintiff*, *Exhs.1 and*

19  *2*).  Dkt. 30-1 containing Plaintiff's Date of Birth and other confidential information remains

20  unrestricted in court records.(*id*)

21       **(C)**  PR 15-00570 (provided to Plaintiff's opponent in an adverse possession lawsuit

22

in response to PR request for "all records") consists of **370 pages** (altered copies contained in *Dkt.30-1 and 30-2 and Dkts 32, 33, 34*), along with an exemptions log describing **101** additional pages.(*Dkt. 30-7, p. 4*)[1] These documents *(PR 15-00570, Dkt.30-1 and 30-2 and Dkts 32, 33, 34)* contain Plaintiff's Home phone, Name change Information, Payroll records, Employment Security Records, Employee Identification Number, Residential Address, Handicap status, Veteran Status, Health Information, Information related to **alleged** misconduct, Intra-corporate communications in which opinions are expressed,  Mediation communications, Medical Records, Information contained in the claim files of injured workers, Performance evaluation, Employee job classification, Salary information, Benefits information**,** Personal information, Information in which it could be possible to determine that the Plaintiff was receiving healthcare, Personal Leave records, Continuing education records, Privileged information, and a list of UW employees with Disabilities. *(Dkt 30-2 p. 218, and Dkt 34 last page)*

(D) The fact that Plaintiff was also a student enrolled in the Master of Laboratory Medicine program  at the University of Washington during her employment with UW has bearing on this case and the UW email address cited in the Public Records request (*Dkt.30-9, p.6) and in the court records,* is Plaintiff's student/alumni email.

(E)   In January and February 2017, Defendant UW produced a **Public Record** PR 16-00760 in response to Plaintiff's request for *some* of her employee records (*Dkt. 29-1)*). PR 16-00760 contains 1142 pages which is 671 pages more than those produced or exempted

---

[1] Exemptions log not included with UW Exhibits.

in the PR 15-00570 request for "all records"(*Dkt. 30-4, p.2*).  The set of documents contained

in PR 16-00760 is **not** a full set of non-redacted records pertaining to the Plaintiff that was

produced in PR 15-00570, as Defendant might attempt to lead you to believe, but a **different**

**assortment and selection** of documents.[2]

Defendant UW references PR 16-00760 in Motion for Summary Judgment (scheduled

to be hear Sept. 15, 2017), yet has chosen to withhold this from the Court's consideration.

(*Dkt 27 P. 5, line 23*)  The submission of PR 15-00570 (*Dkts. 30-1, 30-2 and again in Dkts*

*32, 33, 34*)[3] by the University indicates they have no qualms about "publicly re-

disseminating records or information Plaintiff claims should never have been released."(*Dkt*

*27 P. 5, line 23*)  The Plaintiff has requested that UW admit to descriptions of documents to

avoid publicly re-disseminating information via the Court Records (which are readily

available and associated with her name on the internet) that should not be associated with her

name.[4]

The Plaintiff can see no alternative, and the Defendant has agreed to not oppose

submission of Public Records, PR 15-00570 and PR 16-00760, under seal.(*Decl. Plaintiff*,

*Exhs.2 and 3*)

---

[2] PR 16-00760 contains all of the exempt categories of documents described in (D) above, along with numerous additional non-redacted copies of Plaintiff's Social Security Number and other confidential information.

[3] The UW entered the entirety of PR 15-00570, minus the redactions list into the court record (Dkt 30-1, 30-2 and again in 32, 33, 34) despite the Plaintiff's claims, and the Plaintiff suggests that UW has intentionally chosen not to attach PR 16-00760 as an exhibit so as to avoid a direct comparison.

[4] Defendant has responded to all RFAs, RFPs and ROGs with objections, dismissive assertions, mis-characterizations regarding Plaintiff's intentions, and multiple copies of the records already produced as Public Records, not the original records, not the non-redacted documents, and the UW has filed many of these same objectionable documents as exhibits in this case, in essence, publishing a world-wide permanent record of Plaintiff's personal information that they discriminately (whether maliciously or negligently) selected, manipulated, compiled, preserved and disseminated.

**(F)**   In addition, the Plaintiff has identified 37 copies of certain documents that UW

agreed to withdraw from Plaintiff's "official Personnel Department file and from all

Department of Laboratory Medicine files." (Dkt *#30-3 p. 2* at "Terms of Settlement" #2) that

Defendant UW, in fact, failed to remove from their files, and produced in public records.

