# EXHIBIT 1

PLAINTIFF'S Exhibit re MOTION TO SEAL Records   -   Case 2:17-cv-00642-MJP

4.  Admit that the Plaintiff filed a claim with UW Claim Services Office of Risk Services on October 21st, 2016, less than one year after the release of PR-2015-00570.

**RESPONSE: Defendant admits that Plaintiff submitted a Standard Tort Claim to the State Department of Enterprise Services, Office of Risk Management on October 21, 2016.**

5.  Admit the attached document dated October 25, 2016 is a copy of a document from the U.S. Equal Employment Opportunity Commission, received by the UW.

**RESPONSE: OBJECTION. This document is not a University document. Defendant admits this appears to be a copy of a document from the Equal Employment Opportunity Commission that was received by UWMC Human Resources in 2016.**

6.  Admit the attached letter from State of Washington Human Rights Commission, dated January 3, 2017, denotes filing date of Plaintiff's case as October 3, 2016, and the final decision as "NO JURISDICTION."

**RESPONSE: OBJECTION. This request is vague and confusing at to what is meant by "Plaintiff's case" and may call for a legal conclusion. This is not a document generated by the University.**

7.  Admit the following descriptions of information pertaining to Plaintiff contained in UW Public Records Releases:

PR-2015-00570, stage 1

| page | contents |
|---|---|
| 1-62, 191-196 | employee ID#, in conjunction with name & wages |
| 66 | education records (workplace violence) |
| 68-70, 74, 92, 98 | name in conjunction with wages |

71                    education records (job description validation)

75, 76                date of birth, health info

77                    name change info

79, 80, 91            education records (competency waiver, orientation waiver)

82                    education records (data security & confidentiality)

84                    education records (HIV/AIDS)

85                    education records (Hazard communication)

86, 87                education records

89,90                 education records (Standards of Conduct) X 2

92-97, 98-106         name in conjunction with wages, info re spending of grant money.

107                   education records (fraud awareness)

108                   education records

110-133, 136, 138,    name in conjunction with wages, re budget, grant money allocation
142,143-145,146,      name in conjunction with wages
151, 153-157,         name in conjunction with wages
160-185, 189, 203-205 name in conjunction with wages, re budget/grant allocations

113                   social security number X 10

PLAI 1ST REQ FOR ADMISSION          Page 5 of 82                    Julie Dalessio
TO DEFENDANT, UW                                                    1110 29th Ave
                                                                   Seattle, WA 98122
                                                                   206 324 2590

134-5, 188, 191-191      overpayment/repayment forms, name in conjunction with financial info

139-141,145      re personal leave of absence without pay

158-159      interdepartmental position review

186-187, 194, 206-235      time sheets, multiple copies of some

200-202      education records (personal use of departmental computers, data security & confidentiality, job description validation)

<u>PR-2015-00570, stage 2</u>

| page | contents |
|---|---|
| 1 | L&I claim #, leave buyback worksheet |
| 2-3, 8-30 | L&I claim information |
| 4-6 | health information |
| 7, 9 | health information, opinions "poor use of her body" |
| 10 | Accommodations request, home phone |
| 11 | healthcare info. |
| 12-18 | healthcare information |
| 15-18, 26-29 | L&I claim # |
| 19-30 | healthcare information |
| 30 | L&I closure letter, dated March 21, 2003. |
| 31-36, 50-52 | Employment Security information |
| 38 | letter from UW attorney general (re SUSP 02-0036) to Plaintiff's attorney |

PLAI 1ST REQ FOR ADMISSION      Page 6 of 82      Julie Dalessio
TO DEFENDANT, UW      1110 29th Ave
Seattle, WA 98122
206 324 2590

43-45                     health information

47                        name in conjunction with financial info

53                        name in conjunction with financial info, employee id #

54-59, 111-123            time sheets, multiple copies of some

60                        leave buyback worksheet, L&I claim information, name in
conjunction with financial info

62, 72, 74,               request for personal loa

63-71, 73, 75-91, 103-105 name in conjunction with financial info

103                       social security #

106                       date of birth

128-131                   separation agreement

132                       letter re "administrative leave" "until further notice" dated January 2,
                          2003

134-135                   list of disability service customers

PR-2015-00570  list of redactions: includes information "in which it could be possible to
determine the identity of persons receiving healthcare." and multiple copies of
performance evaluations from 2001 and 2002.

