The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JULIE DALESSIO, an individual,<br><br>                Plaintiff,<br><br>   v.<br><br>UNIVERSITY OF WASHINGTON,<br><br>                Defendant. | No. 2:17-cv-00642-RSM<br><br>DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO SEAL |

## I.    INTRODUCTION

Defendant does not oppose the Court sealing the documents listed in subsections A, B, D, or E of the "Relief Requested" on pages 6 and 7 of *Dkt. 36*. *However*, Defendant does not agree there is a basis under the Court rules to do so, and therefore cannot stipulate to the documents being sealed. Subsections C and F of those same pages are not proper requests in a motion to seal and are not supported by any authority. Defendant would be willing to file the "original" of the response to PR 15-00570 (with the PRA redactions made by Ms. Swenson but no further redactions) under seal if the Court decided to allow it; however, it is only within the authority of the court, not the parties, to make such a determination. Defendant submitted the current version of PR 15-00570 (this was *Dkt. 30-1* and *30-2* but is now *Dkts. 32-34*) with additional redactions pursuant to WDLCR 5.2 and the Court's order (by email.) Subsection F requests relief far beyond the scope of a motion to seal, and Plaintiff provides no authority permitting such relief.

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
TO SEAL - 1
2:17-cv-00642-RSM

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

## II.   STATEMENT OF FACTS

A full recitation of the statement of facts is not necessary in response to this motion to seal, and a detailed statement of facts is included in Defendant's Motion for Summary Judgment (*Dkt. 27*) if the Court wishes to have some background.  However, it is necessary to correct Plaintiff's statement of facts in certain places to maintain a proper record and address the portions of Plaintiff's statement of facts that actually contain argument:

- On pages 2:13-3:4, Plaintiff asserts the parties "discussed the necessity to submit confidential documents as exhibits in this lawsuit."  This conference was prior to discovery, and to Defendant's knowledge, Plaintiff has never "designated" any specific documents as "confidential" through any kind of official tag or designation. *Chen Decl.*, at ¶ 2.

- On page 3:4-6, Plaintiff asserted "the UW stated their willingness to request that Dkt. 30-1 and 30-2 be filed under seal, and Plaintiff concurred. (*Decl. Plaintiff, Exh. 2*).  However, before meeting to discuss the issue, the UW again filed these documents as Dkts. 32, 33, and 34."  Plaintiff omits the Court's email order that was sent to all parties between the day when Defendant offered to suggest sealing as an option, and the day when Dkts. 32-34 were filed.  The Court specifically ordered Defendant to "re-file a new <u>redacted</u> copy [of *Dkts 30-1* and *30-2*] *publicly*." (Some emphasis added, some in original.) *Exh. A to Chen Decl.*, at p. 1.  The Court then ordered Plaintiff to submit a motion to seal to the Court "specifically identifying where the objectionable information is contained, by docket, exhibit and page numbers, and the legal basis for your motion, and the Court will address the matter accordingly." *Id.*

- On page 3:17-19, Plaintiff asserts that "defendant has since redacted some of their court submissions, replacing Dkt.30-2 [*sic*] with Dkts 32, 33, 34, obscuring evidence of the breach."  Again, this was done pursuant to the Court's order, and the only items redacted were pursuant to WDLCR 5.2.

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
TO SEAL - 2
2:17-cv-00642-RSM

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

- On page 5:10-14, Plaintiff asserts (repeatedly throughout the document) that Defendant should admit Plaintiff's two to three word descriptions of what are in some cases pages of documents, as if this would somehow be an acceptable substitute to the actual document. This would be wholly insufficient for the Court's review, and Defendant has previously objected to such "descriptions[.]"
- On page 5, in footnote 3, Plaintiff "suggests" the "UW has intentionally chosen not to attach PR 16-00760 as an exhibit *so as to avoid a direct comparison*." (Emphasis added.) Defendant has asserted from the beginning that documents were provided to Plaintiff in PR 16-00760 because it was a request <u>from an employee seeking her own personnel and other records—regardless of what is contained in them</u>. Defendant has not included them because they are irrelevant to its motion for summary judgment.

### III.   EVIDENCE RELIED UPON

1. Declaration of Derek Chen and attached exhibit.

### IV.   ARGUMENT AND AUTHORITY

#### A.   No Objection to Specific Documents Plaintiff Has Requested Sealed.

Defendant does not object to the Court sealing *Dkts. 30-1, 30-2, 32, 33, 34*, PR 16-00760 (if Plaintiff files it attached to her summary judgment response brief)[1], and "Plaintiff's copy of the letter dated July 12, 2002[,]" attached as *Exh. 4 to Plaintiff's Decl.* However, Defendant ***does not agree*** there is a legal basis for sealing or further redaction for the documents already submitted, and disputes Plaintiff's characterization of the nature of the documents.

Despite the Court's order, Plaintiff has failed to identify any applicable authority. Instead, Plaintiff has cited pages of law purportedly regarding the Washington Public

---

[1] Plaintiff asserts she filed a physical copy of this, and the Court record reflects that it received a CD. (*Dkt. 38.*) However, Plaintiff never served Defendant with a copy, and therefore Defendant cannot determine whether this is actually PR 16-00760. Therefore, Defendant does not object to Plaintiff's request to have PR 16-00760 filed, but would object to *Dkt. 38* and its contents being sealed on the basis that it cannot confirm what is on the CD.

