The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIE DALESSIO, an individual,<br><br>　　　　　Plaintiff,<br>v.<br><br>UNIVERSITY OF WASHINGTON,<br><br>　　　　　Defendant. | Case No. 2:17-cv-00642 MJP<br><br>**Plaintiff's Reply re: Dkt. 36 motion to seal Records and incorporated objections to Dkt. 39 Defendant's Response**<br><br>**Noted for Hearing: Sept. 15, 2017** |

## I. Introduction

**LCR 5 (B)** "Parties must protect **sensitive information** (including, but *not limited to* the mandatory redactions of LCR 5.2)." (emphasis added)   The Plaintiff attempted to communicate this to Counsel for Defendant (UW) in her emails **(***Dkt. 37-2 p.8***)** to the UW, following the Court's direction toward LCR 5.  The Plaintiff stated claims for confidentiality of the records in her complaint Complaint (Dkt. 2-1), again in the Joint status report conference via telephone, and again in email exchanges (*attached Exh. 1*). Even the JSR, misrepresented and filed by Defendant (UW) as "signed by all parties" *(Dkt. 15, see Dkt. 16, 21, 22, 23 and 24)* contains Plaintiff's claims of confidentiality in her statement regarding the nature and complexity of the case at (1) and at (5)(H) "Privilege issues" *(Dkt. 15 p. 2 line 25-*

**Plaintiff's Reply re/ motion to seal   -   Case 2:17-cv-00642-MJP**                                                                1

*25- p.3 and p.8 line 23-26).* And still the UW denies, ignores or trivializes her claims of confidentiality, and has published Plaintiff's confidential information in the Court records (*Dkt. 30-1, 30-2, 30-3, 32, 33, 34*), and left it exposed on the world wide web since August 24, 2017 and in the UW Public Records since November 2015.

Plaintiff informed the Court and UW that hundreds of pages in PR 15-00570 were confidential, and even specified locations of the LCR 5.2 failures to redact SSN and DOB (*Dkt. 36-1 p.3 ~lines 2, and 22, and p.4 ~lines 8,9*), and both ignored her regarding Dkt. 30-1. (*Dkt p.37-1 p.4, 5*)

Plaintiff objects to Dkt. 39 p. 2 line 25. There was no Court order as UW states. The UW disrespected Plaintiff's right to privacy, ignored her claims of confidentiality, and Counsel for UW have violated Rules of Professional Conduct 4.4 (a), 4.1 (a), and 8.4 (a), (c), (d).

## II. Statement of Facts

UW has not responded to either admit or deny any of Plaintiff's Statements of Fact in the corresponding Motion to Seal Records. Defendant's Motion for Summary Judgment contains an inaccurate, incomplete, twisted, misleading version of facts that does not in any way address these facts. Plaintiff Objects and Moves to strike any material not in direct response, including any false, misleading, impertinent or scandalous material.

A. Plaintiff Objects to Dkt. 39 p. 2 lines 3-6. It is NOT "necessary to correct Plaintiff's statement of facts . . . *(Dkt. 39 p.2 line 4)*. Plaintiff's statement of facts is true and correct in every filing, including in this Motion. It is uncalled for UW to respond to

Plaintiff's Statements with demeaning trivializations, excuses for their actions, false and/or misleading assertions and misrepresentations, or disregard.  Defendant has yet to respond properly to any of Plaintiff's claims.

    Does the UW admit that Plaintiff has satisfied all requirements pursuant to LCR 5(g)(1) to explore alternatives to filing the documents under seal, and LCR 5(g)(1)(A),(B) and 5(g)(2)(**B**) and 5(g)(3)(A) to meet and confer regarding confidentiality issues and to document and certify such?

    B.  Plaintiff has NOT omitted any emails, and objects to this statement (*Dkt. 39 p.2 lines 14-27*).  The court did not issue any orders regarding this matter, except that *Exh. A to Decl. Alison Swenson* be sealed immediately (*Dkt. 37-1 p. 3*).  Subsequently, Dkt. 30-2 (*part 2 of Exh. A*) was sealed, but Dkt. 30-1(*part 1 of Exh. A*) remained unsealed.  Plaintiff informed the Court and the UW (*Dkt. 37-1 p.4*), only to be told "The Court will no longer entertain . . . requests from you with regard to this matter."(*id p.5*).  Thus Plaintiff tried again to discuss the issue with UW (attached *Exh. 2*).  Plaintiff was particularly concerned that Dkt. 30-1 remained unsealed, despite the Court's acknowledgment that it should be sealed.  The UW did nothing to rectify this.  Eventually Plaintiff communicated this fact to the Court Clerk, who presumptively sealed this (*9/05/2017 noted on Dkt. sheet Dkt.30*)

    C.  UW completely ignores Plaintiff's **Statement of Facts (Dkt. 36 p. 3-5)**

    *at* (B).  Does UW admit that they failed to redact eleven copies of Plaintiff's SSN and three copes of her DOB in the public record provided to her neighbor? And failed to redact three copies of her DOB and one copy of her SSN in the Court records?

*at* (C).  Does UW admit that PR 15-00570 as described, was provided to Plaintiff's opponent in an adverse possession lawsuit?

*at* (D).  Does UW admit that Plaintiff was a student at the UW and that the UW email address cited in the PR request is Plaintiff's student/alumni email?

