Exhibit 2

**re: PLAINTIFF's reply re: Motion to Seal records  -   Case 2:17-cv-00642-MJP**



**From:** JULIE juliedalessio@msn.com
**Subject:** Fw: Dalessio v. University of WA, Case No. 2:17-cv-00642-RSM
**Date:** September 1, 2017 at 4:14 PM
**To:** Derek C. Chen DChen@kbmlawyers.com

**From:** JULIE <juliedalessio@msn.com>
**Sent:** Friday, September 1, 2017 4:11 PM
**To:** JULIE
**Subject:** Re: Dalessio v. University of WA, Case No. 2:17-cv-00642-RSM

**From:** JULIE <juliedalessio@msn.com>
**Sent:** Friday, September 1, 2017 12:57:22 PM
**To:** Derek C. Chen; LaHoma Walker
**Subject:** Re: Dalessio v. University of WA, Case No. 2:17-cv-00642-RSM

i've attached a draft of the certification of our meeting, listing the documents that i wish to submit under seal.
hope to discuss this at 4pm
julie 206 324 2590

**From:** JULIE <juliedalessio@msn.com>
**Sent:** Friday, September 1, 2017 10:25:53 AM
**To:** Derek C. Chen; LaHoma Walker
**Subject:** Re: Dalessio v. University of WA, Case No. 2:17-cv-00642-RSM

yes, 4pm is ok with me julie
206 324 2590

**re: PLAINTIFF's reply re: Motion to Seal records  -   Case 2:17-cv-00642-MJP**

**From:** Derek C. Chen <DChen@kbmlawyers.com>
**Sent:** Friday, September 1, 2017 10:23:56 AM
**To:** JULIE; LaHoma Walker
**Subject:** RE: Dalessio v. University of WA, Case No. 2:17-cv-00642-RSM

Julie,
I am available at 4 PM this afternoon. Does that work for you?
Derek

*Derek C. Chen*

*801 2nd Avenue, Suite 1210*

nd

*801 2 Avenue, Suite 1210 Seattle, WA 98104*
*Office: (206)623-8861 FAX: (206)223-9423* dchen@kbmlawyers.com **Personal Bio**

*www.kbmlawyers.com*

This message is confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message

**re: PLAINTIFF's reply re: Motion to Seal records  -   Case 2:17-cv-00642-MJP**

in error, or are not the named recipient(s), please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege. Thank you.

**From:** JULIE [mailto:juliedalessio@msn.com]
**Sent:** Friday, September 1, 2017 10:17 AM
**To:** Derek C. Chen <DChen@kbmlawyers.com>; Jayne L. Freeman <JFreeman@kbmlawyers.com>; LaHoma Walker <LWalker@kbmlawyers.com> **Subject:** Re: Dalessio v. University of WA, Case No. 2:17-cv-00642-RSM

i just found your court filings in my junk email box.

this makes the need to file a motion to seal even more urgent.

In order to file a stipulated motion, I need "a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal; this certification must list the date, manner, and participants of the conference;"

so please respond today as immediate action is required

thank-you julie dalessio 206 324 2590

**From:** JULIE <juliedalessio@msn.com>
**Sent:** Friday, September 1, 2017 10:07:00 AM
**To:** Derek C. Chen; Jayne L. Freeman; LaHoma Walker
**Subject:** Re: Dalessio v. University of WA, Case No. 2:17-cv-00642-RSM

**re: PLAINTIFF's reply re: Motion to Seal records  -   Case 2:17-cv-00642-MJP**

it's my understanding of lcr 5 that

==B) Parties must protect sensitive information by redacting sensitive==

information (including, but not limited to, the mandatory redactions of LCR 5.2)

information (including, but not limited to, the mandatory redactions of LCR 5.2)

I am requesting that we meet today to discuss this, as required prior to filing a motion to seal. As you know, Dkt. 30-1 containing my personal info was not sealed and remains open to the public.

