The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

JULIE DALESSIO, an individual,

              Plaintiff,

   v.

UNIVERSITY OF WASHINGTON,

              Defendant.

No. 2:17-cv-00642-RSM

REPLY IN SUPPORT OF
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

## I.     ARGUMENT AND ANALYSIS

While undoubtedly confusing, Dalessio's response brief does not create a disputed issue of material fact related to any of her claims.   Instead, Dalessio's over-length and erratic response contains numerous unsupported, conclusory assertions, and references to "substantial evidence" that is not produced while failing to address the specific defenses and reasons summary judgment is appropriate.   Contrary to what Dalessio's briefing infers, this is a simple PRA case barred by the "good faith" immunity clause of RCW 49.56.060.

While courts allow some leniency to *pro se* pleadings, *pro se* litigants in ordinary civil cases are not treated more favorably than represented parties and must abide by the same procedural requirements, including at the summary judgment stage. *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); *Nat'l Labor Relations Bd. v. Advanced Architectural Metals, Inc.*, at *1 (D. Nev. July 21, 2016).  Plaintiff's brief is fourteen pages too long, and should be cut off at the twenty-fourth page.  Additionally, even though the Court must draw all reasonable inferences in favor of the non-moving party, Plaintiff

REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT - 1
2:17-cv-00642-RSM
1010-00051/315458

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX:  (206) 223-9423

retains the burden of proof regarding her claims, and therefore Defendants need only point to the insufficiency of the Plaintiff's evidence and failure to establish required elements of actionable legal claims to prevail on summary judgment. *Laurence v. United States*, 851 F. Supp. 1445, 1449 (N.D. Cal. 1994), *aff'd sub nom. Laurence v. Dep't of Navy*, 59 F.3d 112 (9th Cir. 1995). Dalessio's claims are barred as a matter of law, and should be dismissed entirely with prejudice.

> **A.    Dalessio's Fails to Produce Any Evidence or Authority Creating a Question of Material Fact as to Whether The Statutory Immunity of RCW 42.56.060 Bars Her State Law Claims.**

> > 1.    The Washington Public Records Act is a Strong Mandate in Favor of Producing Information.

Whether either party likes it or not, the Washington Public Records Act ("PRA") "is a strongly worded mandate for broad disclosure of public records" and "[t]he Act's disclosure provisions must be liberally construed, and its exemptions narrowly construed." *Progressive Animal Welfare Soc. v. Univ. of Washington*, 125 Wash. 2d 243, 251, 884 P.2d 592, 597 (1994) citing *Hearst Corp. v. Hoppe*, 90 Wash.2d 123, 127, 580 P.2d 246 (1978); RCW 42.17.010(11); .251; .920.) "When reviewing agency actions, '[c]ourts shall take into account the policy of this chapter that free and open examination of public records is in the public interest, even though such examination may cause inconvenience or embarrassment to public officials or others.'" *Koenig v. City of Des Moines*, 158 Wash. 2d 173, 180–81, 142 P.3d 162, 165 (2006) (citing Former RCW 42.17.340(3)). The penalty to public agencies for over-withholding documents can be as high as $100 per day, and a party who recovers penalties under RCW 42.56 for failing to disclose documents is entitled to attorney fees. RCW 42.56.550(4).

Dalessio undoubtedly disagrees with the breadth of disclosure under the PRA, and certainly individuals routinely argue for more limited release of information. This, however, does not change what the legislature has mandated and what the University (and all public agencies) is required to abide by. For example, in Koenig, the Washington

**KEATING, BUCKLIN & McCORMACK, INC., P.S.**
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

Supreme Court ordered the City of Des Moines to release records related to the sexual assault of a minor (after redaction of the minor's name) despite the fact that the requestor specified the child by name in the request, and doing so would essentially expose the child as a victim of sexual abuse. 158 Wash. 2d. at 185, 189.   The Court then ordered the additional release of sexually explicit details related to the sexual assault. Id. at 189. Finally, the Court then imposed statutory penalties and an award of reasonable attorney fees for the City's failure to interpret the PRA so broadly out of concern for the minor victim. Id.  Individuals may sharply disagree about what should be considered disclosable under the PRA, and that is the very reason why "good faith" immunity is necessary for public agencies trying to comply with the law while locating and preparing thousands of documents for production.

