The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JULIE DALESSIO, an individual,<br><br>                    Plaintiff,<br>v.<br><br>UNIVERSITY OF WASHINGTON,<br><br>                    Defendant. | Case No. 2:17-cv-00642 MJP<br><br>Plaintiff's **Surreply Motion to Strike re: Dkt. 27,** Defendant's Motion for Summary Judgment, and **Dkt. 45** Reply<br><br>**Note on Motion Calendar:  Sept 15, 2017** |

Pursuant to LCR 7(g), Plaintiff moves to Strike Insufficient Defenses and impertinent, prejudicial and scandalous material in UW's Reply (Dkt. 45 re: Dkt. 27).

Plaintiff's **Surreply/Motion to Strike re: Dkt. 27 and Dkt. 45**   -  Case 2:17-cv-00642-MJP                    1

## TABLE OF AUTHORITIES

1. LCR 7(g) **Request to Strike Material Contained in Motion or Briefs; Surreply**

2. LCR 7(e)(6)  "Captions, tables of contents, tables of authorities, signature blocks, and certificates of service need not be included within the page limit."

3. FRCP 8(b)(2) *denials—Responding to the Substance*

4. FRCP 11(b)  REPRESENTATIONS TO THE COURT

5. Levine v. City of Bothell, 904 F. Supp. 2d 1124 - Dist. Court, WD Washington 2012 ORDER ON CITY'S MOTION FOR SUMMARY JUDGMENT

6. *Lee v. City of Los Angeles, 250 F.3d 668, 679 (9th Cir. 2001)* "A failure to state a claim defense is premised on the assumption that the facts alleged in Plaintiff's complaint are true and construed in the light most favorable to the Plaintiff."

7. *Nat'l Trust Ins. Co. v. Graham Bros Const. Co., Inc., No. 11-CV-1437, 2012 WL 2945563, at *2 (M.D. Fla. July 18, 2012)* (granting motion to strike because "the [d]efenses at issue "are not true affirmative defenses. They do not admit the allegations of the Complaint but avoid liability based upon some negative factor.")

**PLAINTIFF'S SURREPLY MOTION TO STRIKE**

UW fails to articulate which defenses are invoked for which of Plaintiff's actual claims.(*Dkt. 2-1*)  Further, UW misrepresents Plaintiff's actual claims and fails to address the real issues.  "A denial must fairly respond to the substance of the allegation." (*FRCP 8(b)(2)*)

1. **Failure to State a Claim Defense is insufficient and/or Irrelevant and/or Prejudicial.**

(a)  UW contends that Plaintiff does not state a legally cognizable claim to discrimination based on race (*Dkt. 45 p.7*) yet Plaintiff has **not made any claims based on racial discrimination**.  Plaintiff suffers prejudice if this is allowed to remain in UW's Reply, and UW's belief's regarding her race are impertinent.  Similarly, UW contends that Plaintiff does not state a legally cognizable claim under HIPAA, FERPA or FOIA, yet Plaintiff has **not made any claims under theses acts.**   This is impertinent and should be stricken.

(b)  UW contends "Plaintiff alleges the University breached some legal duty by  . . . ." (*Dkt 45 p.3*)  UW fails to respond to the facts that breaches occurred in UW's duty to protect Plaintiff's privacy, data security, and employee records, and to respond to PR requests according to applicable rules, regulations and policies.  UW's impertinent contentions should be stricken, and this insufficient defense should be stricken.

(c)  UW ignores Plaintiff's claims of breaches of the Settlement Agreement, denies the public record evidence and, only in *footnote 13, Dkt 27 p.11, denies* "any basis for concluding that the Settlement Agreement has even been breached."

"A failure to state a claim defense is premised on the assumption that the facts alleged in Plaintiff's complaint are true and construed in the light most favorable to the Plaintiff."
 *Lee v. City of Los Angeles, 250 F.3d 668, 679 (9th Cir. 2001)*.

As such, this is "a disputed fact question, and is inappropriate to resolve at the summary judgment stage."[1]

**(d)** UW argues that "The Records Plaintiff Complains of Were Not Produced to Any Third-Party" (*Dkt. 27 p. 14*)  UW admits that PR 15-00570 was provided to third parties but denies the "Records Plaintiff Complains of" (in complaint *Dkt. 2-1 p. 10*)[2] were provided to a third party.  As a disputed fact question, this is inappropriate to resolve at the summary judgment stage.

