The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JULIE DALESSIO, an individual,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>UNIVERSITY OF WASHINGTON,<br><br>　　　　　　　Defendant. | Case No. 2:17-cv-00642 MJP<br><br>Plaintiff's LCR 37 **Motion to Compel** Discovery<br><br>Note on Motion Calendar:<br>**Nov. 17, 2017** |

**Plaintiff's Motion to Compel Discovery   -   Case 2:17-cv-00642-MJP**　　　　　1

# TABLE OF AUTHORITIES

**42 U.S.C. § 1983**  Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law,


**An effective litigation hold** requires communicating with "the 'key players' in the litigation, i.e., the people identified in the parties' initial disclosures and any subsequent supplementation thereto. Because these 'key players' are the 'employees likely to have relevant information,' it is particularly important that the preservation duty be communicated clearly to them." Zubulake v. UBS Warburg LLC ("Zubulake V"), 229 F.R.D. 422, 433-34 (S.D.N.Y. 2004)


Some courts have used the concept of a **"convincing mosaic"** to describe the combination of different pieces of **evidence to show retaliatory intent**. This is not a legal requirement or a causation standard, but rather simply a description of combining different pieces of evidence to satisfy the applicable causation standard. Ortiz v. Werner Enters., Inc., No. 15-2574, 2016 WL 4411434, at *3–4 (7th Cir. Aug. 19, 2016); Muñoz v. Sociedad Española de Auxilio Mutuo y Beneficiencia de P.R., 671 F.3d 49, 56 (1st Cir. 2012) (holding that "[w]hen all of these pieces are viewed together and in [plaintiff's] favor, they form a mosaic that is enough to support the jury's finding of retaliation," even though challenged termination occurred five years after he filed his ADEA lawsuit); see also Nita H. v. Dep't of Interior, EEOC Petition No. 0320110050, 2014 WL 3788011, at *10 (EEOC July 16, 2014) (adopting and applying the "convincing mosaic" concept, the Commission rejected the employer's contention that this requires plaintiff to make all the evidence fit in an interlocking pattern with no spaces). (https://www.eeoc.gov/laws/guidance/retaliation-guidance.cfm#_ftn102 Page 53 of 57 EEOC Enforcement Guidance on Retaliation and Related Issues)


**RCW 42.56.152**
(1) Public records officers designated under RCW 42.56.580 and records officers designated under RCW 40.14.040 must complete a training course regarding the provisions of this chapter, and also chapter 40.14 RCW for records retention.

The Courts can consider **lack of training as a penalty factor**.(*Yousoufian v. Office of Ron Sims, 168 Wn.2d 444, 229 P.3d 738 (2010)*)

**RCW 42.56.210(3) (3)** Agency responses refusing, in whole or in part, inspection of any public record shall include a statement of the specific exemption authorizing the withholding of the record (or part) and a brief explanation of how the exemption applies to the record withheld.

**FRCP26(b)** DISCOVERY SCOPE AND LIMITS.
(1) Scope in General. Unless otherwise limited by court order,
the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

**FRCP26(b)(5)** Claiming Privilege or Protecting Trial-Preparation Materials. (A) Information Withheld. When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

**FRCP 33 (a)(2)** Scope. An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact,

**FRCP34(b)(2)(C) Objections.** An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

**FRCP34(b)(2)(E)(i)** A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;

**Federal Rules of Evidence (FRE)**

**Rule 104.** Preliminary Questions
(a) IN GENERAL. The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege.
(b) RELEVANCE THAT DEPENDS ON A FACT. When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist. The court may admit the proposed evidence on the condition that the proof be introduced later.

(e) EVIDENCE RELEVANT TO WEIGHT AND CREDIBILITY. This rule does not limit a party's right to introduce before the jury evidence that is relevant to the weight or credibility of other evidence.

**Rule 106**. Remainder of or Related Writings or Recorded Statements
If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time.

**Rule 401**. Test for Relevant Evidence
Evidence is relevant if:
(a) it has any tendency to make a fact more or less probable
than it would be without the evidence; and
(b) the fact is of consequence in determining the action.

**Rule 406**. Habit; Routine Practice
Evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice. The court may admit this evidence regardless of whether it is corroborated or whether there was an eyewitness.

**Rule 501**. Privilege in General
The common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege unless any of the following provides otherwise:
• the United States Constitution;
• a federal statute; or
• rules prescribed by the Supreme Court.
But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.

