The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JULIE DALESSIO, an individual,<br><br>Plaintiff,<br>v.<br><br>UNIVERSITY OF WASHINGTON,<br><br>Defendant. | Case No. 2:17-cv-00642 MJP<br><br>Plaintiff's Declaration re: LCR 37 **Motion to Compel** Discovery<br><br>Note on Motion Calendar:<br>**Nov. 17, 2017** |

CERTIFICATION

I certify that, in accordance with LCR 37(a), I conferred by telephone with Counsel for Defense Derek Chen on October 23, 2017, in an attempt to resolve these discovery disputes.

Prior to the conference, I had submitted to counsel a list of remaining disputes regarding interrogatories and requests for production.

I voiced my concerns that many of the disputes were based on misunderstandings and tried to clearly reiterate my requests for defendant to identify persons responding to

**Plaintiff's Declaration re:  Motion to Compel Discovery   -   Case 2:17-cv-00642-MJP**           1

discovery requests and to locate and identify all relevant records. I expressed my belief that all records pertaining to me should be identified, located, and secured, and that UW should put a litigation hold on the records, so that they could be preserved, redacted or destroyed pursuant to applicable statutes and policies. Counsel for UW would not agree to a litigation hold[1] despite my assertion that this would be consistent with UW policy.[2]

I reiterated my requests that UW request production of documents and information from persons likely to have such, including the past known custodians (as identified in initial disclosures, including Rhoda Ashley Morrow, Sharon Risley, and Karen Holloway) and their successors, and other as yet unknown current custodians of my records.

Counsel for defense expressed that he would "reach out" to his "client" but that at this time they stick to all of their objections.

Mr. Chen proposed that the discovery deadlines should be extended based on his often repeated opinion that some if not all of my claims would be dismissed on UW's summary judgment motion.

---

[1] An effective litigation hold requires communicating with "the 'key players' in the litigation, i.e., the people identified in the parties' initial disclosures and any subsequent supplementation thereto. Because these 'key players' are the 'employees likely to have relevant information,' it is particularly important that the preservation duty be communicated clearly to them." Zubulake v. UBS Warburg LLC ("Zubulake V"), 229 F.R.D. 422, 433-34 (S.D.N.Y. 2004)
Once a preservation duty is triggered, a party "must suspend its routine document retention/destruction policy and . . . ensure the preservation of relevant documents.'" Pension Comm., 685 F. Supp. 2d at 466; see also Zubulake v. UBS Warburg LLC ("Zubulake IV"), 220 F.R.D. 212, 18 (S.D.N.Y. 2003), Thompson v. U.S. Dep't of Hous. & Urban Dev., 219 F.R.D. 93, 100 (D. Md. 2003); Goodman v. Praxair Servs., LLC, 632 F. Supp. 2d 494, 511(D. Md. 2009).

[2] www.washington.edu/admin/ago/

**Plaintiff's Declaration re:  Motion to Compel Discovery   -   Case 2:17-cv-00642-MJP              2**

I agreed to defendants' stipulated motion to extend discovery deadlines, hoping that Counsel would actually follow through on his statement that he would "reach out" to his "client," and hoped that he would attempt to supplement their responses.

We agreed that I would file this motion to compel discovery on October 27, 2017 if the court did not agree to extend the deadline by this date.

Dated: October 27, 2017

Signed:                                             s/ julie dalessio

                                                    Julie Dalessio
                                                    1110 29th Ave.
                                                    Seattle, WA 98122

                                                    206 324 2590
                                                    juliedalessio@msn.com