The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIE DALESSIO, an individual,<br><br>                   Plaintiff,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON,<br><br>                   Defendant. | No. 2:17-cv-00642-RSM<br><br>DEFENDANT UNIVERSITY OF WASHINGTON'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR A PROTECTIVE ORDER<br><br>NOTE ON MOTION CALENDAR: November 17, 2017 |

## I.   INTRODUCTION

Plaintiff is a former University of Washington ("University") employee who left the University in 2003 as part of a settlement agreement. Plaintiff was represented by counsel in those negotiations. As part of the terms of the agreement, Plaintiff voluntarily agreed to drop any possible or alleged claims she may have had against the University in exchange for valuable consideration. Fourteen years later, Plaintiff now brings a multitude of claims (many of which are facially invalid as a matter of law) stemming from records released in response to a Public Records Act request by her neighbor, an attorney named David Betz, with whom she had an unrelated property dispute.

Unlike a traditional Public Records Act lawsuit, where a plaintiff asserts they did not receive records in a timely manner or the entity unlawfully withheld records, Plaintiff

DEFENDANT UNIVERSITY OF WASHINGTON'S
OPPOSITION TO PLAINTIFF'S MOTION TO
COMPEL AND MOTION FOR A PROTECTIVE
ORDER - 1
2:17-cv-00642-RSM

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

brought suit because her social security number and date of birth were left unredacted on a few pages *out of the hundreds that were redacted and produced*. The University filed a Motion for Summary Judgment on all claims in August of 2017 that will likely dismiss all or most of Plaintiff's claims, potentially making any discovery requests in dispute moot. The University respectfully requests the Court deny Plaintiff's motion to compel in full and grant its Motion for a protective order regarding the discovery on the same grounds.

## II.   STATEMENT OF FACTS

### A.   Background Regarding Plaintiff's Employment.

University records reflect that Plaintiff worked as an employee for the University in the Virology Lab from December 19, 1987 until December 31, 2002. *Dkt. 33*, at p. 3; *Dkt. 34* at p. 187-189. Plaintiff never resumed employment with the University, and was prohibited from doing so pursuant to a voluntary Settlement Agreement. *Dkt. 30-3*, at ¶ 4.

Prior to 2003, the parties were involved in an employment dispute that eventually resulted in a settlement and release of all actual and potential claims. *Dkt. 30-3*. The details of the underlying claims are irrelevant to the disposition of the current lawsuit.[1] As part of this Settlement Agreement, Plaintiff agreed to dismiss an appeal that was pending with the Personnel Appeals Board, discharge as settled or satisfied all claims against the University of Washington relating to her employment, and resign from the University with the understanding that she would never reapply to work at the University. *Id.* at ¶¶ 2, 4, 7-8. In exchange, the University agreed to accept her resignation, pay her a total of $15,000 as a compromise payment, and remove all copies of and exhibits to "(a) the memorandum of July 12, 2002 recommending Dalessio's suspension without pay; (b) the letter of July 24, 2002 imposing an eight-day suspension without pay; and (c) drafts of memos recommending further discipline of Dalessio." *Id.* at ¶¶ 2, 5.

---

[1] The details of any former employment dispute between the parties are irrelevant to this case and should not be re-litigated as they were the subject of a valid and enforceable settlement agreement.

**DEFENDANT UNIVERSITY OF WASHINGTON'S**
**OPPOSITION TO PLAINTIFF'S MOTION TO**
COMPEL AND MOTION FOR A PROTECTIVE
ORDER - 2
2:17-cv-00642-RSM

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

Plaintiff signed this agreement voluntarily, *id.* at p. 1, and with the advice and participation of experienced counsel.[2] *Id.* at p. 3. The parties did agree not to affirmatively "publicize" the settlement, with several exceptions. *Id.* at ¶ 16. One relevant exception permits the University to disclose the document as a public record as required by law. *Id.* Plaintiff signed the Settlement Agreement on January 2, 2003. *Id.* Plaintiff filed this lawsuit after her neighbor, David Betz, filed a Public Records Act request for documents related to Plaintiff's employment. *Complaint, Exh. A to Chen Decl.*

