The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| JULIE DALESSIO, | CASE NO. 2:17−cv−00642  RSM |
| Plaintiff, | |
| v. | PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDANT *and Defendant' Answers Thereto* |
| UNIVERSITY OF WASHINGTON | Defendants |

TO: Jayne L. Freeman, WSBA #2318, the attorney of record for the
UNIVERSITY OF WASHINGTON, Defendants


Pursuant to Civil Rule 26, 33 and 34, you are required to answer and respond to the following Interrogatories and Requests for Production of Documents under oath, within thirty (30) days after their service upon you.

**MATTERS OF GENERAL APPLICATION AND DEFINITIONS**

1.      The response to each discovery request shall include such knowledge of the answering parties as is within their custody, possession or control, including, but not limited to, knowledge and documents in their custody, possession or control or that of

associated or related organizations or that of those under common control, predecessors in interest, consultants, accountants, attorneys, board members and other agents. Where facts set forth in answers or portions thereof are supplied upon information and belief rather than actual knowledge, you should state, and specifically describe or identify the source(s) of such information and belief. Should you be unable to answer any interrogatory or portion thereof from actual knowledge or information and belief, describe your effort to obtain such information.

2.      If you are unable to answer an interrogatory or request for production in whole or in part, identify each person you believe has information regarding the subject of the interrogatory or discovery request.

3.      The term "documents," as used herein means any writing and any other tangible thing in the custody, possession or control of the answering party or known to the answering party whether printed, recorded, reproduced by any process, or written or produced by hand, whether draft or final, and whether or not claimed to be privileged or exempt from production for any reason including, but not limited to, tangible things, correspondence, telegrams, memoranda, inter-office communications, reports, studies, surveys, contracts, accounting records, drafts, working papers, statistical records, desk calendars, appointment books, diaries, daily reports, time sheets or logs, file indices, drawings, drawing revisions, schedules, models, change orders, computer files, disks or printouts, e-mail and logs of the same, magnetic tapes, digital images, insurance policies, pleadings, depositions, notes or sound recordings of any conversations, and agendas, notes, minutes of any meetings.  Any comment or notation appearing on any document, and not a part of the original text, is to be considered a separate "document."

4.      The terms "employ," "employee" and "employer" have those meanings as defined in RCW 49.46.010.

5.      "Identify," as used herein means to describe and define with particularity and precision.

6.     "Person," as used herein refers to any individual or entity, including a limited liability company, a sole proprietorship, a corporation, partnership, or other organization.

7.     Where identification of a document is required, you are requested under CR 34 to produce that document for inspection and copying. You are further requested to state for each document:  the date, the exact title, the general subject matter of the document; the name of the author, his or her title and business affiliation presently and at the time the document was prepared, and his or her last known address; the name, title, business affiliation, presently and at the time he or she received the document, and the last known address of the addressee; the name, business affiliation, presently and at the time of creation of the document, the last known address of every person or organization to whom a copy of the document was to be sent; the names and addresses of all person who now have the original and any copies; the identification and location of the files where the original and each copy is normally or presently kept and the custodian thereof.

8.     Whenever identification of a "person" is required, state the name and last known business address or location and last known telephone number and email of each such person.  If such person is an individual, additionally state the business or agency position or positions held by that individual at the time or times for which such identification is required, and such person's last known residence address and domicile. If such a person is not an individual but an entity or organization, additionally identify the individual or individuals employed by or representing such entity or organization who have knowledge or with whom communications have been had relating to the matter involved.

9.     If you contend that the response to any interrogatory or discovery request constitutes work product or is privileged in whole or in part, or if you otherwise object to any part of any interrogatory, or that any identified document would be excludable from

production to plaintiff in discovery regardless of its relevance, identify the document, state the reasons for each objection or ground for exclusion, and identify each person having knowledge of the factual basis, if any, on which the privilege or other ground is asserted.

10.     "You," "your" or "the answering party," as used herein means the Defendant, The University of Washington.

