The Honorable Ricardo Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JULIE DALESSIO, an individual,

                Plaintiff,

v.

UNIVERSITY OF WASHINGTON,

                Defendant.

No. 2:17-cv-00642-RSM

**PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**
*AND OBJECTIONS AND RESPONSES THERETO*

Plaintiff Julie Dalessio, in her individual capacity herein, hereby serves these Interrogatories and Requests for Production upon Defendant University of Washington. These Interrogatories are served upon you in accordance with Federal Rules of Civil Procedure 33 and 34. Your attention is directed to Fed. R. Civ. Proc. 26(e) regarding your continuing duty to supplement your answers herein. Answer in the spaces provided (using additional sheets as needed), and verify your answers under oath, signing on the last page. The original of your answers, signed by you, are to be returned to the undersigned attorney within 30 days of service of these interrogatories upon you.

    ***THIS IS ALSO A REQUEST FOR PRODUCTION, PURSUANT TO CIVIL RULE 34***. Please produce requested items for inspection and copying at 1110 29th Ave.,

PLAINTIFF'S SECOND SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT - 1
2:17-cv-00642-RSM
1010-00051/309677

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE: (206) 623-8861
FAX: (206) 223-9423

Seattle, WA within thirty (30) days from the date of service of this set of Interrogatories and Requests for Production upon you.

Be advised that the Interrogatories and Requests for Production herein apply to all information and items within your knowledge or control, and that of your attorneys, agents, representatives and other persons acting on your behalf.  Answer each interrogatory as fully as possible within the time limit, and furnish additional information when it becomes available.

If there are any additions, deletions or changes in the answers or information provided at any time prior to trial, you are specifically directed to immediately so inform Plaintiffs' counsel.  If additional information is discovered between the time of making these answers and the time of trial, these interrogatories are directed to that information.  If such information is not seasonably furnished within a reasonable time prior to trial, the undersigned may move at or before trial to exclude from evidence any such information known to you or in your possession or that of your attorneys, agents, liability insurers, and others acting on your behalf, and will request other appropriate sanctions.

## DEFINITIONS

As used herein:

1.      *Document*. The term "document" means all writings of every kind including, but not limited to, the original or any legible copy of all records, letters, correspondence, appointment books, diaries, files, notes, statements, memoranda or minutes of meetings, conferences and telephone calls, emails, faxes, receipts, written reports or opinions of investigators or experts, status reports, drawings, charts, photographs, negatives, brochures, lists, schedules, manuals, technical notes or standards, expense accounts, financial

PLAINTIFF'S SECOND SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT - 2
2:17-cv-00642-RSM
1010-00051/309677

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

statements or audit reports, however produced or reproduced, within your possession or subject to your control, of which you have knowledge or to which you now have or previously had access.

2.      ***Identity of Individuals***.  Where the name or identity of an individual person is requested, or where the term "identify" is used in reference to an individual person, please state that person's full name, present residence address, present business address and telephone number, all known email addresses, occupation, employer, his or her present whereabouts and his or her present employment position and business affiliation at the time in question.  Unless it otherwise appears from the context, a request for the identity of a person relates to all persons in such classification or category.

3.      ***Identity of Document***.      The term "identify", when used in reference to a document, means to state the date of preparation of the document, its author, the sender, the recipient (if any), the nature of the document (e.g., letter, memorandum, tape) and other means of identification sufficient to identify the document for purposes of a request for production, and to further state its present location and custodian.  If any such document was, but no longer is, in your possession or custody or subject to your control, describe what disposition was made of it, and give the name, address and telephone number of the person presently having possession, custody or control of the document.

4.      ***Knowledge or Information***.  Where your knowledge or information in your possession is requested, that request includes knowledge of your agents, representatives, employees and attorneys.  When the answer is made by a corporate defendant, the name, address and title of the person supplying the information and the source of such person's information must be included as well.

PLAINTIFF'S SECOND SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT - 3
2:17-cv-00642-RSM
1010-00051/309677

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE: (206) 623-8861
FAX: (206) 223-9423

5.      **Sources of Information**.  The phrase "state the source of your information" means to identify the person and the documents from which the information was obtained where your answers are not based upon your own first-hand information.

6.      **Person**. "Person" means, without limitation, human beings, corporations, partnerships, joint ventures, associations, trusts, labor unions, or any form of business, social or legal entity, including governmental subdivisions.

7.      **You/Defendant**. "You" means Defendant University of Washington, and its attorneys, agents, employees, officers, representatives, adjusters, investigators and all other persons who are in possession of or who have obtained information on your behalf.

8.      **And/or.**  "And" or "or" means "and/or," with the singular form being deemed to include the plural and vice versa.

9.      **"He"** or any other masculine, feminine or neuter pronoun means any individual, regardless of sex or entity, to whom the interrogatory would otherwise apply.

10.     **"Relating to"** means pertinent, relevant or material to, evidencing, having a bearing on or concerning, affecting, discussing, dealing with, considering or otherwise relating in any manner whatsoever to the subject matter of the inquiry.

11.     **"Any"** should be understood in either its most or least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12.     All documents, including records, files, e-mails, correspondence, and memorandum, stored electronically must be produced in its native format, including all metadata.

13.     The use of the singular form of any word includes the plural and vice versa.

These discovery requests shall be deemed to be continuing, and, in the event that

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

you discover information that is responsive to these requests, you are to promptly supplement your answers to these requests.

Dated July 14, 2017.

**s/julie dalessio**

Julie Dalessio

**INTERROGATORIES**

**INTERROGATORY NO. 2:  Again, please try to *identify* the documents, as required, including** the source and location of the documents or files, where the original and each copy was found, who sent the records to the Office of Public Records or others, the recipients, the nature of each document (e.g., letter, memorandum, original, copy, electronically stored data or other) *and* other means of identification sufficient to identify the document for purposes of a request for production, and to further **state its present location and custodian.**

3)  Please respond to part (b), identify/describe the records accessed.
4)  Please respond to part (b), identify/describe the records accessed.
5)  Please respond to part (b), identify/describe the records accessed.
6)  Please respond to part (b), identify/describe the records accessed.
7)  Please respond to part (b), identify/describe the records accessed.
8)  Please respond to part (b), identify/describe the records accessed.
10)  Please respond to part (b), identify/describe the records accessed.
11)  Please respond to part (a) and (b), identify/describe the stated purposes of her actions and the records accessed and distributed.

