1

2                                                                The Honorable Marsha J. Pechman

3

4

5

6                                UNITED STATES DISTRICT COURT

7                    WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8    JULIE DALESSIO, an individual,                Case No. 2:17-cv-00642 MJP

9                                  Plaintiff,      Plaintiff's **reply re:  motion to compel
                                                   discovery, Dkt. 52**
     v.

10   UNIVERSITY OF WASHINGTON,                     Note on Motion Calendar:
                                                     **November 17, 2017**
11                                 Defendant.

12

13         **The Plaintiff objects to Defendant, UW's response (Dkts. 55-56, 56-1, 56-2, 56-3)
     and moves to strike it as:**

14         1.  Not in direct response to the points described and enumerated in the motion;

15         2.  Untrue, deliberately misleading, trivializing, demeaning, misrepresentations and
               mischaracterizations, meant to cause embarrassment and prejudice the
16             administration of justice (RPC 8.4, 4.4, 4.1);

17         3.  Unnecessarily cumulative (FRE 403);

18         4.  Impertinent, irrelevant (FRE402);                              and/or

         5. *Evasive or Incomplete Disclosure, Answer, or Response. (FRCP 37 (a)(4))*
19
     The UW has objected to all of Plaintiff's Interrogatories and Requests for Production (*Dkts.

20   56-1, 56-2*), has provided only incomplete and misconstrued responses and has attempted to

21   shame, embarrass and intimidate the Plaintiff, and *the UW requests the court grant a*

22

*protective order regarding discovery,* to allow their behavior because, in their own words,

"The University filed a Motion for Summary Judgment on all claims in August of 2017 that will likely dismiss all or most of Plaintiff's claims, potentially making any discovery requests in dispute moot."(*Dkt. 55 p.2*)

The Plaintiff submits to the court that the **evasive and incomplete responses from UW** have caused " annoyance, embarrassment, oppression, or undue burden or expense" to all and that UW's often repeated assertions that the Court will dismiss all claims before any discovery, before a full evidentiary hearing, is further evidence of obstructive behavior. UW's request for a protective order to prevent discovery should be denied.

On October 23, 2017 the parties met again to discuss Plaintiff's remaining discovery requests. (*Decl. Plaintiff*)  Prior to this meeting *(*Oct. 16th) Plaintiff served her third discovery requests*,* a simplified version of previous requests.(*id. Attachment 1*)  Rather than respond to these simplified requests, Counsel for UW chose to respond to this motion, repeating and reproducing absurd misinterpretations and trivializing, demeaning responses to Plaintiff's previous discovery requests.

Plaintiff submits the following IN **Direct Reply to Defendant's Response** (Dkt. 55).

The entire "Introduction" and  "Statement of Facts," (*Dkt. 55 pp. 1-3*) should be stricken.[1]

**IV. A.**  Contrary to UW's assertion, Plaintiff *is* claiming that **UW has improperly withheld**

---

[1](Not in direct response; Untrue, deliberately misleading, trivializing, demeaning, misrepresentations and mischaracterizations, meant to cause embarrassment and prejudice the administration of justice (RPC 8.4, 4.4, 4.1);  Impertinent, irrelevant (FRE402);

1
2
3
4

**Public Records** *(see Dkt. 52 p.10 line 11)*.  This entire section is offensive

mischaracterizations of Plaintiff's emotions and motives and misrepresentations of Plaintiff's

claims and should be stricken.

5
6

**IV. B.** "tables of authorities, signature blocks, and certificates of service need not be included

within the page limit." *(LCR7(e)(6)*)  Plaintiff's motion is within the page limit.

