The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JULIE DALESSIO, an individual,

Plaintiff,

v.

UNIVERSITY OF WASHINGTON,

Defendant.

Case No. 2:17-cv-00642 MJP

**PLAINTIFF'S Third INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

These refer to previous Interrogatories and Requests for Production. As Defendant has previously objected to the following, Plaintiff is submitting this list to Defendant to obtain their final responses.

Interrogatories

1. I believe that it is not unduly burdensome for you to identify the persons providing responses and producing documents. This information should be provided for all RFPs and ROGs.

Including one in particular, who provided responses to #8? Were the records of Claims services or UW Attorney General examined for evidence of similar claims? Was this question presented to any persons besides counsel for UW?

PLAINTIFF's 3rd ROG, RFP   -   Case 2:17-cv-00642-MJP                1

2. Your identifications of the records accessed and distributed are inadequate for all persons identified.[1]  You have not given me any information regarding the sources of the records, who found what? where did they find it?  describe the location (address, building, office? hallway?  storage unit? filing cabinet? bookcase?  box? why was it kept there? (for example, it appears that one source of documents is a box of files of "employees paid by Virology SSO codes") how was it kept? paper/electronic copies? How was it delivered to the Public Records office? where are the records now?  UW policy requires that the location of all documents pertaining to me are identified, including the past and current locations and custodians, and requires the custodians to report how these are preserved from destruction or alteration.  Policy also requires that records are kept of how copies are sent to OPR (electronic or hard copy) and where these are maintained.

Also, the file numbers you provided regarding PR 16-00760 do not match those in my copy of the PR, and you have not provided any description of the records that were accessed and withheld from this PRR (see the Request Summary Report).

3. You have not provided any information regarding PR 2015-00570.  You have not given me any information regarding the sources of the records, who found what? where did they find it?  describe the location (address, building, office? hallway? storage unit? filing cabinet?  bookcase?  box? why was it kept there? how was it kept?  was it in a labeled file? paper/electronic copies? How was it delivered to the Public Records office?  where are the records now? Who is the custodian?

---

[1] See 2nd ROGs at #3. "*Identity of Document*. The term "identify", when used in reference to a document, means to state the date of preparation of the document, its author, the sender, the recipient (if any), the nature of the document (e.g., letter, memorandum, tape) and other means of identification sufficient to identify the document for purposes of a request for production, and to further state its present location and custodian. If any such document was, but no longer is, in your possession or custody or subject to your control, describe what disposition was made of it, and give the name, address and telephone number of the person presently having possession, custody or control of the document."

I do not have copies of the non-redacted documents that were provided in response to this PRR 2015-00570 for "all records pertaining" to me.  You have not provided any information as to how/why this different set of records was produced for David Betz.

As you should know, I have questioned the source of some of the redactions, in particular Dkt. 34 p. 106.  These questions might be answered with proper identification and production of these records.

7.  Communications among and between University staff for the common purpose of processing public records are not privileged.  These should be identified and produced.

8.     You have not answered parts b, c or d, nor identified the source of your answers.  Was any effort made to search UW records in Claims Services? or the Attorney General Office?

10.    Public Records Officers and Training records must be identified (RCW 42.56.580 (2) (3), 42.56.150, 42.56.152).  The Courts can consider lack of training as a penalty factor in actions filed under RCW 42.56.
In addition to the names and training records of employees in the Public Records Office, I am requesting any training records of all of the persons that have been identified as having been involved in these PR releases, and of any past or present custodians of my records.

11.    I am also asking for any documentation of any so called "Public Records Releases" of my records that were provided by the custodians of my records.  Thus

PLAINTIFF's 3rd ROG, RFP   -   Case 2:17-cv-00642-MJP            3

far, I only have this information from the payroll department, and the Office of Public Records.  You have not produced any information from any of the human resources departments (upper campus, UW medicine, Laboratory medicine) or from the department of Laboratory Medicine, or from the Virology Division, or from my former supervisor, Rhoda Morrow, or from her former assistant, Sharon Risley.

12.   "You" is defined in #7 of 2nd interrogatories.  You can start by requesting answers to these discovery requests from each of the persons you have identified.

RFP

1-3  As far as I can tell, you have not presented any questions or requests for production of documents to the relevant persons that I have identified, including my former supervisor, Rhoda Morrow, her former assistant, Sharon Risley, or any of the other persons that might have preserved these documents, such as their successors in the Virology Division.  If the University of Washington is maintaining any records pertaining to me, I have the right to know.

4, 5.   These are relevant to my claims for post-employment retaliation.

6.       This is relevant to proving the customary practices of the UW and my former supervisors in responding to these actions, and also to provide further evidence of post-employment retaliation.

7.       I have requested Public records for these employees.

9.        I have requested these public records.

17.     I have requested the records of audits and complaints that my supervisor undoubtedly responded to with records pertaining to me.  You objected to those requests.

         You have not requested production of records from the persons I have identified as those likely to have pertinent information, Rhoda Ashley Morrow, or her former assistant, Sharon Risley, or from Karen Holloway.

This is relevant to my claims for post-employment retaliation and libel/defamation.

Please provide any supplemental discovery responses and documents.

Dated: October 16, 2017

Signed:                              s/ julie dalessio

                                                  Julie Dalessio
                                                  1110 29th Ave.
                                                  Seattle, WA 98122

                                                  206 324 2590
                                                  juliedalessio@msn.com

**PLAINTIFF's 3rd ROG, RFP   -   Case 2:17-cv-00642-MJP**                6