The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JULIE DALESSIO, an individual,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br><br>UNIVERSITY OF WASHINGTON,<br><br>　　　　　　　　　　Defendant. | Case No. 2:17-cv-00642 MJP<br><br>Plaintiff's **Reply re: Dkt. 59**<br>Motion to Compel Discovery<br><br>Note on Motion Calendar:<br>**December 15, 2017** |

Pursuant to Federal Rules of Civil Procedure 26(e), on November 13, 2017 Plaintiff served defendant (UW) notice of incomplete responses and disclosures and requested supplemental responses and production of documents pursuant to CIVIL RULE 34.*(Dkt. 59-1)*.

As UW has taken 31 days to respond to the above (without a required signature, see attached Defendant's Objections) and the UW has not produced any additional Discovery, this motion is ripe.

The Plaintiff agreed to the **UW's request** to extend discovery deadlines. (*Dkt. 52-1*) This motion was timely filed and served before the deadline on November 17, 2017.(*Dkt. 59*)

The Parties have previously met and conferred regarding these same discovery issues. (*Dkts. 58, 64*)  Plaintiff's supplemental discovery requests, the subject of this motion *(Dkt. 59-1)* requests full disclosure and identification of UW employees that have been named in disclosures and responses to interrogatories as persons having information relevant to this case.

Plaintiff filed this motion in consideration of the deadline.  Adequate responses to these discovery requests would have required the Plaintiff to withdraw this motion before the noting date, pursuant to LCR 7(l).  Such was not the case. (*see attached UW objections* )

**Relevance**

The information requested pertains to persons previously named in disclosures as custodians of the Plaintiff's records, and/or to possible witnesses identified by UW (see *Dkt. 34*) and/or to UW records pertaining to Plaintiff.

The UW need not provide personal addresses of persons who appear through Counsel for defense.  Information sufficient to contact persons having information is required.

**Number of Interrogatories**

Identification of the named persons that is sufficient to contact them **isn't** a discreet subpart of previous interrogatories.   Identification of which, if any, persons having provided responses to which interrogatories and/or requests for production **isn't** a discreet subpart of

previous interrogatories. Thus the requested, supplemental information is not excluded by FRCP (33)(a)(1), and the UW's objections should be overruled.

**"Vague"**

The "time in question" is the time that employees were/are custodians of Plaintiff's records. UW has produced insufficient information regarding the compilations, disseminations, dispositions and locations of records to determine the involvement of these employees, and the time periods that they have been custodians of Plaintiff's records.

**Relevant Organizational Records**

Office of Public Records

UW states "The only potentially relevant office is the Office of Public Records. Without waiving said objections, and upon belief, the Office of Public Records does not have an organizational chart for this time period." (*attached UW objections p. 15, line 7*)

The Public Records act requires that the following organizational information is kept:

RCW 42.56.580  Public records officers.
(1) Each state and local agency shall appoint and publicly identify a public records officer whose responsibility is to serve as a point of contact for members of the public in requesting disclosure of public records and to oversee the agency's compliance with the public records disclosure requirements of this chapter. A state or local agency's public records officer may appoint an employee or official of another agency as its public records officer.
(2) For state agencies, the name and contact information of the agency's public records officer to whom members of the public may direct requests for disclosure of public records and who will oversee the agency's compliance with the public records disclosure requirements of this chapter shall be published in the state register at the time of designation and maintained thereafter on the code reviser web site for the duration of the designation.

AND

RCW 42.56.152
(1) Public records officers designated under RCW 42.56.580 and records officers designated under RCW 40.14.040 must complete a training course regarding the provisions of this chapter, and also chapter 40.14 RCW for records retention.
(2) Public records officers must:
(a) Complete training no later than ninety days after assuming responsibilities as a public records officer or records manager; and
(b) Complete refresher training at intervals of no more than four years as long as they maintain the designation.
(3) Training must be consistent with the attorney general's model rules for compliance with the public records act

     This current and historical (since Plaintiff's resignation) information should be readily available. The identification of persons responsible for Public Records Act compliance at the UW is relevant.

**Other Relevant UW Organizational Records**

     UW Medicine Human Resources, Upper Campus Human Resources, Personnel, Payroll, Laboratory Medicine, Virology

WAC 357-22-030 Each employer must designate the position(s) within the employer's organization responsible for managing and maintaining the official personnel files.

