The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JULIE DALESSIO, an individual,<br><br>                    Plaintiff,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON,<br><br>                    Defendant. | Case No. 2:17-cv-00642 MJP<br><br>Plaintiff's Fourth Interrogatories and Requests for Production to Defendant, UW<br><br>**November 13, 2017** |

Pursuant to Federal Rules of Civil Procedure (FRCP), Plaintiff gives notice of incomplete responses and disclosures and requests that Defendant supplement insufficient responses.[1] ***THIS IS ALSO A REQUEST FOR PRODUCTION, PURSUANT TO CIVIL RULE 34***.

    **I.**      **REQUEST FOR SUPPLEMENTAL RESPONSES TO PREVIOUS INTERROGATORIES**

---

[1] Rule 26(e) SUPPLEMENTING DISCLOSURES AND RESPONSES.
(1) In General. A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
(A)    in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing;

## DEFENDANT UNIVERSITY OF WASHINGTON'S INITIAL OBJECTION

FRCP 33(a)(1) states "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Plaintiff has conservatively served 24 interrogatories in her first two sets. Plaintiff has confirmed on two separate occasions that her "Third Set of Discovery", which was sent in response to Defendant's counsels request for a list of issues she wanted to discuss related to her first two sets of discovery, are not a new set of discovery requests. Therefore, those have not been counted in the 24 interrogatories already used. The following interrogatories are not supplemental responses to earlier interrogatories, but new interrogatories, each containing seven parts, in violation of the court rules. Plaintiff did originally ask Defendant to identify individuals who assisted in providing responses (Interrogatory Number 1), and specifically defined "identify" as "to describe and define with particularity." Therefore, Defendant will respond to Number 1 (despite its seven subparts) but not the additional interrogatories as they are in violation of the court rules.

A. **The Defendant's identification of the following 21 individuals that have been disclosed is incomplete.**

Plaintiff requests that defendant please complete previous disclosures to include the person's title and employment classification, present business address and telephone number, all known email addresses, **his or her present employment position and location, and his or her employment position and location at the time in question.** For those who are no longer employed by UW, please also provide his or her residence address.

Plaintiff has attempted to fill in previously disclosed information, and highlighted deficiencies.

1. Alison Swenson,    TITLE:              Classification:         Time in that Position: present employment position and location, and employment position and location at the time in question.c/o Keating, Bucklin & McCormack, Inc.

**RESPONSE: OBJECTION.** Vague ("time in question").  Without waiving said objection, the only relevant "time in question" is during the period between when the University of Washington provided responses to PRRs 15-00570 and 16-00760, and therefore Defendant's response is for that time period.  Defendant will supplement this answer.

2. Perry Tapper

Public Records Compliance Officer        Classification:         Time in that Position: present employment position and location and employment position and location at the time in question.

c/o Keating, Bucklin & McCormack, Inc

**RESPONSE: OBJECTION.**  Vague ("time in question"); Request violates FRCP 33(a)(1) limiting Plaintiff to 25 interrogatories including all discrete subparts.  Defendant maintains the only relevant "time in question" is during the period between when the University of Washington provided responses to PRRs 15-00570 and 16-00760.  Without waiving said objections, Defendant will supplement answer.

3. Eliza Saunders

Director of the Office of Public Records    Classification:         Time in that Position: present employment position and location and employment position and location at the time in question.

Office of Public Records and Open Public Meetings

    c/o Keating, Bucklin & McCormack, Inc

**RESPONSE: OBJECTION.** Vague ("time in question"); Request violates FRCP 33(a)(1) limiting Plaintiff to 25 interrogatories including all discrete subparts. Defendant maintains the only relevant "time in question" is during the period between when the University of Washington provided responses to PRRs 15-00570 and 16-00760. Without waiving said objections, Defendant will supplement answer.

4. Barb Benson     TITLE:          Classification:          Time in that Position: present employment position and location and employment position and location at the time in question.

Records Management Services

c/o Keating, Bucklin & McCormack, Inc.

**RESPONSE: OBJECTION.** Vague ("time in question"); Request violates FRCP 33(a)(1) limiting Plaintiff to 25 interrogatories including all discrete subparts. Defendant maintains the only relevant "time in question" is during the period between when the University of Washington provided responses to PRRs 15-00570 and 16-00760. Without waiving said objections, Defendant will supplement answer.

5. Andrew Palmer     TITLE:          Classification:          Time in that Position: present employment position and location and employment position and location at the time in question.

c/o Keating, Bucklin & McCormack, Inc., P.S.

**RESPONSE: OBJECTION.** Vague ("time in question"); Request violates FRCP 33(a)(1) limiting Plaintiff to 25 interrogatories including all discrete subparts. Defendant maintains the only relevant "time in question" is during the period between when the University of Washington provided responses to PRRs 15-00570 and 16-00760. Without waiving said objections, Defendant will supplement answer.

