1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

JULIE DALESSIO, an individual,

                   Plaintiff,

    v.

UNIVERSITY OF WASHINGTON,

                   Defendant.

No. 2:17-cv-00642-MJP

AMENDED JOINT STATUS REPORT

Pursuant to this Court's January 19, 2018 Order [Dkt. 67], the parties hereby submit their Rule 26(f) Joint Status Report.

**Procedural History**

On January 19, 2018 this Court ordered the appointment of pro bono counsel. [Dkt. 65]. The basis for the appointment is "exceptional circumstances" where this Court found Ms. Dalessio "articulated colorable claims and that the complexity of the issues warrants appointment of counsel to assist her in this proceeding." *Id.*

Ms. Dalessio served her Complaint on the University of Washington (University) on April 3, 2017. The University removed the case to federal court on April 24, 2017. On June 13, 2017, the court issued a case scheduling order, setting the trial date for March 26, 2018 [Dkt. 18]. Since removal, the following motions were filed and are still pending:

- Defendant University of Washington's Motion for Summary Judgment (filed 8/24/17 and noted for 9/15/17).

    o [Dkt. 42] Plaintiff's Response and Motion to Strike pursuant to LCR 7(g) (filed 9/11/17)

AMENDED JOINT STATUS REPORT - 1
2:17-cv-00642-MJP
1010-00051/340902.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

1

2

3

4

- o [Dkt. 45] Defendant's Reply in support of MSJ (filed 9/15/17)

- o [Dkt. 47] Plaintiff's Surreply as a Motion to Strike (filed 9/20/17)

- [Dkt. 52] Plaintiff's Motion to Compel Discovery (filed 10/27/17 and noted for 11/17/17)

5

6

- o [Dkt. 55] Defendant's Response to Plaintiff's Motion to Compel Discovery and Motion for a Protective Order regarding the same (filed 11/13/17)

7

8

- o [Dkt. 57] Plaintiff's Reply in support of Motion to Compel Discovery (filed 11/17/17)

9

- [Dkt. 59]Plaintiff's Second Motion to Compel Discovery (filed 11/17/17 and noted for 12/15/17)

10

11

- o [Dkt. 63] Defendant's Response to Plaintiff's Motion to Compel Discovery (filed 12/11/17)

12

13

- o [Dkt. 66] Plaintiff's Reply in support of Motion to Compel Discovery (filed 12/15/17)

14

Plaintiff filed a Motion for Appointment of Counsel on December 8, 2017, which was

15

granted in a December 12, 2017 order that also stayed all pending motions and hearings in

16

the case.  Attorney Joseph Thomas was appointed to represent Ms. Dalessio on January 19,

17

2018.  Trial is currently set for March 26, 2018.

18

Plaintiff has also indicated she plans to file a motion to amend her Complaint.

19

Defendant respectfully requests the Court enter a deadline requiring Plaintiff to file this

20

motion by March 1, 2018.  Plaintiff requests this deadline be set no earlier than March 12,

21

2018.

22

### 1.    Nature and Complexity of the Case

23

Plaintiff's Position: This is a complex case that arises out of privacy violations by the

24

University of Washington where it disclosed inherently private information, including Ms.

25

Dalessio's social security number and date of birth, about Ms. Dalessio contrary to existing

26

law.  *In re Crawford*, 194 F. 3d 954, 958 (9th Cir. 1999) (holding the indiscriminate public

27

disclosure of Social Security numbers "may implicate the constitutional right to informational

AMENDED JOINT STATUS REPORT - 2
2:17-cv-00642-MJP
1010-00051/340902.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

privacy"). Then again while this lawsuit was being litigated, the University of Washington through its attorneys of record in this case, re-released the same information that Ms. Dalessio claimed violated her privacy in the original complaint, through the court filing system PACER for the public to view. *See* Dkts. 30-1, 30-2 32, 33, 34, and 37-1 through 37-7. Ms. Dalessio asserts this privacy violation rises to the level of violating her substantive due process rights and other fundamental rights protected by the United States Constitution. In addition, there are other violation of Washington State Constitution and Washington State law, including breach of contract.

It appears a second violation of Ms. Dalessio's substantive due process rights occurred during the course of this litigation when Defendant through its attorneys of record submitted unredacted documents with Ms. Dalessio's social security number and date of birth in violation of local court rule 5.2. *See* LCR 5.2(a); *see also Crawford*, 194 F. 3d at 958.

