1

The Honorable Marsha J. Pechman

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                     WESTERN DISTRICT OF WASHINGTON

10

11   JULIE DALESSIO, an individual,              No. 2:17-cv-00642-MJP

12                  Plaintiff,                    **First Amended Complaint**

13         v.                                     **Jury Trial Requested**

14   UNIVERSITY OF WASHINGTON, a
     Washington Public Corporation; Eliza
15   Saunders, Director of the Office of Public
     Records, in her personal and official
16   capacity; Alison Swenson, Compliance
     Analyst, in her personal capacity; Perry
17   Tapper, Public Records Compliance
     Officer, in his personal capacity; Andrew
18   Palmer, Compliance Analyst, in his
     personal capacity; Jayne Freeman, a
19   Special Assistant Attorney General, in her
     personal and official capacity; Derek Chen,
20   an attorney working under the Special
     Assistant Attorney General, in his personal
21   and official capacity; LaHoma Walker, a
     Legal Assistant working under Special
22   Assistant Attorney General, in her personal
     and official capacity; John or Jane Does 1-
23   12, in his or her personal capacity,

24                  Defendants.

25
            Plaintiff Julie Dalessio alleges for her Complaint against collectively the Defendants on
26
     personal knowledge as to her own activities, and to information and belief as to the activities of
27
     others, as follows:
28   First Amended Complaint                      1          Law Office of Joseph Thomas
                                                            14625 SE 176th St., Apt. N101
     Case 2:17-cv-00642                                     Renton, Washington
                                                            Phone (206)390-8848

## I. Introduction

1.   Pursuant to 42 U.S.C § 1983, Plaintiff alleges the deprivation of rights guaranteed to her by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.  She seeks declaratory relief, equitable relief, damages, attorney's fees and litigation expenses/costs.

## II. Jurisdiction

2.  This case arises under the United States and Washington Constitutions and 42 U.S.C. §1983.

3.  This court has jurisdiction by virtue of 28 U.S.C. §§ 1331, 1343, 1443 and 1446.  Further this Court has jurisdiction to issue declaratory relief under 28 U.S.C. §§ 2201 and 2202.  This Court has supplemental or pendant jurisdiction over Washington State claims made under 28 U.S.C. § 1367(a) and in particular Washington State claims made against the University of Washington.  The University of Washington has consented to federal court jurisdiction for purposes of considering the issues of common law privacy violations, breach of contract, libel, civil rights violations, and injunctive relief raised in this action.

4.  Venue is proper in this Court under 28 U.S.C § 1391(b)(2) because the University of Washington maintains all or substantially all of the records at issue in Seattle Washington, or because Seattle is where the decision was made to wrongfully produce the records at issue.

## III. Parties

5.  Plaintiff Julie Dalessio ("**Dalessio**"), is a former a former classified staff employee of the University of Washington, and at all relevant times a resident of the state of Washington.

6.  Defendant University of Washington ("**UW**") is a Washington public corporation.

7.  Defendant Eliza Saunders ("**Saunders**"), is an individual UW official serving as a Director of the Office of Public Records at the UW's Office of Public Records and Open Public Meetings.  Defendant Saunders is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in her personal and official capacities.  In all of her actions and omissions alleged herein, Defendant Saunders was acting under the color of state law.

8.  Defendant Perry Tapper ("**Tapper**"), is an individual UW official serving as a Public Records Compliance Officer at the UW's Office of Public Records and Open Public Meetings.

First Amended Complaint
Case 2:17-cv-00642
2
Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1    Defendant Tapper is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in his

2    personal capacity.  In all of his actions and omissions alleged herein, Defendant Tapper was

3    acting under the color of state law.

4         9.  Defendant Andrew Palmer ("**Palmer**"), is an individual UW official serving as a

5    Compliance Analyst at the UW's Office of Public Records and Open Public Meetings.  Defendant

6    Palmer is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in his personal

7    capacity.  In all of his actions and omissions alleged herein, Defendant Palmer was acting under

8    the color of state law.

9         10. Defendant Alison Swenson ("**Swenson**") is an individual UW official serving as a

10   Compliance Analyst at the UW's Office of Public Records and Open Public Meetings.  Defendant

11   Swenson is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in her personal

12   capacity.  In all of her actions and omissions alleged herein, Defendant Swenson was acting under

13   the color of state law.

14        11.  Defendant Jayne Freeman ("**Freeman**") is an individual contracted Special Assistant

15   Attorney General with the Office of the Washington State Attorney General to provide legal

16   services to Defendant UW.  Defendant Freeman is a "person" as that term is used in 42 U.S.C. §

17   1983 and is being sued in her personal capacity.  In all of her actions and omissions alleged

18   herein, Defendant Freeman was acting under the color of state law.

19        12.  Defendant Derek Chen ("**Chen**") is an individual attorney working under the Special

20   Assistant Attorney General with the Office of the Washington State Attorney General to provide

21   legal services to Defendant UW.  Defendant Chen is a "person" as that term is used in 42 U.S.C.

22   § 1983 and is being sued in his personal capacity.  In all of his actions and omissions alleged

23   herein, Defendant Chen was acting under the color of state law.

24        13.  Defendant LaHoma Walker ("**Walker**") is an individual legal assistant working under

25   the Special Assistant Attorney General with the Office of the Washington State Attorney General

26   to provide legal services to Defendant UW.  Defendant Walker is a "person" as that term is used

27   in 42 U.S.C. § 1983 and is being sued in her personal capacity.  In all of his actions and omissions

28   alleged herein, Defendant Walker was acting under the color of state law.

1

2

3

4

14.   Defendant John or Jane Doe 1 ("**Doe 1**") is believed to be an individual UW official serving at the UW's Department of Laboratory Medicine.  Defendant Doe 1 is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in his/her personal capacity.  In all of his/her actions and omissions alleged herein, Defendant Doe 1 was acting under the color of state law.

5

6

7

8

15.   Defendant John or Jane Doe 2 ("**Doe 2**") is believed to be an individual UW official serving at the UW's Department of Laboratory Medicine.  Defendant Doe 2 is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in his/her personal capacity.  In all of his/her actions and omissions alleged herein, Defendant Doe 2 was acting under the color of state law.

9

10

11

12

13

16.   Defendant John or Jane Doe 3 ("**Doe 3**") is believed to be an individual UW official serving at the UW's Department of Human Resources for the Upper Campus.  Defendant Doe 3 is a "person" as that term is used in 42 U.S.C. § 1983 and is sued in being his/her personal capacity. In all of his/her actions and omissions alleged herein, Defendant Doe 3 was acting under the color of state law.

14

15

16

17

18

17.  Defendant John or Jane Doe 4 ("**Doe 4**") is believed to be an individual UW official serving at the UW's Department of Human Resources of UW Medicine.  Defendant Doe 4 is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in his/her personal capacity. In all of his/her actions and omissions alleged herein, Defendant Doe 4 was acting under the color of state law.

19

20

21

22

23

18.   Defendant John or Jane Doe 5 ("**Doe 5**") is believed to be an individual UW official serving at the UW's Department of Human Resources of UW Medicine.  Defendant Doe 5 is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in his/her personal capacity. In all of his/her actions and omissions alleged herein, Defendant Doe 5 was acting under the color of state law.

24

25

26

27

19.   Defendant John or Jane Doe 6 ("**Doe 6**") is believed to be an individual UW official serving at the UW's Department of Payroll Services.  Defendant Doe 6 is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in his/her personal capacity.  In all of his/her actions and omissions alleged herein, Defendant Doe 6 was acting under the color of state law.

28

20.  Defendant John or Jane Doe 7 ("**Doe 7**") is believed to be an individual UW official

First Amended Complaint
Case 2:17-cv-00642

4

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1    serving at the UW's Office of Finance and Administration.  Defendant Doe 7 is a "person" as that

2    term is used in 42 U.S.C. § 1983 and is being sued in his/her personal capacity.  In all of his/her

3    actions and omissions alleged herein, Defendant Doe 7 was acting under the color of state law.

4         21.  Defendant John or Jane Doe 8 ("**Doe 8**") is believed to be an individual UW official

5    serving at the UW's Office of Records Management Services.  Defendant Doe 8 is a "person" as

6    that term is used in 42 U.S.C. § 1983 and is being sued in his/her personal capacity.  In all of

7    his/her actions and omissions alleged herein, Defendant Doe 8 was acting under the color of state

8    law.

