The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JULIE DALESSIO, an individual,<br><br>                Plaintiff,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON,<br><br>                Defendant. | No. 2:17-cv-00642-MJP<br><br>DEFENDANT UNIVERSITY OF WASHINGTON'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT<br><br>**NOTED FOR HEARING: FRIDAY, MARCH 30, 2018**<br><br>*Oral argument requested* |

## I. RELIEF REQUESTED

Defendant University of Washington requests the court deny Plaintiff's Motion to Amend her Complaint to the extent she seeks to add new federal constitutional claims and nineteen new individual defendants, including defense counsel and staff. Dkt. #74, 74-1.

## II. FACTS RELATED TO MOTION TO AMEND COMPLAINT

Plaintiff Dalessio filed this action against Defendant University of Washington ("UW") in in King County Superior Court in March of 2017, alleging state law claims under the Public Records Act (RCW Ch. 42.56), breach of privacy, breach of contract, and defamation, and Federal civil rights and discrimination claims. Dkt. #1-1. The University filed a motion for summary judgment dismissal on August 24, 2017 (Dkt. #27), and Plaintiff filed a timely response (Dkt. #42-43). Defendant stipulated to extend the deadlines

DEFENDANT UNIVERSITY OF WASHINGTON'S
RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO
FILE AMENDED COMPLAINT - 1
2:17-cv-00642-MJP
1010-00051/350751.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

for discovery and related motions (Dkt. #49), and Plaintiff filed two motions to compel discovery. Dkt. ##52, 59. Plaintiff's claims are based on the University's response to a public records request in which her SSN on one page of documents was inadvertently not redacted. Dkt. #30, 34, p. 47.

Plaintiff's first request for court-appointed counsel in May of 2017 was denied. Dkt. ##8-10, 14. Upon her second request in December of 2017, the court stayed pending proceedings, appointed attorney Joe Thomas as counsel for Plaintiff, and directed the attorneys to confer and file an updated Joint Status Report. Dkt. #65-68. The court's January 19, 2018 order directed Mr. Thomas to "indicate to the Court which of Plaintiff's currently pending motions in this matter require the court's attention and which (if any) might be withdrawn." Dkt. #67. Counsel conferred, filed the updated JSR, then conferenced with Judge Pechman on February 22, 2018. Dkt. ##69-71. At that conference, instead of addressing pending motions as requested, Mr. Thomas instead indicated he planned to file a motion to amend Ms. Dalessio's Complaint and possibly add parties. Dkt. #74, 74-1.

To the extent Plaintiff's Proposed Amended Complaint eliminates claims of (1) discrimination, retaliation, and civil rights claims related to her pre-2003 employment at UW, (2) claims under FERPA, FOIA, or other referenced Federal statutes (3) defamation/libel, (4) RCW 40.14 privacy, and (5) Public Records Act (RCW Ch. 42.56) violations, and re-alleges the same breach of contract claim against UW[1] (Dkt. # 74-1, ¶ 184-190), Defendant does not oppose it.

However, Plaintiff's Motion proposes to add all new claims against nineteen new parties, individually naming as defendants: four named UW employees, twelve unidentified UW employees, three litigation defense attorneys/staff, and seeking punitive damages. Dkt. #74-1. The proposed federal claims against UW employees and litigation counsel include 42 U.S.C. §1983 constitutional claims based on release of allegedly "private"

---

[1] The breach of contract claim against UW is the only claim from Plaintiff's original complaint that remains plead the same against the same party.

DEFENDANT UNIVERSITY OF WASHINGTON'S
RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO
FILE AMENDED COMPLAINT - 2
2:17-cv-00642-MJP
1010-00051/350751.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

information in response to Public Records Requests and alleged "unlawful search and seizure" of University personnel records by University employees collecting responsive documents from various University department files. Dkt. #74-1. Ms. Dalessio continues to pursue a state tort claim for violation of privacy (but now only against individual employees instead of UW), and seeks declaratory and injunctive relief against all proposed Defendants. Dkt. # 74-1 (¶¶ 192-201).

