1

2

The Honorable Marsha J. Pechman

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

9   JULIE DALESSIO, an individual,

                        Plaintiff,

10

11   v.

12   UNIVERSITY OF WASHINGTON,

13                        Defendant.

No. 2:17-cv-00642-MJP

DECLARATION OF
JAYNE L. FREEMAN IN SUPPORT
OF DEFENDANT'S OPPOSITION TO
PLAINTIFF' MOTION TO AMEND
COMPLAINT

14

15       I, Jayne L. Freeman, declare as follows:

16       1.      I am the Special Assistant Attorney General representing the Defendant

17   University of Washington in this lawsuit.   I make this declaration based upon my own

18   personal knowledge, upon facts which are admissible in evidence.   I am competent to

19   testify to the matters set forth in this declaration.

20       2.      The primary focus of Ms. Dalessio's initial Complaint filed in King County

21   Superior Court were allegations that the University allegedly violated Washington's Public

22   Records Act, RCW Ch. 42.56 in various ways, either by failing to redact all information she

23   felt should be redacted, not notifying her prior to releasing any responsive records, and

24   failing to destroy old personnel records; she claimed the same also violated some federally-

25   protected rights, referencing various federal statutes. *See*, Dkt. #1-1.   The Complaint also

26   appeared to attempt to revive old discrimination and/or retaliation claims relating to her

27   employment at the University that ended in 2003 pursuant to a settlement agreement and

DECLARATION OF JAYNE L. FREEMAN IN SUPPORT
OF DEFENDANT'S OPPOSITION TO PLAINTIFF'
MOTION TO AMEND COMPLAINT - 1
2:17-cv-00642-MJP
1010-00051/353704.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

release.

3.      Given that RCW 42.56.060 provides immunity from suit for public agencies or employees who "act[ed] in god faith in attempting to comply with the provisions of this chapter," and the federal claims she alleged appeared to either not state a claim upon which relief could be granted or were barred by the statute of limitations.  I filed a motion for summary judgment on behalf of the Defendant University on Thursday, August 24, 2017 seeking dismissal of Plaintiff's state law claims based on this immunity, and of her federal law claims based on failure to state any actionable claims. *See*, Dkt. #27.

4.      To establish for the court on summary judgment that the Defendant University met the statutory "good faith" standard established by the PRA, thereby warranting dismissal of these claims, it was necessary to provide the record of how the underlying public records request (PR-15-570) and response was handled, and the lengths to which the Office of Public Records staff went to carefully evaluate, redact, and withhold certain documents or portions of documents as deemed appropriate before releasing responsive documents to the requester.

5.      The Declaration of Alison Swenson, Dkt. #30, was filed with copies of documents demonstrating the process of searching for and collecting records from various University departments, of the records she had redacted and withheld as exempt, and copies of the heavily-redacted records that were produced in response to the PRA request. Dkt. ##30-1 through #30-9. The fact that Ms. Swenson made 478 redactions—many obvious redactions of Dalessio's SSN—was material evidence necessary to demonstrate the University met this good faith standard to defend against the Plaintiff's state law claims. Dkt. ##30-1, 30-2.

6.      The University does not dispute that Ms. Swenson accidentally missed redacting Plaintiff's SSN in on one page among 370 that were released. When my office filed Dkt. #30-1 and #30-2, we further redacted Plaintiff's SSN in this location in compliance with LCR 5.2.  Dkt. #30-1, p. 114 (*See also,* Dkt. #33, p. 47).

DECLARATION OF JAYNE L. FREEMAN IN SUPPORT
OF DEFENDANT'S OPPOSITION TO PLAINTIFF'
MOTION TO AMEND COMPLAINT - 2
2:17-cv-00642-MJP

1010-00051/353704.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

7.     On Sunday, August 27, 2017, at 11:52 a.m., Plaintiff sent an email to court staff stating that Dkt. #30-1 and #30-2 were filed with unredacted copies of "personal, confidential, and statutorily exempt information including my date of birth, personal uw student/alumni email, health information etc" [sic].  She copied me and my office on the email. *See*, **Ex. A.**

8.     On Monday, August 28, 2017, at 10:00 a.m., the courtroom deputy notified the parties the exhibits appeared to comport with e-filing requirements for the most part but that they discovered one exhibit contained information that should be redacted, so they would be sealed immediately. The deputy directed Defendant to re-file the exhibit with appropriate redactions. *See*, **Ex. B.**

9.     Thereafter, upon further review, my office located three instances where it appeared we had missed redacting Plaintiff's date of birth in the court filings. Dkt. #30-1, pp. 76, 77, and Dkt. #30-2, p. 190.  This was an inadvertent administrative error, and not in any way intentional. We promptly re-redacted these dates of birth in Dkt. #33, p. 9-10 and Dkt. #34, p. 165 and notified Plaintiff we were doing so.

