**EXHIBIT B**

**Derek C. Chen**

From: Derek C. Chen
Sent: Friday, September 1, 2017 9:29 AM
To: 'JULIE'; Jayne L. Freeman; LaHoma Walker
Subject: RE: Dalessio v. University of WA, Case No. 2:17-cv-00642-RSM

Ms. Dalessio,

Thank you for your research. At this time, we are going to follow the Court's instructions and re-file the exhibits with just the LCR 5.2 redactions. However, if you choose to file a motion to seal Dkts. 30-1 and 30-2, we will not oppose it. (You will have to do this either way because, as you pointed out, it does not appear the original Dkt. 30-1 was sealed.) We also would not oppose your request to seal the responsive documents to PR 16-00760, or any other documents you wish to file under seal, although we would have to address those on a case by case basis.

These steps are in accordance with the Court's August 30th email. Thank you.

Sincerely,

Derek

*Derek C. Chen*
**KBM** KEATING, BUCKLIN & McCORMACK
801 2nd Avenue, Suite 1210
Seattle, WA 98104
Office: (206)623-8861
FAX: (206)223-9423
dchen@kbmlawyers.com
**Personal Bio**

www.kbmlawyers.com

This message is confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the named recipient(s), please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege. Thank you.

**From:** JULIE [mailto:juliedalessio@msn.com]
**Sent:** Wednesday, August 30, 2017 4:06 PM
**To:** Derek C. Chen <DChen@kbmlawyers.com>; Jayne L. Freeman <JFreeman@kbmlawyers.com>; LaHoma Walker <LWalker@kbmlawyers.com>
**Subject:** Re: Dalessio v. University of WA, Case No. 2:17-cv-00642-RSM

1

*LCR 5*

*1) If the party seeks to file the document under seal because another party has designated it as confidential during discovery, the filing party and the designating party must meet and confer to determine whether the designating party will withdraw the confidential designation or will agree to redact the document so that sealing is unnecessary.*

*(B) Parties must protect sensitive information by redacting sensitive information (including, but not limited to, the mandatory redactions of LCR 5.2)*

I have communicated to you at our frcp 26 conference my concerns regarding confidentiality of these documents. We discussed the possibility of using descriptions in court records, yet you have objected to every one of my requests for admission

I will not withdraw the confidential designation, and i cannot determine how these documents can be redacted without obscuring evidence of the UW breaches, or exposing confidential information in the world wide public records.

LCR 5

*(2) A party may file a document under seal*

*B) if the party files a motion or stipulated motion to seal the document before or at the same time the party files the sealed document. Filing a motion or stipulated motion to seal permits the party to file the document under seal without prior court approval pending the court's ruling on the motion to seal. The document will be kept under seal until the court determines whether it should remain sealed.*

*(3) A motion to seal a document, even if it is a stipulated motion, must include the following:*

*1) a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal; this certification must list the date, manner, and participants of the conference;*

*(B) a specific statement of the applicable legal standard and the reasons for keeping a document under seal,*

My interpretation of these rules is that, before any of these documents are filed, we are required to meet to discuss (which we have already done, but you ignored my concerns and filed the non-redacted documents) but i am willing to meet again to discuss. The rule suggests that the next step for you is to file the documents along with a motion to seal, whereupon "the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion"

I'm not aware of any court order for me to identify any pages containing my dob or ssn, i have previously asked for your admission of the descriptions of the documents containing this info.

I am available to discuss this almost anytime.

Please let me know what you decide.

lie dalessio

206 324 2590

**From:** Derek C. Chen <DChen@kbmlawyers.com>
**Sent:** Wednesday, August 30, 2017 3:00:47 PM
**To:** JULIE; Jayne L. Freeman; LaHoma Walker
**Subject:** RE: Dalessio v. University of WA, Case No. 2:17-cv-00642-RSM

Ms. Dalessio,

Per the Court's order, we are asking you again to please identify any pages in Dkts 30-1 and 30-2 that you believe contain your <u>date of birth</u> or <u>social security number</u>. We intend to re-file these documents tomorrow if you do not respond. We are making an honest attempt to seek your input, but we must re-file the documents soon.

As the Court stated, Western District of Washington Local Court Rule 5.2 states what may be properly redacted. If you would like anything else redacted, the Court has instructed you to file a motion identifying that material. Defendant is unaware of any rule that would permit the parties to stipulate to sealing a record. If you know of any, please provide it.

We look forward to your response.

Sincerely,

Derek

*Derek C. Chen*
**KBM** KEATING, BUCKLIN & McCORMACK
*801 2nd Avenue, Suite 1210*
*Seattle, WA 98104*
*Office: (206)623-8861*
*FAX: (206)223-9423*
*dchen@kbmlawyers.com*
**Personal Bio**

*www.kbmlawyers.com*


This message is confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the named recipient(s), please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege. Thank you.

