**EXHIBIT C**



STEVEN L. THORSRUD
MICHAEL C. WALTER
ANDREW G. COOLEY
STEWART A. ESTES
JAYNE L. FREEMAN
RICHARD B. JOLLEY
SHANNON M. RAGONESI
KIMBERLY J. WALDBAUM

**KEATING, BUCKLIN & McCORMACK, INC., P.S.**
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WA 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423
www.kbmlawyers.com
dchen@kbmlawyers.com

JEREMY W. CULUMBER
AMANDA G. BUTLER
BRIAN C. AUGENTHALER
RUTH NIELSEN
DEREK C. CHEN

OF COUNSEL:
MARK R. BUCKLIN
BRENDA L. BANNON

ROBERT C. KEATING (1915-2001)

February 23, 2018

Joseph Thomas, WSBA #49532
14625 SE 176th St Apt N101
Renton, WA 98058-8994

      RE:    Dalessio v. University of WA, Case No. 2:17-cv-00642-RSM

Dear Joe:

      I wanted to touch base with you about our conversation roughly a week ago where we discussed the Joint Status Report. We talked about your intent to file a motion to amend your Complaint, and I think to the extent it clears up Ms. Dalessio's claims, that is great. You also asked me to let you know if your proposed amended claims were going to encounter road blocks because you didn't want to file frivolous claims.

      Having reviewed the case you sent over to me from the Sixth Circuit, and having done a little research, I wanted to give you a heads up that it appears an attempt to include a § 1983 claim based on an alleged 14th Amendment violation would be frivolous, and thus futile to add to an Amended Complaint and/or subject to dismissal on summary judgment. This is true for both the Public Records Request response produced by the University, and the submission of documents through PACER that allegedly contained personal identifiers—documents that have been maintained under seal since shortly after they were filed with the court.

      The case you sent me, *Lambert v. Hartman*, has little to no relevance to the situation we discussed, where you alleged *an attorney* potentially disclosed information contrary to the court rules. Nothing in this case discusses bringing a claim for a 14th Amendment violation in that circumstance. In fact, the only aspect of that case that is similar to ours is that the information was maintained somewhere on a website to which the public could have access. Filing of documents and evidence with the court falls within the purview of the court rules; it does not create a cause of action. The University understands the Court's admonition, and plans to rely on the sealed documents already filed.

      **More importantly**, even if true, neither release of your client's information was *intentional*, as is required for a § 1983 claim in the informational privacy context (and really

February 23, 2018
Page 2

almost any context.) A quick search revealed multiple cases articulating this rule:

- *Warner v. Twp. of S. Harrison*, 885 F. Supp. 2d 725, 730 (D.N.J. 2012). In *Warner*, a township employee was investigated because other employees mistakenly believed he was hacking into the entity's computer systems. The police investigated him and wrote a report, but did not bring charges. The report contained unredacted information including his social security number. Another subcommittee was created to investigate the event on an administrative level, and that subcommittee included the police's unredacted report as an exhibit to their own public investigation despite knowing it was not redacted and that it would be released. Plaintiff brought a claim of a 14th Amendment claim for violation of informational privacy. The Court found that "[i]t is sufficient if evidence demonstrates that a defendant acted knowingly in disclosing the private information, that is, that the official knew that the document contained private information and that the official acted to disclose the document to the general public. **Thus, an inadvertent or negligent disclosure does not violate a constitutionally-protected privacy right.**" *Id.* at 739-740.

- *Weisberg v. Riverside Twp. Bd. of Educ.*, 180 F. App'x 357, 359 (3d Cir. 2006). The Court in *Weisberg* was even more blunt. Here, an employee alleged a 14th Amendment claim for violation of informational privacy where his medical report was accidentally put into an envelope with another teacher's contract, thus releasing sensitive information. *Id.* at 360. While medical information is entitled to privacy protection, "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Id.* at 365. (citing *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986)[1]. "Because Weisberg does not dispute that the District employee accidentally included his incident report in the envelope given to another employee, Weisberg has no substantive due process claim for this disclosure." *Weisberg*, 180 F. App'x 357, at 365.

There is no legitimate dispute here that Public Records staff Alison Swenson, Andrew Palmer, or anyone else intended or, in fact, knew they were releasing sensitive information. At the time David Betz made the request, neither Swenson nor Palmer even knew who your client was. See *Declarations of Alison Swenson and Andrew Palmer, attached*. They made extensive efforts to redact copious amount of data from the records produced. You cannot in good faith and in compliance with your obligations as an attorney make the argument that Ms. Swenson redacted every other social security number in the record but for some reason intentionally left one unredacted among hundreds of pages of documents.

