The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIE DALESSIO, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>UNIVERSITY OF WASHINGTON,<br><br>    Defendant. | No. 2:17-cv-00642-MJP<br><br>REPLY TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT<br><br>**NOTE ON MOTION CALENDAR**<br><br>**Friday, March 30, 2018** |

Reply to Motion for Leave
Case 2:17-cv-00642

1

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

**1. The amended complaint alleges all the elements needed for a § 1983 action**

It is not in dispute that Dalessio has made the prima facie case because Defendant UW's response is absent of any allegation that Dalessio did not argue the necessary elements to establish a violation under 42 U.S.C. 1983.

"Traditionally, the requirements for relief under [§] 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under the color of state law." *Crumpton v. Gates*, 947 F. 2d 1418, 1420 (9th Cir. 1991).  Or, more simply, courts have required plaintiffs to "plead that (1) the defendants acting under the color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F. 2d 1334, 1338 (9th Cir. 1986); *see also Long v. County of Los Angeles*, 442 F. 3d 1178, 1185 (9th Cir. 2006).

All four elements are met by Dalessio in her complaint.  First, Dalessio clearly articulates violations of the United States Constitution and of federal statutes for each of her §1983 claims: Dalessio cites the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution as a basis for the § 1983 lawsuits. *In re Crawford*, 194 F. 3d 954, 958 (9th Cir. 1999) (due process); *Norman-Bloodsaw v. Lawrence Berkeley Laboratory*, 135 F. 3d 1260, 1269 (9th Cir. 1998) (Fourth Amendment).  Furthermore, to violate those constitutional provisions, Dalessio alleges that federal statutes such as the Health Information Portability Accountability Act and the Americans with Disabilities Acts were violated.  Second, Dalessio alleges these violates were proximately caused by each defendant through the search and then unlawful production of her private, confidential and personal information into the public domain on several instances. Third, the conduct of a person is met because Dalessio alleged official's conduct in their personal capacity.  Fourth, each of the defendants were acting under the color of state law and this is not in dispute.

**2. The substance for the causes of action have stayed the same**

The proposed amended complaint, incorporates most of Dalessio's causes of action from the original complaint.

1       Both complaints list privacy violations. First, the original complaint lists a cause of action
2 as the invasion of privacy by the release of Dalessio's private information through public records
3 which could lead to identity theft. [Dkt. 1-1 at 6]. The proposed amended complaint lists privacy
4 violations through the Fourth, Fifth and Fourteenth Amendments to the United States
5 Constitution, common law privacy violations at tort. [Dkt. 74-1 at 20-28, and 32-33. Second, the
6 original complaint and proposed amended complaint both list breach of contract. [Dkt. 1-1 at 13];
7 [Dkt. 74-1 at 31]. Third, the claims for defamation/libel have been dropped. [Dkt. 1-1 at 14].
8 Fourth, the original complaint lists civil rights violations, including 42 U.S.C. 1983. [Dkt. 1-1 at
9 19, 22]. The amended complaint keeps the civil rights violations, but instead of claiming civil
10 rights statutes as a cause of action, it now lists 42 U.S.C. 1983 as multiple causes of action, which
11 was listed in the original complaint. [Dkt. 74-1 at 20-28]. Fifth, original complaint and proposed
12 amended complaint both list claims of injunctive relief. [Dkt. 1-1 at 24]; [Dkt. 74-1 at 33].

13       The causes of action largely stay the same between the two lawsuits but are sometimes re-
14 written for legal sufficiency. If new claims are added, it is because of the intervening facts that
15 have occurred since the original complaint was filed.

16     **3. Freeman, Chen, and Walker do not have absolute immunity for administrative acts**

17       In her declaration to this Court, Freeman characterized the review of the documents to
18 redact dates of birth and social security numbers as "administrative" acts. *See* Freeman
19 Declaration, Dkt. 76, at 3, ¶ 9. Dalessio acquiesces to Freeman's characterization of redactions as
20 an administrative act. It is well-established case law that prosecutor loses absolute immunity for
21 administrative acts.

22       "A prosecutor's administrative duties. . . are not entitled to absolute immunity." *Buckley*
23 *v. Fitzsimmons*, 509 US 259, 273 (1993).

24       By Freeman's own admission, that since her acts were "administrative" her own
25 admission absolute immunity does not attach for her, Chen or Walker.

