The Honorable Marsha J. Pechman

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIE DALESSIO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON,<br><br>Defendant. | No.  2:17-cv-00642-MJP<br><br>DECLARATION OF JULIE DALESSIO IN SUPPORT OF MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT<br><br>**NOTE ON MOTION CALENDAR**<br><br>**Friday, March 30, 2018** |

I, Julie Dalessio, declare as follows:

1.  I am the Plaintiff in this above entitled action.  I make this declaration based upon my own personal knowledge, upon facts which are admissible in evidence.  I am competent to testify to the matters set forth in this declaration.

2.  Since I discovered that Defendant UW was publishing personal and confidential information about me in public records releases, I've spent two years working to secure the personal, identifying, private, confidential, false, offensive and defamatory information that has been compiled, maintained and distributed by the Defendant UW.

3. Before filing my original complaint, I reached out to Defendant UW's Offices of Public

1

Records, Office of the Ombud, Office of the Attorney General, and the Office of Risk Management (as described in court documents), in attempts to resolve the issues without court action.  My belief based on information obtained from these sources was that Defendant UW would not do anything, claiming immunity under the PRA for their actions.  Subsequently, acting pro se, I filed this lawsuit in King County Superior Court.

5.  Since the beginning of this action, I have attempted to communicate my privacy concerns on numerous occasions to both attorneys for Defendant UW, Ms. Jayne Freeman and Mr. Derek Chen, in telephonic conferences and emails.

6.  In all of my communications, neither Ms. Freeman nor Mr. Chen, suggested an alternative way of filing to protect my private, confidential, and personal information from public view because court filings are public records.

7.  On May 23, 2017, during the Fed. R. Civ. P. 26(f) conference, I discussed with Ms. Freeman and Mr. Chen the confidential nature of the disclosed Public Records Act documents.  I expressed that my confidential documents should not become public record and Ms. Freeman responded to me by stating that she would think about how Defendant UW would proceed.  I told Ms. Freeman and Mr. Chen that I would give them requests for admissions, pursuant to Fed. R. Civ. P. 36, to admit the descriptions of documents.  This would allow a description of the documents to be entered into evidence, without the actual documents being entered into evidence.  This would create a record for this Court and on appeal, while safeguarding my private, confidential and personal information from public view.  Ms. Freeman said I could serve the request for admissions, and Defendant UW would respond as required under the Rules of Civil Procedure.

8.  Counsel for UW ignored my requests to discuss alternatives to filing documents under seal, and objected to my requests for admissions of descriptions of the contents of the documents.

9.  Despite these communications, without any regard to my privacy concerns, and in violation of court privacy rules, on August 24, 2017, counsel for Defendant UW entered these records, in their entirety save for the redaction of my SSN on one page, into the PACER CM/ECF system.

2

10. On August 27, 2017, I contacted Ms. Laurie Cuaresma, Courtroom Deputy to Honorable Judge Martinez, to notify the Court that my private, confidential and personal information, including date of birth and social security number, was published to the PACER CM/ECF system and was made publicly available to anyone with an internet connection. [Dkt. 76-1 at 5].

11. Because of my email to Ms. Cuaresma, on August 28, 2017, the Court identified one exhibit that needed to be redacted according to the local court rules, and immediately sealed that exhibit. [Dkt. 76-1 at 5].

12. Out of concern that more of my private information may have been publicly disclosed, I went back through the other exhibits that Ms. Freeman and Mr. Chen filed on behalf of their client Defendant UW. I found an additional exhibit that contained other information that should have been redacted, but wasn't, including date of birth [Dkt. 76-1 at 4].

13. On August 29, 2017, I emailed Ms. Cuaresma for a second time to notify her that an additional exhibit containing my private, confidential and personal information remained unredacted in court documents filed in the PACER CM/ECF system [Dkt. 76-1 at 4].

14. On August 30, 2017, Ms. Cuaresma responded again and stated that the Court had identified and sealed court records containing my social security number and date of birth, that the Court would no longer respond to informal emails, and directed us to the local court rules [Dkt. 76-1 at 3].

15. I then wrote to Ms. Freeman and Mr. Chen about compliance with the court rules, especially LCR 5 and LCR 5.2, to protect my private, confidential and personal information from being entered into the public record again, and so the court would not have to intervene and seal entire exhibits again. I made a request that we confer and discuss by telephone on how to address this problem, moving forward [Dkt. 76-2 at 5].

