1

The Honorable Marsha J. Pechman

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9             WESTERN DISTRICT OF WASHINGTON

10

11   JULIE DALESSIO, an individual,          No.  2:17-cv-00642-MJP

12              Plaintiff,                    PLAINTIFF'S RULE 19 AND 20 MOTION
                                             FOR JOINDER OF PARTIES
13        v.

14   UNIVERSITY OF WASHINGTON,               **NOTE ON MOTION CALENDAR**

15              Defendant.                    **Friday, April 20, 2018**

16                                            **Oral Argument Requested**

17

18                                  **I.  Introduction**

19
          Plaintiff Julie Dalessio ("Dalessio") respectfully moves this Court, pursuant to Rule 19
20
     and Rule 20 of the Federal Rules of Civil Procedure for joinder of parties to this lawsuit.
21
          There is a pending motion before this Court asking leave for Dalessio to file an amended
22
     complaint.  Dalessio's proposed amended complaint crystalizes the legal issues and cures any
23
     deficiencies from her original complaint that was filed in King County Superior Court, when she
24
     was a pro se litigant and before pro bono counsel was added to assist her.  Dalessio cannot
25
     adequately litigate the claims in her proposed amended complaint without joinder of additional
26
     parties: Eliza Saunders, Alison Swenson, Perry Tapper, Andrew Palmer, Jayne Freeman, Derek
27

28   Motion                                1    Law Office of Joseph Thomas
     Case 2:17-cv-00642                         14625 SE 176th St., Apt. N101
                                                Renton, Washington
                                                Phone (206)390-8848

1    Chen, Lahoma Walker, and Does 1-12.

2                              **II.  Statement of Fact**

3         Defendant UW disclosed hundreds of pages of Dalessio's private, confidential and

4    personal information to David Betz and possibly others through the production of records in

5    response to Public Records Act request  PR 2015-00570.  The majority of these records were

6    exempt from production under the plain language exempting production of records in the Public

7    Records Act and other federal statutes clearly identifying these documents as private, non-

8    disclosable, and not in the public interest.

9         Dalessio filed the original complaint in King County Superior Court on or about March

10   2017 as a pro se litigant.  Defendant UW then removed this action to the United States District

11   Court for the Western District of Washington.

12        On December 08, 2017, Dalessio requested this Court to appoint pro bono counsel

13   because she is unable to afford counsel, and due to her disability that prohibited her from

14   attending court proceedings.

15        On December 12, 2017, docket 65, this Court granted Dalessio's motion for the

16   appointment of counsel based upon "exceptional circumstances. . . in light of the complexity of

17   the legal issues involved."   In this Court's written ruling, docket 65, it found Dalessio articulated

18   colorable claims of law.

19        Pursuant to this Court's amended case schedule, on March 12, 2018, Dalessio filed a

20   motion in this court for leave to file an amended complaint. Dkt. 74.  The Court's amended case

21   schedule also a deadline of April 04, 2018 to join additional parties.  Dalessio identifies the

22   following in her proposed amended complaint as parties who are necessary to the adjudication of

23   this litigation: Eliza Saunders, Alison Swenson, Perry Tapper, Andrew Palmer, Jayne Freeman,

24   Derek Chen, Lahoma Walker, and Does 1-12.

25                               **III.  Argument**

26            **Plaintiff has Met the Standard for the Joinder of Parties under**

27                      **Federal Rules of Civil Procedure 19**

28        Pursuant to the Federal Rules of Civil Procedure 19(a)(1)(A), a party must be joined as a

1  defendant if "in that person's absence, the court cannot accord complete relief among existing

2  parties."  Alternatively, the Federal Rules of Civil Procedure 19(a)(1)(B), a party must be joined

3  as a defendant if "that person claims an interest relating to the subject of the action and is so

4  situated that disposing of the action in the person's absence may: (i) as a practical matter impair or

5  impede the person's ability to protect the interest; or (ii) leave an existing party subject to a

6  substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the

7  interest."

8      "There is no precise formula for determining whether a particular nonparty should be

9  joined under Rule 19(a).... The determination is heavily influenced by the facts and circumstances

10  of each case." EEOC v. Peabody Western Coal Co., 610 F. 3d 1070, 1081 (9th Cir. 2010) (quoting

11  *N. Alaska Envtl. Ctr. v. Hodel,* 803 F.2d 466, 468 (9th Cir. 1986)).

12      First, under Rule 19(a)(1)(A), in the absence of Eliza Saunders, Alison Swenson, Perry

13  Tapper, Andrew Palmer, and Does 1-12 complete relief could not be properly afforded in this

14  case.  The main thrust of Dalessio's original complaint is that her privacy rights were violated

15  under the color of state law.  *See* Dkt. 1-1 at 22 (attempting state a cause of action under 42

16  U.S.C. 1983 and using the term of art "under the color" of law).  Dalessio's original complaint

17  only named the University of Washington as a Defendant.  The Ninth Circuit Court of Appeals

18  unequivocally holds that 42 U.S.C. 1983 claims against state agencies are frivolous on its face.

