UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIE DALESSIO,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>UNIVERSITY OF WASHINGTON, et al.,<br><br>　　　　　　　Defendants. | CASE NO. C17-642 MJP<br><br>ORDER ON MOTION FOR LEAVE TO FILE AMENDED COMPLAINT |

The Court, having received and reviewed:

1. Plaintiff's Motion for Leave to File Amended Complaint (Dkt. No. 74),

2. Defendant University of Washington's Response to Plaintiff's Motion for Leave to File Amended Complaint (Dkt. No. 75),

3. Plaintiff's Reply in Support of Motion for Leave to File Amended Complaint (Dkt. No. 77),

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

IT IS ORDERED that the motion is GRANTED IN PART and DENIED IN PART.

1  Plaintiff will be permitted to file her amended complaint as proposed with the exception
2  of the allegations and claims concerning the acts of counsel (and counsel's staff) for the
3  Defendant University of Washington. Ms. Freeman, Mr. Chen, and Ms. Walker may not be
4  added as defendants in the amended pleading.
5  IT IS FURTHER ORDERED that Plaintiff file her First Amended Complaint (revised as
6  per this order) by no later than **April 13, 2018.**

### Discussion

8  Counsel was appointed to represent Plaintiff on January 19, 2018. (Dkt. No. 67.) One of
9  new-appointed counsel's first acts was to submit a motion for leave to file an amended
10 complaint. The proposed amended complaint (1) eliminates claims related to Plaintiffs' pre-
11 2003 employment, as well as claims under FERPA, FOIA and the Public Records Act and claims
12 for defamation, libel and RCW 40.14 privacy; (2) re-alleges Plaintiff's breach of contract claim;
13 and (3) adds new claims against nineteen new parties, including four named University of
14 Washington ("UW") employees, twelve unidentified UW employees, three litigation
15 attorneys/staff, and a claim for punitive damages. (Dkt. No. 74-1.)
16 Defendant UW opposes the addition of both the new claims and the new parties. As
17 regards all claims and parties except those related to the litigation attorneys and their staff, the
18 Court is satisfied that the amended complaint is timely, not unduly prejudicial and is being
19 brought in good faith. Plaintiff will be permitted to file an amended complaint as to those claims
20 and parties.
21 The Court agrees with Defendant, however, that litigation counsel and their staff are
22 entitled to absolute immunity and are not properly added as defendants to this action. There is
23 longstanding precedent for the absolute immunity of attorneys and any personnel "who perform
24

official functions in the judicial process" from § 1983 liability.  Briscoe v. LaHue, 460 U.S. 325, 334 (1983).  Plaintiff attempts to fit her claims against UW's counsel and their staff into an exception carved out for the performance of "administrative duties."  Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).  The Court is not persuaded.

While defense counsel described the publication of the information which forms the basis of Plaintiff's claim against UW's counsel and staff as "an inadvertent administrative error" (Dkt. No. 76, Decl. of Freeman at ¶ 9), that does not convert the production of evidence in the course of litigation into an "administrative duty."  It is part and parcel of the performance of "official duties in the judicial process" and as such is entitled to the absolute immunity which is accorded counsel (and their staff) in this process.

Plaintiff is directed to file an amended complaint, revised in accordance with this order, no later than **April 13, 2018**.

The clerk is ordered to provide copies of this order to all counsel.

Dated: April 6, 2018.

*[signature]*

The Honorable Marsha J. Pechman
United States Senior District Court Judge