The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

JULIE DALESSIO, an individual,

Plaintiff,

v.

UNIVERSITY OF WASHINGTON, a
Washington Public Corporation; Eliza
Saunders, Director of the Office of Public
Records, in her personal and official
capacity; Alison Swenson, Compliance
Analyst, in her personal capacity; Perry
Tapper, Public Records Compliance
Officer, in his personal capacity; Andrew
Palmer, Compliance Analyst, in his
personal capacity; ~~Jayne Freeman, a
Special Assistant Attorney General, in her
personal and official capacity; Derek Chen,
an attorney working under the Special
Assistant Attorney General, in his personal
and official capacity; LaHoma Walker, a
Legal Assistant working under Special
Assistant Attorney General, in her personal
and official capacity~~; John or Jane Does 1-
12, in his or her personal capacity,

Defendants.

No.  2:17-cv-00642-MJP

**First Amended Complaint**

**Jury Trial Requested**

Plaintiff Julie Dalessio alleges for her Complaint against collectively the Defendants on

personal knowledge as to her own activities, and to information and belief as to the activities of

others, as follows:

First Amended Complaint

Case 2:17-cv-00642

1

## I. Introduction

1.   Pursuant to 42 U.S.C § 1983, Plaintiff alleges the deprivation of rights guaranteed to her by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.  She seeks declaratory relief, equitable relief, damages, attorney's fees and litigation expenses/costs.

## II. Jurisdiction

2.  This case arises under the United States and Washington Constitutions and 42 U.S.C. §1983.

3.  This court has jurisdiction by virtue of 28 U.S.C. §§ 1331, 1343, 1443 and 1446. Further this Court has jurisdiction to issue declaratory relief under 28 U.S.C. §§ 2201 and 2202. This Court has supplemental or pendant jurisdiction over Washington State claims made under 28 U.S.C. § 1367(a) and in particular Washington State claims made against the University of Washington.  The University of Washington has consented to federal court jurisdiction for purposes of considering the issues of common law privacy violations, breach of contract, libel, civil rights violations, and injunctive relief raised in this action.

4.  Venue is proper in this Court under 28 U.S.C § 1391(b)(2) because the University of Washington maintains all or substantially all of the records at issue in Seattle Washington, or because Seattle is where the decision was made to wrongfully produce the records at issue.

## III. Parties

5.  Plaintiff Julie Dalessio ("**Dalessio**"), is a former a former classified staff employee of the University of Washington, and at all relevant times a resident of the state of Washington.

6.  Defendant University of Washington ("**UW**") is a Washington public corporation.

7.  Defendant Eliza Saunders ("**Saunders**"), is an individual UW official serving as a Director of the Office of Public Records at the UW's Office of Public Records and Open Public Meetings.  Defendant Saunders is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in her personal and official capacities.  In all of her actions and omissions alleged herein, Defendant Saunders was acting under the color of state law.

8.  Defendant Perry Tapper ("**Tapper**"), is an individual UW official serving as a Public Records Compliance Officer at the UW's Office of Public Records and Open Public Meetings.

Defendant Tapper is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in his personal capacity. In all of his actions and omissions alleged herein, Defendant Tapper was acting under the color of state law.

9. Defendant Andrew Palmer ("**Palmer**"), is an individual UW official serving as a Compliance Analyst at the UW's Office of Public Records and Open Public Meetings. Defendant Palmer is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in his personal capacity. In all of his actions and omissions alleged herein, Defendant Palmer was acting under the color of state law.

10. Defendant Alison Swenson ("**Swenson**") is an individual UW official serving as a Compliance Analyst at the UW's Office of Public Records and Open Public Meetings. Defendant Swenson is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in her personal capacity. In all of her actions and omissions alleged herein, Defendant Swenson was acting under the color of state law.

11. **[Stricken]** ~~Defendant Jayne Freeman ("**Freeman**") is an individual contracted Special Assistant Attorney General with the Office of the Washington State Attorney General to provide legal services to Defendant UW. Defendant Freeman is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in her personal capacity. In all of her actions and omissions alleged herein, Defendant Freeman was acting under the color of state law.~~

12. **[Stricken]** ~~Defendant Derek Chen ("**Chen**") is an individual attorney working under the Special Assistant Attorney General with the Office of the Washington State Attorney General to provide legal services to Defendant UW. Defendant Chen is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in his personal capacity. In all of his actions and omissions alleged herein, Defendant Chen was acting under the color of state law.~~

13. **[Stricken]** ~~Defendant LaHoma Walker ("**Walker**") is an individual legal assistant working under the Special Assistant Attorney General with the Office of the Washington State Attorney General to provide legal services to Defendant UW. Defendant Walker is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in her personal capacity. In all of his actions and omissions alleged herein, Defendant Walker was acting under the color of state law.~~

First Amended Complaint
Case 2:17-cv-00642
3
Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

14. Defendant John or Jane Doe 1 ("**Doe 1**") is believed to be an individual UW official serving at the UW's Department of Laboratory Medicine. Defendant Doe 1 is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in his/her personal capacity. In all of his/her actions and omissions alleged herein, Defendant Doe 1 was acting under the color of state law.

15. Defendant John or Jane Doe 2 ("**Doe 2**") is believed to be an individual UW official serving at the UW's Department of Laboratory Medicine. Defendant Doe 2 is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in his/her personal capacity. In all of his/her actions and omissions alleged herein, Defendant Doe 2 was acting under the color of state law.

16. Defendant John or Jane Doe 3 ("**Doe 3**") is believed to be an individual UW official serving at the UW's Department of Human Resources for the Upper Campus. Defendant Doe 3 is a "person" as that term is used in 42 U.S.C. § 1983 and is sued in being his/her personal capacity. In all of his/her actions and omissions alleged herein, Defendant Doe 3 was acting under the color of state law.

17. Defendant John or Jane Doe 4 ("**Doe 4**") is believed to be an individual UW official serving at the UW's Department of Human Resources of UW Medicine. Defendant Doe 4 is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in his/her personal capacity. In all of his/her actions and omissions alleged herein, Defendant Doe 4 was acting under the color of state law.

18. Defendant John or Jane Doe 5 ("**Doe 5**") is believed to be an individual UW official serving at the UW's Department of Human Resources of UW Medicine. Defendant Doe 5 is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in his/her personal capacity. In all of his/her actions and omissions alleged herein, Defendant Doe 5 was acting under the color of state law.

19. Defendant John or Jane Doe 6 ("**Doe 6**") is believed to be an individual UW official serving at the UW's Department of Payroll Services. Defendant Doe 6 is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in his/her personal capacity. In all of his/her actions and omissions alleged herein, Defendant Doe 6 was acting under the color of state law.

20. Defendant John or Jane Doe 7 ("**Doe 7**") is believed to be an individual UW official

serving at the UW's Office of Finance and Administration. Defendant Doe 7 is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in his/her personal capacity. In all of his/her actions and omissions alleged herein, Defendant Doe 7 was acting under the color of state law.

21. Defendant John or Jane Doe 8 ("**Doe 8**") is believed to be an individual UW official serving at the UW's Office of Records Management Services. Defendant Doe 8 is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in his/her personal capacity. In all of his/her actions and omissions alleged herein, Defendant Doe 8 was acting under the color of state law.

22. Defendant John or Jane Doe 9 ("**Doe 9**") is believed to be an individual UW official serving at the UW's Department of Legal and Business Affairs of UW Medicine. Defendant Doe 9 is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in his/her personal capacity. In all of his/her actions and omissions alleged herein, Defendant Doe 8 was acting under the color of state law.

23. Defendant John or Jane Doe 10 ("**Doe 10**") is believed to be an individual UW official serving at the UW's Office of Chief Health System Officer of UW Medicine. Defendant Doe 10 is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in his/her personal capacity. In all of his/her actions and omissions alleged herein, Defendant Doe 10 was acting under the color of state law.

24. Defendant John or Jane Doe 11 ("**Doe 11**") is believed to be an individual UW official serving at the UW's Department of Records and Management Services at UW Medicine. Defendant Doe 11 is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in his/her personal capacity. In all of his/her actions and omissions alleged herein, Defendant Doe 11 was acting under the color of state law.

