The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIE DALESSIO, an individual, | No.  2:17-cv-00642-MJP |
| Plaintiff, | **First Amended Complaint** |
| v. | **Jury Trial Requested** |
| UNIVERSITY OF WASHINGTON, a Washington Public Corporation; Eliza Saunders, Director of the Office of Public Records, in her personal and official capacity; Alison Swenson, Compliance Analyst, in her personal capacity; Perry Tapper, Public Records Compliance Officer, in his personal capacity; Andrew Palmer, Compliance Analyst, in his personal capacity; John or Jane Does 1-12, in his or her personal capacity, | |
| Defendants. | |

Plaintiff Julie Dalessio alleges for her Complaint against collectively the Defendants on personal knowledge as to her own activities, and to information and belief as to the activities of others, as follows:

## I.  Introduction

1.  Pursuant to 42 U.S.C § 1983, Plaintiff alleges the deprivation of rights guaranteed to her by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.  She seeks declaratory relief, equitable relief, damages, attorney's fees and litigation expenses/costs.

First Amended Complaint                                                        1

Case 2:17-cv-00642

**II.  Jurisdiction**

2.  This case arises under the United States and Washington Constitutions and 42 U.S.C. §1983.

3.  This court has jurisdiction by virtue of 28 U.S.C. §§ 1331, 1343, 1443 and 1446. Further this Court has jurisdiction to issue declaratory relief under 28 U.S.C. §§ 2201 and 2202. This Court has supplemental or pendant jurisdiction over Washington State claims made under 28 U.S.C. § 1367(a) and in particular Washington State claims made against the University of Washington.  The University of Washington has consented to federal court jurisdiction for purposes of considering the issues of common law privacy violations, breach of contract, libel, civil rights violations, and injunctive relief raised in this action.

4.  Venue is proper in this Court under 28 U.S.C § 1391(b)(2) because the University of Washington maintains all or substantially all of the records at issue in Seattle Washington, or because Seattle is where the decision was made to wrongfully produce the records at issue.

**III.  Parties**

5.  Plaintiff Julie Dalessio ("**Dalessio**"), is a former a former classified staff employee of the University of Washington, and at all relevant times a resident of the state of Washington.

6.  Defendant University of Washington ("**UW**") is a Washington public corporation.

7.  Defendant Eliza Saunders ("**Saunders**"), is an individual UW official serving as a Director of the Office of Public Records at the UW's Office of Public Records and Open Public Meetings.  Defendant Saunders is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in her personal and official capacities.  In all of her actions and omissions alleged herein, Defendant Saunders was acting under the color of state law.

8.  Defendant Perry Tapper ("**Tapper**"), is an individual UW official serving as a Public Records Compliance Officer at the UW's Office of Public Records and Open Public Meetings. Defendant Tapper is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in his personal capacity.  In all of his actions and omissions alleged herein, Defendant Tapper was acting under the color of state law.

9.  Defendant Andrew Palmer ("**Palmer**"), is an individual UW official serving as a

First Amended Complaint
Case 2:17-cv-00642

2

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

Compliance Analyst at the UW's Office of Public Records and Open Public Meetings. Defendant Palmer is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in his personal capacity. In all of his actions and omissions alleged herein, Defendant Palmer was acting under the color of state law.

10. Defendant Alison Swenson ("**Swenson**") is an individual UW official serving as a Compliance Analyst at the UW's Office of Public Records and Open Public Meetings. Defendant Swenson is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in her personal capacity. In all of her actions and omissions alleged herein, Defendant Swenson was acting under the color of state law.

11. **[Stricken]**

12. **[Stricken]**

13. **[Stricken]**

14. Defendant John or Jane Doe 1 ("**Doe 1**") is believed to be an individual UW official serving at the UW's Department of Laboratory Medicine. Defendant Doe 1 is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in his/her personal capacity. In all of his/her actions and omissions alleged herein, Defendant Doe 1 was acting under the color of state law.

15. Defendant John or Jane Doe 2 ("**Doe 2**") is believed to be an individual UW official serving at the UW's Department of Laboratory Medicine. Defendant Doe 2 is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in his/her personal capacity. In all of his/her actions and omissions alleged herein, Defendant Doe 2 was acting under the color of state law.

16. Defendant John or Jane Doe 3 ("**Doe 3**") is believed to be an individual UW official serving at the UW's Department of Human Resources for the Upper Campus. Defendant Doe 3 is a "person" as that term is used in 42 U.S.C. § 1983 and is sued in being his/her personal capacity. In all of his/her actions and omissions alleged herein, Defendant Doe 3 was acting under the color of state law.

17. Defendant John or Jane Doe 4 ("**Doe 4**") is believed to be an individual UW official serving at the UW's Department of Human Resources of UW Medicine. Defendant Doe 4 is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in his/her personal capacity.

First Amended Complaint
Case 2:17-cv-00642
3
Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

In all of his/her actions and omissions alleged herein, Defendant Doe 4 was acting under the color of state law.

18. Defendant John or Jane Doe 5 ("**Doe 5**") is believed to be an individual UW official serving at the UW's Department of Human Resources of UW Medicine. Defendant Doe 5 is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in his/her personal capacity. In all of his/her actions and omissions alleged herein, Defendant Doe 5 was acting under the color of state law.

19. Defendant John or Jane Doe 6 ("**Doe 6**") is believed to be an individual UW official serving at the UW's Department of Payroll Services. Defendant Doe 6 is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in his/her personal capacity. In all of his/her actions and omissions alleged herein, Defendant Doe 6 was acting under the color of state law.

20. Defendant John or Jane Doe 7 ("**Doe 7**") is believed to be an individual UW official serving at the UW's Office of Finance and Administration. Defendant Doe 7 is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in his/her personal capacity. In all of his/her actions and omissions alleged herein, Defendant Doe 7 was acting under the color of state law.

21. Defendant John or Jane Doe 8 ("**Doe 8**") is believed to be an individual UW official serving at the UW's Office of Records Management Services. Defendant Doe 8 is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in his/her personal capacity. In all of his/her actions and omissions alleged herein, Defendant Doe 8 was acting under the color of state law.

22. Defendant John or Jane Doe 9 ("**Doe 9**") is believed to be an individual UW official serving at the UW's Department of Legal and Business Affairs of UW Medicine. Defendant Doe 9 is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in his/her personal capacity. In all of his/her actions and omissions alleged herein, Defendant Doe 8 was acting under the color of state law.

