The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JULIE DALESSIO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON, a Washington Public Corporation; ELIZA SAUNDERS, Director of the Office of Public Records, in her personal and official capacity; ALISON SWENSON, Compliance Analyst, in her personal capacity; PERRY TAPPER, Public Records Compliance Officer, in his personal capacity; ANDREW PALMER, Compliance Analyst, in his personal capacity; JOHN or JANES DOES 1-12, in his or her personal capacity,<br><br>Defendants. | No. 2:17-cv-00642-MJP<br><br>DEFENDANTS' MOTION TO AMEND ANSWER TO ADD TWO AFFIRMATIVE DEFENSES<br><br>Noted: July 27, 2018 |

## I.   INTRODUCTION

Defendants respectfully request permission for leave to amend their Answer to Plaintiff's First Amended Complaint to add two affirmative defenses: Good Faith Immunity under RCW 42.56.060 and Discretionary Immunity. Defendants bring this motion prior to the deadline for amending pleadings, and have not sought to amend their Answer previously. This is the second Answer filed in this lawsuit, but that resulted from the Court granting permission to Plaintiff to Amend her Complaint after she was appointed counsel. The Court has issued an entirely new case schedule which reset almost all of the court deadlines, and Plaintiff will suffer no prejudice from this amendment. Attached as

DEFENDANTS' MOTION TO AMEND ANSWER TO
ADD TWO AFFIRMATIVE DEFENSES - 1
2:17-cv-00642-MJP

1010-00051/370420.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

**Exhibit 1** is a copy of the proposed amended Answer.

## II. STATEMENT OF FACTS

Plaintiff filed a First Amended Complaint on April 12, 2018, adding four named individual Defendant-employees of the University and twelve new "Jane/John Doe" Defendants who appear to be either current or former employees of the University. *Dkt. 82*. Defendants filed an Answer to Plaintiff's First Amended Complaint on June 12, 2018. *Dkt. 95*. The Court issued a new case schedule on June 19, 2018, *Dkt. 96*, which essentially reset the case. The new (relevant) deadlines are now:

- Deadline for filing amended pleadings – July 27, 2018
- All motions related to discovery – November 7, 2018
- Discovery completed by – December 7, 2018
- Dispositive motions – January 7, 2018

*Id.* Plaintiff's counsel was unavailable from June 27 to July 11, 2018. *Dkt. 69*. Despite attempts by email and phone, the parties were unable to agree to a stipulation to amend the answer prior to the deadline for filing amended pleadings. *Chen Decl.*, at ¶ 2.

## III. ARGUMENT AND ANALYSIS

Amendments to a pleading after twenty-one days from the date of service may only be granted with the opposing party's written consent or the court's leave. FRCP 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Defendants seek leave to add two affirmative defenses: Good Faith Immunity under RCW 42.56.060 and Discretionary Immunity.

### A. One or More Defendants Are Entitled to Good-Faith Immunity for All State-Law Claims.

"No public agency, public official, public employee, or custodian shall be liable, nor shall a cause of action exist, for any loss or damage based upon the release of a public record if the public agency, public official, public employee, or custodian acted in good

DEFENDANTS' MOTION TO AMEND ANSWER TO
ADD TWO AFFIRMATIVE DEFENSES - 2
2:17-cv-00642-MJP
1010-00051/370420.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

faith in attempting to comply with the provisions of this chapter." RCW 42.56.060. This immunity acts as a **complete bar** to state law claims in PRA cases. *Nicholas v. Wallenstein*, 266 F.3d 1083, 1087 (9th Cir.2001) ("Under the PDA, good faith was a complete defense. Wash. Rev.Code § 42.17.258. As Graber had consulted county counsel, there was no doubt that he had acted in good faith. None of the plaintiffs' state law claims survived this conclusion.")[1]; *Levine v. City of Bothell*, No. 2:11-CV-1280-MJP, 2012 WL 2567095, at *3-4 (W.D. Wash. July 2, 2012) (Unpublished.)

Plaintiff's First Amended Complaint contains state law claims against a number of individual Defendants based on their production of documents or other acts involved in locating and transmitting documents pursuant to the Public Records Act, including a "Common Law Tort" claim for "Public Disclosure of Private Facts" allegedly caused by staff efforts to comply with the obligations of the PRA. *Dkt. 82*, at p. 26. Plaintiff's state law claims will be barred by this immunity, and therefore it is in the interests of justice to permit Defendants' leave to add this affirmative defense.

### B. One or More Defendants Are Entitled to Discretionary Immunity.

Washington courts have repeatedly found that "in any organized society there must be room for basic governmental policy decision and the implementation thereof, unhampered by the threat or fear of sovereign tort liability. In other words, it is not a tort for government to govern." *Avellaneda v. State*, 167 Wash. App. 474, 480, 273 P.3d 477, 480 (2012) (internal quotations and citations omitted.)

