The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIE DALESSIO, an individual, | No.  2:17-cv-00642-MJP |
| Plaintiff, | PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION FOR LEAVE TO AMEND ANSWER |
| v. | |
| UNIVERSITY OF WASHINGTON, a Washington Public Corporation; Eliza Saunders, Director of the Office of Public Records, in her personal and official capacity; Alison Swenson, Compliance Analyst, in her personal capacity; Perry Tapper, Public Records Compliance Officer, in his personal capacity; Andrew Palmer, Compliance Analyst, in his personal capacity; John or Jane Does 1-12, in his or her personal capacity, | Noted: July 27, 2018 |
| Defendant. | |

## I.  Relief Requested

Plaintiff Julie Dalessio ("Dalessio") requests this court to deny Defendants' Motion for Leave to Amend the Answer because it would unduly prejudice Ms. Dalessio.

## II.  Statement of Fact

Plaintiff Julie Dalessio filed this action against Defendant University of Washington ("UW") in in King County Superior Court in March of 2017, alleging state law claims under the

Response to Motion to Amend Answer
Case 2:17-cv-00642

1

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

Public Records Act (RCW Ch. 42.56), breach of privacy, breach of contract, and defamation, and Federal civil rights and discrimination claims. Dkt. #1-1; Dkt. 75 at 1.

On April 26, 2017, UW filed an Answer to Dalessio's Complaint. Dkt. 4.  In the April 26, 2017 Answer, UW claimed nine (9) separate affirmative defenses, including in pertinent part: 1. Good Faith; and 2. Discretionary Immunity.  *See* Dkt. 4 at 10-11. Specifically, UW argued in terms of good faith; "[t]hat the Defendant at all times acted in good faith in the performance of their duties and are therefore immune from suit for the matters charged in Plaintiff's complaint. This affirmative defense includes the good faith immunity provided under the PRA pursuant to RCW 42.56.060." *Id.* at 10.

Then in terms of discretion immunity UW argued: "[t]hat all actions of the Defendant herein alleged manifest a reasonable exercise of judgment and discretion by authorized public officials made in the exercise of governmental authority entrusted to them by law and are neither tortious nor actionable."

On December 12, 2017 this Court issued a written Order Appointing Pro Bono Counsel because Ms. Dalessio "articulated colorable claims and that the complexity of the issues warrants appointment of counsel to assist her in this proceeding."  Dkt. 65.  On January 19, 2018, pro bono counsel was appointed to assist Ms. Dalessio with the colorable claims asserted.  Dkt. 67.

On April 06, 2018, this Court issued a written order granting Ms. Dalessio's motion to file an amended complaint. Dkt. 80.  On April 12, 2018, Ms. Dalessio filed her first amended complaint. Dkt. 82.

On June 06, 2018, Ms. Dalessio served upon Defendants Plaintiff's First Set of Discovery Requests.

On June 12, 2018, Defendants filed its answer to the first amended complaint. Dkt. 95.

In the Joint Status Report, from February 20, 2018, the attorney for Ms. Dalessio, Joseph Thomas, identified to Defendants and to this Court that he would be unavailable from June 27-July 11, 2018. Dkt. 69 at 12.

Defendants' attorney Derek Chen contacted Plaintiff's attorney Joseph Thomas for the first time on July 11, 2018 during his unavailability, to notify Plaintiff that Defendants would be

1   filing a Motion for Leave to Amend Answer the next day, unless Mr. Thomas stipulated to an

2   agreement with fundamental factual errors.  Dkt. 98.

3   ### III.  Argument

4        This Court must reject Defendants motion for leave to amend the answer to add the two

5   proposed affirmative defenses of good faith immunity and discretionary immunity.

6        Under the pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure

7   "an answer must 'state in short and plain term's the defenses to each claim asserted against

8   defendant in order to provide plaintiffs with fair notice of the defense(s)," *Hayden v. US*, 147 F.

