The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIE DALESSIO, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON, a Washington Public Corporation; Eliza Saunders, Director of the Office of Public Records, in her personal and official capacity; Alison Swenson, Compliance Analyst, in her personal capacity; Perry Tapper, Public Records Compliance Officer, in his personal capacity; Andrew Palmer, Compliance Analyst, in his personal capacity; John or Jane Does 1-12, in his or her personal capacity,<br><br>    Defendant. | No. 2:17-cv-00642-MJP<br><br>PLAINTIFF JULIE DALESSIO'S DECLARATION IN OPPOSITION OF DEFENDANTS' MOTION TO AMEND ANSWER<br><br>Noted: July 27, 2018 |

I, Julie Dalessio, am over the age of 18, have personal knowledge of all the facts stated herein and declare as follows:

1. In January 2018, pro bono counsel Joseph Thomas was appointed by this court to represent me. Since then, Mr. Thomas has been required to contact counsel for defense multiple times for multiple issues. Mr. Thomas copies me on all

Plaintiff Julie Dalessio's Declaration
Case 2:17-cv-00642

1

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

communications with counsel for defense. Mr. Thomas has diligently and professionally communicated with counsel for defense. In return, counsel for defense have subjected Mr. Thomas, along with myself, to the same unprofessional, abusive behavior: not responding in a timely manner to emails, not responding to the substance of the communications, misrepresentations to the court in their submissions (including Ms. Freeman's and Mr. Chen's personal declarations filed in this court), insufficient, frivolous and impertinent answers, disclosures, productions of documents (which are also unnecessarily cumulative and burdensome, totally more than 5000 pages) and misrepresentations of responses to discovery, along with disrespectful, demeaning, unfounded comments and accusations directed towards Mr. Thomas.

2. This has been upsetting to me. Mr. Thomas has spent a fair amount of time trying to convince me to "not take it personally," and has advised me that he doesn't have the time or resources necessary to dispute everything. Mr Thomas has also been the subject of their false and misleading assertions (see for example Dkt. 75 p.12, stating that my court approved motion to amend the complaint was "not brought in good faith" and "untimely.") This has been upsetting to me because I believe that it detracts from time and energy that could be spent productively. I understand the implications of these accusations, and it's upsetting to me that defendants have published these in court records that are widely distributed. Counsel for defense even put Mr. Thomas on notice (February 23, 2018) that his attempts to amend my complaint would be frivolous.

3. This court ordered that an amended complaint be filed by April 13, 2018. The amended complaint was filed on April 12, 2018.

2


4. On June 12, 2018, defendants filed an Answer to the First Amended Complaint (six weeks past the Rule 15, time to respond).

5. This Answer was disturbing to me in that it does not fairly respond to the allegations, does not admit or deny the facts, adds false and deliberately misleading assertions, and improperly pleads defenses, not even identifying which defenses apply to which claims or defendants, or any basis in law or fact for their defenses.  But even more concerning to me were defendants' assertions of what seemed to be counterclaims as affirmative defenses and prayers for relief.

6. My attorney, Mr. Thomas contacted counsel for defense, who responded by email that these were not meant to be counterclaims, but counsel for defense did not indicate any intention to remedy their Answer.

7. I agreed with Mr. Thomas that the best course of action was to move on because of his limited time and resources as well as case law indicating the court's disfavor of motions to strike.  Our hope was that we could obtain required information through restarting discovery, which the parties agreed to, the court ordered, and first discovery requests were served on June 6, 2018.

8. On July 11, 2018, while Mr. Thomas was unavailable as noted in the joint status report, and counsel for defense was aware of this (see Decl. Chen), counsel for defense emailed Mr. Thomas, requesting his signature on a stipulated motion to amend defendants' Answer by the next day, representing that this was the deadline for amending pleadings (the current deadline is actually July 27).   Mr. Chen's email states "We hope you'll agree to stipulate to this minor change, but will file a motion tomorrow if we have to."

9. On July 12 at 10:47 a.m., Mr. Thomas responded with multiple objections, which were ignored by counsel for defense who responded only with conclusory assertions such as "there is no prejudice to your client", inferences such as, you "will create unnecessary additional work for both sides, so we hope you will agree given the low standard for amending and the current case status."

