The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JULIE DALESSIO, an individual,<br><br>                Plaintiff,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON, a Washington Public Corporation; ELIZA SAUNDERS, Director of the Office of Public Records, in her personal and official capacity; ALISON SWENSON, Compliance Analyst, in her personal capacity; PERRY TAPPER, Public Records Compliance Officer, in his personal capacity; ANDREW PALMER, Compliance Analyst, in his personal capacity; JOHN or JANES DOES 1-12, in his or her personal capacity,<br><br>                Defendants. | No. 2:17-cv-00642-MJP<br><br>REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO AMEND ANSWER<br><br>**Noted For Hearing: Friday, July 27, 2018** |

## I.    REPLY

Plaintiff's opposition relies on outdated standards since clarified by the Ninth Circuit (and adopted by this Court) and fails to substantively dispute Defendants' Motion – much of which answers the alleged "notice" issues Plaintiff raises to oppose it. Nor has Plaintiff demonstrated any prejudice that would result from allowing recently-added individual Defendants to assert immunity defenses to new State law claims against them when the trial date is set for nearly a year away (May 2019).

**A.    Defendants Proposed Amended Answer Meets Pleading Requirements.**

FRCP 8(b)(1) requires responding parties to "state in short and plain terms its

REPLY BRIEF IN SUPPORT OF DEFENDANTS'
MOTION TO AMEND ANSWER - 1
2:17-cv-00642-MJP

1010-00051/372359.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

defenses to each claim asserted against it[.]" "[T]he 'fair notice' required by the pleading standards only requires describing the defense in "general terms." *Kohler v. Flava Ents., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015). This Court recently adopted this interpretation. *See, Cody Inc. v. Falsetti*, 2018 WL 1211749, at *4 (W.D. Wash. Mar. 8, 2018) ("'Detailed pleading' and 'great factual support' are not necessary.") Plaintiff's arguments effectively mimic a motion to strike affirmative defenses, which may only be stricken where "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Id.*, at *4. Defendants proposed Amended Answer and Motion (Dkt. 97) provide sufficient detail as to how the affirmative defenses apply based on the allegations in Plaintiff's Amended Complaint. Nevertheless, Defendants' request leave to file a revised version of the Amended Answer that addresses Plaintiff's identified concerns regarding clarity of application of the defenses to parties and claims. *See*, **Appendix A**.[1]

### B. "Good Faith" Immunity Bars All State Law Claims Against Individual Defendants.

Plaintiff erroneously asserts "good faith immunity can only be applied in lawsuits where the Public Records Act is a cause of action," apparently because one cited case included a PRA claim. Dkt. 99 at p. 4:26-27. This is a basic fallacy. Plaintiff's new claims against all individual Defendants are based solely on performance of job duties while fulfilling obligations under Washington's PRA. Those are the acts for which the legislature has barred claims against public agencies and employees. RCW 42.56.060.

In *Nicholas v. Wallenstein*, Judge Rothstein dismissed **all of Plaintiff's state law tort claims** on the basis of PRA good faith immunity. 266 F.3d 1083, 1087 (9th Cir. 2001). These included "alleged violation of their **common law and Washington State Constitution right to privacy**; negligence; infliction of emotional distress; negligent training and supervision of Graber; violation of … Wash. Rev.Code § 42.17." *Id.* at 1086. (Emphasis

---

[1] Defendants maintain their initial First Amended Answer (Dkt. 97-1) is sufficient under the applicable authority, but have voluntarily attached a more specific version of the First Amended Answer in an attempt to address some of Plaintiff's concerns.

REPLY BRIEF IN SUPPORT OF DEFENDANTS'
MOTION TO AMEND ANSWER - 2
2:17-cv-00642-MJP

1010-00051/372359.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

added.)  While *Nicholas* did include a PRA cause of action as one claim under the previous PRA codification, RCW 42.17, no authority suggests it is a pre-requisite to the application of good faith immunity.  If that were the case, Plaintiffs could intentionally omit a PRA cause of action to avoid the immunity, with absurd results.  *See,* RCW 42.56.060 ("no…public employee… <u>shall be liable</u>, nor shall a <u>cause of action</u> exist, <u>for any loss or damage</u> based upon the release of a public record….") (emphasis added).

