# APPENDIX A

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

JULIE DALESSIO, an individual,

                    Plaintiff,

    v.

UNIVERSITY OF WASHINGTON, a
Washington Public Corporation; ELIZA
SAUNDERS, Director of the Office of
Public Records, in her personal and official
capacity; ALISON SWENSON, Compliance
Analyst, in her personal capacity; PERRY
TAPPER, Public Records Compliance
Officer, in his personal capacity; ANDREW
PALMER, Compliance Analyst, in his
personal capacity; JOHN or JANES DOES
1-12, in his or her personal capacity,

                    Defendants.

No. 2:17-cv-00642-MJP

DEFENDANTS' [REVISED
PROPOSED] FIRST AMENDED
ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S FIRST
AMENDED COMPLAINT

Defendants, UNIVERSITY OF WASHINGTON, a Washington Public Corporation;
ELIZA SAUNDERS, Director of the Office of Public Records, in her Personal and Official
Capacity; ALISON SWENSON, Compliance Analyst, in her Personal Capacity; PERRY
TAPPER, Public Records Compliance Officer, in his Personal Capacity; ANDREW
PALMER, Compliance Analyst, in his Personal Capacity; JOHN OR JANES DOES 1-12,
in his or her Personal Capacity, in answer to JULIE DALESSIO's complaint, admits, denies
and alleges as follows:

## I.  INTRODUCTION

1.  This paragraph contains no facts, and therefore no response is required.

DEFENDANTS' [REVISED PROPOSED] FIRST
AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 1
2:17-cv-00642-MJP

1010-00051/372878.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

## II.     JURISDICTION

2.       Defendant admits the allegations contained in paragraph 2.

3.       Defendant University of Washington admits that it consented to federal court jurisdiction for the claims filed against it in Plaintiff's original complaint. The only claim pending against the University of Washington pursuant to Plaintiff's First Amended Complaint is a claim for breach of contract.

4.       Defendant admits venue is proper, but denies the remaining allegations contained in paragraph 4.

## III.     PARTIES

5.       Defendant admits the allegations contained in paragraph 5.

6.       Defendant admits the allegations contained in paragraph 6.

7.       Defendant Saunders admits the allegations contained in paragraph 7, with the exception that her correct title is Director, Office of Public Records and Open Meetings.

8.       Defendant Tapper admits the allegations contained in paragraph 8.

9.       Defendant Palmer admits the allegations contained in paragraph 9.

10.      Defendant Swenson admits the allegations contained in paragraph 10.

11.      [Stricken]

12.      [Stricken]

13.      [Stricken]

14.      Defendant lacks knowledge sufficient to determine the truth of the allegations contained in paragraph 14 and therefore neither admits nor denies the same.

15.      Defendant lacks knowledge sufficient to determine the truth of the allegations contained in paragraph 15 and therefore neither admits nor denies the same.

16.      Defendant lacks knowledge sufficient to determine the truth of the allegations contained in paragraph 16 and therefore neither admits nor denies the same.

DEFENDANTS' [REVISED PROPOSED] FIRST
AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 2
2:17-cv-00642-MJP

1010-00051/372878.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

17.     Defendant lacks knowledge sufficient to determine the truth of the allegations contained in paragraph 17 and therefore neither admits nor denies the same.

18.     Defendant lacks knowledge sufficient to determine the truth of the allegations contained in paragraph 18 and therefore neither admits nor denies the same.

19.     Defendant lacks knowledge sufficient to determine the truth of the allegations contained in paragraph 19 and therefore neither admits nor denies the same.

20.     Defendant lacks knowledge sufficient to determine the truth of the allegations contained in paragraph 20 and therefore neither admits nor denies the same.

21.     Defendant lacks knowledge sufficient to determine the truth of the allegations contained in paragraph 21 and therefore neither admits nor denies the same.

22.     Defendant lacks knowledge sufficient to determine the truth of the allegations contained in paragraph 22 and therefore neither admits nor denies the same.

23.     Defendant lacks knowledge sufficient to determine the truth of the allegations contained in paragraph 23 and therefore neither admits nor denies the same.

24.     Defendant lacks knowledge sufficient to determine the truth of the allegations contained in paragraph 24 and therefore neither admits nor denies the same.

