**EXHIBIT 1**

## Derek C. Chen

| | |
|---|---|
| **From:** | Derek C. Chen |
| **Sent:** | Thursday, July 12, 2018 1:10 PM |
| **To:** | 'joe@joethomas.org' |
| **Cc:** | Jayne L. Freeman; LaHoma Walker |
| **Subject:** | RE: UW adv. Dalessio - Request for Stipulation to Amend Answer |

Joe,

I am always willing to consider the opposing side's authority.  I welcome your call and citations if you truly believe simply adding the affirmative defenses to the pleading will be futile.

Sincerely,

Derek

*Derek C. Chen*

KBM   KEATING, BUCKLIN
& McCORMACK

*801 2ⁿᵈ Avenue, Suite 1210*
*Seattle, WA 98104*
*Office: (206)623-8861*
*FAX: (206)223-9423*
dchen@kbmlawyers.com
**Personal Bio**

**www.kbmlawyers.com**

This message is confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited.  If you receive this message in error, or are not the named recipient(s), please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer.  Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege.  Thank you.

**From:** joe@joethomas.org [mailto:joe@joethomas.org]
**Sent:** Thursday, July 12, 2018 1:05 PM
**To:** Derek C. Chen <DChen@kbmlawyers.com>
**Cc:** Jayne L. Freeman <JFreeman@kbmlawyers.com>; LaHoma Walker <LWalker@kbmlawyers.com>; juliedalessio@msn.com
**Subject:** RE: UW adv. Dalessio - Request for Stipulation to Amend Answer

Good afternoon Derek:

In your voicemail to me a few minutes ago, you said that you would be willing to talk with me, but you weren't willing to change your mind on any of the legal grounds.  So it would be futile to talk with you, since you are going into the conversation with a closed mind.   Therefore, there is no need for me to send you any law or legal authority that I might have to prove the legal insufficiency of your arguments.

Also, pursuant to the plain language of Rule 11, I must notify you and give you a chance to cure any problem before bringing a Rule 11 motion.  *See* Rule 11(c).  By notifying you of any potential violations, I am just following the rules and giving you an opportunity to correct any possible problem.

This time you have made the strategic decision not to even to correct any of your potential problems as evidenced by your last email.

Very truly yours,

Joe

Joseph Thomas
Law Office of Joseph Thomas PLLC
14625 SE. 176th ST., Apt. # N101
Renton, Washington 98058
Phone: (206) 390-8848
Website: http://JoeThomas.org

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying it or disclosing its contents to others. Thank you.

**From:** Derek C. Chen <DChen@kbmlawyers.com>
**Sent:** Thursday, July 12, 2018 12:47 PM
**To:** joe@joethomas.org
**Cc:** Jayne L. Freeman <JFreeman@kbmlawyers.com>; LaHoma Walker <LWalker@kbmlawyers.com>
**Subject:** RE: UW adv. Dalessio - Request for Stipulation to Amend Answer

Joe,

I just gave you a call but wasn't able to get through to you.  I left a VM.

As I mentioned in my last email, I'm available all day for a call if you want to discuss your objections.  We are not seeking to add a cross-claim – that was simply the name of the pleading.  We can certainly take it out of the stipulation if it caused any confusion.  We are only seeking to add what was included in track changes and again in my last email.

We have researched our proposed additional affirmative defenses and do not believe they are frivolous, and certainly they are not frivolous to plead in an Answer at this early stage.  We are not required to lay out every possible way the affirmative defense may apply.  We have explained the affirmative defenses in accordance with pleading requirements.

Feel free to give me a call if you would like to discuss anything further.  If you do not wish to talk on the phone, you can also email your authority over to us.

Finally, I would sincerely appreciate it if you would stop threatening sanctions in every email.  It is unnecessary.  Thank you.

Sincerely,

Derek

*Derek C. Chen*

**KBM** KEATING, BUCKLIN
& McCORMACK

*801 2ⁿᵈ Avenue, Suite 1210*
*Seattle, WA 98104*
*Office: (206)623-8861*
*FAX: (206)223-9423*
dchen@kbmlawyers.com
**Personal Bio**

***www.kbmlawyers.com***

This message is confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited.  If you receive this message in error, or are not the named recipient(s), please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer.  Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege.  Thank you.

**From:** joe@joethomas.org [mailto:joe@joethomas.org]
**Sent:** Thursday, July 12, 2018 12:19 PM
**To:** Derek C. Chen <DChen@kbmlawyers.com>
**Cc:** Jayne L. Freeman <JFreeman@kbmlawyers.com>; LaHoma Walker <LWalker@kbmlawyers.com>; juliedalessio@msn.com
**Subject:** RE: UW adv. Dalessio - Request for Stipulation to Amend Answer

Derek:

Pursuant to Rule 1 the rules are meant to " to secure the just, speedy, and inexpensive determination of every action and proceeding."  You stated in your email to me that you were trying to avoid "unnecessary work for both sides" which is why you sent a proposed stipulated order.  I, too am trying to avoid unnecessary work for both sides, which is why I took the time to write the substantive barriers that would prohibit your proposed amended answer from being granted.  If you are working in good faith to avoid unnecessary work for both sides, pursuant to Rule 1, you will confer with me about my substantive concerns about your proposed amended answer.  Under Rule 11 you have an independent duty to make a reasonable inquiry before making any legal filings.

