UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIE DALESSIO,<br><br>                Plaintiff,<br><br>    v.<br><br>UNIVERSITY OF WASHINGTON, et al.,<br><br>                Defendants. | CASE NO. C17-642 MJP<br><br>ORDER ON MOTION TO AMEND ANSWER |

The above-entitled Court, having received and reviewed:

1. Defendants' Motion to Amend Answer to Add Two Affirmative Defenses (Dkt. No. 97),

2. Plaintiff's Response to Defendants' Motion for Leave to Amend Answer (Dkt. No. 99),

3. Defendants' Reply Brief in Support of Defendants' Motion to Amend Answer (Dkt. No. 102),

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

1       IT IS ORDERED that the motion is GRANTED; Defendants are ordered to file the

2 revised version of their Amended Answer (Dkt. No. 102-1) forthwith.

3 **Discussion**

4       Defendants move for leave to amend their Answer to Plaintiff's First Amended

5 Complaint to add two affirmative defenses: Good Faith Immunity under RCW 42.56.060 and

6 Discretionary Immunity. The motion has been brought prior to the deadline for amending

7 pleadings and is Defendants' first request to amend.

8       Plaintiff opposes the amendment on multiple grounds:

9 <u>Procedural insufficiency</u>

10       Plaintiff asserts that the proposed amendments fail to satisfy the Rule 8 requirements of

11 fair notice of the nature of the defense; specifically, to which causes of action and which

12 defendants each of the proposed affirmative defenses would supply. Without conceding the

13 merits of Plaintiff's argument, Defendants submitted a revised version of their Amended Answer

14 (Dkt. No. 102-1) to meet the concerns which Plaintiff has identified.

15       The Court finds that Defendants' proposed revisions satisfy the requirements of Rule 8.

16       An affirmative defense is sufficient under Rule 8 if it gives a plaintiff "fair notice" of the defense. <u>Wyshak v. City Nat'l Bank</u>, 607 F.2d 824, 827 (9th Cir. 1979). "Detailed
17 pleading" and "great factual support" are not necessary. <u>In re Washington Mut., Inc. Securities, Derivative & ERISA Litig.</u>, Case No. 08-1919MJP, 2011 WL 1158387, at *1
18 (W.D. Wash. Mar. 25, 2011); <u>see also</u> <u>Bushbeck v. Chicago Title Ins. Co.</u>, Case No. C08-0755JLR, 2010 WL 11442904, at *4 (W.D. Wash. Aug. 26, 2010) ("Rule 8(c)(1) requires
19 only that the defendant state its affirmative defenses; <u>Twombly</u> and <u>Iqbal</u> do not apply to the pleading of affirmative defenses.").
20
<u>Cody Inc. v. Falsetti</u>, C17-1833-MJP, 2018 WL 1211749, at *4 (W.D. Wash. Mar. 8, 2018).
21

22

23

24

Legal insufficiency

    a. *Good Faith Immunity*

Plaintiff argues that "good faith immunity can only be applied to lawsuits where the Public Records Act is a cause of action." (Dkt. No. 99, Response at 4.) Plaintiff claims, without citation to authority, that "[a]s a statutory based defense, good faith immunity can only be applied to lawsuits where the Public Records Act is a cause of action." (Id.)

This appears to be a misreading of the statute, which simply states

> No public agency, public official, public employee, or custodian shall be liable, nor shall a cause of action exist, for any loss or damage based upon the release of a public record if the public agency, public official, public employee, or custodian acted in good faith in attempting to comply with the provisions of this chapter.

RCW 42.56.060. The good faith immunity defense has been applied in many cases against a number of causes of action,[1] with the only prerequisite being that the defendants were attempting to comply with the Public Records Act ("PRA").

    b. *Discretionary immunity*

Plaintiff points out that the application of discretionary immunity is restricted to "basic policy decision[s] by a high-level executive," (Avellaneda v. State, 167 Wn.App. 474, 482 (2012)), then argues that there is no set of facts under which the defense could be applied in this case. But Plaintiff's amended complaint names Eliza Saunders, Director of the UW Office of Public Records and Open Meetings, and alleges that "Defendant[] Saunders… encouraged, sanctioned, and ratified a practice of searching and producing documents out of personnel files, laboratory medical file, and disability services file [*sic*]…" (Dkt. No. 82, Amended Complaint at ¶ 152.)

---

[1] *See, e.g.,* Nicholas v. Wallenstein, 266 F.3d 1083, 1087 (9th Cir. 2001); Levine v. City of Bothell, 2012 WL 2567095, at *3 (W.D. Wash. July 2, 2012).

While there are circumstances under which administration of the PRA is a ministerial act, the Act also allows for the discretionary design and management of policies for its implementation, allowing agencies to tailor the requirements of the act to their programs. The Court agrees with Defendants – "[h]igh-level decisions made by employees such as the Director of the OPR, as well as Departmental officers, about how to facilitate PRA searches and responses at a public University…" are plausibly within the requirements of the four-factor test for application of discretionary immunity discussed in Avellaneda.[2] Defendants have revised their Amended Answer to identify Defendant Saunders (and potentially Defendant Tapper and unnamed John/Jane Doe defendants), and the Court finds that the affirmative defense is satisfactorily plead.

The *Foman* factors: Leave to amend an answer

This Court will look, as does the Ninth Circuit Appellate Court (*see* C.F. ex rel. Farnan v. Capistrano Un. Sch. Dist., 654 F.3d 975, 985 (9th Cir. 2011)), to the test announced in Foman v. Davis, 371 U.S. 178 (1962) in determining whether to grant a motion to amend an answer. The factors are:

1. *Undue delay, bad faith or dilatory motive*: With the appointment of pro bono counsel to represent Plaintiff, this case basically began again in April of this year. The trial date was re-set to May 2019 and Defendants' request to amend was filed prior to the deadline for amending pleadings. While there appears to have been some miscommunication between

---

[2] "(1) Does the challenged act, omission, or decision necessarily involve a basic governmental policy, program, or objective? (2) Is the questioned act, omission, or decision essential to the realization or accomplishment of that policy, program, or objective as opposed to one which would not change the course or direction of the policy, program, or objective? (3) Does the act, omission, or decision require the exercise of basic policy evaluation, judgment, and expertise on the part of the governmental agency involved? (4) Does the governmental agency involved possess the requisite constitutional, statutory, or lawful authority and duty to do or make the challenged act, omission, or decision?" Avellaneda, 167 Wn. App. at 480 (*citation omitted*).

the parties in the process of bringing this motion (*see* Response at 8, Reply at 5-6), the Court ascribes no malicious nor obstreperous intent to any of the events related by the parties. The Court finds neither undue delay, bad faith nor dilatory motive in bringing this motion.

2. *Repeated failure to cure deficiencies by amendments previously allowed*: This is Defendants' first request to amend following the filing of an amended complaint which added new claims and new parties.

3. *Undue prejudice to the opposing party*: Again, this case essentially began anew in April 2018, trial is eight months away and the request was made within the proper timelines. Granting this request will not operate to Plaintiff's prejudice.

4. *Futility of amendment*: As discussed *supra*, the Court finds that the proposed amendments are legally sufficient and it would not be futile to permit them.

**Conclusion**

Defendants have met the procedural and legal requirements for amending their answer and will be permitted to do so. They are ordered to file the proposed amended answer (as revised in Exhibit A to their reply brief) forthwith.

The clerk is ordered to provide copies of this order to all counsel.

Dated September 21, 2018.

The Honorable Marsha J. Pechman
United States Senior District Court Judge