1

2

3

4

5

6

7

The Honorable Marsha J. Pechman

8

UNITED STATES DISTRICT COURT

9

WESTERN DISTRICT OF WASHINGTON

10

11

JULIE DALESSIO, an individual,

No.  2:17-cv-00642-MJP

12

Plaintiff,

PLAINTIFF'S RULE 37(A)(3)(A) MOTION TO COMPEL INITIAL DICLOSURES

13

v.

14

UNIVERSITY OF WASHINGTON, a Washington Public Corporation; Eliza

15

Saunders, Director of the Office of Public Records, in her personal and official

16

capacity; Alison Swenson, Compliance Analyst, in her personal capacity; Perry

**Note on Motion Calendar October 26, 2018**

17

Tapper, Public Records Compliance Officer, in his personal capacity; Andrew

18

Palmer, Compliance Analyst, in his personal capacity; John or Jane Does 1-12,

19

in his or her personal capacity,

20

Defendant.

21

22

23

24

25

26

27

28

Motion to Compel Initial Disclosures
Case 2:17-cv-00642

1

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

Ms. Dalessio moves this Court to compel sufficient initial disclosures pursuant to Rule 37(a)(3)(A).

## I.       Statement of Facts

On June 01, 2017, Defendant University of Washington (which was the only named Defendant at the time) produced initial disclosures to Ms. Dalessio within the court ordered time frame, by that date. *See* Ex. A at 1; Dkt. 5.

Pro bono counsel was appointed to represent Ms. Dalessio on January 19, 2018.  Dkt. 67. This Court granted Ms. Dalessio's motion for leave to file an amended complaint that was subsequently filed on April 12.  Dkt. 80; Dkt. 82.

On April 30, 2018, Defendants' attorney Ms. Jayne Freeman, contacted Plaintiff's attorney Mr. Joseph Thomas, via signed letter, and stated that all the initial disclosures had previously been provided either in initial disclosures or through written discovery.  Ex. H at 5-6. Ms. Freeman specifically stated in the April 30, 2018 letter "[a]ny documents related to the new claims against identified individual Defendants are University documents, not in the separate custody or control of the individuals, and have already been produced by the University." *Id*. at 6.

On May 09, 2018, both parties agreed in a joint status report that "instead of an amended discovery motion it will be more efficient to start over to issue new discovery requests that more meaningfully addresses the specific claims before this Court."  Dkt. 90 at 2.  Also, in the May 09, 2018 joint status report, Defendants stated they would "voluntarily withdraw its pending motion for summary judgment" in Document 27 which argued in part that Defendant University of Washington was immune from state causes of action. *Id*.

On May 18, 2018, Defendants' attorney Ms. Freeman, produced initial disclosures stating "[a]s I indicated previously, the facts and information haven't changed, and you have already been provided all identified documents UW 000001-UW003004, which have always contained the information referenced in this pleading and was also previously provided in response to Plaintiff's discovery requests."  Ex. B (email); Ex. C (initial disclosures).  Ms. Freeman explained that she "attempted to add as much information as possible in one place in an attempt to address various discovery questions you have raised in the past."  Ex. B (email).

1    On May 24, 2018, Plaintiff's attorney Mr. Thomas started a series of communications

2    with Defendants' attorney Ms. Freeman to discuss the insufficiency of Defendants' initial

3    disclosures. Ex. D (email).  Mr. Thomas and Ms. Freeman continuously communicated about the

4    insufficiency of Defendants' initial disclosures.

5    On July 30, 2018 Defendants' attorney Ms. Freeman, produced Defendants' Second

6    Supplement Initial Disclosures.  Ex. E (second supplemental initial disclosures); *c.f.*  Ex. C (first

7    supplemental initial disclosures).

