STEVEN L. THORSRUD
MICHAEL C. WALTER
ANDREW G. COOLEY
STEWART A. ESTES
JAYNE L. FREEMAN
RICHARD B. JOLLEY
SHANNON M. RAGONESI
KIMBERLY J. WALDBAUM

JEREMY W. CULUMBER
AMANDA G. BUTLER
BRIAN C. AUGENTHALER
RUTH NIELSEN
DEREK C. CHEN

OF COUNSEL:
MARK R. BUCKLIN
BRENDA L. BANNON

ROBERT C. KEATING (1915-2001)



**KEATING, BUCKLIN & McCORMACK, INC., P.S.**
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WA 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423
www.kbmlawyers.com
jfreeman@kbmlawyers.com

April 30, 2018

Mr. Joe Thomas
Attorney at Law
14625 SE 176th Street, Apt. N-101
Renton, WA 98058-8994

      RE:    *Dalessio v. University of WA, Case No. 2:17-cv-00642-MJP*

Dear Joe:

      I am writing to update the status of Plaintiff's two pending discovery motions that were filed by your client prior to your representation: Dkt. 52 (noted for hearing November 17, 2017) and Dkt. 59 (noted for hearing December 15, 2017). I have looked back at the issues raised by Ms. Dalessio in the motions. In light of the newly-filed Amended Complaint, it appears some, if not all, of the issues should be resolved.

### A.    The history of discovery provided to Plaintiff is as follows:

- June 1, 2017: Defendant University of Washington's Initial Disclosures: served on Ms. Dalessio with documents UW00001-UW001988 produced.

- June 23, 2017: Defendant University of Washington's Answers to Plaintiff's **First Discovery Requests** (Interrog. Nos. 1-9, RFP Nos. 1-9 served May 24, 2017) served on Plaintiff.

- August 14, 2017: Defendant University of Washington's Objections to Plaintiff's **Second Discovery requests** (served July 14, 2017.)

Mr. Joe Thomas
April 30, 2018
Page 2

- August 15, 2017: Defendant University of Washington's Objections and Responses to **Plaintiff's Second Discovery requests** (Interrog. Nos. 10-13, RFP Nos. 10-44 and re-asserting Interrog. Nos. 2-3 and RFP Nos. 3-7, 9 served July 14, 2017), with documents UW001989-UW003004 produced.

- October 25, 2017: Defendant agreed to stipulated order extending Oct. 27th discovery deadline to Dec. 19, 2017 [Order entered Oct. 31, 2017, Dkt. 53].

- October 27, 2017: Plaintiff's **1st Motion to Compel** filed [Dkt. 52], noted for hearing November 17, 2017 (Re: Interrog. Nos. 1-3, 7-8, 10-12 and RFP Nos. 3, 5-7, 9).

- November 13, 2017: Defense counsel confirmed via email (following up a telephone conference) that Plaintiff clarified that Plaintiff's **Third discovery requests** (dated October 16, 2017) were not intended to be a separate set of new requests, but rather an outlining of discovery Plaintiff felt was still outstanding from her First and Second discovery requests.

- November 13, 2017: Plaintiff served her **Fourth Discovery Requests** on Defendant (declaring the "identification" of 21 individuals was "incomplete" and new RFPs 1-6).

- November 17, 2017: Plaintiff filed her **2nd Motion to Compel** [Dkt. 59], noted for hearing December 15, 2017 (to compel responses to **Plaintiff's Fourth discovery requests,** not due until Dec. 13th).

- December 12, 2017: Plaintiff served her **Fifth discovery requests**.

- December 13, 2017: Defendant served objections to Plaintiff's Fourth discovery requests.

- January 11, 2018: Defendant University of Washington's **Responses to Plaintiff's Fourth discovery requests** (dated November 13, 2017). Defendant again provided information regarding individuals and documents searched for and collected during the process of responding to public records requests related to Dalessio 2015-2017.

