## joe@joethomas.org

| | |
|---|---|
| **From:** | joe@joethomas.org |
| **Sent:** | Thursday, May 24, 2018 12:28 PM |
| **To:** | 'Jayne L. Freeman' |
| **Cc:** | 'Derek C. Chen'; 'LaHoma Walker'; 'JULIE' |
| **Subject:** | RE: Dalessio v. UW- supplemental initial disclosures |

Good afternoon Jayne:

Thank you for the initial disclosures. I believe the initial disclosures are insufficient and I want to start a dialogue with you about it. Hopefully, we can resolve these issues without any unnecessary motion practice.

First, the caption is insufficient. 1. The caption does not list all of the defendants. Because the caption does not even list all of the defendants, it is questionable whether all of the defendants contributed to the initial disclosures. 2. The case title includes the initials TSZ identifying Judge Thomas Zilly. I am not even sure if this would be correctly filed in court record.

Second, there is insufficient subject matter for some of the individuals identified in the initial disclosures. For example, Mr. Perry Tapper, who is named defendant in this action, is listed as only having information about having "knowledge of Plaintiff's contact with the Office of Public Records." There is no foundation identified as to how Mr. Tapper has knowledge of the contact. There is no identification of if Mr. Tapper had any involvement in the public records releases, or what his job responsibilities are. It appears Mr. Tapper is mentioned in UW000391. Can you confirm that PMT is Mr. Perry Tapper? Also, can you please identify any other documents that concern Mr. Tapper? This objection is not limited to Mr. Tapper. There is insufficient information and subject matter including, but not limited to: Ms. Eliza Saunders, Ms. Barb Benson, Mr. Andrew Palmer, Ms. Alison Swenson, Ms. Ana Marie Keeney, Ms. Jeanie Miele, Ms. Paula Quiones. Please provide a full subject matter for all of these individuals.

Third, there appears to be material omissions where individuals who likely have discoverable information are left off the list. For example, Ms. Dalessio's former boss Ms. Rhoda Ashley Morrow may have been involved in, at least partially, disclosing Mr. Dalessio's personnel file. Also, Ms. Murrow also would have discoverable information in the breach of contract claim. Another person left off the list is Ms. Sharon Risley who would likely have discoverable information on the same subject matter as Ms. Morrow, as she was Ms. Morrow's assistant. Next, Ms. Shari Spung is an employee in Risk Management who is listed on several documents in the initial disclosures. Additionally, Ms. Nancy Garland may have discoverable information about policy forming for employee privacy governing the University of Washington. Moreover, Dr. James Fine, is on the Privacy Council for the University of Washington may have discoverable information about the privacy policies of Laboratory Medicine, and he may also have been involved in the Breach of Contract since he was Ms. Dalessio's, supervisor's boss. Last, Christine Taylor was involved in PR 2015-00570 and PR 2016-00760 and possibly others from UW Laboratory Medicine. There may be others who have discoverable information who are left off the list, but these are the people who first come to mind. In other words, this not an exhaustive list.

Fourth, there are not addresses or contact information given for some of the individuals identified in the initial disclosures: Ms. Karen Holloway, Ms. Jennifer Klohe, Ms. Lauren Fischer, Mr. Steven Durant, Ms. Tamara Schmautz, Mr. Matt Maria, Ms. Paola Quinones, Ms. Odessah Visitacion, Ms. Cheryl Manekia, Ms. Jeanie Miele, Ms. Amy Robles, Ms. Patty Van Velsir.

Fifth, it is believed UW Medicine has a different insurance policy than the UW Washington. Since some of John or Jane Does listed in the First Amended Complaint are employed by UW Medicine, this would be relevant.

Sixth, the documents listed in the table are not at times correctly identified and at other times sufficiently identified.

Thank you for your time and attention to these matters.

Very truly yours,

Joe

Joseph Thomas
Law Office of Joseph Thomas PLLC
14625 SE. 176th ST., Apt. # N101
Renton, Washington 98058
Phone: (206) 390-8848
Website: http://JoeThomas.org

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying it or disclosing its contents to others. Thank you.

---

**From:** Jayne L. Freeman <JFreeman@kbmlawyers.com>
**Sent:** Friday, May 18, 2018 5:56 PM
**To:** joe@joethomas.org
**Cc:** Derek C. Chen <DChen@kbmlawyers.com>; LaHoma Walker <LWalker@kbmlawyers.com>
**Subject:** Dalessio v. UW- supplemental initial disclosures

Joe: attached please find Defendants' Supplemental Initial Disclosures.

As I indicated previously, the facts and information haven't changed, and you have already been provided all identified documents UW 000001-UW003004, which have always contained the information referenced in this pleading and was also previously provided in response to Plaintiff's discovery requests.

However, I have attempted to add as much information as possible in one place in an attempt to address various discovery questions you have raised in the past.

Have a good weekend.


*Jayne L. Freeman*
**KBM** KEATING, BUCKLIN & McCORMACK

*801 Second Avenue, Suite 1210*
*Seattle, WA 98104*
*Office: (206)623-8861*
*FAX: (206)223-9423*
*jfreeman@kbmlawyers.com*

**www.kbmlawyers.com**
***(Please note our new address)***

3