The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIE DALESSIO, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>UNIVERSITY OF WASHINGTON, ET. AL.,<br><br>        Defendant. | No. 2:17-cv-00642-MJP<br><br>DECLARATION OF JULIE DALESSIO IN SUPPORT OF MOTION TO COMPEL INITIAL DISCLOSURES<br><br>**Note on Motion Calendar October 26, 2018** |

I, Julie Dalessio, declare as follows:

1. I am the Plaintiff in this above entitled action. I make this declaration based upon my own personal knowledge, upon facts which are admissible in evidence. I am competent to testify to the matters set forth in this declaration.

2. Until the January 2018 appointment of pro bono counsel, I was pro se in this action. In other words, I acted as my own attorney and I prosecuted this action to the best of my ability.

3. After Defendant University of Washington's initial disclosures had been provided to me on June 01, 2017, I recognized that the initial disclosures were insufficient. Due to

Declaration
Case 2:17-cv-00642

1

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1  my lack of legal training, instead of filing a motion to compel for the initial
2  disclosures, I tried to ascertain the same information through written discovery,
3  specifically interrogatories and requests for production of documents.  For example,
4  my first interrogatory I asked for the identities of persons helping with the University
5  of Washington's defense. *See* Dkt. 56-2 at 4-5.  Then the second interrogatory asked
6  who had examined or had access to the documents. *Id*. at 5-7.  Defendant University
7  of Washington answered this interrogatory in almost exactly the same way it answered
8  the initial disclosures from June 01, 2017.  Additionally, in request for production of
9  documents number two I sought for Defendant University of Washington to identify
10 the documents and the source of the location of the files at issue in this lawsuit.  Dkt.
11 56-3 at 5.  This is substantially the same as what Defendants are required to produce in
12 initial disclosures.  Lastly, I sought in request for production of documents number 20
13 all insurance agreements from Defendant University of Washington. *Id.* at 16.  Again,
14 this is substantially the same as what Defendants are required to produce in initial
15 disclosures.

16  4. Defendant University of Washington failed to cooperate with both initial disclosures
17     and written discovery.  It also failed to even identify persons involved or documents
18     produced, objecting mainly that it's "unduly burdensome" and "not
19     proportional to the needs of this case."  In some instances, counsel for defense failed
20     to sign discovery responses, despite my having brought this to their attention. Dkt. 66
21     at 1; *see also generally* Dkt. 66-1.

22  5.  Defendant's insufficient disclosures led to my filing a motion to compel discovery
23     responses in November 2017.  Dkt. 52.  In these motions to compel discovery, much
24     of what I sought should have been provided in initial disclosures under the court rules.

25  6. This has been very stressful for me.  I have been working for more than two years to
26     find out basic information about my case that should have been provided under the
27     court rules. I feel that Special Assistant Attorney General Jayne Freeman and Mr.
28     Derek Chen, both attorneys for Defendant (now Defendants) used their superior

knowledge of the law to frustrate my attempts to prosecute this case when I was a pro se litigant.

7. This enormous delay has been hugely detrimental to my ability to prosecute this case. During the time that this case has been going on many people with knowledge of this case, who were employees of the University of Washington when this lawsuit was filed are no longer working for the University of Washington because they either resigned or were terminated. This is seen when comparing Defendants responses to the interrogatories in June 2017 compared to Defendants' second supplemental initial disclosures provided in July 2018.

8. It has taken me much more than one-hundred (100) hours to personally identify some of the information that Defendants had a duty under the court rules to produce in initial disclosures, as described in this accompanying motion to compel initial disclosures.

9. Whether Defendants' actions are deliberate tactics or simply careless, they have had the same effect - taking up more of Mr. Thomas's and my time and energy, upsetting me, and causing the court to spend extra time and attention on this matter.

10. Defendants' behavior in deliberately avoiding disclosures has not been harmless, it has resulted in the restarting of discovery, the delay of these proceedings, and has affected my well-being.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge.

DATED this 27th day of September, 2018, at Seattle, Washington.

Plaintiff Julie Dalessio

3

**Certificate of Service**

I hereby certify that on 27 of September 2018, I filed the foregoing with the Clerk of the Court through the CM/ECF system which will automatically send electronic mail notification of such filing to the CM/ECF registered participants as identified on the Electronic Email Notice List.

                ___/s/ Joseph Thomas_____
                Joseph Thomas, WSBA 49532
                14625 SE 176th St., Apt. N101
                Renton, WA 98058
                (206) 390-8848