The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

JULIE DALESSIO, an individual,

               Plaintiff,

   v.

UNIVERSITY OF WASHINGTON, a
Washington Public Corporation; ELIZA
SAUNDERS, Director of the Office of
Public Records, in her personal and official
capacity; ALISON SWENSON, Compliance
Analyst, in her personal capacity; PERRY
TAPPER, Public Records Compliance
Officer, in his personal capacity; ANDREW
PALMER, Compliance Analyst, in his
personal capacity; JOHN or JANES DOES
1-12, in his or her personal capacity,

               Defendants.

No. 2:17-cv-00642-MJP

DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION TO COMPEL
INITIAL DISCLOSURES AND
REQUEST FOR PROTECTIVE ORDER
STAYING PLAINTIFF'S PENDING
DISCOVERY REQUESTS

**Noted for hearing: Friday,
October 26, 2018**

## I.    INTRODUCTION

In moving to compel additional *Initial Disclosures*, Plaintiff defeats her own arguments in the first three pages of her brief. FRCP 26(e) states

> A party who has made a disclosure under Rule 26(a) … must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, ***and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]***"

(Emphasis added.) Defendants have provided this information in some form (whether in

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL INITIAL DISCLOSURES AND REQUEST
FOR PROTECTIVE ORDER STAYING PLAINTIFF'S
PENDING DISCOVERY REQUESTS - 1
2:17-cv-00642-MJP
1010-00051/383715.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

written interrogatory responses or through documents produced) multiple times. Plaintiff refuses to accept those responses, and appears stuck on the fact they were not provided as a supplemental initial disclosure. Defendants have produced this information, making this motion moot at best.

In addition, prior to filing this Motion to Compel Initial Disclosures, Plaintiff's counsel filed a Notice of Unavailability [Dkt. 105] and specifically secured agreement of defense counsel *not to file* a planned Motion for Summary Judgment until after he returned. Then, while defense counsel believed in good faith that Mr. Thomas was unavailable based on his explicit statements on a phone call, he filed this Motion and served additional discovery requests on Defendants during his "unavailability". Dkt. 108-110, *Exh. J to Freeman Decl.* Plaintiff's Motion is based on false representations and material omissions to the court, including intentionally concealing that Defendants have also responded to discovery requests propounded by Plaintiff regarding matters *Plaintiff* unilaterally deems relevant but which fall outside the scope of Initial Disclosures. *Exh. L to Freeman Decl.*

## II.   RELIEF REQUESTED

Defendants request the court deny Plaintiff's Motion to Compel Initial Disclosures and request for attorney fees/sanctions, and issue a Protective Order staying Plaintiff's Second Interrogatories and Requests for Production pending resolution of a Motion for Summary Judgment Defendants intend to re-file upon Mr. Thomas' return from his period of "unavailability."[1]

## III.   COUNTER-STATEMENT OF FACTS

This case arises out of Plaintiff Julie Dalessio's claims that the University of Washington over-disclosed documents regarding her prior employment in response to a

---

[1] Defendants are unable to confer with Mr. Thomas to request that he withdraw the second set of discovery requests that he served during his period of unavailability because he is still purportedly out of the country. If Plaintiff agrees to withdraw or stay these requests upon his return, Defendants will drop the request for this Protective Order; however, it did not seem an expeditious use of court or party resources to file an entirely separate motion just on that issue.

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL INITIAL DISCLOSURES AND REQUEST
FOR PROTECTIVE ORDER STAYING PLAINTIFF'S
PENDING DISCOVERY REQUESTS - 2
2:17-cv-00642-MJP

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

public records request in 2015. Dkt. 82. The lawsuit now contains only one claim against Defendant University of Washington: an allegation of breach of contract based on a 2003 separation/settlement agreement.[2] Ms. Dalessio's remaining claims are <u>solely against individual University employees</u> who are immune from her state law claims pursuant to RCW 42.56.060 [*See*, Dkt. 106: Court's Order on Motion to Amend Answer], and subject to qualified immunity from her Federal claims. [*See, e.g. Jones v. State Dep't of Health,* 170 Wash.2d 338, 349, 242 P.3d 825 (2010)].[3]  In addition, Plaintiff voluntarily dismissed her PRA claim, seemingly agreeing she cannot prove the individual defendants didn't act in good faith under RCW 42.56.060.   Because she cannot prove an intentional act, her constitutional claims will similarly fail. *Weisberg v. Riverside Twp. Bd. of Educ.*, 180 F. App'x 357, 365 (3d Cir. 2006) ("Medical information... is entitled to privacy protection against disclosure. The Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property.")

