The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JULIE DALESSIO, an individual,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>UNIVERSITY OF WASHINGTON, a Washington Public Corporation; ELIZA SAUNDERS, Director of the Office of Public Records, in her personal and official capacity; ALISON SWENSON, Compliance Analyst, in her personal capacity; PERRY TAPPER, Public Records Compliance Officer, in his personal capacity; ANDREW PALMER, Compliance Analyst, in his personal capacity; JOHN or JANES DOES 1-12, in his or her personal capacity,<br><br>　　　　　　　Defendants. | No. 2:17-cv-00642-MJP<br><br>DECLARATION OF JAYNE L. FREEMAN IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL INITIAL DISCLOSURES |

I, Jayne L. Freeman, declare as follows:

1. I am a Special Assistant Attorney General appointed to defend Defendants in this lawsuit. I make this declaration based upon my own personal knowledge, upon facts which are admissible in evidence. I am competent to testify to the matters set forth in this declaration.

2. Attached as **Ex. A** is a true & correct copy of email correspondence between my office and Mr. Thomas on February 28, 2018.

3. Attached as **Ex. B** is a true & correct copy of email correspondence between my office and Mr. Thomas April 6-10, 2018 confirming Mr. Thomas received duplicate copies of all documents that the University had produced to Ms. Dalessio thus far

DECLARATION OF JAYNE L. FREEMAN - 1
2:17-cv-00642-MJP
1010-00051/385357.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

(UW00001-003004).

4. Attached as **Ex. C** is a true & correct copy of email correspondence between my office and Mr. Thomas April 11-12, 2018 explaining where discovery documents are located.

5. Attached as **Ex. D** is a true & correct copy of email correspondence between my office and Mr. Thomas June 18-20, 2018 again explaining information provided in Defendants' Supplemental Initial Disclosures.

6. Attached as **Ex. E** is a true & correct copy of email correspondence between my office and Mr. Thomas May 18-July 12, 2018 again explaining information provided in Defendants' Supplemental Initial Disclosures following a "discovery conference" on June 25, 2018 and a follow-up email from Mr. Thomas on July 12, 2018 (this is a complete set of the email exchange filed by Plaintiff at Dkt. 109-4, which did not include my July 12, 2018 response)

7. Attached as **Ex. F** is a true & correct copy of email correspondence between my office and Mr. Thomas August 8, 2018. Plaintiff filed Mr. Thomas' August 8th email (Dkt. 109-5) alleging the "supplemental discovery sent on August 6, 2018 is simply unacceptable" and accusing defense counsel of "wasting his time" "as Ms. Dalessio's pro bono attorney". However, he did not include Mr. Chen's response that day clearly explaining that Mr. Thomas was wrong: the University *had* included clear labels as to each response that was a "**SUPPLEMENTAL RESPONSE**" so they would be clearly identifiable. Additionally, the University had clearly identified, by UW Bates-number which produced documents were responsive to which requests. It again appeared Mr. Thomas must simply not be reading documents that were served on him.

8. Attached as **Ex. G** is a true & correct copy of email correspondence between my office and Mr. Thomas September 13-20, 2018 wherein Mr. Thomas again accused the University of failing to produce documents that had already been identified and produced. It was again difficult to understand why Mr. Thomas would *still* represent that the

DECLARATION OF JAYNE L. FREEMAN - 2
2:17-cv-00642-MJP
1010-00051/385357.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

University had not produced items like 1) job descriptions, 2) policies, and 3) information describing where documents produced in response to PRA requests were found at the University and which employees were involved in locating them.

9. Attached as **Ex. H** is a true & correct copy of email correspondence between my office and Plaintiff regarding Defendants' Objections and First Supplemental Responses to Plaintiff's First Set of Discovery Requests.

10. Attached as **Ex. I** is a true & correct copy of email correspondence between my office and Plaintiff regarding Defendants' Second Supplemental Initial Disclosures.

11. Attached as **Ex. J** is a true & correct copy of email correspondence from Joe Thomas serving Defendants with a second set of discovery requests after specifically requesting Defendants not file a motion for summary judgment that I informed Mr. Thomas we intended to file. Despite Mr. Thomas' actions, my office has kept our word and has not filed our motion.

