# EXHIBIT B

## Jayne L. Freeman

| | |
|---|---|
| **From:** | Jayne L. Freeman |
| **Sent:** | Tuesday, April 10, 2018 12:31 PM |
| **To:** | 'joe@joethomas.org'; Derek C. Chen |
| **Cc:** | LaHoma Walker |
| **Subject:** | RE: Dalessio adv. UW - Court's order; Plaintiff's Motion for Joinder |
| **Attachments:** | Dkt 73-Order setting case schedule.pdf |

Regarding No. 2 below, please review the Order setting trial date and relate dates issued by Judge Pechman on March 7, 2018 [Dkt. 73]. I trust you received this via ECF from the court.

Congratulations & best wishes on your wedding.

*Jayne L. Freeman*
**KBM** KEATING, BUCKLIN & McCORMACK

801 Second Avenue, Suite 1210
Seattle, WA 98104
Office: (206)623-8861
FAX: (206)223-9423
jfreeman@kbmlawyers.com

**www.kbmlawyers.com**
*(Please note our new address)*

**From:** joe@joethomas.org [mailto:joe@joethomas.org]
**Sent:** Monday, April 9, 2018 4:06 PM
**To:** Jayne L. Freeman <JFreeman@kbmlawyers.com>; Derek C. Chen <DChen@kbmlawyers.com>
**Cc:** LaHoma Walker <LWalker@kbmlawyers.com>; 'JULIE' <juliedalessio@msn.com>
**Subject:** RE: Dalessio adv. UW - Court's order; Plaintiff's Motion for Joinder

Jayne,

Now that I have re-read the Court's Order in Dkt. 80 again, I do not see any language indicating the court is currently ordering other parties joined to this case. I only see an order requiring Plaintiff to file an Amended Complaint by April 13, 2018, which we plan to do. Since, there is not any express language ordering the other proposed defendants to be joined, then I do not think it is appropriate to withdraw the Motion for Joinder.

1. I will revise the Amended Complaint in compliance with the local court rules.
2. I do not remember you or I agreeing to any dates concerning initial disclosures. In fact the last email I have from you on the subject does not mention anything about any agreement on initial disclosure. Attached for your convenience is the March 15, 2018 email, which appears to me to be the last conversation we had on initial disclosures. Unless you have a document where we agreed to initial disclosures, when do you want to exchange our supplemental initial disclosures?

   ==I can confirm that I have received the flash drive. Thank you for sending it. I am still reviewing all of the thousands of pages of documents on it.==

1

3. If the University of Washington does not plan on introducing any new documents that concern Ms. Dalessio, I believe that we can work with the record as it is. I have stipulated proposals from other cases on how to deal with sensitive information. If you would like to talk about some sort of stipulated proposal I do not have any time this week as I have a bench trial on Friday and I am working on other deadlines. Then on Saturday, April 14, I am flying out of state for my wedding (which is identified as unavailability on the Joint Status Report, Dkt. 69). I would be happy to talk to you anytime on April 30th or later about this.
4. We will look forward to a Motion for Summary Judgment. Please be advised that I will be gone from April 14-30th, so please do not file any motions during that timeframe.

Very truly yours,

Joe

Joseph Thomas
Law Office of Joseph Thomas PLLC
14625 SE. 176th ST., Apt. # N101
Renton, Washington 98058
Phone: (206) 390-8848
Website: http://JoeThomas.org

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying it or disclosing its contents to others. Thank you.

**From:** Jayne L. Freeman <JFreeman@kbmlawyers.com>
**Sent:** Monday, April 9, 2018 8:40 AM
**To:** joe@joethomas.org; Derek C. Chen <DChen@kbmlawyers.com>
**Cc:** LaHoma Walker <LWalker@kbmlawyers.com>
**Subject:** RE: Dalessio adv. UW - Court's order; Plaintiff's Motion for Joinder

Hi Joe: thanks for letting us know you'll withdraw the motion.

Regarding your other questions:

1. Please revise the Amended Complaint in accordance with the court's ruling before filing it as a pleading (i.e. remove any paragraphs related to claims/parties not allowed).

2. We will review the Initial Disclosures and supplement as warranted, and I believe we agreed to a deadline of May 18th for that. As you are aware, Defendant has provided additional documents in response to Plaintiff's discovery requests since Initial Disclosures were first traded at the beginning of the lawsuit; I'm not sure the amended complaint changes the nature or scope of related or responsive documents—the facts remain the same. Looking back at Plaintiff's Initial Disclosures, they appear to be primarily geared toward claims that will no longer included in Plaintiff's Amended Complaint (i.e. issues related to plaintiff's pre-2003 employment), so hopefully we will be seeing something updated from Plaintiff as well. Thanks.

