EXHIBIT D

**Jayne L. Freeman**

| | |
|---|---|
| **From:** | Jayne L. Freeman |
| **Sent:** | Wednesday, June 20, 2018 3:49 PM |
| **To:** | joe@joethomas.org |
| **Cc:** | Derek C. Chen; LaHoma Walker |
| **Subject:** | RE: Dalessio v. UW- Defendant's Answer |

Joe: I did not receive a response regarding whether you still felt the need for a discovery conference at 2:30p.m. today or are available then, now that the court revised the case schedule yesterday pushing all the deadlines out quite a bit. As I indicated, we are working on responding to the currently pending discovery requests and the Answer to Plaintiff's Amended Complaint has been filed, and I responded to your question about the set-off affirmative defense, even though that (and the other issues you outline) appear to be subjects more appropriately addressed through discovery requests.

The purpose of Initial Disclosures is for the parties to identify what appears to be information related to claims and defenses they are raising and to potentially provide a starting point for opposing parties to fashion discovery requests; the descriptions provided regarding what appears to be each individuals knowledge is far more detailed than any disclosures I have ever seen from any party. Though parties are not required to affirmatively provide documents to opposing parties, but only to provide a description of the type of documents that may exist, Defendants here have provided all of the documentation that has been located regarding each of the subject public records requests, including the documents disclosed, case summary reports, and transmittal communications documenting the search for & location of records.

As these documents confirm, and Plaintiff is aware, the most extensive set of documents related to Ms. Dalessio that were disclosed without redactions were disclosed solely and directly to Ms. Dalessio herself—and never published or released to any third party (PR-2016-760). The only documents that were release to a third party outside UW in response to a public records request pursuant to statutory obligations under RCW 41.56 (PRA) are those responsive to PR-2015-570, released to Mr. Betz. It is undisputed these documents were heavily redacted. It is also undisputed that one member of the public records office inadvertently missed redactions in a few places among hundreds of pages of documents.

You have received all evidence the University could locate that documents the process of requesting, searching for, and locating documents/files that may have been responsive to the PRA requests-both to Ms. Dalessio herself and to Mr. Betz. It is undisputed that no other employee of the University disclosed or released any information to a third party outside the University----the University documents were transmitted internally to the office of public records for processing as required of a State agency by the PRA. The documents also confirm the Lab Medicine file, which you reference several times, had long since been sent to off-site archives years before the 2015-2016 PRA requests, and were located and retrieved directly from archives by unrelated clerical staff—not by Dr. Ashley Morrow or Ms. Risley. There is no basis for assuming either of these individuals have information related to any of the claims related to the civil rights claims based on processing of public records. Documents have been produced to you in the format they were located and forwarded to the office of public records. You can read the documentation as well as I can, which is where this information is clearly located. The documents have been Bates-stamped and already described in detail in connection with individuals identified on multiple occasions.

The documents that were located and provided to Ms. Dalessio in addition to those released to Mr. Betz were a set of documents that were discovered in Karen Holloway's office when she retired at the end of 2016. These were not maintained in Ms. Dalessio's HR personnel file or her Lab Medicine Departmental file---evidenced by the fact they were not found in the search for documents responsive to Mr. Betz's request in 2015. These decades-old documents were discovered only because Ms. Holloway was retiring and found them when she cleaned out her entire office and desk,

1

and happened to recognize that a public records request from Ms. Dalessio was pending at the time, so these documents were forwarded as well. This information is all contained in the emails between Ms. Holloway, Ms. Robles, and the public records staff that you have had for some time.

I would not typically provide this depth of re-iteration of everything that has been provided to Plaintiff and detailed description of the facts and witnesses, nor are defendants required to. However, in light of the new civil rights claims seeking both compensatory and punitive damages advanced by Plaintiff against a long list of current and former employees who clearly never engaged in any affirmative or intentional act to disclose private information regarding Plaintiff that may have been contained in University documents to a third party outside of the University, I question whether there is any good faith basis for pursuing civil rights claims against these individuals. Even assuming an actionable claim, the individuals are entitled to qualified immunity from civil rights claims, requiring that they *intentionally* violate *clearly established* law that puts them on notice that their actions violate the U.S. Constitution. Neither negligent conduct nor intentional acts that Federal courts have not clearly and directly deemed to be unconstitutional do not suffice. Further discovery will not change these basic facts.