(*Decl. Plaintiff, p. 6*)   Plaintiff has requested admission of descriptions of these documents[5]

to avoid further dissemination of defamatory accusations.   The Plaintiff requests that a copy

of the July 12, 2002 letter referred to in the Settlement Agreement (*Decl. Plaintiff, Exh. 4)* be

filed under seal to prove that the identified documents are copies of attachments to this letter.

### IV.   RELIEF REQUESTED

The Plaintiff respectfully requests that the Court order that:

(A) Dkts. 30-1 and 30-2  are immediately restricted under seal as evidence in this case.

(B)  Dkts. 32, 33 and 34 are immediately restricted under seal as evidence, as they were

improperly filed, are deliberately misleading, are not simply redacted copies of Dkts. 30-1 and

30-2, obscure evidence, and contain confidential information.

(C)  UW produce the entire PR 15-00570 in its original format, with original file

configurations and inventory exemption log, **under seal,** as a true replacement for Exhibit A

to Declaration of Alison Swenson(*Dkt. 30, p.2*)

(D)  PR 16-00760(filed under seal with this motion) be restricted Under seal for

consideration with Plaintiff's Response to Defendant's Motion for Summary Judgment (hearing

---

[5] The UW has objected to all RFAs, requests to produce, or identify locations or custodians of these documents and to admit descriptions of these documents, stating "Defendant lacks sufficient knowledge to determine to either admit or deny, and therefore denies the same." The UW did not include any statements with their objections concerning any attempts to make "reasonable inquiry" to determine "that the information known or readily obtainable by the answering party is insufficient to enable the answering party to admit or deny" as required under CR 36. The UW has improperly objected and failed to respond properly to all RFPs and RFAs.

scheduled Sept 15, 2017, same day as this hearing).

(E)  Plaintiff's copy of the letter dated July 12, 2002 that is specified at #2 in the

Settlement Agreement between the parties *(Decl. Plaintiff, Exh. 4)* is restricted under seal.

(F) That Defendant UW immediately sequester all Public Records releases pertaining to

Plaintiff, and locate and sequester all original documents and copies of documents pertaining to

Plaintiff.

## V.  AUTHORITY, ARGUMENT AND ANALYSIS

(A)  The UW is responsible for oversight and maintenance of employee records and

has a **duty** to protect the **privacy** of its employees (RCW 42.56.230), to ensure the security

of employees' personal information, and to maintain and produce the public record in

accordance with all applicable regulations and policies.   The UW breached those duties,

failing to comply with laws, rules, regulations, and policies by a) publishing and releasing

personal information to unauthorized persons and amplifying these records by publishing

them in Court Records in violation of RCW 42.52.050(3);  b)  discriminately selecting

documents and manipulating Plaintiff's employee records for public disclosure based on the

identity of the requestor, in violation of RCW 42.56.050;  c) violating Plaintiff's right to

privacy with the disclosure of information that "(1) Would be highly offensive to a

reasonable person, and (2) is not of legitimate concern to the public" (RCW 42.56.050).

Individuals have an interest in receiving notice and being heard "[w]here a person's

good name, reputation, honor, or integrity is at stake because of what the government is

doing to him." *Wisconsin v. Constantineau*, 400 U.S. 433, 437, 91 S. Ct. 507, 27 L. Ed. 2d

515 (1971)) yet the UW did not notify her before providing personal records (PR 15-00570)

to her neighbor who was suing her for adverse possession, nor did UW inform Plaintiff of

their intentions to file these in the Court records.*(Decl. Plaintiff, p.3)*

   The Public Records Act (RCW 42.56.230(3)) exempts from disclosure "[p]ersonal

information in files maintained for employees, appointees, or elected officials of any **public**

agency to the extent that disclosure would violate their right to privacy" and RCW

42.17.310(1)(b) exempts "[p]ersonal information in files maintained for employees."

   ". . .[T]he employee **privacy** definition protects personal information that the

employee would not normally share with strangers." *Dawson*, 120 Wn.2d at 796 (quoting

*Spokane Police Guild v. Liquor Control Bd.*, 112 Wn.2d 30, 38, 769 P.2d 283 (1989)) (citing

*Cowles*, 44 Wn. App. at 890-91).  In *Cowles,* the court discussed what sort of information the

"personal" exception was intended to protect:  Such information might include, *but is not*

*limited to,* the particular employee's union dues, charitable contributions, deferred

compensation, medical records, disabilities, employment performance evaluations, and

reasons for leaving employment. Likewise, the phrase may include those sensitive records

relating to health, or marital and family information necessary for calculating health plans,

job benefits, and taxes.  *Cowles*, 44 Wn. App. at 891 (citation omitted) (emphasis added).