**RESPONSE TO RFA NO. 7: OBJECTION. Compound, vague and confusing; overbroad;
incorrect statements of the law; may call for a legal conclusion.  Plaintiff has assigned short
(in some cases only 2 word) "descriptions" to multiple different pages or groups of pages and
asked Defendants to admit the "descriptions" she has given to these documents.  Plaintiff
<u>does not</u> ask Defendant to admit whether identifiers in her descriptions are in the document.
These documents each contain a large amount of information that cannot be distilled into a
short-two word description.  Plaintiff also characterizes large groups of documents as
"education records" without any basis for doing so.  "Education records" have legal**

definitions under FERPA and other statutes, and therefore classifying a record as an "education" record could be a legal conclusion. Many of these records actually appear to be related to in-house training she received during her employment, not as a student enrolled in an institute of higher learning or otherwise. The lack of definition or clarity and the use of such vague descriptions to characterize complex documents does not allow Defendants to admit or deny Plaintiff's requests, and therefore Defendant denies the same.

Finally, Defendants deny Plaintiff's statement that the "PR-2015-00570 list of redactions" contains information "in which it could be possible to determine the identity of persons receiving healthcare" or multiple copies of performance evaluations from 2001 and 2002. The PR 2015-00570 list of redaction is simply that – a list. It does not itself contain any records and at most has a short "subject" describing the category of record pursuant to the Public Records Act. At most, any alleged medical documents referenced are an unspecified "Medical Record" and an "Estimate of Physical Capabilities." The content of these documents is completely hidden, and it is impossible to tell what the document actually is or whether the document even references Plaintiff. Finally, RCW 42.56.210(3) requires an agency who refuses, in whole or in part, inspection of any public record to "include a statement of the specific exemption authorizing the withholding of the record (or part) and a brief explanation of how the records applies." There are no copies of performance evaluations in the "list of redactions."

8. Admitted that the UW provided PR-2015-00570 to David Betz, admit that these records were copied and published and submitted as evidence in an adverse possession claim against Plaintiff. (see attached objections to betz er-904.pdf, #60, 61, and 62).

RESPONSE: OBJECTION. Compound; vague. The referenced document "Betz er-904.pdf, #60, 61, 62) is not a University document and the University does not have direct knowledge of facts related to this RFA. Defendant admits it provided responses to PR 2015-00570 to David Betz, the individual who made the request, pursuant to the Public Records Act. Defendant lacks sufficient knowledge to admit or deny the remainder and therefore denies the same. Plaintiff has attached a document titled "Defendant Dalessio's Objections to

Plaintiff's Notice of Intent to Offer Documents Pursuant to ER 904," allegedly from a legal matter in which the University was not a party. It is noted that, typically, pursuant to ER 904, documents are exchanged among parties to a civil action rather than filed in court.

9. For each public record document listed above in #7, admit that the document contains information that is: (a) personal; (b) confidential; (c) statutorily exempt from public inspection; (d) offensive; (e) frivolous; (f) routinely provided by the UW in responses to public records requests regarding individual, classified staff or former staff; (g) could have the effect of discrimination against the Plaintiff; or (h) it could be possible to determine the identity of persons receiving healthcare from these records.

**RESPONSE: OBJECTION. Compound; Vague ("personal", "confidential", "offensive", "frivolous", "routinely provided by the UW in responses to public records requests regarding individual, classified staff or former staff"); Confusing; Speculation; Unduly Burdensome; Harassing, and calls for legal conclusions. This is an improper use of Requests for Admissions. The request asks for subjective opinions without specifying which parts of these documents Plaintiff believes are "(a) personal; (b) confidential; (c) statutorily exempt from public inspection; (d) offensive; (e) frivolous; (f) routinely provided by the UW in responses to public records requests regarding individual, classified staff or former staff; (g) could have the effect of discrimination against the Plaintiff; or (h) it could be possible to determine the identity of persons receiving healthcare from these records." It is highly unlikely each record contains all of those elements, but this request needs clarification or references to specifics parts of the documents Plaintiff wishes Defendants to admit or deny. Defendant cannot answer the question as written, and therefore denies the same.**

10. Admit the following descriptions of information pertaining to Plaintiff contained in UW Public Records Releases:

**INITIAL RESPONSE: OBJECTION. Defendant objects to this entire request as compound; Confusing; Speculation; Unduly Burdensome; Harassing.**

PLAI 1ST REQ FOR ADMISSION
TO DEFENDANT, UW

Page 9 of 82

Julie Dalessio
1110 29th Ave
Seattle, WA 98122
206 324 2590