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO SEAL - 3
2:17-cv-00642-RSM

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

Records Act, which has no applicability as to *redaction or sealing* of federal court filings. WDLCR 5.2(a) states:

> Parties shall refrain from including, or shall partially redact where inclusion is necessary, the following personal data identifiers from all documents filed with the court or used as exhibits in any hearing or at trial, unless otherwise ordered by the court:
>
> (1) Dates of Birth - redact to the year of birth
> (2) Names of Minor Children - redact to the initials
> (3) Social Security Numbers and Taxpayer-Identification Numbers- redact in their entirety
> (4) Financial Accounting Information - redact to the last four digits
> (5) Passport Numbers and Driver License Numbers - redact in their entirety

Defendant repeatedly sought out Plaintiff's assistance from Plaintiff in ensuring that all of the items listed above were removed from *Dkts. 32-34* before they were filed. See *Exhs. 2 and 3 to Plaintiff's Decl.* To Defendant's knowledge, *Dkts. 32-34* comply with these rules, and Defendant is unaware of any other applicable basis to seal the records without a court order. Therefore, Defendant was unable to stipulate that these documents should be sealed in their entirety, but do not object to them being sealed.

**B.    Plaintiff's Request to Have Defendant Produce PR 15-00570 "in its original format[.]"**

Defendant does not object to this request as long as it has a court order instructing it to do so. PR 15-00570 contains original redactions made by Alison Swenson, a compliance analyst for the University of Washington, when the documents were produced in response to a public records request. See *Dkts. 32-34*; *Chen Decl.*, at ¶ 3. Redactions by Ms. Swenson are in grey. *Id.* Counsel for Defendant then made additional redactions in black of items subject to WDLCR 5.2(a). *Id.* Where it may not be obvious, the black boxes contain text with a brief description about what is underneath the redaction. *Id.* Plaintiff's repeated assertions that this was done to "cover something up" are unwarranted, as she knows (or should know) that these were done to comply with the court rules.

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
TO SEAL - 4
2:17-cv-00642-RSM

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

### C. **Plaintiff's Request to Compel the University to Sequester Documents.**

Plaintiff has also requested "(F) That Defendant UW immediately sequester all Public Records releases pertaining to Plaintiff, and locate and sequester all original documents and copies of documents pertaining to Plaintiff." *Dkt. 36*, at p. 7:4-6. Plaintiff does not define what she means by "sequester." These documents are part of the public record and must be produced as such if requested. Additionally, Plaintiff has cited no case law or authority that would permit the court to grant this relief, especially in the face of the Washington Public Records Act, RCW 42.56. Defendant requests the Court deny this relief.

### D. **Plaintiff's "Authority, Argument and Analysis" Solely Addresses the Merits of Her Claims and Improperly Argues Her Summary Judgment Position.**

Nothing in Plaintiff's argument section addresses or provides authority for her motion to seal. Rather, it improperly makes the same arguments regarding the Public Records Act that she will reiterate in her response to Defendant's motion for summary judgment. Whether intentional or on accident, these should be struck. Plaintiff is attempting to obtain some sort of ruling from the court on the issue of "sealing" records—based on an incomplete record and inapplicable legal authority—in an attempt to import it into her arguments on summary judgment. The authority cited is entirely irrelevant to the request to seal documents.

### V. CONCLUSION

Defendant does not object to the Court sealing *Dkts. 30-1, 30-2, 32, 33, 34*, PR 16-00760 if the court wishes to allow it, and "Plaintiff's copy of the letter dated July 12, 2002[,]" attached as *Exh. 4 to Plaintiff's Decl.* In addition, with a Court order allowing it, Defendant will submit a copy of PR 15-00570 with only Ms. Swenson's redactions under seal. However, Defendant does object to all other relief sought, and believes the Court should exclude or ignore Plaintiff's "argument" section as it improperly injects her summary judgment position into two pleadings.

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
TO SEAL - 5
2:17-cv-00642-RSM

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

DATED: September 8, 2017

KEATING, BUCKLIN & McCORMACK, INC., P.S.

By: */s/ Jayne L. Freeman*
Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for Defendant

801 Second Avenue, Suite 1210
Seattle, WA 98104-1576
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: jfreeman@kbmlawyers.com

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
TO SEAL - 6
2:17-cv-00642-RSM

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE:  (206) 623-8861
FAX:   (206) 223-9423

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Pro-Se Plaintiff**

Julie Dalessio
1110 29th Ave.
Seattle, WA  98122
Telephone:  (206) 324-2590
Email:  juliedalessio@msn.com

DATED:  September 8, 2017

>  */s/ Jayne L. Freeman*
>  Jayne L. Freeman, WSBA #24318
>  Special Assistant Attorney General for Defendant
>  801 Second Avenue, Suite 1210
>  Seattle, WA  98104-1576
>  Phone: (206) 623-8861
>  Fax:    (206) 223-9423
>  Email: jfreeman@kbmlawyers.com

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO SEAL - 7
2:17-cv-00642-RSM

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE:  (206) 623-8861
FAX:  (206) 223-9423