*at* (E).  Does UW admit the description of PR 16-00760 and the Plaintiff's request for records? Does Defendant admit that it is the practice of UW to provide these kinds of personal employee records to anyone who submits a Public Records Request? (*Dkt. 36 p. 11 and Dkt. 37 p.7*)

*at* (F)  Does UW still deny the Breach of the settlement agreement?

Plaintiff objects to Dkt. 39 p.3, lines 1-5.  UW's characterizations of Plaintiff's assertions are incorrect and misleading.  The Federal Rules of Evidence (*Rule 1005 and 1006*) provide that other evidence, such as summaries, may be used to prove the content of Public Records.  Plaintiff has submitted summary descriptions in her Response (*Dkt. 42*) to Defendant's Motion for SJ, and prays that the Court and the UW will admit such.

All of the UW Public Records are relevant to this case, and especially PR 16-00760, as Plaintiff describes in this Motion (Dkt. 36 p.5-6) at (E) and (F).

F.  PR 16-00760 and Dkt. 37-4 (July 12, 2002 letter, under seal) are necessary evidence to prove Plaintiff's claims.  Additionally, it is necessary that the complete and non-redacted PR 15-00570 in its original file configuration is also restricted under seal as additional evidence of the UW improper responses to PR requests.

### III.  Evidence Relied Upon

Court Records and Attached Exhibits 1and 2

### IV.  Argument and Authority

A.  Plaintiff has served a copy of PR 16-00760 to UW on 9/11/2017 *(Dkt. 41)*, as requested by Counsel.  Dkts. 38 and 37-4 and Dkts. 30-1, 30-2 should remain, and Dkts. 32, 33, and 34 should also be restricted under seal, unless the Court finds that the records should be appropriately redacted to hide Plaintiff's identity, to protect her privacy in exposing the workings of the UW.

Plaintiff **objects** to Dkt. 39 p.3 lines 23-24 through p.4 line 14.  The Court did **NOT** order the Plaintiff to do anything, and she objects to the assertions that she has failed to obey any order ("Despite the Court's order, Plaintiff has failed . . .")(*Dkt. 39 p. 3 line 23*).  The Plaintiff **did** review the public records, and in RFA's served to UW on May 25, 2017, specified the nature and page numbers of each breach.  UW denied these facts, then violated Plaintiff's privacy by re-publishing this information in the Court records.  The UW then insisted that Plaintiff review the records again, and went so far as to write "Per the Court's order, we are asking you again to please identify . . ."(*Dkt. 37 p.7*).  This is not true  and it is offensive.

B.  Plaintiff has requested the UW to Produce PR 15-00570 in its original file configuration and in its **entirety**, including the "Officer Report" that was provided as the records exemptions list in the record provided to her neighbor in PR 15-00570, and **to file this under seal** so that the evidence may be presented in its true light.  Alternatively, and

preferably, the Plaintiff requests that her identity be obscured from the records. The UW has not responded to this.

Plaintiff **objects** to Dkt. 39 p.4, line 22-25, a) Defendant's trivialization "Where it may not be obvious" It may not be obvious, and Defendant has ignored or denied every one of Plaintiff's claims, so the evidence is necessary to prove the facts to an unbiased person; b) Defendant's misrepresentation of "Plaintiff's repeated assertions . . . "cover something up" . . "should know) that these were done to comply with court rules." Defendant even goes so far as to use quotation marks inferring that "cover something up" are the words of the Plaintiff in their confusing misstatements of Plaintiff's assertions. (Rule 403)

C.  Plaintiff has requested that UW locate and sequester the records, meaning to identify the physical locations of these records, collect and move them to a secure location, until they can be restored, redacted, or destroyed, and relevant records stored in a secure, identified location, according to all applicable rules, regulations, and policies. Plaintiff has cited case law and authority pertaining to records releases, redaction, retention and destruction, and UW has the audacity to deny this fact, and to ignore the applicable authorities.

D.  Plaintiff objects to Dkt. 39 p.5 line 9-19. UW's speculations regarding Plaintiff's actions and motives are impertinent and offensive. The Plaintiff reiterates LCR 5 (B) "Parties must protect sensitive information (including, but *not limited to* the mandatory redactions of LCR 5.2)." (emphasis added), and her argument provides authority regarding the sensitive, confidential, private nature of the information that UW has published in public

records and in the court records. Plaintiff objects to UW's suggestion that the Court should ignore Plaintiff's argument (*Dkt. 39 p. 5 line 25*).

### V. Conclusion

The UW should have respected Plaintiff's claims regarding confidentiality and allowed the Court to decide on the issue, before publishing Plaintiff's personal and private and confidential information in the Public and Court records.

Plaintiff has satisfied all LCR 5 requirements for filing under seal, has stated applicable legal standards and reasons, and thus these records should remain under seal until the court decides that it is in the interest of the public to redact Plaintiff's personal, identifying information to protect her privacy, and to expose the practices of the UW.

At Dkt. 40-1 p.3, in regards to PR 15-00570, UW states "We see no need for this information to be public."

Dated: Sept. 14, 2017          s/ julie dalessio

                               Julie Dalessio
                               1110 29th Ave.
                               Seattle, WA 98122

                               206 324 2590
                               juliedalessio@msn.com