If you are willing to stipulate that PR 15-00570, PR 16-00760 and copies of the original documents specified in the settlement agreement be filed under seal then there are different rules for filing the motion, but
LCR 5 (g)(3) A motion to seal a document, even if it is a stipulated motion, must include the following:

(A) a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal; this certification must list the date, manner, and participants of the conference;

So, Please contact me before you take steps to unseal confidential information contained in 30-2.

**re: PLAINTIFF's reply re: Motion to Seal records  -   Case 2:17-cv-00642-MJP**

Thank-you julie dalessio 206 324 2590

**From:** Derek C. Chen <DChen@kbmlawyers.com>
**Sent:** Friday, September 1, 2017 9:29:26 AM
**To:** JULIE; Jayne L. Freeman; LaHoma Walker
**Subject:** RE: Dalessio v. University of WA, Case No. 2:17-cv-00642-RSM

Ms. Dalessio,

Thank you for your research. At this time, we are going to follow the Court's instructions and re-file the exhibits with just the LCR 5.2 redactions. However, if you choose to file a motion to seal Dkts. 30-1 and 30-2, we will not oppose it. (You will have to do this either way because, as you pointed out, it does not appear the original Dkt. 30-1 was sealed.) We also would not oppose your request to seal the responsive documents to PR 16- 00760, or any other documents you wish to file under seal, although we would have to address those on a case by case basis.

These steps are in accordance with the Court's August 30th email. Thank you. Sincerely,
Derek

*Derek C. Chen*



*801 2nd Avenue, Suite 1210 Seattle, WA 98104*
*Office: (206)623-8861 FAX: (206)223-9423* dchen@kbmlawyers.com **Personal Bio**

re: PLAINTIFF's reply re: Motion to Seal records  -  Case 2:17-cv-00642-MJP

## www.kbmlawyers.com

This message is confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the named recipient(s), please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege. Thank you.

**From:** JULIE [mailto:juliedalessio@msn.com]
**Sent:** Wednesday, August 30, 2017 4:06 PM
**To:** Derek C. Chen <DChen@kbmlawyers.com>; Jayne L. Freeman <JFreeman@kbmlawyers.com>; LaHoma Walker <LWalker@kbmlawyers.com> **Subject:** Re: Dalessio v. University of WA, Case No. 2:17-cv-00642-RSM

_____ \_\_\_\_ _____ _____ _____

\_\_\_\_ _____ \_\_\_\_\_ _____ \_\_\_\_\_ _____ _____

*LCR 5*

*(A) If the party seeks to file the document under seal because another party has designated it as confidential during*

*discovery, the filing party and the designating party must meet and confer to determine whether the designating party will*

*withdraw the confidential designation or will agree to redact the document so that sealing is unnecessary.*

*(B) Parties must protect sensitive information by redacting sensitive information (including, but not limited to, the*

**re: PLAINTIFF's reply re: Motion to Seal records  -   Case 2:17-cv-00642-MJP**

*mandatory redactions of LCR 5.2)*

*I have communicated to you at our frcp 26 conference my concerns regarding confidentiality of these documents. We discussed the possibility of using descriptions in court records, yet you have objected to every one of my requests for admission I will not withdraw the confidential designation, and i cannot determine how these documents can be redacted without obscuring evidence of the UW breaches, or exposing confidential information in the world wide public records.*

*LCR 5*

*(2) A party may file a document under seal*

*B) if the party files a motion or stipulated motion to seal the document before or at the same time the party files the*

*sealed document. Filing a motion or stipulated motion to seal permits the party to file the document under seal without*

*prior court approval pending the court's ruling on the motion to seal. The document will be kept under seal until the court*

*determines whether it should remain sealed.*

*(3) A motion to seal a document, even if it is a stipulated motion, must include the following:*

*(3) A motion to seal a document, even if it is a stipulated motion, must include the following:*

*(A) a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need*

*to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other*

*alternatives to filing under seal; this certification must list the date, manner, and participants of the conference;*

**re: PLAINTIFF's reply re: Motion to Seal records  -   Case 2:17-cv-00642-MJP**

*(B) a specific statement of the applicable legal standard and the reasons for keeping a document under seal,*

My interpretation of these rules is that, before any of these documents are filed, we are required to meet to discuss (which we have already done, but you ignored my concerns and filed the non-redacted documents) but i am willing to meet again to discuss. The rule suggests that the next step for you is to file the documents along with a motion to seal, whereupon "the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion"

I'm not aware of any court order for me to identify any pages containing my dob or ssn, i have previously asked for your admission of the descriptions of the documents containing this info.