        2.    <u>Dalessio Now Concedes There is No Legal Requirement to Notify Affected Parties.</u>

Similar to Dalessio's beliefs regarding the breadth of disclosure under the PRA, Dalessio admits, but disagrees with the law, that there is no obligation under the PRA to notify third-parties when an entity receives a public records request regarding them. Dkt. 42, at p. 29:10-12.  Thus, to the extent Plaintiff alleges the University breached some legal duty by failing to notify her of every request for records related to her prior employment at the University, such claims should be dismissed and arguments disregarded.

        3.    <u>Dalessio Fails To Produce Evidence Disputing The Good Faith Efforts of University Public Records Staff to Comply With the Public Records Act.</u>

Dalessio repeatedly tries to create "disputed issues" where none exist.  For example, Dalessio's first sentence in her statement of facts asserts, "[t]he parties do not agree that the Defendant UW is liable for the tortious actions of its employees." *Dkt. 42*, at p. 15:3-4.  The University has never taken this position, and fully acknowledges it is responsible for the acts of its employees acting in the course and scope of their job duties.  However, the statutory immunity provided by the PRA in RCW 42.56.060 applies to *public agencies*

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

themselves, not just individuals, and bars any cause of action based on production of records in response to PRA requests. Simply put by the legislature: "no cause of action exists," regardless of how the plaintiff tries to package it. *See*, RCW 42.56.060.

In addition, the University has conceded that a public records employee did accidentally miss redacting Plaintiff's social security number on a few pages out of hundreds that it was required to produce. However, there is absolutely no evidence that it was intentional (much less malicious, as Dalessio asserts), and therefore the "good faith" immunity doctrine bars all state law claims stemming from this unintentional release. *Nicholas v. Wallenstein*, 266 F.3d 1083, 1087 (9th Cir.2001), citing *Levine v. City of Bothell*, No. 2:11-CV-1280-MJP, 2012 WL 2567095, at *3 (W.D. Wash. July 2, 2012) ("when evidence in the record shows good faith and there is no evidence to show a lack of it, reasonable minds cannot differ"); *Marthaller v. King Cty. Hosp. Dist. No. 2*, 94 Wash. App. 911, 916, 973 P.2d 1098, 1101 (1999).

While Ms. Dalessio devotes a great deal of time speculating about her supervisor's handling of records a decade and half ago, it is undisputed that there was never a public records request pending back then. The only conduct at issue here is that of the public records employee, Alison Swenson, who collected and prepared redactions on hundreds of pages of documents about one of the University's thousands upon thousands of former employee she had never met or heard of before. Ms. Swenson's good faith efforts are reflected in the numerous places throughout the documents she did redact Dalessio's Social Security Number and other information. Dalessio herself concedes, in fact, that documents pertaining to her health were "highly redacted[.]" *Dkt. 42*, at p. 30:15-16. Dalessio then goes on to complain that these documents are actually **too redacted** such that "the redactions actually add to the demeaning, misleading and defamatory nature of the documents." *Id.* at 30:19-20. Reasonable minds cannot differ on the conclusion that the University redacted as much as permissible while still observing the strict disclosure

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

1  requirements of the PRA.[1]

2      The "good faith" immunity provision also bars Dalessio's newly-asserted negligent

3  infliction of emotional distress ("NIED") claim, asserted for the first time in her summary

4  judgment response. *Dkt. 42*, at p. 29-30.  Even if Plaintiff's NIED claim was not barred by

5  statutory immunity, closer examination of her argument reveals that this is merely a

6  restatement of her negligence claim as it is based on actions taken by the Office of Public

7  Records between 2015 and 2017; it is merely a re-packaging of her claim that the

8  University violated the PRA. It has nothing to do with her actual employment, which ended

9  in 2003.  Plaintiff has still not set forth the duty, breach, causation, and harm elements

10 required for a negligence claim, and therefore this claim fails on those grounds as well.