**2. UW infers a Lack of Jurisdiction**, yet has not given notice or suggested an alternative jurisdiction over Plaintiff's actual claims, and as UW did remove this case from King County Superior Court to this Court, this defense should be stricken.

**3**. **Statute of Limitations defense should be stricken** because all of the actions complained of occurred less than one year prior to the commencement of this lawsuit.  Of the many federal and state statutes at issue, UW fails to articulate which claims are barred by which statutes of limitation.  Further, the defense that UW has presented does not bar the ongoing disability discrimination evidenced in the 2015-2017 PR releases.  Also, this defense for "*Potential Employment Claims*" *(Dkt. 27 p.11 line 11)* is impertinent.

**4**. **Release, accord and satisfaction** defense **should be stricken** since the Settlement Agreement relates only to Plaintiff's "employment relationship" with the UW and does not bar any claims in this action. Plaintiff's resignation agreement "does not represent voluntary consent"[3] to relinquish her Statutory and Constitutional rights to Privacy, or to complain

---

[1] quoting from Judge Pechman in *Levine v. City of Bothell, p. 4* referring to *Allen, 66 F. 3d at 1056*

[2] Also identified in Dkt. 42 p. 16 and Dkt. 42-2.

[3] quoting from The Hon. Judge Pechman in *Levine v. City of Bothell, 904 F. Supp. 2d 1124 (2012) p. 5*

Plaintiff's **Surreply/Motion to Strike re: Dkt. 27 and Dkt. 45**   -   Case 2:17-cv-00642-MJP                    4

about discriminatory actions by the UW that are habitual and continuing.  Additionally, UW did not satisfy their obligations under the Agreement.

5.  The UW appears to claim "Good Faith immunity" for

(a)  "the only actual mistake" . . . "was failing to notice one Page with Plaintiff's social security number on it."(Dkt. 27 p.7:23)  Plaintiff asserts that "Defendant's argument that negligent or innocent mistakes do not support an action under §1983 also fails."[4]

(b)  Further, UW claims this affirmative Defense for "All of Plaintiff's State Claims . ." (Dkt. 27 p.6:10) and does not respond to any of Plaintiff's state claims, "Defendant denies any public records violations occurred." (Dkt. 4 p.3:4)  The evidence, in addition to UW's own admission, proves otherwise and yet is "a disputed fact question, and is inappropriate to resolve at the summary judgment stage."[5]

(c)  UW claims this defense bars a "newly-asserted negligent infliction of emotional distress claim . . . . . . . . ."  (Dkt. 45 p. 5-6) This is misrepresented by UW, as the Plaintiff has previously described her claims (*Dkt. 2-1 and initial disclosures*).  This is not an affirmative defense, and this and the accompanying nonsensical, immaterial, and untrue assertions should be stricken.

6.  **Discretionary Immunity:** UW claimed this defense for "all actions of the Defendant herein alleged" (*Dkt. 4 p.11*) yet Dkt 45 p. 5 at line 15 states that "The University never asserted "discretionary immunity" here—only the statutory immunity set forth in RCW 42.56.060."  This defense and the accompanying nonsensical, immaterial, and untrue

---

[4] quoting from The Hon. Judge Pechman in <u>Levine v. City of Bothell, 904 F. Supp. 2d 1124 (2012) p. 4</u>

[5] quoting from Judge Pechman in <u>Levine v. City of Bothell, p. 4</u> referring to <u>Allen, 66 F. 3d at 1056</u>

Plaintiff's **Surreply/Motion to Strike re: Dkt. 27 and Dkt. 45**   -   Case 2:17-cv-00642-MJP                        5

assertions should be stricken.

**7.** Mitigation of Damages, Intercorporate Communications Privilege, Other Individuals at Fault:  UW claimed these defenses in their answer (*Dkt. 4 p.10*), but did not address these in this motion.  These defenses should be stricken.

Further, pursuant to LCR 7(e)(6), captions, tables of contents, author signature blocks and certificates of service need not be included in the page limit.  As such, Plaintiff's response brief was not too long, and UW's impertinent and prejudicial assertions (Dkt. 45 p. 1, 2) should be stricken.

Plaintiff prays that the Court will allow that this slightly over length surreply is justified by the UW's insufficient, immaterial, impertinent and scandalous defense.

Dated: Sept. 20, 2017

Signed:                                              s/ julie dalessio

                                              Julie Dalessio
                                              1110 29th Ave.
                                              Seattle,  WA  98122

                                              206 324 2590
                                              juliedalessio@msn.com