**Rule 502**. Attorney-Client Privilege and Work Product; Limitations on Waiver
The following provisions apply, in the circumstances set out, to disclosure of a communication or information covered by the attorney-client privilege or work-product protection.
(a) DISCLOSURE MADE IN A FEDERAL PROCEEDING OR TO A FEDERAL OFFICE OR AGENCY; SCOPE OF A WAIVER. When the disclosure is made in a federal proceeding or to a federal office or agency and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a federal or state proceeding only if:
(1) the waiver is intentional;
(2) the disclosed and undisclosed communications or information concern the same subject matter; and
(3) they ought in fairness to be considered together.
(b) INADVERTENT DISCLOSURE. When made in a federal proceeding or to a federal office or agency, the disclosure does not operate as a waiver in a federal or state proceeding if:
(1) the disclosure is inadvertent;
(2) the holder of the privilege or protection took reasonable
steps to prevent disclosure; and
(3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

(d) CONTROLLING EFFECT OF A COURT ORDER. A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding.

## I. INTRODUCTORY STATEMENT:

The Plaintiff claims that Defendant University of Washington (UW), in response to public records requests in 2015-2017, published thousands of documents containing employees' personal and confidential information which is statutorily exempt from disclosure pursuant to the Public Records Act (RCW 42.56).  The UW released Plaintiff's personal, confidential information (including Social Security # and Date of Birth) to unauthorized persons, including her neighbor, David Betz.  These public records releases include evidence that UW violated policies and statutes for protection of employee privacy, retention and destruction of records, discrimination and unfair practices of employers, confidentiality of records of injured workers, and defamation.  The negligent release of information resulted in an invasion of Plaintiff's privacy that has been compounded by the publication of these documents in the public court records.(in *Dkts. 30-34*)

In addition, the UW published a settlement agreement between the Parties, in breach of the agreement and breached other terms of the agreement, including their duty to remove from their files certain libelous, defamatory, deliberately misleading documents authored by Plaintiff's former supervisor, Rhoda Ashley Morrow.

The public records releases in 2015-2017 contain evidence that these documents were fabricated by Dr. Morrow at the time she was the subject of an audit of her progress on a federal research grant.  Plaintiff at the time complained to a counselor in the UW Employee Assistance Program, who referred her to the UW Ombud.  Plaintiff claims that UW perceived her as a whistleblower and retaliated, harassed and abused her, instigated a hostile work environment,

**Plaintiff's Motion to Compel Discovery   -   Case 2:17-cv-00642-MJP**              6

and forced her resignation.  The retaliation continued after Plaintiff's resignation, when UW compiled, distributed and left open for public inspection personal, confidential, discriminatory, malicious, deliberately misleading, libelous and defamatory opinions and records concerning Plaintiff.  These records were most recently published in 2015-2017 UW Public Records releases, and again by Counsel for UW in Dkts. 30-34.

The settlement agreement between the Parties contains terms in violation of state and federal laws including the Americans with Disabilities Act and the Age Discrimination in Employment Act.  (*See also* <u>Commonwealth of Massachusetts v. Bull HN Information Sys. Inc., 16 F. Supp. 2d 90 (D. Mass. 1998)</u>(holding that an invalid waiver can be an independent cause of action under the ADEA)).  In addition, the Public Records releases in 2015-2017 brought to light new evidence of discrimination that occurred prior to Plaintiff's resignation.  Plaintiff claims that the terms of the settlement agreement barring her rights to complain of discrimination are invalid, and she should be allowed to amend her complaint to include these claims.

Plaintiff has produced public records evidence that the UW routinely practices discriminatory behavior by releasing personal and confidential employee (classified staff) information including: date of birth, place of birth, "handicap" status, records related to accommodations requests for disabilities and employee health, records of unsubstantiated, uninvestigated, accusations of employee misconduct, payroll records, work and leave records. (a small selection is presented in *Dkts. 37-5, 37-6, 37-7*)

The Plaintiff has attempted to persuade the UW to identify all relevant records.  The

**UW has objected and inadequately responded to every discovery request, and has refused to search for and produce responsive items that might be found in the files of individuals likely to have discoverable information (identified in initial disclosures)**. The UW has not indicated if any responsive documents are being withheld on the basis of any objections. The UW has not given any indication that they have implemented any litigation hold for relevant documents,[1] and rather than securing the documents, they have further distributed them to the public in the court records. Additionally, UW has needlessly produced hundreds of pages of redundant, cumulative and confusing (relabelled) copies of records.