### B. Plaintiff's Discovery Requests

Plaintiff served her First Interrogatories and Requests for Production of Documents on May 24, 2017, and the University timely responded with answers and objections on June 23, 2017. *Exh. B to Chen Decl.*, at pp. 14-15. Plaintiff served her Second Interrogatories and Requests for Production of Documents on or around July 14, 2017, and the University timely responded with answers and objections on August 15, 2017. *Chen Decl.*, at ¶ 2; *Exh. C to Chen Decl.* The parties met and conferred regarding these discovery requests on October 23, 2017 and November 13, 2017, but were unable to resolve all disputes. *Chen Decl.*, at ¶ 3.

### III. EVIDENCE RELIED UPON

- Declaration of Derek Chen and attached exhibits.
- Pleadings and Declarations already in the record.

### IV. ARGUMENT AND ANALYSIS

CR 26(b)(1) states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and **proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant**

---

[2] According to her law firm profile, Joyce Thomas practiced labor law for 18 years in New York prior to joining her current firm, Frank, Freed, Subit and Thomas, where it appears she has had an active employment practice since 1992. *See* http://www.frankfreed.com/Our-Attorneys/Joyce-Thomas.aspx; https://www.mywsba.org/LawyerDirectory/LawyerProfile.aspx?Usr_ID=21727

DEFENDANT UNIVERSITY OF WASHINGTON'S
OPPOSITION TO PLAINTIFF'S MOTION TO
COMPEL AND MOTION FOR A PROTECTIVE
ORDER - 3
2:17-cv-00642-RSM

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

**information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.**

(emphasis added). In addition, courts may grant protective orders "forbidding the disclosure of discovery" to "protect a person from annoyance, embarrassment, oppression, or undue burden or expense[.]"

### A. Plaintiff Argues the University Failed to Redact Documents Produced to Her Neighbor; All Records Outside Those Produced Are Irrelevant.

Unlike a typical PRA case, Plaintiff is not claiming the University is improperly withholding records or that it took a more than reasonable amount of time to produce records. Instead, Plaintiff is upset that her neighbor made a PRA request for her records, and that in the hundreds of pages that were redacted and produced, *a few pages* contained her social security number (under the heading of "Employee ID") and her date of birth. The University has stated from the beginning that all of the relevant records necessary to decide this claim have been available from the start of litigation because the relevant documents are what *was* produced, not what *wasn't*. The University has endeavored to respond to Plaintiff's extremely broad and burdensome requests despite their almost microscopic relevance to this case, but the remaining requests are simply beyond the realm of even the broad discovery limits. It has become more obvious, and Plaintiff has herself admitted, that her goal is to have all of her records gathered from the different departments and locked away. While it is understandable to want control of "your" records, this request is outside the purview of this lawsuit, and Plaintiff's multiple requests to search for more records are irrelevant to any claim in this case. Simply put, locating more records has no relevance to the issue of whether Alison Swenson's good faith efforts to redact and release records pursuant to the PRA was sufficient. The Court should deny Plaintiff's motion to compel on all grounds for these reasons alone.

### B. Plaintiff's Brief Exceeds the 12-Page Limit.

Pursuant to WDLCR 7(e)(4), Plaintiff's brief should be limited to 12 pages.

DEFENDANT UNIVERSITY OF WASHINGTON'S
OPPOSITION TO PLAINTIFF'S MOTION TO
COMPEL AND MOTION FOR A PROTECTIVE
ORDER - 4
2:17-cv-00642-RSM

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

Plaintiff's brief, including her authority, totals 18 pages.  Pro se litigants are still bound by the rules of procedure. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).  Therefore, the Court should cut Plaintiff's motion at page twelve.

### C. Plaintiff's Requests for NIH Records and Records Regarding Her Boss (and *Former* University Employee) from 2003 Are Irrelevant.