11.     "Personnel" or "representatives" includes present and past employees, officers, partners, associates, attorneys, consultants, agents, directors, and principals of the answering parties and independent parties employed, hired, or retained by them.

15.     Words in the masculine gender include the feminine and neuter.

16.     The singular number includes plural, and the plural the singular.

**THESE INTERROGATORIES AND REQUESTS FOR PRODUCTION ARE CONTINUING.**  Any additional information relating in any way to these interrogatories or requests for production which you acquire after answering these interrogatories and requests for production shall be furnished promptly after such information is acquired, as supplemental answers and responses.

**INTERROGATORIES**

1.  Please identify the persons providing responses to these Interrogatories and Requests for Production of Documents, including the identification of the particular interrogatories and requests for production of documents to which they provided responses.

**RESPONSE: OBJECTION. Unduly burdensome; not proportional to the needs of the case; relevance. Without waiving said objections, the following people may have assisted in providing responses to part of all of each request for production:**

  1) Alison Swenson, Compliance Analyst, Office of Public Records and Open Public Meetings

  2) Shari Spung, Director, Claim Services

   3) Andrew Palmer, Compliance Analyst, Office of Public Records and Open Public Meetings

   4) Ana Marie Keeney, Human Resources Consultant, UW Medicine Human Resources

   5) Rob Kosin, Assistant Attorney General, Attorney General's Office – UW Division

   6) Toni Kemp, Claims Operations Analyst, Compliance & Risk Services

   7) Nancy Garland, Assistant Attorney General, Attorney General's Office – UW Division

   8) Nancy Garland, AAG, UW Division

Discovery continues.  This response may be supplemented if necessary.

2. Identify all persons, personnel, representatives, businesses and agencies who have examined, copied, or had access to employee records and documents pertaining to Plaintiff. In answering this Interrogatory, please identify (a) the stated purposes of their actions; (b) a description of the records accessed.

**RESPONSE:**

   1) Alison Swenson, Compliance Analyst, Office of Public Records and Open Public Meetings

     a. Ms. Swenson accessed Plaintiff's records in the course of responding to public records requests.

     b. Ms. Swenson viewed the records produced in response to PR-2015-00570 and the documents withheld from that response.

   2) Andrew Palmer, Compliance Analyst, Office of Public Records and Open Public Meetings

     a. Mr. Palmer accessed Plaintiff's records in the course of responding to Plaintiff's PR-2016-00760.

     b. Mr. Palmer viewed all files produced in response to PR-2016-00760.

   3) Shari Spung/Toni Kemp, Claim Services

     a. Ms. Spung reviewed some records related to the subject Public Records Requests in conjunction with processing Plaintiff's tort claim and collecting records to respond to Plaintiff's discovery requests and preparing Defendant's Initial Disclosures and other steps in this litigation.

   4) David Betz/Betz attorneys

a. These individuals received records that were produced in response to PR-2015-00570 and an associated exemption log.

b. These individuals received records provided in response to a lawful request (PR-2015-00570) for records pursuant to the Washington State Public Records Act.

5) Amy Robles, Public Records Program Manager, Legal and Business Affairs, UW Medicine

a. Ms. Robles collected records from UWMC for transmittal to the Office of Public Records for purposes of responding to Ms. Dalessio's Public Records Request PR-2016-00760.

b. Ms. Robles obtained Ms. Dalessio's Department file; emails related to Dalessio located in closed email accounts of former UW employees Rhoda Morrow Ashley (retired) and Karen Holloway (retired); documents related to processing of a prior public records request for records related to Dalessio (PR-2015-00570); and miscellaneous documents located in the office of Karen Holloway.

6) Jeanie Miele, former Public Records Program Manager, Office of the Chief Health System Officer, UW Medicine

a. Ms. Miele collected records from UWMC for transmittal to the Office of Public Records for purposes of responding to public records request PR-2015-00570).

b. It is believed that Ms. Miele obtained a Department file for Ms. Dalessio.