**RESPONSE:  OBJECTION.** Vague; confusing; unduly burdensome; overbroad; relevance; not proportional to the needs of the case; duplicative of previous requests; calls for speculation.  It is entirely unclear what documents this request is referring to, or what "part (b)" refers to.  Defendant will not speculate as to which documents Plaintiff is referring to.  For the purpose of lodging objections only, to the extent Plaintiff refers to the documents contained in PR-2015-00570, PR-2016-00218, and PR-2016-00760, Defendant has responded previously that this request is extremely burdensome with little to no relevance to the claims in this case, and therefore not proportional to the needs of the case. Defendant reserves the right to add or remove objections if the documents Plaintiff refers to in this request are identified.  Without waiving said objections, Defendant will identify the sources of documents produced for PRR 16-00760, which is the most expansive request and the documents from the original three requests:

PLAINTIFF'S SECOND SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT - 5
2:17-cv-00642-RSM
1010-00051/309677

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

- A1496189_1-000002 - A1496494_1-000185 are from University of Washington Human Resources.  These documents were gathered and produced by Mindy Kornberg and Paula Quinones.

- A1484551_1-000001 is from the University of Washington Payroll Department. These documents were gathered and produced by Cheryl Manekia.

- A1510581_1-000186 - A1510799_1-000510 are from the University of Washington Medical Center.  These documents were gathered and produced by Lori Oliver and Amy Robles.  Ms. Robles requested and/or collected documents from Karen Holloway, Tamara Schmautz, and Steven Durant.  Some or all of these records were then retrieved from archives at the University of Washington Records Management Services by Matt Maria.  The records were pulled by Larry Bell and produced to Matt Maria.

- A1519743_1-000511 - A1519994_14-001143 are from the University of Washington Medical Center (Laboratory Medicine).  These documents were gathered and organized by Lori Oliver and Amy Robles.  Ms. Robles requested and/or collected documents from Karen Holloway, Tamara Schmautz, and Steven Durant.  Some or all of these records were then retrieved from archives at the University of Washington Records Management Services by Matt Maria.  The records were pulled by Larry Bell and produced to Matt Maria.

**INTERROGATORY NO. 3:  Please try again to answer**

Having purportedly produced all documents provided to David Betz and related documents (Defendant's Doc. No. 2, 3, 4), please **identify** these documents including all attachments and any privilege log.  While some of the documents may "speak for themselves" (Defendant's Answer to Plaintiff's Interrogatory #3), *actually providing the date they were created and who created them*, please include the nature of the document, the source and location of the documents or files, where the original and each copy was found, who sassembled the records to the Office of Public Records or others, the recipients, the nature of each document (e.g., letter, memorandum, original, copy, electronically stored data or other) *and* other means of identification sufficient to identify the document for purposes of a request for production, and to further **state its present location and custodian.**  If any such document was, but no longer is, in your possession or custody or

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE: (206) 623-8861
FAX: (206) 223-9423

subject to your control, describe what disposition was made of it, and give the name, address and telephone number of the person presently having possession, custody or control of the document.

**RESPONSE: OBJECTION.** Relevance; unduly burdensome; overbroad; the documents speak for themselves; not proportional to the needs of the case; duplicative. Plaintiff has copies of all of these documents. Upon information and belief, all of these documents, with the exception of the documents created for the purposes of locating and producing the documents in response to the subject public records requests in 2015-2016, are from 2003 or prior, making it extremely difficult to establish what date they were created and who created them aside from what appears in the content of the documents themselves. The amount of time it would take to obtain such information for thousands of pages, if possible, extremely disproportionate to the needs of this case.  Without waiving said objections, see response to Interrogatory No. 2, which provides source information for PR 16-00760, a broader PRR than PR 15-00570 (Betz' request).

**INTERROGATORY NO. 4:  Please try again to answer**

The question refers to YOU, Keating, Bucklin & McCormack, Inc., P.S..  Please report the Actual time YOU spent in reviewing PR-2015-00570, and disclose the costs YOU billed to the UW for this review.

**RESPONSE: OBJECTION.** Improper request; Relevance; Attorney-Client/Work Product Privilege; Not Reasonable Calculated to Lead to the Discovery of Admissible Evidence. FRCP 33 states "**a party** may serve on **any other party**" interrogatories (emphasis added). Counsel for the University is not a party to this case, and therefore this request is improper. It also lacks any relevance to this case.  Without waiving this objection, litigation counsel was not appointed on this matter until April 12, 2017 and was not involved in reviewing or responding to this 2015 public records request.

**INTERROGATORY NO. 8:  Please try again to answer parts (b) and (c).**

**RESPONSE: OBJECTION.**  Vague; Confusing; Calls for Speculation.  Defendant is unclear as to what Plaintiff is asking for here.  There are no parts (b) or (c) attached to this question, and Defendant will not speculate as to what Plaintiff is asking here.

**INTERROGATORY NO. 10:**

Please identify all employees, managers, and other staff of University of Washington, who have knowledge as to University of Washington's process and procedure for responding to public disclosure requests, for the past fifteen (15) years, including full name, position title(s), and dates of employment

PLAINTIFF'S SECOND SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT - 7
2:17-cv-00642-RSM
1010-00051/309677

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE: (206) 623-8861
FAX: (206) 223-9423

**RESPONSE: OBJECTION.** Overbroad; Scope (time); Relevance; Not Proportional to the Needs of the Case; Not Likely to Lead to the Discovery of Admissible Evidence; Unduly Burdensome; Vague. No one made a discovery request for Plaintiff's file prior to David Betz on September 16, 2015. There is no reason why anyone's knowledge prior to that date is relevant. Further, the University has identified which employees worked on the relevant discovery requests, and their supervisors at the time. The request to identify all "employees, managers, and other staff" who "have knowledge" of the public records process is extremely expansive, because individuals in other University of Washington Departments who have had to assist in responding to Public Records Act requests (not just Plaintiff's, but anyone's) will likely have some knowledge as to at least part of the process. Without waiving said objections, the following individuals in the Officer of Public Records have worked on this case and have knowledge of the process and procedure for responding to public disclosure requests:

1) Alison Swenson, Compliance Analyst, July, 2014

2) Andrew Palmer, Compliance Analyst, July, 2015

**INTERROGATORY NO. 11:**

Please identify all trainings, materials, handbooks, policies, procedures, manuals, guidelines, bulletins, notes, memorandum, letters, and e-mails regarding, related to, and/or referring to public disclosures by Defendant referring to Plaintiff for the last fifteen (15) years.