7
8
9

**IV. C.**  Any records that UW is maintaining ***pertaining to Plaintiff*** are relevant and

discoverable, even if they are not admissible as evidence.(FRCP 26(b)(1))

10
11
12
13

RFP 3 requires that Counsel question the original custodians of Plaintiff's employee

records regarding their knowledge of any documents pertaining to Plaintiff.  Counsel for

Defense agreed to "reach out to his client" to contact these persons in exchange for Plaintiff's

agreement to extend discovery deadlines, but has not done so.*(Decl. Plaintiff)*

14
15
16
17
18
19
20
21

RFP 5  The Public Records (PR-15-00570 and PR-16-00760) contain evidence that

Plaintiff's supervisor was paying her salary from government grants for tasks that weren't

assigned to the Plaintiff.*(Dkt. 43 p.6)* The requested evidence would tend to make the fact

more probable, and is relevant to Plaintiff's claims that her supervisor's perception of her as

a whistleblower was a factor for retaliation that led to her forced resignation and retaliation

that continued in UW's compilation, preservation and dissemination of libelous, defamatory

and deliberately misleading records that are damaging to Plaintiff's reputation, even to this

day.

22

1

2   RFP 6   The UW Office of Public Records has produced new evidence of violations

3   of the Fair Labor Standards Act (29 CFR sec 791.2) by Plaintiff's supervisor and her

    superior, pertaining to Plaintiff (PR-2017-00737).[2]   This is relevant to Plaintiff's claims of

4   retaliation based on the perception that she would be a whistleblower was a factor in her

5   forced resignation, and that retaliation continued in UW's compilation, preservation and

6   dissemination of libelous, defamatory and deliberately misleading records that are damaging

7   to Plaintiff's reputation.  Additional relevant records may exist.

8

9   Defendant's mischaracterizations of Plaintiff's motives are offensive and impertinent

10  and should be stricken.(*Dkt. 55 p. 5*)

11  **IV. D.**   Interrogatory 1:   UW has not responded adequately to **identify** persons responding

12  to discovery requests.  UW has produced no evidence that they have addressed discovery

13  requests to relevant persons, and should be ordered to do so.

14

15  Interrogatory 2:  Pertaining to relevant records, UW has not provided a  "means of

16  identification sufficient to identify the document for purposes of a request for production."

17  While Defendant has provided lists of persons involved with Plaintiff's records, and **multiple**

18  copies of communications regarding such, UW has not sufficiently responded to this.

19  Interrogatory 3:  UW does not respond adequately to identify the documents produced

20  in the pertinent public records.  UW deliberately misinterprets the request and focuses on

21  objections to providing information that is already evident in the documents, such as the

22
_____

[2] UW improperly produced this public record, including personally identifying information.

name of the author.  UW has not provided any identification of PR 2015-00570 and the

information UW provided regarding PR 16-00760 is inaccurate, uninterpretable (file numbers

provided do not match those in Plaintiff's copy of the PR), vague and incomplete. UW did

not provide any description of the **1431 pages that were withheld from this PR**.

Plaintiff does not have copies of the non-redacted documents that were provided in

response to PRR 2015-00570 for "all records pertaining" to Plaintiff, and UW has objected to

production. UW has not provided any information as to how/why this different set of records

was selected and produced for her neighbor.  These questions should be answered with

proper identification of these records.  This information **should be** readily obtainable by the

Defendant, is entirely relevant and necessary in proving the actions of UW personnel in

maintaining and responding to requests for Plaintiff's employee records, and will tend to

prove the fact that these records were improperly maintained and released.  The UW did not

find it unduly burdensome to produce Plaintiff's records to David Betz.

Interrogatory 8:  UW has a duty to disclose related cases (LCR 26(f)).  UW's

response is incomplete and counsel's characterization of Plaintiff's emotions is offensive,

impertinent, and should be stricken.

Interrogatory 10:  The records of any past and present custodians of Plaintiff's records

are relevant to this case and should be readily available to the Defendant. UW has not

provided the requested records of relevant persons as counsel falsely claims, and Plaintiff has

not requested information from "unrelated employees."