WAC 357-22-015 Each employer must develop and publish a policy pertaining to the retention and confidentiality of personnel records in accordance with chapter 357-22 WAC and all relevant state and **federal laws**.

This current and historical (since Plaintiff's resignation) information should be readily obtainable. The identification of persons responsible for Plaintiff's records is relevant.

**Other Relevant Records**

The identification of Plaintiff's records that were provided to investigators is entirely relevant and will likely provide further evidence of Plaintiff's claims.

All pending motions in this case have been stayed per the court's order (*Dkt. 65*), but Plaintiff submits this reply in compliance with the deadline.  Hopefully, a good faith effort by UW to produce all relevant information will necessitate the withdrawal of this motion.

Dated: December 15, 2017

Signed:                                         s/ julie dalessio

                                                Julie Dalessio
                                                1110 29th Ave.
                                                Seattle,  WA  98122

                                                206 324 2590
                                                juliedalessio@msn.com

RCW 42.56.070
Documents and indexes to be made public

(1) Each agency, in accordance with published rules, shall make available for public inspection and copying all public records, unless the record falls within the specific exemptions of subsection (8) of this section, this chapter, or other statute which exempts or prohibits disclosure of specific information or records. To the extent required to prevent an unreasonable invasion of personal privacy interests protected by this chapter, an agency shall delete identifying details in a manner consistent with this chapter when it makes available or publishes any public record; however, in each case, the justification for the deletion shall be explained fully in writing.

(2) For informational purposes, each agency shall publish and maintain a current list containing every law, other than those listed in this chapter, that the agency believes exempts or prohibits disclosure of specific information or records of the agency. An agency's failure to list an exemption shall not affect the efficacy of any exemption.

(3) Each local agency shall maintain and make available for public inspection and copying a current index providing identifying information as to the following records issued, adopted, or promulgated after January 1, 1973:

(a) Final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases;

(b) Those statements of policy and interpretations of policy, statute, and the Constitution which have been adopted by the agency;

**(c) Administrative staff manuals and instructions to staff that affect a member of the public;**

(d) Planning policies and goals, and interim and final planning decisions;

**(e) Factual staff reports and studies, factual consultant's reports and studies**, scientific reports and studies, and any other factual information derived from tests, studies, reports, or surveys, whether conducted by public employees or others; and

**(f) Correspondence, and materials referred to therein, by and with the agency relating to any regulatory, supervisory, or enforcement responsibilities of the agency, whereby the agency determines, or opines upon, or is asked to determine or opine upon, the rights of the state, the public, a subdivision of state government, or of any private party.**

(4) A local agency need not maintain such an index, if to do so would be unduly burdensome, but it shall in that event:

(a) Issue and publish a formal order specifying the reasons why and the extent to which compliance would unduly burden or interfere with agency operations; and

(b) Make available for public inspection and copying all indexes maintained for agency use.

(5) Each state agency shall, by rule, establish and implement a system of indexing for the identification and location of the following records:

(a) All records issued before July 1, 1990, for which the agency has maintained an index;

(b) Final orders entered after June 30, 1990, that are issued in adjudicative proceedings as defined in RCW 34.05.010 and that contain an analysis or decision of substantial importance to the agency in carrying out its duties;
(c) Declaratory orders entered after June 30, 1990, that are issued pursuant to RCW 34.05.240 and that contain an analysis or decision of substantial importance to the agency in carrying out its duties;
(d) Interpretive statements as defined in RCW 34.05.010 that were entered after June 30, 1990; and
(e) Policy statements as defined in RCW 34.05.010 that were entered after June 30, 1990. Rules establishing systems of indexing shall include, but not be limited to, requirements for the form and content of the index, its location and availability to the public, and the schedule for revising or updating the index. State agencies that have maintained indexes for records issued before July 1, 1990, shall continue to make such indexes available for public inspection and copying. Information in such indexes may be incorporated into indexes prepared pursuant to this subsection. State agencies may satisfy the requirements of this subsection by making available to the public indexes prepared by other parties but actually used by the agency in its operations. State agencies shall make indexes available for public inspection and copying. State agencies may charge a fee to cover the actual costs of providing individual mailed copies of indexes.
(6) A public record may be relied on, used, or cited as precedent by an agency against a party other than an agency and it may be invoked by the agency for any other purpose only if:
(a) It has been indexed in an index available to the public; or
(b) Parties affected have timely notice (actual or constructive) of the terms thereof.