6. Lori Oliver     TITLE:          Classification:          Time in that Position: present employment position and location and employment position and location at the time in question.

c/o Keating, Bucklin & McCormack, Inc., P.S.

**RESPONSE: OBJECTION.** Vague ("time in question"); Request violates FRCP 33(a)(1) limiting Plaintiff to 25 interrogatories including all discrete subparts. Defendant maintains the only relevant "time in question" is during the period between when the University of Washington provided responses to PRRs 15-00570 and 16-00760. Without waiving said objections, Defendant will supplement answer.

7. Mindy Kornberg     TITLE:          Classification:          Time in that Position: present employment position and location and employment position and location at the time in question.

c/o Keating, Bucklin & McCormack, Inc.

**RESPONSE: OBJECTION.** Vague ("time in question"); Request violates FRCP 33(a)(1) limiting Plaintiff to 25 interrogatories including all discrete subparts. Defendant maintains the only relevant "time in question" is during the period between when the University of Washington provided responses to PRRs 15-00570 and 16-00760. Without waiving said objections, Defendant will supplement answer.

8. Cynthia Dold    TITLE:    Classification:    Time in that Position:

   present employment position and location and employment position and location at the time in question.

   c/o Keating, Bucklin & McCormack, Inc.

   **RESPONSE: OBJECTION.** Vague ("time in question"); Request violates FRCP 33(a)(1) limiting Plaintiff to 25 interrogatories including all discrete subparts. Defendant maintains the only relevant "time in question" is during the period between when the University of Washington provided responses to PRRs 15-00570 and 16-00760. Without waiving said objections, Defendant will supplement answer.

9. Ana Marie Keeney, Human Resources Consultant, UW Medicine Human Resources
   Classification:    Time in that Position:
   present business address and telephone number, all known email addresses. present employment position and location and employment position and location at the time in question.

**RESPONSE: OBJECTION.** Vague ("time in question"); Relevance; Request violates FRCP 33(a)(1) limiting Plaintiff to 25 interrogatories including all discrete subparts. Defendant maintains the only relevant "time in question" is during the period between when the University of Washington provided responses to PRRs 15-00570 and 16-00760. Defendant also objects to requests for personal email addresses as irrelevant. Without waiving said objections, Defendant will supplement answer.

10. Amy Robles, Public Records Program Manager, Legal and Business Affairs, UW Medicine    Classification:    Time in that Position:

present business address and telephone number, all known email addresses

present employment position and location and employment position and location at the time in question.

**RESPONSE: OBJECTION.** Vague ("time in question"); Relevance; Request violates FRCP 33(a)(1) limiting Plaintiff to 25 interrogatories including all discrete subparts. Defendant maintains the only relevant "time in question" is during the period between when the University of Washington provided responses to PRRs 15-00570 and 16-00760. Defendant also objects to requests for personal email addresses as irrelevant. Without waiving said objections, Defendant will supplement answer.

11. Jeanie Miele, former Public Records Program Manager, Office of the Chief Health System Officer, UW Medicine    Classification:    Time in that Position:

present business address and telephone number, all known email addresses

present employment position and location and employment position and location at the time in question.

**RESPONSE: OBJECTION.** Vague ("time in question"); Relevance; Request violates FRCP 33(a)(1) limiting Plaintiff to 25 interrogatories including all discrete subparts. Defendant maintains the only relevant "time in question" is during the period between when the University of Washington provided responses to PRRs 15-00570 and 16-00760. Defendant also objects to requests for personal email addresses as irrelevant. Without waiving said objections, Defendant will supplement answer.

12.     Cheryl Manekia, UW Payroll Client Services & Training      Classification: Time in that Position:

present business address and telephone number, all known email addresses

present employment position and location and employment position and location at the time in question.

**RESPONSE: OBJECTION.** Vague ("time in question"); Relevance; Request violates FRCP 33(a)(1) limiting Plaintiff to 25 interrogatories including all discrete subparts. Defendant maintains the only relevant "time in question" is during the period between when the University of Washington provided responses to PRRs 15-00570 and 16-00760. Defendant also objects to requests for personal email addresses as irrelevant. Without waiving said objections, Defendant will supplement answer.

13.  Odessah Visitacion, Assistant to the Assistant Vice President & Office Manager, UW Medicine Human Resources.    Classification:    Time in that Position: present employment position and location and employment position and location at the time in question.

present business address and telephone number, all known email addresses

**RESPONSE: OBJECTION.**  Vague ("time in question"); Request violates FRCP 33(a)(1) limiting Plaintiff to 25 interrogatories including all discrete subparts.  Defendant maintains the only relevant "time in question" is during the period between when the University of Washington provided responses to PRRs 15-00570 and 16-00760.  Without waiving said objections, Defendant will supplement answer.