An amended complaint is necessary to crystallize the pertinent issues and facilitate review by this Court and potentially the Court of Appeals. *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F. 2d 242, 247 (9th Cir. 1990) ("a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts"). Ms. Dalessio also expects to file a motion for a temporary restraining order concerning the privacy violations and the breach of contract.

Defendant's Position: This case arises out of the University of Washington's responses to requests for records pursuant to Washington's Public Records Act, RCW Ch. 42.56. Plaintiff primarily asserts the University violated the Public Records Act by failing to redact personal information from portions of records produced pursuant to a public records request to the University, and has indicated she plans to file a motion for an amended Complaint to argue her substantive due process rights under the Fourteenth Amendment were also violated for the same reason. Plaintiff also claims that the University breached a contract with her (a 2003 Settlement Agreement) by including illegal terms in the agreement which prevented her from making claims of discrimination.

AMENDED JOINT STATUS REPORT - 3
2:17-cv-00642-MJP
1010-00051/340902.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

1    The University denies all of these claims and expects all issues in this case will be

2  resolved as a matter of law pursuant to an early dispositive motion in light of the application

3  of statutory immunity from many claims pursuant to RCW Ch. 42.56.060, applicable statutes

4  of limitations, and failure to state an actionable cause of action on remaining claims.

5  **2.    Deadline for Joining Additional Parties**

6  Plaintiff's Position: Adding additional parties are necessary because of the causes of

7  action that will be alleged in the amended complaint.  Under existing case law, justice so

8  requires Ms. Dalessio adding additional parties to this lawsuit, so that Ms. Dalessio can

9  properly plead the amended complaint.  "At any time, on just terms," the court may "add or

10  drop a party." Fed. R. Civ. P. 21.

11  Defendant's Position:   Unless amended by the Court, the deadline for joining

12  additional parties has passed.  Defendant would likely object to Plaintiff adding any

13  additional parties unless approved by the Court. There is not a basis for adding parties in

14  addition to the University of Washington regarding the claims alleged here; if the court does

15  entertain an attempt to add parties after long after the deadline, Plaintiff should, at a

16  minimum, be required to show cause as to which parties she intends to add and a basis for

17  establishing liability against them.

18  **3.    Magistrate**
The parties do not agree to a full-time Magistrate.

19

20  **4.    Discovery Plan**

21  **A.    Initial Disclosures. The parties served Initial Disclosures on June 1,
22  2017.  If necessary, the parties have agreed to supplement initial disclosures.**

**B.    Subjects, Timing of Discovery.**
23
Plaintiff's Position: Additional discovery is necessary for Ms. Dalessio.  Discovery
24
will likely be needed to determine the proper Defendants to name in this lawsuit, and also to
25
determine the scope and extent of the breach of contract and privacy violations.  Additional
26
discovery can only be determined after the amended complaint is brought forth and ruled
27

AMENDED JOINT STATUS REPORT - 4
2:17-cv-00642-MJP
1010-00051/340902.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

upon. *Jones v. Blanas*, 393 F. 3d 918, 930 (9th Cir. 2004) (stating "summary judgment is disfavored where relevant evidence remains to be discovered").

Defendant's Position: It is Defendant's position that, with the exception of a small supplemental production depending resolution of Plaintiff's discovery motions, discovery is closed. This deadline was already extended once. Subject to a showing by Plaintiff that she would be greatly prejudiced without additional discovery (beyond the multiple sets of interrogatories, requests for production, and requests for admission she has already served), Defendant would object to any additional discovery.

**C.      Electronically-stored information.**

Plaintiff's Position: There may be a problem with electronically stored information with the public records produced about Ms. Dalessio. Descriptions of categories and locations of electronically stored information have not been provided to Ms. Dalessio at all as required pursuant to LCR 26(f)(1)(J).

Defendant's Position: The parties do not anticipate any issues with disclosing electronically stored information as requested and as governed by the Federal Rules of Civil Procedure.

**D.      Privilege Issues.**

Plaintiff's Position: At this time, Plaintiff does not know if there will be privilege issues. If there are privilege issues, then it can be dealt with after the amended complaint.

Defendant's Position: It is the University's position that Plaintiff should be barred from seeking discovery related to her employment claims, which she voluntarily settled pursuant to a written settlement agreement in 2003. This discovery could potentially contain attorney-client and/or work product privileged documents.

**E.      Proposed Limitations on discovery.**

Plaintiff's Position: Plaintiff believes it is too early to discuss limitations until an amended complaint is filed. If this Court permits additional parties to be named then at the very least, initial disclosures will have to be produced. Fed. R. Civ. P. 26(a)(1)(D).