9         22.  Defendant John or Jane Doe 9 ("**Doe 9**") is believed to be an individual UW official

10   serving at the UW's Department of Legal and Business Affairs of UW Medicine.  Defendant Doe

11   9 is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in his/her personal

12   capacity.  In all of his/her actions and omissions alleged herein, Defendant Doe 8 was acting

13   under the color of state law.

14        23.  Defendant John or Jane Doe 10 ("**Doe 10**") is believed to be an individual UW

15   official serving at the UW's Office of Chief Health System Officer of UW Medicine.  Defendant

16   Doe 10 is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in his/her personal

17   capacity.  In all of his/her actions and omissions alleged herein, Defendant Doe 10 was acting

18   under the color of state law.

19        24.  Defendant John or Jane Doe 11 ("**Doe 11**") is believed to be an individual UW

20   official serving at the UW's Department of Records and Management Services at UW Medicine.

21   Defendant Doe 11 is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in

22   his/her personal capacity.  In all of his/her actions and omissions alleged herein, Defendant Doe

23   11 was acting under the color of state law.

24        25.  Defendant John or Jane Doe 12 ("**Doe 12**") is believed to be an individual UW

25   official serving at the UW's Office of Disability Services.  Defendant Doe 12 is a "person" as that

26   term is used in 42 U.S.C. § 1983 and is being sued in his/her personal capacity.  In all of his/her

27   actions and omissions alleged herein, Defendant Doe 12 was acting under the color of state law.

28

First Amended Complaint
Case 2:17-cv-00642

5

1

## IV. Facts

2      26. Defendant UW's Office of Public Records and Open Public Meetings oversees UW's

3  compliance with the Washington Public Records Act, RCW 42.56.001, *et. seq.* ("**PRA**").

4      27. David Betz ("**Betz**") is an individual who from 2005-16 lived in an adjacent property

5  to Dalessio.

6      28. In May 2015, Betz sued Dalessio in King County Superior Court claiming that when

7  Dalessio built a fence, it was on Betz's property.  The case number is 15-2-17152-9.

8      29. On September 16, 2015, while litigation was still on-going, Betz made a request

9  under the PRA to Defendant UW for "all records maintained by the University of Washington

10  relating or pertaining to Julie Dalessio." In making the PRA request, Betz used Dalessio's student

11  email address, jdaless@u.washington.edu, as a tool to identify Dalessio.  Dalessio received the

12  email address, jdaless@u.washington.edu, while she was a student at UW obtaining her Master's

13  Degree in Laboratory Medicine.

14      30. On November 10, 2015, Defendant Swenson responded to Betz's request made under

15  the PRA and verified that for this installment of documents "the appropriate redactions" were

16  made according to the PRA. The bases for the redactions are: FERPA Student Privacy 20 U.S.C.

17  § 1232; RCW 42.56.050 Invasion of Privacy; RCW 42.56.070(1) Other Statute; RCW

18  42.56.230(3) Employee Privacy; RCW 42.56.230(3) Taxpayer Information; RCW 42.56.230(3)

19  Employee Information.

20      31. On December 04, 2015, Defendant Swenson responded to Betz's request made under

21  the PRA and again verified that for this second and final installment of documents "made the

22  appropriate redactions and/or exemptions" according to the PRA.  The bases for the redactions or

23  exemptions, according to Defendant Swenson are the following: FERPA Student Privacy 20

24  U.S.C. § 1232; HIPAA 40 C.F.R. Part 160, 164; RCW 42.56.050 Invasion of Privacy; RCW

25  42.56.070(1) Other Statute; RCW 42.56.230(3) Employee Privacy; RCW 42.56.230(3) Employee

26  Performance Evaluation; RCW 42.56.230(3) Taxpayer Information; RCW 42.56.250(2)

27  Employment Application; RCW 42.56.230(3) Employee Information; RCW 70.02.020 Medical

28  Records.

First Amended Complaint
Case 2:17-cv-00642

6

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

32. On or around March 22, 2016, Betz revealed in discovery that he had obtained records from Defendant UW that he planned to use as evidence against Ms. Dalessio in his adverse possession lawsuit.  When filed with the King County Superior Court these documents would become public record that Dalessio would have no control over.

33. When Dalessio learned of Betz's PRA request, she immediately became concerned for the security of her private information held by Defendant UW, and consequently made her own PRA request to Defendant UW for a copy of the records that Betz received from his PRA request. Dalessio's request was designated as PR-2016-00218 by Defendant UW.

34. On or around April 10, 2016, Dalessio received a disc containing PR-2016-00218, records responsive to her "public records request for a copy of the records released for PR 2015-00570."

35. From the documentation provided, it appears that Defendant Swenson produced the records to both PRA requests:  Dalessio's PRA request PR-2016-00218; Betz's PRA request PR 2015-00570.

36. In response to Dalessio's PRA request number PR-2016-00218, in relevant part, Defendant Swenson produced the following private, confidential, personal information about Dalessio to Betz: Dalessio's social security number; Dalessio's date of birth, Dalessio's place of birth; Dalessio's personal home address; Dalessio's personal phone number; Dalessio's personal email address; Dalessio's employee identification number; Dalessio's payroll records; Dalessio's protected health information under both federal laws the Health Insurance Portability and Accountability Act ("HIPAA"), and the Americans with Disabilities Act ("ADA"); Dalessio's requests for accommodation under the ADA; comments by other employees about Dalessio's disabilities; Dalessio's employee job classification and salary and benefits information; Dalessio's employment security records; Dalessio's job performance evaluations and allegations related to alleged misconduct; Dalessio's work and leave records; Dalessio's previous legal surnames; Dalessio's signature. These records are personally identifiable, private and confidential which could lead to identity theft.

37. On April 17, 2016, out of fear that her private, confidential, personal information was

First Amended Complaint
Case 2:17-cv-00642

7

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1  unlawfully being disclosed to known and unknown third parties Dalessio contacted Defendant

2  Swenson by email and Defendant UW's Office of Public Records by United States Postal Service

3  alerting them that Betz "was given confidential information, including my social security number

4  and date of birth along with the other health and personnel related, confidential, exempt

5  information."

6      38.  On April 27, 2016, Dalessio did receive a response from Defendant Swenson which

7  only attached Betz's original request, PR 2015-00570, and did not address Dalessio's stated

8  concerns about her private confidential information.

9      39.  A request summary report, generated on April 10, 2017, appears to identify persons

10 employed by Defendant UW who searched for and transmitted documents to Defendant UW's

11 Office of Public Records and Open Public Meetings that were produced in response to request PR

12 2015-00570 submitted by Betz.  The request summary report identifies Defendant UW employees

13 who helped fulfill request PR 2015-00570.  It believed that the persons who were involved in

14 assisting Defendant UW's Office of Public Records and Public Meetings Act: Doe 1; Doe 2; Doe

15 3; Doe 4; Doe 5; Doe 6; Doe 7; Doe 8; Doe 9; Doe 10; Doe 11; Doe 12.

16     40.  It is under personal belief that Defendant Tapper approved Defendant Swenson's

17 production of documents before it was released to either Betz or Dalessio through requests PR-

18 2016-00218 and PR 2015-00570.  The belief is based upon the fact that the initial "PMT"

19 appeared on the request summary report for PR 2015-00570, and also because Defendant

20 Swenson identified Defendant Tapper as her Supervisor at the time the requests were made.

21     41.  On May 20, 2016, Dalessio made a telephone call to Defendant UW's Office of

22 Public Records and Open Public Meetings and spoke with Defendant Tapper following-up on

23 Dalessio's April 17, 2016 communications to Defendant Swenson and Defendant UW that went

24 unanswered about Dalessio's private and confidential information unlawfully being disclosed via

25 the Public Records Act.  Defendant Tapper Dalessio did not respond to Dalessio's concern

26 directly, but stated Defendant UW's Office of Public Records and Open Public Meetings does not

27 respond to requests for information.  Further, Defendant Tapper made Dalessio believe that the

28 only way she could receive a response from Defendant UW's Office of Public Records and Open

First Amended Complaint
Case 2:17-cv-00642
8
Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1  Public Meetings would be to submit a PRA request.

2       42. It is under belief that Defendant Saunders acted as the Director of the UW Office of

3  Public Records And Open Meetings throughout these occurrences.  It is believed she was

4  instrumental in the oversight and implementation of relevant Public Records Act disclosures.