It is undisputed only one Public Records Request (PR-2015-570) resulted in release of <u>any</u> records <u>to a member of the public</u> (Betz) (Dkt. # 74-1 ¶26-45, Dkt. # 30, ## 32-34: redacted document produced to Betz by proposed Defendant Alison Swenson); however, Ms. Dalessio nonetheless seeks to add civil rights claims based on the University's release of unredacted personnel records <u>about her only to her</u> as well. Dkt. # 74-1 (33-36) PR-2016-218: (copies of redacted Betz response by proposed Defendant Swenson given to Dalessio) ((¶47-52: PR-2016-00760: unredacted documents release by proposed Defendant Palmer given only to her). Ms. Dalessio proposes to add Defendant Saunders solely on the basis of providing general "oversight" of the Office of Public Records (¶7, 42), Defendant Tapper as having "approved" Swenson's records release (¶8, 40-41), and "Does" 1-12 as UW employees who may have searched University files and archives to locate responsive records (¶14-25). Dkt. #74-1. *See also*, Dkt. ## 29, 30, 32-34.

### III.   EVIDENCE RELIED UPON

Defendant relies on the seventy-four pleadings already filed with the court in this matter, and the additional Declaration of Jayne L. Freeman in support of Defendant's opposition to Plaintiff's Motion to Amend Plaintiff's Complaint.

### IV.   LEGAL AUTHORITY

**A.   Plaintiff Has Not Met the FRCP 15 Standard for Amending Her Complaint to Add Numerous New Claims and Individual Parties.**

Whether to grant leave to amend "is within the sound discretion of the trial court" guided by Fed.R.Civ.P. 15's underlying purpose of facilitating decisions on the merits.

DEFENDANT UNIVERSITY OF WASHINGTON'S
RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO
FILE AMENDED COMPLAINT - 3
2:17-cv-00642-MJP
1010-00051/350751.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

*United States v. Webb,* 655 F.2d 977, 979 (9th Cir.1981). In considering whether to permit amendment, courts consider the following factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint. *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir.1990). Considerations of prejudice to the opposing party "carries the greatest weight." *Sonoma Cnty. Ass'n of Retired Emp. v. Sonoma Cnty.,* 708 F.3d 1109, 1117 (9th Cir.2013). *Cent. Puget Sound Reg'l Transit Auth. v. Lexington Ins. Co.*, 2014 WL 5859321, at *1 (W.D. Wash. Nov. 12, 2014). Though representing that "significant factual developments" have developed since the lawsuit was filed to warrant these new claims and parties, the only "new facts" are those related to Ms. Dalessio's new attempt to sue defense counsel over court filings in the course of the judicial litigation process. Dkt. #74-1, ¶60-74, 120-146, 175-182. She otherwise fails to provide any basis for suddenly adding numerous federal claims against a variety of University employees.

**B.     Plaintiff's Proposed Amended Complaint Adds Claims That Would be Subject to FRCP 12(b)(6) or FRCP 56 Dismissal As a Matter of Law and are Therefore Futile and Should Be Denied.**

To survive a 12(b)(6) motion to dismiss, a claim must be "facially plausible," such that it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Bayless-Ngethe v. Dep't of Vocational Rehab.*, 2014 WL 1165811, at *1 (W.D. Wash. Mar. 21, 2014). Dismissal of a complaint without leave to amend is proper if it is clear that the deficiencies cannot be cured by amendment. *Flowers v. First Hawaiian Bank,* 295 F.3d 966, 976 (9th Cir. 2002).