10.     During this review, we were unable to locate any pages where a legible copy of Plaintiff's Social Security Number (SSN) appeared in the court filings. We did locate instances where, to the casual observer, it might *appear* that a box on an old form contained a social security number, but in actuality they did not. For example, some boxes on old forms are labeled "SSN" but then clearly state it was actually an old Employee I.D. number ("EID").  The numbers do <u>not</u> contain her SSN, and in fact are a completely different numerical format than any Social Security Number (XXX-XXX-XXX vs. XXX-XX-XXXX). [Dkt. # 30-2, pp. 41, 44, 45].  Out of an abundance of caution and to avoid the possibility of additional misinterpretation of these numbers on cursory review, our office also redacted them in Dkts. ## 32, 33, and 34—even though they are not actually SSNs. *See*, Dkt. #34, pp. 16, 19, 20.

DECLARATION OF JAYNE L. FREEMAN IN SUPPORT
OF DEFENDANT'S OPPOSITION TO PLAINTIFF'
MOTION TO AMEND COMPLAINT - 3
2:17-cv-00642-MJP

1010-00051/353704.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

11.     The only other example we found related to social security numbers was a box labeled "SSN" but with the content so illegible it cannot be deciphered [Dkt. # 30-2, p. 187]. We also redacted that box in the second filing to avoid any possible misinterpretation. [Dkt. # 34, p. 162].

12.     Prior to re-filing the further redacted declaration exhibits as Dkt. ## 32, 33, and 34 on September 1, 2017, my office advised Plaintiff of the only pages where we could find unredacted dates of birth, and asked Plaintiff to let us know if or where she thought additional locations where her date of birth or SSN was not properly redacted. We also advised her that we did not have any opposition to the pleadings remaining sealed if the court would allow it. *See*, **Ex. B.**  She did not identify any other locations where such data appeared, but asked that we file the re-redacted documents under seal in their entirety and stipulate to allow her to file additional documents that she apparently planned to file under seal in the future.

13.     As counsel for Defendant, I did not believe I could affirmatively file a motion to seal the documents that the University had already determined were subject to public disclosure (with appropriate redactions and withheld documents per PRA exemptions) without taking a position contrary to the interest of my client (and that did not appear to be established by law). With the location where University staff accidentally missed redacting Plaintiff's SSN "over-redacted" in our initial filings (Dkt. ## 30-1, 30-2) and dates of birth additionally redacted in Dkt. ## 32, 33, 34) pursuant to LCR 5, did not believe I could certify "a specific statement of the applicable legal standard and the reasons for keeping a document under seal" as required by LCR 5.2(g)(3)(A) and (B). It appears to me that the requirement that counsel or the party provide such a personal certification is required whether the attorney or party moves to seal a document or "even if it is a stipulated motion….". *See*, LCR 5.2(g)(3).  Thus, while I could, and did, advise Ms. Dalessio that Defendant would not *actively oppos*e sealing documents or leaving them under seal, I did not believe I could not fulfill my obligations to my client in this action by requesting or

DECLARATION OF JAYNE L. FREEMAN IN SUPPORT
OF DEFENDANT'S OPPOSITION TO PLAINTIFF'
MOTION TO AMEND COMPLAINT - 4
2:17-cv-00642-MJP
1010-00051/353704.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

stipulating to sealing all the documents she wanted sealed.

14.     On September 5, 2017, Ms. Dalessio formally filed a motion to seal <u>all</u> the "public disclosure" exhibits in their entirety, even with redactions. Dkt. # 36. In response to the motion (and in previous emails with Ms. Dalessio), I again made it clear that the University did not *oppose* any of these documents being sealed or remaining under seal; however, I could not affirmatively make the *request/motion* or *stipulate* to sealing them on behalf of the University for the foregoing reasons.  She did not identify any location where she believed an SSN or birthdate remained unredacted.