**From:** JULIE [mailto:juliedalessio@msn.com]
**Sent:** Wednesday, August 30, 2017 2:17 PM
**To:** Jayne L. Freeman <JFreeman@kbmlawyers.com>; Derek C. Chen <DChen@kbmlawyers.com>; LaHoma Walker

3

<LWalker@kbmlawyers.com>
**Subject:** Re: Dalessio v. University of WA, Case No. 2:17-cv-00642-RSM

m willing to meet by phone to discuss this.  Please let me know when you are available.

as you know, Dkt. 30-1 containing information that we both admit should be redacted, continues to be available to the public in the court records.

I would appreciate it if we could meet, asap, to discuss filing these records under seal.

thank you

julie dalessio

206 324 2590

---

**From:** JULIE <juliedalessio@msn.com>
**Sent:** Tuesday, August 29, 2017 12:55 PM
**To:** LaHoma Walker
**Cc:** Jayne L. Freeman; Derek C. Chen
**Subject:** Re: Dalessio v. University of WA, Case No. 2:17-cv-00642-RSM

since we can't agree on what should be redacted, i agree to stipulate that these documents, as well as PR 16-00760, be submitted under seal.

julie dalessio 206 324 2590

---

**From:** LaHoma Walker <LWalker@kbmlawyers.com>
**Sent:** Monday, August 28, 2017 2:53:21 PM
**To:** JULIE
**Cc:** Jayne L. Freeman; Derek C. Chen
**Subject:** RE: Dalessio v. University of WA, Case No. 2:17-cv-00642-RSM

Ms. Dalessio,

4

We will suggest that the redacted replacements to Dkts. 30-1 and 30-2 be sealed as an option that we would be in agreement to, but we still need to know if you are aware of any other pages in those two documents that contain your date of birth in case the Court denies that suggestion.

We cannot agree to seal Dkt. 30-3 without the Court's permission, as we have no basis to do so.

We did not file PR 16-00760 as an exhibit to this motion. If you plan to do so in your response, we can discuss it at that point. Right now we would like to resolve what we currently have filed.

**Finally, please make sure you "reply all" to this email so that Ms. Freeman and Mr. Chen also receive the correspondence.**

Thank you for your cooperation.

*LaHoma Walker*

Legal Assistant to

Derek C. Chen

Jayne L. Freeman

Kimberly J. Waldbaum

Michael C. Walter

Keating Bucklin & McCormack, Inc., P.S.

801 2nd Avenue, Suite 1210
Seattle, Washington 98104-1576
Office  206.623.8861
Fax     206.223.9423

lwalker@kbmlawyers.com

www.kbmlawyers.com


KEATING, BUCKLIN & McCORMACK

5

This message is confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the named recipient(s), please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege. *Thank* you.

**From:** JULIE [mailto:juliedalessio@msn.com]
**Sent:** Monday, August 28, 2017 2:05 PM
**To:** LaHoma Walker <LWalker@kbmlawyers.com>
**Subject:** Re: Dalessio v. University of WA, Case No. 2:17-cv-00642-RSM

I would appreciate it if you would request that the entire exhibit A to Alison Swenson's Decl. *(Dkt. 30-1 and 30-2)* be sealed,

as well as Exhibit B (Dkt. 30-3) (which are pages from exhibit A)

In addition, i would appreciate it if you would be willing to stipulate that PR 16-00760 would also be submitted under seal

thanks

julie 206 324 2590

---

**From:** LaHoma Walker <LWalker@kbmlawyers.com>
**Sent:** Monday, August 28, 2017 11:40:22 AM
**To:** juliedalessio@msn.com
**Cc:** Jayne L. Freeman; Derek C. Chen
**Subject:** Dalessio v. University of WA, Case No. 2:17-cv-00642-RSM

Ms. Dalessio,

After another additional review of Exhibit A to Alison Swenson's declaration (Dkts. 30-1 and 30-2), we were only able to locate two pages where your date of birth appears, and one page where it is illegible. We have

6

redacted those pages (pgs. 76, 77, and 342.) Please let us know if you know of any other pages where your date of birth appears, and we would be happy to redact those to the year as well pursuant to Western District Local Court Rules 5.2.

We disagree that we are allowed to redact any other information you've stated in your email (pursuant to the court rules) and/or that the documents filed contain such information. However, if the Court allows us to, we would be willing to stipulate to leaving the document sealed until the Court can make a determination on whether the information should be sealed. We will suggest this to the Court as an alternate option.

We look forward to your response. We are hoping to file this with the Court as soon as possible. Thank you.

*LaHoma Walker*

Legal Assistant to

Derek C. Chen

Jayne L. Freeman

Timberly J. Waldbaum

Michael C. Walter

Keating Bucklin & McCormack, Inc., P.S.

801 2nd Avenue, Suite 1210
Seattle, Washington 98104-1576
Office 206.623.8861
Fax    206.223.9423

lwalker@kbmlawyers.com

www.kbmlawyers.com



KEATING, BUCKLIN & McCORMACK

This message is confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the named recipient(s), please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege. *Thank* you.