---

[1] While *Williams* doesn't have to do with informational privacy, it unequivocally sets out that "mere lack of due care by a state official" does not "deprive"

February 23, 2018
Page 3

    Given this authority, and the absence of any contrary authority produced by you so far, moving to amend your Complaint to include 14th Amendment claims would be frivolous. I am sharing this will you in an effort to conserve all parties' and the court's resources by avoiding wasteful motions now that you are on notice the motion you intend to file is frivolous. However, moving to amend your Complaint to clean it up, and particularly to remove references to claims that Plaintiff will not be pursuing, would be beneficial to both parties and the Court.

    Please give me a call next week if you wish to discuss this letter. Feel free to call if you need help navigating the discovery already produced to determine what part of your discovery motions are now moot. I expect it will be most of them, if not all. Thank you and have a great weekend.

                           Sincerely,

                           *s/Derek C. Chen*

                           Derek C. Chen

CC: Jayne L. Freeman

# Derek C. Chen

**From:** Derek C. Chen
**Sent:** Friday, February 23, 2018 3:26 PM
**To:** joe@joethomas.org
**Subject:** Re: Dalessio v. University of WA, Case No. 2:17-cv-00642-RSM

Joe,

No I am not saying I'm going to file for sanctions. You asked me if I was aware of any cases that would make your amendment frivolous, and this was my first chance to research it. I'm just letting you know what I found and you can make your own decision. Have a good weekend!

Derek

Sent from my iPhone

On Feb 23, 2018, at 3:17 PM, "joe@joethomas.org" <joe@joethomas.org> wrote:

> Dear Derek:
>
> I want clarify the intent of your letter to me. On the record, the Court yesterday told me to go ahead and put the claims in the complaint and the Court would see if they are futile or not. Then the University of Washington would have a chance to respond to the motion for leave for an amended complaint.
>
> After the telephonic conference with the Court yesterday, I am confused with why you would use the word "frivolous." Are you putting me on notice that you will file Rule 11 sanctions against me if I move to amend the complaint as I stated yesterday in the telephonic conference?
>
> Since, I am working on the motion right now, please let me know as soon as possible. Honestly, I find your language very troubling.
>
> Very truly yours,
>
> Joe
>
> Joseph Thomas
> Law Office of Joseph Thomas PLLC
> 14625 SE. 176th ST., Apt. # N101
> Renton, Washington 98058
> Phone: (206) 390-8848
> Website: http://JoeThomas.org
>
> NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying it or disclosing its contents to others. Thank you.
>
> From: LaHoma Walker [mailto:LWalker@kbmlawyers.com]
> Sent: Friday, February 23, 2018 2:06 PM

1

**To:** joe@joethomas.org
**Cc:** Jayne L. Freeman <JFreeman@kbmlawyers.com>; Derek C. Chen <DChen@kbmlawyers.com>
**Subject:** Dalessio v. University of WA, Case No. 2:17-cv-00642-RSM

Good afternoon.

Attached please find correspondence to you from Derek C. Chen.

Thank you and all the best,

*LaHoma Walker*
Legal Assistant to
Derek C. Chen
Jayne L. Freeman
Kimberly J. Waldbaum
Michael C. Walter
Keating Bucklin & McCormack, Inc., P.S.
801 2nd Avenue, Suite 1210
Seattle, Washington 98104
Office 206.623.8861
Fax   206.223.9423
lwalker@kbmlawyers.com

www.kbmlawyers.com

<image001.jpg>

This message is confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the named recipient(s), please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege. *Thank* you.

## Jayne L. Freeman

**From:** Jayne L. Freeman
**Sent:** Friday, February 23, 2018 4:20 PM
**To:** 'joe@joethomas.org'; LaHoma Walker; Derek C. Chen
**Subject:** RE: Dalessio v. University of WA, Case No. 2:17-cv-00642-RSM

Mr. Thomas: I believe you had invited dialogue and/or information regarding the legal basis (or lack thereof) of the potential claims you may be considering adding. You have also indicated, at various times, that you have not yet had time to review various discovery and/or motions or evidence filed in support of the motions that have been at issue in this matter, so we are making an effort to direct your attention to the most pertinent evidence in the record (which has already been filed), such as the declarations of public records staff Swenson and Palmer, as you continue to evaluate whether there is a legal and evidentiary basis for stating the claims you may be considering adding.