26       Furthermore, Defendants have not met their burden to prove absolute immunity attaches.
27 "The proponent of a claim to absolute immunity bears the burden of establishing the justification
28 for such immunity*."* *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 432 (1993). Whether

1  immunity attaches to Freeman, Chen, and Walker is not an issue in front of this Court in the
2  Motion for Leave to Amend the Complaint.

### 4. Qualified immunity is not an issue in front of this Court

Defendant UW misrepresents to this Court that qualified immunity is an issue that would bar an amended complaint. When in fact, qualified immunity is a pure legal question, involving a two-step process, that is decided by the Court after an amended complaint is granted.

First, the court must consider whether the facts "[t]aken in the light most favorable to the party asserting the injury. . . show [that] the [defendant's] conduct violated a constitutional right[.]" *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part on other grounds by Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Second, the court must determine whether the right was clearly established at the time of the alleged violation. *Saucier*, 533 U.S. at 201. Determinations that bar lawsuits are defenses brought in motions to dismiss. Fed. R. Civ. P. 8(c)(1) (listing in part, res judicata, statute of frauds, statute of limitations, etc., in which each defense is a bar to an action).

Qualified immunity is an issue for another time and is an inappropriate consideration for a motion for leave to amend the complaint.

### 5. Defendant UW did not raise any arguments against declaratory/injunctive relief

Defendant UW in its response seemingly conflates the separate causes of action of declaratory/injunctive relief, and 42 U.S.C 1983 when arguing against the Motion for Leave to File an Amended Complaint. However, well established case law identifies that these are separate and distinct legal issues.

Qualified immunity is only an immunity from suits for damages, it is not an immunity from suit for declaratory or injunctive relief. *See L.A. Police Protective League v. Gates*, 995, F. 2d 1469, 1472 (9th Cir. 1993).

In the Amended Complaint, Dalessio seeks declaratory judgment as two separate causes of action, and injunctive relief as a third cause of action. *See* Compl. 28-31, 33.

Since it is clear the legal standards for declatory/injunctive relief and 42 U.S.C. 1983 actions are different, Defendant UW only argued against 42 U.S.C. 1983 causes of action, leaving

4

the declaratory/injunctive relief unopposed.

**6. Good faith immunity pursuant to RCW 42.56.060 is irrelevant to this action**

Defendant UW misrepresented to this Court that RCW 42.56.060 provides "good faith" immunity "from state law claims, such as negligence." *See* Def.'s Resp. Mot. for Leave to File Amend. Compl. at 6, n. 2.

However, controlling Washington State case law identifies that the "good faith" immunity only concerns Public Records Act lawsuits, and not "state law claims, such as negligence." [Dkt. "The PRA thus recognizes that agencies should have limited protections when carrying out their duties, and are therefore within the zone of interests protected by the PRA. *See also* RCW 42.56.060 (disclaimer of agency liability for good faith release of public records)." *Benton County v. Zink*, 361 P. 3d 801, 806 (Wash. Ct. App. 2015).

Because Dalessio in the amended complaint is not claiming a Public Records Act violation, Defenant UW's good faith immunity argument is irrelevant and is only brought to confuse this court and to muddy the record for appeal.

**7. The amended complaint is timely, not unduly prejudicial and brought in good faith**

Defendant UW's arguments about this amended complaint are disingenuous at best. These are merely conclusory arguments without any explanation, or support in law or fact and is a pure dilatory tactic.

First, because Defendant UW did not oppose the appointment of pro bono counsel it waives its arguments about being untimely, unduly prejudicial and not brought in good faith. *See* Dkt. 65 at 1. "The SAAG and law firm have been retained because of their expertise." Dkt. 74-2 at 9. Because Freeman, Chen and Walker are hired for their expertise, they should have reasonable realized that the appointment of pro bono counsel would change the case schedule and would likely require an amended complaint. *See e.g. Crowley v. Bannister*, 734 F. 3d 967, 977-78 (9th Cir. 2013) (stating "the pro se litigant is far more prone to make errors in pleading than the person who benefits from the representation of counsel").

Second, there are not any facts or legal authority asserted to substantiate that this Motion to File an Amended Complaint is untimely. At no point in the entire Response did Defendant

5

1   UW substantiate its argument in either law or fact that this Motion for Leave to Amend is
2   untimely. In fact, Plaintiff fully complied with this Court's instructions in docket 71 for the date
3   of filing the motion for an amended complaint. See Docket 71.