16. Ms. Freeman and Mr. Chen's legal assistant, LaHoma Walker, responded to my and the court's emails. Ms. Walker told me to identify any other redactions that needed to be made out of Defendant UW's filings, to bring Defendant UW's filings into compliance with LCR 5.2. First, I was shocked that Ms. Walker told me it was my burden to bring Defendant UW in

compliance with the court rules – in other words for me to do their work for them. Second, I was amazed that I was corresponding about the application of the court rules with Ms. Walker, when my emails were directed to Ms. Freeman and Mr. Chen.

17. Mr. Chen responded to the email chain for the first time on August 30, 2017 at 3 p.m. to tell me that if I didn't identify any pages containing my social security number or date of birth, they would refile the documents the following day, in their entirety. [Dkt. 76-2 at 4]. I felt that Mr. Chen was bullying me in this email. Mr. Chen was using his superior legal knowledge and experience to try to make me believe it was ordered by the Court that I proofread Defendant UW's exhibits to remove my social security number and date of birth. This felt like a slap in the face to me because it seemed like Mr. Chen was only concerned because he was caught violating LCR 5.2 by publishing my social security number and date of birth. To add salt into the wounds, Mr. Chen seemed unconcerned about the rest of my private and confidential information, including my financial information and what I believe to be my statutorily protected health information.

18. At 4:06 p.m., that same day, I again emailed Mr. Chen, Ms. Freeman, and Ms. Walker, again expressing my privacy concerns and again requesting a telephonic conference [Dkt. 76-2 at 3].

19. On September 1, 2017, Mr. Chen responded that they would refile the exhibits with only LCR 5.2 redactions, and that I would have to file a motion to seal any documents, including Dkt. 30-1, containing my date of birth that remained unsealed. [Dkt. 76-2 at 2]. By Mr. Chen asking me to file a motion to seal the documents, he identified to me, that he knew Dkt. 30-1 contained my date of birth, in violation of LCR 5.2.

20. On September 1, 2017, Defendant UW republished Dkts. 30-1 and 30-2 into the new Dkts 32-34. Since Mr. Chen made it clear that he would not make the required redactions in Dkt. 30-1 to redact date of birth to comply with LCR 5.2, it remained unsealed in the court records until the Court granted my motion to seal in Dkt. 51, on October 27, 2017. But despite my protests, when Mr. Chen filed Dkts. 32-34, he left my financial information, and what I believe to be my protected health information unredacted, as it was entered into the PACER CM/ECF

4

system, available to anyone with an internet connection.

21.  On September 05, 2017, I was forced to file a motion to seal the still offending filings by Defendant UW that contained my private, confidential and personal information.

22.  This Court granted my motion to seal on October 27, 2017 and sealed the offending exhibits.

23.  I was highly offended by the willful and deliberate public disclosure of my private documents by Ms. Freeman and Mr. Chen. I believe that Ms. Freeman and Mr. Chen were unconcerned with the court rules governing privacy (including LCR 5(g) and LCR 5.2) because they wanted to taint this Court and to embarrass me and publicly humiliate me for bringing this lawsuit.

24.  Due to the actions of Ms. Freeman, Mr. Chen, and Ms. Walker my personal information was available to anyone on the internet via the PACER CM/ECF system for two months, during which time it was available to anyone with an internet connection.  I have heard the general principle about the internet is: if something is on the internet, it is on the internet forever.  I am worried that I may not be able to undo the damage that Ms. Freeman, Mr. Chen, and Ms. Walker caused by publishing my private, confidential and personal information to the internet.

25.  Identity theft is a concern I grapple with every day because my personally identifying information was published to the internet, via the PACER CM/ECF system, so that anyone who has access to these documents would have enough information to steal my identity.  The information that was filed publicly in this case by Ms. Freeman, Mr. Chen, and Ms. Walker contained, but is not limited to, my social security number, date of birth, financial information (pension and payroll records), telephone number and residential mailing address.  I fear that someone may try to take out credit in my name.  I fear that someone may try to steal my social security benefits.  I fear that someone may try to steal my Washington State Public Employee pension that I earned from working at Defendant UW.

26.  I have suffered economically because of the unlawful and intentional disclosure by Ms. Freeman, Mr. Chen, and Ms. Walker.  I rent out rooms of my house as a means of income.

1   Since my life has been consumed with trying to prevent/limit my private, confidential and

2   personal information from public disclosure, I have not been able to perform tasks around my

3   house that would generate additional rental income.

4        27. I am concerned that Ms. Freeman and Mr. Chen are personally attacking and bullying

5   my attorney, instead of making arguments based upon the facts of the case.

6        I declare under penalty of perjury under the laws of the State of Washington that the

7   foregoing is true and correct to the best of my knowledge.

8

9

10       DATED this 28th day of March, 2018, at Seattle, Washington.

11

12

13                                    Plaintiff Julie Dalessio

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6