19  *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), superseded by statute on other

20  grounds as stated in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). To litigate on

21  the merits and to obtain complete relief based upon the intent and spirit of Dalessio's original

22  complaint, it necessary to join additional parties, as pled in her proposed amended complaint.

23      Second, under rule 19(a)(1)(A), in the absence of Jayne Freeman, Derek Chen, and

24  Lahoma Walker complete relief could not be afforded in this case.  Dalessio's original complaint

25  makes clear that she believes her privacy rights were violated by the disclosure of her private,

26  confidential and personal information protected by state and federal statute from disclosure.

27  Intervening facts, arising from the privacy breach named in Dalessio's original complaint,

28  Freeman, Chen and Walker caused the re-disclosure and re-publication of Dalessio's private,

confidential and personal information, re-violating her privacy rights in the same manner as alleged against the other defendants.  If Dalessio is not allowed to add Freeman, Chen, and Walker, they may continue to upload Dalessio's private, confidential, and personal information to the internet with impunity.  Because Dalessio's private, confidential and personal information is held and has been unlawfully disclosed by both Freeman, Chen, Walker, and the Univeristy of Washington and its employees, complete relief cannot be obtained if only some of the parties are added to this lawsuit since Dalessio's privacy rights cannot be parsed out.

Third, under Rule 19(a)(1)(B)(i), in the absence of all additional parties named in the proposed amended complaint, it will impede Dalessio's ability to protect her privacy interest.  If not all of the parties are named to the lawsuit, then Dalessio's privacy rights will not be enforced as to the disclosures of her private, confidential and personal information.  Dalessio would be left without any practical way to enjoin the proposed defendants from re-producing her private, confidential and personal information, and thus re-violating her privacy rights.

Fourth, under Rule 19(a)(1)(B)(ii) if not all of the proposed defendants are joined in the action, it could lead to inconsistent obligations of protecting Dalessio's privacy rights.  If not all of the proposed defendants are joined, Dalessio would likely have to file a separate lawsuit, in front of a separate judge, in the United States District Court for the Western District of Washington.  When multiple cases are being decided about the same legal issue inconsistent rulings may arise.  This could potentially cause one judge to find a violation of Dalessio's privacy rights and a second judge not to find a violation of Dalessio's privacy rights in any instance.  A split opinion in the Western District of Washington between two different judges would create inconsistent obligations of how to enforce Dalessio's privacy rights.

Therefore, Dalessio has shown that all proposed defendants are parties to which must be mandatorily joined under Rule 19.

**Plaintiff has Met the Standard for the Joinder of Parties under**

**Federal Rules of Civil Procedure 20**

Under the Federal Rules of Civil Procedure 20(a)(2), permissive joinder of parties is proper if (1) the plaintiff asserts a right to relief "arising out of the same transaction, occurrence,

or series of transactions or occurrences" and (2) some "question of law or fact common to all the defendants will arise in the action."

First, Dalessio is asserting an informational privacy right found in substantive due process clause found in the Fifth and Fourteenth Amendments to the United States Constitution. Dalessio is asserting this privacy right because her private, confidential and personal information was unlawfully disclosed by the University of Washington and its officials and employees. Proposed defendants Eliza Saunders, Alison Swenson, Perry Tapper, Andrew Palmer, and Does 1-12 were a part of the same transaction or occurrence that Dalessio alleged in the original complaint of her private, confidential and personal information being unlawfully disclosed to David Betz through a Public Records Act disclosure. Then proposed defendants Jayne Freeman, Derek Chen, and LaHoma Walker were a part of the same series or transactions of occurrences that lead to the re-disclosure and re-publication of Dalessio private, confidential and personal information. The proximate cause of the re-disclosure and re-publication of Dalessio's private confidential and personal information was the original disclosure made in PR 2015-00570 from the University of Washington and its employees. Without the original unlawful disclosure by the University of Washington and its employees, the second disclosure by Freeman, Chen and Walker would never have occurred.

Second, inarguably there is the same question of law posed to all parties: whether the exact same disclosures of Dalessio's private, confidential and personal information violates her informational privacy rights found in the substantive due process clause of the Fifth and Fourteenth Amendments to the United States Constitution. *See e.g.* In re Crawford, 194 F. 3d 954, 958 (9th Cir. 1999).

Therefore, Dalessio meets both prongs for the permissive joinder of parties under Rule 20(a)(2).

### IV.  Conclusion

For the reasons identified above, Dalessio requests that this Court grants Plaintiff's motion to join additional parties.

1    Respectfully submitted this 04th day of April, 2018

2                                                            Law Office of Joseph Thomas

3                                                             ____/s/ Joseph Thomas_____
4                                                            Joseph Thomas, WSBA 49532

5

6                                          **Certificate of Service**

7         I hereby certify that on 04th of April, 2018, I filed the foregoing with the Clerk of the

8    Court through the CM/ECF system which will automatically send electronic mail notification of

9    such filing to the CM/ECF registered participants as identified on the Electronic Email Notice

10   List.

11                                                            ____/s/ Joseph Thomas_____
                                                             Joseph Thomas, WSBA 49532
12                                                           14625 SE 176th St., Apt. N101
                                                             Renton, WA 98058
13                                                           (206) 390-8848

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28