25. Defendant John or Jane Doe 12 ("**Doe 12**") is believed to be an individual UW official serving at the UW's Office of Disability Services. Defendant Doe 12 is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in his/her personal capacity. In all of his/her actions and omissions alleged herein, Defendant Doe 12 was acting under the color of state law.

First Amended Complaint
Case 2:17-cv-00642

5

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1

## IV.  Facts

2      26.  Defendant UW's Office of Public Records and Open Public Meetings oversees UW's

3  compliance with the Washington Public Records Act, RCW 42.56.001, *et. seq.* ("**PRA**").

4      27.  David Betz ("**Betz**") is an individual who from 2005-16 lived in an adjacent property

5  to Dalessio.

6      28.  In May 2015, Betz sued Dalessio in King County Superior Court claiming that when

7  Dalessio built a fence, it was on Betz's property.  The case number is 15-2-17152-9.

8      29.  On September 16, 2015, while litigation was still on-going, Betz made a request

9  under the PRA to Defendant UW for "all records maintained by the University of Washington

10  relating or pertaining to Julie Dalessio." In making the PRA request, Betz used Dalessio's student

11  email address, jdaless@u.washington.edu, as a tool to identify Dalessio.  Dalessio received the

12  email address, jdaless@u.washington.edu, while she was a student at UW obtaining her Master's

13  Degree in Laboratory Medicine.

14      30.  On November 10, 2015, Defendant Swenson responded to Betz's request made under

15  the PRA and verified that for this installment of documents "the appropriate redactions" were

16  made according to the PRA. The bases for the redactions are: FERPA Student Privacy 20 U.S.C.

17  § 1232; RCW 42.56.050 Invasion of Privacy; RCW 42.56.070(1) Other Statute; RCW

18  42.56.230(3) Employee Privacy; RCW 42.56.230(3) Taxpayer Information; RCW 42.56.230(3)

19  Employee Information.

20      31.  On December 04, 2015, Defendant Swenson responded to Betz's request made under

21  the PRA and again verified that for this second and final installment of documents "made the

22  appropriate redactions and/or exemptions" according to the PRA.  The bases for the redactions or

23  exemptions, according to Defendant Swenson are the following: FERPA Student Privacy 20

24  U.S.C. § 1232; HIPAA 40 C.F.R. Part 160, 164; RCW 42.56.050 Invasion of Privacy; RCW

25  42.56.070(1) Other Statute; RCW 42.56.230(3) Employee Privacy; RCW 42.56.230(3) Employee

26  Performance Evaluation; RCW 42.56.230(3) Taxpayer Information; RCW 42.56.250(2)

27  Employment Application; RCW 42.56.230(3) Employee Information; RCW 70.02.020 Medical

28  Records.

32.  On or around March 22, 2016, Betz revealed in discovery that he had obtained records from Defendant UW that he planned to use as evidence against Ms. Dalessio in his adverse possession lawsuit.  When filed with the King County Superior Court these documents would become public record that Dalessio would have no control over.

33. When Dalessio learned of Betz's PRA request, she immediately became concerned for the security of her private information held by Defendant UW, and consequently made her own PRA request to Defendant UW for a copy of the records that Betz received from his PRA request. Dalessio's request was designated as PR-2016-00218 by Defendant UW.

34.  On or around April 10, 2016, Dalessio received a disc containing PR-2016-00218, records responsive to her "public records request for a copy of the records released for PR 2015-00570."

35.  From the documentation provided, it appears that Defendant Swenson produced the records to both PRA requests:  Dalessio's PRA request PR-2016-00218; Betz's PRA request PR 2015-00570.

36.  In response to Dalessio's PRA request number PR-2016-00218, in relevant part, Defendant Swenson produced the following private, confidential, personal information about Dalessio to Betz: Dalessio's social security number; Dalessio's date of birth, Dalessio's place of birth; Dalessio's personal home address; Dalessio's personal phone number; Dalessio's personal email address; Dalessio's employee identification number; Dalessio's payroll records; Dalessio's protected health information under both federal laws the Health Insurance Portability and Accountability Act ("HIPAA"), and the Americans with Disabilities Act ("ADA"); Dalessio's requests for accommodation under the ADA; comments by other employees about Dalessio's disabilities; Dalessio's employee job classification and salary and benefits information; Dalessio's employment security records; Dalessio's job performance evaluations and allegations related to alleged misconduct; Dalessio's work and leave records; Dalessio's previous legal surnames; Dalessio's signature. These records are personally identifiable, private and confidential which could lead to identity theft.

37.  On April 17, 2016, out of fear that her private, confidential, personal information was

1  unlawfully being disclosed to known and unknown third parties Dalessio contacted Defendant

2  Swenson by email and Defendant UW's Office of Public Records by United States Postal Service

3  alerting them that Betz "was given confidential information, including my social security number

4  and date of birth along with the other health and personnel related, confidential, exempt

5  information."

6      38.  On April 27, 2016, Dalessio did receive a response from Defendant Swenson which

7  only attached Betz's original request, PR 2015-00570, and did not address Dalessio's stated

8  concerns about her private confidential information.

9      39.  A request summary report, generated on April 10, 2017, appears to identify persons

10  employed by Defendant UW who searched for and transmitted documents to Defendant UW's

11  Office of Public Records and Open Public Meetings that were produced in response to request PR

12  2015-00570 submitted by Betz.  The request summary report identifies Defendant UW employees

13  who helped fulfill request PR 2015-00570.  It believed that the persons who were involved in

14  assisting Defendant UW's Office of Public Records and Public Meetings Act: Doe 1; Doe 2; Doe

15  3; Doe 4; Doe 5; Doe 6; Doe 7; Doe 8; Doe 9; Doe 10; Doe 11; Doe 12.

16      40.  It is under personal belief that Defendant Tapper approved Defendant Swenson's

17  production of documents before it was released to either Betz or Dalessio through requests PR-

18  2016-00218 and PR 2015-00570.  The belief is based upon the fact that the initial "PMT"

19  appeared on the request summary report for PR 2015-00570, and also because Defendant

20  Swenson identified Defendant Tapper as her Supervisor at the time the requests were made.

21      41.  On May 20, 2016, Dalessio made a telephone call to Defendant UW's Office of

22  Public Records and Open Public Meetings and spoke with Defendant Tapper following-up on

23  Dalessio's April 17, 2016 communications to Defendant Swenson and Defendant UW that went

24  unanswered about Dalessio's private and confidential information unlawfully being disclosed via

25  the Public Records Act.  Defendant Tapper Dalessio did not respond to Dalessio's concern

26  directly, but stated Defendant UW's Office of Public Records and Open Public Meetings does not

27  respond to requests for information.  Further, Defendant Tapper made Dalessio believe that the

28  only way she could receive a response from Defendant UW's Office of Public Records and Open

1    Public Meetings would be to submit a PRA request.

2        42. It is under belief that Defendant Saunders acted as the Director of the UW Office of

3    Public Records And Open Meetings throughout these occurrences.  It is believed she was

4    instrumental in the oversight and implementation of relevant Public Records Act disclosures.

5        43.  On October 14, 2016, Dalessio made a telephone call to Defendant UW's Office of

6    Ombudsman speaking to Ombud Chuck Sloane ("**Sloane**").  Dalessio conveyed to Sloane her

7    fears about her private and confidential information unlawfully being disclosed via PRA requests.

8    Sloane referred Dalessio to the Office of the Attorney General – University of Washington and

9    Washington Department of Enterprise Services.  Defendant UW has its own division of the

10   Washington Department of Enterprise Services known as UW Department of Risk Services.

11       44.  On October 21, 2016, Dalessio filed claims with both Defendant UW Department of

12   Risk Services, and Washington Department of Enterprise Services.  The claims gave legal notice

13   to both entities that Dalessio was legally wronged by Defendant UW's production of documents

14   under the PRA to Betz's request because of: privacy violations, reputation injured, and claimed

15   actual damages including mental pain and suffering, and breach of contract.  Dalessio made both

16   of these notices of claims pursuant to RCW 4.92.100.

17       45.  On or about October 2016, Dalessio contacted Office of the Attorney General at the

18   University of Washington and spoke with Assistant Attorney General Rob Kosin ("**Kosin**").

19   Kosin told Dalessio that there was nothing he could do.

20       46.  On personal belief, Dalessio feared many departments within Defendant UW were

21   disclosing or could possibly disclose Dalessio's personal, private information, based upon the

22   unlawful PRA disclosure to Betz.