23. Defendant John or Jane Doe 10 ("**Doe 10**") is believed to be an individual UW official serving at the UW's Office of Chief Health System Officer of UW Medicine. Defendant Doe 10 is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in his/her personal

First Amended Complaint
Case 2:17-cv-00642
4
Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1    capacity.  In all of his/her actions and omissions alleged herein, Defendant Doe 10 was acting

2    under the color of state law.

3        24.  Defendant John or Jane Doe 11 ("**Doe 11**") is believed to be an individual UW

4    official serving at the UW's Department of Records and Management Services at UW Medicine.

5    Defendant Doe 11 is a "person" as that term is used in 42 U.S.C. § 1983 and is being sued in

6    his/her personal capacity.  In all of his/her actions and omissions alleged herein, Defendant Doe

7    11 was acting under the color of state law.

8        25.  Defendant John or Jane Doe 12 ("**Doe 12**") is believed to be an individual UW

9    official serving at the UW's Office of Disability Services.  Defendant Doe 12 is a "person" as that

10   term is used in 42 U.S.C. § 1983 and is being sued in his/her personal capacity.  In all of his/her

11   actions and omissions alleged herein, Defendant Doe 12 was acting under the color of state law.

12                                    **IV.  Facts**

13       26.  Defendant UW's Office of Public Records and Open Public Meetings oversees UW's

14   compliance with the Washington Public Records Act, RCW 42.56.001, *et. seq.* ("**PRA**").

15       27.  David Betz ("**Betz**") is an individual who from 2005-16 lived in an adjacent property

16   to Dalessio.

17       28.  In May 2015, Betz sued Dalessio in King County Superior Court claiming that when

18   Dalessio built a fence, it was on Betz's property.  The case number is 15-2-17152-9.

19       29.  On September 16, 2015, while litigation was still on-going, Betz made a request

20   under the PRA to Defendant UW for "all records maintained by the University of Washington

21   relating or pertaining to Julie Dalessio." In making the PRA request, Betz used Dalessio's student

22   email address, jdaless@u.washington.edu, as a tool to identify Dalessio.  Dalessio received the

23   email address, jdaless@u.washington.edu, while she was a student at UW obtaining her Master's

24   Degree in Laboratory Medicine.

25       30.  On November 10, 2015, Defendant Swenson responded to Betz's request made under

26   the PRA and verified that for this installment of documents "the appropriate redactions" were

27   made according to the PRA. The bases for the redactions are: FERPA Student Privacy 20 U.S.C.

28   § 1232; RCW 42.56.050 Invasion of Privacy; RCW 42.56.070(1) Other Statute; RCW

1   42.56.230(3) Employee Privacy; RCW 42.56.230(3) Taxpayer Information; RCW 42.56.230(3)

2   Employee Information.

3       31. On December 04, 2015, Defendant Swenson responded to Betz's request made under

4   the PRA and again verified that for this second and final installment of documents "made the

5   appropriate redactions and/or exemptions" according to the PRA.  The bases for the redactions or

6   exemptions, according to Defendant Swenson are the following: FERPA Student Privacy 20

7   U.S.C. § 1232; HIPAA 40 C.F.R. Part 160, 164; RCW 42.56.050 Invasion of Privacy; RCW

8   42.56.070(1) Other Statute; RCW 42.56.230(3) Employee Privacy; RCW 42.56.230(3) Employee

9   Performance Evaluation; RCW 42.56.230(3) Taxpayer Information; RCW 42.56.250(2)

10  Employment Application; RCW 42.56.230(3) Employee Information; RCW 70.02.020 Medical

11  Records.

12      32. On or around March 22, 2016, Betz revealed in discovery that he had obtained

13  records from Defendant UW that he planned to use as evidence against Ms. Dalessio in his

14  adverse possession lawsuit.  When filed with the King County Superior Court these documents

15  would become public record that Dalessio would have no control over.

16      33. When Dalessio learned of Betz's PRA request, she immediately became concerned for

17  the security of her private information held by Defendant UW, and consequently made her own

18  PRA request to Defendant UW for a copy of the records that Betz received from his PRA request.

19  Dalessio's request was designated as PR-2016-00218 by Defendant UW.

20      34. On or around April 10, 2016, Dalessio received a disc containing PR-2016-00218,

21  records responsive to her "public records request for a copy of the records released for PR 2015-

22  00570."

23      35. From the documentation provided, it appears that Defendant Swenson produced the

24  records to both PRA requests:  Dalessio's PRA request PR-2016-00218; Betz's PRA request PR

25  2015-00570.

26      36. In response to Dalessio's PRA request number PR-2016-00218, in relevant part,

27  Defendant Swenson produced the following private, confidential, personal information about

28  Dalessio to Betz: Dalessio's social security number; Dalessio's date of birth, Dalessio's place of

birth; Dalessio's personal home address; Dalessio's personal phone number; Dalessio's personal email address; Dalessio's employee identification number; Dalessio's payroll records; Dalessio's protected health information under both federal laws the Health Insurance Portability and Accountability Act ("HIPAA"), and the Americans with Disabilities Act ("ADA"); Dalessio's requests for accommodation under the ADA; comments by other employees about Dalessio's disabilities; Dalessio's employee job classification and salary and benefits information; Dalessio's employment security records; Dalessio's job performance evaluations and allegations related to alleged misconduct; Dalessio's work and leave records; Dalessio's previous legal surnames; Dalessio's signature. These records are personally identifiable, private and confidential which could lead to identity theft.

37.   On April 17, 2016, out of fear that her private, confidential, personal information was unlawfully being disclosed to known and unknown third parties Dalessio contacted Defendant Swenson by email and Defendant UW's Office of Public Records by United States Postal Service alerting them that Betz "was given confidential information, including my social security number and date of birth along with the other health and personnel related, confidential, exempt information."

38.   On April 27, 2016, Dalessio did receive a response from Defendant Swenson which only attached Betz's original request, PR 2015-00570, and did not address Dalessio's stated concerns about her private confidential information.

39.   A request summary report, generated on April 10, 2017, appears to identify persons employed by Defendant UW who searched for and transmitted documents to Defendant UW's Office of Public Records and Open Public Meetings that were produced in response to request PR 2015-00570 submitted by Betz.  The request summary report identifies Defendant UW employees who helped fulfill request PR 2015-00570.  It believed that the persons who were involved in assisting Defendant UW's Office of Public Records and Public Meetings Act: Doe 1; Doe 2; Doe 3; Doe 4; Doe 5; Doe 6; Doe 7; Doe 8; Doe 9; Doe 10; Doe 11; Doe 12.