> Holding that it is necessary to draw the line between "truly discretionary and other executive and administrative processes," the *Evangelical* court announced a four-factor test to determine when discretionary immunity applies:
>
> (1) Does the challenged act, omission, or decision necessarily involve a basic governmental policy, program, or objective?
> (2) Is the questioned act, omission, or decision essential to the realization or accomplishment of that policy, program, or objective as opposed to one which would not change the

---

[1] RCW 42.17.258 (formerly known as the "Public Disclosure Act") has been recodified as RCW 42.56.060 (now known as the "Public Records Act".)

DEFENDANTS' MOTION TO AMEND ANSWER TO ADD TWO AFFIRMATIVE DEFENSES - 3
2:17-cv-00642-MJP
1010-00051/370420.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

> course or direction of the policy, program, or objective? (3) Does the act, omission, or decision require the exercise of basic policy evaluation, judgment, and expertise on the part of the governmental agency involved? (4) Does the governmental agency involved possess the requisite constitutional, statutory, or lawful authority and duty to do or make the challenged act, omission, or decision?

*Id. (citing Evangelical United Brethren Church of Adna v. State*, 67 Wash.2d 246, 407 P.2d 440 (1965)).

Plaintiff has named Eliza Saunders, Director of the Office of Public Records, presumably based solely on Plaintiff's belief of her role in oversight of the Office of Public Records and Open Meetings.  There is no evidence that Eliza Saunders made any redactions or specific decisions relevant to the information Plaintiff believes was improperly disclosed, or that she personally located, provided, or produced any documents.  Presumably, Plaintiff has named her in her capacity as the Director and for alleged actions related to developing basic governmental programs and policies of the University of Washington Office of Public Records for processing of millions of documents requested, reviewed, and produced (or redacted or withheld as exempt) each year. ("It is under belief that Defendants Saunders, Tapper, Swenson, Palmer and Does 1-12 encouraged, sanctioned, and ratified a practice of searching and producing documents out of personnel files, laboratory medical file, and disability services file." *First Amended Complaint*, at ¶ 152.)

The PRA requires that public agencies search all places where responsive documents may be located. ("The adequacy of a search is judged by a standard of reasonableness, that is, the search must be reasonably calculated to uncover all relevant documents." *Neighborhood All. of Spokane Cty. v. Spokane Cty.*, 172 Wash. 2d 702, 720, 261 P.3d 119, 128 (2011)).  Any act or decision by Eliza Saunders, and potentially other defendants (depending on the allegations after they are clarified) regarding, for example, a practice or policy of how departments identify, locate, and collect documents pursuant to the requirements of the Public Records Act, as well as how to evaluate for potential exemptions involves the exercise of basic policy evaluation, judgment, and expertise

DEFENDANTS' MOTION TO AMEND ANSWER TO ADD TWO AFFIRMATIVE DEFENSES - 4
2:17-cv-00642-MJP
1010-00051/370420.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

necessary to implement programs to meet the statutory requirements of the PRA in an enormous public agency like the University of Washington. These decisions would likely be entitled to discretionary immunity under State law.  Public officials weigh the risks and benefits when crafting how departments will respond to requests for documents based on the public official's knowledge and expertise with the goal of complying with the PRA. Depending on how Plaintiff's claims materialize, it is entirely possible that claims against one or more defendants will be dismissed on the basis of discretionary immunity.

### C. The Requested Amendment Serves the Purposes of Justice.

The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." FRCP 1.  It serves the interests of justice to permit additional, non-prejudicial affirmative defenses that may lead to the efficient dismissal of some or all defendants or claims.  Plaintiff will not suffer any prejudice from these amendments, as she is still months away from the discovery deadline, and she has yet to take any depositions.

### IV. CONCLUSION

For the reasons stated above, Defendants respectfully request the Court grant their motion to amend their Answer.

DATED:  July 12, 2018

KEATING, BUCKLIN & McCORMACK, INC., P.S.


By: */s/ Jayne L. Freeman*
Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for Defendant

801 Second Avenue, Suite 1210
Seattle, WA  98104-1518
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: jfreeman@kbmlawyers.com

DEFENDANTS' MOTION TO AMEND ANSWER TO ADD TWO AFFIRMATIVE DEFENSES - 5
2:17-cv-00642-MJP
1010-00051/370420.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

# CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiff**

Mr. Joseph Thomas
14625 SE 176th Street, Apt. N-101
Renton, WA 98058-8994
Telephone: (206) 390-8848
Email: joe@joethomas.org

DATED: July 12, 2018

/s/ Jayne L. Freeman
Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for Defendant
801 Second Avenue, Suite 1210
Seattle, WA 98104-1518
Phone: (206) 623-8861
Fax: (206) 223-9423
Email: jfreeman@kbmlawyers.com

DEFENDANTS' MOTION TO AMEND ANSWER TO ADD TWO AFFIRMATIVE DEFENSES - 6
2:17-cv-00642-MJP
1010-00051/370420.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423