9   Supp. 3d 1125, 1127 (D. Oregon 2015) (citing Fed.R.Civ.P. 8(b)(1)(A)).   Another pleading

10   standard under is Rule 8(c) stating an "affirmative defense is a defense that does not negate the

11   elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the

12   plaintiffs claim are proven." *Hayden*, 147 F. Supp. 3d at 1127; *Barnes v. AT & T Pension Benefit*

13   *Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1171-72 (N.D.Cal.2010) (citation and

14   quotations omitted). "An insufficiently pleaded defense fails to comply with Rule 8 pleading

15   requirements by not providing 'plaintiff [with] fair notice of the nature of the defense' and the

16   grounds upon which it rests. *Hayden*, 147 F. Supp. 3d at 1127 (citing *Wyshak v. City Nat'l Bank*,

17   607 F.2d 824, 827 (9th Cir.1979)).

18        An affirmative defense is legally insufficient if it "lacks merit under any set of facts the

19   defendant might allege." *Dodson v. Strategic Rests. Acquisition Co. II, LLC*, 289 F.R.D. 595, 603

20   (E.D. Cal. 2013), abrogated on other grounds by *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016,

21   1019 (9th Cir. 2015). *McArdle v. AT&T Mobility, LLC*, 657 F. Supp. 1140, 1149-50 (N.D. Cal.

22   2009).

23       **1.   The Good Faith Immunity proposed affirmative defense is insufficiently pled**

24            **and legally insufficient and must not be allowed to be added as an affirmative**

25            **defense**

26          **a.   Good Faith Immunity is insufficiently pled**

27        There is no notice to Plaintiff of which claims or defendants this proposed affirmative

28   defense applies.  To fulfill its pleading standard under Rule 8, Defendants must assert the

affirmative defense in such way to give fair notice of the nature of the defense.

First, Defendants do not give fair notice which cause of action the proposed good faith immunity affirmative defense would apply to.  Plaintiff is asserting six legal causes action in the First Amended Complaint. Dkt. 82 at 17-28.  These causes of action are diverse, including: constitutional torts, state common law torts, breach of contract, and equitable remedies.  *Id.*  The record is absent in the proposed amended answer, Docket 97-1, of which causes of action this proposed affirmative defense would apply to.  As it is currently pled, this affirmative defense could possibly be used to argue against all or none of Plaintiff's causes of actions. When Defendants do not identify which claims the proposed affirmative defense is being applied to it leaves the Plaintiff in an untenable position to guess as to the nature of the defense and which causes of action it will be applied to.

Second, Defendants do not give fair notice which separate and individual defendants the proposed good faith immunity affirmative defense would apply to.  There are five named defendants and twelve John or Jane Does in this action.  *See* Dkt. 82 at 1.  Furthermore, each of the six causes of action list different defendants, in other words, the defendants are not uniform throughout the different causes of action. Dkt. 82 at 17-28.  As it is currently pled, this affirmative defense could possibly be applied to all or none of the defendants, named and not named. When Defendants do not identify which defendants the proposed affirmative defense is being applied to, it leaves the Plaintiff in an untenable position to guess as to the nature of the defense and which defendants it will be applied to.

### b.  Good Faith Immunity is a legally insufficient defense

The Public Records Act is not a cause of action in this lawsuit under the first amended complaint, Docket 82, therefore this defense "lacks merit under any set of facts the defendant might allege." *McArdle*, 657 F. Supp. at 1149-50.

Good faith immunity is a statutory based defense, as it is proposed by Defendants in the proposed affirmative defense.  *See* RCW 42.56.060.  As a statutory based defense, good faith immunity can only be applied to lawsuits where the Public Records Act is a cause of action.

Defendants even admit that good faith immunity as pled only applies to lawsuits where

the Public Records Act is a cause of action.  Defendants explain in their motion for leave that good faith "immunity acts as a complete bar to state law claims in PRA cases." Dkt. 97 at 3. Their case citations support legal premise as well. Defendants cite *Nicholas v. Wallenstein*, 266 F.3d 1083, 1087 (9th Cir.2001) which expressly states "[u]nder the PDA, good faith was a complete defense." Dkt. 97 at 3.  Thus, RCW 42.56.060 can only be used when the Public Records Act is a cause of action.

This is an insufficient legal defense as a matter of law and it would be futile for this court to add it as an affirmative defense because the Public Records Act is not a cause of action in this lawsuit.  Legally, the Public Records Act can only be a cause of action when documents are wrongfully withheld.  *See* RCW 42.56.550(4) (stating causes of action under the Public Records Act are for either "the right to inspect or copy any public record or the right to receive a response to a public record request within a reasonable amount of time").