10. On July 12 at 12:19 p.m., Mr. Thomas emailed a response to counsel for defense. I was very upset by the fact that counsel for defense had attempted to mislead, shame and rush Mr. Thomas into signing the proposed stipulated order that states "Plaintiff, by and through her counsel of record and Defendants, by and through their counsel of record, hereby stipulate and agree that Defendants may file a First Amended Answer, Affirmative Defenses, and Cross-Claim (attached with proposed amendments as Exhibit A.)" There was no attachment, and the amended Answer did not specify any cross-claims. Counsel for defendants did not respond adequately to this concern, nor to any of the concerns listed in Mr. Thomas's email. On July 12, 2018 at 3:59 p.m., Defendants filed a motion to amend their answer, despite these concerns.

11. Mr. Thomas reviewed the court rules with me and has directed me to applicable case law, so I believe that we both know that the court disfavors these kinds of motions, and prefers that counsel behave in a professional manner, according to the rules, to resolve issues.

12. I believe that the unprofessional, abusive behaviors by counsel for defense: not responding in a timely manner to emails, not responding to the substance of the communications, misrepresentations to the court in their submissions (including Ms. Freeman's and Mr. Chen's personal declarations filed in this court), frivolous, irrelevant and impertinent declarations, answers, productions of documents (which are

4

also unnecessarily cumulative and burdensome, totaling more than five thousand (5,000) pages of mixed-up, mis-labeled, misleading, incomplete, selected demeaning juxtapositions and compilations of mis-identified or unidentified documents), insufficient Disclosure, and misrepresentations of responses to discovery, along with disrespectful, demeaning, unfounded comments and accusations are all intentional tactics to harass and distract pro bono counsel and myself from more productive work on this case, to unduly burden the limited resources of Mr. Thomas and myself, to muddle the court record, obscure the truth, and cause prejudice. Whether or not these were intentional tactics, the results of this conduct are the same.

13. Mr. Thomas and I have spent time and energy responding to defendants unprofessional conduct, and I know that it has affected my well-being. To me, this is not a game, it's not fun. I brought this action in a good-faith effort to cause the defendants to comply with applicable statutes, codes, policies and contracts and to protect my privacy rights. I know that this action has been unnecessarily delayed by defendants' avoidance tactics and failure to cooperate with discovery. I know that my reputation has suffered due to defendants' actions. Defendants are evidently indifferent to my concerns, worry, and suffering.

14. Mr. Thomas made a good faith attempt to discuss issues with counsel for defense, despite having been contacted while he was unavailable and given less than one day to respond to defendants' email.

15. Defendants took two months to answer the amended complaint, then waited 8 days past the rule 15 deadline for amendments as a matter of course. Defendants waited until the last day of Mr. Thomas's unavailability to decide to amend that answer to include two more insufficient defenses, and to harass and rush Mr. Thomas into

5

signing an agreement that was not as they represented. In their motion to amend the Answer (Dkt. 97), defendants have composed an "Introduction" and "Statement of Facts" that **falsely** implies that this motion was necessitated by the issuance of a new case schedule and Mr. Thomas's unavailability.

16. Whether Defendants' actions are deliberate tactics or simply careless, they have had the same effect - taking up more of Mr. Thomas's and my time and energy, upsetting me, and causing the court to spend extra time and attention on this matter.

17. Defendants' requested amendment does not serve the interests of justice, as the addition of these additional frivolous defenses will unfairly burden the limited time and resources of pro bono counsel, necessitate additional immaterial and burdensome discovery, further delay the proceedings, and unnecessarily burden the court. I will suffer prejudice from the unfounded and irrelevant arguments and assertions that defendants have made, that distract from and confuse the real issues and the facts.

I, Julie Dalessio, declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Respectfully submitted this 25th day of July, 2018

Plaintiff Julie Dalessio

_____
Julie Dalessio

**Certificate of Service**

I hereby certify that on 23rd of July, 2018, I filed the foregoing with the Clerk of the Court through the CM/ECF system which will automatically send electronic mail notification of such filing to the CM/ECF registered participants as identified on the Electronic Email Notice List.

        /s/ Joseph Thomas  
Joseph Thomas, WSBA 49532  
14625 SE 176th St., Apt. N101  
Renton, WA 98058  
(206) 390-8848