In fact, this Court has previously applied RCW 42.56.060 good faith immunity to dismiss numerous state law claims in a case where the plaintiff ***did not*** assert a Public Records Act claim. *Levine v. City of Bothell*, 2012 WL 2567095, at *3 (W.D. Wash. July 2, 2012).  In *Levine*, Plaintiff asserted "several causes of action including violations of the Fourth Amendment, trespass, conversion, negligence, malicious prosecution, and invasion of privacy." *Id.*, at *1; No. 2:11-CV-1280-MJP, at Dkt. 1.  Plaintiff is pursuing claims against sixteen individuals based up their role in the process leading to release of public records pursuant to RCW 42.56; the Complaint does not allege bad faith on the part of any Defendant, nor is there evidence of any.  *See, e.g.*, Dkt. 29, 30, 32,33, 34 (OPR analyst declarations establishing good faith release of public records by Defendant Swenson and that Defendant Palmer only released records to Plaintiff).

### C. Discretionary Immunity Bars State Law Claims Against Individual Defendants to the Extent They are Based on Discretionary, Policy-Level Decisions Alleged in Plaintiff's Amended Complaint.

Plaintiff's response inexplicably ignores the Motion's analysis regarding Defendant Eliza Saunders, for example, leaving the argument unrefuted.  Plaintiff is only suing Ms. Saunders because "[i]t is under belief that Defendant Saunders acted as the Director of the UW Office of Public Records and Open Meetings throughout these occurrences. It is believed she was instrumental in the oversight and implementation of relevant Public Records Act disclosures." *Dkt. 82* at ¶ 42.  Plaintiff further alleges, "It is under belief that Defendant[] Saunders … **encouraged, sanctioned, and ratified a practice of searching and producing documents** out of personnel files, laboratory medical file, and disability services file[.]" *Id.*

REPLY BRIEF IN SUPPORT OF DEFENDANTS'
MOTION TO AMEND ANSWER - 3
2:17-cv-00642-MJP
1010-00051/372359.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

at ¶ 152 (emphasis added).

While administration of the PRA in specific instances may be ministerial, the Act gives agencies discretion as to how to design a program, policies, or procedures for implementing the mandate of the Act in a manner that is feasible for the nature of each agency. For example, *Neighborhood All. of Spokane Cty. v. Spokane Cty.* closely analyzed authority regarding whether a search for documents under the Public Records Act is adequate. 172 Wash. 2d 702, 719-721, 261 P.3d 119 (2011). This discussion reflects that agencies have discretion in determining how far to go about searching for potentially responsive records. High-level decisions made by employees such as the Director of the OPR, as well as Departmental officers, about how to facilitate PRA searches and responses at a public University with more than 25,000 employees and 46,000 students at any given time (excluding former employee/students) across three campuses and myriad other locations throughout the Puget Sound could meet the four-factor test outlined in *Avellaneda v. State*, 167 Wash. App. 474, 480, 273 P.3d 477 (2012).

### D. The *Foman v. Davis* Factors for Amending an Answer Weigh Strongly in Favor of Allowing Defendants to File an Amended Answer Adding Affirmative Defenses on Behalf of Individual Plaintiffs.

Courts in the Ninth Circuit look at the *Foman* factors when determining whether to grant a motion to amend and Answer. *C.F. ex rel. Farnan v. Capistrano Un. Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Horton v. Calvary Portfolio Servs., LLC*, 301 F.R.D. 547, 549 (S.D. Cal. 2014). "The *Foman* factors include '[1] undue delay, bad faith or dilatory motive on the part of the movant, [2] repeated failure to cure deficiencies by amendments previously allowed, [3] undue prejudice to the opposing party by virtue of allowance of the amendment, [and] [4] futility of amendment.'" *Farnan*, at 985, n. 5 (citing *Eminence*, 316 F.3d at 1052.) "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC.*, 316 F.3d at 1052.

REPLY BRIEF IN SUPPORT OF DEFENDANTS'
MOTION TO AMEND ANSWER - 4
2:17-cv-00642-MJP

1010-00051/372359.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

Under either the *Foman* factors or the standard advocated by Plaintiff, prejudice to the opposing party is by far the most important factor. Plaintiff fails to show how this simple amendment prejudices her in any way. In fact, her main argument is that *this motion* will prejudice her, not that the actual affirmative defenses added to Defendants' Answer will. *See*, Dkt. 99. These are simply conclusory assertions that continually emphasize her attorney's status as a "pro bono attorney," which is irrelevant. *Id.*

This case essentially started over in April, with the Defendant University striking a Summary Judgment Motion that had been pending for months, to be re-filed after Plaintiff amended her Complaint. The trial date is not until May 2019, and the deadline for amending pleadings is July 27th, the date this motion is noted for hearing. Plaintiff will suffer no prejudice, whereas individual Defendants would be extremely prejudiced due to the high likelihood of prevailing on one or both purely legal defenses. Therefore, prongs three (prejudice) and four (futility) strongly favor Defendants.