25.     Defendant lacks knowledge sufficient to determine the truth of the allegations contained in paragraph 25 and therefore neither admits nor denies the same.

## IV.     FACTS

26.     The allegations in Paragraph 26 call for a legal conclusion. Defendants admit the Office of Public Records processes requests made to the University under the Washington Public Records Act, RCW 42.56.001, et. seq. ("PRA").

27.     Defendants lack knowledge sufficient to determine the truth of the allegations contained in paragraph 27 and therefore neither admits nor denies the same.

28.     Defendants lack knowledge sufficient to determine the truth of the allegations contained in paragraph 28 and therefore neither admits nor denies the same.

DEFENDANTS' [REVISED PROPOSED] FIRST
AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 3
2:17-cv-00642-MJP

1010-00051/372878.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

29. Defendants lack knowledge sufficient to determine whether litigation was still on-going between Mr. Betz and Ms. Dalessio, but admit Betz made a public records request using the email address jdaless@u.washington.edu. By way of further answer, this email address was used by Plaintiff in her capacity as an employee of the University of Washington. Mr. Betz also included Plaintiff's residential address and email address in the request itself.

30. Defendant Swenson admits the allegations contained in paragraph 30.

31. Defendant Swenson admits the allegations contained in paragraph 31.

32. Defendants lack knowledge sufficient to determine the truth of the allegations contained in paragraph 32 and therefore neither admits nor denies the same.

33. Defendant Swenson admits Plaintiff made a request to UW for a copy of records that Betz received from his PRA request and that the request was designated PR-2016-00218 by UW. Defendants lack knowledge sufficient to determine the truth of the remaining allegations contained in paragraph 33 and therefore neither admit nor deny the same.

34. Upon information and belief, Defendant Swenson admits the allegations contained in paragraph 34.

35. Defendant Swenson admits the allegations contained in paragraph 35.

36. Defendant Swenson denies she produced any information to Betz in response to PR-2016-00218. PR-2016-00218 was a public records request submitted by Plaintiff, and responsive documents were only produced directly to Plaintiff. By way of further answer, many of the categories of information referenced by Plaintiff in paragraph 36 are not confidential or private.

37. Defendant Swenson admits UW received an email from Plaintiff on or about April 17, 2016. Defendants lack knowledge sufficient to determine the truth of the remaining allegations contained in paragraph 37.

DEFENDANTS' [REVISED PROPOSED] FIRST
AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 4
2:17-cv-00642-MJP

1010-00051/372878.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

38.   Upon information and belief, Defendants admit the allegations contained in paragraph 38. By way of further Answer, the documents sent in response to PR-2016-283 were produced in response to Plaintiff's second Public Disclosure Request for copies of the records of… "anyone who has accessed my records since 2002 along with their contact information." Plaintiff was provided copies of documents produced to Betz in PR-2015-570 in response to her request for such documents in PR-2016-00218 (*see*, *Amended Complaint*, ¶30-35).

39.   Defendant Swenson admits a summary report dated April 10, 2017 appears to identify persons employed by UW who may have searched for and/or transmitted documents to the Office of Public Records that were produced in some form by the Office of Public Records to Mr. Betz. Defendant lacks knowledge sufficient to determine the truth of the remaining allegations contained in paragraph 39 and therefore neither admits nor denies the same. By way of further answer, clerical and other staff who respond to requests from the Office of Public Records to search for and locate records potentially responsive to Public Records Requests do not generally conduct analysis of the records or make decisions regarding the nature or scope of what may be exempt, redacted, or ultimately released to a requestor.

40.   Defendants Tapper and Swenson admit Mr. Tapper served as Ms. Swenson's supervisor in 2015-2016, and that Mr. Tapper's initials appear on a summary report for PR 2015-00570. These answering defendants deny the remaining allegations as stated in paragraph 40.

41.   Defendant Tapper admits he took a phone call with Plaintiff on May 20, 2016. This answering Defendant further admits he may have explained that if she wanted to request documents, she could submit a PRA request, but denies advising her to submit a PRA request to obtain information.

42.   Plaintiff's stated belief does not contain an allegation of fact. By way of further answer, Defendant Saunders admits she served in the role of Director, Office of

DEFENDANTS' [REVISED PROPOSED] FIRST
AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 5
2:17-cv-00642-MJP

1010-00051/372878.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

Public Records and Open Meetings during 2015-2017, which included oversight of the Office of Public Records and Open Meetings.