Your stipulation does not ask my client to stipulate to the amended answer only.  The proposed stipulated order states that a cross-claim as exhibit 1.  A cross-claim is not mentioned anywhere in the amended answer and there is no exhibit 1. The cross-claim does not appear anywhere in the track changes.  So while I appreciate you making some changes in track changes, like I wrote in my original email this morning, there deficiencies with this proposed amended answer that do not conform with LCR 15.   To cure these deficiencies we must meet and confer to ensure you are not impermissibly trying to ambush my client by attempting to impermissibly conceal cross-claims or other legal arguments.

You do not address the insufficient pleading of the proposed affirmative defenses. I find it very concerning that you do not even care to address this fundamental part of pleading in your response email. Insufficient pleading is a complete bar to affirmative defenses being added. To cure these deficiencies we must meet and confer otherwise, the court will find your affirmative answer as legally insufficient and you will wrote second motion to amend the answer creating more unnecessary work for me and my client. Please remember that I am pro bono counsel and that I do not have the resources repeatedly defend against legally frivolous arguments brought in motions.

Your proposed affirmative defense for good faith immunity is irreconcilable with objections you made in discovery and additionally, it is legally insufficient as a matter of law. You do not even seem to be concerned with finding out my legal arguments. Please remember that I am pro bono counsel and that I do not have the resources repeatedly defend against legally frivolous arguments brought in motions.

Your proposed affirmative defense of discretionary immunity is legally insufficient as a matter of law. You do not even seem to be concerned with finding out my legal arguments. Please remember that I am pro bono counsel and that I do not have the resources repeatedly defend against legally frivolous arguments brought in motions.

I cannot force you to meet and confer, but you have actual notice of my objections twice now. I have also put you on notice for the purposes of Rule 11. If you do not wish to meet and confer about your proposed amended answer, please go ahead and do what you have to do.

Very truly yours,

Joe

Joseph Thomas
Law Office of Joseph Thomas PLLC
14625 SE. 176th ST., Apt. # N101
Renton, Washington 98058
Phone: (206) 390-8848
Website: http://JoeThomas.org

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying it or disclosing its contents to others. Thank you.

**From:** Derek C. Chen <DChen@kbmlawyers.com>
**Sent:** Thursday, July 12, 2018 11:29 AM
**To:** joe@joethomas.org
**Cc:** Jayne L. Freeman <JFreeman@kbmlawyers.com>; LaHoma Walker <LWalker@kbmlawyers.com>
**Subject:** RE: UW adv. Dalessio - Request for Stipulation to Amend Answer

Joe,

I understand you were unavailable. I simply sent an email to you. I did not expect you to answer during your stated period of unavailability, but I'm not aware of any court rule that prevents a party from sending an email during an NOU so that the other attorney may review it when he or she returns.

I'm also not of aware of any rule in the Federal Rules, WDLCRs, or Judge Pechman's rules requiring a meet and confer prior to filing a motion to amend an Answer. LCR 1(c)(6) is simply the definition of "Meet and Confer" if the rules specify that as a requirement. If you are aware of one, please let me know.

The email asked if you would stipulate to the motion only, and since it does not sound like you will, we have to file the motion today to meet the three Friday requirement.  I'm happy to have a telephone call with you today regarding the motion to amend and I am available at any time.  If you are not available to talk today, it would leave us in an untenable position because the court deadline requires us to file today, and according to you, I could not have contacted you until today.  However, I am not aware of any meet and confer requirement, so this is a non-issue.  If you decide sometime between now and the hearing date to agree to stipulate, we will strike the motion as moot.

I've attached a PDF copy of the document we sent you.  It did include our proposed changes in **track changes**, which may be the cause of the confusion.  If you turn on track changes, I suspect you'll find the new provisions underlined and readily identifiable (including markings in color on the side identifying all changes.)  You requested a while back that we make our changes in "track changes."  If you no longer want us to, we will try to remember your preference.  Regardless, I'm sending you a PDF copy now of the exact document we sent you yesterday.

Regarding your objections, these amendments are not frivolous.  I have already provided caselaw in prior briefing identifying that the good faith immunity bars all state law claims in addition to PRA claims.  Discretionary immunity is similarly applicable.  As always, I welcome the authority you mention that would make our amendments futile.

Regarding discovery, we are happy to set up a time to meet and confer with you about alleged deficiencies.  We do intend to supplement our responses regardless of whether we meet and confer.  You may wish to wait to see those supplemental responses before we talk to save time.