8    After the July 30, 2018 production of initial disclosures, Mr. Thomas and Ms. Freeman

9    communicated several times again about the insufficiency of Defendants' initial disclosures.  *See*

10   Declaration of Joseph Thomas (submitted with this motion to compel disclosures).

## II.       Legal Standard

12   The scope of initial disclosures is stated in the Federal Rules of Civil Procedure 26(a)

13   requires parties "without awaiting a discovery request, provide to other parties" information

14   detailed in Rule 26(a) "[e]xcept as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or

15   ordered by the court." Pursuant to Rule 26(e)(1), the Defendants must "supplement or correct its

16   disclosure or response ... in a timely manner if the party learns that in some material respect the

17   disclosure or response is incomplete or incorrect, and if the additional or corrective information

18   has not otherwise been made known to the other parties during the discovery process or in

19   writing." Fed. R.Civ.P. 26(e)(1).  "A major purpose of the initial disclosure requirements is to

20   accelerate the exchange of basic information about the case and to eliminate the paper work

21   involved in requesting such information." *R & R SAILS v. Insurance Co. of Pa.*, 673 F. 3d 1240,

22   1246 (9th Cir. 2012) (internal quotation marks omitted); *c.f. Medhekar v. United States Dist.*

23   *Court*, 99 F. 3d 325, 328 (9th Cir. 1996) (per curiam) (stating "[t]he drafters of Rule 26(a)

24   intended these disclosures to serve as 'the functional equivalent' to discovery, and to eliminate

25   the need for formal discovery at the early stages of litigation").

26   "Rule 37(c)(1) 'forbid[s] the use at trial of any information required to be disclosed by

27   Rule 26(a) that is not properly disclosed.'" *R & R SAILS*, 673 F. 3d at 1246; *Hoffman v.*

28   *Construction Protective Services, Inc.*, 541 F. 3d 1175, 1179 (9th Cir. 2008).  "Rule 37(c)(1) gives

teeth to" the initial disclosure requirements by forbidding the use at trial "any information" not properly disclosed.

## III.   Argument

### 1.   Defendants have insufficiently identified persons likely to have discoverable information pursuant to Rule 26(a)(1)(A)(i)

Defendants have violated the plain language of Rule 26(a)(1)(A)(i) by failing to include persons or information about persons in Defendants' initial disclosures.

Pursuant to Rule 26(a)(1)(A)(i) a party must produce without waiting for discovery "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."  Rule 26(a)(1)(A)(i).  Defendants have an on-going duty to supplement this information pursuant to Rule 26(e)(1).

Shari Spung is not identified in any of the initial disclosures.  In the most recent version of Defendants initial disclosures, the second supplemental initial disclosures (Ex. E), Ms. Spung's name does not appear once in any of the three initial disclosures.  Ms. Spung should have been identified in initial disclosures because she was involved in at least two of the Public Records Act requests at issue in this lawsuit.  In request number PR 2016-00760, Ms. Spung participated in the production of documents under the Public Records Act by stating "Claim Services would like all records produced." Ex. F (bates stamped UW 001935); *see* Dkt. 82 at 10, ¶ 52 (identifying PR 2016-00760).   In request number PR 2017-00760, Ms. Spung asked for a copy of all responsive documents before the records were produced pursuant to the Public Records Act. Ex. G at 2 (bates stamped UW 004185).  Moreover, Ms. Spung contributed to the answering of interrogatories and production of documents in discovery.  Dkt. 56-2 at 4.  Ms. Spung directly participated in the production of documents under the Public Records Act.  Ms. Dalessio needs to know the capacity of which Ms. Spung is involved in the production of documents illegally produced as alleged in the Complaint.

Mindy Kornberg is not identified in either the first or second supplemental initial

disclosures. *See generally* Ex. E; Ex. C. Ms. Kornberg is identified in the first initial disclosures from June 2017. Ex. A at 4. The first initial disclosures do not state Ms. Kornberg's contact information as required by Rule 26(a)(1)(A)(i). Only defense counsel's contact information is listed for Ms. Kornberg. Ms. Kornberg is not a named party in this lawsuit and it is improper for defense counsel to shield her information from Ms. Dalessio and the public. Ms. Dalessio has a First Amendment right under the United States Constitution to petition the government for redress. *See* U.S. Const. amend. 1. Ms. Kornberg's work/personal contact information must be provided pursuant to Rule 26(a)(1)(A)(i). The records directly identify that Ms. Kornberg participated in the production of documents. Ex. F; Ex. G.