- January 11, 2018: Defendant University of Washington's **Objections to Plaintiff's Fifth discovery requests** (unnumbered requests for summary reports and exemption logs for 15 public records requests, dated December 12, 2017). Defendant had already provided these documents with respect to PR 2015-000570 (Betz requests), 2016-00218, PR 2016-00283, and PR 2016-760 (Dalessio's

Mr. Joe Thomas
April 30, 2018
Page 3

>requests). With respect to documents requested related to 14 other public records requests submitted by Ms. Dalessio after her lawsuit was filed, they do not appear to be related to any claim currently pending against Defendants and therefore are beyond the scope of discovery.

**B.    Plaintiff's 1st Motion to Compel [Dkt. 52], Plaintiff's Declaration [Dkt. 52-1], Plaintiff's Reply [Dkt. 57]:**

## INTERROGATORIES

**Interrog. No. 1:  Identify individuals who assisted in preparing responses to discovery requests.** In its June 23, 2017, Defendant identified 8 individuals who assisted in preparing responses to Plaintiff's First discovery requests in this litigation. It is unclear what the inadequacy of this response may be.

**Interrog. No. 2:  Identify personnel who "accessed" Plaintiff's records.**

- In its June 23, 2017 responses, Defendant identified 11 individuals who appeared to have searched for and/or located records responsive to public records requests for records related to Dalessio and a description of which records each individual located or obtained to forward on to the Office of Public Records for analysis and production.

- On August 15, 2017, the University again provided responses to Plaintiff regarding which documents were collected from which individual staff/departments in response to public records requests, providing reference to the specific "TIFF" numbers Plaintiff used to identify pages of documents (Defendant has Bates-numbered all of the produced documents for clarity.)

- On January 11, 2018, the University again responded to similar requests, providing a chart identifying where each of the 3,004 pages of documents produced to Plaintiff in Defendant's Initial Disclosures and/or responses to discovery requests. It is unclear what the inadequacy of this response may be.

**Interrog. No. 3:  Identify each document provided in response to three public records requests.** Copies of the responsive documents have been produced to Plaintiff, as well as the above descriptions of where the documents were located at the time of the 2015-2017 public records requests. In her Motion to Compel Reply Brief, Plaintiff stated "UW did not provide any description of the **1431 pages that were withheld from this PR**" [PR 2015-570/Betz request] [Dkt. 57, p. 5]. It is not clear that this interrogatory called for such a description, but it is my understanding that 1431 pages were not produced because they were merely duplicates of other documents created during the conversion process in the public records office. Defendant will

Mr. Joe Thomas
April 30, 2018
Page 4

provide a supplemental response to that effect if that is an issue holding up Plaintiff's Motion to Compel.

**Interrog. No. 8: "UW has a duty to disclose related cases (LCR 26(f))" [Dkt. 57-Plaintiff's reply].** It appears Plaintiff may not understand the scope of LCR 26(f); Defendants are not aware of any pending cases related to this one as contemplated by the rule.

**Interrog. No. 10: Employee's with knowledge of UW process and procedures for responding to public records requests for the past 15 years.** Defendant provided the names of the Public Records staff who prepared and produced responses to the public records requests at issue in this matter (2015-2017). Plaintiff's Motion indicates Defendant's responses were inadequate because *"records of any past and present custodians of Plaintiff's records are relevant to this case and should be readily identifiable to the Defendant. Public Records Officers and Training Records must be identified. The Courts can consider lack of training as a penalty factor (Yousoufian v. Office of Ron Sims)."* This argument does not appear to relate to the request itself. Furthermore, the only claim remaining against the University in Plaintiff's Amended Complaint is a breach of contract claim. Thus, issues of training or procedures in unrelated matters for 1 ½ decades prior to the public records requests/responses at issue appears to be beyond the scope of discovery and not proportional to the needs of case.

**Interrog. No. 11: All training materials, etc. related to public disclosure requests for the past 15 years.** *See*, analysis re: Interrog. No. 10. Nonetheless, Defendant did provide a response to this Interrogatory. Public disclosure procedures are a matter of state statute, regulation, and common law as interpreted by Washington courts.