Plaintiff intentionally omits the fact that the University has also responded to Plaintiff's discovery requests throughout 2017 and again on July 6, and August 6, 2018 when Mr. Thomas re-issued new discovery requests in May of 2018. *Freeman Dec*., Ex. L. Counsel has conducted at least a total of four telephonic discovery conferences regarding Mr. Thomas' unilateral, but mistaken perception of the "sufficiency" of Defendants' Initial Disclosures <u>and</u> responses to discovery requests, which are uniformly excessively disproportional to the needs of the case in light of the claims filed against the Defendants named in this action.

What is equally disturbing is the final representation, at p. 10:2-5 of Plaintiff's Motion, alleging Defendant's "failure to comply" with Rule 26(a) has caused Ms. Dalessio to be "unable to identify the John or Jane Does that were also involved in illegally and

---

[2] Plaintiff alleges the separation agreement required the University to remove certain documents from certain files 15 years ago, and that some of those documents still existed when she and a citizen made public records requests for her records in 2015 and 2016. Dkt. 82, pp. 25-26.
[3] This Order also outlines the litigation history of this case. *See also*, Dkt. 97.

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL INITIAL DISCLOSURES AND REQUEST
FOR PROTECTIVE ORDER STAYING PLAINTIFF'S
PENDING DISCOVERY REQUESTS - 3
2:17-cv-00642-MJP
1010-00051/383715.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

unconstitutionally disclosing her private information to the general public." This is categorically false. For well over a year, and since at least August of 2017, Ms. Dalessio has had possession of all documents related to the only PRA request (PR-2015-570) (Betz) in which any documents were produced to any member of the public—including all transmittal emails among University staff and Department reflecting the names of every individual who may have searched for, located, transmitted, or failed to find any documents responsive to PR-2015-570. *Freeman Dec.*, *Exh. C*, at p. 1. The individual names have also been listed in Supplemental Initial Disclosures (*Dkt. 108-3*) and Defendants' responses to Plaintiff's discovery requests (*Freeman Dec., Ex. L*). The remaining task is for Plaintiff's counsel to actually review those documents and pleadings.

When Mr. Thomas appeared as Ms. Dalessio's attorney, he was provided additional copies of these documents, detailed descriptions of individuals and documents, as well as repeated verbal explanations of the documents and individuals listed. *Exh. C to Freeman Decl.*, at p. 1. Unfortunately, Plaintiff's counsel has frequently made assertions without appearing to have first actually read pleadings or discovery in his possession. *Id.*; *Exh. F to Freeman Decl.* (Mr. Thomas aggressively asserted defense counsel had not identified which discovery responses were "supplemental" when in fact, defense counsel had done so in **bold and underline** to make it extremely obvious.  Mr. Thomas also asserted he couldn't tell which documents were responsive to which RFP, but defense counsel had included bates numbered documents and cited to those numbers in the response.  Despite doing the two things Mr. Thomas wanted *before he asked for them*, he still made unsupported accusations against defense counsel.)

## IV.    LEGAL AUTHORITY

FRCP  26(a)(1) states in relevant part:

> (A) *In General*… a party must, **without awaiting a discovery request**, provide to the other parties:

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL INITIAL DISCLOSURES AND REQUEST
FOR PROTECTIVE ORDER STAYING PLAINTIFF'S
PENDING DISCOVERY REQUESTS - 4
2:17-cv-00642-MJP
1010-00051/383715.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

> (i) the name and, if known, the address and telephone number of each individual likely to have **discoverable information**—along with the subjects of that information—**that the disclosing party may use to support its claims or defenses**, unless the use would be solely for impeachment;
>
> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control **and may use to support its claims or defenses**, unless the use would be solely for impeachment;
>
> …
>
> (iv) for inspection and copying as under Rule 34, **any insurance agreement** under which **an insurance business** may be liable to satisfy all or part of a **possible judgment in the action** or to indemnify or reimburse for payments made to satisfy the judgment.