12. Attached as **Ex. K** is a true and correct copy of a September 12, 2018 email Mr. Thomas sent to my office outlining what he deemed to be insufficiencies in Defendants' responses to Plaintiff's 2018 discovery requests.

13. Attached as **Ex. L** is a true and correct copy of Defendants Objections and First Supplemental Responses to Plaintiff's First Set of Discovery Requests and a separate privilege log.

### Mr. Thomas' Filing Motions and Discovery During Period He Claimed to Be Unavailable to Participate in Litigation.

14. On September 17, 2018, I participated in a discovery conference with Mr. Thomas. Associate attorney Derek C. Chen from my office also participated. During the conference, we reminded Mr. Thomas that Defendants still intended to refile a new Motion for Summary Judgment (*see*, Dkt. 90, p. 2), particularly in light of the immunities that apply to the individual Defendants. He told us that we should know he was going to be gone for a lengthy period of time because he had listed September 20 – November 16, 2018 (two months) as dates that he would have a trial conflict in the JSR filed February 20, 2018

DECLARATION OF JAYNE L. FREEMAN - 3
2:17-cv-00642-MJP
1010-00051/385357.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

(in addition to three weeks in April, and three weeks in June/July 2018) [Dkt. 69]. When I pointed out he had never filed any Notices of Unavailability and that it was difficult if he was going to again tie the case up for months, he clarified that he was now only unavailable for one month: September 20 – October 16, 2018. Then he filed a Notice of Unavailability for those dates [Dkt. 105]. At his request, we agreed not to file a Motion for Summary Judgment until he returned to the office.

15. We had a final discovery conference on September 20, 2018 discussing Defendants' Supplemental responses to Plaintiff's discovery requests before he left town.

16. On September 21, 2018, the Court granted Defendants' motion to amend their Answer [Dkt. 106] and an amended Answer was filed [Dkt. 107].

17. Then, on September 27, 2018, Mr. Thomas filed this Motion to Compel Initial Disclosures, along with declarations and supporting exhibits [Dkt. 108, 109, and 110].

**History of Defendants Initial Disclosures and Responses to Plaintiffs' Discovery Requests.**

18. As has been detailed in prior motions, declarations, and court orders, the University has provided documents, information, and discovery responses to Plaintiff repeatedly over the past 1½ years:

- **June 1, 2017:** Initial Disclosures to Plaintiff Julie Dalessio, pro se (Dkt. 108-1). Listed 11 individuals, listed and unilaterally produced Documents UW00001-UW001988.

- **July 6, 2017**: Defendant University of Washington responded to Ms. Dalessio's First Set of Interrogatories and Requests for Production served June 6, 2017.

- **August 14, 2017**: Defendant University of Washington responded to Ms. Dalessio's Second Set of Interrogatories and Requests for Production served July 14, 2017, producing documents UW001989-UW003004 to Plaintiff Julie Dalessio, pro se.

- **August 24, 2017**: Defendant University of Washington filed a Motion for Summary Judgment (Dkt. No. 27), supported by Declarations of Andrew Palmer (Dkt. 29), Alison Swenson (Dkt. 30, 32-34).

DECLARATION OF JAYNE L. FREEMAN - 4
2:17-cv-00642-MJP

1010-00051/385357.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

- **October 2017-January 2018**: Plaintiff served & Defendant University of Washington responded with objections and responses to Plaintiff's Third, Fourth, and Fifth discovery requests, and Plaintiff filed Motions to Compel Discovery (Dkt. Nos. 52, 59), and a second Motion to Appoint Counsel (Dkt. 61-62). The Court then appointed Joe Thomas as counsel for Plaintiff.

After Mr. Thomas appeared as counsel for Ms. Dalessio (Dkt. No. 67, 68):

- **April 12, 2018**: Plaintiff filed Amended Complaint (Dkt. No. 82) adding 16 individual Defendants. Thereafter, Plaintiff agreed to issue new discovery requests, and Defendants agreed to strike the pending summary judgment motion subject to re-filing to more directly address the claims/parties in Plaintiff's Amended Complaint (Dkt. No. 90). Defendants also did not oppose Plaintiffs repeated requests to extend previously set discovery deadlines, and the court had extended the deadlines several times (Dkt. No. 73, 91, 94, 96).