   Can you please confirm that you received the additional copies of discovery and pleadings that we sent directly to your office? Between Initial Disclosures and discovery responses, you should have documents Bates' stamped UW000001-UW003004. (UW1-1988 produced to Plaintiff June 1, 2017 and UW1989-UW3004 produced to Plaintiff August 15, 2017).

3. At this point, as reflected in Defendants' response to Plaintiff's Motion to Amend, Defendants will likely continue to rely on the declarations of Alison Swenson and Andrew Palmer and supporting exhibits, which were

2

previously filed and remain sealed. This includes the entirety of the only set of documents that was released to a member of the public in response to a public records request. It appears Ms. Dalessio has similarly already filed documents she feels are relevant to resolution of her claims (documents that were only released directly to her, not publicly released to anyone), and they also remain under seal. I do not currently anticipate the need to file any additional documents that would include private information regarding Ms. Dalessio. If you feel like there is something we need to discuss right now or have a proposal, I am available Thursday or Friday this week.

4. Though the underlying facts/evidence have not changed, Defendant(s) will file a new motion for summary judgment to directly address the legal claims and parties as stated in Plaintiff's Amended Complaint once it is filed, and eliminate briefing related to claims that are no longer part of the Amended Complaint.

Thanks.

*Jayne L. Freeman*
**KBM** KEATING, BUCKLIN & McCORMACK

*801 Second Avenue, Suite 1210*
*Seattle, WA 98104*
*Office: (206)623-8861*
*FAX: (206)223-9423*
*jfreeman@kbmlawyers.com*

**www.kbmlawyers.com**
*(Please note our new address)*

**From:** joe@joethomas.org [mailto:joe@joethomas.org]
**Sent:** Saturday, April 7, 2018 2:53 PM
**To:** Derek C. Chen <DChen@kbmlawyers.com>
**Cc:** Jayne L. Freeman <JFreeman@kbmlawyers.com>; LaHoma Walker <LWalker@kbmlawyers.com>; 'JULIE' <juliedalessio@msn.com>
**Subject:** RE: Dalessio adv. UW - Court's order; Plaintiff's Motion for Joinder

Derek,

Thank you for your email. I will file a Notice to Withdraw the Motion for Joinder on Monday, I believe that is the proper format in accordance with the local court rules.

While I am writing to you there are a few things that I would like to discuss with you from our view:

First, when I file the Amended Complaint next week, would the University of Washington prefer if I leave the paragraph structure in tact and write **[stricken]** for each paragraph that is no longer pertinent, or should I just delete the entire paragraph without any mention to it in the first place? I am open to either option, but I think it would be better if we are on the same page.

Second, Ms. Dalessio will need Rule 26(a)(1) initial disclosures concerning all of the new parties that are added. When can this be made available?

Third, there appears to be a lot of private information of Ms. Dalessio's and others that will be used as evidence in summary judgment and at the trial. I would like to meet and confer with you and Jayne to come

3

up with a way to protect all parties privacy, while still allowing both sides to make their arguments, so we do not have any problems in the future. When can we confer about this?

Fourth, does the University of Washington still plan on continuing with its same Motion for Summary Judgment in light of this Court's ruling on permitting an amended complaint?

Have a great weekend!

Very truly yours,

Joe


Joseph Thomas
Law Office of Joseph Thomas PLLC
14625 SE. 176th ST., Apt. # N101
Renton, Washington 98058
Phone: (206) 390-8848
Website: http://JoeThomas.org

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying it or disclosing its contents to others. Thank you.

**From:** Derek C. Chen <DChen@kbmlawyers.com>
**Sent:** Friday, April 6, 2018 2:40 PM
**To:** joe@joethomas.org
**Cc:** Jayne L. Freeman <JFreeman@kbmlawyers.com>; LaHoma Walker <LWalker@kbmlawyers.com>
**Subject:** Dalessio adv. UW - Court's order; Plaintiff's Motion for Joinder

Joe,

Good afternoon. We received the Court's order this morning regarding your motion to amend your Complaint. This order moots your motion for joinder as it sets out who the Court is going to allow you to add. Given the ruling, we would appreciate it if you would let us know if/when you plan to strike your motion for joinder, as it is no longer necessary. Thank you and have a great weekend.

Derek

*Derek C. Chen*
**KBM** KEATING, BUCKLIN & McCORMACK
*801 2nd Avenue, Suite 1210*
*Seattle, WA 98104*
*Office: (206)623-8861*
*FAX: (206)223-9423*
*dchen@kbmlawyers.com*
**Personal Bio**

4

*www.kbmlawyers.com*

This message is confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the named recipient(s), please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege. Thank you.