The fact that the court allowed Plaintiff to file an Amended Complaint does not unburden the obligation not to pursue meritless claims for the purpose of harassment or to needlessly increase the cost of litigation, particularly where the parties have all of the information in their possession that establishes the facts of the case, and are aware that there is no clearly established law that would in any way suggest to individually-named Defendant here that conducting administrative job duties in a large organization as required by State law is an obvious violation of Plaintiff's civil rights under the U.S. Constitution. I suggest again that you consider whether the obligations of FRCP 11 are met by continuing to pursue such claims against 16 such individuals, seeking punitive damages, when you are in possession of this evidence.

*Jayne L. Freeman*
**KBM** KEATING, BUCKLIN & McCORMACK
801 Second Avenue, Suite 1210
Seattle, WA 98104
Office: (206)623-8861
FAX: (206)223-9423
jfreeman@kbmlawyers.com

www.kbmlawyers.com
*(Please note our new address)*

**From:** Jayne L. Freeman
**Sent:** Tuesday, June 19, 2018 1:08 PM
**To:** 'joe@joethomas.org' <joe@joethomas.org>
**Cc:** Derek C. Chen <DChen@kbmlawyers.com>; LaHoma Walker <LWalker@kbmlawyers.com>
**Subject:** RE: Dalessio v. UW- Defendant's Answer

Hi Joe: I have responded to you regarding Initial Disclosures, and you have now served us with discovery requests that are being processed. I have been involved in a couple of matters lately that have taken me out of the office for several days. I am available for a phone conference tomorrow afternoon at 2:30p.m. if you want to discuss.

With regard to your question about the University's affirmative defense of "offset" for damages related to Plaintiff's breach of contract claim, it is based on the following allegation as stated in Plaintiff's Amended Complaint (emphasis added):

2

**SIXTH CAUSE OF ACTION**
**Breach of Contract**
**Against Defendant UW**

183. Plaintiff incorporates paragraphs 1 through 97 as set forth herein.

184. Dalessio and Defendant UW entered into a contract/settlement agreement in 2003.

185. Defendant UW breached this 2003 contract/settlement agreement by failing to remove certain specific documents from Dalessio's official personnel file and from all Department of Labaorary Medicine files.

186. On January 10, 2003 Dalessio was told by Washington Assistant Attorney General Jeffrey Davis that the documents in question have collected and sequestered pursuant to the 2003 contract/settlement agreement.

187. On or about February 2017, Dalessio received documents to her PRA request PR 2016-00760. In those documents were documents from her personnel file and from the Department of Laboratory Medicine files. This is when Dalessio first learned of Defendant UW's breach of the 2003 contract/settlement agreement.

188. Dalessio performed her duties under the 2003 contract/settlement agreement. At no time did Defendant UW notify Dalessio that she did not satisfy the terms of the 2003 contract/settlement agreement.

189. **Dalessio suffered actual and foreseeable damages a result of Defendant UW's breach.**

190. But for Defendant UW's breach of the 2003 contract/settlement agreement, many of the private and confidential documents disclosed concerning Dalessio through PRA requests to Betz and others, would have not occurred.

Case 2:17-cv-00642-MJP Document 82 Filed 04/12/18

It has been unclear what "damages" Plaintiff is currently seeking regarding her breach of contract claim, but previous documents suggested she was seeking to invalidate the 2003 settlement agreement under which she obtained monetary wages; the affirmative defense was included in the event Plaintiff tried to pursue an award that included recovery of monetary damages, including wages, as she has already received such compensation.