Where allegations of misconduct are unsubstantiated, release of records would constitute an
invasion of privacy. *Bellevue John Does*, 164 Wn.2d 199.


   *Human Rights Comm'n v. City of Seattle*, 25 Wn. App. 364, 607 P.2d 332 (1980)

(*HRC*),determined that answers to questions such as why the applicant left his or her last job,

the applicant's salary, and questions about education, military service, criminal convictions,

and disabilities, were personal information. *HRC*, 25 Wn. App. at 369-70. "It cannot be

disputed by any reasonable person that the public disclosure of material contained in answers

to the above questions would or could be highly offensive to the . . . applicants." *HRC*, 25

Wn. App. at 370.

Washington courts often look to federal court interpretations of similar provisions of

the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (1966), for guidance in interpreting

Washington's public disclosure act. *See Dawson*, 120 Wn.2d at 791 ("Cases interpreting

FOIA are relevant when we are interpreting our state act."). Exemption 6 of FOIA protects

"personnel files . . . the disclosure of which would constitute a clearly unwarranted invasion

of personal **privacy**." 5 U.S.C. § 552(b)(6).  Several federal cases have addressed whether

employees have a **privacy** interest in the disclosure of identifying information coupled with

financial information.  It is clear from federal cases that Exemption 6 prevents disclosure of

employee job classification, salary and benefits information, ***coupled with the employee's***

***name and address***. For example, in *Painting Indus. of Haw. Mkt. Recovery Fund v. United*

*States Dep't of Air Force*, 26 F.3d 1479 (9th Cir. 1994), the court stated "a list that connects

those names to precise information about each worker's occupational classification, wages,

and wage deductions. It cannot be disputed that this information is normally considered

private." *Painting Indus.*, 26 F.3d at 1483.

Similarly, in *Painting & Drywall Work Preservation Fund, Inc. v. Department of*

*Hous. & Urban Dev.*, 936 F.2d 1300 (D.C. Cir. 1991), the court held that employee names,

addresses, and wage, hour, and deduction information was personal and exempt from

disclosure under FOIA. *Hopkins v. Department of Hous. & Urban Dev.,* 929 F.2d 81 (2nd

Cir. 1991), determined that payroll records, which contained employee names, addresses, and

wage information, were exempt from disclosure because of the employees' substantial

**privacy** interest against dissemination of that information.

"[T]he disclosure of a public employee's Social Security number would be highly offensive to a reasonable person and not of legitimate concern to the public. Also, residential addresses and telephone numbers of employees of public agencies are independently exempt from disclosure under RCW 42.17.310(1)(u)." *PAWS, 125 Wn.2d at 254*.

90 Wn. App. 205; 951 P.2d 357; 1998 Wash. App. LEXIS 273 "argues that disclosure of an employee's name coupled with his or her identification number would provide access to other exempt personal information, such as the social security number, home address, and telephone number. We agree that release of employees' identification numbers would be highly offensive, because disclosure could lead to public scrutiny of individuals concerning information unrelated to any governmental operation and impermissible invasions of **privacy** as contemplated in *Painting Indus., Preservation Fund,* and *Hopkins*.

RCW 42.40.020(3)  "An individual who knowingly provides or reports, *or* who reasonably **ought to know** he or she is providing *or* reporting malicious, false, *or* frivolous information, *or* information that is provided with reckless disregard for the truth, *or* who knowingly omits relevant information is not acting in good faith."  (emphasis added)

"release of employees' identification numbers would be highly offensive, because disclosure could lead to public scrutiny of individuals concerning information unrelated to any governmental operation and impermissible invasions of **privacy** as contemplated in *Painting Indus, Preservation Fund, and Hopkins.* 90 Wn. App. 205; 951 P.2d 357; 1998 Wash. App. LEXIS 273"

"disclosure of identified employees' address, wage, and benefits information unwarranted because the public's interest did not meet FOIA's central purpose— "to open agency action to the light of public scrutiny." *Department of Air Force v. Rose*, 425 U.S. 352, 357, 96 S. Ct. 1592, 48 L. Ed. 2d 11 (1976).