I am available to discuss this almost anytime. Please let me know what you decide.

julie dalessio 206 324 2590

**From:** Derek C. Chen <DChen@kbmlawyers.com>
**Sent:** Wednesday, August 30, 2017 3:00:47 PM
**To:** JULIE; Jayne L. Freeman; LaHoma Walker
**Subject:** RE: Dalessio v. University of WA, Case No. 2:17-cv-00642-RSM

Ms. Dalessio,

Per the Court's order, we are asking you again to please identify any pages in Dkts 30-1 and 30-2 that you believe contain your date of birth or social security number. We intend to re-file these documents tomorrow if you do not respond. We are making an honest attempt to seek your input, but we must re-file the documents soon.

As the Court stated, Western District of Washington Local Court Rule 5.2 states what may be properly redacted. If you would like anything else redacted, the Court has instructed you to file a motion identifying that material. Defendant is unaware of any rule that would permit the parties to stipulate to sealing a record. If you know of any, please provide it.

**re: PLAINTIFF's reply re: Motion to Seal records  -   Case 2:17-cv-00642-MJP**

We look forward to your response. Sincerely,
Derek

*Derek C. Chen*

*801 2nd Avenue, Suite 1210 Seattle, WA 98104*
*Office: (206)623-8861*



*FAX: (206)223-9423*

dchen@kbmlawyers.com

**Personal Bio**

**www.kbmlawyers.com**

This message is confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the named recipient(s), please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege. Thank you.

**From:** JULIE [mailto:juliedalessio@msn.com]
**Sent:** Wednesday, August 30, 2017 2:17 PM
**To:** Jayne L. Freeman <JFreeman@kbmlawyers.com>; Derek C. Chen <DChen@kbmlawyers.com>; LaHoma Walker

re: PLAINTIFF's reply re: Motion to Seal records  -   Case 2:17-cv-00642-MJP

<LWalker@kbmlawyers.com> **Subject:** Re: Dalessio v. University of WA, Case No. 2:17-cv-00642-RSM

i'm willing to meet by phone to discuss this. Please let me know when you are available.

as you know, Dkt. 30-1 containing information that we both admit should be redacted, continues to be available to the public in the court records.

I would appreciate it if we could meet, asap, to discuss filing these records under seal.

thank you julie dalessio 206 324 2590

**From:** JULIE <juliedalessio@msn.com>
**Sent:** Tuesday, August 29, 2017 12:55 PM
**To:** LaHoma Walker
**Cc:** Jayne L. Freeman; Derek C. Chen
**Subject:** Re: Dalessio v. University of WA, Case No. 2:17-cv-00642-RSM

since we can't agree on what should be redacted, i agree to stipulate that these documents, as well as PR 16-00760, be submitted under seal.

_____ \_\_\_\_ _____ _____ _____

\_\_\_\_\_ _____ _____ \_\_\_\_\_ _____ \_\_\_\_\_ _____ _____

_____

julie dalessio 206 324 2590

julie dalessio 206 324 2590

**re: PLAINTIFF's reply re: Motion to Seal records   -   Case 2:17-cv-00642-MJP**

**From:** LaHoma Walker <LWalker@kbmlawyers.com> **Sent:** Monday, August 28, 2017 2:53:21 PM
**To:** JULIE
**Cc:** Jayne L. Freeman; Derek C. Chen

**Subject:** RE: Dalessio v. University of WA, Case No. 2:17-cv-00642-RSM Ms. Dalessio,

We will suggest that the redacted replacements to Dkts. 30-1 and 30-2 be sealed as an option that we would be in agreement to, but we still need to know if you are aware of any other pages in those two documents that contain your date of birth in case the Court denies that suggestion.