11 *Ranger Ins. Co. v. Pierce Cty.*, 164 Wash. 2d 545, 552, 192 P.3d 886, 889 (2008).

12     Dalessio argues that the "good faith" immunity doctrine does not apply, proceeding

13 to reference caselaw regarding "discretionary immunity" and the public duty doctrine

14 before finally asserting "discretionary immunity is not applicable." *Dkt. 42*, at p. 23:17-

15 24:11.  Such arguments clearly miss the mark. The University never asserted "discretionary

16 immunity" here—only the statutory immunity set forth in RCW 42.56.060. Similarly,

17 Dalessio routinely cites to portions of other statutes that simply have no application to the

18 facts or claims here. *See, e.g. Dkt. #42, p. 24-25* (section "2") (citing RCW 42.40.020(3)

19 (statutory definition of "good faith" under the State Employee Whistleblower Protection

20 statute applies only to the state of mind of an employee making a complaint of "improper

21 governmental activity"; it is undisputed the University public records staff was never

22 engaged in bringing a State Whistleblower complaint here); Dkt. #42, p. 23 ("section 1")

23 (citing RCW 42.56.090 which establishes procedures for agencies to provide notice

24 following discovery of a "breach in the security of data" by an unauthorized person; no

---

25
26 [1] Like the PUD employee in *Levine*, the paramedic in *Marthaller*, *supra,* and the child care provider in
*Whaley v. State*, 90 Wn.App. 658, 663 P.2d 1100 (1998), the University's public records staff provided sworn
declarations establishing their good faith efforts to locate, collect, and produce records as required under the
27 PRA and Ms. Dalessio has produced no evidence to the contrary.

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

such security breach is involved here).[2]

Dalessio also unilaterally asserts there is "substantial evidence"[3] that the public records releases contain "frivolous" and "malicious information" and "were provided with reckless disregard for the truth." *Id.* at p. 24:15-20.   However, she fails to provide any evidence to support this assertion.   Both Andrew Palmer and Alison Swenson (the employees who filled the public records requests in question) testified in their declarations that prior to these discovery requests, they had no idea who Ms. Dalessio was, and had no memory of ever speaking to her. *Dkt. 29,* at ¶ 3; *Dkt. 30, at ¶* 4.   These declarations are undisputed. Dalessio's argument seems to hinge on the premise that Palmer and Swenson carried on an unsubstantiated 14-year grudge from Dr. Morrow—another of the University's thousands of former employees who had no involvement in responding to the PRA requests.   Without actual evidence, as opposed to speculative assertions, no *reasonable* person could believe that this theory has any merit.   There is no evidence that either Swenson or Palmer failed to act in good faith, and therefore the Defendant University of Washington is immune from any possible claims under the PRA.

**B.   Dalessio Fails to Produce Any Evidence or Legal Authority Establishing an Actionable Cause of Action Under Federal Law.**

1.   <u>Ms. Dalessio Has Not Alleged Race-Based Conduct and Therefore Cannot Pursue a claim under 42 U.S.C. Section 1981.</u>

Dalessio also alleges a retaliation claim based on 42 U.S.C. section 1981.   However, Section 1981 solely prohibits *racial* discrimination. *Marquis v. City of Spokane*, 76 Wash.

---

[2] Like the Plaintiff in *Levine*, Dalessio also cites various procedural sections of the PRA for which no private cause of action exists. *See, Levine*, at p. 3.

[3] Dalessio repeatedly makes conclusory assertions that there is "substantial evidence" to support her claims, but fails to cite to any of it.  It is not the Court's job to search her "evidence" for any shred of evidence to support her claims, and the Court should not decide to do so. *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001)

> Requiring the district court to search the entire record for a genuine issue of fact, even though the adverse party does not set it out in the opposition papers, is also profoundly unfair to the movant. … If the district court, or later this court, searches the whole record, in practical effect, the court becomes the lawyer for the respondent, performing the lawyer's duty of setting forth specific facts showing that there is a genuine issue for trial. The movant is then denied a fair opportunity to address the matter in the reply papers."

REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT - 6
2:17-cv-00642-RSM
1010-00051/315458

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

App. 853, 858, 888 P.2d 753, 756 (1995), aff'd, 130 Wash. 2d 97, 922 P.2d 43 (1996) (citing *Scott v. Eversole Mortuary,* 522 F.2d 1110, 1113 (9th Cir.1975)).   Dalessio has never asserted discrimination based on race, nor does she have a basis for doing so. Upon information and belief, there is no evidence that Ms. Dalessio is a racial minority. Therefore, this claim fails.

2.   Dalessio Fails to Cite Any Basis for an Actionable Claim Under 42 U.S.C. Section 1983.

Merely citing general principles of Section 1983 standards, Dalessio fails to address the University's arguments establishing that she fails to state an actionable claim under 42 U.S.C. Section 1983. The University concedes that its employees acted under color of State law when performing their duties to process public records requests. However, Dalessio fails to establish a violation of a Federal Law or the U.S. Constitution that could give rise to a Federal claim here, instead resorting to repeated references to state law statute—some applicable, some not, but none of which can establish a basis for proceeding on a civil rights claims under Section 1983. Nor does she make any effort to establish the necessary basis for overcoming the standard of proof required by *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978). An isolated administrative mistake by a University employee does not give rise to an actionable claim under Section 1983.

3.   Dalessio's Fails to Establish Any Basis for an Actionable Claim Under HIPAA, FERPA or FOIA.

Dalessio reasserts that she is bringing HIPAA, FERPA, and FOIA claims in this case without any basis or authority to support and actionable cause of action, much less one that applies to her.  It is undisputed Dalessio never made a FOIA request, and the University is not a federal agency.  HIPAA does not provide for a private cause of action, and FERPA only applies to student information in education records, which clearly does not apply to Dalessio.  These claims should be dismissed.

REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT - 7
2:17-cv-00642-RSM
1010-00051/315458

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1    In her continuing attempt to latch on to some type of Federal law, Dalessio
2    continues to stretch the evidence and mis-cite the law to avoid known truths or logical
3    conclusions by trying to characterize typical employee training records as "student records"
4    exempt from disclosure under the Family Educational Rights and Privacy Act (FERPA).
5    The evidence she relies on to try to establish herself as a "student" under FERPA is a record
6    titled "continuing education" and citing that she was assigned to the "Virology" division at
7    Children's Hospital Medical Center. Dkt. 30-1, at p. 88 (sealed) (also found at Dkt. 33, at p.
8    21.)   Multiple sequential pages in Dkt. 33 reveal that these are "Employee Education
9    Records" and not student records as would be potentially covered by any Federal Statute.
10   Id. at p. 17-21; 22 ("Continuing Education consists of systematic learning experiences
11   which contribute to the professional competence or personal development of University
12   Hospitals staff.")  Dalessio generally cites to her own declaration in support of her incorrect
13   assertion that she was a "University student", but does not actually address this or provide
14   such evidence anywhere in her declaration.  There is no evidence that Dalessio was enrolled
15   as a student at the University of Washington at this time, and the additional protections
16   afforded to students do not apply to her.

17       4.    The 2003 Settlement Agreement Bars All Remaining Employment
            Claims and Causes of Action Related to Dalessio's Former Employment
18          With the University of Washington, Which Are Also Otherwise be Barred
            by Applicable Statutes of Limitations.
19
20       Starting at Dkt. 42, p. 31, Dalessio makes several arguments regarding "causes of
21   action" that are barred by the valid and enforceable settlement agreement that Dalessio
22   willingly entered into upon advice of her counsel, as well as all applicable statutes of
23   limitations.  Dalessio makes a highly questionable attempt to now argue—fourteen years
24   later—that she signed the settlement agreement under duress. *Dkt. 43*, at p. 8:3-6.  The
25   evidence all points to the contrary, and the timing indicates this is merely an attempt to save
26   what she believes are valid claims.  Even if this was true, the statute of limitations for
27   contesting the settlement agreement and/or raising any claims related to her employment

REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT - 8
2:17-cv-00642-RSM
1010-00051/315458

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

that ended in 2003 has undoubtedly run.  All of Dalessio's claims stemming from the 2003 Settlement Agreement (essentially pages 31-38 of *Dkt. 42*) are barred by the voluntary agreement Dalessio entered into and should properly be dismissed.