**II. Plaintiff has attempted to confer with Defendant,** in an effort to resolve the disputes without court action. See attached declaration.

**III. DISPUTED DISCOVERY REQUESTS:**

**Interrogatory 1:** Plaintiff has requested that UW identify the persons providing responses and producing documents, "including the identification of the particular interrogatories and requests for production of documents to which they provided responses." The UW has objected ("unduly burdensome; not proportional to the needs of the case; relevance.")

Plaintiff submits that this information should be readily obtainable by Defendant, that it is necessary for ascertaining the completeness of UW's responses, and that it is entirely relevant to this case to know whether UW has made a good faith effort to respond completely

---

[1] UW Attorney General website (www.washington.edu/admin/ago/) describes instructions for litigation holds.

and truthfully to discovery requests.

**Interrogatory 2:** Plaintiff has requested identification of persons who have accessed and distributed records pertaining to her, and identification ("means of identification sufficient to identify the document for purposes of a request for production") of the records that each person accessed.  UW did not provide any information regarding the sources of the documents published in the public records ("who found what? where did they find it? describe the location (address, building, office? hallway? storage unit? filing cabinet? bookcase? box? why was it kept there?  how was it kept? paper/electronic copies? file names?  How was it delivered to the Public Records office - paper/electronic copies? file names??"), and failed to state the present location or identify the custodians of the records (*FRCP34(b)(2)(E)(i))*.  The responses from UW are inadequate.

Plaintiff submits that this information should be readily obtainable by the Defendant, as UW policy requires that the location of all relevant documents are identified, including the past and current locations and custodians, and requires the custodians to record how these documents are shared or disposed or preserved from destruction or alteration for the purposes of litigation.[2]  Policy also requires that records are kept of how copies are sent to the Office of Public Records (electronic or hard copy), who sent them, and where these are maintained.  These records should be located, identified, and kept in a secure location pending the resolution of this litigation, then preserved, redacted or destroyed according to applicable

---

[2] UW Attorney General website (www.washington.edu/admin/ago/) describes employee responsibilities in records maintenance and retention before and after employment separations and the UW Records Management Office website (finance.uw.edu/recmgt) /describes schedules for records retention and destruction, as well as standards for record-keeping.

**Plaintiff's Motion to Compel Discovery   -   Case 2:17-cv-00642-MJP                    9**

statutes and policies.

This information is highly probative of whether the behavior of the UW was willful or with a reckless disregard for the matter of whether its conduct was prohibited.

**Interrogatory 3:** Plaintiff has requested identification of the documents provided for Public Records pertaining to her. Defendant objected. UW has not provided any identification of PR 2015-00570 as required (FRCP 26 (a)(3)(A)(iii)), despite having published this in the court records *(Dkts. 30-34)*.

In addition the information UW provided regarding PR 16-00760 is inaccurate, uninterpretable (file numbers provided do not match those in Plaintiff's copy of the PR), and incomplete. UW did not provide any description of the 1431 pages that were accessed and withheld from this PR, as required under RCW 42.56.210 (3) and FRCP 26(b)(5).

Plaintiff does not have copies of the non-redacted documents that were provided in response to PRR 2015-00570 for "all records pertaining" to Plaintiff, and UW has objected to production. UW has not provided any information as to how/why this different set of records was selected and produced for her neighbor, David Betz. In addition, Plaintiff has questioned the source of some of the redactions (in particular Dkt. 34 p. 106). These questions might be answered with proper identification of these records.

Plaintiff submits that this information should be readily obtainable by the Defendant, that it is entirely relevant and necessary in proving the actions of UW personnel in maintaining and responding to requests for her employee records, and will tend to prove the

fact that these records were improperly maintained and released and additionally prove whether negligence, malice or retaliation was a factor. Additionally, FRCP 26(b)(1) provides that information need not be admissible in evidence to be discoverable. Therefore, UW's objections should be overruled.

**Interrogatory 7:** Plaintiff has requested that UW "identify any conduct or documents pertaining to Plaintiff that you assert are privileged inter-corporate communications and which documents are "sequestered" by the UW."[3] Defendant objected ("to the extent this request calls for disclosure of Attorney-client privilege; work product privilege; compound; vague ("sequestered"), and calls for a legal conclusion.")