The following requests seek information solely related to her prior allegations of discrimination, which were indisputably settled in 2003. *Dkt. 30-3*.  The requests are wholly unrelated to any current claim, as Plaintiff's claims would be barred by the statute of limitations even if they were not barred by the settlement agreement.

- Request for Production 3: Please produce all phone logs and calendars and any other documents related to the meeting or phone conference schedule of Dr. Rhoda Ashley Morrow from 2000 - 2005, including records maintained by Dr. Rhoda Ashley Morrow, or her assistant, Sharon Risley, including all paper documents, books, or electronically stored records.  Include Dr. Rhoda Ashley Morrow's archived or personally maintained yearly calendars.

- Request for Production 5: "Please produce all records of NIH audits of Dr. Rhoda Ashley Morrow or the Virology Division of the UW from 2000-2003."

- Request for Production 6: "Please produce all records of complaints, reports, audits and investigations of research or professional misconduct pertaining to Dr. Rhoda Ashley Morrow and Dr. Lawrence Corey."

Plaintiff obviously holds some kind of ill-will towards her former boss, but this litigation is not the vehicle to "get dirt" on Ms. Morrow.  Plaintiff has not worked for the University or Ms. Morrow since 2003, and Ms. Morrow's records "from 2000 – 2005" and "audits" or "investigations" done, if any exist, are completely irrelevant.  These requests seemingly seek information for an improper purpose and should be barred.  Additionally, they are not proportional to the needs of the case or likely to lead to the discovery of admissible evidence.

### D. The Majority of Plaintiff's Requests are Not Proportional to the Needs of the Case and/or Not Likely to Lead to the Discovery of Admissible Evidence.

Fairly recently, the Court added that discovery requested must be "proportional to

**DEFENDANT UNIVERSITY OF WASHINGTON'S OPPOSITION TO PLAINTIFF'S MOTION TO** COMPEL AND MOTION FOR A PROTECTIVE ORDER - 5
2:17-cv-00642-RSM

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

the needs of the case." CR 26(b)(1); *Hancock v. Aetna Life Ins. Co.*, 2017 WL 3085744, at *4 (W.D. Wash. July 20, 2017). In making this determination, the Court weighs the relevance of the request with the burden it would place on the producing party. "The moving party bears the burden of demonstrating that the information it seeks is relevant and that the responding party's objections lack merit." *Id.* For example, Plaintiff requested:

- Interrogatory 1: "Please identify the persons providing responses to these Interrogatories and Requests for Production of Documents, including the identification of the particular interrogatories and requests for production of documents to which they provided responses."

*Exh. B to Chen Decl.*, at p. 4. The University responded by producing a list of everyone who had had a part in responding to the discovery. Plaintiff requests the University go request by request and identify each one on an individual basis, which is not proportional to the needs of the case given the low level of relevancy of identifying who responded to each discovery request. The University believes the list provided answers this request.

- Interrogatory 3: "Please identify each document provided in PR-2015-00570, PR-2016-00218, and PR-2016-00760. In answering this Interrogatory, please provide the information as described above in #7 of 'MATTERS OF GENERAL APPLICATION AND DEFINITIONS.'"

Plaintiffs definition of "identify" as described in "#7" requests that the University state for each document:

> the date, the exact title, the general subject matter of the document; the name of the author, his or her title and business affiliation presently and at the time the document was prepared, and his or her last known address; the name, title, business affiliation, presently and at the time he or she received the document, and the last known address of the addressee; the name, business affiliation, presently and at the time of creation of the document, the last known address of every person or organization to whom a copy of the document was to be sent; the names and addresses of all person who now have the original and any copies; the identification and location of the files where the original and each copy is normally or presently kept and the custodian thereof.

*Ex. B to Chen Decl.* at 3. Those three public records responses span over a thousand pages.