7) Matt Maria, former Program Coordinator, UW Dept. of Laboratory Medicine

a. It is believed that Mr. Maria obtained records from archives for transmittal to the Office of Public Records for purposes of responding to public records request PR-2015-00570).

b. It is believed that Mr. Maria obtained a Department file from a storage facility.

8) Cheryl Manekia, UW Payroll Client Services & Training

a. Ms. Manekia accessed payroll records for transmittal to the Office of Public Records for purposes of responding to Ms. Dalessio's Public Records Request PR-2016-00760.

b. Ms. Manekia accessed payroll records related to Ms. Dalessio; Ms. Manekia confirmed the payroll office had no record of employment verification requests

related to Ms. Dalessio for purposes of processing Ms. Dalessio's public records request PR-2016-00283.

9) Odessah Visitacion, Assistant to the Assistant Vice President & Office Manager, UW Medicine Human Resources.

    a. Ms. Visitacion accessed Medical Centers HR records for the purpose of locating responsive documents to Ms. Dalessio's Public Records Request PR-2016-00283.

    b. Ms. Visitacion confirmed she located no records responsive to Ms. Dalessio's request, so she did not access or review any records related to Ms. Dalessio.

10) Paola M. Quinones, former Assistant to the Vice President, VP Human Resources

    a. Ms. Quinones accessed Medical Centers HR records for the purpose of locating responsive documents to Ms. Dalessio's Public Records Request PR-2016-00760 and PR-2016-00283, and Mr. Betz's request PR-2015-00570.

    b. Ms. Quinones confirmed she located no records responsive to PR-2016-00283, and that any files in the Disability Services Office (DSO) had been destroyed in 2011 pursuant to the retention policy in response to PR-2016-00760. Ms. Quinones transmitted a screen shot from the DSO to the Public Records Office in response to PR-2015-00570 reflecting that any DSO files related to Ms. Dalessio had been destroyed in 2011. Ms. Quinones transmitted records from the Benefits office to the Public Records Office for the purpose of processing PR-2015-00570.

11) Karen Holloway, former Associate Administrator, Department of Laboratory Medicine (office was located at the Pat Steele Building, 5th Floor, 401 Broadway, Seattle, WA)

Discovery continues.  This response may be supplemented if necessary.

3. Please identify each document provided in PR-2015-00570, PR-2016-00218, and PR-2016-00760.  In answering this Interrogatory, please provide the information as described above in #7 of "MATTERS OF GENERAL APPLICATION AND DEFINITIONS."

**RESPONSE: OBJECTION.**  Relevance; unduly burdensome; overbroad; the documents speak for themselves; not proportional to the needs of the case.  Plaintiff has copies of all of these documents.  Upon belief, all of these documents, with the exception of the documents created for the purposes of these public records requests, are from 2003 or prior, making it

extremely difficult to establish what date they were created and who created them.  The amount of time it would take to obtain such information for thousands of pages, if possible, extremely disproportionate to the needs of this case.

4.  Please report the actual time spent in your reviews of PR-2015-00570, and disclose the costs billed for this work.

**RESPONSE: OBJECTION.** Vague; relevance; not reasonably calculated to the discovery of admissible evidence.  Plaintiff has no provided any rationale for requesting this information and the request has little to no relevance to this case.  It is unclear whether Plaintiff is asking about the request for PR 2015-00570 itself or the responses to it.  The Office of Public Records does not track "billable" time spent processing each individual public records request and/or collecting, reviewing, and redacting potentially responsive records. Additional staff from various de-centralized departments throughout the University also spent time processing this public records request, searching for responsive documents and transmitting documents and/or information to the Office of Public Records. This time is not "tracked" or "billed" as "costs" on any matter.

5.  Please identify the Plaintiff's claims against the UW for which you assert that the Plaintiff has released other parties and received full compensation for damages.