**RESPONSE: OBJECTION.** Confusing; Scope (time); Overbroad; Relevance; Attorney Client/Work-Product Privilege. It is unclear what Plaintiff is requesting here. Without waiving said objections, Defendant does not have any "trainings, materials, handbooks, policies, procedures, manuals, guidelines, or bulletins" "regarding, related to, and/or referring to public disclosures by Defendant referring to Plaintiff[.]" Any notes, memorandum, letters, and e-mails "regarding, related to, and/or referring to public disclosures by Defendant referring to Plaintiff" may be subject to attorney client and/or work product privilege, and such privileged documents will not be produced. For correspondence between the public records offices and the different departments to which the public records department sent out requests for information, see Defendants' Initial Disclosures. To the extent not already produced, see responses to RFP No. 18.

**INTERROGATORY NO. 12:**

If you had any communications, in any form, with any person (excluding your attorneys), regarding the matters alleged in Plaintiff's Complaint, state:

(a)    The identity of the person(s) with whom such communications were made;
(b)    What was said to the person(s) identified in subsection (a); and
(c)    The date and form (written or oral) of each such communications.

PLAINTIFF'S SECOND SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT - 8
2:17-cv-00642-RSM
1010-00051/309677

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE: (206) 623-8861
FAX: (206) 223-9423

**RESPONSE: OBJECTION.** Unduly Burdensome, Overbroad; Not Proportional to the Needs of the Case.  Given Plaintiff's expansive definition of "you", this request is extremely burdensome and would require the Defendant University to inquire of all of its employees if they have ever spoken about any of the matters alleged in Plaintiff's 27-page single-spaced complaint.  Defendant has identified the relevant individuals in this matter.  Asking to gather all oral communications and identify who they were made to and what was said is a nearly impossible task, and wholly unnecessary where documentation (already provided to Plaintiff) is a more reliable source of the evidence in this case.

**INTERROGATORY NO. 13:**

Identify each person you or your attorneys expect to testify at trial as an expert witness, and for each such witness, state:

(a)     The subject matter on which the expert is expected to testify;
(b)     The substance of the facts and opinions to which the expert will testify; and
(c)     A summary of the grounds for each such opinion.

**RESPONSE: OBJECTION.** Premature. Defendant had not identified or retained experts to date, and will disclose expert witnesses, if any, pursuant to the Court's "Order Setting Trial Date and Related Dates."

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUESTS FOR PRODUCTION NO. 3:**

This is relevant to Plaintiff's claims for retaliation, libel and defamation.
Please produce all phone logs and calendars and any other documents related to the meeting or phone conference schedule of Dr. Rhoda Ashley Morrow from 2000 - 2005, including records maintained by Dr. Rhoda Ashley Morrow, or her assistant, Sharon Risley, including all paper documents, books, or electronically stored records.

Please produce all documents maintained or archived by the University of Washington.

**RESPONSE: OBJECTION.** Relevance; Not reasonably calculated to lead to the discovery of admissible evidence; not proportional to the needs of the case; duplicative. Nothing in this request is relevant to any issues or claims set forth in Plaintiff's Complaint. Plaintiff signed a valid settlement agreement releasing the University from any claims related to her employment, which ended in 2003. Further, the statute of limitations for a retaliation claim is three years and for libel/defamation is two years. Dr. Morrow is retired from the University and her personal and professional records regarding her daily activities from well over a decade ago would have no relevance to any actionable claim.  Such an effort is not proportional to the needs of this case.

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE: (206) 623-8861
FAX: (206) 223-9423

**REQUESTS FOR PRODUCTION NO. 4:**

This is relevant to Plaintiff's claims for retaliation.  (See Complaint at 3.3, 3.10, and 5.3b)

Plaintiff has asserted that the University of Washington paid the Plaintiff's salary from Federally funded research grants that were not related to the work that her supervisor assigned, and that the retaliatory acts by her supervisor were meant to discredit and remove the Plaintiff from accessibility as a whistleblower.  The UW Office of Research or other Offices involved in the administration of NIH grants undoubtedly maintains these records.

## Please produce all records of NIH audits of grants used to pay Plaintiff's salary.

**RESPONSE:  OBJECTION.** Relevance; Not reasonably calculated to lead to the discovery of admissible evidence; not proportional to the needs of the case; overbroad; duplicative. Plaintiff has not asserted she was improperly paid or that the grants used to pay her salary have any relevance to any of her claims.  Plaintiff signed a valid settlement agreement releasing the University from any claims related to her employment, which ended in 2003.  Plaintiff began employment with the University in the 1980s.  Such a request is not proportional to the needs of the case given the lack of any articulable relevancy.  Finally, Defendant objects to Plaintiff's initial paragraph prior to her actual request. Further, the statute of limitations for a retaliation claim is three years

**REQUESTS FOR PRODUCTION NO. 5:**

This is relevant to Plaintiff's claims for retaliation.  (See Complaint at 3.3, 3.10, and 5.3b)

Plaintiff has asserted that the University of Washington paid the Plaintiff's salary from Federally funded research grants that were not related to the work that her supervisor assigned, and that the retaliatory acts by her supervisor were meant to discredit and remove the Plaintiff from accessibility as a whistleblower.  The UW Office of Research or other Offices involved in the administration of NIH grants undoubtedly maintains these records.

## Please produce all records of NIH audits of Dr. Rhoda Ashley Morrow or the Virology Division of the UW from 2000-2003.