Interrogatory 12:  Would be appropriately addressed to the persons named in disclosures, and would be highly probative of when and which custodians of Plaintiff's records were involved in the destruction/loss, compilations, and different selections and disseminations of her records.

RFP 9:  Plaintiff has made a public records request for "copies of termination settlement agreements between employees and the UW.  Please produce the 50 most recent documents responsive to this request."  The Plaintiff's settlement agreement contains an invalid waiver of her rights under the Americans with Disabilities Act and the Age Discrimination in Employment Act.[3]  The Plaintiff received no consideration for the waiver of her rights.[4]  The Agreement clearly describes that the payment she received from UW was $1546 for "back wages" and $13,454 "in lieu of wages."  (*Dkt. 30-3 p.3 at #5*) The agreement bars Plaintiff's rights to file complaints of discrimination against UW forever (*id at #7*), and bars the Plaintiff from speaking about the terms (*id at p.4 #16*) in violation of the ADEA and OWBPA.  In addition, the Agreement is unenforceable because UW used undue influence and improper conduct to coerce Plaintiff to sign.(*Dkt. 43 p.7 line 18*)  The UW has insinuated that similar terms "would likely invalidate a majority of the currently existing settlement agreements" (*Dkt. 45, p. 9*)

F.     Interrogatory #7: Defendant has neither denied or identified any privileged conduct or

---

[3] 29 USC 626(f)(2) waiver was not "knowing and voluntary since not given 21 day notice to consider, 29 CFR 1625.22(e)(6)  21 day time period waiver not valid because of threat to withdraw offer if not signed that day,

[4] Waivers of ADEA rights must be in exchange for valuable consideration

documents pertaining to Plaintiff that might have been withheld, nor have they identified

persons responding to this (or any) interrogatory.

RFP #7:   Plaintiff requests records of UW employees who worked in similar

positions in the same division, to provide evidence of UW's habits or discrimination in

producing employees' personal, confidential information, as well as to provide evidence of

employment discrimination.  While the records of the two individuals already produced

contain probative evidence of improper public records releases, discrimination, and

violations of the Fair Labor Standards Act by Plaintiff's supervisor, the remaining requests

will likely reveal additional evidence.

Interrogatory 2:  Proper identification of relevant persons and documents will answer

all of Plaintiff's questions.  Interrogatory 11:  Plaintiff requests only relevant records.

G.  Plaintiff has incurred **costs for legal consultations** pertaining to discovery.

Dated: November 17, 2017

Signed:                                     s/ julie dalessio

                                                  Julie Dalessio
                                                  1110 29th Ave.
                                                  Seattle,  WA  98122

                                                  206 324 2590
                                                  juliedalessio@msn.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

1

2

Rule 403. Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other
3   Reasons   The court may exclude relevant evidence if its probative value is substantially
outweighed by a danger of one or more of the following: unfair prejudice, confusing the
4   issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative
evidence.

5

6   **Federal Rules of Civil Procedure (FRCP)**

7   Rule 33(b)(4) *Objections.* The grounds for objecting to an interrogatory must be stated with
specificity.
8

9   Rule 34(b)(2)(C) Objections. An objection must state whether any responsive materials are
being withheld on the basis of that objection. An objection to part of a request must specify
10  the part and permit inspection of the rest.

11  Rule 34(b)(2)(E) *Producing the Documents or Electronically Stored Information.* Unless
otherwise stipulated or ordered by the court, these procedures apply to producing documents
12  or electronically stored information:  (i) A party must produce documents as they are kept in
the usual course of business or must organize and label them to correspond to the categories
13  in the request;

14  **Rule 37. Failure to Make Disclosures or to Cooperate in Discovery; Sanctions**

15  (a) MOTION FOR AN ORDER COMPELLING DISCLOSURE OR DISCOVERY. (1) *In General.* On
notice to other parties and all affected persons, a party may move for an order compelling
16  disclosure or discovery. The motion must include a certification that the movant has in good
faith conferred or attempted to confer with the person or party failing to make disclosure or
discovery in an effort to obtain it without court action.
17