14.  Paola M. Quinones, former Assistant to the Vice President, VP Human Resources ? Classification:    Time in that Position:    present employment position and location and employment position and location at the time in question.

present business address and telephone number, all known email addresses

**RESPONSE: OBJECTION.**  Vague ("time in question"); Relevance; Request violates FRCP 33(a)(1) limiting Plaintiff to 25 interrogatories including all discrete subparts.  Defendant maintains the only relevant "time in question" is during the period between when the University of Washington provided responses to PRRs 15-00570 and 16-00760.  Defendant also objects to requests for personal email addresses as irrelevant.  Without waiving said objections, Defendant will supplement answer.

15. Matt Maria, Program Coordinator for Laboratory Medicine

Classification:     Time in that Position:   present employment position and location and employment position and location at the time in question.

present business address and telephone number, all known email addresses

**RESPONSE: OBJECTION.** Vague ("time in question"); Relevance; Request violates FRCP 33(a)(1) limiting Plaintiff to 25 interrogatories including all discrete subparts. Defendant maintains the only relevant "time in question" is during the period between when the University of Washington provided responses to PRRs 15-00570 and 16-00760. Defendant also objects to requests for personal email addresses as irrelevant. Without waiving said objections, Defendant will supplement answer.

16. Tamara Schmautz   TITLE:     Classification:

Time in that Position:   present employment position and location and employment position and location at the time in question.

present business address and telephone number, all known email addresses

**RESPONSE: OBJECTION.** Vague ("time in question"); Relevance; Request violates FRCP 33(a)(1) limiting Plaintiff to 25 interrogatories including all discrete subparts. Defendant maintains the only relevant "time in question" is during the period between when the University of Washington provided responses to PRRs 15-00570 and 16-00760. Defendant also objects to requests for personal email addresses as irrelevant. Without waiving said objections, Defendant will supplement answer.

17.	Steven Durant		TITLE:		Classification:

Time in that Position:		present employment position and location and employment position and location at the time in question

present business address and telephone number, all known email addresses

**RESPONSE: OBJECTION.** Vague ("time in question"); Relevance; Request violates FRCP 33(a)(1) limiting Plaintiff to 25 interrogatories including all discrete subparts. Defendant maintains the only relevant "time in question" is during the period between when the University of Washington provided responses to PRRs 15-00570 and 16-00760. Defendant also objects to requests for personal email addresses as irrelevant. Without waiving said objections, Defendant will supplement answer.

18.	Larry Bell		TITLE:		Classification:

Time in that Position:		present employment position and location and employment position and location at the time in question

present business address and telephone number, all known email addresses

**RESPONSE: OBJECTION.** Vague ("time in question"); Relevance; Request violates FRCP 33(a)(1) limiting Plaintiff to 25 interrogatories including all discrete subparts, and therefore a response will not be provided. Defendant maintains the only relevant "time in question" is during the period between when the University of Washington provided responses to PRRs 15-00570 and 16-00760. Defendant also objects to requests for personal email addresses as irrelevant. Without waiving said objections, Defendant will supplement answer.

19. Sharon Risley, former assistant to Plaintiff's former supervisor   TITLE: Classification:     Time in that Position:     present employment position and location and employment position and location at the time in question present business address and telephone number, all known email addresses

**RESPONSE: OBJECTION.** Vague ("time in question"); Relevance; Request violates FRCP 33(a)(1) limiting Plaintiff to 25 interrogatories including all discrete subparts. Defendant maintains the only relevant "time in question" is during the period between when the University of Washington provided responses to PRRs 15-00570 and 16-00760. Defendant also objects to requests for personal email addresses as irrelevant. Without waiving said objections, Defendant will supplement answer.

20. Rhoda Ashley Morrow, Plaintiff's former supervisor   TITLE: Classification:     Time in that Position:   present employment position and location and employment position and location at the time in question. present business address and telephone number, all known email addresses, present residence address

**RESPONSE: OBJECTION.** Vague ("time in question"); Relevance; Request violates FRCP 33(a)(1) limiting Plaintiff to 25 interrogatories including all discrete subparts. Defendant maintains the only relevant "time in question" is during the period between when the University of Washington provided responses to PRRs 15-00570 and 16-00760.

Defendant also objects to requests for personal email addresses as irrelevant. Without waiving said objections, Defendant will supplement answer.

21. Karen Holloway, Associate Administrator, Department of Laboratory Medicine

   TITLE:         Classification:                 Time in that Position:

present employment position and location and employment position and location at the time in question

    c/o Keating, Bucklin & McCormack, Inc.