AMENDED JOINT STATUS REPORT - 5
2:17-cv-00642-MJP
1010-00051/340902.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1   <u>Defendant's Position</u>: As discussed above, it is the University's position that with the

2   exception of the pending discovery motions, discovery has closed and should remain closed

3   absent a showing of legitimate prejudice.  In addition, Plaintiff should be barred from seeking

4   discovery related to her employment claims as her employment ended in 2003 pursuant to a

5   settlement and release agreement. More significantly, the University is entitled to obtain a

6   ruling on its long-pending Motion for Summary Judgment that would not be impacted by any

7   proposed discovery.

8   **F.      Need for Discovery-Related Orders.**

9   <u>Plaintiff's Position</u>: Plaintiff believes it is too early to discuss limitations as she plans

10  on petitioning the Court for permission to file an amended complaint. The scope of discovery

11  cannot be contemplated until an amended complaint is ruled upon.

12  <u>Defendant's Position</u>: As discussed above, it is the University's position that with the

13  exception of the pending discovery motions, discovery has closed and should remain closed

14  absent a showing of legitimate prejudice.  In addition, it is the University's position that

15  Plaintiff should be barred from seeking discovery related to her employment claims as her

16  employment ended in 2003 pursuant to a settlement and release agreement.

17  **5.      Proposed Case Management under Local Civil Rule 26(f)(1)**

18  A.      **Prompt Case Resolution**.

19  At this point, there have been no formal settlement discussions between the parties.

20  B.      **Alternative Dispute Resolution.**

21  <u>Plaintiff's Position</u>: Ms. Dalessio initially brought up the idea of mediation on or

22  about May 2017.  Ms. Dalessio's pro bono counsel brought up the idea mediation while

23  discussion the joint status report with opposing counsel on February 16, 2018.  The University

24  of Washington has told Ms. Dalessio and independently told her counsel of record that it will

25  not discuss the possibility of mediation until after summary judgment is ruled upon.

26  Neither Ms. Dalessio, nor appointed pro bono counsel are aware of any time when

27  the University of Washington has requested information regarding the nature of the relief.

AMENDED JOINT STATUS REPORT - 6
2:17-cv-00642-MJP
1010-00051/340902.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1  Opposing counsel, Mr. Derek Chen, told Mr. Joseph Thomas on February 16, 2018 at 1:00pm

2  telephone call that the University of Washington did not have any interest in mediation until

3  summary judgment was ruled upon.

4       Defendant's Position:  The University of Washington is open to considering formal

5  and informal offers to mediate, but has requested information regarding the nature of relief

6  Plaintiff is actually seeking.

7       **C.       Related Cases.**

8       Plaintiff's Position: While not related, there is a substantially similar case with

9  overlapping issues and overlapping parties, being litigated in the United States District Court

10 for the Western District of Washington.  *Does v. University of Washington*, 16-1212 (W.D.

11 Wash.).

12      Defendant's Position: Defendant knows of no related cases pending.  Defendant has

13 reviewed the Complaint in *Does v. University of Washington*, 16-1212 (W.D. Wash.) and

14 does not believe there is any basis to consolidate these cases.

15      **D.       Discovery Management.**

16      Plaintiff's Position: Discovery needs to be reset if this court grants the

17 amended complaint.  Plaintiff should be allowed to amend the motion to compel, if discovery

18 is not managed by April 20, 2018.

19      Defendant's Position: The parties will attempt to resolve discovery disputes

20 among themselves.  The parties will attempt to manage discovery in a manner to effectuate

21 full disclosure to the extent relevant and proportional to claims and defenses and minimize

22 expense and as governed by the Federal Rules of Civil Procedure.

23      **E.       Anticipated Discovery Sought.**

24      Plaintiff's Position: Plaintiff's seeks discovery regarding the extent of the violation of

25 Ms Dalessio's privacy by the unlawful and unconstitutional production and publication of

26 private personal information, and regarding her breach of contract claim, as well as the name

27 and capacities in which the relevant persons acted.

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1
2
    There are questions about the completeness of the University of Washington's discovery responses to date.

3
4
5
6
7
    Defendant's Position: As discussed above, it is the University's position that with the exception of the pending discovery motions, discovery has closed and should remain closed absent a showing of legitimate prejudice. The University has already provided discovery to Plaintiff regarding the above-referenced issues.  If Plaintiff is allowed to amend her Complaint, Defendant may seek discovery on issues of liability and damages.