5       43.  On October 14, 2016, Dalessio made a telephone call to Defendant UW's Office of

6  Ombudsman speaking to Ombud Chuck Sloane ("**Sloane**").  Dalessio conveyed to Sloane her

7  fears about her private and confidential information unlawfully being disclosed via PRA requests.

8  Sloane referred Dalessio to the Office of the Attorney General – University of Washington and

9  Washington Department of Enterprise Services.  Defendant UW has its own division of the

10  Washington Department of Enterprise Services known as UW Department of Risk Services.

11      44.  On October 21, 2016, Dalessio filed claims with both Defendant UW Department of

12  Risk Services, and Washington Department of Enterprise Services.  The claims gave legal notice

13  to both entities that Dalessio was legally wronged by Defendant UW's production of documents

14  under the PRA to Betz's request because of: privacy violations, reputation injured, and claimed

15  actual damages including mental pain and suffering, and breach of contract.  Dalessio made both

16  of these notices of claims pursuant to RCW 4.92.100.

17      45.  On or about October 2016, Dalessio contacted Office of the Attorney General at the

18  University of Washington and spoke with Assistant Attorney General Rob Kosin ("**Kosin**").

19  Kosin told Dalessio that there was nothing he could do.

20      46.  On personal belief, Dalessio feared many departments within Defendant UW were

21  disclosing or could possibly disclose Dalessio's personal, private information, based upon the

22  unlawful PRA disclosure to Betz.

23      47.  On November 09, 2016, Dalessio submitted a PRA request to Defendant UW's Office

24  of Public Records and Open Public Meetings.  Defendant UW designated this request as PR-

25  2016-00760.  This request sought "a digital copy of [Dalessio's] departmental personnel file,

26  along with any other computer or paper files that might contain records of inquiries concerning

27  [Dalessio's] employment at the UW since [Dalessio's] resignation in 2003. [Dalessio] is also

28  requesting any other records of departmental communications, concerning [Dalessio's]

First Amended Complaint
Case 2:17-cv-00642

9

employment with the UW, including phone logs, calendars, and emails exchanged with human resources, former supervisor Rhoda Ashley Morrow or others concerning [Dalessio]."  Dalessio also asked UW to contact her if it needed clarification about the scope or meaning of her request.

48.  On February 02, 2017, Defendant UW denied Dalessio's October 21, 2016 notice of claim.

49.  On or about February 2017, Dalessio received the final of two installments of documents responsive to her request PR-2016-00760.  Defendant Palmer was the person who produced both installments of records to Dalessio.  It believed that the persons involved in assisting Defendant UW's Office of Public Records and Public Meetings Act include: Doe 1; Doe 2; Doe 3; Doe 4; Doe 5; Doe 6; Doe 7; Doe 8; Doe 9; Doe 10; Doe 11; Doe 12.

50.  In response to Dalessio's PRA request number PR-2016-00760, in relevant part, Defendant Palmer produced the following private, confidential, personal information about Dalessio: Dalessio's social security number; Dalessio's date of birth, Dalessio's place of birth; Dalessio's personal home address; Dalessio's personal phone number; Dalessio's personal email address; Dalessio's employee identification number; Dalessio's payroll records; Dalessio's protected health information under both federal laws the Health Insurance Portability and Accountability Act ("HIPAA"), and the Americans with Disabilities Act ("ADA"); Dalessio's requests for accommodations under the ADA; comments by other employees about Dalessio's disabilities; Dalessio's employee job classification and salary and benefits information; Dalessio's employment security records; Dalessio's job performance evaluations and allegations related to alleged misconduct; Dalessio's work and leave records; Dalessio's previous legal surnames; Dalessio's signature; thirty-seven (37) copies of letters supposed to be taken out of Dalessio's file pursuant to the 2003 settlement agreement between Defendant UW and Dalessio; Dalessio's cognitive job analysis; Dalessio's psychiatric notes; intimate personal information about Dalessio's home life; a document wrongfully implying Dalessio taking medications to combat a disease. These records are personally identifiable, private and confidential which could lead to identity theft.

51.  Some of the medical information produced in response to PRA request PR-2016-

First Amended Complaint
Case 2:17-cv-00642

10

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

00760 was, at the time, unknown to even Dalessio herself.  Dalesssio only learned of some of this medical information through the production of documents to PR-2016-00760.

52. The "Request Summary Report" associated with PR 2016-00760 [Dkt. 42] indicates 1431 pages of documents were withheld from the documents provided to Dalessio in this PRA request, even though this PR 2016-00760 did not include any indication that any other documents were withheld, or descriptions of documents withheld, as required under the PRA.

53.  On March 28, 2017, Dalessio filed this current action in King County Superior Court, as case number 17-2-07812-3 SEA.

54.  On April 10, 2017, Defendant Freeman filed a notice of appearance in King County Superior Court as attorney of record for Defendant UW.

55.  On April 24, 2017, Defendant UW filed a notice of removal of this case to United States District Court for the Western District of Washington and consented to jurisdiction over all the claims in this action.

56.  On May 25, 2017, Dalessio had a joint-telephonic conference with Defendant Freeman and Defendant Chen regarding this current action, in the United States District Court for the Western District of Washington.  In this telephonic conference Dalessio expressed serious concern about the safety and security of her private information while presenting evidence to this Court about the claims listed in the original complaint.  Dalessio suggested that both parties use descriptions of her private and confidential information, in accordance with the Federal Rules of Evidence, rather than filing the complete unredacted documents.  Defendant Freeman told Dalessio that she would have to think about how Dalessio's private and confidential information would be filed and presented to this Court.

57. On or about May 25, 2017, Dalessio served requests for admissions to Defendant Freeman, pursuant to Rule 36 of the Federal Rules of Civil Procedure, asking Defendant UW to admit to descriptions of information contained in the public records produced by Defendant UW.

58.  Defendant UW made objections to each and every request for admission that Dalessio made.

59.  At no time did either Defendant Freeman or Defendant Chen follow-up with Ms.

First Amended Complaint
Case 2:17-cv-00642
11
Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1    Dalessio to try to find a strategy of how to submit the evidence to the Court, while protecting

2    Dalessio's private and confidential information.

3         60. On August 24, 2017 Defendant UW filed a motion summary judgment in this action,

4    through its attorney of record Defendant Freeman.  Defendant Freeman signed the motion for

5    summary judgment.

6         61.  Through PACER CM/ECF system, Dalessio received the summary judgment in her

7    email at 10:00 AM on August 24, 2017.

8         62.  On August 24, 2017, courts documents indicate Defendant Freeman entered the

9    Declaration of Alison Swenson into PACER CM/ECF system at 10:13 AM.  Dalessio's email

10   Notice of Electronic Filing states the document was filed at 10:13 AM.

11        63.  There are multiple facts that indicate Defendant Freeman entered Defendant

12   Swenson's Declaration into PACER CM/ECF system.  First, Defendant Swenson's Declaration is

13   not signed by either Defendant Freeman, Defendant Chen, or any attorney.  Second, the caption

14   for the Defendant Swenson's Declaration states it is "in support of Defendant's Motion for

15   Summary Judgment."  Third, the Notice of Electronic Filing for Defendant Swenson's

16   Declaration states that the transaction was "entered by Freeman, Jayne."

17        64. Defendant Chen's Declaration in Docket 40 of this lawsuit states: "Counsel for

18   Defendant then made additional redactions using black boxes for purposes of filing the subject

19   documents in court, some of which had writing describing what was underneath the redaction,

20   pursuant to WDLC 5.2(a)."

21        65.  Defendant Swenson's Declaration and exhibits states that attached to it is Betz's PRA

22   request numbered PR 2015-00570.  According to the Declaration Defendant Swenson made on

23   redaction, prior to the electronic filing with the Court, but it is incomprehensible what was

24   redacted.  Defendant Swenson and whomever filed the declaration with the court left most if not

25   all of Dalessio's private and confidential information, open and available to the public including:

26   Dalessio's social security number; Dalessio's date of birth, Dalessio's place of birth; Dalessio's

27   personal home address; Dalessio's personal phone number; Dalessio's personal email address;

28   Dalessio's employee identification number; Dalessio's payroll records; Dalessio's protected

1  health information under both federal laws the Health Insurance Portability and Accountability

2  Act ("HIPAA"), and the Americans with Disabilities Act ("ADA"); Dalessio's requests for

3  accommodation under the ADA; comments by other employees about Dalessio's disabilities;

4  Dalessio's employee job classification and salary and benefits information; Dalessio's

5  employment security records; Dalessio's job performance evaluations and allegations related to

6  alleged misconduct; Dalessio's work and leave records; Dalessio's previous legal surnames;

7  Dalessio's signature.  These records are personally identifiable, and contain private and

8  confidential which could lead to identity theft.