Futility can, by itself, justify denial of a motion for leave to amend. *Bonin v. Calderon,* 59 F.3d 815 (9th Cir.1995) ("A district court, however, does not abuse its discretion in denying leave to amend where amendment would be futile."). *Id.*; *Terrell v. JPMorgan Chase Bank N.A.*, 2014 WL 5449729, at *1 (W.D. Wash. Oct. 24, 2014), *aff'd sub nom.,* 669 F. App'x 363 (9th Cir. 2016) (denying leave to amend *pro se* Complaint to

DEFENDANT UNIVERSITY OF WASHINGTON'S
RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO
FILE AMENDED COMPLAINT - 4
2:17-cv-00642-MJP
1010-00051/350751.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

add claims as prejudicial to Defendants where "factual clarifications" are limited to "conclusory allegations upon information and belief"); *Nordyke v. King*, 644 F.3d 776, 787 n. 12 (9th Cir.2011) (if proposed amendment would be futile, no reason to put a defendant through unnecessary expense/delay of responding); *Amazon.com, Inc. v. Underwriters at Lloyd's London, N*o. 2005 WL 1312046, at *3 (W.D. Wash. June 1, 2005).

    **C.**    **Plaintiff's Amended Complaint Proposes to Add 16 Individual UW Employees That Would Be Subject to FRCP 12(b)(6) or FRCP 56 Dismissal as a Matter of Law and is Therefore Futile, Prejudicial to Defendants, and Untimely.**

Ms. Dalessio proposes adding new 42 U.S.C. §1983 substantive dues process claims and seeks declaratory and injunctive relief against UW employees Saunders, Swenson, Tapper, Palmer, and Does 1-12 based on alleged violations of the: (1) Fourth Amendment (Dkt. #74-1, ¶151: unreasonable "search and seizure" by government institution by searching personnel, employee disability services, laboratory and medical files to locate records potentially responsive to public records requests) and (2) Fifth and Fourteenth Amendments (Dkt. #74-1, ¶108: disclosure of social security numbers, identity records claim files, ESD records, health care information, drafts).

    1.    <u>42 U.S.C. § 1983 Claims Only Apply to Intentional Violation of Constitutional Rights by Individually-Named Defendants.</u>

To prevail on federal claims under 42 U.S.C. §1983, a plaintiff must prove an individual directly and *intentionally* violated her rights under the U.S. Constitution. Further, individual Defendants are entitled to qualified immunity against 42 U.S.C. §1983 claims. Through discovery and motions, Plaintiff is already aware that the undisputed evidence demonstrates the efforts of University staff to make a good faith effort to properly comply with expansive public disclosure obligations under Washington's Public Records Act ("PRA") (RCW Ch.42.56), and that the inadvertent mistake in failing to redact her SSN on one page in the PR-2015-570 response to Mr. Betz was clearly administrative error. Dkt. ## 32, 33, 34. There is no good faith basis for adding these individual staff-members as named defendants to face meritless constitutional claims. Dkt. #74-1.

DEFENDANT UNIVERSITY OF WASHINGTON'S
RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO
FILE AMENDED COMPLAINT - 5
2:17-cv-00642-MJP
1010-00051/350751.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

The Due Process Clause was intended to "secure the individual from the arbitrary exercise of the powers of government[.]" *Daniels v. Williams*, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986) (rejecting 14th Amendment due process claim based on negligence):

> Far from an abuse of power, lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law.

*Id.* at 332.[2] The Third Circuit confirmed this principle applies to the inadvertent disclosure of private records—even protected health information.[3] *Weisberg v. Riverside Twp. Bd. of Educ.*, 180 F. App'x 357, 365 (3d Cir. 2006) ("Medical information... is entitled to privacy protection against disclosure. The Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property.") In *Weisberg*, an employee's Fourteenth Amendment claim for violation of informational privacy was properly dismissed where his medical report was accidentally put into an envelope with another teacher's contract, thus releasing sensitive information. *Id.* at 360. *Id.* at 365; *See also Stevenson v. Koskey,* 877 F.2d 1435, 1440 (9th Cir. 1989); *Warner v. Twp. of S. Harrison*, 885 F. Supp. 2d 725, 739-40 (D.N.J. 2012 (negligent disclosure does not violate a constitutionally-protected privacy right."); *Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir. 1989) (inadvertent opening of an inmate's mail did not rise to the level of a constitutional violation cognizable under §1983).