15.     On October 26, 2017, this court issued an Order sealing Dkt. ## 30-1, 30-2 (these had already been sealed by previous orders: Dkt. #31 on 8/28/17 and Notice of docket text modification issued 9/5/17), ##32, 33, 34, (the re-redacted versions of 30-1 and 30-2), and ##37-1 through 37-7 (new documents Ms. Dalessio chose to file "under seal"— these were the unredacted and unreleased documents UW produced <u>only</u> directly <u>to Ms. Dalessio</u> herself in response to the PR-2016-760 for University records related to her and her prior employment, they were never released publicly) without ruling or comment as to why.  As far as I know, the documents remain under seal in the court file.

16.     Ms. Dalessio filed a timely response to the University's summary judgment motion. Dkt. ## 42-43.

17.     On February 12, 2018, Mr. Thomas advised us, via email, that Plaintiff may be adding new parties to the lawsuit and adding claims based on alleged "intervening facts."   The next day, he advised us that some new claims would be based on filing Plaintiff's "social security number" and "date of birth" in the PACER system (back in August 2017), citing LRC 5.2 and *In Re: Crawford*, 194 F.3d. 954, 958 (9th Cir. 1999).

18.     On February 20, 2018, counsel for the parties filed an amended joint status report (Dkt. #69).  Defendant indicated it would oppose attempts to add new claims or parties as untimely and unsupported by facts or law.

19.     On February 23, 2018, the parties conferenced with Judge Pechman at her

DECLARATION OF JAYNE L. FREEMAN IN SUPPORT
OF DEFENDANT'S OPPOSITION TO PLAINTIFF'
MOTION TO AMEND COMPLAINT - 5
2:17-cv-00642-MJP

1010-00051/353704.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

request.  Plaintiff's counsel again indicated an intent to seek leave to amend Plaintiff's complaint to add new parties and potentially add new claims, though indicated an Amended Complaint would primarily "clarify" Plaintiff's claims.

20.     Throughout our communications with Mr. Thomas, counsel for both parties communicated requests to trade information about legal authority supporting or contradicting such claims.  *See, e.g.* **Ex. C.**  I do not think Mr. Thomas specified that Plaintiff intended to seek to name me, an associate attorney in my office, and my legal assistant as Defendants—this was not apparent until we received Plaintiff's motion when it was filed in court. *See*, Dkt. #74-1.

21.     During our communications with Mr. Thomas, it sounded like he may not have been in possession of copies of all the pleadings and discovery that had been filed and served throughout the litigation.  At time, he indicated he either did not have or had not had an opportunity to review key documents. Thus, we provided additional copies at times—such as the summary judgment declarations so he could be aware of the evidence material to the claims and issues in the pending summary judgment motion as well as for consideration of any potential motion to amend Plaintiff's Complaint—and finally in March 2018, we downloaded copies of all of the pleadings and discovery from the case to a thumb drive and mailed it to him for his reference.

22.     The underlying facts regarding the public disclosure requests to the University and circumstances surrounding the responses have not changed since the case was filed, and Plaintiff, her new attorney, and the court have sufficient information in the court file to determine the merit of Plaintiff's original claims and futility of Plaintiff's proposed claims.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge.

DECLARATION OF JAYNE L. FREEMAN IN SUPPORT
OF DEFENDANT'S OPPOSITION TO PLAINTIFF'
MOTION TO AMEND COMPLAINT - 6
2:17-cv-00642-MJP
1010-00051/353704.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

DATED this 26th day of March, 2018, at Seattle, Washington

1

2

3                                        Jayne L. Freeman, WSBA #24318

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DECLARATION OF JAYNE L. FREEMAN IN SUPPORT
OF DEFENDANT'S OPPOSITION TO PLAINTIFF'
MOTION TO AMEND COMPLAINT - 7
2:17-cv-00642-MJP
1010-00051/353704

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiff**

Mr. Joseph Thomas
14625 SE 176th Street, Apt. N-101
Renton, WA 98058-8994
Telephone:  (206) 390-8848
Email:  joe@joethomas.org

DATED:  March 26, 2018

/s/Jayne L. Freeman
Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for Defendant

801 Second Avenue, Suite 1210
Seattle, WA  98104-1518
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: jfreeman@kbmlawyers.com

DECLARATION OF JAYNE L. FREEMAN IN SUPPORT
OF DEFENDANT'S OPPOSITION TO PLAINTIFF'
MOTION TO AMEND COMPLAINT - 8
2:17-cv-00642-MJP
1010-00051/353704.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423