No one suggested sanctions. We are merely trying to provide as much information as possible to direct your attention to what is in the record and the law in hopes of avoiding needless waste of resources by all parties and the court in the event some of these theories may be based on a lack of information about what the evidence actually is, and/or the scope of available legal authority. The University has already expended resources defending this matter over the past 9 months, and would prefer not to re-invent the wheel if it is not necessary. As you work on your motion to amend the complaint, we are trying to provide appropriate information for you to take into consideration; it seems you have mentioned several times that you are "considering" adding claims and/or parties, but that you have not had an opportunity to really see what is in the case file.

With respect to potentially "adding parties," it is unclear what parties Plaintiff feels she would need to or have a basis for adding. If you are considering individual parties, please keep in mind the standards for qualified immunity under Federal law that would also apply, and review the declarations of the public records staff who processed the requests. I am not aware of any additional relief that would be available or basis for adding additional parties that would make a difference to the Plaintiff as opposed to the suit she currently has against the University.

As to point of contact between Derek & I, please continue to copy both of us on email and we will coordinate to respond as appropriate. I don't think it has been a problem thus far. Once you get a draft of what you will be proposing as an Amended Complaint prepared, if you want to send a copy over before you spend a lot of time preparing the motion itself, we'd be happy to look at it so we can let you know which issues will or will not be in dispute and narrow any issues that actually need to be briefed in a Motion to Amend.

Thank you for your attention to the case schedule—I'll look for your response next week.

Have a good weekend.

*Jayne L. Freeman*
**KBM** KEATING, BUCKLIN & McCORMACK

801 Second Avenue, Suite 1210
Seattle, WA 98104
Office: (206)623-8861
FAX: (206)223-9423
jfreeman@kbmlawyers.com

*www.kbmlawyers.com*

1

*(Please note our new address)*

**From:** joe@joethomas.org [mailto:joe@joethomas.org]
**Sent:** Friday, February 23, 2018 3:17 PM
**To:** LaHoma Walker <LWalker@kbmlawyers.com>; Derek C. Chen <DChen@kbmlawyers.com>
**Cc:** Jayne L. Freeman <JFreeman@kbmlawyers.com>
**Subject:** RE: Dalessio v. University of WA, Case No. 2:17-cv-00642-RSM

Dear Derek:

I want clarify the intent of your letter to me. On the record, the Court yesterday told me to go ahead and put the claims in the complaint and the Court would see if they are futile or not. Then the University of Washington would have a chance to respond to the motion for leave for an amended complaint.

After the telephonic conference with the Court yesterday, I am confused with why you would use the word "frivolous." Are you putting me on notice that you will file Rule 11 sanctions against me if I move to amend the complaint as I stated yesterday in the telephonic conference?

Since, I am working on the motion right now, please let me know as soon as possible. Honestly, I find your language very troubling.

Very truly yours,

Joe

Joseph Thomas
Law Office of Joseph Thomas PLLC
14625 SE. 176th ST., Apt. # N101
Renton, Washington 98058
Phone: (206) 390-8848
Website: http://JoeThomas.org

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying it or disclosing its contents to others. Thank you.

**From:** LaHoma Walker [mailto:LWalker@kbmlawyers.com]
**Sent:** Friday, February 23, 2018 2:06 PM
**To:** joe@joethomas.org
**Cc:** Jayne L. Freeman <JFreeman@kbmlawyers.com>; Derek C. Chen <DChen@kbmlawyers.com>
**Subject:** Dalessio v. University of WA, Case No. 2:17-cv-00642-RSM

Good afternoon.

Attached please find correspondence to you from Derek C. Chen.

Thank you and all the best,

*LaHoma Walker*
Legal Assistant to
Derek C. Chen
Jayne L. Freeman

2

Kimberly J. Waldbaum
Michael C. Walter
Keating Bucklin & McCormack, Inc., P.S.
801 2nd Avenue, Suite 1210
Seattle, Washington 98104
Office 206.623.8861
Fax    206.223.9423
lwalker@kbmlawyers.com

www.kbmlawyers.com



KEATING, BUCKLIN & McCORMACK

This message is confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the named recipient(s), please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege. *Thank* you.