4   Third, there are not any facts or legal authority asserted to substantiate that this Motion to
5   file an Amended Complaint is unduly prejudicial. At no point in the Response did Defendant
6   UW substantiate its argument in either law or fact that this Motion for Leave to Amend is unduly
7   prejudicial. In fact, the only time the word unduly occurs in paragraph E, on page 12. The term
8   prejudice is mentioned three times in the entire Response but is never applied factually to state
9   how Defendant UW was unduly prejudiced by Plaintiff's motion for amended complaint.

10  Fourth, there are not any facts or legal authority asserted to substantiate this Motion to file
11  an Amended Complaint is brought in bad faith. Only at one point did Defendant UW assert
12  Plaintiff is acting in bad faith with this Motion for File an Amended Complaint. "There is no
13  good faith basis for adding these individual staff-members as named defendants to face meritless
14  constitutional claims. Dkt. #74-1." See Dkt. 75 at 5. There is no explanation in law or fact. This
15  is just a conclusory statement. "Because vicarious liability is inapplicable to Bivens and § 1983
16  suits, a plaintiff must plead that each Government-official defendant, through the official's own
17  individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)
18  (internal citation omitted).

19  **8. If Plaintiff did not add new defendants, the complaint would be frivolous**

20  Plaintiff's attorney had duty to add new defendants, in the proposed amended complaint,
21  otherwise it would have been on its face frivolous.

22  "States are not persons for purposes of § 1983. *See Arizonans for Official English v.*
23  *Arizona*, 520 U.S. 43, 69 (1997). Section 1983 claims against states, therefore, are legally
24  frivolous. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), superseded by statute on
25  other grounds as stated in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

26  In the original complaint Dalessio: 1. Only named the University of Washington as a
27  Defendant; 2. Asserted 42 U.S.C. 1983 as a cause of action. *See* Dkt. 27 at 5 (Defendant UW
28  argued Dalessio did not make a prima facie case to assert a 42 U.S.C. §1983 claim).

1  By Defendant UW arguing that Dalessio should not be allowed to add new parties,

2 Defendant UW is arguing that Dalessio should file a frivolous complaint with this Court.

3  **9.  Dalessio's amended complaint alleges a pattern and practice of privacy violations**

4  Dalessio's complaint alleges a pattern and practice of privacy violations.  These

5 allegations take more than one form.

6  One example illustrating a pattern and practice of constitutional privacy violations

7 occurred when Dalessio's own personal, confidential and private information was not only

8 disclosed publicly, at least once through Public Records Act, but it was also publicly disclosed an

9 additional time through PACER where anyone with an internet connection could have

10 downloaded the documents.

11  Another example illustrating a pattern and practice of constitutional privacy violations

12 occurred when Dalessio received responsive documents to her Public Records Act requests to

13 Defendant UW disclosing publicly similar private, confidential and personal information which is

14 exempt from disclosure under the Public Records Act.

15  **10. Freeman's declaration makes her a factual witness**

16  Defendant UW's attorney Ms. Jayne Freeman became a factual witness in this lawsuit

17 when she wrote a declaration about the facts of this case.  *See* Dkt. 76.  Ms. Freeman swore under

18 penalty of perjury regarding the following factual allegations in action about: how Ms. Dalessio's

19 private, confidential and personal information was uploaded to the PACER CM/ECF system for

20 anyone with an internet connection to view [Dkt. 76 ¶¶ 3-12]; Ms. Freeman's state of mind as to

21 the disclosure and whether it was intentional or not [Dkt. 76 ¶¶ 9-13]; Ms. Freeman indicated that

22 she believed the RCW 42.56.060 provided immunity for her in filing motion for summary

23 judgment [Dkt. ¶ 3]. Pursuant to Revised Code of Washington, Ms. Freeman swore under penalty

24 of perjury that all of the statements and information in her declaration are "true and correct." *Id.*

25  "Testifying about facts is the function of the witness, not of the lawyer." *Kalina v.*

26 *Fletcher*, 522 US 118, 130 (1997).   Ms. Freeman is now a factual witness in this action because

27 of her factual declaration submit

28

Respectfully submitted this 29th day of March, 2018

                                            Law Office of Joseph Thomas

                                               /s/ Joseph Thomas
                                            Joseph Thomas, WSBA 49532

**Certificate of Service**

I hereby certify that on 29th of March, 2018, I filed the foregoing with the Clerk of the Court through the CM/ECF system which will automatically send electronic mail notification of such filing to the CM/ECF registered participants as identified on the Electronic Email Notice List.

                                               /s/ Joseph Thomas
                                            Joseph Thomas, WSBA 49532
                                            14625 SE 176th St., Apt. N101
                                            Renton, WA 98058
                                            (206) 390-8848