23       47.  On November 09, 2016, Dalessio submitted a PRA request to Defendant UW's Office

24   of Public Records and Open Public Meetings.  Defendant UW designated this request as PR-

25   2016-00760.  This request sought "a digital copy of [Dalessio's] departmental personnel file,

26   along with any other computer or paper files that might contain records of inquiries concerning

27   [Dalessio's] employment at the UW since [Dalessio's] resignation in 2003. [Dalessio] is also

28   requesting any other records of departmental communications, concerning [Dalessio's]

employment with the UW, including phone logs, calendars, and emails exchanged with human resources, former supervisor Rhoda Ashley Morrow or others concerning [Dalessio]." Dalessio also asked UW to contact her if it needed clarification about the scope or meaning of her request.

48.  On February 02, 2017, Defendant UW denied Dalessio's October 21, 2016 notice of claim.

49.  On or about February 2017, Dalessio received the final of two installments of documents responsive to her request PR-2016-00760.  Defendant Palmer was the person who produced both installments of records to Dalessio.  It believed that the persons involved in assisting Defendant UW's Office of Public Records and Public Meetings Act include: Doe 1; Doe 2; Doe 3; Doe 4; Doe 5; Doe 6; Doe 7; Doe 8; Doe 9; Doe 10; Doe 11; Doe 12.

50.  In response to Dalessio's PRA request number PR-2016-00760, in relevant part, Defendant Palmer produced the following private, confidential, personal information about Dalessio: Dalessio's social security number; Dalessio's date of birth, Dalessio's place of birth; Dalessio's personal home address; Dalessio's personal phone number; Dalessio's personal email address; Dalessio's employee identification number; Dalessio's payroll records; Dalessio's protected health information under both federal laws the Health Insurance Portability and Accountability Act ("HIPAA"), and the Americans with Disabilities Act ("ADA"); Dalessio's requests for accommodations under the ADA; comments by other employees about Dalessio's disabilities; Dalessio's employee job classification and salary and benefits information; Dalessio's employment security records; Dalessio's job performance evaluations and allegations related to alleged misconduct; Dalessio's work and leave records; Dalessio's previous legal surnames; Dalessio's signature; thirty-seven (37) copies of letters supposed to be taken out of Dalessio's file pursuant to the 2003 settlement agreement between Defendant UW and Dalessio; Dalessio's cognitive job analysis; Dalessio's psychiatric notes; intimate personal information about Dalessio's home life; a document wrongfully implying Dalessio taking medications to combat a disease. These records are personally identifiable, private and confidential which could lead to identity theft.

51.  Some of the medical information produced in response to PRA request PR-2016-

First Amended Complaint
Case 2:17-cv-00642

10

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1   00760 was, at the time, unknown to even Dalessio herself.  Dalesssio only learned of some of this

2   medical information through the production of documents to PR-2016-00760.

3   52. The "Request Summary Report" associated with PR 2016-00760 [Dkt. 42] indicates

4   1431 pages of documents were withheld from the documents provided to Dalessio in this PRA

5   request, even though this PR 2016-00760 did not include any indication that any other documents

6   were withheld, or descriptions of documents withheld, as required under the PRA.

7   53.  On March 28, 2017, Dalessio filed this current action in King County Superior Court,

8   as case number 17-2-07812-3 SEA.

9   54. **[Stricken]** ~~On April 10, 2017, Defendant Freeman filed a notice of appearance in~~

10  ~~King County Superior Court as attorney of record for Defendant UW.~~

11  55.  On April 24, 2017, Defendant UW filed a notice of removal of this case to United

12  States District Court for the Western District of Washington and consented to jurisdiction over all

13  the claims in this action.

14  56. **[Stricken]** ~~On May 25, 2017, Dalessio had a joint telephonic conference with~~

15  ~~Defendant Freeman and Defendant Chen regarding this current action, in the United States~~

16  ~~District Court for the Western District of Washington.  In this telephonic conference Dalessio~~

17  ~~expressed serious concern about the safety and security of her private information while~~

18  ~~presenting evidence to this Court about the claims listed in the original complaint.  Dalessio~~

19  ~~suggested that both parties use descriptions of her private and confidential information, in~~

20  ~~accordance with the Federal Rules of Evidence, rather than filing the complete unredacted~~

21  ~~documents.  Defendant Freeman told Dalessio that she would have to think about how Dalessio's~~

22  ~~private and confidential information would be filed and presented to this Court.~~

23  57. **[Stricken]** ~~On or about May 25, 2017, Dalessio served requests for admissions to~~

24  ~~Defendant Freeman, pursuant to Rule 36 of the Federal Rules of Civil Procedure, asking~~

25  ~~Defendant UW to admit to descriptions of information contained in the public records produced~~

26  ~~by Defendant UW.~~

27  58.  **[Stricken]** ~~Defendant UW made objections to each and every request for admission~~

28  ~~that Dalessio made.~~

First Amended Complaint

Case 2:17-cv-00642

11

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

59. **[Stricken]** ~~At no time did either Defendant Freeman or Defendant Chen follow up with Ms. Dalessio to try to find a strategy of how to submit the evidence to the Court, while protecting Dalessio's private and confidential information.~~

60. **[Stricken]** ~~On August 24, 2017 Defendant UW filed a motion summary judgment in this action, through its attorney of record Defendant Freeman. Defendant Freeman signed the motion for summary judgment.~~

61. **[Stricken]** ~~Through PACER CM/ECF system, Dalessio received the summary judgment in her email at 10:00 AM on August 24, 2017.~~

62. **[Stricken]** ~~On August 24, 2017, courts documents indicate Defendant Freeman entered the Declaration of Alison Swenson into PACER CM/ECF system at 10:13 AM. Dalessio's email Notice of Electronic Filing states the document was filed at 10:13 AM.~~

63. **[Stricken]** ~~There are multiple facts that indicate Defendant Freeman entered Defendant Swenson's Declaration into PACER CM/ECF system. First, Defendant Swenson's Declaration is not signed by either Defendant Freeman, Defendant Chen, or any attorney. Second, the caption for the Defendant Swenson's Declaration states it is "in support of Defendant's Motion for Summary Judgment." Third, the Notice of Electronic Filing for Defendant Swenson's Declaration states that the transaction was "entered by Freeman, Jayne."~~

64. **[Stricken]** ~~Defendant Chen's Declaration in Docket 40 of this lawsuit states: "Counsel for Defendant then made additional redactions using black boxes for purposes of filing the subject documents in court, some of which had writing describing what was underneath the redaction, pursuant to WDLC 5.2(a)."~~

65. Defendant Swenson's Declaration and exhibits states that attached to it is Betz's PRA request numbered PR 2015-00570. According to the Declaration Defendant Swenson made on redaction, prior to the electronic filing with the Court, but it is incomprehensible what was redacted. Defendant Swenson and whomever filed the declaration with the court left most if not all of Dalessio's private and confidential information, open and available to the public including: Dalessio's social security number; Dalessio's date of birth, Dalessio's place of birth; Dalessio's personal home address; Dalessio's personal phone number; Dalessio's personal email address;

First Amended Complaint
Case 2:17-cv-00642
12
Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

Dalessio's employee identification number; Dalessio's payroll records; Dalessio's protected

health information under both federal laws the Health Insurance Portability and Accountability

Act ("HIPAA"), and the Americans with Disabilities Act ("ADA"); Dalessio's requests for

accommodation under the ADA; comments by other employees about Dalessio's disabilities;

Dalessio's employee job classification and salary and benefits information; Dalessio's

employment security records; Dalessio's job performance evaluations and allegations related to

alleged misconduct; Dalessio's work and leave records; Dalessio's previous legal surnames;

Dalessio's signature.  These records are personally identifiable, and contain private and

confidential which could lead to identity theft.

66.  Defendant Swenson's Declaration and exhibits, as it was filed with this Court,
violated Local Court Rule 5.2 because it did not fully redact Dalessio's social security number
and date of birth before being entered with the PACER CM/ECF system.