40.   It is under personal belief that Defendant Tapper approved Defendant Swenson's production of documents before it was released to either Betz or Dalessio through requests PR-

First Amended Complaint
Case 2:17-cv-00642
7
Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1    2016-00218 and PR 2015-00570.  The belief is based upon the fact that the initial "PMT"

2    appeared on the request summary report for PR 2015-00570, and also because Defendant

3    Swenson identified Defendant Tapper as her Supervisor at the time the requests were made.

4        41.   On May 20, 2016, Dalessio made a telephone call to Defendant UW's Office of

5    Public Records and Open Public Meetings and spoke with Defendant Tapper following-up on

6    Dalessio's April 17, 2016 communications to Defendant Swenson and Defendant UW that went

7    unanswered about Dalessio's private and confidential information unlawfully being disclosed via

8    the Public Records Act.  Defendant Tapper Dalessio did not respond to Dalessio's concern

9    directly, but stated Defendant UW's Office of Public Records and Open Public Meetings does not

10   respond to requests for information.  Further, Defendant Tapper made Dalessio believe that the

11   only way she could receive a response from Defendant UW's Office of Public Records and Open

12   Public Meetings would be to submit a PRA request.

13       42. It is under belief that Defendant Saunders acted as the Director of the UW Office of

14   Public Records And Open Meetings throughout these occurrences.  It is believed she was

15   instrumental in the oversight and implementation of relevant Public Records Act disclosures.

16       43.   On October 14, 2016, Dalessio made a telephone call to Defendant UW's Office of

17   Ombudsman speaking to Ombud Chuck Sloane ("**Sloane**").  Dalessio conveyed to Sloane her

18   fears about her private and confidential information unlawfully being disclosed via PRA requests.

19   Sloane referred Dalessio to the Office of the Attorney General – University of Washington and

20   Washington Department of Enterprise Services.  Defendant UW has its own division of the

21   Washington Department of Enterprise Services known as UW Department of Risk Services.

22       44.   On October 21, 2016, Dalessio filed claims with both Defendant UW Department of

23   Risk Services, and Washington Department of Enterprise Services.  The claims gave legal notice

24   to both entities that Dalessio was legally wronged by Defendant UW's production of documents

25   under the PRA to Betz's request because of: privacy violations, reputation injured, and claimed

26   actual damages including mental pain and suffering, and breach of contract.  Dalessio made both

27   of these notices of claims pursuant to RCW 4.92.100.

28       45.   On or about October 2016, Dalessio contacted Office of the Attorney General at the

First Amended Complaint                                    8                    Law Office of Joseph Thomas
Case 2:17-cv-00642                                                            14625 SE 176th St., Apt. N101
                                                                                      Renton, Washington
                                                                                    Phone (206)390-8848

University of Washington and spoke with Assistant Attorney General Rob Kosin ("**Kosin**"). Kosin told Dalessio that there was nothing he could do.

46.  On personal belief, Dalessio feared many departments within Defendant UW were disclosing or could possibly disclose Dalessio's personal, private information, based upon the unlawful PRA disclosure to Betz.

47.  On November 09, 2016, Dalessio submitted a PRA request to Defendant UW's Office of Public Records and Open Public Meetings.  Defendant UW designated this request as PR-2016-00760.  This request sought "a digital copy of [Dalessio's] departmental personnel file, along with any other computer or paper files that might contain records of inquiries concerning [Dalessio's] employment at the UW since [Dalessio's] resignation in 2003. [Dalessio] is also requesting any other records of departmental communications, concerning [Dalessio's] employment with the UW, including phone logs, calendars, and emails exchanged with human resources, former supervisor Rhoda Ashley Morrow or others concerning [Dalessio]."  Dalessio also asked UW to contact her if it needed clarification about the scope or meaning of her request.

48.  On February 02, 2017, Defendant UW denied Dalessio's October 21, 2016 notice of claim.

49.  On or about February 2017, Dalessio received the final of two installments of documents responsive to her request PR-2016-00760.  Defendant Palmer was the person who produced both installments of records to Dalessio.  It believed that the persons involved in assisting Defendant UW's Office of Public Records and Public Meetings Act include: Doe 1; Doe 2; Doe 3; Doe 4; Doe 5; Doe 6; Doe 7; Doe 8; Doe 9; Doe 10; Doe 11; Doe 12.

50.  In response to Dalessio's PRA request number PR-2016-00760, in relevant part, Defendant Palmer produced the following private, confidential, personal information about Dalessio: Dalessio's social security number; Dalessio's date of birth, Dalessio's place of birth; Dalessio's personal home address; Dalessio's personal phone number; Dalessio's personal email address; Dalessio's employee identification number; Dalessio's payroll records; Dalessio's protected health information under both federal laws the Health Insurance Portability and Accountability Act ("HIPAA"), and the Americans with Disabilities Act ("ADA"); Dalessio's

First Amended Complaint
Case 2:17-cv-00642

9

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

requests for accommodations under the ADA; comments by other employees about Dalessio's disabilities; Dalessio's employee job classification and salary and benefits information; Dalessio's employment security records; Dalessio's job performance evaluations and allegations related to alleged misconduct; Dalessio's work and leave records; Dalessio's previous legal surnames; Dalessio's signature; thirty-seven (37) copies of letters supposed to be taken out of Dalessio's file pursuant to the 2003 settlement agreement between Defendant UW and Dalessio; Dalessio's cognitive job analysis; Dalessio's psychiatric notes; intimate personal information about Dalessio's home life; a document wrongfully implying Dalessio taking medications to combat a disease. These records are personally identifiable, private and confidential which could lead to identity theft.

51. Some of the medical information produced in response to PRA request PR-2016-00760 was, at the time, unknown to even Dalessio herself. Dalesssio only learned of some of this medical information through the production of documents to PR-2016-00760.

52. The "Request Summary Report" associated with PR 2016-00760 [Dkt. 42] indicates 1431 pages of documents were withheld from the documents provided to Dalessio in this PRA request, even though this PR 2016-00760 did not include any indication that any other documents were withheld, or descriptions of documents withheld, as required under the PRA.

53. On March 28, 2017, Dalessio filed this current action in King County Superior Court, as case number 17-2-07812-3 SEA.