Because even Defendants acknowledge that good faith immunity, as it is pled here, only occurs when the Public Records Act is a cause of action, this legally insufficient.

**2.  The Discretionary Immunity proposed affirmative defense is insufficiently pled and legally insufficient and must not be allowed to be added as an affirmative defense**

**a.  Discretionary Immunity is insufficiently pled**

There is no notice to Plaintiff of which claims or defendants this proposed affirmative defense applies.  To fulfill its pleading standard under Rule 8, Defendants must assert the affirmative defense in such way to give fair notice of the nature of the defense.

First, Defendants do not give fair notice which cause of action the proposed discretionary immunity affirmative defense would apply to.  Plaintiff is asserting six legal causes action in the First Amended Complaint. Dkt. 82 at 17-28.  These causes of action are diverse, including: constitutional torts, state common law torts, breach of contract, and equitable remedies.  *Id.*  The record is absent in the proposed amended answer, Docket 97-1, of which causes of action this proposed affirmative defense would apply to.  As it is currently pled, this affirmative defense could possibly be used to argue against all or none of Plaintiff's causes of actions. When

1   Defendants do not identify which claims the proposed affirmative defense is being applied to it

2   leaves the Plaintiff in an untenable position to guess as to the nature of the defense and which

3   causes of action it will be applied to.

4       Second, Defendants do not give fair notice which separate and individual defendants the

5   proposed discretionary immunity affirmative defense would apply to.  There are five named

6   defendants and twelve John or Jane Does in this action.  *See* Dkt. 82 at 1.  Furthermore, each of

7   the six causes of action list different defendants, in other words, the defendants are not uniform

8   throughout the different causes of action. Dkt. 82 at 17-28.  As it is currently pled, this affirmative

9   defense could possibly be applied to all or none of the defendants, named and not named. When

10  Defendants do not identify which defendants the proposed affirmative defense is being applied to,

11  it leaves the Plaintiff in an untenable position to guess as to the nature of the defense and which

12  defendants it will be applied to.

13      **b.  Discretionary Immunity is a legally insufficient defense**

14      Discretionary immunity is an insufficient legal defense and it would be futile for this court

15  to add it as an affirmative defense because discretionary immunity "lacks merit under any set of

16  facts the defendant might allege." *McArdle*, 657 F. Supp. at 1149-50.

17      Plaintiff does not allege any cause of action in this lawsuit for any official acts of

18  governmental authority, nor for any decision or act essential to the realization of any legal

19  governmental policy, nor do the defendants possess any lawful authority or duty to make the

20  challenged act.

21      Discretionary immunity is a Washington State Supreme Court doctrine that was created

22  after the Washington State Legislature abolished state sovereign immunity in 1961, which is

23  narrowly applied only if the State can prove "that the decision was the outcome of a conscious

24  balancing of risks and advantages." *Taggart v. State*, 118 Wn.2d 195, 214-15 (1992) (citing *King

25  v. Seattle*, 84 Wn.2d 239, 246 (1974)).  "[T]he decision must be a basic policy decision by a high-

26  level executive."  *Avellaneda v. State*, 273 P. 3d 477, 481 (Wash. Ct. App. 2012); *Taggart,* 118

27  Wash.2d at 215. Washington courts have previously held the decision "whether to dispatch a

28  police officer to the scene of a crime was not protected under discretionary immunity because it

6

1    was not a basic policy decision by a high-level executive." *Taggart,* 118 Wash.2d at 215;

2    *Chambers-Castanes v. King Cy.*, 100 Wn.2d 275, 282 (1983). Washington courts have held the

3    mere element of discretion is not enough to apply discretionary immunity. "We recognize that

4    parole officers' supervisory decisions require the exercise of discretion. The crucial point,

5    however, is that the discretionary immunity exception applies only to basic policy decisions.

6    Parole officers' supervisory decisions, however much discretion they may require, are not basic

7    policy decisions." *Taggart,* 118 Wash.2d at 215.

8         There is no set of facts that the defendant can allege that would meet the threshold of

9    discretionary immunity "because it was not a basic policy decision by a high-level executive."