Prong 2 (previous amendments) also favors Defendants as this is the first request to amend Defendants Answer after Plaintiff added numerous new claims and parties. Analysis of when Defendants' *could have* amended the Answer is inapplicable. By that logic, no party could amend as presumably every day would count as a "opportunity to amend." This renders the court's deadline for amending pleadings meaningless, which is presumably considered an acceptable time-period in which to file amended pleadings.

Finally, there has been no "undue delay, bad faith or dilatory motive" in filing this motion (Prong 1.) Defendants filed this motion on the last day available to permit the three-Friday motion to be heard by the court's deadline to amend pleadings on July 27, 2018; Plaintiff's counsel was unavailable for roughly two weeks prior to that. Further, counsel for Defendants clarified immediately that they were not seeking to add a cross-claim - that was an editing error in the first draft of a proposed stipulation that was never included in the proposed Amended Answer. *See*, *Exh. 1 to Supp. Chen Decl.* Any confusion caused by that issue was momentary and immediately corrected prior to filing the

REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO AMEND ANSWER - 5
2:17-cv-00642-MJP

1010-00051/372359.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

Motion. The Defendant *University's* prior assertion of affirmative defenses in no way suggests "dilatory tactics to delay these proceedings" simply because they are now asserted by the sixteen individual Defendants recently sued by Plaintiff; they each have their own legal rights and interests in defending themselves. Defendants motion was properly filed, absent consent by the opposing party, to allow filing of the Amended Answer in compliance with the July 27th deadline. All factors weigh strongly in favor of Defendants.

### E. Plaintiff's Unsupported Accusations at Defendants and Their Counsel are Inappropriate and Should Be Disregarded.

To be clear, Defendants wholly disagree with Plaintiff's unsupported accusations that are irrelevant to this Motion. Legal arguments in Plaintiff's declaration should be stricken. *See*, *King Cty. v. Rasmussen*, 143 F. Supp. 2d 1225, 1227 (W.D. Wash. 2001), *aff'd*, 299 F.3d 1077 (9th Cir. 2002). The declaration also cherry-picks from email exchanges between counsel.

Though not required, defense counsel presented a draft stipulation to Mr. Thomas only because FRCP 15 allows "opposing party's written consent" as a means of avoiding having to seek leave from the court to file an amended pleading. Counsel attempted to respond to Mr. Thomas' questions via email and phone. *See*, *Supp. Chen Decl.*, at Exh. 1. It was made clear to Plaintiff's counsel on July 12th that the Motion was filed to comply with notice requirements of LCR 7 and case-schedule deadlines of Dkt. 96 and "*if you decide sometime between now and the hearing date to stipulate, we will strike the motion as moot.*" *Id.* (three weeks away). Despite Defendants detailed explanation and legal support clarifying the asserted defenses in Dkt. 97, Plaintiff's response simply ignores it.

DATED: July 26, 2018   KEATING, BUCKLIN & McCORMACK, INC., P.S.

By: */s/ Jayne L. Freeman*
Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for Defendants
801 Second Avenue, Suite 1210
Seattle, WA 98104-1518
Phone: (206) 623-8861

REPLY BRIEF IN SUPPORT OF DEFENDANTS'
MOTION TO AMEND ANSWER - 6
2:17-cv-00642-MJP
1010-00051/372359.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

Fax:   (206) 223-9423
Email: jfreeman@kbmlawyers.com

REPLY BRIEF IN SUPPORT OF DEFENDANTS'
MOTION TO AMEND ANSWER - 7
2:17-cv-00642-MJP

1010-00051/372359.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

# CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiff**

Mr. Joseph Thomas
14625 SE 176th Street, Apt. N-101
Renton, WA 98058-8994
Telephone: (206) 390-8848
Email: joe@joethomas.org

DATED: July 26, 2018

/s/ Jayne L. Freeman
Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for Defendants
801 Second Avenue, Suite 1210
Seattle, WA 98104-1518
Phone: (206) 623-8861
Fax: (206) 223-9423
Email: jfreeman@kbmlawyers.com

REPLY BRIEF IN SUPPORT OF DEFENDANTS'
MOTION TO AMEND ANSWER - 8
2:17-cv-00642-MJP
1010-00051/372359.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423