43. Defendant University of Washington admits it has an organization called Risk Services. University of Washington denies that Risk Services is a division of the Washington Department of Enterprise Services. The University of Washington denies that is it known as UW Department of Risk Services. Defendants lack knowledge sufficient to determine the truth of the remaining allegations contained in paragraph 43 and therefore neither admit nor deny the same.

44. Defendant University of Washington denies that Dalessio filed a claim with Defendant UW's Risk Services, but admits that a claim was filed with the Washington Department of Enterprise Services on October 21, 2016. Defendant University of Washington cannot answer what constitutes legal notice or summarize the allegations made by Dalessio in her claim.

45. Defendant University of Washington admits Plaintiff spoke with Assistant Attorney General Rob Kosin on or about October 2016. This answering Defendant further admits Mr. Kosin advised Plaintiff he could not provide legal advice to her, and was not authorized to act on behalf of the University in response to her request for a settlement.

46. Defendant lacks knowledge sufficient to determine the truth of the allegations contained in paragraph 46 and therefore neither admits nor denies the same.

47. Defendants University of Washington and Palmer admit the allegations contained in paragraph 47.

48. Defendant University of Washington admits the allegations contained in paragraph 48.

49. Defendant Palmer admits he produced the final of two installments of documents responsive to Plaintiffs request PR-2016-00760 on or about February 15, 2017 to Ms. Dalessio. Defendant lacks sufficient knowledge to determine the truth of the

DEFENDANTS' [REVISED PROPOSED] FIRST
AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 6
2:17-cv-00642-MJP

1010-00051/372878.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

remaining allegations in paragraph 49 and therefore neither admits nor denies the same.

50. Defendant Palmer admits he produced University documents related to Ms. Dalessio's prior employment at UW directly to Ms. Dalessio in response to her request number PR-2016-00760. The documents speak for themselves (*see*, Document ## UW 788-1936 produced to Plaintiff with Initial Disclosures and discovery). Defendants deny that releasing such documents directly to Plaintiff herself could lead to identity theft or that many of the categories listed by Plaintiff are confidential or private. Defendants Palmer and UW lack knowledge sufficient to determine the truth of the remaining allegations contained in paragraph 51 and therefore neither admit nor deny the same. To the extent the allegations in this paragraph constitute a legal conclusion, no response is required.

51. Defendants lack knowledge sufficient to determine the truth of the allegations in paragraph 51 and therefore neither admit nor deny the same.

52. Defendants Palmer and UW deny 1,431 pages of documents were "withheld" from Plaintiff in response to PR 2016-00760. By way of further answer, Defendants Palmer and UW assert the 1,431 pages consisted of duplicate copies of documents produced to Plaintiff that were inadvertently created by a computer error during document processing in the Office of Public Records. They were not additional documents or additional copies of documents that previously existed in any UW file, nor were they deemed exempt from disclosure directly to Ms. Dalessio herself.

53. Defendant UW admits the allegations in paragraph 53. By way of further answer, the University of Washington was the only Defendant named in the lawsuit filed in March of 2017.

54. [Stricken]

55. Defendants admit Defendant University of Washington filed a notice of removal of Plaintiff's original Complaint to this court in April of 2017 based on the claims

DEFENDANTS' [REVISED PROPOSED] FIRST
AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 7
2:17-cv-00642-MJP

1010-00051/372878.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

1   against the University therein. By way of further answer, no other Defendant was

2   party to the lawsuit at the time of removal in 2017.

3   56.   [Stricken]

4   57.   [Stricken]

5   58.   [Stricken]

6   59.   [Stricken]

7   60.   [Stricken]

8   61.   [Stricken]

9   62.   [Stricken]

10  63.   [Stricken]

11  64.   [Stricken]

12  65.   Defendants Swenson and the University of Washington admit a declaration was

13  filed in this action attaching copies of redacted documents produced to Mr. Betz in

14  response to PR-2015-00570. Defendant Swenson denies the remaining allegations

15  as stated in paragraph 65.