I hope you had a great time on your vacation and I am available all day today if you wish to talk.  Thank you.

Sincerely,

Derek


*Derek C. Chen*

**KBM** KEATING, BUCKLIN & McCORMACK

*801 2nd Avenue, Suite 1210*
*Seattle, WA 98104*
*Office: (206)623-8861*
*FAX: (206)223-9423*
dchen@kbmlawyers.com
**Personal Bio**

**www.kbmlawyers.com**


This message is confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited.  If you receive this message in error, or are not the named recipient(s), please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer.  Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege.  Thank you.

**From:** joe@joethomas.org [mailto:joe@joethomas.org]
**Sent:** Thursday, July 12, 2018 10:47 AM
**To:** Derek C. Chen <DChen@kbmlawyers.com>
**Cc:** Jayne L. Freeman <JFreeman@kbmlawyers.com>; juliedalessio@msn.com
**Subject:** RE: UW adv. Dalessio - Request for Stipulation to Amend Answer

Dear Derek:

I was unavailable through yesterday as stated in the Joint Status Report in docket 69, that Jayne wrote and signed.  *See* attached Dkt. 69.  This is really bad faith for you to send this to me when I was gone.  You had actual notice that I was unavailable yesterday, but you sent it anyway yesterday, and gave me less than twenty-four (24) hours to review it (you never stated a time that you would file the motion if I did not respond).  This is an impermissible ambush!  *See* LCR 1(c)(6).  I am putting you on notice for the purposes of Rule 11, that you need to meet and confer with me before filing your Motion for Leave to File an Amended Complaint because of the serious legal arguments that I have raised about the adequacy of your proposed changes.

First and foremost, you need to make your amended answer comply with LCR 15.  There are things you mention in the proposed stipulated agreement that are not readily identifiable in the amended answer, in violation of LCR 15.

Second, as a matter of law, neither proffered affirmative is adequately pleaded to give Plaintiff notice of the affirmative defense.  The news affirmative defenses do not adhere to the court rules governing pleading standards, nor the case law interpreting it.  As it is, since this is not adequately plead it is frivolous on its face.

Third, discretionary immunity is futile as an affirmative defense because it is not even applicable.  There is recent case law construing discretionary immunity and there is no conceivable way the latest construction of discretionary immunity.

Fourth, if Defendants are arguing statutory good faith immunity pursuant to RCW 42.56.060 (which is not clear from the proposed Amended Answer), this is futile as an affirmative defense because it is not even applicable.  There is recent case law construing RCW 42.56.060 and there is no conceivable way the latest construction of that statute can apply to this case.

I look forward to setting up a mutually agreeable time to meet and confer with you concerning the proposed amended answer. *See* LCR 1(c)(6).  Also, I would like to meet and confer with you about the sufficiency of Defendants' answer to the discovery thus far including the initial disclosures.  Lastly, in the meet in confer I would like to talk about stipulating to joining additional parties – naming parties in place of the already joined John or Jane Does.  Meeting and conferring about all of these issues expeditiously, would allow both parties to move forward with this lawsuit.

Thank you for your consideration.

Very truly yours,

Joe

Joseph Thomas
Law Office of Joseph Thomas PLLC
14625 SE. 176th ST., Apt. # N101
Renton, Washington 98058
Phone: (206) 390-8848
Website: http://JoeThomas.org

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying it or disclosing its contents to others. Thank you.

---

**From:** Derek C. Chen <DChen@kbmlawyers.com>
**Sent:** Wednesday, July 11, 2018 12:54 PM
**To:** joe@joethomas.org
**Cc:** Jayne L. Freeman <JFreeman@kbmlawyers.com>
**Subject:** UW adv. Dalessio - Request for Stipulation to Amend Answer

Good afternoon Joe,

I hope you had a great vacation.  I am writing to see if you will agree to stipulate to allowing Defendants leave to amend their Answer to add two affirmative defenses.  Given that the case has essentially been reset and all deadlines pushed out, there is no prejudice to your client.  We hope you'll agree to stipulate to this minor change, but will file a motion tomorrow if we have to so that the Court has enough time to consider it prior to the deadline for amending pleadings.  This will create unnecessary additional work for both sides, so we hope you will agree given the low standard for amending and the current case status.  <u>Please let us know ASAP whether you will agree to stipulate.</u>

I've attached a proposed stipulation and our Amended Answer so you can see what we intend to change.  Feel free to give me a call if you would like to talk about it.  Thanks.

Derek

*Derek C. Chen*

**KBM** KEATING, BUCKLIN
& McCORMACK

*801 2ⁿᵈ Avenue, Suite 1210*
*Seattle, WA 98104*
*Office: (206)623-8861*
*FAX: (206)223-9423*
dchen@kbmlawyers.com
**Personal Bio**

**www.kbmlawyers.com**

This message is confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited.  If you receive this message in error, or are not the named recipient(s), please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer.  Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege.  Thank you.