Lori Oliver is not identified in either the first or second supplemental initial disclosures. *See generally* Ex. E; Ex. C. Ms. Oliver is identified in the first initial disclosures from June 2017. Ex. A at 4. The first initial disclosures do not state Ms. Oliver's contact information as required by Rule 26(a)(1)(A)(i). Only defense counsel's contact information is listed for Ms. Oliver. Ex. A. It is believed that Ms. Oliver is a current employee of the University of Washington Medicine, and if so, since she is not a party to the litigation, her contact information should have been provided. Records indicate that Ms. Oliver participated in the production of documents that are the subject of this lawsuit. Ex. F (bates stamped UW 001935); Ex. G at 2 (bates stamped UW 004185).

Cynthia Dold is not identified in either the first or second supplemental initial disclosures. *See generally* Ex. E; Ex. C. Ms. Dold is identified in the first initial disclosures from June 2017. Ex. A at 4. The first initial disclosures do not state Ms. Dold's contact information as required by Rule 26(a)(1)(A)(i). Only defense counsel's contact information is listed for Ms. Dold. Ex. A. It is believed that Ms. Dold is a current employee of the University of Washington Medicine, and if so, since she is not a party to the litigation, her contact information should have been provided. Records indicate that Ms. Dold participated in the production of documents that are the subject of this lawsuit.

As a general objection to the responses produced by Defendants under Rule 26(a)(1)(A)(i), Defendants must produce work/home contact information. It is insufficient for

5

1   Defendants to list the contact information as defense counsel when there has been no showing of

2   entering into an attorney/client relationship.  It is an obstruction of initial disclosures for Ms.

3   Dalessio to have to contact defense counsel in order to contact nine people who are not parties to

4   this lawsuit – Christine Taylor; Marcelo Collantes; Daisy Rendorio; Ana Marie Keeney; Cynthia

5   Dold; Lorie Oliver; Mindy Kornberg; and Barb Benson.  This is an infringement by the

6   government to obstruct Ms. Dalessio's right to petition the government for redress and freedom of

7   speech protected by the First Amendment.  *See* U.S. Const. amend. 1.

8       **2.   Defendants failed to identify and produce documents related to its claimed**

9            **defenses that must have been produced pursuant to Rule 26(a)(1)(A)(ii)**

10       Pursuant to Rule 26(a)(1)(A)(ii) a party must produce without waiting for discovery "a

11   copy—or a description by category and location—of all documents, electronically stored

12   information, and tangible things that the disclosing party has in its possession, custody, or control

13   and may use to support its claims or defenses, unless the use would be solely for impeachment."

14   Rule 26(a)(1)(A)(i).  Defendants have an on-going duty to supplement this information pursuant

15   to Rule 26(e)(1).

16       **A.   Failed to identify and produce Public Records Act policies and**

17           **procedures**

18       Defendants have failed to identify and produce documents regarding the University of

19   Washington's policies and procedures regarding the Public Records Act.  Defendants rely upon

20   the argument that each fully complied with the Public Records Act policies and procedures to

21   establish the defenses of qualified immunity, good faith immunity, and discretionary immunity.