**Interrog. No. 12: Communications regarding the matters alleged in Plaintiff's Complaint.** Defendant provided copies of transmittal documents reflecting the communications among University staff requesting searches for records potentially responsive to the subject public disclosure requests 2015-2017 and transmittal of located records to the Office of Public Records for evaluation and production. *See*, responses to Interrog. No. 2 (responses to Plaintiff's 1st and 2nd discovery requests and response to "Request B" in Plaintiff's Fourth discovery requests: UW001991-002952 "other correspondence" & "processing emails" related to each specified PRR). It is unclear what is inadequate regarding this response. If prior concerns about the scope of the objections/response related to identifying anyone who may have communicated regarding Plaintiff back during the 2003 time-frame of her separation from the University, such a request would appear to no longer be related to any of Plaintiff's currently pending claims.

## REQUESTS FOR PRODUCTION

**RFP 3: Documents "generated and maintained" by Rhoda Morrow or Sharon Risley (former Laboratory Medicine supervisor and administrative staff pre-2003).** Department of Laboratory Medicine files/documents responsive to PR-2015-000570 were located and obtained

Mr. Joe Thomas
April 30, 2018
Page 5

by former administrative staff from University archives, not directly from either Dr. Morrow Ashley or Ms. Risley. The files had been shipped to offsite archives years before the public records requests were submitted to the University.

**RFP 5: Documents regarding audits of grants re: Dr. Rhoda Morrow Ashley pre-2003.** Plaintiff argued these documents may show she was paid from grants not assigned to her prior to her separation in 2003, and were relevant to her allegations that her former supervisor forced her resignation in 2003. As the Amended Complaint does not contain such a claim, it appears to fall outside the scope of discovery.

**RFP 6: Documents regarding pre-2003 supervisor Dr. Rhoda Morrow Ashley.** Plaintiff argued these documents were relevant to her allegations that her former supervisor forced her resignation in 2003. As the Amended Complaint does not contain such a claim, it appears to fall outside the scope of discovery.

**RFP 7: Documents regarding employees working in positions similar to Plaintiff's pre-2003 position.** Plaintiff indicated she sought such documents to support her claims of employment discrimination. As the Amended Complaint does not contain such a claim, it appears to fall outside the scope of discovery.

**RFP 9: Settlement Agreements.** As indicated in Plaintiff's Motion and Reply, these records were sought in relation to Plaintiff's prior claim that the 2003 settlement agreement was invalid because it contained an allegedly "invalid waiver of rights". As the Amended Complaint does not contain such a claim, it appears to fall outside the scope of discovery.

**C.    Plaintiff's 2nd Motion to Compel filed November 17, 2017 [Dkt. 59]:**

First, it refers to Dkt. 52 (the foregoing Motion to Compel). Second, it relates to a Fourth set of discovery requests served on UW November 13, 2017, just three days before she filed the motion and nearly a month before any response was due. The motion included no substantive basis or argument.

The University nonetheless provided timely objections to the Fourth set of discovery requests on December 13, 2017, and provided responses to the requests on January 11, 2018. It appears this motion is moot.

**D.    Defendant's Initial Disclosures:**

You have asked whether Defendants intend to supplement the University's Initial Disclosures produced on June 1, 2017. Please consider the University's subsequent responses to Plaintiff's discovery requests as supplemental to Defendants' Initial Disclosures. At this point, it appears the documents produced via Initial Disclosure production and responses to Plaintiff's discovery are inclusive of individuals with knowledge and documents in Defendant's possession

Mr. Joe Thomas
April 30, 2018
Page 6

that may be used to defend Plaintiff's claims. Any documents related to the new claims against identified individual Defendants are University documents, not in the separate custody or control of any of the individuals, and have already been produced by the University.

## CONCLUSION

Please let us know whether Plaintiff's pending Motions to Compel will be stricken in their entirety or whether it is Plaintiff's position or whether any specific requests are still at issue. If so, it would help if you could provide specific items in writing so we can research them prior to discussing them in a telephone conference. We have provided additional copies of all of the discovery exchanged by the parties prior to your appearance in the case to facilitate such a review.

It is our intent to advise the court, per Judge Pechman's recent request, that Defendant University of Washington intends to strike its pending motion for summary judgment in lieu of refiling dispositive motions that address the new claims and parties in the Amended Complaint.

I will be traveling for a conference this week, but would be available to schedule a telephonic conference Wednesday afternoon, or Thursday or Friday so we can discuss the questions raised by the court regarding pending motions. Just let me know a time that works and I'll try to schedule around it.

Sincerely,

Jayne L. Freeman

JLF/lw