(Emphasis added.)   The rule obligates Defendants to identify individuals and documents relevant to *their own* defenses. *See, Kumar v. Williams Portfolio 7, Inc.*, No. C14-657RAJ, 2015 WL 11714566, at \*4 (W.D. Wash. Aug. 13, 2015).

As Plaintiff herself states, initial disclosures are exchanged to "accelerate the exchange of *basic* information about the case." *Dkt. 108*, at p. 3:19-22. (Emphasis added.) The Federal Rules are more explicit:

> A party who has made a disclosure under Rule 26(a) … must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, *and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]*"

FRCP 26(e) (Emphasis added.)

### A.   Sufficiency of Identifying Persons Likely to Have Discoverable Information.

1.   <u>Shari Spung Was the Claims Adjuster Handling Plaintiff's Tort Claim, Filed on October 21, 2016.</u>

Shari Spung was the senior claims adjuster in Risk Management. As stated multiple times, her only involvement stems from responding to Ms. Dalessio's tort claim, submitted

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL INITIAL DISCLOSURES AND REQUEST FOR PROTECTIVE ORDER STAYING PLAINTIFF'S PENDING DISCOVERY REQUESTS - 5
2:17-cv-00642-MJP
1010-00051/383715.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

1   October 21, 2016, as a condition precedent to filing this lawsuit, and litigation management.

2   *Freeman Dec.*, at ¶ 39; *Exh. L to Freeman Decl.*, at p. 10; *Exh. E to Freeman Decl.*, at p. 9.

3   She is not likely to have discoverable information regarding the facts upon which the claims

4   are based.

5           2.      <u>Nine Individuals Not Party to Lawsuit:</u>

6         **Christine Taylor, Marcelo Collantes, and Daisy Rendorio, and Ana Marie**

7   **Keeney (**Human Resources Analyst for Health Sciences) are University employees who

8   had no involvement or knowledge regarding the underlying facts of the case. Their only

9   connection to the litigation is that they assisted defense counsel in researching and locating

10  historical documents and information regarding the University as part of the discovery

11  process since litigation began. *Dkt. 108-5*; *Exh. L to Freeman Decl.*, at pp. 14-17.

12        **Cynthia Dold (**Director, Strategic Planning & Clinical Integration, UW School of

13  Medicine), **Lorie Oliver (**UW Medicine Strategic Clinical Business Officer, UW School of

14  Medicine), **Mindy Kornberg** (Vice President, UW Finance & Administration), **Barb**

15  **Benson** (Director, Enterprise Services, University of Washington Finance) (Motion, p. 4-6)

16  are all high-level University officials whose names appeared on "case summaries" of the

17  PDA request, but turned out to have no direct involvement in processing the PDA requests

18  at all. *Freeman Dec.*, ¶¶ 28-30.

19        During the September 2018 discovery conferences, defense counsel specifically

20  explained to Mr. Thomas that some of the names that initially appeared on the University's

21  Initial Disclosures in 2017 were removed when it was discovered that those individuals

22  were not actually personally involved at all in the location, collection, or production of PRA

23  documents, but that their names were included on the original Initial Disclosures in 2017

24  because they appeared on the case summary documents available at the time. Upon further

25  research and obtaining transmittal documents, it was discovered these individuals did not

26  actually have any personal involvement in responding to PRA requests; rather, the requests

27  DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL INITIAL DISCLOSURES AND REQUEST
FOR PROTECTIVE ORDER STAYING PLAINTIFF'S
PENDING DISCOVERY REQUESTS - 6
2:17-cv-00642-MJP
1010-00051/383715.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

were sent to their offices and other staff-members follow-up. *Id.*  Those staff-members have been specifically identified.