- **April 30, 2018**: Freeman letter to Thomas re: status of discovery

- **May 18, 2018**: Defendants' Supplemental Initial Disclosures produced (after Plaintiff filed Amended Complaint alleging same claims against individual Defendants). Listed 23 individuals and specific relation to any documents including referencing Bates'-numbered documents, listed documents UW00003-UW003004 previously produced in June/August 2017 and identifying each individual who appeared related to sets of documents. Dkt. 108-2, 108-3.

- **June 25, 2018**: DISCOVERY CONFERENCE RE: INITIAL DISCLOSURES.

- **July 6, 2018:** Defendants **responded to Plaintiff's "First" discovery requests (not including Ms. Dalessio's pro se requests)**, producing additional University documents UW003005-UW 004154 requested by Plaintiff. **These responses included requested training materials (UW4155-4165) and job descriptions (UW004166-UW004180).**

- **July 30, 2018**: Second Supplemental Initial Disclosures. Dkt. 108-5. Defendants produced documents UW004452-UW004454 consisting solely of additional documentation Plaintiff requested to prove the University really had agreed to defend and indemnify the individually-named Defendants pursuant to its statutory self-insurance program. Added Last-known home addresses for several current and former University employees.

- **July 30, 2018**: Defendant produced documents UW004452-UW004454 in response to Mr. Thomas' request for copies of indemnification letters, statutes and Board of Regents Standing Order as evidence of "insurance" in Initial Disclosures.

DECLARATION OF JAYNE L. FREEMAN - 5
2:17-cv-00642-MJP
1010-00051/385357.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

- **August 6, 2018**: Produced Defendants' First Supplemental Responses to Plaintiff's First Interrogatories and Requests for Production, including a copy of UW004462-UW004467 (APS 57.9 department guidelines re: release of UW records) pursuant to request of Plaintiff's counsel (also available on UW website).

- **AUGUST 23, 2018**: DISCOVERY CONFERENCE RE: Plaintiffs' allegations that Defendants' discovery responses were inadequate. Without any evidence or support for his position, Mr. Thomas argued it was his belief that an adequate search had not been done for records. I discussed again with him the efforts that were made, which he would not accept.

- **SEPTEMBER 17, 2018**: DISCOVERY CONFERENCE RE: Defendants' Supplemental responses to Plaintiff's discovery requests

- **SEPTEMBER 20, 2018**: DISCOVERY CONFERENCE RE: Defendants' Supplemental responses to Plaintiff's discovery requests

**Discovery Conferences with Mr. Thomas**

19. I have had multiple telephone discovery conferences with Mr. Thomas.

20. For example, on June 25, 2018, Mr. Thomas again stated (as reflected in his June 13, 2018, email, *Exh. E*, at p. 7), that the **University had not disclosed the "subjects of information" related to individuals identified in Defendants'** May 18, 2018 Supplemental Initial Disclosures. He said he did not want to go on a "fishing expedition" regarding the last-known home addresses of all former UW employees, but that he mainly wanted to "find out where these documents were located and who had control of them." I asked if he had actually *read* the Initial Disclosures because this very detailed information had been provided, and I gave the example of the "Lab Medicine Department file" and the information provided tracking where it had been located and produced in response to the 2015 and 2016 PRA requests. Mr. Thomas asked me "where is that information in the Initial Disclosures?" I then directed him to p. 6 of Dkt. 108-3 and told him that, for example, this is the information the University provided regarding the Lab Medicine file, and I read, verbatim, the following passage out loud from p. 6:

> *18. Matt Maria*

DECLARATION OF JAYNE L. FREEMAN - 6
2:17-cv-00642-MJP
1010-00051/385357.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

> *Former Program Coordinator, Laboratory Medicine (July 2013-December 2016)*
>
> *Address Unknown*
>
> *Records reflect former employee Matt Maria requested a box from Records Management Services archives (#43135) on or about September 21-22, 2015 **that contained Plaintiff's department file from Laboratory Medicine in response to PRR-2015-00570**. The box was returned to archives on or about October 18, 2016. Records Management Services records reflect box #43135 contained "Personnel Records Terms, A-F, Year 2003". UW002966- UW002995.*
>
> *Records reflect Mr. Maria also requested box #43135 from Records Management Services archives (#43135) on or about December 5, 2016, that the box was checked out of archives December 12, 2016 for delivery and returned to archives December 15, 2016. UW002966- UW002995.*
>
> *Records reflect that Mr. Maria may have originally sent the **department files located in box #3 ("personnel records Terms A-F 2003") from the Lab Medicine Department to Records Management Storage in 2005**. UW002960-UW002964.*

(Emphasis added.)