*Jayne L. Freeman*
**KBM** KEATING, BUCKLIN & McCORMACK

*801 Second Avenue, Suite 1210*
*Seattle, WA 98104*
*Office: (206)623-8861*
*FAX: (206)223-9423*
*jfreeman@kbmlawyers.com*

**www.kbmlawyers.com**
*(Please note our new address)*

**From:** joe@joethomas.org [mailto:joe@joethomas.org]
**Sent:** Tuesday, June 19, 2018 9:37 AM
**To:** Jayne L. Freeman <JFreeman@kbmlawyers.com>
**Cc:** Derek C. Chen <DChen@kbmlawyers.com>; LaHoma Walker <LWalker@kbmlawyers.com>
**Subject:** RE: Dalessio v. UW- Defendant's Answer

Dear Jayne:

==This issue has been going on for far too long. Please tell me the date you will respond to me. We need to have resolution to this issue and to the insufficiency of Defendants' Initial Disclosures now.== Also, if you are not available, can Mr. Chen respond to these concerns? He is listed as an attorney of record for Defendants.

Very truly yours,

3

Joe

Joseph Thomas
Law Office of Joseph Thomas PLLC
14625 SE. 176th ST., Apt. # N101
Renton, Washington 98058
Phone: (206) 390-8848
Website: http://JoeThomas.org

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying it or disclosing its contents to others. Thank you.

**From:** Jayne L. Freeman <JFreeman@kbmlawyers.com>
**Sent:** Monday, June 18, 2018 10:03 AM
**To:** joe@joethomas.org
**Cc:** Derek C. Chen <DChen@kbmlawyers.com>; LaHoma Walker <LWalker@kbmlawyers.com>
**Subject:** Re: Dalessio v. UW- Defendant's Answer

I am out of town on business—I will get back to you later this week.

Jayne L. Freeman

Sent from my iPhone

On Jun 18, 2018, at 8:45 AM, "joe@joethomas.org" <joe@joethomas.org> wrote:

> Dear Jayne:
>
> I have not received a response to my June 13, 2018 email detailing my concerns about Defendants affirmative defense of a setoff (the email is directly below). Please respond as time is of the essence.
>
> Very truly yours,
>
> Joe
>
> Joseph Thomas
> Law Office of Joseph Thomas PLLC
> 14625 SE. 176th ST., Apt. # N101
> Renton, Washington 98058
> Phone: (206) 390-8848
> Website: http://JoeThomas.org
>
> NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying it or disclosing its contents to others. Thank you.
>
> **From:** joe@joethomas.org <joe@joethomas.org>
> **Sent:** Wednesday, June 13, 2018 3:44 PM
> **To:** 'Jayne L. Freeman' <JFreeman@kbmlawyers.com>
> **Cc:** 'Derek C. Chen' <DChen@kbmlawyers.com>; 'LaHoma Walker' <LWalker@kbmlawyers.com>; 'JULIE'

4

<juliedalessio@msn.com>
**Subject:** RE: Dalessio v. UW- Defendant's Answer

Jayne:

Thank you for the Answer to the Complaint. I am concerned about Defendant's affirmative defense of a setoff, as listed on page 18, paragraph 5. Here is the claimed of affirmative defense of setoff "[t]hat the Defendants are entitled to an offset from any awards to Plaintiff herein and/or recovery of back monies paid to Plaintiff pursuant to a settlement agreement."

There is no context or facts associated with this affirmative defense for Ms. Dalessio to know how this affirmative defense will be applied by Defendants. First, does the entire setoff affirmative defense refer to the settlement agreement/breach of contract claim or does it refer to more claims in the lawsuit? If it refers to more claims than the settlement agreement/breach of contract please identify which claims it refers to. Second, as a matter of fact, there is no claimed monetary damages arising from the breach of contract claim in this lawsuit. That is because the contract does not allow for any monetary penalty other than attorney's fees for the prevailing party in proving a breach of contract. How can defendants request an offset of back monies under the settlement agreement when it does not provide for that in the four corners of the document? Can please explain how this argument is well grounded in law and fact pursuant to Rule 11?

Please also explain, if Defendants are asserting the setoff as a counterclaim, so that Ms. Dalessio has notice that Defendants intend for the setoff to be a counterclaim.

Very truly yours,

Joe

Joseph Thomas
Law Office of Joseph Thomas PLLC
14625 SE. 176th ST., Apt. # N101
Renton, Washington 98058
Phone: (206) 390-8848
Website: http://JoeThomas.org

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying it or disclosing its contents to others. Thank you.

5