1

2          5 U.S.C. § 552(b) Subsection (4) exempts "trade secrets and commercial or financial

3    information obtained from a person and privileged or confidential;" subsection (6) exempts

4    "personnel and medical files and similar files."

5          **V. (B)**  In objections to admission, the Defendant UW stated several times "the

6    document speaks for itself."  If the documents don't convince the Court that they contain the

7    above described, statutorily exempt, personal, confidential information, and that their

8    publication is an invasion of the Plaintiff's privacy, Plaintiff will provide specific references

9    linking each document to each exemption and authority.   This task cannot be accomplished

10   without the decision of the Court regarding which versions of the documents will be allowed.

11         **V. (C)**  The Plaintiff is entitled to privacy.  The UW has deprived her of this liberty

12   and the conduct complained of was committed by persons acting under color of state law.

13   The Defendant has admitted that "all actions of the Defendant herein alleged manifest a

14   reasonable exercise of judgment and discretion by authorized public officials made in the

15   exercise of governmental authority entrusted to them by law . . ."  (*Dkt 4, p. 11 line 1* of

16   Answer and Affirmative Defenses to Plaintiff's Complaint).

17         "'[A]n individual has a **privacy** interest whenever information which reveals unique
     facts about those named is linked to an identifiable individual.'" *Cowles*, 44 Wn. App. at 897
     (quoting *In re Rosier*, 105 Wn.2d 606, 613, 717 P.2d 1353 (1986)).

18   and

19          "[T]he basic purpose and policy of RCW 42.17 was 'to allow public scrutiny of
20   *government, rather than* to promote scrutiny of *particular individuals* who are *unrelated* to
     *any governmental operation*.'" *Cowles*, 44 Wn. App. at 897-98 (quoting *Rosier*, 105 Wn.2d at
     611) (alteration in original).

21

22         Plaintiff asserts that publication of these documents is an invasion of her privacy, and

that it is the *practice* of the University of Washington to compile and provide personal

employee records to unauthorized persons as public records.[6] (*Decl. Plaintiff, p.7*)

**It is Highly Offensive to the Plaintiff, as it would be to any reasonable person**

**that records specifically exempted from public records releases, containing identifying,**

**personal, confidential, frivolous, defamatory and misleading information was produced**

**to unauthorized person,** and further disseminated in court filings, and that the UW has

continued these practices.  **It is not of legitimate concern to the public that Plaintiff is**

**identified in these records.**

## VI.  INJUNCTIVE RELIEF
(A)  **Plaintiff has a legitimate private interest that warrants the relief sought.**

PR 15-00570 and PR 16-00760 and letter dated July 12, 2002 are essential evidence in this

case, and publication of these documents in the Court Records in association with Plaintiff's

name would further disseminate personal data and confidential information that exposes the

Plaintiff to increased risk of identity theft, discrimination and defamation, is a further

Invasion of Privacy, is offensive and is not in the public interest.  As described above, a less

restrictive alternative to the relief sought is not sufficient, as Plaintiff cannot determine any

way to redact the documents to preserve confidentiality and privacy, as well as the integrity

of the evidence.

(B)  **An alternative to submitting these documents under seal, that would protect**

---

[6] Plaintiff requested Public records of other UW employees who were identified in PR 15-00570 as clients of the UW Disability Services Office (*Dkt 30-2 p. 218)* and Public Records of two current employees.  In response, the UW Office of Public Records has provided a multitude of confidential information concerning these employees, including similar personally identifiable accommodations requests, health, injury, claims and personal leave records of individual employees, dates of birth, tobacco use (*Plaintiff's Decl. and Exhs. 5, 6, 7*).

1

2    **the privacy of the Plaintiff, the confidentiality of the records that UW should never have**

3    **published, and the integrity of the evidence, is to redact Plaintiff's name from all of the**

4    **records, including these court records.**   Plaintiff believes that this is a preferable option,

5    since it would be in the interests of the public to know how the UW operates (without

6    subjecting Plaintiff to the stress of public scrutiny of personal, confidential documents and

7    increased risk of identity theft). **The Plaintiff is Entitled to Whistleblower protection and**

8    **anonymity in this action.**

9

10

       DATED:  Sept 5, 2017              s/ julie dalessio
11                                        Julie Dalessio
                                          1110 29th Ave.
12                                        Seattle,  WA  98122
                                          206 324 2590
13                                        juliedalessio@msn.com

14

15

16

17

18

19

20

21

22