We cannot agree to seal Dkt. 30-3 without the Court's permission, as we have no basis to do so.

We did not file PR 16-00760 as an exhibit to this motion. If you plan to do so in your response, we can discuss it at that point. Right now we would like to resolve what we currently have filed.

**Finally, please make sure you "reply all" to this email so that Ms. Freeman and Mr. Chen also receive the correspondence.**

Thank you for your cooperation.

*LaHoma Walker*

Legal Assistant to
Derek C. Chen
Jayne L. Freeman
Kimberly J. Waldbaum
Michael C. Walter

Keating Bucklin & McCormack, Inc., P.S. 801 2nd Avenue, Suite 1210

re: PLAINTIFF's reply re: Motion to Seal records  -   Case 2:17-cv-00642-MJP

Seattle, Washington 98104-1576 Office 206.623.8861
Fax 206.223.9423 lwalker@kbmlawyers.com

www.kbmlawyers.com

This message is confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the named recipient(s), please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege. Thank you.

KBM
KEATING, BUCKLIN & McCORMACK

**From:** JULIE [mailto:juliedalessio@msn.com]

**From:** JULIE [mailto:juliedalessio@msn.com]
**Sent:** Monday, August 28, 2017 2:05 PM
**To:** LaHoma Walker <LWalker@kbmlawyers.com>
**Subject:** Re: Dalessio v. University of WA, Case No. 2:17-cv-00642-RSM

I would appreciate it if you would request that the entire exhibit A to Alison Swenson's Decl. *(Dkt. 30-1 and 30-2)* be sealed,

as well as Exhibit B (Dkt. 30-3) (which are pages from exhibit A)

In addition, i would appreciate it if you would be willing to stipulate that PR 16- 00760 would also be submitted under seal
thanks
julie 206 324 2590

**re: PLAINTIFF's reply re: Motion to Seal records  -   Case 2:17-cv-00642-MJP**

**From:** LaHoma Walker <LWalker@kbmlawyers.com> **Sent:** Monday, August 28, 2017 11:40:22 AM
**To:** juliedalessio@msn.com
**Cc:** Jayne L. Freeman; Derek C. Chen

**Subject:** Dalessio v. University of WA, Case No. 2:17-cv-00642-RSM Ms. Dalessio,

After another additional review of Exhibit A to Alison Swenson's declaration (Dkts. 30-1 and 30-2), we were only able to locate two pages where your date of birth appears, and one page where it is illegible. We have redacted those pages (pgs. 76, 77, and 342.) Please let us know if you know of any other pages where your date of birth appears, and we would be happy to redact those to the year as well pursuant to Western District Local Court Rules 5.2.

We disagree that we are allowed to redact any other information you've stated in your email (pursuant to the court rules) and/or that the documents filed contain such information. However, if the Court allows us to, we would be willing to stipulate to leaving the document sealed until the Court can make a determination on whether the information should be sealed. We will suggest this to the Court as an alternate option.

We look forward to your response. We are hoping to file this with the Court as soon as possible. Thank you.

*LaHoma Walker*

Legal Assistant to Derek C. Chen
Jayne L. Freeman Kimberly J. Waldbaum Michael C. Walter

**re: PLAINTIFF's reply re: Motion to Seal records  -   Case 2:17-cv-00642-MJP**

Keating Bucklin & McCormack, Inc., P.S. 801 2nd Avenue, Suite 1210

Seattle, Washington 98104-1576

Seattle, Washington 98104-1576

Office 206.623.8861
Fax 206.223.9423 lwalker@kbmlawyers.com

www.kbmlawyers.com

This message is confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the named recipient(s), please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege. Thank you.

lcr5g3 certificate.docx



re: PLAINTIFF's reply re: Motion to Seal records  -   Case 2:17-cv-00642-MJP