In addition, Dalessio's argument regarding these claims consist merely of self-serving contradictions and misapplied law.  Just three pages after writing "**Plaintiff has no wish to relitigate her employment relationship with the UW**[,]" Dalessio suddenly requests that she "be allowed to supplement her claims for discrimination that occurred during her employment[.]" *Dkt. 42*, at p. 32:1-7, 35:9-18.  Separately, Dalessio attempts to warp her barred employment claims into a discrimination claim, *id.* at p. 32, a continuing retaliation claim, *id.*, and a hostile work environment claim, *id.* at p. 33-34. It is undisputed that Ms. Dalessio has not been present in the workplace or employed by the University in more than fourteen years.

Dalessio does clarify her discrimination claim, which she emphasizes is based on the premise that settlement agreements *containing the terms* "Age Discrimination in Employment Act and/or the American with Disabilities Act" violate (among other statutes) RCW 49.60 and Title VII because they reference age and/or disability. *Dkt. 42*, at p. 32.:10-15.  Such specificity is clearly required in a settlement agreement to describe what the parties are agreeing to and does not constitute a discrimination claim.  Any legal basis for such an argument is absent, and such logic would likely invalidate a majority of the currently existing settlement agreements and entirely re-write applicable case law in both State and Federal jurisdictions.

Finally, Dalessio argues her "hostile work environment" claim from 2003 should be revived because of the 2015-2017 public records requests fourteen years after she left her employment at the University. *Dkt. 42*, at p. 34:1-4. ("Plaintiff's employee records were *likely manipulated* in 2003, then were selected and copied for public records release in 2015-2017.  These actions were part of the same actionable hostile *work* environment that

REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT - 9
2:17-cv-00642-RSM
1010-00051/315458

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

resulted in the forced resignation of the Plaintiff in 2003.) (emphasis added).  Under this logic, anyone could revive a "hostile work environment" claim by simply filing a public records request and arguing some part of what they believe constituted a hostile work environment is encapsulated in the public records response, thus constituting a "continuing violation."  It should go without saying that an actionable hostile *work* environment also requires that an employee actually be present in a "work" environment or have an employment relationship with the Defendant. Such logic is clearly untenable, and would render the statute of limitations moot.

Similarly, Dalessio's assertion that "equitable tolling" applies and revives any retaliation claim from her 2003 employment she might have also fails.  Dalessio voluntarily entered into the Settlement Agreement, and there is no evidence the University mislead her in anyway, much less in a way that prevented her from filing a lawsuit, as she is not attempting to do fourteen years later.

### C.    Dalessio Has Produced No Evidence Suggesting Someone "Altered" Her Personnel File; Regardless, This Fails to Create a Material Issue of Fact Regarding Any Actionable Claim.

Dalessio again attempts to insert controversy into this case that is completely irrelevant to any of her claims and does not create a disputed issue of material fact.  Dalessio spends pages of her declaration asserting that the records produced by the University do not contain some documents *she believes* should have been in there back in 2003, while simultaneously asserting that there are multiple copies of documents she does not want in there. *Dkt. 43*, at p. 4-6.  Dalessio does not tie this to any claim or explain how this allegation would support a legally actionable claim, if true.  In fact, she blatantly admits she doesn't actually know when her employee records were allegedly "manipulated", *Dkt. 42*, at p. 34:1-2, and also stated in her declaration,

> I believe my Supervisor altered my personnel file to intimate that I had always been a problem, and had become useless mentally and physically, because she knew that I wouldn't accept the blame for her lack of progress, I

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

1   wouldn't confirm her lies, and I would lie about the discrimination,
    retaliation and abuse that she instigated.