UW response was inadequate (FRCP 26(b)(5). UW responded in part "Communications among and between University staff for the common purpose of processing public records requests constitutes intra-corporate communications." In fact, these are considered public records (RCW 42.56) and these should be identified and produced (FRE 501).

**Interrogatory 8:** Plaintiff has requested that UW "identify any similar cases or claims against the UW in the last 15 years, for (a) Public Records Act violations/Invasion of Privacy; (b) Breach of Contract; (c) Libel/Defamation; (d) Discrimination/ retaliation; OR (e) Negligence in maintaining public records." UW objected ("Scope (15 years); Relevance; Not reasonably calculated to lead to the discovery of admissible evidence; Unduly Burdensome

---

[3] See Defendants Answer Dkt. 4 p. 10

over broad; not proportional to the needs of the case.")

Evidence that proves the routine practices of an organization is admissible.(FRE 406) UW did not respond to parts b, c or d, denied parts (a) and (e), but did not identify the source of the answers.  UW did not indicate that any effort was made to search UW records in Claims Services or the UW Office of the Attorney General for records of similar claims, nor did they question personnel in the Office of Public Records regarding similar "informational requests."[4]  These records should be readily available to Defendant, and provide evidence of the habitual practices of the UW in (a) responses to requests for employee and former employee records, (b) failing to uphold contractual duties, (c) unfair practices of employers and damaging employees' reputations, (d) retaliating, harassing and defaming employees who would expose misspending of government grants and discrimination of older and/or disabled workers, and (e) negligent, reckless maintenance and  distribution of employee records.

**Interrogatory 10:** Plaintiff has requested that UW "identify all employees, managers, and other staff of University of Washington, who have knowledge as to University of Washington's process and procedure for responding to public disclosure requests, for the past fifteen (15) years, including full name, position title(s), and dates of employment."

The records of any past and present custodians of Plaintiff's records are relevant to this case and should be readily available to the Defendant.  Public Records Officers and Training records must be identified. The Courts can consider lack of training as a penalty

---

[4] see Dkt. 30-9 p.2

factor.(*Yousoufian v. Office of Ron Sims*)

**Interrogatory 11:** Plaintiff has requested that UW "identify all trainings, materials, handbooks, policies, procedures, manuals, guidelines, bulletins, notes, memorandum, letters, and e-mails regarding, related to, and/or referring to public disclosures by Defendant referring to Plaintiff for the last fifteen (15) years. RESPONSE: OBJECTION. Confusing; Scope (time); Overbroad; Relevance; Attorney Client/Work-Product Privilege. It is unclear what Plaintiff is requesting here. Without waiving said objections, Defendant does not have any "trainings, materials, handbooks, policies, procedures, manuals, guidelines, or bulletins" "regarding, related to, and/or referring to public disclosures by Defendant referring to Plaintiff[.]" Any notes, memorandum, letters, and e-mails "regarding, related to, and/or referring to public disclosures by Defendant referring to Plaintiff" may be subject to attorney client and/or work product privilege, and such privileged documents will not be produced."

     This request is for the identification of UW records relevant to these PR releases: identification and training records of any past or present custodians of Plaintiff's records AND those who have been involved in reviewing or overseeing these releases AND any documentation of any communications regarding releases of her records (to any agencies or persons). This would include records of provisions of Plaintiff's records to government auditors (including Federal, State, and UW internal audits) and agencies (including NIH), potential employers, researchers, or any private persons or corporations. UW responses are incomplete. The UW has not provided any training records from relevant persons in the Office of Public Records, has not even identified the persons who reviewed and approved the

records releases, and has refused to identify or produce any communications regarding releases of Plaintiff's records.

The UW refused to even question relevant persons in human resources departments (upper campus, UW medicine, Laboratory medicine), or administrative persons in the department of Laboratory Medicine (Karen Holloway), or in the Virology Division, or Plaintiff's former supervisor, Rhoda Morrow, or her former assistant, Sharon Risley, regarding Plaintiff's records.

These records should be readily available to the Defendant, are relevant to Plaintiff's claims and to determine the extent of the dysfunction and abuse. All records pertaining to Plaintiff should be identified and secured.