DEFENDANT UNIVERSITY OF WASHINGTON'S
OPPOSITION TO PLAINTIFF'S MOTION TO
COMPEL AND MOTION FOR A PROTECTIVE
ORDER - 6
2:17-cv-00642-RSM

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

Requiring the University to provide this level of detail for each document would require months of research and extensive resources, making it impermissibly burdensome. For this reason alone, the request is not proportional to the needs of this case. Additionally, Plaintiff has not shown how this information, such as *who the author of a document was*, is in any way relevant to her claim, and so the Court cannot engage in an analysis of how or why it *could* possibly be proportional to the needs of this case.

- Interrogatory 8: "Please identify any similar cases or claims against the UW in the last fifteen years, for (a) Public Records Act violations/ Invasion of Privacy; (b) Breach of Contract; (c) Libel/ Defamation; (d) Discrimination/ retaliation; OR (e) Negligence in maintaining public records."

The University is one of the largest public entities in the State of Washington. Seeking out and providing fifteen years of history regarding "cases and claims" made to the University is not proportional to the needs of this case, especially given the broad scope of each claim.

Plaintiff argues this evidence should be considered ER 408 habit evidence. ER 408 states "Evidence of the habit of a person or of the routine practice of an organization … is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice." At best, it is relevant whether the University has had any claims resulting from unredacted public records request responses. The University responded that it "has not discovered any cases or claims in the last 15 years where someone has alleged that the University of Washington failed to redact part of a public records request when they believed it should have been done pursuant to the Public Records Act or other applicable privacy laws." *Ex. B to Chen Decl.* at 10. Plaintiff's frustration with the unique nature of its claim is not the result of a lack of compliance by the University. The other claims are so broad that they could well encompass hundreds of claims and cases over the past fifteen years. Identification of these are not proportional to the needs of the case given the low relevancy of the information.

DEFENDANT UNIVERSITY OF WASHINGTON'S
OPPOSITION TO PLAINTIFF'S MOTION TO
COMPEL AND MOTION FOR A PROTECTIVE
ORDER - 7
2:17-cv-00642-RSM

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

- Interrogatory 10: "Please identify all employees, managers, and other staff of University of Washington, who have knowledge as to University of Washington's process and procedure for responding to public disclosure requests, for the past fifteen (15) years, including full name, position title(s), and dates of employment"

Potentially all employees have some level of knowledge of part of the University's public records process. This could be simply from having to gather documents to respond to a request. The University has provided the information for the employees who responded to the relevant requests, and Plaintiff has known about them for at least a year. It is entirely disproportionate to the needs of the case to have the University question all *current* employees about their knowledge of the PRA process, much less track down *past* employees and question them. Unrelated employees' knowledge is irrelevant to Plaintiff's claims, unduly burdensome on the University, and is not likely to lead to the discovery of admissible evidence.

- Interrogatory 12: If you had any communications, in any form, with any person (excluding your attorneys), regarding the matters alleged in Plaintiff's Complaint, state: (a) The identity of the person(s) with whom such communications were made; (b) What was said to the person(s) identified in subsection (a); and (c) The date and form (written or oral) of each such communications.

The burden and expense of the University retracing its every spoken and written word since Plaintiff filed her Complaint is simply not proportional to the needs of this case because this burden dwarfs any benefit that might accrue to Plaintiff. Any evidence the Plaintiff might glean from the remaining response is readily available and more appropriately presented to the Court elsewhere in this litigation.

- Request for Production 9 - Please Produce and identify All settlement agreements that were entered into by UW employees upon termination of employment with the UW, starting with the present and continuing back, including every consecutive agreement. Please include all agreements between the UW and any employees, including those agreements in paper files, computer hard drives, or electronic copies, including those kept by the Office of the Attorney General of Washington, UW Division and any Assistant Attorneys

DEFENDANT UNIVERSITY OF WASHINGTON'S
OPPOSITION TO PLAINTIFF'S MOTION TO
COMPEL AND MOTION FOR A PROTECTIVE
ORDER - 8
2:17-cv-00642-RSM

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

General to the UW, including the documents produced by Jeffrey W. Davis or others in I:\…\JWD\MDISMISS\.