**RESPONSE: OBJECTION.** Objection to the extent this calls for a legal conclusion. Additionally, Plaintiff's 2017 Complaint is vague and confusing but references a number of various statutes and legal theories. It is difficult to determine which "claims" Plaintiff is actually currently attempting to pursue against the University or if she is just referencing various statutes or theories for other purposes. Without waiving the foregoing objection, pursuant to a 2003 settlement agreement, Plaintiff has waived and released all claims related to Plaintiff's employment and 2003 separation from employment with the University, including, but not limited to, claims for alleged Civil Rights violations, discrimination/retaliation, whistleblower retaliation, any claims pursuant to Title VII, the ADEA, or the ADA, or comparable state law claims.  Discovery continues and this answer may be supplemented as Plaintiff more clearly articulates her claims.

6.  Please identify the Plaintiff's claims against the UW for which you assert that the Plaintiff failed to mitigate damages.

    **RESPONSE: OBJECTION.** Calls for a legal conclusion.  Without waiving the foregoing objection, to the extent Plaintiff is in any way arguing that she was forced to sign the settlement agreement or that she signed it under duress, Plaintiff failed to take legal action to seek a remedy in 2003 and thus failed to mitigate the damages she alleges from any current or former retaliation claims based on her employment which ended in 2003.  Discovery is continuing and this response may be supplemented.

7.  Please identify any conduct or documents pertaining to Plaintiff that you assert are privileged inter-corporate communications and which documents are "sequestered" by the UW.

    **RESPONSE: OBJECTION.** Objection to the extent this request calls for disclosure of Attorney-client privilege; work product privilege; compound; vague ("sequestered"), and calls for a legal conclusion.   Without waiving the foregoing objections, communications between the University and its legal counsel (both in the Attorney General's Office and outside counsel) and any documents or materials prepared in anticipation of litigation are privileged.

    Communications and materials processed by Claim Services for the purpose of processing tort claims and litigation is also subject to the claim confidentiality provisions set forth in RCW 4.92.210 and RCW 43.19.781(3).

    Communications among and between University staff for the common purpose of processing public records requests constitutes intra-corporate communications.

    Communications among and between University staff such as supervisors, administrators, and human resources staff for the common purpose of processing and administering employment evaluations, decisions, and other actions related to administration of the employment relationships constitute intra-corporate communications.

    Communications among and between University staff for the common purpose of processing tort claims, complaints, or other operational matters constitute intra-corporate communications.

8. Please identify any similar cases or claims against the UW in the last fifteen years, for (a) Public Records Act violations/ Invasion of Privacy; (b) Breach of Contract; (c) Libel/ Defamation; (d) Discrimination/ retaliation; OR (e) Negligence in maintaining public records.

**RESPONSE: OBJECTION.** Scope (15 years); Relevance; Not reasonably calculated to lead to the discovery of admissible evidence; Unduly Burdensome overbroad; not proportional to the needs of the case. The inquiry is vague as to what constitutes a "similar" case. There is similarly no justification for seeking cases going back 15 years.  Further, this is not a discrimination/retaliation case.  Those claims cannot be revived or re-litigated regardless of how Plaintiff attempts to spin her case.  Even the PRA cases the University may have had in the last 15 years are unlikely to be similar to this case, as any that exist are likely alleging failure to produce records pursuant to the statute.  For these reason, this request is severely overbroad and lacks relevance to this case.  This is not a class action suit, but a dispute over one set of documents produced in a response to a public records request.  Without waiving said objections, Defendant has not discovered any cases or claims in the last 15 years where someone has alleged that the University of Washington failed to redact part of a public records request when they believed it should have been done pursuant to the Public Records Act or other applicable privacy laws.  In addition, there have been no claims or cases for "negligence in maintaining public records."  This answer may be supplemented if necessary.

9. Please give your opinions about the applications of law in the rulings cited in Plaintiff's Complaint at 5.1 j, l, u and 5.4 f, to the facts of this case.

**RESPONSE: OBJECTION.** Calls for a legal conclusion; attorney-client privilege; work-product privilege; vague; not reasonably calculated to lead to the discovery of admissible evidence.  Communications between the University and its counsel and any documents or materials prepared in anticipation of litigation are privileged.  This request blatantly seeks legal opinions from Defendant.  It does not seek any facts or evidence.