**RESPONSE:  OBJECTION.** Relevance; Not reasonably calculated to lead to the discovery of admissible evidence; not proportional to the needs of the case; unduly burdensome; duplicative.  Similar to RFPs #3 and #4, the requested documents are over 13 years old and have no relevance to Plaintiff's claims arising out of the University's processing of public records requests in 2015-2016.     Plaintiff signed a valid settlement agreement releasing the University from any claims related to her employment, which ended in 2003.  Finally, any possible relevance fails the "proportionality" test.  Finally, Defendant objects to Plaintiff's initial paragraph prior to her actual request. Further, the statute of limitations for a retaliation claim is three years

**REQUESTS FOR PRODUCTION NO. 6:**

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE: (206) 623-8861
FAX: (206) 223-9423

This is relevant to Plaintiff's claims for retaliation.  (See Complaint at 3.3, 3.10, and 5.3b), and is calculated to lead to the discovery of the habitual nature of this conduct.

Please produce all records of complaints, reports, audits and investigations of research or professional misconduct pertaining to Dr. Rhoda Ashley Morrow and Dr. Lawrence Corey.

**RESPONSE: OBJECTION.** Relevance; Not reasonably calculated to lead to the discovery of admissible evidence; not proportional to the needs of the case; unduly burdensome; duplicative.   Similar to RFPs #3-5, the requested documents have no relevance to Plaintiff's claims arising out of the University's processing of public records requests in 2015-2016.   Plaintiff signed a valid settlement agreement releasing the University from any claims related to her employment, which ended in 2003.  Finally, any possible relevance fails the "proportionality" test.  Finally, Defendant objects to Plaintiff's initial paragraph prior to her actual request.  Further, the statute of limitations for a retaliation claim is three years

**REQUESTS FOR PRODUCTION NO. 7:**

This is relevant to Plaintiff's claims for Public Records/Invasion of Privacy, and is calculated to lead to the discovery of the habitual conduct of the UW in responding to requests for employee records.  This is also relevant to Plaintiff's claims for discrimination and retaliation.

Please produce all documents and records pertaining to Gregory Pepper, Kurt Diem, Willa Lee, Corazon DeLarosa, Gail Mueller, Rosemary Obrigewitch, who have been employed by the UW in Virology labs, in positions similar to Plaintiff's.

**RESPONSE: OBJECTION.** Relevance; Not reasonably calculated to lead to the discovery of admissible evidence; not proportional to the needs of the case; unduly burdensome; privacy rights including (potentially) HIPAA, FERPA and other state and federal privacy statutes; duplicative.  To the best of the University's knowledge, these individuals played no part in assembling or redacting documents in response to the four public records requests in this case.  Plaintiff has not even identified these individuals in her initial disclosures, proving they have no relevance to her claims.  They have no stated relevance to this case.  Finally, Defendant objects to Plaintiff's initial paragraph prior to her actual request.

Without waiving the foregoing objections, the University already produced 726 pages of documents responsive to this request regarding Gregory Pepper to Plaintiff Julie Dalessio on June 6, 2017 in response to PR-2017-00358.  Ms. Dalessio's requests for the remaining employee records sought in RFP No. 7 are currently being processed by the Office of Public Records. This response may be supplemented.

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE: (206) 623-8861
FAX:  (206) 223-9423

**REQUESTS FOR PRODUCTION NO. 9:**

This is relevant to Plaintiff's claims for discrimination and is calculated to lead to the discovery of the habits of the UW in "ending" employment relationships.

Please Produce and identify All settlement agreements that were entered into by UW employees upon termination of employment with the UW, starting with the present and continuing back, including every consecutive agreement.

Please produce the first 30 documents responsive to this request, to aid the determination of the necessity for further production.

**RESPONSE: OBJECTION.** Relevance; Not reasonably calculated to lead to the discovery of admissible evidence; not proportional to the needs of the case; unduly burdensome; overbroad; vague ("First 30"); duplicative. Plaintiff's 2003 settlement is not an actionable issue in this case. Plaintiff was represented by competent counsel and voluntarily entered into the Settlement Agreement 14 years ago. Furthermore, any challenge to the settlement terms would be long past applicable statute of limitations. This request for all settlement agreements, apparently since the University's inception, is extremely overbroad and not proportional to the needs of the case or necessary for the resolution of any claim. This is not a class-action lawsuit, and Plaintiff's statement does not further describe how the requested documents are relevant to any element of any of her claims. Finally, Defendant objects to Plaintiff's initial paragraph prior to her actual request.

**REQUESTS FOR PRODUCTION NO. 10:**

Please produce all documents, including but not limited to correspondence, notes, memoranda, text messages, e-mails, letters, payroll records, bookkeeping records, time cards, time sheets, receipts, invoices, spreadsheets, contracts, agreements, transaction history, negotiations, reports, records, text messages, voice messages, in the document(s)' native format, <u>including all drafts</u>, that support or contradicts the claims alleged in Plaintiff's Complaint.

**RESPONSE: OBJECTION.** Overbroad; Unduly Burdensome; Attorney-Client and Work-Product Privilege. Without waiving said objections, and upon information and belief, Defendant has produced all documents it could locate related to Plaintiff. This includes the settlement agreement where Plaintiff dismissed all claims related to her employment with the University. This response may be supplemented.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce all documents, including but not limited to correspondence, notes, memoranda, text messages, e-mails, letters, payroll records, bookkeeping records, time cards, time sheets, receipts, invoices, spreadsheets, contracts, agreements, transaction history, negotiations, reports, records, text messages, voice messages, in the document(s)'

PLAINTIFF'S SECOND SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT - 12
2:17-cv-00642-RSM
1010-00051/309677

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE: (206) 623-8861
FAX: (206) 223-9423

native format, <u>including all drafts</u>, that support or contradicts the claims alleged in Defendant's Answer to Plaintiff's Complaint.

**RESPONSE: OBJECTION.** Vague; Confusing; attorney-client and work-product privilege.  Without waiving said objections, Defendant has not made any "claims" in their answer, and there are no counterclaims in this lawsuit.  Upon information and belief, defendant has produced all public records documents related to Plaintiff.  Other documents related to the Defendant's answer have been created for the purposes of litigation and are privileged.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce a copy of all documents University of Washington has presented to Plaintiff for signature, or prepared for Plaintiff's signature, including but not limited to agreements, disciplinary notices, releases, contracts, correspondence, and time cards, <u>including all drafts</u>, in native format.

**RESPONSE**: **OBJECTION.** Unduly burdensome; Overbroad; Relevance; Not Reasonably calculated to lead to the discovery of admissible evidence; Not Proportional to the Needs of this case.  Without waiving said objections, and upon belief, the University has provided Plaintiff and all documents it could locate that were related to Plaintiff, and will continue to supplement any records we find regarding Plaintiff (subject to privilege and other objections.)