18  (a)(3) *Specific Motions.* (A) *To Compel Disclosure.* If a party fails to make a disclosure
required by Rule 26(a), any other party may move to compel disclosure and for appropriate
sanctions.
19

20  (a)(3)(B) *To Compel a Discovery Response.* A party seeking discovery may move for an
order compelling an answer, designation, production, or inspection. This motion may be
made if:
21

(iii) a party fails to answer an interrogatory submitted under Rule 33; or
22

(iv) a party fails to produce documents or fails to respond that inspection will be permitted—

or fails to permit inspection—as requested under Rule 34.

(a)(4) *Evasive or Incomplete Disclosure, Answer, or Response.* For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

(5)(A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.*

26(b) DISCOVERY SCOPE AND LIMITS.
(1) Scope in General. Unless otherwise limited by court order,

the scope of discovery is as follows: Parties may obtain discov- ery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the impor- tance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

(3) Trial Preparation: Materials.
(A) Documents and Tangible Things. Ordinarily, a party

may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

(i) they are otherwise discoverable under Rule 26(b)(1); and

(ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without

undue hardship, obtain their substantial equivalent by

other means.

1

2   (B) Protection Against Disclosure. If the court orders discovery of those materials, it must
    protect against disclosure of the mental impressions, conclusions, opinions, or legal theories
3   of a party's attorney or other representative concerning the litigation

4

5   FRCP 26 (b)(5)(A) Any information withheld under claims of privilege or protection must be
    expressly claimed and described.

6

7   FRCP 26 (b)(5) *Claiming Privilege or Protecting Trial-Preparation Materials.*

8   (A)*Information Withheld.* When a party withholds information otherwise discoverable by
        claiming that the information is privileged or subject to protection as trial-preparation
9       material, the party must:
        (i) expressly make the claim; and
10      (ii) describe the nature of the documents, communications, or tangible things not
        produced or disclosed—and do so in a manner that, without revealing information itself
11      privileged or protected, will enable other parties to assess the claim.

12

13

14

15  RCW 42.56.070  Documents and indexes to be made public—

16  (1) Each agency, in accordance with published rules, shall make available for public
    inspection and copying all public records, unless the record falls within the specific
17  exemptions of subsection (8) of this section, this chapter, or other statute which exempts or
    prohibits disclosure of specific information or records. To the extent required to prevent an
18  unreasonable invasion of personal privacy interests protected by this chapter, an agency shall
    delete identifying details in a manner consistent with this chapter when it makes available or
19  publishes any public record; however, in each case, the justification for the deletion shall be
    explained fully in writing.

20  (2) For informational purposes, each agency shall publish and maintain a current list
    containing every law, other than those listed in this chapter, that the agency believes exempts
21  or prohibits disclosure of specific information or records of the agency. An agency's failure to
    list an exemption shall not affect the efficacy of any exemption.

22

(3) Each local agency shall maintain and make available for public inspection and copying a current index providing identifying information as to the following records issued, adopted, or promulgated after January 1, 1973:

(a) Final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases;

(b) Those statements of policy and interpretations of policy, statute, and the Constitution which have been adopted by the agency;

(c) Administrative staff manuals and instructions to staff that affect a member of the public;

(d) Planning policies and goals, and interim and final planning decisions;

(e) Factual staff reports and studies, factual consultant's reports and studies, scientific reports and studies, and any other factual information derived from tests, studies, reports, or surveys, whether conducted by public employees or others; and

(f) Correspondence, and materials referred to therein, by and with the agency relating to any regulatory, supervisory, or enforcement responsibilities of the agency, whereby the agency determines, or opines upon, or is asked to determine or opine upon, the rights of the state, the public, a subdivision of state government, or of any private party.