**RESPONSE: OBJECTION.** Vague ("time in question"); Request violates FRCP 33(a)(1) limiting Plaintiff to 25 interrogatories including all discrete subparts. Defendant maintains the only relevant "time in question" is during the period between when the University of Washington provided responses to PRRs 15-00570 and 16-00760. Without waiving said objections, Defendant will supplement answer.

22. Patricia Van Velsir      TITLE:      Classification:      Time in that Position:    present employment position and location and employment position and location at the time in question        present business address and telephone number, all known email addresses

**RESPONSE: OBJECTION.** Vague ("time in question"); Relevance; Request violates FRCP 33(a)(1) limiting Plaintiff to 25 interrogatories including all discrete subparts. Defendant maintains the only relevant "time in question" is during the period between when the University of Washington provided responses to PRRs 15-00570 and 16-00760. Defendant

also objects to requests for personal email addresses as irrelevant.  Without waiving said objections, Defendant will supplement answer.

23.  Cheryl Sternberg,   TITLE:                   Classification:

   Time in that Position:          present employment position and location and employment position and location at the time in question

present business address and telephone number, all known email addresses

**RESPONSE: OBJECTION.**  Vague ("time in question"); Relevance; Request violates FRCP 33(a)(1) limiting Plaintiff to 25 interrogatories including all discrete subparts.  Defendant maintains the only relevant "time in question" is during the period between when the University of Washington provided responses to PRRs 15-00570 and 16-00760.  Defendant also objects to requests for personal email addresses as irrelevant.  Without waiving said objections, Defendant will supplement answer.

B.  For each of the persons listed above, identify which, if any, have provided responses to which interrogatories and/or requests for production.

   **RESPONSE: OBJECTION.** Not reasonably calculated to lead to the discovery of admissible evidence; relevance; Not Proportional to the Needs of the Case; Request violates FRCP 33(a)(1) limiting Plaintiff to 25 interrogatories including all discrete subparts.  Without waiving the foregoing objections, Defendant will supplement answer.

## II. REQUESTS FOR PRODUCTION

1. Please produce the UW personnel file, including employee training records for each of the persons listed above.

**RESPONSE: OBJECTION.** Unduly burdensome; overly broad; not proportional to the needs of the case; relevance; harassing. Without waiving said objections, Defendant will supplement answer.

2. Please produce the organizational charts pertaining to each of the persons listed above.

**RESPONSE: OBJECTION.** Unduly burdensome; overly broad; not proportional to the needs of the case; relevance; harassing. The only potentially relevant office is the Office of Public Records. Without waiving said objections, and upon belief, the Office of Public Records does not have an organizational chart for this time period.

3. Please produce all public records pertaining to the Plaintiff that were provided by UW to Ludmilla Barbacar and/or other employees of the Washington State Human Rights Commission.

**RESPONSE: OBJECTION.** Relevance; Not Reasonably Calculated to Lead to the Discovery of Admissible Evidence; Vague ("provided"). Without waiving said objections, Defendant will supplement answer.

4. Please produce all public records pertaining to the Plaintiff that were provided by UW to EEOC investigators.

**RESPONSE: OBJECTION.** Relevance; Not Reasonably Calculated to Lead to the Discovery of Admissible Evidence; Vague ("provided"). Without waiving said objections, Defendant will supplement answer.

5. Please produce all public records pertaining to the Plaintiff that were provided by UW to Shari Spung.

**RESPONSE: OBJECTION.** Relevance; Not Reasonably Calculated to Lead to the Discovery of Admissible Evidence; Vague ("provided"); Privilege. Without waiving said objections, Defendant will supplement answer.

6. Please produce all public records pertaining to the Plaintiff that were provided by UW to any state or federal auditors.

**RESPONSE: OBJECTION.** Relevance; Not Reasonably Calculated to Lead to the Discovery of Admissible Evidence; Vague ("provided"); Not Proportional to the Needs of the Case; overbroad. Without waiving said objections, Defendant will supplement answer.

7. Please produce Plaintiff's employee benefits file.

**RESPONSE: OBJECTION.**  Relevance; Not Reasonably Calculated to Lead to the Discovery of Admissible Evidence; Vague ("employee benefits file").  Without waiving said objections, Defendant will supplement answer.

Dated: November 13, 2017

Signed:                                             s/ julie dalessio

                                                    Julie Dalessio
                                                    1110 29th Ave.
                                                    Seattle, WA 98122

                                                    206 324 2590
                                                    juliedalessio@msn.com

1

DECLARATION OF RESPONDING PARTY

2  I declare under the penalty of perjury under the laws of the State of Washington that I am the Defendant in this action OR I am the _____ of

3  _____ and am authorized to make the foregoing answers. I declare that I have read the foregoing answers, know the contents thereof, and believe them

4  to be true and correct.

Dated this _____ day of _____, 2017, at _____, Washington.

5

6

Name:

7

8

Address:

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23