8
    **F.      Phasing of Motions.**

9
10
11
12
13
14
15
    Plaintiff's Position: After an amended complaint is filed with this Court and supplemental disclosures received, Plaintiff's motions to compel discovery should be re-evaluated for mootness.  Plaintiff's motions to strike material (Dkts. 42, 47, and 57) can only be mooted by the voluntary withdrawal of material in Defendant's summary judgment motion and Reply and in their Response to Plaintiff's Motion to Compel.  These motions must be ruled upon before Defendant's motion for summary judgment. Ms. Dalessio's surreply to the motion for summary judgment would need to be ruled upon.

16
17
18
19
20
21
22
23
    Defendants' Position: The University filed a Motion for Summary Judgment on all claims on August 24, 2017.  Even if Plaintiff is permitted to amend her Complaint, Defendant believes minimal supplemental briefing will be needed at most, and respectfully requests the Court rule on its pending Motion for Summary Judgment to determine whether any actionable claims remain.  It is highly unlikely an amended Complaint will moot the University's Motion for Summary Judgment as a whole, although it will to the extent Plaintiff voluntarily dismisses claims.   Defendant respectfully requests Defendant's motion for summary judgment is heard on April 20, 2018, with response and reply deadlines set accordingly.

24
    **G.      Preservation of Discoverable Information.**

25
26
27
    Plaintiff's Position:  Ms. Dalessio is concerned about the preservation of documents maintained by the University of Washington that are directly related to the breach of contract and privacy arguments.  If these records are not preserved, then it will directly affect the

AMENDED JOINT STATUS REPORT - 8
2:17-cv-00642-MJP
1010-00051/340902.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1  breach of contract argument and privacy arguments.  Ms. Dalessio expects to file a motion

2  for a temporary restraining order concerning the privacy violations and the breach of contract.

3       The University's position impermissibly attempts to argue the relevancy of

4  information instead of discussing whether there are any problems with the preservation of

5  discoverable information.

6       Defendant's Position: It is the University's position that Plaintiff should be barred

7  from attempting to re-litigate any employment claims that were subject to a signed, written

8  separation and release agreement between Plaintiff and the University in 2003, when both

9  parties were represented by counsel.  If she was allowed to do so, there may be issues related

10  to preservation of emails and other documents from nearly 15 years ago or older.  Defendant

11  is not aware of any other preliminary issues related to the preservation of discoverable

12  information or the scope of the preservation obligation.

13       **H.     Privilege Issues.**

14       In the event of inadvertent production of privileged information, the parties agree to

15  return said information as soon as possible, and the production shall not constitute a waiver

16  of the privilege.

17       Plaintiff's Position: Ms. Dalessio asks Defendant to pass by any issues that concern

18  her privacy (e.g. health or other information protected under FERPA and HIPAA laws) to

19  review for redaction purposes before filing with this Court, so that there is not a need for this

20  Court intervene and seal more records because of reckless disclosures.

21       Defendant's Position: Defendant does not anticipate any privilege-related issues

22  outside of general attorney-client, work-product privileges and possibly some limited health

23  or other information protected under FERPA and HIPAA laws.  Defendant does not agree to

24  show Plaintiff the evidence being relied upon prior to filing it, but will continue to make good

25  faith efforts to redact all required information pursuant to the court rules.

26

27

AMENDED JOINT STATUS REPORT - 9
2:17-cv-00642-MJP
1010-00051/340902.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

**I.      Model Protocol for Discovery of ESI.**

<u>Plaintiff's Position</u>: Ms. Dalessio does not have any problems with the Model Protocol for ESI, but defendant has not properly identified ESI that has been produced, as required by this court. *See* LCR 26(f)(1)(J).

<u>Defendant's Position</u>: Defendant does not anticipate any problems in exchanging relevant electronically stored information.

**J.      Alternatives to Model Protocol.**

The parties do not believe that adopting the Model Agreement Regarding Discovery of Electronically Stored Information in Civil Litigation is necessary in this case.

**6.      Proposed Discovery Deadline**

<u>Plaintiff's Position</u>: Plaintiff proposes that all Defendant's production of discovery is completed by May 04, 2018 to leave a little more than two months to sort out any discovery disputes before the August 2018 jury trial.

<u>Defendant's Position</u>: As discussed above, it is the University's position that with the exception of the pending discovery motions, discovery has closed and should remain closed absent a showing of legitimate prejudice.