9        66.  Defendant Swenson's Declaration and exhibits, as it was filed with this Court,

10  violated Local Court Rule 5.2 because it did not fully redact Dalessio's social security number

11  and date of birth before being entered with the PACER CM/ECF system.

12        67.  On August 27, 2017, Dalessio emailed Ms. Laurie Cuaresma, Courtroom Deputy to

13  Honorable Judge Martinez, and expressed that Dalessio felt re-violated by the Defendant

14  Swenson's Declaration and exhibits that "publicly re-disseminat[e] personal, confidential,

15  and statutorily exempt information including my date of birth, personal uw student/alumni email,

16  health information etc, as described in my complaint."  Defendants Freeman, Chen and Walker

17  were carbon copied to this email.

18        68.  On August 28, 2017, Ms. Cuaresma responded by email and stated that upon review

19  of the Defendant Swenson's Declaration and exhibits, "one exhibit contains information that

20  should have been redacted" and was immediately sealed.  Ms. Cuaresma directed Defendant to

21  re-file the exhibit with the appropriate redactions.

22        69.  On August 29, 2017, Dalessio for the second time emailed Ms. Cuaresma, to express

23  a separate exhibit contained her unredacted date of birth.  Defendants Freeman, Chen and Walker

24  were carbon copied to this email.

25        70.  On August 30, 2017, Ms. Cuaresma responded by email for the second time and

26  stated that upon further review, "the Court had identified several pages that still contained Ms.

27  Dalessio's social security number, as well as her date of birth," which immediately sealed.

28        71.  On August 30, 2017, Dalessio emailed Defendants Freeman, Chen and Walker and

asked to discuss how to file these records under seal pursuant to Local Court Rule 5(g).

72.  On September 01, 2017, Defendant Freeman again entered Swenson's Exhibit A containing the entire contents of PR 2015-00570 into the CM/ECF system as Dkts. 32, 33, 34. This disclosure by Defendant Freeman, in relevant part, disclosed to the public the following private, confidential, personal information about Dalessio: Dalessio's place of birth; Dalessio's personal home address; Dalessio's personal phone number; Dalessio's personal email address; Dalessio's employee identification number; Dalessio's payroll records; Dalessio's protected health information under both federal laws the Health Insurance Portability and Accountability Act ("HIPAA"), and the Americans with Disabilities Act ("ADA"); Dalessio's requests for accommodation under the ADA; comments by other employees about Dalessio's disabilities; Dalessio's employee job classification and salary and benefits information; Dalessio's employment security records; Dalessio's job performance evaluations and allegations related to alleged misconduct; Dalessio's work and leave records; Dalessio's previous legal surnames; Dalessio's signature.  These records are personally identifiable, private and confidential which could lead to identity theft.

73.  Defendants Freeman, Chen and Walker never responded to Dalessio's request to discuss how to file the records under seal pursuant to Local Court Rule 5(g).

74.  On September 05, 2018, Dalessio filed a Motion to Seal exhibits from Defendant Swenson's Declaration that contained Dalessio's private and confidential information.  The Court subsequently sealed several of the exhibits in their entirety.

75. Dalessio has suffered economically, physically and emotionally from these disclosures.  Furthermore, since this information was made public she may suffer harm at any time in the future because of this harm.

76.  Economically, Dalessio has been harmed by the disclosure of her private and confidential information because the disclosure of her private and confidential information.  First, Dalessio had to pay an attorney King County Superior Court case number 15-2-17152-9, against Betz, to review Dalessio's PRA request PR-2016-00218; Betz's PRA request PR 2015-00570.  Second, Dalessio paid the attorney to perform a legal analysis of the laws governing private and

confidential information to determine if she was legally harmed by this disclosure.  Third, Dalessio had to pay the attorney in case King County Superior Court case number 15-2-17152-9 to make legal filings to protect her private and confidential information from becoming part or the public court record.  Fourth, Dalessio has had to pay for legal consultation fees in connection with the disclosure her private and confidential information.  Fifth, Dalessio has had to pay court costs associated with this present action.  All of these costs were incurred in Dalessio trying to remove her private and confidential information from the public record.

77.  Physically, Dalessio has been harmed by the disclosure of her private and confidential information because she is allergic to plastics.  Contact with any type of plastics results in inflammation and lasting pain.  Because of these disclosures, Dalessio has had to use the telephone to make phone calls, computers to write letters, a printer to print documents, among other types of plastics, all to try to remove her private and confidential information from the public record, in amounts to be determined by jury at trial.

78.  Emotionally, Dalessio has been harmed by the disclosure of her private and confidential information.  Dalessio has suffered from sleep disturbances, agitation, traumatic stress, lack of appetite, sadness, embarrassment, worry, humiliation, in amounts to be determined by the jury at trial.

79.  The University of Washington has a pattern and practice of disclosing private and confidential information in the disclosure of documents in response to PRA requests.

80.  Dalessio, herself, has received documents under the PRA, from other requests she made, which contain private and confidential information about third parties:  PR 2017-00357; PR 2017-00358; PR 2017-00359; PR 2017-00822; PR 2017-00803; PR 2017-00836; PR 2017-00738; PR 2017-00737.

81. Records produced by Defendant UW to Dalessio for PRA request PR 2017-00357, in relevant part contains, a current UW Virology employee's work location, payroll records, work and leave records, Date of birth, place of birth, employee identification number, personal phone number, W4 information, signature, retirement and insurance information, employee job classification and salary information, email regarding lack of qualifications for job, documents

First Amended Complaint
Case 2:17-cv-00642
15
Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1    clearly marked as "confidential."  These records are personally identifiable, private and

2    confidential which could lead to identity theft.  The included inventory of documents withheld

3    includes performance evaluations and application materials.  It is under belief, that Lynn O'Shea

4    who is a UW official serving as a Compliance Analyst at the UW's Office of Public Records and

5    Open Public Meetings participated in the disclosure of these records.

6        82.  Records produced by Defendant UW to Dalessio for PRA request PR 2017-00358, in

7    relevant part, contains a current UW Virology employee's work location, employee identification

8    number, payroll records, work and leave records, Date of birth, place of birth, disability status,

9    Investment program enrollment, retirement information, Declaration of marriage/Same Sex

10   Domestic Partnership, dependent daughter, Long Term Disability Insurance Enrollment, height,

11   weight, signature, immigrant status, "Affirmative Action Data" race, origin, physical, sensory,

12   mental impairment, veteran status, test scores, test questions, on the job accident reports, INS I-94

13   departure record, admission #, INS employee authorization (expired), Family Medical Leave

14   documentation, documents clearly marked as "confidential."  These records are personally

15   identifiable, private and confidential which could lead to identity theft.  This PR also contained a

16   document relating to a "request for criminal conviction record information from the Washington

17   State Patrol" "pursuant to the Child/Adult Abuse Information Act."  This PR did not contain any

18   listing of any documents withheld.  It is under belief, that Lynn O'Shea who is a UW official

19   serving as a Compliance Analyst at the UW's Office of Public Records and Open Public

20   Meetings, participated this PRA request.

21       83.  Records produced by Defendant UW to Dalessio for PRA request PR 2017-00359, in

22   relevant part contains documents produced to this request ten (10) current or former UW

23   employees that appear to be clients of the UW Disability Service Office. The produced records, in

24   relevant part, identify: locations, employee identification numbers, job classification and salary

25   information, payroll records, work and leave records, FMLA documentation, Retirement pension

26   benefits information, signatures, Date of birth, place of birth, disability status, protected health

27   information under both federal laws the Health Insurance Portability and Accountability Act

28   ("HIPAA"), and the Americans with Disabilities Act ("ADA") and RCW 51.28.070 "Information

First Amended Complaint                     16                    Law Office of Joseph Thomas
Case 2:17-cv-00642                                               14625 SE 176th St., Apt. N101
                                                                 Renton, Washington
                                                                 Phone (206)390-8848

1  contained in the claim files and records of injured workers," tobacco use, Insurance claim

2  numbers, Insurance policy numbers, medical and dental plan information, signatures, spouse's

3  name, date of marriage, number of dependents, birth certificates, form 1040, employee

4  evaluations, personal email addresses, requests for accommodation under the ADA; comments by

5  other employees about disabilities; medical testing results, documents clearly marked as

6  "confidential."  It is under belief, that Lynn O'Shea who is a UW official serving as a Compliance

7  Analyst at the UW's Office of Public Records and Open Public Meetings, participated this PRA

8  request.