Similarly, it is undisputed any unredacted personally identifiable information accidentally left unredacted in PRR 15-00570 (such as Dalessio's social security number or

---

[2] The University and its employees are protected from state law claims, such as negligence, by the "good faith" immunity under RCW 42.56.060. This immunity acts as a **complete bar** to state law claims in PRA cases. *Nicholas v. Wallenstein*, 266 F.3d 1083, 1087 (9th Cir.2001). Defense Counsel are similarly immune under litigation immunity. *McNeal v. Allen*, 95 Wash. 2d 265, 267, 621 P.2d 1285, 1286 (1980). Dkt. ## 27, 45.

[3] The University maintains no protected health information was released in this case.

DEFENDANT UNIVERSITY OF WASHINGTON'S
RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO
FILE AMENDED COMPLAINT - 6
2:17-cv-00642-MJP
1010-00051/350751.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

date of birth) was unintentional.  Allison Swenson, who handled PRR 15-00570 (Betz request), made hundreds of redactions to hundreds of pages of records, including other instances of Dalessio's SSN, before producing the documents to Betz. *See*, Dkt. ## *30, 32, 33,* and *34*.  She also withheld 101 pages as exempt.  *Id*.  Ms. Swenson did not know Dalessio prior to this public records request, and had absolutely no reason to intentionally leave unredacted information in the PRR production.  Dkt. # 30, at ¶ 4.  Adding civil rights claims against Ms. Swenson and 15 other employees who merely located requested documents for this mistake would be futile.

Dalessio's additional claim that the documents contain protected health information is without merit.  A review of dockets 32, 33, and 34 shows the documents were heavily redacted to the point where it is not reasonably possible to identify an alleged disability or injury.  Further, this information is employment information maintained in the ordinary course of business—<u>not</u> mined from any patient's medical records.  Given the extremely liberal construction of the Washington PRA, the University could redact information but not completely withhold documents without facing a potential lawsuit for lack of disclosure. *See*, e.g. *Doe G v. Dep't of Corr.*, 410 P.3d 1156, 1159 (Wash. 2018) (Department of Corrections could not withhold court evaluations that included proposals regarding medical treatment.).

    2.    <u>Qualified Immunity Bars Claims Against Individual Defendants Absent Evidence of Intentional Violations of Constitutional Rights Based on Clearly-Established Constitutional Law.</u>

Further, any civil rights claims against individuals would not be evaluated merely under substantive liability standards, but in the prism of the qualified immunity standard.  "When the defendant moves for summary judgment in a § 1983 suit and raises a qualified immunity defense, the court has two questions before it". *Jones v. State Dep't of Health*, 170 Wash.2d 338, 349, 242 P.3d 825 (2010). "One is whether the plaintiff's allegations establish a connection between the defendant's conduct and the violation of a constitutional right"—*i.e.*, whether the defendant committed the alleged acts. *Id.* (citing *Siegert v. Gilley*,

DEFENDANT UNIVERSITY OF WASHINGTON'S
RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO
FILE AMENDED COMPLAINT - 7
2:17-cv-00642-MJP

1010-00051/350751.docx

Keating, Bucklin & McCormack, Inc., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991) and *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)).  Even if the answer is "yes," the court looks at "whether the officer <u>could have believed, reasonably but mistakenly</u>… that his or her conduct did not violate a clearly established constitutional right." *Id.*  The Supreme Court has made it clear that this must be a particularized inquiry based on the circumstances which the official is confronted with. *See*, *Anderson v. Creighton*, 483 U.S. 635, 639, 107 S.Ct. 3034, 3039 (1987); *Cunningham v. Gates,* 229 F.3d 1271, 1287 (9th Cir. 2000), *as amended* (Oct. 31, 2000) ("[A] district court must decide whether a reasonable public official would know that his or her *specific conduct* violated clearly established rights.")