67.  **[Stricken]** ~~On August 27, 2017, Dalessio emailed Ms. Laurie Cuaresma, Courtroom
Deputy to Honorable Judge Martinez, and expressed that Dalessio felt re-violated by the
Defendant Swenson's Declaration and exhibits that "publicly re-disseminat[e] personal,
confidential, and statutorily exempt information including my date of birth, personal uw
student/alumni email, health information etc, as described in my complaint."  Defendants
Freeman, Chen and Walker were carbon copied to this email.~~

68. **[Stricken]** ~~On August 28, 2017, Ms. Cuaresma responded by email and stated that
upon review of the Defendant Swenson's Declaration and exhibits, "one exhibit contains
information that should have been redacted" and was immediately sealed.  Ms. Cuaresma directed
Defendant to re-file the exhibit with the appropriate redactions.~~

69.  **[Stricken]** ~~On August 29, 2017, Dalessio for the second time emailed Ms. Cuaresma,
to express a separate exhibit contained her unredacted date of birth.  Defendants Freeman, Chen
and Walker were carbon copied to this email.~~

70. **[Stricken]** ~~On August 30, 2017, Ms. Cuaresma responded by email for the second
time and stated that upon further review, "the Court had identified several pages that still
contained Ms. Dalessio's social security number, as well as her date of birth," which immediately~~

First Amended Complaint
Case 2:17-cv-00642
13
Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1   ~~sealed.~~

2   71. **[Stricken]** ~~On August 30, 2017, Dalessio emailed Defendants Freeman, Chen and~~

3   ~~Walker and asked to discuss how to file these records under seal pursuant to Local Court Rule~~

4   ~~5(g).~~

5   72. **[Partially Stricken]** On September 01, 2017, ~~Defendant Freeman again~~ entered

6   Swenson's Exhibit A containing the entire contents of PR 2015-00570 into the CM/ECF system

7   as Dkts. 32, 33, 34. This disclosure ~~by Defendant Freeman~~, in relevant part, disclosed to the

8   public the following private, confidential, personal information about Dalessio: Dalessio's place

9   of birth; Dalessio's personal home address; Dalessio's personal phone number; Dalessio's

10  personal email address; Dalessio's employee identification number; Dalessio's payroll records;

11  Dalessio's protected health information under both federal laws the Health Insurance Portability

12  and Accountability Act ("HIPAA"), and the Americans with Disabilities Act ("ADA");

13  Dalessio's requests for accommodation under the ADA; comments by other employees about

14  Dalessio's disabilities; Dalessio's employee job classification and salary and benefits

15  information; Dalessio's employment security records; Dalessio's job performance evaluations and

16  allegations related to alleged misconduct; Dalessio's work and leave records; Dalessio's previous

17  legal surnames; Dalessio's signature.  These records are personally identifiable, private and

18  confidential which could lead to identity theft.

19  73. **[Stricken]** ~~Defendants Freeman, Chen and Walker never responded to Dalessio's~~

20  ~~request to discuss how to file the records under seal pursuant to Local Court Rule 5(g).~~

21  74.  On September 05, 2018, Dalessio filed a Motion to Seal exhibits from Defendant

22  Swenson's Declaration that contained Dalessio's private and confidential information.  The Court

23  subsequently sealed several of the exhibits in their entirety.

24  75. Dalessio has suffered economically, physically and emotionally from these

25  disclosures.  Furthermore, since this information was made public she may suffer harm at any

26  time in the future because of this harm.

27  76.  Economically, Dalessio has been harmed by the disclosure of her private and

28  confidential information because the disclosure of her private and confidential information.  First,

1    Dalessio had to pay an attorney King County Superior Court case number 15-2-17152-9, against

2    Betz, to review Dalessio's PRA request PR-2016-00218; Betz's PRA request PR 2015-00570.

3    Second, Dalessio paid the attorney to perform a legal analysis of the laws governing private and

4    confidential information to determine if she was legally harmed by this disclosure.  Third,

5    Dalessio had to pay the attorney in case King County Superior Court case number 15-2-17152-9

6    to make legal filings to protect her private and confidential information from becoming part or the

7    public court record.  Fourth, Dalessio has had to pay for legal consultation fees in connection with

8    the disclosure her private and confidential information.  Fifth, Dalessio has had to pay court costs

9    associated with this present action.  All of these costs were incurred in Dalessio trying to remove

10   her private and confidential information from the public record.

11           77.  Physically, Dalessio has been harmed by the disclosure of her private and confidential

12   information because she is allergic to plastics.  Contact with any type of plastics results in

13   inflammation and lasting pain.  Because of these disclosures, Dalessio has had to use the

14   telephone to make phone calls, computers to write letters, a printer to print documents, among

15   other types of plastics, all to try to remove her private and confidential information from the

16   public record, in amounts to be determined by jury at trial.

17           78.  Emotionally, Dalessio has been harmed by the disclosure of her private and

18   confidential information.  Dalessio has suffered from sleep disturbances, agitation, traumatic

19   stress, lack of appetite, sadness, embarrassment, worry, humiliation, in amounts to be determined

20   by the jury at trial.

21           79.  The University of Washington has a pattern and practice of disclosing private and

22   confidential information in the disclosure of documents in response to PRA requests.

23           80.  Dalessio, herself, has received documents under the PRA, from other requests she

24   made, which contain private and confidential information about third parties:  PR 2017-00357;

25   PR 2017-00358; PR 2017-00359; PR 2017-00822; PR 2017-00803; PR 2017-00836; PR 2017-

26   00738; PR 2017-00737.

27           81. Records produced by Defendant UW to Dalessio for PRA request PR 2017-00357, in

28   relevant part contains, a current UW Virology employee's work location, payroll records, work

and leave records, Date of birth, place of birth, employee identification number, personal phone number, W4 information, signature, retirement and insurance information, employee job classification and salary information, email regarding lack of qualifications for job, documents clearly marked as "confidential."  These records are personally identifiable, private and confidential which could lead to identity theft.  The included inventory of documents withheld includes performance evaluations and application materials.  It is under belief, that Lynn O'Shea who is a UW official serving as a Compliance Analyst at the UW's Office of Public Records and Open Public Meetings participated in the disclosure of these records.

82.  Records produced by Defendant UW to Dalessio for PRA request PR 2017-00358, in relevant part, contains a current UW Virology employee's work location, employee identification number, payroll records, work and leave records, Date of birth, place of birth, disability status, Investment program enrollment, retirement information, Declaration of marriage/Same Sex Domestic Partnership, dependent daughter, Long Term Disability Insurance Enrollment, height, weight, signature, immigrant status, "Affirmative Action Data" race, origin, physical, sensory, mental impairment, veteran status, test scores, test questions, on the job accident reports, INS I-94 departure record, admission #, INS employee authorization (expired), Family Medical Leave documentation, documents clearly marked as "confidential."  These records are personally identifiable, private and confidential which could lead to identity theft.  This PR also contained a document relating to a "request for criminal conviction record information from the Washington State Patrol" "pursuant to the Child/Adult Abuse Information Act."  This PR did not contain any listing of any documents withheld.  It is under belief, that Lynn O'Shea who is a UW official serving as a Compliance Analyst at the UW's Office of Public Records and Open Public Meetings, participated this PRA request.

83.  Records produced by Defendant UW to Dalessio for PRA request PR 2017-00359, in relevant part contains documents produced to this request ten (10) current or former UW employees that appear to be clients of the UW Disability Service Office. The produced records, in relevant part, identify: locations, employee identification numbers, job classification and salary information, payroll records, work and leave records, FMLA documentation, Retirement pension

First Amended Complaint
Case 2:17-cv-00642

16

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

benefits information, signatures, Date of birth, place of birth, disability status, protected health information under both federal laws the Health Insurance Portability and Accountability Act ("HIPAA"), and the Americans with Disabilities Act ("ADA") and RCW 51.28.070 "Information contained in the claim files and records of injured workers," tobacco use, Insurance claim numbers, Insurance policy numbers, medical and dental plan information, signatures, spouse's name, date of marriage, number of dependents, birth certificates, form 1040, employee evaluations, personal email addresses, requests for accommodation under the ADA; comments by other employees about disabilities; medical testing results, documents clearly marked as "confidential."  It is under belief, that Lynn O'Shea who is a UW official serving as a Compliance Analyst at the UW's Office of Public Records and Open Public Meetings, participated this PRA request.