54. **[Stricken]**

55. On April 24, 2017, Defendant UW filed a notice of removal of this case to United States District Court for the Western District of Washington and consented to jurisdiction over all the claims in this action.

56. **[Stricken]**

57. **[Stricken]**

58. **[Stricken]**

59. **[Stricken]**

60. **[Stricken]**

First Amended Complaint
Case 2:17-cv-00642

10

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1    61. **[Stricken]**

2    62. **[Stricken]**

3    63. **[Stricken]**

4    64. **[Stricken]**

5    65. **[Partially Stricken]** Defendant Swenson's Declaration and exhibits states that

6    attached to it is Betz's PRA request numbered PR 2015-00570.  According to the Declaration

7    Defendant Swenson made on redaction, prior to the electronic filing with the Court, but it is

8    incomprehensible what was redacted.  Defendant Swenson left most if not all of Dalessio's

9    private and confidential information, open and available to the public including: Dalessio's social

10   security number; Dalessio's date of birth, Dalessio's place of birth; Dalessio's personal home

11   address; Dalessio's personal phone number; Dalessio's personal email address; Dalessio's

12   employee identification number; Dalessio's payroll records; Dalessio's protected health

13   information under both federal laws the Health Insurance Portability and Accountability Act

14   ("HIPAA"), and the Americans with Disabilities Act ("ADA"); Dalessio's requests for

15   accommodation under the ADA; comments by other employees about Dalessio's disabilities;

16   Dalessio's employee job classification and salary and benefits information; Dalessio's

17   employment security records; Dalessio's job performance evaluations and allegations related to

18   alleged misconduct; Dalessio's work and leave records; Dalessio's previous legal surnames;

19   Dalessio's signature.  These records are personally identifiable, and contain private and

20   confidential which could lead to identity theft.

21   66. **[Stricken]**

22   67. **[Stricken]**

23   68. **[Stricken]**

24   69. **[Stricken]**

25   70. **[Stricken]**

26   71. **[Stricken]**

27   72. **[Partially Stricken]** On September 01, 2017, Swenson's Exhibit A containing the

28   entire contents of PR 2015-00570 into the CM/ECF system as Dkts. 32, 33, 34. This disclosure,

First Amended Complaint
Case 2:17-cv-00642
11
Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

in relevant part, disclosed to the public the following private, confidential, personal information about Dalessio: Dalessio's place of birth; Dalessio's personal home address; Dalessio's personal phone number; Dalessio's personal email address; Dalessio's employee identification number; Dalessio's payroll records; Dalessio's protected health information under both federal laws the Health Insurance Portability and Accountability Act ("HIPAA"), and the Americans with Disabilities Act ("ADA"); Dalessio's requests for accommodation under the ADA; comments by other employees about Dalessio's disabilities; Dalessio's employee job classification and salary and benefits information; Dalessio's employment security records; Dalessio's job performance evaluations and allegations related to alleged misconduct; Dalessio's work and leave records; Dalessio's previous legal surnames; Dalessio's signature.  These records are personally identifiable, private and confidential which could lead to identity theft.

73. **[Stricken]**

74. On September 05, 2018, Dalessio filed a Motion to Seal exhibits from Defendant Swenson's Declaration that contained Dalessio's private and confidential information.  The Court subsequently sealed several of the exhibits in their entirety.

75. Dalessio has suffered economically, physically and emotionally from these disclosures.  Furthermore, since this information was made public she may suffer harm at any time in the future because of this harm.

76. Economically, Dalessio has been harmed by the disclosure of her private and confidential information because the disclosure of her private and confidential information.  First, Dalessio had to pay an attorney King County Superior Court case number 15-2-17152-9, against Betz, to review Dalessio's PRA request PR-2016-00218; Betz's PRA request PR 2015-00570. Second, Dalessio paid the attorney to perform a legal analysis of the laws governing private and confidential information to determine if she was legally harmed by this disclosure.  Third, Dalessio had to pay the attorney in case King County Superior Court case number 15-2-17152-9 to make legal filings to protect her private and confidential information from becoming part or the public court record.  Fourth, Dalessio has had to pay for legal consultation fees in connection with the disclosure her private and confidential information.  Fifth, Dalessio has had to pay court costs

First Amended Complaint
Case 2:17-cv-00642

12

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1   associated with this present action.  All of these costs were incurred in Dalessio trying to remove

2   her private and confidential information from the public record.

3       77.  Physically, Dalessio has been harmed by the disclosure of her private and confidential

4   information because she is allergic to plastics.  Contact with any type of plastics results in

5   inflammation and lasting pain.  Because of these disclosures, Dalessio has had to use the

6   telephone to make phone calls, computers to write letters, a printer to print documents, among

7   other types of plastics, all to try to remove her private and confidential information from the

8   public record, in amounts to be determined by jury at trial.

9       78.  Emotionally, Dalessio has been harmed by the disclosure of her private and

10  confidential information.  Dalessio has suffered from sleep disturbances, agitation, traumatic

11  stress, lack of appetite, sadness, embarrassment, worry, humiliation, in amounts to be determined

12  by the jury at trial.

13      79.  The University of Washington has a pattern and practice of disclosing private and

14  confidential information in the disclosure of documents in response to PRA requests.

15      80.  Dalessio, herself, has received documents under the PRA, from other requests she

16  made, which contain private and confidential information about third parties:  PR 2017-00357;

17  PR 2017-00358; PR 2017-00359; PR 2017-00822; PR 2017-00803; PR 2017-00836; PR 2017-

18  00738; PR 2017-00737.