10    *Taggart,* 118 Wash.2d at 215; *Chambers-Castanes*, 100 Wn.2d at 282.     First, there is no policy

11    decision being made. In fact, the Public Records Officer are performing a ministerial duty of

12    applying the statutory exemptions before producing the documents to the public. *See* RCW

13    42.56.070(1) (stating each agency "shall make available for public inspection and copying all

14    public records, unless the record falls within the specific exemptions"). There is no evidence in

15    statute or otherwise of how the Public Records Officers in this case, when producing records to a

16    lawful Public Records Act request were making "basic policy decision[s]." There is no set of

17    facts that can prove that this is a basic policy decision, as required by well-established

18    Washington State Supreme Court opinions.

19         Second, RCW 42.56070(1), confers a ministerial duty upon Public Records Officers once

20    a lawful Public Records Act request is received. Each agency "shall make available for public

21    inspection and copying all public records, unless the record falls within the specific exemptions."

22    RCW 42.56.070(1). Washington courts construe the word shall as a mandatory duty, or in this

23    context a ministerial duty. *Goldmark v. McKenna*, 259 P. 3d 1095, 1099 (Wash. 2011) (stating

24    "'shall' when used in a statute, is presumptively imperative and creates a mandatory duty unless a

25    contrary legislative intent is shown"); *Phil. II v. Gregoire*, 128 Wash.2d 707, 713, (1996); *State v.*

26    *Krall*, 125 Wash.2d 146, 148 (1994). There is no way that this is a discretionary decision.

27

28

**3.  The motion to grant leave to amend should be denied based upon circuit court factors that determine whether to grant leave to amend**

This Court should deny Defendants motion to amend answer because it would unduly prejudice Ms. Dalessio as demonstrated through the five-factor analysis.

The court ordinarily considers five factors when determining whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the pleadings have previously been amended. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). The court need not consider all of these factors in each case. *Atkins v. Astrue*, No. C 10-0180 PJH, 2011 WL 1335607, at *3 (N.D. Cal. Apr. 7, 2011). The third factor, however, prejudice to the opposing party, is the "touchstone of the inquiry under rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

The first factor is bad faith.  In the context of a motion for leave to amend, "bad faith" means acting with intent to deceive, harass, mislead, delay, or disrupt. *Cf. Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006); *In re Ezzell*, 438 B.R. 108, 117-18 (Bkrtcy. S.D. Tex. 2010). Defendants deliberately attempted to disrupt Ms. Dalessio's pro bono attorney by contacting him during his stated period of unavailability to stipulate to amendments to their answer.   All parties to this lawsuit, including the court, were on notice of Ms. Dalessio's pro bono attorney's unavailability because it was stated in the Joint Status Agreement in February 2018.  Dkt. 69 at 12.  Defendants' attorney Derek Chen recognized that the proposed motion for leave to amend answer was sent during Ms. Dalessio's pro bono attorney unavailability, in his declaration to this Court.  Dkt. 98.  Defendants then harassed Ms. Dalessio and pro bono attorney by stating the amendments to their answer must be stipulated to by the following day or the motion to amend answer would be filed – the equivalent of an ultimatum.  Consequently, Ms. Dalessio's pro bono attorney had less than five hours to review the impending stipulation and the consequential motion to amend answer.  Furthermore, the stipulation was misleading and likely deceitful because it included fundamental misrepresentations of fact where it asked Ms. Dalessio to stipulate to a "cross claim." *See* Joseph Thomas Declaration.

8

1    The second factor is undue delay.  Defendants had knowledge of the affirmative defenses

2    Good Faith Immunity and Discretionary Immunity because each affirmative defenses were pled

3    in Defendants original answer on April 26, 2017.  Dkt. 4.  Defendants are not only proposing the

4    same affirmative defenses they plead in April 2017,  but are using the same exact words

5    attempting to describe the nature of the affirmative defenses in the proposed amended answer.

6    *C.f.* Dkt. 4 at 10-11; Dkt. 97-1 at 19.  "[A] district court must inquire whether the moving party

7    knew or should have known the facts and theories raised by the amendment at the time of the

8    original pleading.  *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973).  Because these

9    affirmative defenses were previously asserted verbatim and not changed this is a strong indicator

10   that Defendants are using dilatory tactics to delay these proceedings.  Moreover, these proposed

11   affirmative defenses were only brought to Ms. Dalessio's pro bono attorney's attention while he

12   was unavailable.  The addition of these affirmative defenses will require more discovery and

13   delay these proceedings even more, over affirmative defenses that were previously asserted

14   verbatim.