16  66.   [Stricken]

17  67.   [Stricken]

18  68.   [Stricken]

19  69.   [Stricken]

20  70.   [Stricken]

21  71.   [Stricken]

22  72.   [Partially Stricken] Defendant University of Washington admits Swenson's

23  declaration with exhibit A was filed into the CM/ECF system as Dkts. # 32, 33, 34

24  on September 1, 2017. Defendant University denies the remaining allegations as

25  stated in paragraph 73. The remaining answering Defendants lack knowledge

26  sufficient to determine the truth of the allegations in paragraph 72 and therefore

27  neither admit nor deny the same.

DEFENDANTS' [REVISED PROPOSED] FIRST
AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 8
2:17-cv-00642-MJP

1010-00051/372878.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

73.   [Stricken]

74.   Defendant University of Washington admits the allegations contained in paragraph 74, with the exception that the Motion to Seal was filed on September 5, 2017, not 2018. The remaining answering Defendants lack knowledge sufficient to determine the truth of the allegations in paragraph 72 and therefore neither admit nor deny the same.

75.   Defendants deny the allegations in paragraph 75.

76.   Defendants lack knowledge sufficient to determine the truth of the allegations in paragraph 76 and therefore neither admit nor deny the same.  Defendants deny causing Plaintiff economic harm.

77.   Defendants lack knowledge sufficient to determine the truth of the allegations in paragraph 77 and therefore neither admit nor deny the same.  Defendants deny causing Plaintiff physical harm.

78.   Defendants lack knowledge sufficient to determine the truth of the allegations in paragraph 78 and therefore neither admit nor deny the same. Defendants deny causing Plaintiff emotional harm.

79.   Defendant denies the allegations in paragraph 79.

80.   Defendant University of Washington admits Plaintiff has submitted additional PRA requests and received documents, but on information and belief denies the remaining allegations in paragraph 80.

81.   Defendant University of Washington admits some documents were released in response to a PRA request. The documents speak for themselves. The remaining allegations in this paragraph constitute legal conclusions.

82.   Defendant University of Washington admits some documents were released in response to a PRA request. The documents speak for themselves. The remaining allegations in this paragraph constitute legal conclusions.

DEFENDANTS' [REVISED PROPOSED] FIRST
AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 9
2:17-cv-00642-MJP

1010-00051/372878.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

83.   Defendant University of Washington admits some documents were released in response to a PRA request. The documents speak for themselves. The remaining allegations in this paragraph constitute legal conclusions.

84.   Defendant University of Washington admits some documents were released in response to a PRA request. The documents speak for themselves. The remaining allegations in this paragraph constitute legal conclusions.

85.   Defendant University of Washington admits some documents were released in response to a PRA request. The documents speak for themselves. The remaining allegations in this paragraph constitute legal conclusions

86.   Defendant University of Washington admits some documents were released in response to a PRA request. The documents speak for themselves. The remaining allegations in this paragraph constitute legal conclusions.

87.   Defendant University of Washington admits some documents were released in response to a PRA request. The documents speak for themselves. The remaining allegations in this paragraph constitute legal conclusions.

88.   Defendant University of Washington admits documents were produced to Plaintiff in response to PR 2017-00737.  By way of further Answer, Defendant University of Washington asserts that PR 2017-00737 was a PRA request submitted by Plaintiff to the University of Washington. Information related to other parties was redacted, but not information related to Plaintiff that was only produced directly to Plaintiff herself.  The remaining answering Defendants lack knowledge sufficient to determine the truth of the allegations in paragraph 88 and therefore neither admit nor deny the same.

89.   Defendants deny allegations contained in paragraph 89.

90.   Defendants admit Compliance Analysts in the Office of Public Records review production of documents responsive to public records requests in an effort to ensure compliance with the Washington Public Records Act (PRA). Defendants deny

DEFENDANTS' [REVISED PROPOSED] FIRST
AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 10
2:17-cv-00642-MJP

1010-00051/372878.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

multiple employees of the Public Records Office typically review the same documents.

91.    Defendant University of Washington admits the allegations contained in paragraph 91. The remaining answering Defendants lack knowledge sufficient to determine the truth of the allegations in paragraph 91 and therefore neither admit nor deny the same.

92.    Defendant University of Washington admits the allegations contained in paragraph 92. The remaining answering Defendants lack knowledge sufficient to determine the truth of the allegations in paragraph 92 and therefore neither admit nor deny the same.