22       In the order granting leave for Defendants to file an amended answer, this Court agreed

23   with Defendants that the Public Records Act permits agencies to create policies and procedures

24   for the administration of the Act, including but not limited to: "[h]igh-level decisions made by

25   employees such as the Director of the OPR, as well as Departmental officers, about how to

26   facilitate PRA searches and responses at a public University."  Dkt. 106 at 4 (court order); Dkt

27   102 at 4 (Defendants argument).  The record is absent of Defendants providing any documents

28   identifying Public Records Act policies or procedures all the while Defendants argue each

6

defendant has complied with the Public Records Act to support its claimed defenses of qualified immunity, good faith immunity, and discretionary immunity. Dkt. 75 at 5 (arguing Defendants have complied with the Public Records Act for the defense of qualified immunity); Dkt. 102 at 2-3 (arguing there is no evidence of bad faith non-compliance with the Public Records Act for the defense of good faith immunity); Dkt. 102 at 3-4 (arguing the University of Washington has the "discretion as to how to design a program, policies, or procedures" for the defense of discretionary immunity).

The withheld documents are necessary to determine basic information about the case. Without these Public Records Act policies and procedures Ms. Dalessio is in the dark when arguing any one of the three immunity defenses (qualified immunity, good faith immunity, discretionary immunity) set forth by Defendants already in this Court's record.  It is a fact that Defendants have failed to identify and produce Public Records Act policies and procedures.  For example, the University of Washington publishes its Public Records Act policies and procedures in the Washington Administrative Code ("WAC"), as it is mandated to do by law. RCW 42.56.040(1).  The University of Washington's Public Records Act policies and procedures are found in Chapter 478-276 WAC.  None of the Public Records Act policies and procedures listed in Chapter 478-276 WAC were provided to Ms. Dalessio at any time during this lawsuit.

It is under belief that there are other formal and informal Public Records Act policies and procedures that Defendants have failed to identify and produce.  For example, in all three initial disclosures it is stated that Ms. Swenson has knowledge of the redaction process. Ex. E at 2. Additionally, Ms. Saunders has knowledge of the "University's Public Records Office operations, policies, and procedures."  *Id.* at 3.

### B.  Failed to identify and produce documents concerning job description and job training

Defendants have failed to identify and produce documents regarding the job description and training of Ms. Eliza Saunders, Ms. Alison Swenson, Mr. Perry Tapper, Mr. Andrew Palmer, and John or Jane Does 1-12.  Defendants rely upon the argument that each acted reasonably within their job duties and based upon his or her training to establish the defenses of qualified

7

1    immunity, good faith immunity, and discretionary immunity.

2          Job descriptions and job training are essential to be produced because whether Defendants

3    acted reasonably will be at the heart of this lawsuit.  Defendants have already made the argument

4    and will continue to make the arguments that each performed their jobs reasonably.  Dkt 107 at

5    18 (stating discretionary immunity is needed because of the officials reasonable exercise of

6    judgment); *Id.* (stating good faith immunity for the "good faith in the performance of their

7    duties"); *see* Dkt. 27 (stating "it cannot be disputed that University Public Records staff made a

8    good faith effort to comply with the PRA").

9          Moreover, these documents are available and producible by defendants.  For example,

10   there are documents that identify whether Public Records Officers have completed their

11   statutorily mandated training.  Public Records Officers are statutorily required to undergo training

12   for at least two statutes, the Public Records Act Chapter 42.56 RCW and for Records Retentions

13   Chapter 40.14. RCW, pursuant to RCW 42.56.152 within ninety (90) days of employment.

14         There is no reason why these documents have not been produced in initial disclosures.

15         **3.   Defendants failed to identify and produce insurance agreements pursuant to Rule**

16         **26(a)(1)(A)(iv)**

17         Pursuant to Rule 26(a)(1)(A)(i) a party must produce without waiting for discovery "any

18   insurance agreement under which an insurance business may be liable to satisfy all or part of a

19   possible judgment in the action or to indemnify or reimburse for payments made to satisfy the

20   judgment."

21         In response to this requirement of the initial disclosures Defendants only produced the

22   plain language of state statutes RCW 28B.20.250 and RCW 28B.20.253.  Ex. E at 12-13.