### B. Defendants Have Fully Satisfied Their Obligation to Identify and Have Also Voluntarily Produced Documents Related to Their Defenses and Responsive to Plaintiff's Discovery Requests.

The University of Washington has identified and produced all documents it intends to rely on in defense of Plaintiff's claims against the Defendants Plaintiff has chosen to sue. Ms. Dalessio's lawsuit claims Defendant Swenson failed to properly redact some information when she produced records responsive to a public records request (PRA-2015-570) by Mr. Betz. The University voluntarily produced to Plaintiff all the records produced to Mr. Betz, as well as all the records withheld from Mr. Betz, the "case summary" documenting steps by OPR to fulfill the request, and emails documenting where requests for responsive documents were sent throughout the University, and who located and transmitted responsive documents to OPR for handling. *Dkt. 108-5*, *Freeman Decl.*, at ¶ 28, *Exh. C.* These documents were first produced to Ms. Dalessio in 2017. After Mr. Thomas appeared as counsel for Ms. Dalessio in February of 2018, defense counsel provided him another copy of documents UW00001-003004 to make sure he had copies of all discovery that had been sent to his client.  Mr. Thomas confirmed he received these. *Exh. B to Freeman Decl,* at pp. 1-2.

Despite being unrelated to any production of documents to a third party, the University has also identified and produced similar documents related to PRA requests by Ms. Dalessio herself for her own records (PRA-2016-760 and PRA 2016-283).

While Defendants have also responded to interrogatories and extensively guided Plaintiff's counsel to relevant parts in the produced discovery, Defendants are under no obligation to do so.

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL INITIAL DISCLOSURES AND REQUEST
FOR PROTECTIVE ORDER STAYING PLAINTIFF'S
PENDING DISCOVERY REQUESTS - 7
2:17-cv-00642-MJP
1010-00051/383715.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX:  (206) 223-9423

1
2
3
4
5

answer will be substantially the same for either party, the
responding party may answer by:

(1) specifying the records that must be reviewed, in sufficient
detail to enable the interrogating party to locate and identify
them as readily as the responding party could; and

(2) giving the interrogating party a reasonable opportunity to
examine and audit the records and to make copies,
compilations, abstracts, or summaries.

6
7
8

FRCP 33(d). Defendants have done this, and directed Plaintiff to specific Bates numbers where the requested information can be found - both in multiple writings and telephone conferences. *Dkt. 108-5.*

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

On July 3, 2018, the University additionally produced documents UW003005 - UW004451 in response to June 6, 2018 discovery requests from Plaintiff via Mr. Thomas. On July 30, the University produced documents UW004452-UW004454 in response to Mr. Thomas' specific request regarding what he thought Defendants Initial Disclosures should have included. *Freeman Dec.*, at ¶ 19. On August 6, 2018, the University supplemented responses to Plaintiff's discovery requests and produced additional documents UW004462-UW004467. *Id.* None of these documents are or were anticipated to be used by Defendants to support their defenses to Plaintiff's claims. In fact, Defendants have maintained that the scope of Plaintiff's discovery requests are largely overbroad and completely disproportional to the needs of discovery, pursuant to FRCP 26(b)(1), and have asked Plaintiff to narrow some of the requests, while providing responses and responsive documents to others. Counsel has discussed these issues during discovery conferences in June, August, and September of 2018, as well as several email communications. *Freeman Dec.*, at ¶¶ 32-38. The University has also produced case summaries for additional PRA requests submitted by Ms. Dalessio regarding other, unrelated University staff after she filed her lawsuit.