21.  I asked Mr. Thomas if he had ever actually read the Initial Disclosures before asserting they were insufficient, and told me I was "cherry-picking" information, that there was supposed to be an "HR file," too, and that we had not provided any information about that.

22.  I again told him we *had* provided that information, and asked him to turn to page 6 of Dkt. 108-3 (right above Mr. Maria's entry), and read aloud the following passage:

> *17. Paola M. Quinones*
>
> *Former Assistant to the Vice President (August 2014-February 2017)*
>
> *Address Unknown*
>
> *On October 9, 2015, Ms. Quinones forwarded records responsive to PRR-2015-570 **from Campus Human Resources** to Ms. Swenson in the public records office. On October 14, 2015, Ms. Quinones forwarded documents responsive PRR-2015-570 **located in the Benefits Office** to Ms. Swenson in Public Records. On October 21, 2015, Ms. Quinones forwarded a document **received from the DSO***

DECLARATION OF JAYNE L. FREEMAN - 7
2:17-cv-00642-MJP
1010-00051/385357.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

> *office responsive PRR-2015-570 to Ms. Swenson* in public records. See, UW002001-UW002011.
>
> *On December 6, 2016, Ms. Quinones forwarded records responsive to PR-2016-00760 to public records analyst Andrew Palmer. On December 20, 2016,* **Ms. Quinones reported to Mr. Palmer that DSO did not have documents responsive to the request**. UW002415-UW002420.
>
> *On April 27, 2017, Ms. Quinones reported to public records staff that the Campus Human Resources Office did not locate any records responsive to PRR-16-00283.* UW001996-UW001998

(Emphasis added.)

23. Mr. Thomas responded, "Thank you for clarifying that," and said he guessed he didn't understand it and that helped him understand the information better. I asked what had been clarified, and pointed out he had the information all along, and I was confused as to why he kept sending emails saying that the information had never been provided.

24. I told him I really was trying to understand the purpose of the "discovery conference" when I did no more than read out loud the page information he has had in his possession all along, and I was really trying to understand what additional information he felt Defendants needed to provide. He then said he had been "asking for this stuff since his email on May 18th" and that I refused to answer his questions. When I reiterated that he had *had* the information all along, but it seemed he just wasn't reading it. He responded that I had not specifically written about Maria and Quinones in my email to him the prior week (instead I had given a detailed example of documents located by Karen Sullivan as an example of explaining where we had provided all this information he sought).

25. When I asked Mr. Thomas if there was anything else we needed to discuss, he simply responded "I don't like your tone, you are making money off me right now." He said this 1-2 more times when I asked if there was anything else that needed to be addressed regarding discovery. I finally confirmed whether we were done, and we ended the conversation.

26. In emails regarding his perception of Initial Disclosures and discovery, Mr. Thomas routinely alleges that defense counsel is "ambushing him" as "pro bono counsel,"

DECLARATION OF JAYNE L. FREEMAN - 8
2:17-cv-00642-MJP
1010-00051/385357.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

and say we are "question[ing] his professionalness and ethics" when Defendants are trying to understand the source of Mr. Thomas' confusion. *See, e.g. Exh. E*, at p. 5. Yet, during the telephonic discovery conferences on August 23 and September 17, 2018, he expressly told me and Mr. Chen that he is not saying and does not think that we, as attorneys, are not doing our job or have done anything wrong; he indicated he thinks either we are getting "bad information" from the client or are mistaken.