2

3   *Dkt. 43*, at p. 6:10-15.  These unfounded assertions have no relevance to her current claims

4   and such conclusory assertions are insufficient to withstand summary judgment. *Levias v.*

5   *Pac. Mar. Ass'n*, 760 F. Supp. 2d 1036 at n. 2, 1058 (W.D. Wash. 2011); *Loughnane v.*

6   *Price Costco Wholesale*, 1998 WL 78086, at *5 (N.D. Cal. Feb. 10, 1998), <u>aff'd</u>, 166 F.3d

7   343 (9th Cir. 1998) (An employee's assertion that his job performance was adequate was

8   insufficient to survive summary judgment.  Additionally, what Dalessio *believes* should be

9   in a "personnel file" (much like what she believes the law should be) is not relevant to any

10  actionable claims.  In a further attempt to cut through the weeds, this "evidence" should be

    stricken.[4]

11      **D.      The Only Public Records Requests Relevant to this Lawsuit Are the**
12              **Ones Involving Ms. Dalessio.**

13          Dalessio has made roughly ten discovery requests for documents related to current

14  and former employees unrelated to this lawsuit. *Dkt. 42*, at p. 19, n. 9.  Dalessio then

15  selected pages of the responses and included them as exhibits to her declaration in support

16  of her motion to seal. *See Dkts. 37-5 to 37-7.*  Dalessio fails to establish how this is relevant

17  to any of her claims, and is simply trying to further confuse the issues in this case.  She has

18  no standing to recover for any alleged harm to these individuals, and she has not requested,

19  nor has the Court granted, class action status in this lawsuit.  This evidence and argument

20  should be stricken under FRE 401, 402, or 403, as any probative value of this evidence

21  (which is none) is greatly outweighed by the potential for confusion and prejudice to the

22  University.

23      **E.      Dalessio's Request for "Whistleblower Protection" and to Proceed**
24              **Anonymously are Outside the Scope of This Motion and Irrelevant to**
                **Defendant's Dispositive Motion.**

25          Dalessio mysteriously asserts she is entitled to "anonymity" because she "has

26  ────────────────────────────
    [4] It should be noted, also, that PR 16-00760, Ms. Dalessio's request for her own documents and records was
27  much more broad than simply requesting a copy of her "personnel file". The request required the University to
    search for all documents related to her, regardless of source, location, or organization. *See, Dkt 29-1*, at p. 2.
    REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR
    SUMMARY JUDGMENT - 11
    2:17-cv-00642-RSM
    1010-00051/315458

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

described Retaliatory actions … that occurred during her employment … and PRs contain evidence of continuing retaliation." *Dkt. 42*, at p. 37.  This statement perfectly encapsulates the underlying theme of Dalessio's opposition and lawsuit as a whole.  Her arguments stem from what she wants the law to be and are based on what would create the ideal world for her – not the laws that the Court, the parties, and the world must abide by.  While understandable, it is simply not feasible.  In the real world, people make mistakes even with the best of intentions, and because they do, we have protections in our laws to guard public servants from unfair harm.  Similarly, Dalessio again reverts back to basing the relief she seeks on what happened during her employment prior to 2003.  These claims, and anything having to do with them, are undoubtedly barred by the statute of limitations and the valid settlement agreement she agreed to.  Dalessio has provided no authority to seek anonymity or evidence to support that she is entitled to such relief.  This request should be denied.

## II.   CONCLUSION

For the reasons set forth above and in Defendant's initial motion, Defendant respectfully requests the Court grant its Motion for Summary Judgment and dismiss Dalessio's claims with prejudice.

DATED:  September 15, 2017

KEATING, BUCKLIN & McCORMACK, INC., P.S.


By: */s/ Jayne L. Freeman*
Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for Defendant

801 Second Avenue, Suite 1210
Seattle, WA  98104-1518
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: jfreeman@kbmlawyers.com

REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT - 12
2:17-cv-00642-RSM
1010-00051/315458

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Pro-Se Plaintiff**

Julie Dalessio
1110 29th Ave.
Seattle, WA  98122
Telephone:  (206) 324-2590
Email:  juliedalessio@msn.com

DATED:  September 15, 2017

/s/ Jayne L. Freeman
Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for
Defendant
801 Second Avenue, Suite 1210
Seattle, WA  98104-1518
Phone: (206) 623-8861
Fax:     (206) 223-9423
Email: jfreeman@kbmlawyers.com

REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT - 13
2:17-cv-00642-RSM
1010-00051/315458

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX:  (206) 223-9423