**Interrogatory 12:** Plaintiff has requested "If you had any communications, in any form, with any person (excluding your attorneys), regarding the matters alleged in Plaintiff's Complaint, state: (a) The identity of the person(s) with whom such communications were made; (b) What was said to the person(s) identified in subsection (a); and (c) The date and form (written or oral) of each such communications." Defendant objected ("Unduly Burdensome, Overbroad; Not Proportional to the Needs of the Case. Given Plaintiff's expansive definition of "you", this request is extremely burdensome and would require the Defendant University to inquire of all of its employees if they have ever spoken about any of the matters alleged in Plaintiff's 27-page single-spaced complaint. Defendant has identified the relevant individuals in this matter. Asking to gather all oral communications and identify

who they were made to and what was said is a nearly impossible task, and wholly unnecessary where documentation (already provided to Plaintiff) is a more reliable source of the evidence in this case.") Plaintiff asserts that it is entirely relevant to request answers to these discovery requests from each of the **relevant persons that have been identified**, and requests that Defendant attempt to provide all relevant information.

**Requests For Production (RFP)**

RFP# **3:** UW has objected to production of documents that were generated and maintained by Plaintiff's former supervisor, Rhoda Morrow or her former assistant, Sharon Risley, that might be preserved, and might contain information related to Plaintiff. These documents should be readily available to the Defendant, and are calculated to lead to discovery of evidence of the retaliation, libel and defamation that UW has continued even up to this day. If Rhoda Morrow (and/or her successors) and/or the University of Washington is maintaining any records pertaining to Plaintiff, She has the right to know.

RFP# **5:** UW has objected to production of documents pertaining to audits of Federal Grants associated with Rhoda Morrow or the UW Virology Division during Plaintiff's last years of employment. This evidence is relevant to Plaintiff's claim that harassment and retaliation by her supervisor was due to the perception that Plaintiff would expose the misbehavior of the UW and Rhoda Morrow in misspending government grants. UW has already produced highly probative documents from the time period in question that indicate that this was the

case. The requested evidence would tend to make the fact more probable, and is relevant to Plaintiff's claims that this retaliation resulted in her forced resignation and continues in UW's compilation, preservation and dissemination of libelous, defamatory and deliberately misleading records that are damaging to Plaintiff's reputation.

Plaintiff has requested a copy of this public record from the UW Office of Public Records, but this might not be available before the deadline for discovery. Plaintiff requests that the court order UW to produce these records.

**RFP# 6:** UW has objected to production of documents pertaining to audits, investigations and complaints of misconduct pertaining to Rhoda Morrow or Lawrence Corey (Dr. Morrow's superior). This evidence is likely to contain information related to Plaintiff and relevant to her claims for retaliation and is also admissible under Rule 406 regarding the habits of these persons in administering government grants, and in discriminating and retaliating against employees who complain of misconduct.

Plaintiff requests that the court order UW to produce these records.

**RFP# 7:** UW has objected to production of documents pertaining to employees who worked in positions similar to the Plaintiff. This is relevant to Plaintiff's claims of discrimination/ retaliation, unfair practices of employers, and public records act/privacy violations. Plaintiff has received the requested records of two current employees, and has requested Public records of four former employees, but these might not be available before the deadline for

discovery.  Plaintiff requests that the court order UW to produce these records.

RFP# **9:**  UW has objected to production of "settlement agreements that were entered into by UW employees upon termination of employment with the UW."

This evidence is relevant to prove the routine practices of the UW in terminating employment, and in dissuading employees from making complaints of discrimination by including invalid waivers of their rights.

Such documents may be highly probative of UW's intent and strategy in ending employment relationships, and likely provide further evidence of offenses under State and Federal laws against discrimination.

Plaintiff has requested these public records, but these might not be available before the deadline for discovery.  Plaintiff requests that the court order UW to produce these records.

**IV.  Relief Requested**

Plaintiff respectfully requests that the Court order Defendant to provide complete answers to interrogatories and to identify, produce and secure relevant documents as specified herein;
and award Plaintiff all costs and attorney's fees incurred in connection with this discovery.  At the Court's request, Plaintiff will submit an affidavit setting forth such costs and fees.

A proposed Order will be submitted by email to pechmanorders@wawd.uscourts.gov.

Dated: October 27, 2017

Signed:                             s/ julie dalessio

                                            Julie Dalessio
                                            1110 29th Ave.
                                            Seattle,  WA  98122

                                            206 324 2590
                                            juliedalessio@msn.com