As the Court can see in *Dkt. 30-3*, Plaintiff's settlement agreement was voluntarily signed by Plaintiff who was represented by counsel.  Other settlement agreements would have no relevance to this case, and locating and producing them would not be proportional to the needs of the case or likely to lead to the discovery of admissible evidence.  The only relevance Plaintiff's *own* settlement agreement has is the fact that it conclusively puts to rest any possible claims she may have stemming from her former employment with the University, which ended in 2003.

### E.  In Some Instances, Plaintiff Does Not Even Argue Why the Information is Relevant or That the University's Objections Lack Merit.

"The moving party bears the burden of demonstrating that the information it seeks is relevant and that the responding party's objections lack merit." *Hancock v. Aetna Life Ins. Co.*, 2017 WL 3085744, at *4 (W.D. Wash. July 20, 2017). "The party must therefore 'inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.'" *Id.* (citing *Adams v. Yates*, 2013 WL 5924983, at *1 (E.D. Cal. Nov. 1, 2013)).

- Interrogatory 1 (stated above)

The University provided Plaintiff with an extensive list of names, including anyone who *may* have assisted with providing responses to records requests.  Plaintiff asserts that their intention in compelling the "identification of the particular interrogatories and requests for production of documents to which they provided responses" is to "ascertain the completeness of UW's responses." *Motion to Compel* at 8:18–21. This argument is circular. It provides no position for why the information is needed to further Plaintiff's claim. Instead, it simply sidesteps the issue.

- Interrogatory 12: (stated above)

DEFENDANT UNIVERSITY OF WASHINGTON'S
OPPOSITION TO PLAINTIFF'S MOTION TO
COMPEL AND MOTION FOR A PROTECTIVE
ORDER - 9
2:17-cv-00642-RSM

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

Similarly, here Plaintiff merely recites the University's objections and response to this interrogatory with the conclusory assertion that the subject of the interrogatory is "entirely relevant." *Motion to Compel* at 15:3–5. Plaintiff *has not* argued to the Court why the information sought is relevant and why the University's objections are not meritorious, as required when bringing such a motion.

### F.  The University Has Sufficiently Responded to the Remaining Requests.

While the University maintains the objections stated, the University believes it has sufficiently responded to the following requests:

- Interrogatory No. 7 - Please identify any conduct or documents pertaining to Plaintiff that you assert are privileged inter-corporate communications and which documents are "sequestered" by the UW.

The University identified categories of documents it believes to be privileged inter-corporate communications.  Plaintiff specifically identifies "[c]ommunications among and between University staff for the common purpose of processing public records requests." *Dkt. 52*, at p. 11:12-13.  Despite the fact that this is not a request for production, upon belief, the University produced extensive documentation on this exact topic, including email correspondence from the Office of Public Records to the departments and even between the departments themselves in response to Request for Production number 18. Plaintiff should have this information already, whether she "understands" it or not.

- Request for Production 7 - Please produce all documents and records pertaining to Gregory Pepper, Kurt Diem, Willa Lee, Corazon DeLarosa, Gail Mueller, Rosemary Obrigewitch, who have been employed by the UW in Virology labs, in positions similar to Plaintiff's.

Plaintiff has apparently randomly selected other University employees and has requested their files.  Plaintiff has not listed these employees in her initial disclosures or any potential witness list.  Plaintiff's conclusory assertion that "[t]his is relevant to Plaintiff's claims of discrimination/retaliation, unfair practices of employers, and public records act/privacy violations[,]" *Dkt. 52*, at p. 16:18-19, does not establish relevancy.  The

DEFENDANT UNIVERSITY OF WASHINGTON'S
OPPOSITION TO PLAINTIFF'S MOTION TO
COMPEL AND MOTION FOR A PROTECTIVE
ORDER - 10
2:17-cv-00642-RSM

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

University maintains the objections asserted in *Exh. B to Chen Decl.*, at p. 13.