**REQUESTS FOR PRODUCTION**

1. Please produce all "Health Records" (see PR2016-00760, stage 2, 00782-A1519949.pdf, pg 37) pertaining to Plaintiff, including records of vaccinations, Tuberculosis testing, and other employment related tests.

**RESPONSE: OBJECTION.** Relevance; classification of "health records" and citation to documents. Defendants object to Plaintiff's classification of "health records" as calling for a legal conclusion. Plaintiff has not provided the page she cites, and the document that Defendant has from Stage 2 of PR 16-00760 (pg. 37) does not appear to constitute a health record. Further, these documents have no relevance to Plaintiff's claims. Without waiving these objections, the response to PR 16-00760 contains an assortment of all documents the University was able to locate from various departments related to Plaintiff Julie Dalessio, which were only produced directly to Ms. Dalessio herself in response to her request, and would therefore contain any such documents to the extent the University had any. See Defendant's Initial Disclosures.

2. Please produce all "EMPLOYEE EDUCATION RECORDS" (see PR2016-00760, stage 2, 00782-A1519949.pdf, pg 35) pertaining to Plaintiff, including continuing education and training records and documentation of mandatory annual employee reviews.

   **RESPONSE: OBJECTION.** Relevance; classification of "employee education records" and citation to documents. Defendants object to Plaintiff's classification of "employee education records" as calling for a legal conclusion. Plaintiff has not provided the page she cites, and the document that Defendant has from Stage 2 of PR 16-00760 (pg. 35) does not appear to constitute an employment education record. Further, these documents have no relevance to Plaintiff's claims. Without waiving these objections, PR 16-00760 contains an assortment of all documents the University was able to locate from various departments related to Plaintiff Julie Dalessio, which were only produced directly to Ms. Dalessio herself in response to her request, and would therefore contain any such documents to the extent the University had any. See Defendant's Initial Disclosures.

3. Please produce all phone logs and calendars and any other documents related to the meeting or phone conference schedule of Dr. Rhoda Ashley Morrow from 2000 - 2005, including records maintained by Dr. Rhoda Ashley Morrow, or her assistant, Sharon Risley, including all paper documents, books, or electronically stored records. Include Dr. Rhoda Ashley Morrow's archived or personally maintained yearly calendars.

   **RESPONSE: OBJECTION.** Relevance; Not reasonably calculated to lead to the discovery of admissible evidence; not proportional to the needs of the case. Nothing in this request has

even remote relevance to any actionable issues or even issues or claims as set forth in Plaintiff's Complaint.  Plaintiff signed a valid settlement agreement releasing the University from any claims related to her employment, which ended in 2003.  Dr. Morrow is retired from the University and her personal and professional records regarding her daily activities from well over a decade ago would have no relevance.  Such an effort is not proportional to the needs of this case.

4.  Please produce all records of NIH audits of grants used to pay Plaintiff's salary.

**RESPONSE: OBJECTION.** Relevance; Not reasonably calculated to lead to the discovery of admissible evidence; not proportional to the needs of the case; overbroad. Plaintiff has not asserted she was improperly paid or that the grants used to pay her salary have any relevance to any of her claims.  Plaintiff signed a valid settlement agreement releasing the University from any claims related to her employment, which ended in 2003.  Plaintiff began employment with the University in the 1980s.  Such a request is not proportional to the needs of the case for any period of Plaintiff's employment given the lack of any articulable relevancy.

5.  Please produce all records of NIH audits of Dr. Rhoda Ashley Morrow or the Virology Division of the UW from 2000-2003.

**RESPONSE: OBJECTION.** Relevance; Not reasonably calculated to lead to the discovery of admissible evidence; not proportional to the needs of the case; unduly burdensome.  Similar to RFPs #3 and #4, the requested documents are over 13 years old and have no relevance to Plaintiff's claims arising out of the University's processing of public records requests in 2015-2016.   Plaintiff signed a valid settlement agreement releasing the University from any claims related to her employment, which ended in 2003.  Finally, any possible relevance fails the "proportionality" test.