**REQUEST FOR PRODUCTION NO. 13:**

Please produce organizational charts reflecting all supervisory and direct supervisory relationships in the structure at University of Washington relating to any department, office, or other sub-grouping in which Plaintiff was employed, including the date(s) it was in effect.

**RESPONSE**: **OBJECTION.** Relevance; Unduly burdensome; overbroad; Not Reasonably calculated to lead to the discovery of admissible evidence; Not Proportional to the Needs of this case.  Without waiving said objections, Plaintiff's request exclusively asks for documents related to her employment.  Plaintiff voluntarily settled any claim she had with the University regarding her employment in 2003 and cannot re-litigate those issues in this lawsuit. Upon information and belief, Defendant has produced all documents it could locate that were related to Plaintiff.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce all investigations, including conclusions, correspondence, memorandum, notes, text messages, audio and video recordings, findings, statements, interviews, etc., regarding public record disclosure or non-disclosure complaints by employees, agents, and/or independent contractors of the University of Washington referring to, regarding, and/or related to Plaintiff for the last fifteen (15) years.

**RESPONSE**: **OBJECTION.** Vague; Confusing; Overbroad; Scope (time).  Without waiving said objections, Defendant has provided documents related to all public records

PLAINTIFF'S SECOND SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT - 13
2:17-cv-00642-RSM
1010-00051/309677

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE: (206) 623-8861
FAX: (206) 223-9423

requests of Plaintiff to her, and confirmed that David Betz was the only individual except Plaintiff herself or her attorney to request her file.   Defendant is unaware of any investigations by the University "regarding public record disclosure or non-disclosure complaints" "referring to, regarding, and/or related to Plaintiff."   Any investigation into Plaintiff's requests for the purposes of defending this lawsuit is privileged under the Attorney/Client and Work Product Doctrine.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce any non-privileged documents or material things you have obtained or sent to any third party relating to this matter, including but not limited to requests for information or documents received from Plaintiff, public agencies, governments, private agencies, records requests, documents obtained from your employees, independent contractors or agents, bookkeeper, accountant, and payroll management.

**RESPONSE**: **OBJECTION.** Overbroad; Duplicative.  Without waiving said objections, this is a request for all documents related to "this matter" with no limitation or scope.  This matter is a Public Records Act claim involving the accidental release of an extremely limited number of documents containing Plaintiff's social security number.  Upon belief, the University has provided Plaintiff an unredacted copy of her entire personnel file, and are continuing to supplement any records we find regarding Plaintiff (subject to privilege and other objections.)

**REQUEST FOR PRODUCTION NO. 16:**

Please produce any non-privileged documents, including but not limited to investigation records, memoranda, text messages, emails, voice messages, notes, documents, payroll calculations, data sheets, reports, witness statements, statements, audio recordings, video recordings, and complaints, regarding, referring to, and/or related to any complaints made by Plaintiff during her period of employment to present.

**RESPONSE**: **OBJECTION.** Relevance; overbroad; Not likely to lead to the discovery of admissible evidence; Not proportional to the needs of the case.  Without waiving said objections, Plaintiff's request asks for documents related to her employment.  Plaintiff voluntarily settled any claim she had with the University regarding her employment in 2003 and cannot re-litigate those issues in this lawsuit.  To the extent Plaintiff has made any other "complaints," they relate to these discovery requests and have already been produced. (See Defendants Initial Disclosures.)

**REQUEST FOR PRODUCTION NO. 17:**

Please produce copies of all Public Record Requests received by Defendant or its employees, officers, or agents in which information pertaining to the Plaintiff was produced in response to the Request.

**RESPONSE: OBJECTION.** Unduly burdensome; Relevance; overbroad; Scope (time); Not likely to lead to the discovery of admissible evidence; Not proportional to the needs of the case.  This would require a hand-search through all public records responses to see if

PLAINTIFF'S SECOND SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT - 14
2:17-cv-00642-RSM
1010-00051/309677

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE: (206) 623-8861
FAX: (206) 223-9423

Plaintiff's name was on a document related to someone else.  Another possibility would be converting all Public Records Responses ever produced into PDFs, OCR'ing the document so that it has readable text, and then searching Dalessio's name.  However, technology will not always catch handwriting and therefore a full response would still require a hand search.  It is impossible to estimate how long this would take, but the pool of documents would be millions of pages and a search could take years.  Plaintiff's name is not protected by the PRA as she is an employee, not a student.  Such documents would almost certainly have no relevance to any issue in this case, and the search that would be required is not proportional to the needs of this case. Upon information and belief, Defendant has produced all documents it could locate that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce any and all documents referring to, regarding, and/or related to Interrogatory number 11.

**RESPONSE: OBJECTION.** Confusing; Overbroad; Relevance; Attorney Client/Work-Product Privilege.  It is unclear what Plaintiff is requesting here.  Without waiving said objections, Defendant does not have "trainings, materials, handbooks, policies, procedures, manuals, guidelines, or bulletins" "regarding, related to, and/or referring to public disclosures by Defendant referring to Plaintiff[.]"  Any notes, memorandum, letters, and e-mails "regarding, related to, and/or referring to public disclosures by Defendant referring to Plaintiff" may be subject to attorney client and/or work product privilege, and Defendant objects to producing such privileged documents..  For correspondence between the public records offices and the different departments to which the public records department sent out requests for information, see Defendants' Initial Disclosures and attached documents.

Discovery continues.  This answer may be supplemented.

**REQUEST FOR PRODUCTION NO. 19:**

For each expert identified in the Interrogatory No. 13, please produce:

(a)     The expert's complete file in this case, including, without limitation, all notes, reports, drafts of reports or other documents relating to communications and correspondence with counsel or other concerning this case.

(b)     A list of all publications authored, in whole or in part, by the expert within the preceding ten years, as well as copies of the publications, per se.

(c)     Any and all documents contained data or other information considered by the expert in forming his/her opinions.

(d)     Any exhibits to be used as a summary of or support for the opinions.