(4) A local agency need not maintain such an index, if to do so would be unduly burdensome, but it shall in that event:

(a) Issue and publish a formal order specifying the reasons why and the extent to which compliance would unduly burden or interfere with agency operations; and

(b) Make available for public inspection and copying all indexes maintained for agency use.

(5) Each state agency shall, by rule, establish and implement a system of indexing for the identification and location of the following records:

(a) All records issued before July 1, 1990, for which the agency has maintained an index;

(b) Final orders entered after June 30, 1990, that are issued in adjudicative proceedings as defined in RCW 34.05.010 and that contain an analysis or decision of substantial importance to the agency in carrying out its duties;

(c) Declaratory orders entered after June 30, 1990, that are issued pursuant to RCW 34.05.240 and that contain an analysis or decision of substantial importance to the agency in carrying out its duties;

1

2    (d) Interpretive statements as defined in RCW 34.05.010 that were entered after June 30, 1990; and

3    (e) Policy statements as defined in RCW 34.05.010 that were entered after June 30, 1990.

4

Rules establishing systems of indexing shall include, but not be limited to, requirements for the form and content of the index, its location and availability to the public, and the schedule

5 for revising or updating the index. State agencies that have maintained indexes for records issued before July 1, 1990, shall continue to make such indexes available for public

6 inspection and copying. Information in such indexes may be incorporated into indexes prepared pursuant to this subsection. State agencies may satisfy the requirements of this

7 subsection by making available to the public indexes prepared by other parties but actually used by the agency in its operations. State agencies shall make indexes available for public

8 inspection and copying. State agencies may charge a fee to cover the actual costs of providing individual mailed copies of indexes.

9

10 (6) A public record may be relied on, used, or cited as precedent by an agency against a party other than an agency and it may be invoked by the agency for any other purpose only if:

11 (a) It has been indexed in an index available to the public; or

12 (b) Parties affected have timely notice (actual or constructive) of the terms thereof.

13 (7) Each agency may establish, maintain, and make available for public inspection and copying a statement of the actual costs that it charges for providing photocopies or

14 electronically produced copies, of public records and a statement of the factors and manner used to determine the actual costs. Any statement of costs may be adopted by an agency only

15 after providing notice and public hearing.

16 (a)(i) In determining the actual cost for providing copies of public records, an agency may include all costs directly incident to copying such public records including:

17 (A) The actual cost of the paper and the per page cost for use of agency copying equipment; and

18

19 (B) The actual cost of the electronic production or file transfer of the record and the use of any cloud-based data storage and processing service.

20 (ii) In determining other actual costs for providing copies of public records, an agency may include all costs directly incident to:

21 (A) Shipping such public records, including the cost of postage or delivery charges and the

22 cost of any container or envelope used; and

(B) Transmitting such records in an electronic format, including the cost of any transmission charge and use of any physical media device provided by the agency.

(b) In determining the actual costs for providing copies of public records, an agency may not include staff salaries, benefits, or other general administrative or overhead charges, unless those costs are directly related to the actual cost of copying the public records. Staff time to copy and send the requested public records may be included in an agency's costs.

(8) This chapter shall not be construed as giving authority to any agency, the office of the secretary of the senate, or the office of the chief clerk of the house of representatives to give, sell or provide access to lists of individuals requested for commercial purposes, and agencies, the office of the secretary of the senate, and the office of the chief clerk of the house of representatives shall not do so unless specifically authorized or directed by law: PROVIDED, HOWEVER, That lists of applicants for professional licenses and of professional licensees shall be made available to those professional associations or educational organizations recognized by their professional licensing or examination board, upon payment of a reasonable charge therefor: PROVIDED FURTHER, That such recognition may be refused only for a good cause pursuant to a hearing under the provisions of chapter 34.05 RCW, the administrative procedure act.

**Local Rules W.D. Wash.**

LCR7(e)(6) The court may refuse to consider any text, including footnotes, which is not included within the page limits. Captions, tables of contents, tables of authorities, signature blocks, and certificates of service need not be included within the page limit.