**7.      Bifurcation. Both parties reserve the right to move for bifurcation of some claims, whether by claims or between liability and damages issues.**

**8.      Pre-Trial Statements and Pre-Trial Order**

The parties do not believe that pretrial statements or the pretrial order should be dispensed with in this case.

**9.      Shortening or Simplifying the Case.**

<u>Plaintiff's Position</u>: Plaintiff believes an amended complaint is necessary for shortening and simplifying the case because it will allow Plaintiff to crystalize the issues with the assistance of pro bono counsel.

<u>Defendant's Position</u>: The University has already filed a Motion for Summary Judgment that it believes will dispose of all claims.

AMENDED JOINT STATUS REPORT - 10
2:17-cv-00642-MJP
1010-00051/340902.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

**10.      When the Case will be Ready for Trial.**

The parties believe this case will be ready for trial by August 6, 2018.

**11.      Whether the Case will be a Jury or a Non-Jury Trial**

This case will be a jury trial.

**12.      Length of Trial**

<u>Defendant's P</u>osition: Defendant anticipates trial will take three days.

<u>Plaintiff's Position</u>: Plaintiff anticipates trial will take seven days.

**13.      Trial Counsel**

Jayne Freeman
Attorney for Defendant University of Washington
Keating, Bucklin & McCormack, Inc., P.S.
800 Fifth Ave., Suite 4141
Seattle, WA 98104
Phone: (206) 623-8861

Joseph Thomas
Attorney for Plaintiff Julie Dalessio
14626 SE 176th St., Apt. N101
Renton, WA 98058
(206) 390-8848
joe@joethomas.org

**14.      Trial Counsel Unavailability**

Trial counsel for Defendant University is not available between:

- February 1- March 16, 2018 (trial in Clark County Superior Court)

- April 2-13, 2018 (trial in King County Superior Court)

- May 31, 2018 – June 15, 2018

- November 19-23, 2018

- December 24, 2018 - January 2, 2019

Trial counsel for Plaintiff is not available between:

- March 2-8, 2018

AMENDED JOINT STATUS REPORT - 11
2:17-cv-00642-MJP
1010-00051/340902.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

- April 11-30, 2018

- June 27-July11, 2018

- September 20, 2018 – November 16, 2018

- December 18-30, 2018

**15.     Service**

Defendant does not dispute service.

**16.     Whether the Parties Request a Scheduling Conference**

Plaintiff's Position: Plaintiff requests a scheduling because complex scheduling issues and the appointment of pro bono counsel.

Defendant's Position: Defendant does not request a scheduling conference prior to the Court entering a scheduling order in this case.

**17.     Nongovernment Corporate Parties**

Not applicable.

DATED:  February 20, 2018

KEATING, BUCKLIN & McCORMACK, INC., P.S.


By: */s/ Jayne L. Freeman*
Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for Defendant

801 Second Avenue, Suite 1210
Seattle, WA  98104-1518
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: jfreeman@kbmlawyers.com

AMENDED JOINT STATUS REPORT - 12
2:17-cv-00642-MJP
1010-00051/340902.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1

LAW OFFICE OF JOSEPH THOMAS PLLC

2

3

By: _/s/ Joseph Thomas_____
Joseph Thomas, WSBA #49532
Attorney for Plaintiff

4

5

14625 SE 176th St., Apt N101
Renton, WA  98058

6

Phone: (206) 390-8848
Email: joe@joethomas.org

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

AMENDED JOINT STATUS REPORT - 13
2:17-cv-00642-MJP

1010-00051/340902.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1

## CERTIFICATE OF SERVICE

2           I hereby certify that on February 20, 2018, I electronically filed the foregoing with

3    the Clerk of the Court using the CM/ECF system which will send notification of such filing

4    to the following:

5

6    **Attorneys for Plaintiff**

7    Joseph Thomas, WSBA #49532
     14625 SE 176th St Apt N101
8    Renton, WA 98058-8994
     Telephone:  (206) 390-8848
9    Email:  joe@joethomas.org

10

11   DATED:  February 20, 2018

12

13                                          */s/ Jayne L. Freeman*

14                                          Jayne L. Freeman, WSBA #24318
                                            Special Assistant Attorney General for
15                                          Defendant
                                            801 Second Avenue, Suite 1210
16                                          Seattle, WA  98104-1518
                                            Phone: (206) 623-8861
17                                          Fax:    (206) 223-9423
                                            Email: jfreeman@kbmlawyers.com
18

19

20

21

22

23

24

25

26

27

AMENDED JOINT STATUS REPORT - 14
2:17-cv-00642-MJP
1010-00051/340902.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423