9        84. Records produced by Defendant UW to Dalessio for PRA request PR 2017-00822, in

10  relevant part contains documents produced to this request four (4) former UW Virology

11  employees. The produced records, in relevant part, identify: employee identification numbers,

12  dates of birth, places of birth, previous surnames, race, ethnicity, disability handicap status,

13  veteran status, work and leave records and FMLA records, classification and salary records,

14  pension benefit records, payroll records, personal phone numbers, protected health information

15  under both federal laws the Health Insurance Portability and Accountability Act ("HIPAA"), and

16  the Americans with Disabilities Act ("ADA") and RCW 51.28.070 "Information contained in the

17  claim files and records of injured workers," student identification numbers, performance

18  evaluations, workplace accident reports, insurance information, tobacco use, marital status,

19  height, weight. It is under belief, that Lynn O'Shea who is a UW official serving as a Compliance

20  Analyst at the UW's Office of Public Records and Open Public Meetings, participated this PRA

21  request.

22        85.  Records produced by Defendant UW to Dalessio for PRA request PR 2017-00803, in

23  relevant part contains, personal residential address, personal cell phone number, personal email

24  address.  These records are personally identifiable, private and confidential which indicates safety

25  and privacy concerns, and could lead to identity theft.  It is under belief, that Meg McGough who

26  is a UW official serving as a Compliance Officer at the UW's Office of Public Records and Open

27  Public Meetings, participated this PRA request.

28        86.  Records produced by Defendant UW to Dalessio for PRA request PR 2017-00836, in

1   relevant part contains, employee ID number, personal residential address, personal phone number,

2   date of birth, place of birth, personal biography, curriculum vitae, personal email address, student

3   email address, salary and benefits information, application materials, performance evaluation,

4   personal emails, disparaging emails, Homeland Security employment eligibility verification (date

5   of birth, citizenship, signature), passport, bank information, documents clearly marked as

6   "confidential" or "disclosure prohibited." These records are personally identifiable, private and

7   confidential which could lead to identity theft.  It is under belief, that Meg McGough who is a

8   UW official serving as a Compliance Officer at the UW's Office of Public Records and Open

9   Public Meetings, participated this PRA request.

10          87.  Records produced by Defendant UW to Dalessio for PRA request PR 2017-00738, in

11   relevant part, contains social security number, dates of birth, personal residential address,

12   employee identification number, payroll records, insurance, retirement benefit information,

13   personal email addresses, employment security information, documents clearly marked as

14   "confidential," protected health information under both federal laws the Health Insurance

15   Portability and Accountability Act ("HIPAA"), and the Americans with Disabilities Act

16   ("ADA"), L & I claim number, letters implying improper use of controlled substances or other

17   alleged misconduct,  many invalid waivers, and financial information.  These records are

18   personally identifiable, private and confidential which could lead to stigmatization and/or identity

19   theft.  It is under belief, that Meg McGough who is a UW official serving as a Compliance

20   Officer at the UW's Office of Public Records and Open Public Meetings, participated this PRA

21   request.

22          88.  PR 2017-00737, in relevant part contains, an "Internal Audit Memorandum" written

23   by Defendant UW, and dated March 2, 2004.  The contents of the memo concern violations of the

24   Fair Labor Standards Act 29 CFR 791.2 by Defendant UW, with a December 18, 2002 fax

25   attached containing a July 15, 1997 letter to Dalessio regarding payment for work outside of her

26   job classification.  Dalessio's personal information is the only personally identifiable information

27   not redacted in the memo.  These records are personally identifiable, private and confidential

28   which could lead to identity theft.  It is under belief, that Kathleen Burns who is a UW official

First Amended Complaint
Case 2:17-cv-00642

18

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1  serving as a Compliance Analyst at the UW's Office of Public Records and Open Public

2  Meetings, participated this PRA request.

3       89.  As a pattern and practice, Defendant UW discloses personally identifiable

4  information through disclosures made pursuant to the Washington Public Records Act.  These

5  disclosures contain private and confidential, which could lead to identity theft and safety

6  concerns.

7       90.  It is under belief, that multiple employees of the UW's of Public Records and Open

8  Public Meetings review each production of documents to ensure compliance with the Washington

9  Public Records Act and applicable laws.

10       91.  In 2003, Dalessio and Defendant UW signed a Settlement Agreement relating to her

11  employment relationship with UW.

12       92.  On or about January 08, 2003 the contract was executed by both Dalessio and

13  Defendant UW.

14       93. Dalessio performed or substantially performed all of the significant things that the

15  settlement agreement required her to do.  Defendant UW has never complained that Dalessio did

16  not satisfy the terms of the 2003 Settlement Agreement.

17       94.  In a paragraph two (2), of the terms of the 2003 Settlement Agreement, imposed upon

18  UW an affirmative duty to remove certain specified files from Dalessio's "official Personnel

19  Department file and from all Department of Laboratory Medicine files."

20       95.  In response to PRA request PR 2016-00760, Defendant UW produced the certain

21  specified files that it had a duty to remove from Dalessio's personnel and Laboratory Medicine

22  files, in violation of the 2003 Settlement Agreement.

23       96.  Dalessio's privacy was harmed because Defendant UW failed to remove the certain

24  specified documents from Dalessio's official Personnel Department file and from all Department

25  of Laboratory Medicine files.

26       97.  Under belief, the certain specified documents produced in response to PRA request

27  PR 2016-00760, unlawfully came from Dalessio's official Personnel Department file and from all

28  Department of Laboratory Medicine files, violating the terms of the 2003 settlement agreement.

First Amended Complaint
Case 2:17-cv-00642
19
Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1

2
**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983**
3
**Substantive Due Process:**
**Fourteenth Amendment to the United States Constitution**

4

**Against Defendants Saunders, Swenson, Tapper, Palmer, Does 1-12**

5
98.  Plaintiff incorporates by reference paragraphs 1 through 97 as fully set forth herein.

6
99.  Under the Fourteenth Amendment to the United States Constitution, Dalessio has a

7
protected privacy interest in "avoiding disclosure of personal matters."  *In re Crawford,* 194 F. 3d

8
954, 958 (9th Cir. 1999).

9
100.  The acts of Defendants were taken under the color of state law.

10
101. Defendants are legally required to comply with the principle of substantive due

11
process arising out of the Fourteenth Amendments to the United States Constitution.

12
102.  Substantive Due Process protects an "individua['s]  interest in avoiding disclosure of

13
personal matters."  *In re Crawford,* 194 F. 3d 954, 958 (9th Cir. 1999).

14
103.  Defendants are legally required to comply with Health Information Portability and

15
Accountability Act, 42 U.S.C. § 1320d–6(a)(3) which states violation occurs when a person

16
knowingly "discloses individually identifiable health information to another person."

17
104.  Pursuant to 45 CFR § 164.512(a) a covered entity may only disclose protected health

18
information "to the extent that such use or disclosure is required by law and the use or disclosure

19
complies with and is limited to the relevant requirements of such law."

20
105.  Defendants had an obligation to adopt policies, procedures, and safeguards to

21
prevent unauthorized access to Dalessio's medical records, pursuant to 42 U.S.C. § 1320d-6(a)(3)

22
and 45 CFR § 164.512(a).

23
106.  Defendants are legally required to comply with the Americans With Disabilities Act,

24
42 U.S.C. § 12112(d)(3)(B) and 42 U.S.C. § 12112(d)(4)(C) requires that medical records be kept

25
separately from nonconfidential information, and that access to confidential files be limited.

26
Defendants had an obligation to ensure that your medical records remained confidential and were

27
not commingled with other records which then could be produced to unauthorized individuals in

28
response to PRA requests.