This second question is also posed as "whether the defendant's conduct was objectively reasonable in light of clearly established law." *Jones,* at 349 (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). "The court may answer these questions in whichever 'order of decision making that will best facilitate the fair and efficient disposition of each case.'" *Id.* (quoting *Pearson v. Callahan,* 555 U.S. 223, 129 S.Ct. 808, 821, 172 L.Ed.2d 565 (2009)). "These are both 'essentially legal question[s]' for the court to decide." *Id.* (quoting *Mitchell,* 472 U.S. at 526); *see also, Schmitt v. Langenour*, 162 Wash. App. 397, 405–06, 256 P.3d 1235, 1239–40 (2011).

Plaintiff cannot meet either prong as to any of the proposed or current defendants. In fact, Plaintiff has failed to provide any authority at all establishing this factual pattern—where actions amounted to *at most* negligence—could violate a constitutional right.  Given the authority cited by the University, any right would be far from "clearly established".

Finally, the unnamed proposed individual defendants are removed by an additional layer from the production process.  Under RCW 42.56, these individuals are *required* by State law to make a good faith search for documents related to a public records request. "Under this approach, the focus of the inquiry is not whether responsive documents do in fact exist, but whether the search itself was adequate.  The adequacy of a search is judged

DEFENDANT UNIVERSITY OF WASHINGTON'S
RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO
FILE AMENDED COMPLAINT - 8
2:17-cv-00642-MJP

1010-00051/350751.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

by a standard of reasonableness, that is, the search must be reasonably calculated to uncover all relevant documents." *Neighborhood All. of Spokane Cty. v. Spokane Cty.*, 172 Wash. 2d 702, 719–20, 261 P.3d 119, 128 (2011).  Finding that a search for records in University files and archives as required under the PRA could even arguably constitute a Fourth Amendment violation (or any other constitutional violation) would directly contradict the mandate of the PRA. Each of the proposed individual defendants would be entitled to qualified immunity as to all proposed § 1983 claims, and thus Plaintiff's request to add these parties and futile claims should be denied.

### D. Plaintiff's Request to Amend Her Complaint to Add Defense Counsel and Law Firm Staff as Individual Defendants Would Be Barred by Litigation and Good Faith Immunities and Subject to FRCP 12(b)(6) or FRCP 56 Dismissal, and are Therefore Futile.

Ms. Dalessio's Proposed Amended Complaint also seeks to add 42 U.S.C. §1983 claims and claims for injunctive/declaratory relief and punitive damages against litigation defense counsel Freeman and Chen, and their legal assistant (Ms. Walker), alleging Substantive Due Process violations under the Fifth and Fourteenth Amendments to the United States Constitution. Dkt. #74-1, p. 25 (¶53-73, ¶135) (alleging attorneys publicly filed documents in Dkt. ##30-1, 30-2 and Dkt. ##32, 33, 34 with "private and confidential information," birth dates, financial account information, and social security numbers); Dkt. #74-1, p. 30-31 (¶176-182). On the merits, these claims suffer the same futility based on substantive constitutional law and standards for *qualified* immunity afforded individual defendants in civil rights claims as set forth above. *See, Freeman Decl.* Further, claims against litigation counsel are barred by an *absolute* litigation privilege.

The Court has long recognized that absolute immunity bars § 1983 against attorneys or anyone "who perform[s] official functions in the judicial process." *Briscoe v. LaHue*, 460 U.S. 325, 334, 103 S. Ct. 1108, 1115, 75 L. Ed. 2d 96 (1983).  The Supreme Court has repeatedly emphasized the rationale and need for such immunity.