84. Records produced by Defendant UW to Dalessio for PRA request PR 2017-00822, in relevant part contains documents produced to this request four (4) former UW Virology employees. The produced records, in relevant part, identify: employee identification numbers, dates of birth, places of birth, previous surnames, race, ethnicity, disability handicap status, veteran status, work and leave records and FMLA records, classification and salary records, pension benefit records, payroll records, personal phone numbers, protected health information under both federal laws the Health Insurance Portability and Accountability Act ("HIPAA"), and the Americans with Disabilities Act ("ADA") and RCW 51.28.070 "Information contained in the claim files and records of injured workers," student identification numbers, performance evaluations, workplace accident reports, insurance information, tobacco use, marital status, height, weight. It is under belief, that Lynn O'Shea who is a UW official serving as a Compliance Analyst at the UW's Office of Public Records and Open Public Meetings, participated this PRA request.

85.  Records produced by Defendant UW to Dalessio for PRA request PR 2017-00803, in relevant part contains, personal residential address, personal cell phone number, personal email address.  These records are personally identifiable, private and confidential which indicates safety and privacy concerns, and could lead to identity theft.  It is under belief, that Meg McGough who

is a UW official serving as a Compliance Officer at the UW's Office of Public Records and Open

Public Meetings, participated this PRA request.

86.  Records produced by Defendant UW to Dalessio for PRA request PR 2017-00836, in

relevant part contains, employee ID number, personal residential address, personal phone number,

date of birth, place of birth, personal biography, curriculum vitae, personal email address, student

email address, salary and benefits information, application materials, performance evaluation,

personal emails, disparaging emails, Homeland Security employment eligibility verification (date

of birth, citizenship, signature), passport, bank information, documents clearly marked as

"confidential" or "disclosure prohibited." These records are personally identifiable, private and

confidential which could lead to identity theft.  It is under belief, that Meg McGough who is a

UW official serving as a Compliance Officer at the UW's Office of Public Records and Open

Public Meetings, participated this PRA request.

87.  Records produced by Defendant UW to Dalessio for PRA request PR 2017-00738, in

relevant part, contains social security number, dates of birth, personal residential address,

employee identification number, payroll records, insurance, retirement benefit information,

personal email addresses, employment security information, documents clearly marked as

"confidential," protected health information under both federal laws the Health Insurance

Portability and Accountability Act ("HIPAA"), and the Americans with Disabilities Act

("ADA"), L & I claim number, letters implying improper use of controlled substances or other

alleged misconduct,  many invalid waivers, and financial information.  These records are

personally identifiable, private and confidential which could lead to stigmatization and/or identity

theft.  It is under belief, that Meg McGough who is a UW official serving as a Compliance

Officer at the UW's Office of Public Records and Open Public Meetings, participated this PRA

request.

88.  PR 2017-00737, in relevant part contains, an "Internal Audit Memorandum" written

by Defendant UW, and dated March 2, 2004.  The contents of the memo concern violations of the

Fair Labor Standards Act 29 CFR 791.2 by Defendant UW, with a December 18, 2002 fax

attached containing a July 15, 1997 letter to Dalessio regarding payment for work outside of her

First Amended Complaint
Case 2:17-cv-00642

18

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

job classification.  Dalessio's personal information is the only personally identifiable information not redacted in the memo.  These records are personally identifiable, private and confidential which could lead to identity theft.  It is under belief, that Kathleen Burns who is a UW official serving as a Compliance Analyst at the UW's Office of Public Records and Open Public Meetings, participated this PRA request.

89.  As a pattern and practice, Defendant UW discloses personally identifiable information through disclosures made pursuant to the Washington Public Records Act.  These disclosures contain private and confidential, which could lead to identity theft and safety concerns.

90.  It is under belief, that multiple employees of the UW's of Public Records and Open Public Meetings review each production of documents to ensure compliance with the Washington Public Records Act and applicable laws.

91.  In 2003, Dalessio and Defendant UW signed a Settlement Agreement relating to her employment relationship with UW.

92.  On or about January 08, 2003 the contract was executed by both Dalessio and Defendant UW.

93. Dalessio performed or substantially performed all of the significant things that the settlement agreement required her to do.  Defendant UW has never complained that Dalessio did not satisfy the terms of the 2003 Settlement Agreement.

94.  In a paragraph two (2), of the terms of the 2003 Settlement Agreement, imposed upon UW an affirmative duty to remove certain specified files from Dalessio's "official Personnel Department file and from all Department of Laboratory Medicine files."

95.  In response to PRA request PR 2016-00760, Defendant UW produced the certain specified files that it had a duty to remove from Dalessio's personnel and Laboratory Medicine files, in violation of the 2003 Settlement Agreement.

96.  Dalessio's privacy was harmed because Defendant UW failed to remove the certain specified documents from Dalessio's official Personnel Department file and from all Department of Laboratory Medicine files.

First Amended Complaint

Case 2:17-cv-00642

19

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

97.  Under belief, the certain specified documents produced in response to PRA request PR 2016-00760, unlawfully came from Dalessio's official Personnel Department file and from all Department of Laboratory Medicine files, violating the terms of the 2003 settlement agreement.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983**
**Substantive Due Process:**
**Fourteenth Amendment to the United States Constitution**

**Against Defendants Saunders, Swenson, Tapper, Palmer, Does 1-12**

98.  Plaintiff incorporates by reference paragraphs 1 through 97 as fully set forth herein.

99.  Under the Fourteenth Amendment to the United States Constitution, Dalessio has a protected privacy interest in "avoiding disclosure of personal matters." *In re Crawford,* 194 F. 3d 954, 958 (9th Cir. 1999).

100.  The acts of Defendants were taken under the color of state law.

101. Defendants are legally required to comply with the principle of substantive due process arising out of the Fourteenth Amendments to the United States Constitution.

102.  Substantive Due Process protects an "individua['s]  interest in avoiding disclosure of personal matters." *In re Crawford,* 194 F. 3d 954, 958 (9th Cir. 1999).

103.  Defendants are legally required to comply with Health Information Portability and Accountability Act, 42 U.S.C. § 1320d–6(a)(3) which states violation occurs when a person knowingly "discloses individually identifiable health information to another person."

104.  Pursuant to 45 CFR § 164.512(a) a covered entity may only disclose protected health information "to the extent that such use or disclosure is required by law and the use or disclosure complies with and is limited to the relevant requirements of such law."

105.  Defendants had an obligation to adopt policies, procedures, and safeguards to prevent unauthorized access to Dalessio's medical records, pursuant to 42 U.S.C. § 1320d-6(a)(3) and 45 CFR § 164.512(a).

106.  Defendants are legally required to comply with the Americans With Disabilities Act, 42 U.S.C. § 12112(d)(3)(B) and 42 U.S.C. § 12112(d)(4)(C) requires that medical records be kept separately from nonconfidential information, and that access to confidential files be limited.

First Amended Complaint
Case 2:17-cv-00642
20
Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

Defendants had an obligation to ensure that your medical records remained confidential and were not commingled with other records which then could be produced to unauthorized individuals in response to PRA requests.

107.  Defendants had an obligation to adopt policies, procedures, and safeguards to prevent unauthorized access to Dalessio's medical records, pursuant to 42 U.S.C. § 12112(d)(3)(B) and 42 U.S.C. § 12112(d)(4)(C).

108.  Defendants are legally required to comply with disclosure requirements and exemptions of the Washington Public Records Act ("PRA"), RCW 42.56.001, et. seq. The PRA expressly prohibits the disclosure of: 1. Social security numbers, RCW 42.56.230(3), RCW 42.56.230(5), RCW 42.56.230(7)(a), RCW 42.56.250(4); 2.  Any record used to prove identity, age, residential address, social security number, or other personal information, RCW 42.56.230(7)(a); 3.  Personal information in files maintained for employees, appointees, or elected officials of any public agency to the extent that disclosure would violate their right to privacy, RCW 42.56.230(3).  In addition, the PRA RCW 42.56.070(1) prohibits disclosure of information that is exempted under other statutes, specifically; 1. Information contained in the claim files and records of injured workers, RCW 51.28.070; 2.  Records maintained by the employment security department and subject to chapter 50.13 RCW if provided to another organization for operational, research, or evaluation purposes are exempt from disclosure under this chapter, RCW 42.56.410; 3.  Preliminary drafts, note, recommendations, intra-agency memorandums in which opinions are expressed or policies formulated or recommended RCW 42.56.280; 4.  Health care information, RCW 70.02.