19      81. Records produced by Defendant UW to Dalessio for PRA request PR 2017-00357, in

20  relevant part contains, a current UW Virology employee's work location, payroll records, work

21  and leave records, Date of birth, place of birth, employee identification number, personal phone

22  number, W4 information, signature, retirement and insurance information, employee job

23  classification and salary information, email regarding lack of qualifications for job, documents

24  clearly marked as "confidential."  These records are personally identifiable, private and

25  confidential which could lead to identity theft.  The included inventory of documents withheld

26  includes performance evaluations and application materials.  It is under belief, that Lynn O'Shea

27  who is a UW official serving as a Compliance Analyst at the UW's Office of Public Records and

28  Open Public Meetings participated in the disclosure of these records.

82.  Records produced by Defendant UW to Dalessio for PRA request PR 2017-00358, in relevant part, contains a current UW Virology employee's work location, employee identification number, payroll records, work and leave records, Date of birth, place of birth, disability status, Investment program enrollment, retirement information, Declaration of marriage/Same Sex Domestic Partnership, dependent daughter, Long Term Disability Insurance Enrollment, height, weight, signature, immigrant status, "Affirmative Action Data" race, origin, physical, sensory, mental impairment, veteran status, test scores, test questions, on the job accident reports, INS I-94 departure record, admission #, INS employee authorization (expired), Family Medical Leave documentation, documents clearly marked as "confidential."  These records are personally identifiable, private and confidential which could lead to identity theft.  This PR also contained a document relating to a "request for criminal conviction record information from the Washington State Patrol" "pursuant to the Child/Adult Abuse Information Act."  This PR did not contain any listing of any documents withheld.  It is under belief, that Lynn O'Shea who is a UW official serving as a Compliance Analyst at the UW's Office of Public Records and Open Public Meetings, participated this PRA request.

83.  Records produced by Defendant UW to Dalessio for PRA request PR 2017-00359, in relevant part contains documents produced to this request ten (10) current or former UW employees that appear to be clients of the UW Disability Service Office. The produced records, in relevant part, identify: locations, employee identification numbers, job classification and salary information, payroll records, work and leave records, FMLA documentation, Retirement pension benefits information, signatures, Date of birth, place of birth, disability status, protected health information under both federal laws the Health Insurance Portability and Accountability Act ("HIPAA"), and the Americans with Disabilities Act ("ADA") and RCW 51.28.070 "Information contained in the claim files and records of injured workers," tobacco use, Insurance claim numbers, Insurance policy numbers, medical and dental plan information, signatures, spouse's name, date of marriage, number of dependents, birth certificates, form 1040, employee evaluations, personal email addresses, requests for accommodation under the ADA; comments by other employees about disabilities; medical testing results, documents clearly marked as

"confidential." It is under belief, that Lynn O'Shea who is a UW official serving as a Compliance Analyst at the UW's Office of Public Records and Open Public Meetings, participated this PRA request.

84. Records produced by Defendant UW to Dalessio for PRA request PR 2017-00822, in relevant part contains documents produced to this request four (4) former UW Virology employees. The produced records, in relevant part, identify: employee identification numbers, dates of birth, places of birth, previous surnames, race, ethnicity, disability handicap status, veteran status, work and leave records and FMLA records, classification and salary records, pension benefit records, payroll records, personal phone numbers, protected health information under both federal laws the Health Insurance Portability and Accountability Act ("HIPAA"), and the Americans with Disabilities Act ("ADA") and RCW 51.28.070 "Information contained in the claim files and records of injured workers," student identification numbers, performance evaluations, workplace accident reports, insurance information, tobacco use, marital status, height, weight. It is under belief, that Lynn O'Shea who is a UW official serving as a Compliance Analyst at the UW's Office of Public Records and Open Public Meetings, participated this PRA request.

85. Records produced by Defendant UW to Dalessio for PRA request PR 2017-00803, in relevant part contains, personal residential address, personal cell phone number, personal email address. These records are personally identifiable, private and confidential which indicates safety and privacy concerns, and could lead to identity theft. It is under belief, that Meg McGough who is a UW official serving as a Compliance Officer at the UW's Office of Public Records and Open Public Meetings, participated this PRA request.

86. Records produced by Defendant UW to Dalessio for PRA request PR 2017-00836, in relevant part contains, employee ID number, personal residential address, personal phone number, date of birth, place of birth, personal biography, curriculum vitae, personal email address, student email address, salary and benefits information, application materials, performance evaluation, personal emails, disparaging emails, Homeland Security employment eligibility verification (date of birth, citizenship, signature), passport, bank information, documents clearly marked as

1   "confidential" or "disclosure prohibited." These records are personally identifiable, private and

2   confidential which could lead to identity theft.  It is under belief, that Meg McGough who is a

3   UW official serving as a Compliance Officer at the UW's Office of Public Records and Open

4   Public Meetings, participated this PRA request.

5        87.  Records produced by Defendant UW to Dalessio for PRA request PR 2017-00738, in

6   relevant part, contains social security number, dates of birth, personal residential address,

7   employee identification number, payroll records, insurance, retirement benefit information,

8   personal email addresses, employment security information, documents clearly marked as

9   "confidential," protected health information under both federal laws the Health Insurance

10  Portability and Accountability Act ("HIPAA"), and the Americans with Disabilities Act

11  ("ADA"), L & I claim number, letters implying improper use of controlled substances or other

12  alleged misconduct,  many invalid waivers, and financial information.  These records are

13  personally identifiable, private and confidential which could lead to stigmatization and/or identity

14  theft.  It is under belief, that Meg McGough who is a UW official serving as a Compliance

15  Officer at the UW's Office of Public Records and Open Public Meetings, participated this PRA

16  request.

17       88.  PR 2017-00737, in relevant part contains, an "Internal Audit Memorandum" written

18  by Defendant UW, and dated March 2, 2004.  The contents of the memo concern violations of the

19  Fair Labor Standards Act 29 CFR 791.2 by Defendant UW, with a December 18, 2002 fax

20  attached containing a July 15, 1997 letter to Dalessio regarding payment for work outside of her

21  job classification.  Dalessio's personal information is the only personally identifiable information

22  not redacted in the memo.  These records are personally identifiable, private and confidential

23  which could lead to identity theft.  It is under belief, that Kathleen Burns who is a UW official

24  serving as a Compliance Analyst at the UW's Office of Public Records and Open Public

25  Meetings, participated this PRA request.

26       89.  As a pattern and practice, Defendant UW discloses personally identifiable

27  information through disclosures made pursuant to the Washington Public Records Act.  These

28  disclosures contain private and confidential, which could lead to identity theft and safety

concerns.

90.  It is under belief, that multiple employees of the UW's of Public Records and Open Public Meetings review each production of documents to ensure compliance with the Washington Public Records Act and applicable laws.

91.  In 2003, Dalessio and Defendant UW signed a Settlement Agreement relating to her employment relationship with UW.

92.  On or about January 08, 2003 the contract was executed by both Dalessio and Defendant UW.

93. Dalessio performed or substantially performed all of the significant things that the settlement agreement required her to do.  Defendant UW has never complained that Dalessio did not satisfy the terms of the 2003 Settlement Agreement.