15   The third factor is prejudice to opposing party.  Defendants' futile theories of the proposed

16   affirmative defenses have already caused and will continue to cause Ms. Dalessio and her pro

17   bono attorney prejudice by having to respond to these frivolous arguments and by conducting

18   more discovery and wasting more resources on arguments that are legally invalid.  This is a

19   blatant attempt to overburden Ms. Dalessio and her pro bono attorney with legally insufficient

20   arguments.

21   The fourth factor is futility of amendment.  Both Defendants' proposed affirmative

22   defenses are futile because they are legally insufficient.  *C.f. United States v. Corinthian Colleges,*

23   655 F.3d 984, 995 (9th Cir. 2011) (stating an amendment is "futile" if it is clear that the complaint

24   could not be saved by amendment); *McArdle v. AT&T Mobility, LLC*, 657 F. Supp. 1140, 1149-

25   50 (N.D. Cal. 2009) (stating an affirmative defense is legally insufficient if it "lacks merit under

26   any set of facts the defendant might allege").  As argued above, there are no set of facts that can

27   be argued in which the proposed affirmative defenses would have merit.  If there are no set of

28   facts which the affirmative defense could be argued under, then it is futile because no possible

1    amendment could cure the defect.

2            The fifth factor is previous amendments.  A court may also consider whether the moving

3    party has had previous opportunities to amend its pleadings. A district court's discretion to deny

4    amendment is especially broad when the court has already given a plaintiff one or more

5    opportunities to amend. *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002); *Mir.*

6    *v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980).  Defendants have had ample opportunity to amend

7    their answer previously, and only chose to amend their answer when Ms. Dalessio's pro bono

8    attorney was unavailable.  Defendants filed their first answer sixty (60) days after the filing of the

9    First Amended Complaint.  *C.f.* Dkt. 95 (Defendants' Answer to First Amended Complaint, June

10   12, 2018); Dkt. 82 (Plaintiff's First Amended Complaint, April 12, 2018).  According to Rule

11   15(a)(3), Defendants had fourteen (14) days to respond to the First Amended Complaint.  The

12   fourteen (14) days would have run on April 26, 2018.  Defendants took their time on providing an

13   answer to the complaint, requiring multiple case schedule revisions.  *See* Dkt. 91; Dkt. 94.

14   Approximately forty-six (46) days after the Rule 15(a)(3) deadline, Defendants filed their answer

15   to the first amended complaint.  Defendants had an additional opportunity to amend its answer

16   pursuant to Rule 15(a)(1)(A) twenty-one (21) days after the service of its answer on June 12,

17   2018 – making the deadline of Rule 15(a)(1)(A) to file an amended answer as a matter of course

18   July 03, 2018.  Defendants made a strategic decision not to amend their answer as a matter of

19   right pursuant to Rule 15(a)(1)(A), but rather wait until the last minute, contact Ms. Dalessio's

20   pro bono attorney while he was unavailable and copy two affirmative defenses verbatim out of

21   the previously filed answer in this lawsuit which neither are legally sufficient.

22                                **IV.  Conclusion**

23            Defendants' motion for leave to amend its answer should be summarily denied because

24   both proposed affirmative defenses are legally insufficient, and the proposed affirmative defenses

25   are only brought to muddy the record, overburden and waste Ms. Dalessio's and her pro bono

26   attorney's scarce resources, and to cause undue delay to his court and this proceeding.

27

28

                                        10

1  Respectfully submitted this 20th day of July, 2018

2                                            Law Office of Joseph Thomas

3                                                ____/s/ Joseph Thomas_____
4                                            Joseph Thomas, WSBA 49532

5

6                              **Certificate of Service**

7          I hereby certify that on 23rd of July, 2018, I filed the foregoing with the Clerk of the

8  Court through the CM/ECF system which will automatically send electronic mail notification of

9  such filing to the CM/ECF registered participants as identified on the Electronic Email Notice

10 List.

11                                               ____/s/ Joseph Thomas_____
                                             Joseph Thomas, WSBA 49532
12                                           14625 SE 176th St., Apt. N101
                                             Renton, WA 98058
13                                           (206) 390-8848

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            11