93.    Defendant University of Washington admits the allegations contained in paragraph 93. The remaining answering Defendants lack knowledge sufficient to determine the truth of the allegations in paragraph 93 and therefore neither admit nor deny the same.

94.    Defendant University of Washington admits the allegations contained in paragraph 94. The remaining answering Defendants lack knowledge sufficient to determine the truth of the allegations in paragraph 94 and therefore neither admit nor deny the same.

95.    Defendant University of Washington admits certain documents related to Plaintiff, Julie Dalessio, were produced directly to Plaintiff, Julie Dalessio, herself in response to PRA-2016-00760. Defendant UW denies the remaining allegations in paragraph 95.  The remaining answering Defendants lack knowledge sufficient to determine the truth of the allegations in paragraph 95 and therefore neither admit nor deny the same.

96.    Defendants deny the allegations in paragraph 96. The documents referenced by Plaintiff were produced directly to Plaintiff herself.

97.    Defendants deny the allegations in paragraph 97.

DEFENDANTS' [REVISED PROPOSED] FIRST
AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 11
2:17-cv-00642-MJP

1010-00051/372878.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

## FIRST CAUSE OF ACTION

98.    Defendants incorporate by reference the foregoing responses.

99.    Paragraph 99 contains only legal conclusions, and therefore does not require a response.

100.   Defendants admit the allegations in paragraph 100.

101.   Paragraph 101 contains only legal conclusions, and therefore does not require a response.

102.   Paragraph 102 contains only legal conclusions, and therefore does not require a response.

103.   Paragraph 103 contains only legal conclusions, and therefore does not require a response.

104.   Paragraph 104 contains only legal conclusions, and therefore does not require a response.

105.   Paragraph 105 contains only legal conclusions, and therefore does not require a response.

106.   Paragraph 106 contains only legal conclusions, and therefore does not require a response.

107.   Paragraph 107 contains only legal conclusions, and therefore does not require a response.

108.   Paragraph 108 contains only legal conclusions, and therefore does not require a response.

109.   Paragraph 109 contains only legal conclusions, and therefore does not require a response.

110.   Defendants deny the allegations in paragraph 110.

111.   Defendants deny the allegations in paragraph 111.

112.   Defendants deny the allegations in paragraph 112.

113.   Defendants deny the allegations in paragraph 113.

DEFENDANTS' [REVISED PROPOSED] FIRST
AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 12
2:17-cv-00642-MJP

1010-00051/372878.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

114. Defendants deny the allegations in paragraph 114.

115. Defendants deny the allegations in paragraph 115.

116. Paragraph 116 contains no factual allegations. Defendants deny Plaintiff is entitled to the relief sought.

117. Paragraph 117 contains no factual allegations. Defendants deny Plaintiff is entitled to the relief sought.

118. Paragraph 118 contains no factual allegations. Defendants deny Plaintiff is entitled to the relief sought.

119. Defendants deny the allegations in Paragraph 119.

**SECOND CAUSE OF ACTION [STRICKEN].**

120. [Stricken].

121. [Stricken].

122. [Stricken].

123. [Stricken].

124. [Stricken].

125. [Stricken].

126. [Stricken].

127. [Stricken].

128. [Stricken].

129. [Stricken].

130. [Stricken].

131. [Stricken].

132. [Stricken].

133. [Stricken].

134. [Stricken].

135. [Stricken].

136. [Stricken].

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

137. [Stricken].

138. [Stricken].

139. [Stricken].

140. [Stricken].

141. [Stricken].

142. [Stricken].

143. [Stricken].

144. [Stricken].

145. [Stricken].

146. [Stricken].