23         RCW 28B.20.250 authorizes the University of Washington "to provide by purchase of

24   insurance, by self-insurance, or by any combination of arrangements, indemnification of regents,

25   officers, employees, agents, and students from liability."   The plain language of this statute is

26   permissive where the University of Washington to provide insurance through any combination of

27   the enumerated methods.

28         RCW 28B.20.253(1) creates a self-insurance revolving fund. "Said self-insurance

8

1    revolving fund shall consist of periodic payments by the University of Washington from any

2    source available to it in such amounts as are deemed reasonably necessary to maintain the fund at

3    levels adequate to provide for the anticipated cost of payments of incurred claims."  RCW

4    28B.20.253(2).

5          Other than providing the plain language of the statutes, Defendants have not provided any

6    other information about the insurance arrangements for the University of Washington.

7    Defendants have failed to provide any information with specificity of its self-insurance revolving

8    fund pursuant to RCW 28B.20.253(1).  Defendants have not identified either the "periodic

9    payments" into the self-insurance revolving fund or the monetary "levels adequate to provide for

10   the anticipated costs of payments of incurred claims."  RCW 28B.20.253(2).  Without pre-defined

11   amounts of "periodic payments" and "levels adequate" to cover anticipated claims, it would lead

12   to absurd results and render the statute meaningless.  *Jametsky v. Olsen*, 317 P. 3d 1003, 1006

13   (Wash. 2014) (stating Washington courts interpret statutes based upon its "plain language").   The

14   information provided should at least include: a current bank or financial accounting statement of

15   the of the funds in the self-insurance revolving account.

16         Pursuant to RCW 28B.20.253(3) identifies that other "liability insurance shall have been

17   exhausted" before any money is paid from the self-insurance revolving fund.  The plain language

18   of this provision indicates the University of Washington has other insurance arrangements other

19   than the self-insurance revolving fund.  *State v. JP*, 69 P. 3d 318, 320 (Wash. 2003) (stating

20   Washington courts construe statutes to avoid "absurd results").

21         Any other liability insurance policy must be disclosed pursuant to this Court rule or each

22   Defendant must provide documentation of no other insurance, other than the revolving fund in

23   RCW 28B.20.253.

24                              **IV.    Conclusion**

25         For approximately fifteen (15) months Defendants have abandoned their duty of

26   producing complete initial disclosures pursuant to the Federal Rules of Civil Procedure.[1]

---

[1] Initial Disclosures were ordered to be produced by this Court on June 01, 2017.  Dkt. 5.  Attorney for Defendants, Special Assistant Attorney General Jayne Freeman stated in a written letter on April 30, 2018 that "[a]ny documents related to the new claims against identified individual Defendants are University documents, not in the separate

27

28

Eighteen months is an extreme amount of leeway given to Defendants to supplement and correct the insufficiencies of the initial disclosures.   Because of Defendants failure to comply with the mandates of initial disclosures found in Rule 26(a), Ms. Dalessio has been unable to identify the John or Jane Does that were also involved in illegally and unconstitutionally disclosing her private information to the general public.

Pursuant to Rule 37(c)(1) if this Court finds a violation of the initial disclosures a penalty is mandatory.  As a remedy this Court should exclude all arguments based upon information that was withheld in initial disclosures.  Additionally, this court should award costs and attorneys fees to Ms. Dalessio and her attorney for attempting to resolve this issue for five months before bringing this issue to the Court's attention.

Respectfully submitted this 27 day of September, 2018

Law Office of Joseph Thomas

____/s/ Joseph Thomas_____
Joseph Thomas, WSBA 49532

**Certificate of Service**

I hereby certify that on 27 of September 2018, I filed the foregoing with the Clerk of the Court through the CM/ECF system which will automatically send electronic mail notification of such filing to the CM/ECF registered participants as identified on the Electronic Email Notice List.

____/s/ Joseph Thomas_____
Joseph Thomas, WSBA 49532
14625 SE 176th St., Apt. N101
Renton, WA 98058
(206) 390-8848

custody or control of the individuals, and have already been produced by the University." Ex. H at 6.