24
25
26
27

Plaintiff's argument that the University failed to produce copies of "policies and procedures" is erroneous. (*Motion*, p. 6). The University produced a copy of a "glossary" outlining RCW 42.56 exemptions in August of 2017 (UW002953-UW002959). It was

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL INITIAL DISCLOSURES AND REQUEST
FOR PROTECTIVE ORDER STAYING PLAINTIFF'S
PENDING DISCOVERY REQUESTS - 8
2:17-cv-00642-MJP
1010-00051/383715.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

explained to Mr. Thomas during discovery conferences that this is the guideline OPR staff refer to when processing PRA requests. *Freeman Dec*. Plaintiff also requested all policies that may relate to public disclosure in May 2018 discovery requests, and the University additionally produced UW004462-UW004467 (APS 57.9) on August 6, 2018. The Revised Code of Washington and Washington Administrative Code are not internal "documents" in the possession of the University—they are State laws and regulations accessible by anyone.

The suggestion that Defendants have not produced job descriptions for Defendants Saunders, Tapper, Swenson, and Palmer is false. (Motion, p.7:23-8:14). The job descriptions were produced to Mr. Thomas July 6, 2018 (UW))4166-UW4180) in response to May 2018 discovery requests. *Freeman Dec.*, at ¶ 19. The descriptions were discussed with Mr. Thomas during an August 23, 2018 discovery conference and he ultimately confirmed he had received them, after initially indicating that none had been produced. *Id.* Documents regarding training and job descriptions were never anticipated as necessary to support Defendants positions regarding immunity or other defenses based on public disclosure of private information alleged in Plaintiff's Amended Complaint, and so were never selected for inclusion in Defendants' Initial Disclosures.

**C.     Defendants Have Fully Satisfied Their Obligation to Identify and Produced "Insurance Agreements" Pursuant to Rule 26(a).**

Plaintiff's position regarding disclosure of "insurance agreements" is absurd. (Motion, p. 8-9). The University of Washington is an agency of the State of Washington. Dkt. 108-1, p. 5. The University has *repeatedly* explained the University is a self-insured State agency pursuant to RCW 28B.20.250 and the Standing Orders of the Board of Regents. *Freeman Dec.*, ¶¶ 19, 31, and 33. Despite *repeated* assurances that the named Defendants are covered by this program, and even providing copies of indemnification letters to Defendants Swenson, Palmer, Tapper, and Saunders, Mr. Thomas continues to assert he believes there are other "insurance policies" that apply in this instance. *Freeman Dec.*, Ex. E, at pp. 1-3. There are not. *Id.*

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL INITIAL DISCLOSURES AND REQUEST
FOR PROTECTIVE ORDER STAYING PLAINTIFF'S
PENDING DISCOVERY REQUESTS - 9
2:17-cv-00642-MJP
1010-00051/383715.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

## V.    CONCLUSION

Under normal circumstances, Plaintiff's counsel's actions could reasonably merit monetary sanctions.  However, based on Mr. Thomas' repeatedly stated "reminders" that he is "pro bono" counsel, Defendants are not requesting any sanctions other than requesting the Court deny Plaintiff's Motion to Compel Initial Disclosures and rule on Defendants' Motion for Summary Judgment *prior* to any discovery motions to determine whether any or all of Plaintiff's requests are mooted by the dispositive motion. Based on the foregoing, Defendants request the court deny Plaintiff's Motion to Compel Initial Disclosures and request for fees and/or sanctions and enter a Protective Order staying pending discovery issued by Plaintiff pending resolution of Defendants' Motion for Summary Judgment.

DATED:  October 15, 2018

KEATING, BUCKLIN & McCORMACK, INC., P.S.


By: */s/ Jayne L. Freeman*
Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for Defendant

801 Second Avenue, Suite 1210
Seattle, WA  98104-1518
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: jfreeman@kbmlawyers.com

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiff**

Mr. Joseph Thomas
14625 SE 176th Street, Apt. N-101
Renton, WA 98058-8994
Telephone: (206) 390-8848
Email: joe@joethomas.org

DATED: October 15, 2018

/s/ Jayne L. Freeman
Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for
Defendant
801 Second Avenue, Suite 1210
Seattle, WA 98104-1518
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: jfreeman@kbmlawyers.com

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL INITIAL DISCLOSURES AND REQUEST
FOR PROTECTIVE ORDER STAYING PLAINTIFF'S
PENDING DISCOVERY REQUESTS - 11
2:17-cv-00642-MJP

1010-00051/383715.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423