27. Upon receiving appointment to defend the University in this lawsuit, my office obtained copies of documents related to the public records requests at issue and produced them to Ms. Dalessio on June 1, 2017. The names listed in this first set of Initial Disclosures included names I saw reflected on the Case Summary documents reflecting the OPR's process for responding to those requests, including Barb Benson, Lori Oliver, Mindy Kornberg, and Cynthia Dold. Dkt. 10-1, p. 1-5. (see, e.g. Dkt. 30-7 (Case Summary Report for PR-2015-570, p. 4; Dkt. 108-6, p. 2,).

28. Upon further research in the course of responding to Plaintiff's ensuing discovery requests, I learned that, while these individuals were the head of the Departments to which various requests to search for potentially responsive documents were addressed, they were not actually the individuals who *processed* the requests, including locating and producing documents to OPR for production. Rather, other staff in the Department or throughout the University actually administered this process. When we obtained copies of the transmittal emails detailing the search and production of documents from OPR to various Departments throughout the UW (Central Campus HR, Lab Medicine, Health Sciences, UW Medicine, Disability Services, etc.), we produced copies of those emails and disclosed additional names of UW staff that appeared to have been more directly involved in the search & transmittal of documents responsive to PRA-2015-570 (Betz) (documents UW002001-UW002031) and PRA-2016-760 (Dalessio)(documents UW002032-2952). *See*, Dkt. 108-3, and **Ex. E**, at p. 13.

DECLARATION OF JAYNE L. FREEMAN - 9
2:17-cv-00642-MJP
1010-00051/385357.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

29. I explained this to Mr. Thomas in writing in telephone conferences the process the University went through to locate documents responsive to discovery and disclosed as Defendants' Initial Disclosures. I explained to him in one of the conferences in September of 2018 that, if what he was concerned that some names on the June 1, 2017 Initial Disclosures no longer appeared on the 2018 Supplemental Initial Disclosures, this was the explanation for it—as we can now both see reflected on the transmittal emails which UW staff actually handled the searches and documents (and Ms. Dalessio has had this information since August 2017). I gave Mr. Thomas the example of **Mindy Kornberg**, a Vice President for the University whose name appeared on one of the case summaries (Dkt. 30-7 (Case Summary Report for PR-2015-570, p. 4), and explained I had listed her name in 2017 as potentially an individual with information based on her name appearing on the case summary report that I initially received. However, upon receiving additional, underlying transmittal emails from UW, I revised the information produced to Ms. Dalessio in discovery and later in the Supplemental Initial Disclosures to reflect the names of staff who were actually directly involved in searching for and transmitting documents.

**Sufficiency of Initial Disclosures Pursuant to FRCP 26(a)(1): Insurance Coverage**

30. In the University's June 1, 2017 Initial Disclosures, Defendant provided the following information pursuant to FRCP 26(a)(1):

> ***III. COVERAGE***
>
> *The University of Washington and its employees, agents, and students are covered*
>
> *for liabilities arising from negligent acts and or omissions committed in the course and*
>
> *scope of their University duties. This coverage is provided through a self-funded program*
>
> *established pursuant to RCW 28B20.250 et seq., and governed by the Standing Orders of*
>
> *the Board of Regents. The liability program provides unlimited coverage, operates on an occurrence basis, and applies at alI approved sites of practice or education.*

DECLARATION OF JAYNE L. FREEMAN - 10
2:17-cv-00642-MJP

1010-00051/385357.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

Dkt. 108-1, p. 5.

31. On June 25, 2018, I had a "discovery conference" with Mr. Thomas wherein I spent a good deal of time trying to explain to him that the University of Washington is a self-insured state agency, a program governed by statute and that there were no "insurance policies" that applied. He refused to accept this and continues to insist that some private insurance policy be produced. I have handled cases for the University of Washington for many years, and this is the standard response included in most Initial Disclosures unless a situation arises where an outside policy may come into play for some reason. Here it does not.