Regardless, Plaintiff has made public records requests for these same records, and the University is working on producing responses. Each release requires an extensive review for protected information and subsequent redaction. Given her broad requests, each request understandably takes time. According to Plaintiff, she has received records for two employees already. *Id.*, at p. 16:19-22.

- Interrogatory 2: "Identify all persons, personnel, representatives, businesses and agencies who have examined, copied, or had access to employee records and documents pertaining to Plaintiff. In answering this Interrogatory, please identify (a) the stated purposes of their actions; (b) a description of the records accessed."

The difference between the scope of this interrogatory and the questions posed by Plaintiff's argument in the motion to compel is immense. This interrogatory sought three things: (1) the names of any person or entity who had access, (2) the purpose of their access, and (3) if such access occurred, a description of the records that were accessed. The University readily and willingly provided this information without objection.

Plaintiff now claims that this interrogatory was about the source of the information itself, rather than the individuals accessing it, and requests the University answer a multitude of additional questions to complete this request including "who found what? Where did the find it? Describe the location (address, building, office? hallway? storage unit? filing cabinet? bookcase? box? …)" [*sic*]. Plaintiff cannot now object to the University's response by changing the question. The University provided a detailed response to the original question that was more than sufficient.

- Interrogatory 11 - Please identify all trainings, materials, handbooks, policies, procedures, manuals, guidelines, bulletins, notes, memorandum, letters, and e-mails regarding, related to, and/or referring to public disclosures by Defendant referring to Plaintiff for the last fifteen (15) years.

The University has answered this response based on the plain language of the request. The University also produced a document called "exemptions from RCW 42.56"

**DEFENDANT UNIVERSITY OF WASHINGTON'S OPPOSITION TO PLAINTIFF'S MOTION TO** COMPEL AND MOTION FOR A PROTECTIVE ORDER - 11
2:17-cv-00642-RSM

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

which details what to redact pursuant to the Public Records Act, and had Ms. Swenson, the employee who produced the response to Mr. Betz request, write a detailed description of her training. *Dkt. 30*, at ¶ 3.  The University has sufficiently answered this request.

### G. Pro Se Litigants Cannot Recover Fees.

It is well-settled that pro se litigants cannot recover attorney's fees, and therefore the Court should deny this requested relief. *Carter v. Veterans Admin.*, 780 F.2d 1479, 1481 (9th Cir. 1986); *Kay v. Ehrler*, 499 U.S. 432, 111 S. Ct. 1435, 113 L. Ed. 2d 486 (1991).

### V. CONCLUSION

For the foregoing reasons, the University respectfully requests the Court deny Plaintiff's Motion to Compel in full.  If the Court does permit any relief, the University respectfully requests it not require production until after the Court rules on the pending Motion for Summary Judgment, which may moot some of these issues.

DATED:  November 13, 2017

KEATING, BUCKLIN & McCORMACK, INC., P.S.


By: */s/ Jayne L. Freeman*
Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for Defendant

801 Second Avenue, Suite 1210
Seattle, WA  98104-1518
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: jfreeman@kbmlawyers.com

**DEFENDANT UNIVERSITY OF WASHINGTON'S OPPOSITION TO PLAINTIFF'S MOTION TO** COMPEL AND MOTION FOR A PROTECTIVE ORDER - 12
2:17-cv-00642-RSM

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

# CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Pro-Se Plaintiff**

Julie Dalessio
1110 29th Ave.
Seattle, WA  98122
Telephone:  (206) 324-2590
Email:  juliedalessio@msn.com

DATED:  November 13, 2017

/s/ Derek C. Chen
Derek C. Chen, WSBA #49723

801 Second Avenue, Suite 1210
Seattle, WA  98104-1518
Phone: (206) 623-8861
Fax:   (206) 223-9423
Email: dchen@kbmlawyers.com

DEFENDANT UNIVERSITY OF WASHINGTON'S
OPPOSITION TO PLAINTIFF'S MOTION TO
COMPEL AND MOTION FOR A PROTECTIVE
ORDER - 13
2:17-cv-00642-RSM

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423