6.  Please produce all records of complaints, reports, audits and investigations of research or professional misconduct pertaining to Dr. Rhoda Ashley Morrow and Dr. Lawrence Corey.

**RESPONSE: OBJECTION.** Relevance; Not reasonably calculated to lead to the discovery of admissible evidence; not proportional to the needs of the case; unduly burdensome.  Similar to RFPs #3-5, the requested documents have no relevance to Plaintiff's claims arising out of the University's processing of public records requests in 2015-2016.  Plaintiff signed a valid

settlement agreement releasing the University from any claims related to her employment, which ended in 2003. Finally, any possible relevance fails the "proportionality" test.

7. Please produce all documents and records pertaining to Gregory Pepper, Kurt Diem, Willa Lee, Corazon DeLarosa, Gail Mueller, Rosemary Obrigewitch, who have been employed by the UW in Virology labs, in positions similar to Plaintiff's.

   **RESPONSE: OBJECTION.** Relevance; Not reasonably calculated to lead to the discovery of admissible evidence; not proportional to the needs of the case; unduly burdensome; privacy rights including (potentially) HIPAA, FERPA and other state and federal privacy statutes. To the best of the University's knowledge, these individuals played no part in assembling or redacting documents in response to the four public records requests in this case. Plaintiff has not even identified these individuals in her initial disclosures, proving they have no relevance to her claims (her initial disclosures were filed AFTER these requests were propounded.) They have no stated relevance to this case and appear to be a part of Plaintiff's continued fishing expedition.

   Without waiving the foregoing objections, the University already produced 726 pages of documents responsive to this request regarding Gregory Pepper to Plaintiff Julie Dalessio on June 6, 2017 in response to PR-2017-00358. Ms. Dalessio's requests for the remaining employee records sought in RFP No. 7 are currently being processed by the Office of Public Records. This response may be supplemented.

8. Please produce File No. UC02-1531 from the Office of the Attorney General of Washington, UW Division.

   **RESPONSE**: **OBJECTION.** Objection to the extent this request calls for production of attorney-client communications and/or work product materials. Without waiving the foregoing objection, any documents related to that file would have been maintained by the Office of the Attorney General and have since been destroyed pursuant to retention schedules.

9. Please Produce and identify All settlement agreements that were entered into by UW employees upon termination of employment with the UW, starting with the present and continuing back, including every consecutive agreement. Please include all agreements between the UW and any employees, including those agreements in paper files, computer

hard drives, or electronic copies, including those kept by the Office of the Attorney General of Washington, UW Division and any Assistant Attorneys General to the UW, including the documents produced by Jeffrey W. Davis or others in I:\...\JWD\MDISMISS\.

**RESPONSE: OBJECTION.** Relevance; Not reasonably calculated to lead to the discovery of admissible evidence; not proportional to the needs of the case; unduly burdensome; overbroad. Plaintiff's 2003 settlement is not an actionable issue in this case. Plaintiff was represented by competent counsel and voluntarily entered into the Settlement Agreement. Furthermore, any challenge to the settlement terms would be long past applicable statutes of limitations. This request for all settlement agreements, apparently since the University's inception, is extremely overbroad and not proportional to the needs of the case or necessary for the resolution of any claim.

Dated this 24th day of May, 2017

s/ julie dalessio

Julie Dalessio, Pro Se Plaintiff

1110 29th Ave

Seattle, WA 98122

206 324 2590

juliedalessio@msn.com

## DECLARATION OF SERVICE

I declare that on June 23, 2017, I caused a true and correct copy of the foregoing document

to be served on the party listed below ***via email*** and ***First Class U.S. Mail***:

**Attorneys for Pro-Se Plaintiff**

Julie Dalessio
1110 29th Ave.
Seattle, WA  98122
Telephone:  (206) 324-2590
Email:  juliedalessio@msn.com


DATED:  June 23, 2017


*/s/ LaHoma Walker*
LaHoma Walker, Legal Assistant