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE: (206) 623-8861
FAX:  (206) 223-9423

**RESPONSE: OBJECTION.** Premature. Defendant has not retained any experts in this matter to date, and will disclose expert witnesses and their reports, if any, pursuant to the Court's "Order Setting Trial Date and Related Dates."

**REQUEST FOR PRODUCTION NO. 20:**

Please produce all insurance agreements or policies, including declarations page and coverage definitions, under which any insurer may be liable to satisfy all or part of a judgment in this action, or to indemnify or reimburse defendant for payments made to satisfy the judgment.

**RESPONSE: OBJECTION.** Relevance; Not likely to lead to the discovery of admissible evidence. Without waiving these objections, the University of Washington and its faculty, staff, agents and students are covered for liabilities arising from negligent acts and/or omissions committed in the course and scope of their University duties. This coverage is provided through a self-funded program established pursuant to RCW 28B20.250 et seq., and governed by the Standing Orders of the Board of Regents. The liability program provides unlimited coverage, operates on an occurrence basis, and applies at all approved sites of practice or education.

**REQUEST FOR PRODUCTION NO. 21:**

Please produce all documents to/from the State of Washington Human Rights Commission regarding, referring to, and/or related to Plaintiff in the last fifteen (15) years.

**RESPONSE:** Defendant University of Washington does not maintain records for the State of Washington Human Rights Commission.   See, attached documents.

**REQUEST FOR PRODUCTION NO. 22:**

Please produce all documents to/from the U.S. Equal Employment Opportunity Commission regarding, referring to, and/or related to Plaintiff in the last fifteen (15) years.

**RESPONSE: OBJECTION.** Scope (time).  Defendant University of Washington does not maintain records for the "U.S. Equal Employment Opportunity Commission."   See, attached documents.

**REQUEST FOR PRODUCTION NO. 23:**

Please produce all documents referring to, regarding, and/or related to redaction of information pursuant to Public Records requests and said production of documents.

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE: (206) 623-8861
FAX: (206) 223-9423

**RESPONSE: OBJECTION**. Overbroad; Vague; Unduly Burdensome; Relevance. It is unclear if Plaintiff is request all documents the University as a whole has "referring to, regarding, and/or related to redaction of information" for Public Records Requests, or if this request is limited in scope to documents that compliance analysts have. The former is potentially unlimited as many employees receive public records training. Defendant would need Plaintiff to define the scope of her request to allow it to answer, if possible. Without waiving said objection, the University of Washington redacts documents pursuant to the Washington Public Records Act, RCW 42.56.

**REQUEST FOR PRODUCTION NO. 24:**

Please produce all documents, including e-mails, to/from Plaintiff and Defendant regarding, referring to, and/or related to on-the-job injuries.

**RESPONSE**: **OBJECTION.** Relevance; Unduly burdensome; Overbroad; Not Reasonably calculated to lead to the discovery of admissible evidence; Not Proportional to the Needs of this case. Without waiving said objections, Plaintiff's request exclusively asks for documents related to her employment. Plaintiff voluntarily settled any claim she had with the University regarding her employment in 2003 and cannot re-litigate those issues in this lawsuit. Upon information and belief, Defendant has produced all documents it could locate that were related to Plaintiff.

**REQUEST FOR PRODUCTION NO. 25:**

Please produce a copy of Plaintiff's employment files and records, including but not limited to personnel file, resume, application, leave requests, accommodation requests, medical requests, medical records, worker's compensation records, payroll records, timesheets, time cards, paystubs, wage calculations, agreements, contracts, handbooks, offer letters, job descriptions, background checks, commendations, awards, write-ups, warnings, disciplinary actions, and acknowledgment of handbooks, policies, and/or procedures.

**RESPONSE: OBJECTION.** Duplicative. Without waiving said objections, and upon belief, Plaintiff has received a copy of her entire employment file in response to her public request. Based on a diligent search, Defendants' believe they have produced unredacted copies of Plaintiff's entire employment file still in possession of the University to her.

**REQUEST FOR PRODUCTION NO. 26:**

Please produce a copy of all documents regarding, referring to, and/or related to the withdrawing of any documents from Plaintiff's personnel and/or employment file with Defendant.

PLAINTIFF'S SECOND SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT - 17
2:17-cv-00642-RSM
1010-00051/309677

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE: (206) 623-8861
FAX: (206) 223-9423

**RESPONSE: OBJECTION.** Vague ("Withdrawing"); Confusing.   Without waiving said objections and upon belief, Plaintiff has received a copy of her entire employment file still in possession of the University.

**REQUEST FOR PRODUCTION NO. 27:**

Please produce a copy of any settlement agreements or contracts, including all drafts, presented to Plaintiff by Defendant in the last fifteen (15) years.

**RESPONSE: OBJECTION.** Duplicative; Scope (time).   Without waiving said objection, Defendant has produced copies of the final settlement agreement Plaintiff voluntarily agreed to in 2003.   Upon belief, this is the only "settlement agreement or contract" presented to Plaintiff by the University in the last 15 years.  Upon information and belief, Defendant does not have any drafts of the 2003 Settlement Agreement.

**REQUEST FOR PRODUCTION NO. 28:**

Please produce a copy of Plaintiff's medical file and records, including any accommodation documents, medical records and bills, injuries, doctor's notes, medical assessments, worker's compensation claim, and worker's compensation files.

**RESPONSE: OBJECTION.** Relevance. Without waiving said objections, and upon belief, the University has provided Plaintiff an unredacted copy of her entire personnel file, and are continuing to supplement any records we find regarding Plaintiff (subject to privilege and other objections.)  Plaintiff voluntarily settled any claim she had with the University regarding her employment in 2003 and cannot re-litigate those issues in this lawsuit.

**REQUEST FOR PRODUCTION NO. 29:**

Please produce any and all documents that in any way refer to, relate to, or support the allegation in Paragraph 5.1 a. (page 4, lines 7-9) of your Answer and Affirmative Defenses to Plaintiff's Complaint that Defendant "inadvertently missed redacting social security number on one page . ."

**RESPONSE: OBJECTION.** Work Product privilege; Calls for a legal conclusion. This request asks for Defendants' privileged analysis and a legal conclusion regarding the Public Records Act.  Without waiving said objection, see PRR 2015-00570, produced in Defendants' initial disclosures.  Upon information and belief, Defendant has produced all documents it could locate that are related to Plaintiff.