First Amended Complaint
Case 2:17-cv-00642

20

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

107. Defendants had an obligation to adopt policies, procedures, and safeguards to prevent unauthorized access to Dalessio's medical records, pursuant to 42 U.S.C. § 12112(d)(3)(B) and 42 U.S.C. § 12112(d)(4)(C).

108. Defendants are legally required to comply with disclosure requirements and exemptions of the Washington Public Records Act ("PRA"), RCW 42.56.001, et. seq. The PRA expressly prohibits the disclosure of: 1. Social security numbers, RCW 42.56.230(3), RCW 42.56.230(5), RCW 42.56.230(7)(a), RCW 42.56.250(4); 2. Any record used to prove identity, age, residential address, social security number, or other personal information, RCW 42.56.230(7)(a); 3. Personal information in files maintained for employees, appointees, or elected officials of any public agency to the extent that disclosure would violate their right to privacy, RCW 42.56.230(3). In addition, the PRA RCW 42.56.070(1) prohibits disclosure of information that is exempted under other statutes, specifically; 1. Information contained in the claim files and records of injured workers, RCW 51.28.070; 2. Records maintained by the employment security department and subject to chapter 50.13 RCW if provided to another organization for operational, research, or evaluation purposes are exempt from disclosure under this chapter, RCW 42.56.410; 3. Preliminary drafts, note, recommendations, intra-agency memorandums in which opinions are expressed or policies formulated or recommended RCW 42.56.280; 4. Health care information, RCW 70.02.

109. Dalessio had a right to expect that Defendants would comply with the law to protect her private and confidential information from disclosure. Dalessio has a constitutionally protected right "in avoiding disclosure of personal matters." *In re Crawford,* 194 F. 3d 954, 958 (9th Cir. 1999).

110. Dalessio had a right not to have her private and confidential information collected in absence of evidence of criminal wrongdoing as a part of her right to privacy and right to be left alone and the liberty interests created by state and federal law, and the principle of substantive due process found in the Fourteenth Amendment to the United States Constitution.

111. Defendants also deprived Dalessio of substantive due process by arbitrary and capricious government action which was not rationally related to a legitimate government

1   interest.  Dalessio's liberty rights include deprivation of her reputation, the possibility of identity

2   theft, and her personal safety and security, thereby violating Dalessio's right to due process under

3   the Fourteenth Amendment of the United States Constitution.

4      112.  Defendants damaged Dalessio's standing in the community and/or imposed the

5   disclosure of her private and confidential information that affects her safety and security, and

6   forecloses her freedom to conduct her private affairs in private and as she sees fit.

7      113.  As a direct and proximate result of defendants' unlawful acts, Dalessio has suffered

8   economic harm.

9      114.  As a direct and proximate cause of defendants' unlawful acts, Dalessio has suffered

10  physical harm.

11     115.  As a direct and proximate result of defendants' unlawful acts, Dalessio has suffered

12  outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to

13  be determined at the jury trial.

14     116. Dalessio seeks equitable relief in the form of having her private and confidential

15  information redacted or destroyed from Defendant UW.

16     117.  Dalessio seeks equitable relief in the form of Defendant UW providing a complete

17  list of every person(s), business, entity, governmental organization who received a copy of

18  Dalessio's records unlawfully.

19     118.  Dalessio seeks recovery of all equitable relief, compensatory damages, and punitive

20  damages as provided by law, in addition to reimbursement of her reasonable attorney's fees and

21  costs pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927, if appropriate.

22     119.  Defendants' conduct toward Dalessio demonstrated a wanton, reckless, or callous

23  indifference to the constitutional rights of Dalessio, which warrants an imposition of punitive

24  damages in such amounts as the jury may deem appropriate to deter future violations.

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SECOND CAUSE OF ACTION**
**42 U.S.C. § 1983**
**Substantive Due Process:**
**Fifth and Fourteenth Amendments to the United States Constitution**

**Against Defendants Freeman, Chen, Walker**

120.  Plaintiff incorporates by reference paragraphs 1 through 97 as fully set forth herein.

121.  Under the Fifth and Fourteenth Amendments to the United States Constitution, Dalessio has a protected privacy interest in "avoiding disclosure of personal matters." *In re Crawford,* 194 F. 3d 954, 958 (9th Cir. 1999).

122.  The acts of Defendants were taken under the color of state law.

123. Defendants are legally required to comply with the principle of substantive due process arising out of the Fifth and Fourteenth Amendments to the United States Constitution.

124.  Substantive Due Process protects an "individua['s]  interest in avoiding disclosure of personal matters." *In re Crawford,* 194 F. 3d 954, 958 (9th Cir. 1999).

125.  Defendants are legally required to comply with Health Information Portability and Accountability Act, 42 U.S.C. § 1320d–6(a)(3) which states violation occurs when a person knowingly "discloses individually identifiable health information to another person."

126.  Pursuant to 45 CFR § 164.512(a) a covered entity may only disclose protected health information "to the extent that such use or disclosure is required by law and the use or disclosure complies with and is limited to the relevant requirements of such law."

127.  Defendants had an obligation to adopt policies, procedures, and safeguards to prevent unauthorized access to Dalessio's medical records, pursuant to 42 U.S.C. § 1320d-6(a)(3) and 45 CFR § 164.512(a).

128.  Pursuant to 45. CFR § 164.512(a) a covered entity may only disclose protected health information, in response to a PRA request, "to the extent that such use or disclosure is required by law and the use or disclosure complies with and is limited to the relevant requirements of such law."

129.  The Office of the Washington Attorney General is statutorily mandated to provide legal advice to Defendant UW.

130.  Pursuant to 45 C.F.R. Parts 160 and 164, Defendant UW is a hybrid covered entity

First Amended Complaint
Case 2:17-cv-00642

23

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1    and the Office of the Washington Attorney General is a business associate of the University when

2    it provides legal services that require the use or disclosure of private health information. When

3    the Office of the Washington Attorney General, in its role as a business associate, contracts with

4    another lawyer to provide legal services for the University as a Special Assistant Attorney

5    General, the Office of the Washington Attorney General is required to ensure that the Special

6    Assistant Attorney General maintains the security and confidentiality of protected health

7    information.

8         131.  According to the contract appointing the Special Assistant Attorney General as

9    Defendant Freeman, the Special Assistant Attorney General shall not use or disclose Protected

10   Health Information ("PHI") received from the University or the Office of the Washington

11   Attorney General in any manner that would constitute a violation of federal law, the Health

12   Insurance Portability and Accountability Act of 1996 and any regulations enacted pursuant to its

13   provisions ("HIPAA Standards") and applicable provisions of Washington state law.  The Special

14   Assistant Attorney General shall ensure that its employees, contractors, and agents use or disclose

15   PHI received from, or created or received on behalf of Defendant UW or Office of Washington

16   Attorney General in accordance with the provisions of this Agreement and federal and state law.

17   The Special Assistant Attorney General shall not use or disclose Private Health Information in

18   any manner other than permitted or required by Defendant UW or the Office of the Washington

19   Attorney General for the purpose of accomplishing services on behalf of Defendant UW or the

20   Office of the Washington Attorney General.

21        132.  Also, according to the contract appointing the Special Assistant Attorney General as

22   Defendant Freeman, the Special Assistant Attorney General agrees that it will implement all

23   appropriate safeguards to prevent the inappropriate use or disclosure of Private Health

24   Information pursuant to the terms and conditions of this Agreement.  To the extent the Special

25   Assistant Attorney General carries out Defendant UW's obligations under HIPAA Privacy,

26   Breach Notifications, Security, and Enforcement Rules and regulations, the Special Assistant

27   Attorney General shall comply with the requirements of such Rules and regulations that apply to

28   Defendant UW in the performance of such obligations.

First Amended Complaint

Case 2:17-cv-00642

24

133. Defendants are legally required to comply with the court rules when practicing in court. United States District Court for the Western District of Washington's Local Court Rule 5.2 expressly prohibits the filing of documents in the PACER CM/ECF system without first redacting social security numbers, birth dates and financial accounting information.

134. Defendants had an obligation to adopt policies, procedures, and safeguards to prevent court filings without the mandatory redactions of social security numbers, birth dates, and financial accounting information in accordance with LCR 5.2.