> The reasons for this rule are also substantial. It is precisely the function of a judicial proceeding to determine where the

DEFENDANT UNIVERSITY OF WASHINGTON'S
RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO
FILE AMENDED COMPLAINT - 9
2:17-cv-00642-MJP
1010-00051/350751.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

> truth lies. The ability of courts, under carefully developed procedures, to separate truth from falsity, and the importance of accurately resolving factual disputes in criminal (and civil) cases are such that those involved in judicial proceedings should be 'given every encouragement to make a full disclosure of all pertinent information within their knowledge.'

*Id.* (citing *Imbler v. Pachtman*, 424 U.S. 409, 439, 96 S.Ct. 984 (1976)).  The Supreme Court has also recognized:

> [t]he loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus. Absolute immunity is thus necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation.

*Butz v. Economou*, 438 U.S. 478, 512, 98 S. Ct. 2894, 2913, 57 L. Ed. 2d 895 (1978); *See also, McNeal v. Allen*, 95 Wash. 2d 265, 267, 621 P.2d 1285, 1286 (1980)(privilege of attorneys based on public policy of providing utmost freedom in their efforts to secure justice for their clients), *citing, Gold Seal Chinchillas, Inc. v. State*, 69 Wash.2d 828, 420 P.2d 698 (1966) (defense of absolute privilege or immunity avoids all liability of litigation counsel); *McCain v. Buffalo Wild Wings,* 2013 WL 6825098, at *2 (D. Vt. Dec. 23, 2013) (Unpublished) (Court denied motion to amend complaint to add opposing counsel for what may have at most amounted to discovery violations).[4]

To defend Dalessio's claims against Defendant University of Washington—and particularly to demonstrate the "good faith" attempts by public records' staff to withhold as exempt and redact released records that warranted application of the PRA's immunity under RCW 42.56.060—a copy of the heavily-redacted public records response was provided for the court record.  The documents were already heavily redacted, and counsel further redacted the location where social security numbers admittedly had been inadvertently missed by University staff in PR-15-570.  *Freeman Decl*.  The documents filed in the court were clearly relevant to the material issues in the litigation and necessary for court review

---

[4] *See also, e.g.*, *Lahrichi v. Curran*, 164 Wash. App. 1031 at *1 (2011) (unpublished) (affirming dismissal of privacy, intentional/negligent dissemination claims against attorneys where documents filed in public court file have some bearing on the subject matter of the litigation in the judicial proceedings).

DEFENDANT UNIVERSITY OF WASHINGTON'S
RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO
FILE AMENDED COMPLAINT - 10
2:17-cv-00642-MJP
1010-00051/350751.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

in conjunction with the University's summary judgment motion and defenses to Plaintiff's claims. *Id.; See also*, Dkt. #27.

Dalessio now proposes to add Constitutional §1983 claims alleging defense counsel (1) violated Local Court Rule 5.2 by failing to redact her date of birth <u>and</u> social security number from all locations, and (2) by submitting records she alleges contained "sensitive information," including "protected health information" based on exhibits filed in August 2017 in support of Defendant's summary judgment motion. *Dkt. 74-1*, at pp. 11-14, 23-26, 30-31.

The only LCR 5.2 material missed in court filings was Dalessio's date of birth on Dkt. # 30-1, page 76-77, and Dkt. # 30-2, page 190 (though this instance is nearly undecipherable). Further, while space for an SSN appears on Dkt. # 30-2, p. 187, the number is wholly illegible and indecipherable because of the quality of the document. Finally, on Dkt. # 30-2, pages 41, 44, and 45 boxes <u>labeled</u> "SSN" contain numbers that, at a casual glance, might *appear* to contain a Social Security Number; however, they do <u>not</u>. The numbers in the boxes are numerically formatted differently than an SSN (*i.e.*, XXX-XXX-XXX instead of XXX-XX-XXXX) and are indisputably <u>not Ms. Dalessio's actual SSN</u>. *Id.* Defense counsel nonetheless re-redacted these <u>non</u>-SSN numbers to avoid any confusion or misperception of a potential disclosure. Dkt. # 34, pp. 16, 19, 20. *Freeman Decl.*