109.  Dalessio had a right to expect that Defendants would comply with the law to protect her private and confidential information from disclosure.  Dalessio has a constitutionally protected right "in avoiding disclosure of personal matters." *In re Crawford,* 194 F. 3d 954, 958 (9th Cir. 1999).

110.  Dalessio had a right not to have her private and confidential information collected in absence of evidence of criminal wrongdoing as a part of her right to privacy and right to be left alone and the liberty interests created by state and federal law, and the principle of substantive

First Amended Complaint
Case 2:17-cv-00642
21
Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

due process found in the Fourteenth Amendment to the United States Constitution.

111.  Defendants also deprived Dalessio of substantive due process by arbitrary and capricious government action which was not rationally related to a legitimate government interest.  Dalessio's liberty rights include deprivation of her reputation, the possibility of identity theft, and her personal safety and security, thereby violating Dalessio's right to due process under the Fourteenth Amendment of the United States Constitution.

112.  Defendants damaged Dalessio's standing in the community and/or imposed the disclosure of her private and confidential information that affects her safety and security, and forecloses her freedom to conduct her private affairs in private and as she sees fit.

113.  As a direct and proximate result of defendants' unlawful acts, Dalessio has suffered economic harm.

114.  As a direct and proximate cause of defendants' unlawful acts, Dalessio has suffered physical harm.

115.  As a direct and proximate result of defendants' unlawful acts, Dalessio has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined at the jury trial.

116. Dalessio seeks equitable relief in the form of having her private and confidential information redacted or destroyed from Defendant UW.

117.  Dalessio seeks equitable relief in the form of Defendant UW providing a complete list of every person(s), business, entity, governmental organization who received a copy of Dalessio's records unlawfully.

118.  Dalessio seeks recovery of all equitable relief, compensatory damages, and punitive damages as provided by law, in addition to reimbursement of her reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927, if appropriate.

119.  Defendants' conduct toward Dalessio demonstrated a wanton, reckless, or callous indifference to the constitutional rights of Dalessio, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

First Amended Complaint
Case 2:17-cv-00642

22

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1

2

3

4

**[Stricken]** ~~SECOND CAUSE OF ACTION~~
~~42 U.S.C. § 1983~~

5

~~Substantive Due Process:~~
~~Fifth and Fourteenth Amendments to the United States Constitution~~

6

~~Against Defendants Freeman, Chen, Walker~~

7      120. **[Stricken]** ~~Plaintiff incorporates by reference paragraphs 1 through 97 as fully set~~

8      ~~forth herein.~~

9      121. **[Stricken]** ~~Under the Fifth and Fourteenth Amendments to the United States~~

10     ~~Constitution, Dalessio has a protected privacy interest in "avoiding disclosure of personal~~

11     ~~matters." *In re Crawford,* 194 F. 3d 954, 958 (9th Cir. 1999).~~

12     122. **[Stricken]** ~~The acts of Defendants were taken under the color of state law.~~

13     123. **[Stricken]** ~~Defendants are legally required to comply with the principle of~~

14     ~~substantive due process arising out of the Fifth and Fourteenth Amendments to the United States~~

15     ~~Constitution.~~

16     124. **[Stricken]** ~~Substantive Due Process protects an "individua['s]  interest in avoiding~~

17     ~~disclosure of personal matters." *In re Crawford,* 194 F. 3d 954, 958 (9th Cir. 1999).~~

18     125. **[Stricken]** ~~Defendants are legally required to comply with Health Information~~

19     ~~Portability and Accountability Act, 42 U.S.C. § 1320d–6(a)(3) which states violation occurs when~~

20     ~~a person knowingly "discloses individually identifiable health information to another person."~~

21     126. **[Stricken]** ~~Pursuant to 45 CFR § 164.512(a) a covered entity may only disclose~~

22     ~~protected health information "to the extent that such use or disclosure is required by law and the~~

23     ~~use or disclosure complies with and is limited to the relevant requirements of such law."~~

24     127.  **[Stricken]** ~~Defendants had an obligation to adopt policies, procedures, and~~

25     ~~safeguards to prevent unauthorized access to Dalessio's medical records, pursuant to 42 U.S.C. §~~

26     ~~1320d–6(a)(3) and 45 CFR § 164.512(a).~~

27     128.  **[Stricken]** ~~Pursuant to 45. CFR § 164.512(a) a covered entity may only disclose~~

28     ~~protected health information, in response to a PRA request, "to the extent that such use or~~

1   disclosure is required by law and the use or disclosure complies with and is limited to the relevant

2   requirements of such law."

3        129. **[Stricken]** The Office of the Washington Attorney General is statutorily mandated to

4   provide legal advice to Defendant UW.

5        130. **[Stricken]** Pursuant to 45 C.F.R. Parts 160 and 164, Defendant UW is a hybrid

6   covered entity and the Office of the Washington Attorney General is a business associate of the

7   University when it provides legal services that require the use or disclosure of private health

8   information. When the Office of the Washington Attorney General, in its role as a business

9   associate, contracts with another lawyer to provide legal services for the University as a Special

10  Assistant Attorney General, the Office of the Washington Attorney General is required to ensure

11  that the Special Assistant Attorney General maintains the security and confidentiality of protected

12  health information.

13       131. **[Stricken]** According to the contract appointing the Special Assistant Attorney

14  General as Defendant Freeman, the Special Assistant Attorney General shall not use or disclose

15  Protected Health Information ("PHI") received from the University or the Office of the

16  Washington Attorney General in any manner that would constitute a violation of federal law, the

17  Health Insurance Portability and Accountability Act of 1996 and any regulations enacted pursuant

18  to its provisions ("HIPAA Standards") and applicable provisions of Washington state law.  The

19  Special Assistant Attorney General shall ensure that its employees, contractors, and agents use or

20  disclose PHI received from, or created or received on behalf of Defendant UW or Office of

21  Washington Attorney General in accordance with the provisions of this Agreement and federal

22  and state law.  The Special Assistant Attorney General shall not use or disclose Private Health

23  Information in any manner other than permitted or required by Defendant UW or the Office of the

24  Washington Attorney General for the purpose of accomplishing services on behalf of Defendant

25  UW or the Office of the Washington Attorney General.

26       132. **[Stricken]** Also, according to the contract appointing the Special Assistant Attorney

27  General as Defendant Freeman, the Special Assistant Attorney General agrees that it will

28  implement all appropriate safeguards to prevent the inappropriate use or disclosure of Private

First Amended Complaint                           24                    Law Office of Joseph Thomas
Case 2:17-cv-00642                                                     14625 SE 176th St., Apt. N101
                                                                       Renton, Washington
                                                                       Phone (206)390-8848

1    Health Information pursuant to the terms and conditions of this Agreement.  To the extent the

2    Special Assistant Attorney General carries out Defendant UW's obligations under HIPAA

3    Privacy, Breach Notifications, Security, and Enforcement Rules and regulations, the Special

4    Assistant Attorney General shall comply with the requirements of such Rules and regulations that

5    apply to Defendant UW in the performance of such obligations.

6         133. **[Stricken]** Defendants are legally required to comply with the court rules when

7    practicing in court.  United States District Court for the Western District of Washington's Local

8    Court Rule 5.2 expressly prohibits the filing of documents in the PACER CM/ECF system

9    without first redacting social security numbers, birth dates and financial accounting information.

10        134. **[Stricken]** Defendants had an obligation to adopt policies, procedures, and

11   safeguards to prevent court filings without the mandatory redactions of social security numbers,

12   birth dates, and financial accounting information in accordance with LCR 5.2.

13        135. **[Stricken]** Dalessio's substantive due process rights were violated when Defendants

14   Freeman, Chen and Walker entered unredacted documents in dockets 30-1, 30-2, 32, 33, 34

15   because these filings made Dalessio's private and confidential information public because

16   documents filed with the PACER CM/ECF system are public documents that are widely

17   available.