94.  In a paragraph two (2), of the terms of the 2003 Settlement Agreement, imposed upon UW an affirmative duty to remove certain specified files from Dalessio's "official Personnel Department file and from all Department of Laboratory Medicine files."

95.  In response to PRA request PR 2016-00760, Defendant UW produced the certain specified files that it had a duty to remove from Dalessio's personnel and Laboratory Medicine files, in violation of the 2003 Settlement Agreement.

96.  Dalessio's privacy was harmed because Defendant UW failed to remove the certain specified documents from Dalessio's official Personnel Department file and from all Department of Laboratory Medicine files.

97.  Under belief, the certain specified documents produced in response to PRA request PR 2016-00760, unlawfully came from Dalessio's official Personnel Department file and from all Department of Laboratory Medicine files, violating the terms of the 2003 settlement agreement.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983**
**Substantive Due Process:**
**Fourteenth Amendment to the United States Constitution**

**Against Defendants Saunders, Swenson, Tapper, Palmer, Does 1-12**

98.  Plaintiff incorporates by reference paragraphs 1 through 97 as fully set forth herein.

First Amended Complaint

Case 2:17-cv-00642

17

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

99.  Under the Fourteenth Amendment to the United States Constitution, Dalessio has a protected privacy interest in "avoiding disclosure of personal matters." *In re Crawford,* 194 F. 3d 954, 958 (9th Cir. 1999).

100.  The acts of Defendants were taken under the color of state law.

101. Defendants are legally required to comply with the principle of substantive due process arising out of the Fourteenth Amendments to the United States Constitution.

102.  Substantive Due Process protects an "individua['s]  interest in avoiding disclosure of personal matters." *In re Crawford,* 194 F. 3d 954, 958 (9th Cir. 1999).

103.  Defendants are legally required to comply with Health Information Portability and Accountability Act, 42 U.S.C. § 1320d–6(a)(3) which states violation occurs when a person knowingly "discloses individually identifiable health information to another person."

104.  Pursuant to 45 CFR § 164.512(a) a covered entity may only disclose protected health information "to the extent that such use or disclosure is required by law and the use or disclosure complies with and is limited to the relevant requirements of such law."

105.  Defendants had an obligation to adopt policies, procedures, and safeguards to prevent unauthorized access to Dalessio's medical records, pursuant to 42 U.S.C. § 1320d-6(a)(3) and 45 CFR § 164.512(a).

106.  Defendants are legally required to comply with the Americans With Disabilities Act, 42 U.S.C. § 12112(d)(3)(B) and 42 U.S.C. § 12112(d)(4)(C) requires that medical records be kept separately from nonconfidential information, and that access to confidential files be limited. Defendants had an obligation to ensure that your medical records remained confidential and were not commingled with other records which then could be produced to unauthorized individuals in response to PRA requests.

107.  Defendants had an obligation to adopt policies, procedures, and safeguards to prevent unauthorized access to Dalessio's medical records, pursuant to 42 U.S.C. § 12112(d)(3)(B) and 42 U.S.C. § 12112(d)(4)(C).

108.  Defendants are legally required to comply with disclosure requirements and

First Amended Complaint
Case 2:17-cv-00642

18

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

exemptions of the Washington Public Records Act ("PRA"), RCW 42.56.001, et. seq. The PRA expressly prohibits the disclosure of: 1. Social security numbers, RCW 42.56.230(3), RCW 42.56.230(5), RCW 42.56.230(7)(a), RCW 42.56.250(4); 2.  Any record used to prove identity, age, residential address, social security number, or other personal information, RCW 42.56.230(7)(a); 3.  Personal information in files maintained for employees, appointees, or elected officials of any public agency to the extent that disclosure would violate their right to privacy, RCW 42.56.230(3).  In addition, the PRA RCW 42.56.070(1) prohibits disclosure of information that is exempted under other statutes, specifically; 1. Information contained in the claim files and records of injured workers, RCW 51.28.070; 2.  Records maintained by the employment security department and subject to chapter 50.13 RCW if provided to another organization for operational, research, or evaluation purposes are exempt from disclosure under this chapter, RCW 42.56.410; 3.  Preliminary drafts, note, recommendations, intra-agency memorandums in which opinions are expressed or policies formulated or recommended RCW 42.56.280; 4.  Health care information, RCW 70.02.

109.  Dalessio had a right to expect that Defendants would comply with the law to protect her private and confidential information from disclosure.  Dalessio has a constitutionally protected right "in avoiding disclosure of personal matters."  *In re Crawford,* 194 F. 3d 954, 958 (9th Cir. 1999).

110.  Dalessio had a right not to have her private and confidential information collected in absence of evidence of criminal wrongdoing as a part of her right to privacy and right to be left alone and the liberty interests created by state and federal law, and the principle of substantive due process found in the Fourteenth Amendment to the United States Constitution.

111.  Defendants also deprived Dalessio of substantive due process by arbitrary and capricious government action which was not rationally related to a legitimate government interest.  Dalessio's liberty rights include deprivation of her reputation, the possibility of identity theft, and her personal safety and security, thereby violating Dalessio's right to due process under the Fourteenth Amendment of the United States Constitution.

112.  Defendants damaged Dalessio's standing in the community and/or imposed the

First Amended Complaint
Case 2:17-cv-00642
19
Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

disclosure of her private and confidential information that affects her safety and security, and forecloses her freedom to conduct her private affairs in private and as she sees fit.

113.  As a direct and proximate result of defendants' unlawful acts, Dalessio has suffered economic harm.

114.  As a direct and proximate cause of defendants' unlawful acts, Dalessio has suffered physical harm.

115.  As a direct and proximate result of defendants' unlawful acts, Dalessio has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined at the jury trial.

116. Dalessio seeks equitable relief in the form of having her private and confidential information redacted or destroyed from Defendant UW.

117.  Dalessio seeks equitable relief in the form of Defendant UW providing a complete list of every person(s), business, entity, governmental organization who received a copy of Dalessio's records unlawfully.

118.  Dalessio seeks recovery of all equitable relief, compensatory damages, and punitive damages as provided by law, in addition to reimbursement of her reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927, if appropriate.