**THIRD CAUSE OF ACTION**

147. Defendants incorporate by reference the foregoing responses.

148. Paragraph 148 contains only legal conclusions, and therefore does not require a response.

149. Defendants admit the allegations in paragraph 149.

150. Paragraph 150 contains only legal conclusions, and therefore does not require a response.

151. Defendants deny the allegations in paragraph 151.

152. Defendants deny the allegations in paragraph 151.

153. Paragraph 153 contains only legal conclusions, and therefore does not require a response.

154. Paragraph 154 contains only legal conclusions, and therefore does not require a response.

155. Paragraph 155 contains only legal conclusions, and therefore does not require a response.

156. Paragraph 156 contains only legal conclusions, and therefore does not require a response.

DEFENDANTS' [REVISED PROPOSED] FIRST
AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 14
2:17-cv-00642-MJP

1010-00051/372878.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

157. Defendants deny the allegations in paragraph 157.

158. Defendants deny the allegations in paragraph 158.

159. Defendants deny the allegations in paragraph 159.

160. Defendants deny the allegations in paragraph 160.

161. Defendants deny the allegations in paragraph 161.

162. [sic]

163. [sic]

164. Paragraph 164 does not contain any factual allegations. Defendants deny Plaintiff is entitled to the relief sought.

165. Defendants deny the allegations in paragraph 165.

### FOURTH CAUSE OF ACTION

166. Defendants incorporate by reference the foregoing responses.

167. Defendants deny the allegations in paragraph 167.

168. Defendants deny the allegations in paragraph 168.

169. Defendants deny the allegations in paragraph 169. Defendants deny Plaintiff is entitled to the relief sought.

170. Defendants deny the allegations in paragraph 170. Defendants deny Plaintiff is entitled to the relief sought.

171. Paragraph 171 does not contain any factual allegations. Defendants deny Plaintiff is entitled to the relief sought.

172. Paragraph 172 does not contain any factual allegations. Defendants deny Plaintiff is entitled to the relief sought.

173. Paragraph 173 does not contain any factual allegations. Defendants deny Plaintiff is entitled to the relief sought.

174. Defendants deny the allegations in paragraph 174. Defendants deny Plaintiff is entitled to the relief sought.

DEFENDANTS' [REVISED PROPOSED] FIRST
AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 15
2:17-cv-00642-MJP

1010-00051/372878.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

**FIFTH CAUSE OF ACTION [STRICKEN]**

175.   [Stricken]

176.   [Stricken]

177.   [Stricken]

178.   [Stricken]

179.   [Stricken]

180.   [Stricken]

181.   [Stricken]

182.   [Stricken]

**SIXTH CAUSE OF ACTION**

183.   Defendants incorporate by reference the foregoing responses.

184.   Defendant University of Washington admits the allegations in paragraph 184.

185.   Defendant University of Washington denies the allegations in paragraph 185.

186.   Defendants lack knowledge sufficient to determine the truth of the allegations in paragraph 186 and therefore neither admit nor deny the same. Mr. Davis has not worked for the Attorney General's since 2007, ten years before Plaintiff filed her lawsuit.

187.   Defendants, University of Washington, admit documents responsive to a PRA request by Plaintiff were produced to her on or about February 2017, including documents from her personnel file and Department of Lab Medicine employee file. This answering Defendant denies the remaining allegations in paragraph 187.

188.   Upon information and belief, Defendant University of Washington admits the allegations in paragraph 188.

189.   Defendants deny the allegations in paragraph 189.

190.   Defendants deny the allegations in paragraph 190.

**SEVENTH CAUSE OF ACTION**

191.   Defendants incorporate by reference the foregoing responses.

DEFENDANTS' [REVISED PROPOSED] FIRST
AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 16
2:17-cv-00642-MJP

1010-00051/372878.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

192.   Paragraph 192 contains only legal conclusions, and therefore does not require a response.

193.   The answering Defendants lack knowledge sufficient to determine the truth of the allegations in paragraph 193 and therefore neither admit nor deny the same.

194.   Defendants deny the allegations in paragraph 194.

195.   Paragraph 195 contains only legal conclusions, and therefore does not require a response.

196.   Paragraph 196 contains only legal conclusions, and therefore does not require a response.

197.   Defendants admit that disclosure of University of Washington documents to third parties outside of and unaffiliated with the University in response to a PRA request could be a public disclosure. Defendants deny that disclosure of documents regarding Plaintiff and her employment at the University directly to Plaintiff herself in response to a PRA request from her is a public disclosure.

198.   Defendants deny the allegations contained in paragraph 198.

199.   Defendants deny the allegations contained in paragraph 199.

200.   Defendants deny the allegations contained in paragraph 200.

201.   Defendants deny the allegations contained in paragraph 201.

## EIGHTH CAUSE OF ACTION

200 [sic]. Defendants incorporate by reference the foregoing responses.