32. On July 30, 2018, following several assertions by Mr. Thomas that this information was "insufficient" to comply with FRCP 26(a)(1), the University provided the following additional information in the form of Supplemental Initial Disclosures:

> ***IV. RULE 26(A)(1)(A)(IV) FOR INSPECTION AND COPYING AS UNDER RULE 34, ANY INSURANCE AGREEMENT UNDER WHICH AN INSURANCE BUSINESS MAY BE LIABLE TO SATISFY ALL OR PART OF A POSSIBLE JUDGMENT IN THE ACTION OR TO INDEMNIFY OR REIMBURSE FOR PAYMENTS MADE TO SATISFY THE JUDGMENT.***
>
> *The University of Washington and its employees, agents, and students are covered for liabilities arising from negligent acts and or omissions committed in the course and scope of their University duties. This coverage is provided through a self-funded program established pursuant to RCW 28B20.250 et seq., and governed by the Standing Orders of the Board of Regents. The liability program provides unlimited coverage, operates on an occurrence basis, and applies at all approved sites of practice or education. At Plaintiff's request, the University has also produced to Plaintiff copies of the afore-referenced Washington statute, Board of Regents Governance Standing Orders, Chapter 5 (outlining RCW 28B.20.250) and Executive Order No. 19 (Attorney General's Division-legal procedures involving the University and its personnel), and hereby produces copies of 2018 correspondence to individual Defendants Palmer, Swenson, Saunders, and Tapper (please note: the two versions of correspondence to Mr. Tapper reflect the original correspondence that contained a mistake in the salutation, and the corrected version). See,*
>
> *UW004452-UW))4461, previously produced to Plaintiff on July 12, 2018.*

DECLARATION OF JAYNE L. FREEMAN - 11
2:17-cv-00642-MJP
1010-00051/385357.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

Dkt. 108-5, pp. 12-13.

33. On August 23, 2018, Mr. Chen and I had a telephonic discovery conference with Mr. Thomas regarding his emails about Defendants' responses to discovery requests. When we called, Mr. Thomas said he only wanted to discuss "procedural issues". He said he did not think the University had produced "documents as kept in the ordinary course of business." I explained all of the documents located and produced, and gave examples of the "paper trail" that had been followed to locate some of them. When I told him I was unclear as to what more information he thought should be provided, he just said "I don't think it's a complete representation of where the records were kept," that he did not think they were kept properly, and told me he thought I was getting "bad information." I told him he can argue whatever he wants, but in terms of our discovery process, I explained the process we went through to try to locate and identify any responsive documents and that I was trying to figure out if there was something else specific we needed to do; I invited him to let me know if he knew something I did not, and I would try to follow up on it. Mr. Thomas said he was not saying it was anything I or Mr. Chen had done, that it was "nothing personal" and he thought we had done our job, but he may have to bring a motion to compel.

34. I asked him what relief he would be asking the court for, as I truly could not understand what more we should or could be doing that the court would otherwise order, and I was not hearing him identify anything we had not produced. He said his client knew more about it than he did. When I asked if there was anything else he was asking us to provide right then, he said no, there was nothing to do right now and the call ended.

35. Attached as **Ex. K** is a true and correct copy of a September 12, 2018 email Mr. Thomas sent to my office outlining what he deemed to be insufficiencies in Defendants' responses to Plaintiff's 2018 discovery requests. Included in the "deficiencies" was an allegation that Defendants answers were "evasive and frankly an attack upon my client who is the victim in this lawsuit." (p. 3). In the email, he also asserted "UW cannot respond through other people. There needs to be a person with legal authority to respond on

DECLARATION OF JAYNE L. FREEMAN - 12
2:17-cv-00642-MJP
1010-00051/385357.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

behalf of UW." (p. 3) (Interrog. 3). The email insisted that every current and former employee whose name may appear on the transmittal emails was required to personally "certify" each of the answers to discovery propounded to the University (p. 3) (Interrog. 3). Mr. Thomas again alleged that the University had refused to provide the "location of the documents produced," which was essential to Ms. Dalessio's arguments—though the email details the locations described. (p. 3) (Interrog. 5). Mr. Thomas then stated "this is evasive and harassment." (p. 3) (Interrog. 5). These assertions made no sense in light of what had been produced and explained repeatedly.