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE: (206) 623-8861
FAX: (206) 223-9423

**REQUEST FOR PRODUCTION NO. 30:**

Please produce any and all documents that in any way refer to, relate to, or support the allegation in Paragraph 5.1 a. (page 4, line 12) of your Answer and Affirmative Defenses to Plaintiff's Complaint that Defendant "is not required to redact this employee's date of birth under the PRA."

**RESPONSE:** OBJECTION. Work Product privilege; Calls for a legal conclusion. This request asks for Defendants' privileged analysis and a legal conclusion regarding the Public Records Act.  Without waiving said objection, see RCW 49.60.  Upon information and belief, Defendant has produced all documents it could locate that are related to Plaintiff.

**REQUEST FOR PRODUCTION NO. 31:**

Please produce any and all documents that in any way refer to, relate to, or support the allegation in Paragraph 5.1 a. (page 4, line 12) of your Answer and Affirmative Defenses to Plaintiff's Complaint that Defendant "denies the remaining allegations contained in paragraph 5.1(a) . . ."

**RESPONSE: OBJECTION.** Calls for a legal conclusion; Work Product Privilege. This request asks Defendant to provide supporting documentation of its denials of legal liability and analysis.  Upon information and belief, Defendant has produced all documents it could locate that are related to Plaintiff.

**REQUEST FOR PRODUCTION NO. 32:**

Please produce any and all documents that in any way refer to, relate to, or support the allegation in Paragraph 5.1 o. (page 5, line 23) of your Answer and Affirmative Defenses to Plaintiff's Complaint that Defendant "knew of and followed all legal obligations."

**RESPONSE: OBJECTION.** Calls for a legal conclusion; Work Product Privilege. This request asks Defendant to provide supporting documentation of its denials of legal liability and analysis.  This request asks for legal arguments in the guise of a request for documentation, and is therefore improper.  Without waiving said objection, see RCW 42.56 and Defendants' Initial Disclosures.  Upon information and belief, Defendant has produced all documents it could locate that are related to Plaintiff.

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE: (206) 623-8861
FAX: (206) 223-9423

**REQUEST FOR PRODUCTION NO. 33:**

Please produce any and all documents that in any way refer to, relate to, or support the allegation in Paragraph 5.2 b. (pg 6 line 22) of your Answer and Affirmative Defenses to Plaintiff's Complaint that "the Settlement Agreement is part of the public record in compliance with the Public Records Act . . ."

**RESPONSE: OBJECTION.** Calls for a legal conclusion; Work Product Privilege. This request asks Defendant to provide supporting documentation of its denials of legal liability and analysis. This request asks for legal arguments in the guise of a request for documentation, and is therefore improper. Upon information and belief, Defendant has produced all documents it could locate that are related to Plaintiff.

**REQUEST FOR PRODUCTION NO. 34:**

Please produce any and all documents that in any way refer to, relate to, or support the allegation in Paragraph 5.3 b. (pg 7 line 8) of your Answer and Affirmative Defenses to Plaintiff's Complaint that "the documents referenced are neither defamatory nor exempt from being in a personnel file."

**RESPONSE: OBJECTION.** Calls for a legal conclusion; Work Product Privilege. This request asks Defendant to provide supporting documentation of its denials of legal liability and analysis. This request asks for legal arguments in the guise of a request for documentation, and is therefore improper. Upon information and belief, Defendant has produced all documents it could locate that are related to Plaintiff.

**REQUEST FOR PRODUCTION NO. 35:**

Please produce any and all documents that in any way refer to, relate to, or support the allegation in Paragraph 5.3 g. (pg 7 line 22) of your Answer and Affirmative Defenses to Plaintiff's Complaint that "Defendant did remove the specified letters from Plaintiff's personnel file."

**RESPONSE: OBJECTION.** Attorney-client/work product privilege. To the extent any documents exist, documents reflecting actions taken by legal are subject to privilege. Without waiving said objection, see letter from Jeffrey Davis produced in response to PR 16-00760 and documents produced in Defendant's Initial Disclosures. Upon information and belief, Defendant has produced all documents it could locate that are related to Plaintiff.

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE: (206) 623-8861
FAX: (206) 223-9423

**REQUEST FOR PRODUCTION NO. 36:**

Please produce any and all documents that in any way refer to, relate to, or support the allegation in Paragraph VIII. 1. (pg 10 line 2) of your Answer and Affirmative Defenses to Plaintiff's Complaint that "one or more of Plaintiff's claims are barred by the statute of limitations."

**RESPONSE: OBJECTION.** Calls for a legal conclusion; Work Product Privilege. This request asks Defendant to provide supporting documentation of its denials of legal liability and analysis.  This request asks for legal arguments in the guise of a request for documentation, and is therefore improper.  Upon information and belief, Defendant has produced all documents it could locate that are related to Plaintiff.

**REQUEST FOR PRODUCTION NO. 37:**

Please produce any and all documents that in any way refer to, relate to, or support the allegation in Paragraph VIII. 2. (pg 10 line 4) of your Answer and Affirmative Defenses to Plaintiff's Complaint that "the Plaintiff has executed releases of other parties and received full compensation for alleged injuries and damages which operates as a release of this Defendant and a bar to several claims in this action."

**RESPONSE: OBJECTION.** Calls for a legal conclusion; Work Product Privilege. This request asks Defendant to provide supporting documentation of its denials of legal liability and analysis.  This request asks for legal arguments in the guise of a request for documentation, and is therefore improper.  Without waiving said objections, see Settlement Agreement in Defendants' Initial Disclosures.  Upon information and belief, Defendant has produced all documents it could locate that are related to Plaintiff.

**REQUEST FOR PRODUCTION NO. 38:**

Please produce any and all documents that in any way refer to, relate to, or support the allegation in Paragraph VIII. 4. (pg 10 line 9) of your Answer and Affirmative Defenses to Plaintiff's Complaint that "the Defendant at all times acted in good faith in the performance of their duties and are therefore immune from suit . . ."

**RESPONSE: OBJECTION.** Calls for a legal conclusion; Work Product Privilege. This request asks Defendant to provide supporting documentation of its denials of legal liability and analysis.  This request asks for legal arguments in the guise of a request for documentation, and is therefore improper.  Upon information and belief, Defendant has produced all documents it could locate that are related to Plaintiff.