135. Dalessio's substantive due process rights were violated when Defendants Freeman, Chen and Walker entered unredacted documents in dockets 30-1, 30-2, 32, 33, 34 because these filings made Dalessio's private and confidential information public because documents filed with the PACER CM/ECF system are public documents that are widely available.

136. Dalessio had a right to expect that Defendants would comply with the law to protect her private and confidential information from disclosure. Dalessio has a constitutionally protected right "in avoiding disclosure of personal matters." *In re Crawford,* 194 F. 3d 954, 958 (9th Cir. 1999).

137. Dalessio had a right not to have her private and confidential information collected in absence of evidence of criminal wrongdoing as a part of her right to privacy and right to be left alone and the liberty interests created by state and federal law, and the principle of substantive due process found in the Fourteenth Amendment to the United States Constitution.

138. Defendants also deprived Dalessio of substantive due process by arbitrary and capricious government action which was not rationally related to a legitimate government interest. Dalessio's liberty rights include deprivation of her reputation, the possibility of identity theft, and her personal safety and security, thereby violating Dalessio's right to due process under the Fourteenth Amendment of the United States Constitution.

139. Defendants damaged Dalessio's standing in the community and/or imposed the disclosure of her private and confidential information that affects her safety and security, and forecloses her freedom to conduct her private affairs in private and as she sees fit.

140. As a direct and proximate result of defendants' unlawful acts, Dalessio has suffered

First Amended Complaint

Case 2:17-cv-00642

25

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1    economic harm.

2         141.  As a direct and proximate cause of defendants' unlawful acts, Dalessio has suffered

3    physical harm.

4         142.  As a direct and proximate result of defendants' unlawful acts, Dalessio has suffered

5    outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to

6    be determined at the jury trial.

7         143.  Dalessio seeks equitable relief in the form of having her private and confidential

8    information redacted or destroyed from Defendants Freeman, Chen and Walker's records.

9         144.  Dalessio seeks equitable relief in the form of Defendants Freeman, Chen and Walker

10   permanently sealing Dalessio's court records that were ordered sealed in Docket 51.

11        145.  Dalessio seeks recovery of all equitable relief, compensatory damages, and punitive

12   damages as provided by law, in addition to reimbursement of her reasonable attorney's fees and

13   costs pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927, if appropriate.

14        146.  Defendants' conduct toward Dalessio demonstrated a wanton, reckless, or callous

15   indifference to the constitutional rights of Dalessio, which warrants an imposition of punitive

16   damages in such amounts as the jury may deem appropriate to deter future violations.

17

18                          **THIRD CAUSE OF ACTION**
                                **42 U.S.C. § 1983**
                                **Fourth Amendment**
19                        **of the United States Constitution**

20        **Against Defendants Saunders, Swenson, Tapper, Palmer, Does 1-12**

21        147.  Plaintiff incorporates by reference paragraphs 1 through 97 as fully set forth herein.

22        148.  The Fourth Amendments to the United States Constitution, protects against

23   unreasonable searches and seizures.

24        149.  The acts of Defendants were taken under the color of state law.

25        150.  Government institutions searching employees medical files can be considered

26   searches under the Fourth Amendment to the United States Constitution.  *Norman-Bloodsaw v.*

27   *Lawrence Berkeley Laboratory*, 135 F. 3d 1260, 1269 (9th Cir. 1998).

28        151.  By Defendants searching Dalessio's personnel file, laboratory medical file, and

1   disability services file, Defendants violated Dalessio's right to be free from unreasonable searches

2   and seizures and to be secure in her person, house, papers and effects in violation of Article I,

3   Section 7 of the Washington Constitution, as well as in violation of the Fourth Amendment of the

4   United States Constitution.

5       152.  It is under belief that Defendants Saunders, Tapper, Swenson, Palmer and Does 1-12

6   encouraged, sanctioned, and ratified a practice of searching and producing documents out of

7   personnel files, laboratory medical file, and disability services file, violating Dalessio's right to be

8   free from unreasonable searches and seizures and to be secure in her person, house, papers and

9   effects in violation of Article I, Section 7 of the Washington Constitution, as well as in violation

10  of the Fourth Amendment of the United States Constitution, made applicable to the State of

11  Washington through the Fourteenth Amendment and made actionable by 42 U.S.C. § 1983.

12      153. Defendants are legally required to comply with Health Information Portability and

13  Accountability Act, 42 U.S.C. § 1320d–6(a)(3) which states violation occurs when a person

14  knowingly "discloses individually identifiable health information to another person."

15      154.  Pursuant to 45 CFR § 164.512(a) a covered entity may only disclose protected health

16  information "to the extent that such use or disclosure is required by law and the use or disclosure

17  complies with and is limited to the relevant requirements of such law."

18      155.  Defendants are legally required to comply with the Americans With Disabilities Act,

19  42 U.S.C. § 12112(d)(3)(B) and 42 U.S.C. § 12112(d)(4)(C) requires that medical records be kept

20  separately from nonconfidential information, and that access to confidential files be limited.

21  Defendants had an obligation to ensure that your medical records remained confidential and were

22  not commingled with other records which then could be produced to unauthorized individuals in

23  response to PRA requests.

24      156.  Defendants had an obligation to adopt policies, procedures, and safeguards to

25  prevent unauthorized access to Dalessio's medical records, pursuant to 42 U.S.C. §

26  12112(d)(3)(B) and 42 U.S.C. § 12112(d)(4)(C).

27      157.  Defendants had no legal authority to make searches under the PRA for Protected

28  Health Information under HIPAA, or protected medical documents and requests for

First Amended Complaint
Case 2:17-cv-00642
27
Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

accommodations under the Americans with Disabilities Act, in violation of Article I, Section 7 of the Washington Constitution, as well as in violation of the Fourth Amendment of the United States Constitution, made applicable to the State of Washington through the Fourteenth Amendment and made actionable by 42 U.S.C. § 1983.

158.  It is under belief, that Defendants' constitutional abuses and violations were and are directly caused by policies, practices and/or customs devised, implemented enforced, encouraged, sanctioned, by Defendants Saunders, Tapper, Swenson, Palmer and Does 1-12.

159.  As a direct and proximate result of defendants' unlawful acts, Dalessio has suffered economic harm.

160.  As a direct and proximate cause of defendants' unlawful acts, Dalessio has suffered physical harm.

161.  As a direct and proximate result of defendants' unlawful acts, Dalessio has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined at the jury trial.

164.  Dalessio seeks recovery of all equitable relief, compensatory damages, and punitive damages as provided by law, in addition to reimbursement of her reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927, if appropriate.

165.  Defendants' conduct toward Dalessio demonstrated a wanton, reckless, or callous indifference to the constitutional rights of Dalessio, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

## FOURTH CAUSE OF ACTION
### Declaratory Judgment, 28 U.S.C. §2201, et. seq.

### Against Defendants UW, Saunders, Swenson, Tapper, Palmer, Does 1-12

166.  Plaintiff incorporates paragraphs 1 through 97 as set forth herein.

167.  Defendants violated Dalessio's substantive due process rights when it/they unlawfully disclosed private and confidential information about her to third parties including, but not limited to: Dalessio's social security number; Dalessio's date of birth, Dalessio's place of

birth; Dalessio's personal home address; Dalessio's personal phone number; Dalessio's personal

email address; Dalessio's employee identification number; Dalessio's payroll records; Dalessio's

protected health information under both federal laws the Health Insurance Portability and

Accountability Act ("HIPAA"), and the Americans with Disabilities Act ("ADA"); Dalessio's

requests for accommodation under the ADA; comments by other employees about Dalessio's

disabilities; Dalessio's employee job classification and salary and benefits information;

Dalessio's employment security records; Dalessio's job performance evaluations and allegations

related to alleged misconduct; Dalessio's work and leave records; Dalessio's previous legal

surnames; Dalessio's signature.

168.  Defendants violated Dalessio's Fourth Amendment rights when it/they unreasonably

searched Dalessio's personnel file, laboratory medical file, and disability services file, Defendants

violated Dalessio's right to be free from unreasonable searches and seizures and to be secure in

her person, house, papers and effects in violation of Article I, Section 7 of the Washington

Constitution, as well as in violation of the Fourth Amendment of the United States Constitution.

169.  Dalessio is entitled to an order from the Court that Defendants violated her

substantive due process rights.

170.  Dalessio is entitled to an order form the Court that Defendants violated her Fourth

Amendment rights.