In reality, Dalessio's date of birth appeared on three pages out of 370 heavily-redacted documents filed. The court agreed to preemptively seal the documents and requested that counsel re-file more heavily redacted copies, which they promptly did. Dkt. ## 32, 33 (pp. 9-10), 34 (p. 165). Thereafter, Ms. Dalessio moved to seal the records in their entirety, as well as new records she filed herself. Dkt. #36. Defense counsel expressly made it clear Defendant did not *oppose* sealing the records, they just could not take a position contrary to their client's interest (and reasonable interpretation of court rules and the law) to affirmatively *certify* that the records in their entirety needed to be sealed.

DEFENDANT UNIVERSITY OF WASHINGTON'S
RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO
FILE AMENDED COMPLAINT - 11
2:17-cv-00642-MJP

1010-00051/350751.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

Dkt. ##39-40.[5] Subsequently, the court sealed Dkt. ## 30-1, 30-2 (which were already sealed) and Dkt. ##32, 33, 34 (the re-filed redacted copies) and they remain sealed. Dkt. #51. *Freeman Decl.*

### E. Plaintiff's Proposed Amendments to Add Numerous New Claims and Individual Parties as Defendants Is Untimely, Unduly Prejudicial, and Not Brought in Good Faith.

Defense counsel has represented the Defendant University in this matter for nearly a year—responding to discovery, preparing a summary judgment motion and supporting evidentiary record that has now been pending for seven months. Dkt. #27 (filed August 24, 2017). Prior to Plaintiff filing this motion, counsel communicated regarding the lack of legal authority supporting the types of claims Plaintiff is seeking to add against individuals and some of the foregoing legal principles barring them. *Freeman Decl.*, ¶17-23, Ex. C. Proposing to add nineteen new individual defendants, including litigation counsel on what amounts to be "negligent" constitutional claims does not appear to be an exercise in good faith, and rather an attempt to further prejudice the University by trying to create a potential conflict despite legal authority to the contrary.

DATED:  March 26, 2018        KEATING, BUCKLIN & McCORMACK, INC., P.S.

By: */Jayne L. Freeman*_____
Jayne L. Freeman, WSBA #24318
Special AAG for Defendant University of Washington
801 Second Avenue, Suite 1210, Seattle, WA  98104
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: jfreeman@kbmlawyers.com

---

[5] Counsel for the University could not affirmatively *move* to seal the documents, or even *stipulate* to seal all the declaration exhibits without being forced to take a legal position contrary to the interests of their client. See, LCR 5.2 (motions to seal, *even if stipulated*, must contain attorney certification specifying applicable legal standard for keeping a document sealed, including legitimate private/public interests that warrant sealing, resulting injury if not sealed, and evidentiary support from declarations). To meet the LCR 5.2 standard, defense counsel would have had to personally attest and certify that all of the documents (even heavily-redacted) were so highly private and sensitive that they could not be filed in court, which is the underlying claim Plaintiff is pursuing against the attorney's client. *Freeman Decl.*

DEFENDANT UNIVERSITY OF WASHINGTON'S
RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO
FILE AMENDED COMPLAINT - 12
2:17-cv-00642-MJP
1010-00051/350751.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

# CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiff**

Mr. Joseph Thomas
14625 SE 176th Street, Apt. N-101
Renton, WA 98058-8994
Telephone:  (206) 390-8848
Email:  joe@joethomas.org

DATED:  March 26, 2018

*/s/ Jayne L. Freeman*
Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for
Defendant University of Washington
801 Second Avenue, Suite 1210
Seattle, WA  98104-1518
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: jfreeman@kbmlawyers.com

RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO
FILE AMENDED COMPLAINT - 13
2:17-cv-00642-MJP
1010-00051/350751.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423