18        136. **[Stricken]** Dalessio had a right to expect that Defendants would comply with the law

19   to protect her private and confidential information from disclosure.  Dalessio has a

20   constitutionally protected right "in avoiding disclosure of personal matters."  *In re Crawford,* 194

21   F. 3d 954, 958 (9th Cir. 1999).

22        137. **[Stricken]** Dalessio had a right not to have her private and confidential information

23   collected in absence of evidence of criminal wrongdoing as a part of her right to privacy and right

24   to be left alone and the liberty interests created by state and federal law, and the principle of

25   substantive due process found in the Fourteenth Amendment to the United States Constitution.

26        138. **[Stricken]** Defendants also deprived Dalessio of substantive due process by arbitrary

27   and capricious government action which was not rationally related to a legitimate government

28   interest.  Dalessio's liberty rights include deprivation of her reputation, the possibility of identity

1   theft, and her personal safety and security, thereby violating Dalessio's right to due process under

2   the Fourteenth Amendment of the United States Constitution.

3   139. **[Stricken]** Defendants damaged Dalessio's standing in the community and/or

4   imposed the disclosure of her private and confidential information that affects her safety and

5   security, and forecloses her freedom to conduct her private affairs in private and as she sees fit.

6   140. **[Stricken]** As a direct and proximate result of defendants' unlawful acts, Dalessio

7   has suffered economic harm.

8   141. **[Stricken]** As a direct and proximate cause of defendants' unlawful acts, Dalessio

9   has suffered physical harm.

10   142. **[Stricken]** As a direct and proximate result of defendants' unlawful acts, Dalessio

11   has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in

12   amounts to be determined at the jury trial.

13   143. **[Stricken]** Dalessio seeks equitable relief in the form of having her private and

14   confidential information redacted or destroyed from Defendants Freeman, Chen and Walker's

15   records.

16   144. **[Stricken]** Dalessio seeks equitable relief in the form of Defendants Freeman, Chen

17   and Walker permanently sealing Dalessio's court records that were ordered sealed in Docket 51.

18   145. **[Stricken]** Dalessio seeks recovery of all equitable relief, compensatory damages,

19   and punitive damages as provided by law, in addition to reimbursement of her reasonable

20   attorney's fees and costs pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927, if appropriate.

21   146. **[Stricken]** Defendants' conduct toward Dalessio demonstrated a wanton, reckless, or

22   callous indifference to the constitutional rights of Dalessio, which warrants an imposition of

23   punitive damages in such amounts as the jury may deem appropriate to deter future violations.

24

25                              **THIRD CAUSE OF ACTION**
                                      **42 U.S.C. § 1983**
                                    **Fourth Amendment**
26                              **of the United States Constitution**

27        **Against Defendants Saunders, Swenson, Tapper, Palmer, Does 1-12**

28        147. Plaintiff incorporates by reference paragraphs 1 through 97 as fully set forth herein.

First Amended Complaint
Case 2:17-cv-00642
26
Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

148.  The Fourth Amendments to the United States Constitution, protects against unreasonable searches and seizures.

149.  The acts of Defendants were taken under the color of state law.

150.  Government institutions searching employees medical files can be considered searches under the Fourth Amendment to the United States Constitution.  *Norman-Bloodsaw v. Lawrence Berkeley Laboratory*, 135 F. 3d 1260, 1269 (9th Cir. 1998).

151.  By Defendants searching Dalessio's personnel file, laboratory medical file, and disability services file, Defendants violated Dalessio's right to be free from unreasonable searches and seizures and to be secure in her person, house, papers and effects in violation of Article I, Section 7 of the Washington Constitution, as well as in violation of the Fourth Amendment of the United States Constitution.

152.  It is under belief that Defendants Saunders, Tapper, Swenson, Palmer and Does 1-12 encouraged, sanctioned, and ratified a practice of searching and producing documents out of personnel files, laboratory medical file, and disability services file, violating Dalessio's right to be free from unreasonable searches and seizures and to be secure in her person, house, papers and effects in violation of Article I, Section 7 of the Washington Constitution, as well as in violation of the Fourth Amendment of the United States Constitution, made applicable to the State of Washington through the Fourteenth Amendment and made actionable by 42 U.S.C. § 1983.

153. Defendants are legally required to comply with Health Information Portability and Accountability Act, 42 U.S.C. § 1320d–6(a)(3) which states violation occurs when a person knowingly "discloses individually identifiable health information to another person."

154.  Pursuant to 45 CFR § 164.512(a) a covered entity may only disclose protected health information "to the extent that such use or disclosure is required by law and the use or disclosure complies with and is limited to the relevant requirements of such law."

155.  Defendants are legally required to comply with the Americans With Disabilities Act, 42 U.S.C. § 12112(d)(3)(B) and 42 U.S.C. § 12112(d)(4)(C) requires that medical records be kept separately from nonconfidential information, and that access to confidential files be limited.

First Amended Complaint

Case 2:17-cv-00642

27

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

Defendants had an obligation to ensure that your medical records remained confidential and were not commingled with other records which then could be produced to unauthorized individuals in response to PRA requests.

156. Defendants had an obligation to adopt policies, procedures, and safeguards to prevent unauthorized access to Dalessio's medical records, pursuant to 42 U.S.C. § 12112(d)(3)(B) and 42 U.S.C. § 12112(d)(4)(C).

157. Defendants had no legal authority to make searches under the PRA for Protected Health Information under HIPAA, or protected medical documents and requests for accommodations under the Americans with Disabilities Act, in violation of Article I, Section 7 of the Washington Constitution, as well as in violation of the Fourth Amendment of the United States Constitution, made applicable to the State of Washington through the Fourteenth Amendment and made actionable by 42 U.S.C. § 1983.

158. It is under belief, that Defendants' constitutional abuses and violations were and are directly caused by policies, practices and/or customs devised, implemented enforced, encouraged, sanctioned, by Defendants Saunders, Tapper, Swenson, Palmer and Does 1-12.

159. As a direct and proximate result of defendants' unlawful acts, Dalessio has suffered economic harm.

160. As a direct and proximate cause of defendants' unlawful acts, Dalessio has suffered physical harm.

161. As a direct and proximate result of defendants' unlawful acts, Dalessio has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined at the jury trial.

164. Dalessio seeks recovery of all equitable relief, compensatory damages, and punitive damages as provided by law, in addition to reimbursement of her reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927, if appropriate.

165. Defendants' conduct toward Dalessio demonstrated a wanton, reckless, or callous indifference to the constitutional rights of Dalessio, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

**FOURTH CAUSE OF ACTION**
**Declaratory Judgment, 28 U.S.C. §2201, et. seq.**

**Against Defendants UW, Saunders, Swenson, Tapper, Palmer, Does 1-12**

166.  Plaintiff incorporates paragraphs 1 through 97 as set forth herein.

167.  Defendants violated Dalessio's substantive due process rights when it/they unlawfully disclosed private and confidential information about her to third parties including, but not limited to: Dalessio's social security number; Dalessio's date of birth, Dalessio's place of birth; Dalessio's personal home address; Dalessio's personal phone number; Dalessio's personal email address; Dalessio's employee identification number; Dalessio's payroll records; Dalessio's protected health information under both federal laws the Health Insurance Portability and Accountability Act ("HIPAA"), and the Americans with Disabilities Act ("ADA"); Dalessio's requests for accommodation under the ADA; comments by other employees about Dalessio's disabilities; Dalessio's employee job classification and salary and benefits information; Dalessio's employment security records; Dalessio's job performance evaluations and allegations related to alleged misconduct; Dalessio's work and leave records; Dalessio's previous legal surnames; Dalessio's signature.

168.  Defendants violated Dalessio's Fourth Amendment rights when it/they unreasonably searched Dalessio's personnel file, laboratory medical file, and disability services file, Defendants violated Dalessio's right to be free from unreasonable searches and seizures and to be secure in her person, house, papers and effects in violation of Article I, Section 7 of the Washington Constitution, as well as in violation of the Fourth Amendment of the United States Constitution.

169.  Dalessio is entitled to an order from the Court that Defendants violated her substantive due process rights.

170.  Dalessio is entitled to an order form the Court that Defendants violated her Fourth Amendment rights.

171.  Dalessio seeks equitable relief in the form of having her records deleted from her file, pursuant to the 2003 settlement agreement and other legal authority.

172.  Dalessio also seeks training and accountability for the invasion of her civil liberties

First Amended Complaint
Case 2:17-cv-00642
29
Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1  and others.