119.  Defendants' conduct toward Dalessio demonstrated a wanton, reckless, or callous indifference to the constitutional rights of Dalessio, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

## [Stricken] SECOND CAUSE OF ACTION

120. **[Stricken]**

121. **[Stricken]**

122. **[Stricken]**

123. **[Stricken]**

124. **[Stricken]**

125. **[Stricken]**

126. **[Stricken]**

First Amended Complaint
Case 2:17-cv-00642

20

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1    127. **[Stricken]**

2    128. **[Stricken]**

3    129. **[Stricken]**

4    130. **[Stricken]**

5    131. **[Stricken]**

6    132. **[Stricken]**

7    133. **[Stricken]**

8    134. **[Stricken]**

9    135. **[Stricken]**

10   136. **[Stricken]**

11   137. **[Stricken]**

12   138. **[Stricken]**

13   139. **[Stricken]**

14   140. **[Stricken]**

15   141. **[Stricken]**

16   142. **[Stricken]**

17   143. **[Stricken]**

18   144. **[Stricken]**

19   145. **[Stricken]**

20   146. **[Stricken]**

21

22   **THIRD CAUSE OF ACTION**
     **42 U.S.C. § 1983**
23   **Fourth Amendment**
     **of the United States Constitution**
24

25   **Against Defendants Saunders, Swenson, Tapper, Palmer, Does 1-12**

26   147.  Plaintiff incorporates by reference paragraphs 1 through 97 as fully set forth herein.

27   148.  The Fourth Amendments to the United States Constitution, protects against

28   unreasonable searches and seizures.

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

149.  The acts of Defendants were taken under the color of state law.

150.  Government institutions searching employees medical files can be considered searches under the Fourth Amendment to the United States Constitution.  *Norman-Bloodsaw v. Lawrence Berkeley Laboratory*, 135 F. 3d 1260, 1269 (9th Cir. 1998).

151.  By Defendants searching Dalessio's personnel file, laboratory medical file, and disability services file, Defendants violated Dalessio's right to be free from unreasonable searches and seizures and to be secure in her person, house, papers and effects in violation of Article I, Section 7 of the Washington Constitution, as well as in violation of the Fourth Amendment of the United States Constitution.

152.  It is under belief that Defendants Saunders, Tapper, Swenson, Palmer and Does 1-12 encouraged, sanctioned, and ratified a practice of searching and producing documents out of personnel files, laboratory medical file, and disability services file, violating Dalessio's right to be free from unreasonable searches and seizures and to be secure in her person, house, papers and effects in violation of Article I, Section 7 of the Washington Constitution, as well as in violation of the Fourth Amendment of the United States Constitution, made applicable to the State of Washington through the Fourteenth Amendment and made actionable by 42 U.S.C. § 1983.

153. Defendants are legally required to comply with Health Information Portability and Accountability Act, 42 U.S.C. § 1320d–6(a)(3) which states violation occurs when a person knowingly "discloses individually identifiable health information to another person."

154.  Pursuant to 45 CFR § 164.512(a) a covered entity may only disclose protected health information "to the extent that such use or disclosure is required by law and the use or disclosure complies with and is limited to the relevant requirements of such law."

155.  Defendants are legally required to comply with the Americans With Disabilities Act, 42 U.S.C. § 12112(d)(3)(B) and 42 U.S.C. § 12112(d)(4)(C) requires that medical records be kept separately from nonconfidential information, and that access to confidential files be limited. Defendants had an obligation to ensure that your medical records remained confidential and were not commingled with other records which then could be produced to unauthorized individuals in response to PRA requests.

First Amended Complaint

Case 2:17-cv-00642

22

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

156.  Defendants had an obligation to adopt policies, procedures, and safeguards to prevent unauthorized access to Dalessio's medical records, pursuant to 42 U.S.C. § 12112(d)(3)(B) and 42 U.S.C. § 12112(d)(4)(C).

157.  Defendants had no legal authority to make searches under the PRA for Protected Health Information under HIPAA, or protected medical documents and requests for accommodations under the Americans with Disabilities Act, in violation of Article I, Section 7 of the Washington Constitution, as well as in violation of the Fourth Amendment of the United States Constitution, made applicable to the State of Washington through the Fourteenth Amendment and made actionable by 42 U.S.C. § 1983.

158.  It is under belief, that Defendants' constitutional abuses and violations were and are directly caused by policies, practices and/or customs devised, implemented enforced, encouraged, sanctioned, by Defendants Saunders, Tapper, Swenson, Palmer and Does 1-12.

159.  As a direct and proximate result of defendants' unlawful acts, Dalessio has suffered economic harm.

160.  As a direct and proximate cause of defendants' unlawful acts, Dalessio has suffered physical harm.

161.  As a direct and proximate result of defendants' unlawful acts, Dalessio has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined at the jury trial.

164.  Dalessio seeks recovery of all equitable relief, compensatory damages, and punitive damages as provided by law, in addition to reimbursement of her reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927, if appropriate.

165.  Defendants' conduct toward Dalessio demonstrated a wanton, reckless, or callous indifference to the constitutional rights of Dalessio, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

First Amended Complaint
Case 2:17-cv-00642

23

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

**FOURTH CAUSE OF ACTION**
**Declaratory Judgment, 28 U.S.C. §2201, et. seq.**

**Against Defendants UW, Saunders, Swenson, Tapper, Palmer, Does 1-12**

166.  Plaintiff incorporates paragraphs 1 through 97 as set forth herein.

167.  Defendants violated Dalessio's substantive due process rights when it/they unlawfully disclosed private and confidential information about her to third parties including, but not limited to: Dalessio's social security number; Dalessio's date of birth, Dalessio's place of birth; Dalessio's personal home address; Dalessio's personal phone number; Dalessio's personal email address; Dalessio's employee identification number; Dalessio's payroll records; Dalessio's protected health information under both federal laws the Health Insurance Portability and Accountability Act ("HIPAA"), and the Americans with Disabilities Act ("ADA"); Dalessio's requests for accommodation under the ADA; comments by other employees about Dalessio's disabilities; Dalessio's employee job classification and salary and benefits information; Dalessio's employment security records; Dalessio's job performance evaluations and allegations related to alleged misconduct; Dalessio's work and leave records; Dalessio's previous legal surnames; Dalessio's signature.

168.  Defendants violated Dalessio's Fourth Amendment rights when it/they unreasonably searched Dalessio's personnel file, laboratory medical file, and disability services file, Defendants violated Dalessio's right to be free from unreasonable searches and seizures and to be secure in her person, house, papers and effects in violation of Article I, Section 7 of the Washington Constitution, as well as in violation of the Fourth Amendment of the United States Constitution.