201 [sic]. Paragraph 201 [sic] contains only legal conclusions, and therefore does not require a response.

202.   Paragraph 202 contains only legal conclusions, and therefore does not require a response.

203.   Paragraph 203 contains only legal conclusions, and therefore does not require a response.

DEFENDANTS' [REVISED PROPOSED] FIRST
AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 17
2:17-cv-00642-MJP

1010-00051/372878.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

**PRAYER FOR RELIEF**

Defendants deny Plaintiff is entitled to recover the relief requested in paragraphs 1-6 of this section of her Amended Complaint.

BY WAY OF FURTHER ANSWER and AFFIRMATIVE DEFENSE, Defendants state and allege as follows:

1.   **SERVICE OF PROCESS:**   That the summons and complaint have not been properly served upon unidentified John & Jane Doe Defendants.

2.   **STATUTE OF LIMITATIONS:**   That the Plaintiff's breach of contract claim <u>based on a 2003 Settlement Agreement</u> is barred by the statute of limitations.

3.   **FAILURE TO STATE A CLAIM:**   That the Plaintiff has failed to state a claim upon which relief may be granted.

4.   **MITIGATION OF DAMAGES:**   That if the Plaintiff suffered any damages, recovery therefore is barred by Plaintiff's failure to mitigate said damages.

5.   **SETOFF:**   That the Defendant <u>University of Washington</u> is entitled to an offset from any awards to Plaintiff herein on her <u>breach of contract claim</u> and/or recovery of back monies paid to Plaintiff pursuant to a <u>2003</u> settlement agreement.

6.   **QUALIFIED IMMUNITY:**   Plaintiff's <u>Federal</u> claims against individual Defendants are precluded by the doctrine of qualified immunity.

7.   **GOOD FAITH IMMUNITY**: <u>That at all times all individual Defendants referenced in Plaintiff's First Amended Complaint acted in good faith in the performance of their duties and are therefore immune from suit for Washington State Law claims alleged against them in Plaintiff's First Amended Complaint. This affirmative defense includes the good faith immunity provided pursuant to RCW 4.56.060.</u>

8.   **DISCRETIONARY IMMUNITY:**   <u>To the extent Plaintiff's State law claims against individual Defendants are based on a reasonable exercise of judgment and discretion by an authorized public officials made in the exercise of governmental authority entrusted to them by law, they are neither tortious nor actionable under Washington State</u>

DEFENDANTS' [REVISED PROPOSED] FIRST
AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 18
2:17-cv-00642-MJP

1010-00051/372878.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

law.  Upon information and belief, this affirmative defense applies to Defendant Eliza Saunders and potentially Defendant Perry Tapper and some Jane/John Does referenced in Plaintiff's First Amended Complaint.

## PRAYER FOR RELIEF

Defendants pray for the following relief:

1.      That Plaintiff's Amended Complaint be dismissed with prejudice, and that Plaintiff take nothing by her complaint;

2.      That Defendants be allowed statutory costs and reasonable attorney fees incurred herein; and

3.      For such additional relief the Court may deem just and equitable.

DATED this 26th day of July, 2018.

KEATING, BUCKLIN & McCORMACK, INC., P.S.


By: */s/ Jayne L. Freeman*
Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for Defendants

801 Second Avenue, Suite 1210
Seattle, WA  98104-1518
Phone: (206) 623-8861
Fax:     (206) 223-9423
Email: jfreeman@kbmlawyers.com

DEFENDANTS' [REVISED PROPOSED] FIRST
AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 19
2:17-cv-00642-MJP
1010-00051/372878.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiff**

Mr. Joseph Thomas
14625 SE 176th Street, Apt. N-101
Renton, WA 98058-8994
Telephone:  (206) 390-8848
Email:  joe@joethomas.org

DATED:  July 26, 2018

/s/ Jayne L. Freeman
Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for
Defendants

801 Second Avenue, Suite 1210
Seattle, WA  98104-1518
Phone: (206) 623-8861
Fax:     (206) 223-9423
Email: jfreeman@kbmlawyers.com

DEFENDANTS' [REVISED PROPOSED] FIRST
AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 20
2:17-cv-00642-MJP

1010-00051/372878.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423