36. During a telephonic "discovery conference" on September 17, 2018, Mr. Thomas repeatedly insisted that Eliza Saunders, the Director of the Office of Public Records and Open Meetings, was not a "legal representative" who could sign discovery responses on behalf of the University. She had signed the University's responses to the 2018 discovery requests. I explained that an agency has to have a "corporate representative" sign discovery and to appear on behalf of the agency. Mr. Thomas started saying, *"Do you enjoy wasting my time?" "Where do you get off?"* and, *"You are not working with me after I spent all this time…"* working on discovery letters. I asked Mr. Thomas who or what he would expect to see as a corporate representative for an organization like the University, and he said he would need to see some sort of document from the President of the University or General Counsel proving that the person signing discovery was a "spokesperson," otherwise the University could "just pick anyone." I assured him that Ms. Saunders was authorized to sign these requests related to the OPR office of which she was the Director, and that the University would not be allowed to take a contrary position in the litigation.

37. During the September 17th conference, he also asserted, again, that the documents produced by the University were not "produced as kept in the ordinary course of business." We had discussed this previously, and I *again* explained that we produced files and documents as we understood them to be kept and as we obtained them from the

DECLARATION OF JAYNE L. FREEMAN - 13
2:17-cv-00642-MJP
1010-00051/385357.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

University of Washington.  They were Bates stamped, referenced in Initial Disclosures and discovery responses and cross-referenced there.  He also said the University had not provided an "org chart" or the requested "job descriptions" for OPR staff. I pointed out to him, again, that the job descriptions *had* been produced on July 3, 2018 and were Bates-numbered UW004166-UW4180. He confirmed he had received some job descriptions, he just thinks they are not "sufficient."  I confirmed that I had sought an org chart for OPR but was informed there was not one that these were the job descriptions the University of Washington had.

38. I have also explained that Shari Spung's only involvement in this case stems from responding to Ms. Dalessio's tort claim, submitted October 21, 2016, and litigation management as the claims adjuster on this case.

39. As it was still truly unclear what additional or different information on September 17th that Plaintiff was seeking that would even potentially make a difference in the litigation, we suggested it might be more efficient to approach the issue under the FRCP 56(f) standard once Defendants re-filed their summary judgement motion. Particularly given the fact that all of Plaintiff's claims related to PRA disclosure were asserted <u>solely</u> against individual Defendants who are entitled to "qualified immunity" under Federal law and statutory "good faith" immunity pursuant to RCW 42.56.060, we pointed out that these individuals were entitled to have these motions filed and to obtain a ruling on immunities.

40. At one point, Mr. Thomas agreed that this might be the most expeditious way to deal with current discovery issues, but told us that he was on the verge of leaving town and would be unavailable for September 20 through October 16, 2108. He said we could not file a Summary Judgment Motion while he was gone, in that he had listed those dates on a Joint Status Report in February. This is the third time he has taken this position in the last six months, though he had never actually filed a Notice of Unavailability. I suggested he should file an NOU specifying which dates he would be gone, and we would

DECLARATION OF JAYNE L. FREEMAN - 14
2:17-cv-00642-MJP
1010-00051/385357.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

hold off on re-filing the Summary Judgment Motion (which was originally filed over a year ago) until her returned to town.

41. Then Mr. Thomas filed this motion while he was unavailable so the noting date would appear prior to any date Defendants could note a summary judgment motion.

42. Mr. Thomas also served our office with a new, second set of extensive discovery requests (49 RFPs and 3 Interrogs.) on September 28, 2018, many of which were repetitive of Plaintiff's earlier discovery requests and/or sought documents that had already been produced in discovery and/or Initial Disclosures.  **Exhibit J**.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge.

DATED this 15th day of October, 2018, at Seattle, Washington.

*/s/ Jayne L. Freeman*
Jayne L. Freeman, WSBA #24318

DECLARATION OF JAYNE L. FREEMAN - 15
2:17-cv-00642-MJP
1010-00051/385357.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

# CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiff**

Mr. Joseph Thomas
14625 SE 176th Street, Apt. N-101
Renton, WA 98058-8994
Telephone:  (206) 390-8848
Email:  joe@joethomas.org

DATED:  October 15, 2018

*/s/ Jayne L. Freeman*
Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for Defendant

801 Second Avenue, Suite 1210
Seattle, WA  98104-1518
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: jfreeman@kbmlawyers.com

DECLARATION OF JAYNE L. FREEMAN - 16
2:17-cv-00642-MJP
1010-00051/385357.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423