PLAINTIFF'S SECOND SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT - 21
2:17-cv-00642-RSM
1010-00051/309677

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE: (206) 623-8861
FAX: (206) 223-9423

**REQUEST FOR PRODUCTION NO. 39:**

Please produce any and all documents that in any way refer to, relate to, or support the allegation in Paragraph VIII. 5. (pg 10 line 13) of your Answer and Affirmative Defenses to Plaintiff's Complaint that "if the Plaintiff suffered any damages, recovery is therefore barred by Plaintiff's failure to mitigate said damages."

**RESPONSE: OBJECTION.** Calls for a legal conclusion; Work Product Privilege. This request asks Defendant to provide supporting documentation of its denials of legal liability and analysis.  This request asks for legal arguments in the guise of a request for documentation, and is therefore improper.   Upon information and belief, Defendant has produced all documents it could locate that are related to Plaintiff.

**REQUEST FOR PRODUCTION NO. 40:**

Please produce any and all documents that in any way refer to, relate to, or support the allegation in Paragraph VIII. 6. (pg 10 line 15) of your Answer and Affirmative Defenses to Plaintiff's Complaint that "the conduct of the Defendants was privileged and some/all of Plaintiff's claims are therefore barred."

**RESPONSE: OBJECTION.** Calls for a legal conclusion; Work Product Privilege. This request asks Defendant to provide supporting documentation of its denials of legal liability and analysis.  This request asks for legal arguments in the guise of a request for documentation, and is therefore improper.   Upon information and belief, Defendant has produced all documents it could locate that are related to Plaintiff.

**REQUEST FOR PRODUCTION NO. 41:**

Please produce any and all documents that in any way refer to, relate to, or support the allegation in Paragraph VIII. 7. (pg 10 line 18) of your Answer and Affirmative Defenses to Plaintiff's Complaint "that the parties entered into a binding contractual settlement agreement and Defendant has performed its contractual obligations."

**RESPONSE: OBJECTION.** Calls for a legal conclusion; Work Product Privilege. This request asks Defendant to provide supporting documentation of its denials of legal liability and analysis.  This request asks for legal arguments in the guise of a request for documentation, and is therefore improper.  Without waiving said objections, see Settlement Agreement in Defendants' Initial Disclosures.  Upon information and belief, Defendant has produced all documents it could locate that are related to Plaintiff.

PLAINTIFF'S SECOND SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT - 22
2:17-cv-00642-RSM
1010-00051/309677

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE: (206) 623-8861
FAX: (206) 223-9423

**REQUEST FOR PRODUCTION NO. 42:**

Please produce any and all documents that in any way refer to, relate to, or support the allegation in Paragraph VIII. 8. (pg 10 line 20) of your Answer and Affirmative Defenses to Plaintiff's Complaint that "Defendant alleges that there are other entities at fault for the damages alleged in Plaintiff's complaint."

**RESPONSE: OBJECTION.** Calls for a legal conclusion; Work Product Privilege. This request asks Defendant to provide supporting documentation of its denials of legal liability and analysis. This request asks for legal arguments in the guise of a request for documentation, and is therefore improper. Without waiving said objections, see Betz v. Dalessio lawsuit. Upon information and belief, Defendant has produced all documents it could locate that are related to Plaintiff.

**REQUEST FOR PRODUCTION NO. 43:**

Please produce any and all documents that in any way refer to, relate to, or support the allegation in Paragraph VIII. 9. (pg 11 line 1) of your Answer and Affirmative Defenses to Plaintiff's Complaint "That all actions of the Defendant herein alleged manifest a reasonable exercise of judgment and discretion by authorized public officials made in the exercise of governmental authority entrusted to them by law and are neither tortious nor actionable."

**RESPONSE: OBJECTION.** Calls for a legal conclusion; Work Product Privilege. This request asks Defendant to provide supporting documentation of its denials of legal liability and analysis. This request asks for legal arguments in the guise of a request for documentation, and is therefore improper. Upon information and belief, Defendant has produced all documents it could locate that are related to Plaintiff.

**REQUEST FOR PRODUCTION NO. 44:**

Please produce all documents responsive to the September 16, 2015 request of David Betz for "all records maintained by the University of Washington relating or pertaining to Julie Dalessio," including all attachments, and any privilege log.

**RESPONSE: OBJECTION.** Duplicative. Without waiving said objections, see Defendant's Initial Disclosures.

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE: (206) 623-8861
FAX: (206) 223-9423

## __ATTORNEY CERTIFICATION__

The undersigned counsel for defendant hereby certifies defendant's responses pursuant to Rule 26(g).

Dated 14th day of August, 2017.

/s/ Jayne L. Freeman
Jayne L. Freeman, WSBA # 24318
Special Assistant Attorney General, Counsel for Defendant

PLAINTIFF'S SECOND SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT - 24
2:17-cv-00642-RSM
1010-00051/309677

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE: (206) 623-8861
FAX: (206) 223-9423

## **DECLARATION OF RESPONDING PARTY**

I declare under the penalty of perjury under the laws of the State of Washington that I am the Defendant in this action OR I am the _____ of _____ and am authorized to make the foregoing answers.  I declare that I have read the foregoing answers, know the contents thereof, and believe them to be true and correct.

Dated this _____ day of _____, 2017, at _____, Washington.

_____
Name

_____
Its

Address:   _____

_____

PLAINTIFF'S SECOND SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT - 25
2:17-cv-00642-RSM
1010-00051/309677

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1

## CERTIFICATE OF SERVICE

2        I hereby certify that on August 15, 2017, I sent a true and correct copy of the

3  foregoing document via electronic mail upon the following:

4

5  **Attorneys for Pro-Se Plaintiff**
Julie Dalessio

6  1110 29th Ave.
Seattle, WA  98122

7  Telephone:  (206) 324-2590
Email:  juliedalessio@msn.com

8

9

10  DATED:  August 15, 2017

11

12                     */s/ LaHoma Walker*

13                     Legal Assistant

14

15

16

17

18

19

20

21

22

23

24

25

26

27  PLAINTIFF'S SECOND SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT - 26
2:17-cv-00642-RSM

1010-00051/309677

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1576
PHONE: (206) 623-8861
FAX: (206) 223-9423