171.  Dalessio seeks equitable relief in the form of having her records deleted from her

file, pursuant to the 2003 settlement agreement and other legal authority.

172.  Dalessio also seeks training and accountability for the invasion of her civil liberties

and others.

173.  Dalessio seeks equitable relief in the form of providing training in the protection of

private and confidential information, especially in the areas of: employee personnel files,

disability services files, medical records, social security numbers and dates of birth.

174.  Dalessio is entitled to reasonable attorney's fees and costs pursuant to 42. U.S.C.

§ 1988 and 28 U.S.C. § 1927, if appropriate.

First Amended Complaint
Case 2:17-cv-00642

29

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1

2

3

**FIFTH CAUSE OF ACTION**
**Declaratory Judgment, 28 U.S.C. §2201, et. seq.**

**Against Defendants Freeman, Chen, Walker**

4      175.  Plaintiff incorporates paragraphs 1 through 97 as set forth herein.

5      176.  Defendants violated Dalessio's substantive due process rights when it/they

6 unlawfully disclosed private and confidential information about her to third parties including, but

7 not limited to: Dalessio's social security number; Dalessio's date of birth, Dalessio's place of

8 birth; Dalessio's personal home address; Dalessio's personal phone number; Dalessio's personal

9 email address; Dalessio's employee identification number; Dalessio's payroll records; Dalessio's

10 protected health information under both federal laws the Health Insurance Portability and

11 Accountability Act ("HIPAA"), and the Americans with Disabilities Act ("ADA"); Dalessio's

12 requests for accommodation under the ADA; comments by other employees about Dalessio's

13 disabilities; Dalessio's employee job classification and salary and benefits information;

14 Dalessio's employment security records; Dalessio's job performance evaluations and allegations

15 related to alleged misconduct; Dalessio's work and leave records; Dalessio's previous legal

16 surnames; Dalessio's signature.

17      177.  Dalessio is entitled to an order from the Court that Defendants violated her

18 substantive due process rights.

19      178.  Dalessio is entitled to an order form the Court that Defendants violated her Fourth

20 Amendment rights.

21      179.  Dalessio seeks equitable relief in the form of having her records deleted from her

22 file, pursuant to the 2003 settlement agreement and other legal authority.

23      180.  Dalessio also seeks training and accountability for the invasion of her civil liberties

24 and others.

25      181.  Dalessio seeks equitable relief in the form of providing training in the protection of

26 private and confidential information, especially in the areas of: employee personnel files,

27 disability services files, medical records, social security numbers and dates of birth.

28

First Amended Complaint
Case 2:17-cv-00642

30

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

182.  Dalessio is entitled to reasonable attorney's fees and costs pursuant to 42. U.S.C. § 1988 and 28 U.S.C. § 1927, if appropriate.

## SIXTH CAUSE OF ACTION
### Breach of Contract

### Against Defendant UW

183.  Plaintiff incorporates paragraphs 1 through 97 as set forth herein.

184.  Dalessio and Defendant UW entered into a contract/settlement agreement in 2003.

185.  Defendant UW breached this 2003 contract/settlement agreement by failing to remove certain specific documents from Dalessio's official personnel file and from all Department of Labaorary Medicine files.

186.  On January 10, 2003 Dalessio was told by Washington Assistant Attorney General Jeffrey Davis that the documents in question have collected and sequestered pursuant to the 2003 contract/settlement agreement.

187.  On or about February 2017, Dalessio received documents to her PRA request PR 2016-00760.  In those documents were documents from her personnel file and from the Department of Laboratory Medicine files.  This is when Dalessio first learned of Defendant UW's breach of the 2003 contract/settlement agreement.

188.  Dalessio performed her duties under the 2003 contract/settlement agreement.  At no time did Defendant UW notify Dalessio that she did not satisfy the terms of the 2003 contract/settlement agreement.

189.  Dalessio suffered actual and foreseeable damages a result of Defendant UW's breach.

190.  But for Defendant UW's breach of the 2003 contract/settlement agreement, many of the private and confidential documents disclosed concerning Dalessio through PRA requests to Betz and others, would have not occurred.

First Amended Complaint
Case 2:17-cv-00642

31

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1

2

3

4

**SEVENTH CAUSE OF ACTION**
**Common Law Tort**
**Public Disclosure of Private Facts**

**Against Defendants Saunders, Swenson, Tapper, Palmer, Does 1-12**

5        191.  Plaintiff incorporates paragraphs 1 through 97 as set forth herein.

6        192.  Washington case law recognizes the common law tort of public disclosure of private

7    facts.  *See e.g. Hearst v. Hoppe*, 90 Wn.2d 123, 135 (1978).

8        193.  At all relevant times, Dalessio was a resident of the State of Washington.

9        194.  Defendants gave publicity to matters pertaining to Dalessio's private life by

10   disclosing through the PRA her: Dalessio's social security number; Dalessio's date of birth,

11   Dalessio's place of birth; Dalessio's personal home address; Dalessio's personal phone number;

12   Dalessio's personal email address; Dalessio's employee identification number; Dalessio's payroll

13   records; Dalessio's protected health information under both federal laws the Health Insurance

14   Portability and Accountability Act ("HIPAA"), and the Americans with Disabilities Act

15   ("ADA"); Dalessio's requests for accommodation under the ADA; comments by other employees

16   about Dalessio's disabilities; Dalessio's employee job classification and salary and benefits

17   information; Dalessio's employment security records; Dalessio's job performance evaluations and

18   allegations related to alleged misconduct; Dalessio's work and leave records; Dalessio's previous

19   legal surnames; Dalessio's signature.

20       195.  Disclosing information, listed in paragraph 192 of this complaint, through the PRA

21   would be highly offensive to a reasonable person.

22       196.  None of the information listed in paragraph 192 of this complaint is of legitimate

23   concern to the public.

24       197.  The disclosure of the documents through the PRA is a public disclosure.

25       198.  As a direct and proximate result of defendants' unlawful acts, Dalessio has suffered

26   economic harm.

27       199.  As a direct and proximate cause of defendants' unlawful acts, Dalessio has suffered

28   physical harm.

1    200.  As a direct and proximate result of defendants' unlawful acts, Dalessio has suffered

2   outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to

3   be determined at the jury trial.

4    201.  Defendants' conduct toward Dalessio demonstrated a wanton, reckless, or callous

5   indifference to the constitutional rights of Dalessio, which warrants an imposition of punitive

6   damages in such amounts as the jury may deem appropriate to deter future violations.

7

8                              **EIGHTH CAUSE OF ACTION**
                                    **Injunctive Relief**

9              **Against Defendants Saunders, Swenson, Tapper, Palmer, Does 1-12**

10    200.  Plaintiff incorporates paragraphs 1 through 97 as set forth herein.

11    201.   Dalessio has a constitutionally protected expectation of privacy in personal

12   identifying information based on Article 1, Section 7 of the Washington State Constitution.

13    202.  Dalessio's personal identifying information is exempt from disclosure under the

14   PRA.  Disclosure of Dalessio's identifying information would not be in the public interest, and

15   would continue to substantially and irreparably damage Dalessio and her privacy interest.

16    203.  Dalessio has no other adequate remedy at law.  The PRA, RCW 42.56.540, allows a

17   Court to enjoin the release of public records when the release would clearly not be in the public

18   interest and would substantially and irreparably damage any person.  Final injunctive relief is

19   necessary to protect Dalessio from the release of exempt private information.

20                                **V.  Prayer for Relief**

21    Wherefore, Plaintiff Dalessio prays for judgment against the defendants as follows:

22    1.  Economic damages in an amount to be determined at trial;

23    2.  Compensatory damages in an amount to be determined at trial;

24    3.  All available equitable relief and damages in amounts to be determined at trial;

25    4.  Punitive damages consistent with the claims above against defendants in amounts to be

26   determined at trial;

27    5.  Reasonable attorney's fees and litigation expenses/costs herein, including expert

28   witness and expenses, consistent with the claims above against defendants; and

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8884

1
     6.  Grant other relief as just and proper.

2
     **PLAINTIFF HEREBY DEMANDS A JURY TRIAL**.

3
DATED this 12th day of March, 2018         Law Office of Joseph Thomas

4
                                    ____/s/ Joseph Thomas_____

5
                                  Joseph Thomas, WSBA 49532

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

First Amended Complaint

Case 2:17-cv-00642

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848