2      173.  Dalessio seeks equitable relief in the form of providing training in the protection of

3  private and confidential information, especially in the areas of: employee personnel files,

4  disability services files, medical records, social security numbers and dates of birth.

5      174.  Dalessio is entitled to reasonable attorney's fees and costs pursuant to 42. U.S.C.

6  § 1988 and 28 U.S.C. § 1927, if appropriate.

7              **[Stricken] ~~FIFTH CAUSE OF ACTION~~**
              **~~Declaratory Judgment, 28 U.S.C. §2201, et. seq.~~**

8              **~~Against Defendants Freeman, Chen, Walker~~**

9

10     175. **[Stricken]** ~~Plaintiff incorporates paragraphs 1 through 97 as set forth herein~~.

11     176. **[Stricken]** ~~Defendants violated Dalessio's substantive due process rights when~~

12  ~~it/they unlawfully disclosed private and confidential information about her to third parties~~

13  ~~including, but not limited to: Dalessio's social security number; Dalessio's date of birth,~~

14  ~~Dalessio's place of birth; Dalessio's personal home address; Dalessio's personal phone number;~~

15  ~~Dalessio's personal email address; Dalessio's employee identification number; Dalessio's payroll~~

16  ~~records; Dalessio's protected health information under both federal laws the Health Insurance~~

17  ~~Portability and Accountability Act ("HIPAA"), and the Americans with Disabilities Act~~

18  ~~("ADA"); Dalessio's requests for accommodation under the ADA; comments by other employees~~

19  ~~about Dalessio's disabilities; Dalessio's employee job classification and salary and benefits~~

20  ~~information; Dalessio's employment security records; Dalessio's job performance evaluations and~~

21  ~~allegations related to alleged misconduct; Dalessio's work and leave records; Dalessio's previous~~

22  ~~legal surnames; Dalessio's signature.~~

23     177. **[Stricken]** ~~Dalessio is entitled to an order from the Court that Defendants violated~~

24  ~~her substantive due process rights.~~

25     178. **[Stricken]** ~~Dalessio is entitled to an order form the Court that Defendants violated~~

26  ~~her Fourth Amendment rights.~~

27     179. **[Stricken]** ~~Dalessio seeks equitable relief in the form of having her records deleted~~

28  ~~from her file, pursuant to the 2003 settlement agreement and other legal authority.~~

180. **[Stricken]** ~~Dalessio also seeks training and accountability for the invasion of her civil liberties and others.~~

181. **[Stricken]** ~~Dalessio seeks equitable relief in the form of providing training in the protection of private and confidential information, especially in the areas of: employee personnel files, disability services files, medical records, social security numbers and dates of birth.~~

182. **[Stricken]** ~~Dalessio is entitled to reasonable attorney's fees and costs pursuant to 42. U.S.C. § 1988 and 28 U.S.C. § 1927, if appropriate.~~

### SIXTH CAUSE OF ACTION
### Breach of Contract

### Against Defendant UW

183. Plaintiff incorporates paragraphs 1 through 97 as set forth herein.

184. Dalessio and Defendant UW entered into a contract/settlement agreement in 2003.

185. Defendant UW breached this 2003 contract/settlement agreement by failing to remove certain specific documents from Dalessio's official personnel file and from all Department of Labaorary Medicine files.

186. On January 10, 2003 Dalessio was told by Washington Assistant Attorney General Jeffrey Davis that the documents in question have collected and sequestered pursuant to the 2003 contract/settlement agreement.

187. On or about February 2017, Dalessio received documents to her PRA request PR 2016-00760. In those documents were documents from her personnel file and from the Department of Laboratory Medicine files. This is when Dalessio first learned of Defendant UW's breach of the 2003 contract/settlement agreement.

188. Dalessio performed her duties under the 2003 contract/settlement agreement. At no time did Defendant UW notify Dalessio that she did not satisfy the terms of the 2003 contract/settlement agreement.

189. Dalessio suffered actual and foreseeable damages a result of Defendant UW's breach.

190. But for Defendant UW's breach of the 2003 contract/settlement agreement, many of

First Amended Complaint
Case 2:17-cv-00642
31
Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

the private and confidential documents disclosed concerning Dalessio through PRA requests to Betz and others, would have not occurred.

### SEVENTH CAUSE OF ACTION
### Common Law Tort
### Public Disclosure of Private Facts

### Against Defendants Saunders, Swenson, Tapper, Palmer, Does 1-12

191.  Plaintiff incorporates paragraphs 1 through 97 as set forth herein.

192.  Washington case law recognizes the common law tort of public disclosure of private facts. *See e.g. Hearst v. Hoppe*, 90 Wn.2d 123, 135 (1978).

193.  At all relevant times, Dalessio was a resident of the State of Washington.

194.  Defendants gave publicity to matters pertaining to Dalessio's private life by disclosing through the PRA her: Dalessio's social security number; Dalessio's date of birth, Dalessio's place of birth; Dalessio's personal home address; Dalessio's personal phone number; Dalessio's personal email address; Dalessio's employee identification number; Dalessio's payroll records; Dalessio's protected health information under both federal laws the Health Insurance Portability and Accountability Act ("HIPAA"), and the Americans with Disabilities Act ("ADA"); Dalessio's requests for accommodation under the ADA; comments by other employees about Dalessio's disabilities; Dalessio's employee job classification and salary and benefits information; Dalessio's employment security records; Dalessio's job performance evaluations and allegations related to alleged misconduct; Dalessio's work and leave records; Dalessio's previous legal surnames; Dalessio's signature.

195.  Disclosing information, listed in paragraph 192 of this complaint, through the PRA would be highly offensive to a reasonable person.

196.  None of the information listed in paragraph 192 of this complaint is of legitimate concern to the public.

197.  The disclosure of the documents through the PRA is a public disclosure.

198.  As a direct and proximate result of defendants' unlawful acts, Dalessio has suffered economic harm.

First Amended Complaint
Case 2:17-cv-00642

32

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

199.  As a direct and proximate cause of defendants' unlawful acts, Dalessio has suffered physical harm.

200.  As a direct and proximate result of defendants' unlawful acts, Dalessio has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined at the jury trial.

201.  Defendants' conduct toward Dalessio demonstrated a wanton, reckless, or callous indifference to the constitutional rights of Dalessio, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

## EIGHTH CAUSE OF ACTION
### Injunctive Relief

**Against Defendants Saunders, Swenson, Tapper, Palmer, Does 1-12**

200.  Plaintiff incorporates paragraphs 1 through 97 as set forth herein.

201.   Dalessio has a constitutionally protected expectation of privacy in personal identifying information based on Article 1, Section 7 of the Washington State Constitution.

202.  Dalessio's personal identifying information is exempt from disclosure under the PRA.  Disclosure of Dalessio's identifying information would not be in the public interest, and would continue to substantially and irreparably damage Dalessio and her privacy interest.

203.  Dalessio has no other adequate remedy at law.  The PRA, RCW 42.56.540, allows a Court to enjoin the release of public records when the release would clearly not be in the public interest and would substantially and irreparably damage any person.  Final injunctive relief is necessary to protect Dalessio from the release of exempt private information.

## V.  Prayer for Relief

Wherefore, Plaintiff Dalessio prays for judgment against the defendants as follows:

1. Economic damages in an amount to be determined at trial;

2. Compensatory damages in an amount to be determined at trial;

3. All available equitable relief and damages in amounts to be determined at trial;

4. Punitive damages consistent with the claims above against defendants in amounts to be determined at trial;

First Amended Complaint

Case 2:17-cv-00642

33

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1        5.  Reasonable attorney's fees and litigation expenses/costs herein, including expert

2    witness and expenses, consistent with the claims above against defendants; and

3        6.  Grant other relief as just and proper.

4    **PLAINTIFF HEREBY DEMANDS A JURY TRIAL**.

5    DATED this 12th day of March, 2018            Law Office of Joseph Thomas

6    

7                                          /s/ Joseph Thomas
                                  Joseph Thomas, WSBA 49532

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

First Amended Complaint          34          Law Office of Joseph Thomas
Case 2:17-cv-00642                      14625 SE 176th St., Apt. N101
                                            Renton, Washington
                                      Phone (206)390-8848