169.  Dalessio is entitled to an order from the Court that Defendants violated her substantive due process rights.

170.  Dalessio is entitled to an order form the Court that Defendants violated her Fourth Amendment rights.

171.  Dalessio seeks equitable relief in the form of having her records deleted from her file, pursuant to the 2003 settlement agreement and other legal authority.

172.  Dalessio also seeks training and accountability for the invasion of her civil liberties

First Amended Complaint
Case 2:17-cv-00642
24
Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1   and others.

2       173.  Dalessio seeks equitable relief in the form of providing training in the protection of

3   private and confidential information, especially in the areas of: employee personnel files,

4   disability services files, medical records, social security numbers and dates of birth.

5       174.  Dalessio is entitled to reasonable attorney's fees and costs pursuant to 42. U.S.C.

6   § 1988 and 28 U.S.C. § 1927, if appropriate.

7                       **[Stricken] FIFTH CAUSE OF ACTION**

8       175. **[Stricken]**

9       176. **[Stricken]**

10      177. **[Stricken]**

11      178. **[Stricken]**

12      179. **[Stricken]**

13      180. **[Stricken]**

14      181. **[Stricken]**

15      182. **[Stricken]**

16

17                          **SIXTH CAUSE OF ACTION**
                            **Breach of Contract**

18                          **Against Defendant UW**

19      183.  Plaintiff incorporates paragraphs 1 through 97 as set forth herein.

20      184.  Dalessio and Defendant UW entered into a contract/settlement agreement in 2003.

21      185.  Defendant UW breached this 2003 contract/settlement agreement by failing to

22  remove certain specific documents from Dalessio's official personnel file and from all

23  Department of Labaorary Medicine files.

24      186.  On January 10, 2003 Dalessio was told by Washington Assistant Attorney General

25  Jeffrey Davis that the documents in question have collected and sequestered pursuant to the 2003

26  contract/settlement agreement.

27      187.  On or about February 2017, Dalessio received documents to her PRA request PR

28  2016-00760. In those documents were documents from her personnel file and from the

Department of Laboratory Medicine files.  This is when Dalessio first learned of Defendant UW's breach of the 2003 contract/settlement agreement.

188.  Dalessio performed her duties under the 2003 contract/settlement agreement.  At no time did Defendant UW notify Dalessio that she did not satisfy the terms of the 2003 contract/settlement agreement.

189.  Dalessio suffered actual and foreseeable damages a result of Defendant UW's breach.

190.  But for Defendant UW's breach of the 2003 contract/settlement agreement, many of the private and confidential documents disclosed concerning Dalessio through PRA requests to Betz and others, would have not occurred.

### SEVENTH CAUSE OF ACTION
### Common Law Tort
### Public Disclosure of Private Facts

### Against Defendants Saunders, Swenson, Tapper, Palmer, Does 1-12

191.  Plaintiff incorporates paragraphs 1 through 97 as set forth herein.

192.  Washington case law recognizes the common law tort of public disclosure of private facts.  *See e.g. Hearst v. Hoppe*, 90 Wn.2d 123, 135 (1978).

193.  At all relevant times, Dalessio was a resident of the State of Washington.

194.  Defendants gave publicity to matters pertaining to Dalessio's private life by disclosing through the PRA her: Dalessio's social security number; Dalessio's date of birth; Dalessio's place of birth; Dalessio's personal home address; Dalessio's personal phone number; Dalessio's personal email address; Dalessio's employee identification number; Dalessio's payroll records; Dalessio's protected health information under both federal laws the Health Insurance Portability and Accountability Act ("HIPAA"), and the Americans with Disabilities Act ("ADA"); Dalessio's requests for accommodation under the ADA; comments by other employees about Dalessio's disabilities; Dalessio's employee job classification and salary and benefits information; Dalessio's employment security records; Dalessio's job performance evaluations and allegations related to alleged misconduct; Dalessio's work and leave records; Dalessio's previous

First Amended Complaint
Case 2:17-cv-00642
26
Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

legal surnames; Dalessio's signature.

195.  Disclosing information, listed in paragraph 192 of this complaint, through the PRA would be highly offensive to a reasonable person.

196.  None of the information listed in paragraph 192 of this complaint is of legitimate concern to the public.

197.  The disclosure of the documents through the PRA is a public disclosure.

198.  As a direct and proximate result of defendants' unlawful acts, Dalessio has suffered economic harm.

199.  As a direct and proximate cause of defendants' unlawful acts, Dalessio has suffered physical harm.

200.  As a direct and proximate result of defendants' unlawful acts, Dalessio has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined at the jury trial.

201.  Defendants' conduct toward Dalessio demonstrated a wanton, reckless, or callous indifference to the constitutional rights of Dalessio, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

### EIGHTH CAUSE OF ACTION
### Injunctive Relief

### Against Defendants Saunders, Swenson, Tapper, Palmer, Does 1-12

200.  Plaintiff incorporates paragraphs 1 through 97 as set forth herein.

201.   Dalessio has a constitutionally protected expectation of privacy in personal identifying information based on Article 1, Section 7 of the Washington State Constitution.

202.  Dalessio's personal identifying information is exempt from disclosure under the PRA.  Disclosure of Dalessio's identifying information would not be in the public interest, and would continue to substantially and irreparably damage Dalessio and her privacy interest.

203.  Dalessio has no other adequate remedy at law.  The PRA, RCW 42.56.540, allows a Court to enjoin the release of public records when the release would clearly not be in the public interest and would substantially and irreparably damage any person.  Final injunctive relief is

First Amended Complaint

Case 2:17-cv-00642

27

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

necessary to protect Dalessio from the release of exempt private information.

## V.  Prayer for Relief

Wherefore, Plaintiff Dalessio prays for judgment against the defendants as follows:

1.  Economic damages in an amount to be determined at trial;

2.  Compensatory damages in an amount to be determined at trial;

3.  All available equitable relief and damages in amounts to be determined at trial;

4.  Punitive damages consistent with the claims above against defendants in amounts to be determined at trial;

5.  Reasonable attorney's fees and litigation expenses/costs herein, including expert witness and expenses, consistent with the claims above against defendants; and

6.  Grant other relief as just and proper.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL**.

DATED this 12th day of March, 2018                    Law Office of Joseph Thomas

                                                            ____/s/ Joseph Thomas_____
                                                            Joseph Thomas, WSBA 49532