**EXHIBIT E**

## Jayne L. Freeman

**From:** Jayne L. Freeman
**Sent:** Thursday, July 12, 2018 2:39 PM
**To:** 'joe@joethomas.org'
**Cc:** Derek C. Chen; LaHoma Walker
**Subject:** RE: Dalessio v. UW- supplemental initial disclosures
**Attachments:** Board of Regents Governance, Standing Orders Chapter 5.doc; Executive Orders No. 19.doc; RCW 28B.20.250 and 28B.20.253.doc

Joe: as indicated in the University's Initial Disclosures and I have repeatedly tried to explain to you, there is not an "insurance agreement" or policy under which an "insurance business" may be liable to satisfy a judgment in this matter:

### III. COVERAGE

The University of Washington and its employees, agents, and students are covered for liabilities arising from negligent acts and or omissions committed in the course and scope of their University duties. This coverage is provided through a self-funded program established pursuant to RCW 28B20.250 et seq., and governed by the Standing Orders of the Board of Regents. The liability program provides unlimited coverage, operates on an occurrence basis, and applies at all approved sites of practice or education.

UW is a State agency that would provide indemnification in this instance pursuant to its own self-insurance program—as established by the State statute referenced above. I have also attached to this email excerpts of RCW 28B.20, Standing Order Chapter 5, and Executive Order 19 that reference this self-insurance/indemnification program, which are all available online for inspection and copying at any time.

Today, for the first time, you asked me in an email to provide copies of any "indemnification agreements" for 4 recently-named individual Defendant-employees. While I do not believe FRCP 26 requires unilateral production of such documents, I have requested copies of any such letters and will forward them when I receive them. These are not "insurance agreements" and do not involve an "insurance business".

With regard to address and telephone number of individuals, when we had our discovery conference on June 25th, it sounded like you were considering narrowing the list of individual for whom you actually felt you needed contact information for, as several are former employees with very little connection to the issues in the case (i.e. *Tamara Schmautz*: responded to a request for records that her division did not have any records re plaintiff, *Steven Durant*: was copies of some public records search requests, *Lauren Fischer*: may have been copied on some PRA search requests). However, I have requested last known addresses for the former employees and additional contact information regarding current employees.

1

# Rule 26. Duty to Disclose; General Provisions Governing Discovery

(a) REQUIRED DISCLOSURES.

   (1) *Initial Disclosure.*

   (A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

   (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

   (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

   (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

   (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

*Jayne L. Freeman*
**KBM** KEATING, BUCKLIN & McCORMACK
801 Second Avenue, Suite 1210
Seattle, WA 98104
Office: (206)623-8861
FAX: (206)223-9423
jfreeman@kbmlawyers.com

www.kbmlawyers.com
*(Please note our new address)*

**From:** joe@joethomas.org [mailto:joe@joethomas.org]
**Sent:** Thursday, July 12, 2018 11:07 AM
**To:** Jayne L. Freeman <JFreeman@kbmlawyers.com>
**Cc:** Derek C. Chen <DChen@kbmlawyers.com>; LaHoma Walker <LWalker@kbmlawyers.com>; juliedalessio@msn.com
**Subject:** RE: Dalessio v. UW- supplemental initial disclosures

Dear Jayne:

Are you planning to supplement your initial disclosures to bring them in accordance with the court rules as we discussed in our telephonic conference on Monday, June, 25, 2018 at 2:30pm.

2

First, as we discussed previously, there are not addresses or contact information given for some of the individuals identified in the initial disclosures: Ms. Karen Holloway, Ms. Jennifer Klohe, Ms. Lauren Fischer, Mr. Steven Durant, Ms. Tamara Schmautz, Mr. Matt Maria, Ms. Paola Quinones, Ms. Odessah Visitacion, Ms. Cheryl Manekia, Ms. Jeanie Miele, Ms. Amy Robles, Ms. Patty Van Velsir.

Second, I still haven't received the insurance policies for either the University of Washington or the University of Washington Laboratory Medicine as is required pursuant to Rule 26(a)(1)(A)(IV). The University of Washington's website identifies that there should be an insurance policy and indemnification agreements. https://www.washington.edu/admin/rules/policies/BRG/SOCh5.html. If Ms. Saunders, Ms. Swenson, Mr. Tapper, and Mr. Palmer are being indemnified through the University of Washington, you must provide their indemnification agreements, otherwise then each individual must provide his or her own personal insurance policy.

I have been trying to get this information from you for more than two months now – there is a long line of emails establishing this fact. Please provide a supplemental initial disclosure by Tuesday, June 17, 2018 at 5:00pm.

Very truly yours,

Joe

Joseph Thomas
Law Office of Joseph Thomas PLLC
14625 SE. 176th ST., Apt. # N101
Renton, Washington 98058
Phone: (206) 390-8848
Website: http://JoeThomas.org

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying it or disclosing its contents to others. Thank you.

**From:** LaHoma Walker <LWalker@kbmlawyers.com>
**Sent:** Thursday, June 21, 2018 1:42 PM
**To:** joe@joethomas.org
**Cc:** Jayne L. Freeman <JFreeman@kbmlawyers.com>; Derek C. Chen <DChen@kbmlawyers.com>
**Subject:** RE: Dalessio v. UW- supplemental initial disclosures

Will do – thank you.

*LaHoma Walker*
Legal Assistant to
Derek C. Chen
Jayne L. Freeman
Kimberly J. Waldbaum
Michael C. Walter
Keating Bucklin & McCormack, Inc., P.S.
801 2nd Avenue, Suite 1210
Seattle, Washington 98104
Office 206.623.8861
Fax   206.223.9423
lwalker@kbmlawyers.com

www.kbmlawyers.com

3



**KEATING, BUCKLIN + McCORMACK**

This message is confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the named recipient(s), please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege. *Thank* you.

**From:** joe@joethomas.org [mailto:joe@joethomas.org]
**Sent:** Thursday, June 21, 2018 1:08 PM
**To:** LaHoma Walker <LWalker@kbmlawyers.com>
**Cc:** Jayne L. Freeman <JFreeman@kbmlawyers.com>; Derek C. Chen <DChen@kbmlawyers.com>; 'JULIE' <juliedalessio@msn.com>
**Subject:** RE: Dalessio v. UW- supplemental initial disclosures

Dear Ms. Walker,

Thank you for your response. I will make myself available on Monday at 2:30 pm for a telephonic conference with Jayne. Can you please ask Jayne to call me?

Very truly yours,

Joe

Joseph Thomas
Law Office of Joseph Thomas PLLC
14625 SE. 176th ST., Apt. # N101
Renton, Washington 98058
Phone: (206) 390-8848
Website: http://JoeThomas.org

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying it or disclosing its contents to others. Thank you.

**From:** LaHoma Walker <LWalker@kbmlawyers.com>
**Sent:** Thursday, June 21, 2018 11:14 AM
**To:** joe@joethomas.org
**Cc:** Jayne L. Freeman <JFreeman@kbmlawyers.com>; Derek C. Chen <DChen@kbmlawyers.com>
**Subject:** RE: Dalessio v. UW- supplemental initial disclosures

Good morning, Mr. Thomas.

Jayne asked that I let you know she is available on Monday, June 25th at 2:30 pm for a conference call with you. Please let us know if this day and time works for you.

Thank you.

*LaHoma Walker*
Legal Assistant to
Derek C. Chen
Jayne L. Freeman
Kimberly J. Waldbaum
Michael C. Walter

Keating Bucklin & McCormack, Inc., P.S.
801 2nd Avenue, Suite 1210
Seattle, Washington 98104
Office 206.623.8861
Fax   206.223.9423
lwalker@kbmlawyers.com

www.kbmlawyers.com



KEATING, BUCKLIN & McCORMACK

This message is confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the named recipient(s), please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney–client, work product, or other applicable privilege. *Thank* you.

**From:** joe@joethomas.org [mailto:joe@joethomas.org]
**Sent:** Wednesday, June 20, 2018 6:03 PM
**To:** Jayne L. Freeman <JFreeman@kbmlawyers.com>
**Cc:** Derek C. Chen <DChen@kbmlawyers.com>; LaHoma Walker <LWalker@kbmlawyers.com>; 'JULIE' <juliedalessio@msn.com>
**Subject:** RE: Dalessio v. UW- supplemental initial disclosures

Dear Jayne and Derek:

You did not respond to the email chain about the initial disclosures, and you responded to it in the email chain for the Answer. I am attaching as a .pdf and a outlook file the email that Jayne sent to me today about the initial disclosures.

I have been asking you since May 24, 2018 to meet and confer about the insufficiency of Defendants' Initial Disclosures – as documented in this email chain. Yesterday, when I was feeling ill, you proposed with less than twenty-four (24) hours notice to have a telephonic conference at a single time 2:30 PM today. You did not give me a time range of when could talk today, it was just 2:30 pm today. And after being ill yesterday, and having other obligations today – I could not respond to your email any earlier. Then when I did not call you at 2:30 PM, you wrote an insulting an inappropriate response, which questioned my professionalness and ethics. In addition to being insulting, your response incoherent, confused and does not respond to the issues that were raised in the June 13, 2018 email in this email chain.

Your conduct amounts to nothing more than an impermissible ambush to gain a strategic advantage in this lawsuit by bullying pro bono counsel and his client. If it continues, I will be forced to address this with the Court as it is draining my resources as a pro bono counsel on this case.

The court rules require that we have a telephonic conference in order to try to resolve these issues to avoid any unnecessary motion practice. Before our telephonic conference I would appreciate if you would directly respond to each concern listed in the June 13, 2018 and May 24, 2018 emails below in this email chain (they are the same issues listed in two different emails because you would not respond to the May 24, 2018 email). Please let me know dates and times when you can meet and confer.

In summary from the June 13, 2018 and May 24, 2018 emails, Defendants have failed cure the material omissions in initial disclosures to come into compliance with Rule 26(a).

I have been trying to make good faith efforts to cure the insufficiency of the initial disclosures for four (4) weeks now. *See* Rule 37(a)(1). Your responses have been evasive and incomplete and rather than discussing the problem in good faith, you have personally attacked me. If you do not wish to directly respond to Plaintiff's concerns about the initial disclosures, I believe my met my burden of attempting to communicate and work in good faith with you.

5

If you would like to talk about this via a telephonic conference you can give me three times which would work well for you on either June 22, 2018 or June 25, 2018.

I look forward to your response. Time is of the essence as I will shortly be out of the country as identified in the February 2018 joint status report.

Very truly yours,

Joe

Joseph Thomas
Law Office of Joseph Thomas PLLC
14625 SE. 176th ST., Apt. # N101
Renton, Washington 98058
Phone: (206) 390-8848
Website: http://JoeThomas.org

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying it or disclosing its contents to others. Thank you.

**From:** joe@joethomas.org <joe@joethomas.org>
**Sent:** Monday, June 18, 2018 9:00 AM
**To:** 'Jayne L. Freeman' <JFreeman@kbmlawyers.com>
**Cc:** 'Derek C. Chen' <DChen@kbmlawyers.com>; 'LaHoma Walker' <LWalker@kbmlawyers.com>; 'JULIE' <juliedalessio@msn.com>
**Subject:** RE: Dalessio v. UW- supplemental initial disclosures

Dear Jayne:

I have not received a response from you concerning my request for dates and times to have a Rule 37(a)(1) conference to discuss the insufficiency of Defendants Initial Disclosures (see my email directly below). I asked to have the telephonic conference by Tuesday, June 19, 2018. Since we have had to extend the discovery deadlines twice in the last couple of weeks, it is important that we have a telephonic conference to work through our discovery problems. Time is of the essence because of the short period for discovery. I am generally available both today and tomorrow for a telephonic conference concerning the insufficiency of initial disclosures. Please just give me some notice of when would be a good time for you.

Thank you for your immediate attention to this matter.

Very truly yours,

Joe

Joseph Thomas
Law Office of Joseph Thomas PLLC
14625 SE. 176th ST., Apt. # N101
Renton, Washington 98058
Phone: (206) 390-8848
Website: http://JoeThomas.org

6

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying it or disclosing its contents to others. Thank you.

**From:** joe@joethomas.org <joe@joethomas.org>
**Sent:** Wednesday, June 13, 2018 4:02 PM
**To:** 'Jayne L. Freeman' <JFreeman@kbmlawyers.com>
**Cc:** 'Derek C. Chen' <DChen@kbmlawyers.com>; 'LaHoma Walker' <LWalker@kbmlawyers.com>; 'JULIE' <juliedalessio@msn.com>
**Subject:** RE: Dalessio v. UW- supplemental initial disclosures

Dear Jayne:

I am writing to you because Ms. Dalessio is concerned with the sufficiency of Defendants initial disclosures.

First, you claim that all of Ms. Shari Spung documents and communications are covered by attorney client privilege. First that privilege is partially waived because public records at issue in this lawsuit identify that Ms. Spung was involved in the production. Therefore, at least concerning the production of the records, and her involvement in the production of the records, is waived. So please provide sufficient initial dislcosure's about Ms. Spung's involvement in the production of these records.

I am copying and pasting my concerns that I wrote to you in an email on May 24, 2018 because at no time did you address them, including your June 04, 2018 email.

First, the caption is insufficient. 1. The caption does not list all of the defendants. Because the caption does not even list all of the defendants, it is questionable whether all of the defendants contributed to the initial disclosures. 2. The case title includes the initials TSZ identifying Judge Thomas Zilly. I am not even sure if this would be correctly filed in court record.

Second, there is insufficient subject matter for some of the individuals identified in the initial disclosures. For example, Mr. Perry Tapper, who is named defendant in this action, is listed as only having information about having "knowledge of Plaintiff's contact with the Office of Public Records." There is no foundation identified as to how Mr. Tapper has knowledge of the contact. There is no identification of if Mr. Tapper had any involvement in the public records releases, or what his job responsibilities are. It appears Mr. Tapper is mentioned in UW000391. Can you confirm that PMT is Mr. Perry Tapper? Also, can you please identify any other documents that concern Mr. Tapper? This objection is not limited to Mr. Tapper. There is insufficient information and subject matter including, but not limited to: Ms. Eliza Saunders, Ms. Barb Benson, Mr. Andrew Palmer, Ms. Alison Swenson, Ms. Ana Marie Keeney, Ms. Jeanie Miele, Ms. Paula Quiones. Please provide a full subject matter for all of these individuals.

Third, there appears to be material omissions where individuals who likely have discoverable information are left off the list. For example, Ms. Dalessio's former boss Ms. Rhoda Ashley Morrow may have been involved in, at least partially, disclosing Mr. Dalessio's personnel file. Also, Ms. Murrow also would have discoverable information in the breach of contract claim. Another person left off the list is Ms. Sharon Risley who would likely have discoverable information on the same subject matter as Ms. Morrow, as she was Ms. Morrow's assistant. Next, Ms. Shari Spung is an employee in Risk Management who is listed on several documents in the initial disclosures. Additionally, Ms. Nancy Garland may have discoverable information about policy forming for employee privacy governing the University of Washington. Moreover, Dr. James Fine, is on the Privacy Council for the University of Washington may have discoverable information about the privacy policies of Laboratory Medicine, and he may also have been involved in the Breach of Contract since he was Ms. Dalessio's, supervisor's boss. Last, Christine Taylor was involved in PR 2015-00570 and PR 2016-00760 and possibly others from UW Laboratory Medicine. There may be others who have discoverable information who are left off the list, but these are the people who first come to mind. In other words, this not an exhaustive list.

7

Fourth, there are not addresses or contact information given for some of the individuals identified in the initial disclosures: Ms. Karen Holloway, Ms. Jennifer Klohe, Ms. Lauren Fischer, Mr. Steven Durant, Ms. Tamara Schmautz, Mr. Matt Maria, Ms. Paola Quinones, Ms. Odessah Visitacion, Ms. Cheryl Manekia, Ms. Jeanie Miele, Ms. Amy Robles, Ms. Patty Van Velsir.

Fifth, it is believed UW Medicine has a different insurance policy than the UW Washington. Since some of John or Jane Does listed in the First Amended Complaint are employed by UW Medicine, this would be relevant.

Sixth, the documents listed in the table are not at times correctly identified and at other times sufficiently identified.

Please let me know when we can have a Rule 37(a)(1) conference by Tuesday, June 19, 2018. Give me a couple dates and times that are best for you, and I will see if they can work in my schedule. Friday morning I will be in court until approximately 1:00 PM.

I look forward to meeting and conferring with you concerning these initial disclosure.

Very truly yours,

Joe

Joseph Thomas
Law Office of Joseph Thomas PLLC
14625 SE. 176th ST., Apt. # N101
Renton, Washington 98058
Phone: (206) 390-8848
Website: http://JoeThomas.org

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying it or disclosing its contents to others. Thank you.

**From:** joe@joethomas.org <joe@joethomas.org>
**Sent:** Monday, June 4, 2018 3:08 PM
**To:** 'Jayne L. Freeman' <JFreeman@kbmlawyers.com>
**Cc:** 'Derek C. Chen' <DChen@kbmlawyers.com>; 'LaHoma Walker' <LWalker@kbmlawyers.com>; 'JULIE' <juliedalessio@msn.com>
**Subject:** RE: Dalessio v. UW- supplemental initial disclosures

Jayne:

Thank you for the response. I will try to get you a proposed order tomorrow. My initial thought is to extend each of the discovery deadlines mentioned in Dkt. 91 by six weeks. That will give Defendants until the June 12, 2018 deadline to provide an Answer to the Complaint. Consequently, that will allow Plaintiff a few days to formulate discovery requests based upon Defendants Answer to the Complaint.

If this is agreeable, I will draft something up tomorrow morning for your signature.

As far as the initial disclosures are concerned, we will have to meet and confer about that later as there is too much to discuss right now on our truncated time schedule.

Very truly yours,

8

Joe

Very truly yours,

Joseph Thomas
Law Office of Joseph Thomas PLLC
14625 SE. 176th ST., Apt. # N101
Renton, Washington 98058
Phone: (206) 390-8848
Website: http://JoeThomas.org

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying it or disclosing its contents to others. Thank you.

**From:** Jayne L. Freeman <JFreeman@kbmlawyers.com>
**Sent:** Monday, June 4, 2018 2:28 PM
**To:** joe@joethomas.org
**Cc:** Derek C. Chen <DChen@kbmlawyers.com>; LaHoma Walker <LWalker@kbmlawyers.com>
**Subject:** RE: Dalessio v. UW- supplemental initial disclosures

Joe: I have had some unexpected travel obligations and some client unavailability, but expect to have the Answer to you soon. I am agreeable to a continuance of the discovery schedule, but it appeared the court issued the revised scheduling order that you proposed just two days ago, Thursday, May 31st.

It appears you may have a different view of Initial Disclosures. If you believe certain individuals may have discoverable information regarding the claims your client is making, then I would expect to see those individuals listed on Plaintiff's Initial Disclosures. Shari Spung is subject to attorney-client and work product privileges as well as statutory claim-file privileges (RCW 4.92.210(2)), and thus is not an individual likely to have any discoverable information.

Defendants provided extremely detailed information regarding each of the individuals listed and the documents regarding which they appear to possibly have knowledge. All of these documents have been provided to you, are labeled with bates-stamped numbers, and contain the identification of individuals party to email and other communications. Defendants have gone beyond FRCP 26 obligations by detailing out all of this information and providing the documents up front (again) in an attempt to avoid unnecessary, repetitive discovery and/or unsupported claims where all of the information and documentation has already been provided to you. Plaintiff has been in possession of all of these documents for review and evaluation for at least 9 months.

The employees listed are or were employed by the University of Washington, and subject to defense and indemnification by the University. Sufficient information regarding this state agency's status has been provided.

*Jayne L. Freeman*
**KBM** KEATING, BUCKLIN & McCORMACK

*801 Second Avenue, Suite 1210*
*Seattle, WA 98104*
*Office: (206) 623-8861*
*FAX: (206) 223-9423*
*jfreeman@kbmlawyers.com*

**www.kbmlawyers.com**
*(Please note our new address)*

9

**From:** joe@joethomas.org [mailto:joe@joethomas.org]
**Sent:** Monday, June 4, 2018 2:03 PM
**To:** Jayne L. Freeman <JFreeman@kbmlawyers.com>
**Cc:** Derek C. Chen <DChen@kbmlawyers.com>; LaHoma Walker <LWalker@kbmlawyers.com>; 'JULIE' <juliedalessio@msn.com>
**Subject:** RE: Dalessio v. UW- supplemental initial disclosures

Dear Jayne and Derek:

I am trying my best to get a hold of either of you in order to talk about the discovery concerns. I am really concerned because I have not received a response from either of you in a month concerning discovery and the deadline for filing discovery in in two days – June 06, 2018.

Is anyone from your office available to talk about this case during your absence? Are either of you, Jayne or Derek, available to talk by telephone in order to work out these discovery issues while you are gone?

I am proposing a continuance of the Dkt. 91 discovery schedule because neither of you have responded to my emails for a month concerning discovery, insufficiency of initial disclosures, and timeline for an Answer to the First Amended Complaint. **Please write back to me today if you are agreeable to a continuance of the discovery schedule.**

Very truly yours,

Joe

Joseph Thomas
Law Office of Joseph Thomas PLLC
14625 SE. 176th ST., Apt. # N101
Renton, Washington 98058
Phone: (206) 390-8848
Website: http://JoeThomas.org

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying it or disclosing its contents to others. Thank you.

**From:** joe@joethomas.org <joe@joethomas.org>
**Sent:** Friday, June 1, 2018 4:33 PM
**To:** 'Jayne L. Freeman' <JFreeman@kbmlawyers.com>
**Cc:** 'Derek C. Chen' <DChen@kbmlawyers.com>; 'LaHoma Walker' <LWalker@kbmlawyers.com>; 'JULIE' <juliedalessio@msn.com>
**Subject:** RE: Dalessio v. UW- supplemental initial disclosures

Dear Jayne:

Pursuant to the Court's ruling yesterday, discovery requests are due on Wednesday. I do not believe you have even written back to address Plaintiff's concerns about the insufficiency of Defendants supplemental initial disclosures. Time of the essence with this Court's case schedule. I am trying my best to communicate with you. Please respond as soon as possible.

Very truly yours,

10

Joe

Joseph Thomas
Law Office of Joseph Thomas PLLC
14625 SE. 176th ST., Apt. # N101
Renton, Washington 98058
Phone: (206) 390-8848
Website: http://JoeThomas.org

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying it or disclosing its contents to others. Thank you.

**From:** joe@joethomas.org <joe@joethomas.org>
**Sent:** Thursday, May 31, 2018 12:22 PM
**To:** 'Jayne L. Freeman' <JFreeman@kbmlawyers.com>
**Cc:** 'Derek C. Chen' <DChen@kbmlawyers.com>; 'LaHoma Walker' <LWalker@kbmlawyers.com>; 'JULIE' <juliedalessio@msn.com>
**Subject:** RE: Dalessio v. UW- supplemental initial disclosures

Dear Jayne:

I do not believe I have received a response regarding Ms. Dalessio's concerns about defendants supplemental initial disclosures. Can you please to the concerns listed below in the May 24, 2018 email at your earliest possible convenience, so we can continue to move forward with this case? Please let me know if you have any questions or concerns.

Very truly yours,

Joe

Joseph Thomas
Law Office of Joseph Thomas PLLC
14625 SE. 176th ST., Apt. # N101
Renton, Washington 98058
Phone: (206) 390-8848
Website: http://JoeThomas.org

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying it or disclosing its contents to others. Thank you.

**From:** joe@joethomas.org <joe@joethomas.org>
**Sent:** Thursday, May 24, 2018 12:28 PM
**To:** 'Jayne L. Freeman' <JFreeman@kbmlawyers.com>
**Cc:** 'Derek C. Chen' <DChen@kbmlawyers.com>; 'LaHoma Walker' <LWalker@kbmlawyers.com>; 'JULIE' <juliedalessio@msn.com>
**Subject:** RE: Dalessio v. UW- supplemental initial disclosures

Good afternoon Jayne:

11

Thank you for the initial disclosures. I believe the initial disclosures are insufficient and I want to start a dialogue with you about it. Hopefully, we can resolve these issues without any unnecessary motion practice.

First, the caption is insufficient. 1. The caption does not list all of the defendants. Because the caption does not even list all of the defendants, it is questionable whether all of the defendants contributed to the initial disclosures. 2. The case title includes the initials TSZ identifying Judge Thomas Zilly. I am not even sure if this would be correctly filed in court record.

Second, there is insufficient subject matter for some of the individuals identified in the initial disclosures. For example, Mr. Perry Tapper, who is named defendant in this action, is listed as only having information about having "knowledge of Plaintiff's contact with the Office of Public Records." There is no foundation identified as to how Mr. Tapper has knowledge of the contact. There is no identification of if Mr. Tapper had any involvement in the public records releases, or what his job responsibilities are. It appears Mr. Tapper is mentioned in UW000391. Can you confirm that PMT is Mr. Perry Tapper? Also, can you please identify any other documents that concern Mr. Tapper? This objection is not limited to Mr. Tapper. There is insufficient information and subject matter including, but not limited to: Ms. Eliza Saunders, Ms. Barb Benson, Mr. Andrew Palmer, Ms. Alison Swenson, Ms. Ana Marie Keeney, Ms. Jeanie Miele, Ms. Paula Quiones. Please provide a full subject matter for all of these individuals.

Third, there appears to be material omissions where individuals who likely have discoverable information are left off the list. For example, Ms. Dalessio's former boss Ms. Rhoda Ashley Morrow may have been involved in, at least partially, disclosing Mr. Dalessio's personnel file. Also, Ms. Murrow also would have discoverable information in the breach of contract claim. Another person left off the list is Ms. Sharon Risley who would likely have discoverable information on the same subject matter as Ms. Morrow, as she was Ms. Morrow's assistant. Next, Ms. Shari Spung is an employee in Risk Management who is listed on several documents in the initial disclosures. Additionally, Ms. Nancy Garland may have discoverable information about policy forming for employee privacy governing the University of Washington. Moreover, Dr. James Fine, is on the Privacy Council for the University of Washington may have discoverable information about the privacy policies of Laboratory Medicine, and he may also have been involved in the Breach of Contract since he was Ms. Dalessio's, supervisor's boss. Last, Christine Taylor was involved in PR 2015-00570 and PR 2016-00760 and possibly others from UW Laboratory Medicine. There may be others who have discoverable information who are left off the list, but these are the people who first come to mind. In other words, this not an exhaustive list.

Fourth, there are not addresses or contact information given for some of the individuals identified in the initial disclosures: Ms. Karen Holloway, Ms. Jennifer Klohe, Ms. Lauren Fischer, Mr. Steven Durant, Ms. Tamara Schmautz, Mr. Matt Maria, Ms. Paola Quinones, Ms. Odessah Visitacion, Ms. Cheryl Manekia, Ms. Jeanie Miele, Ms. Amy Robles, Ms. Patty Van Velsir.

Fifth, it is believed UW Medicine has a different insurance policy than the UW Washington. Since some of John or Jane Does listed in the First Amended Complaint are employed by UW Medicine, this would be relevant.

Sixth, the documents listed in the table are not at times correctly identified and at other times sufficiently identified.

Thank you for your time and attention to these matters.

Very truly yours,

Joe

Joseph Thomas
Law Office of Joseph Thomas PLLC
14625 SE. 176th ST., Apt. # N101
Renton, Washington 98058

12

Phone: (206) 390-8848
Website: http://JoeThomas.org

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying it or disclosing its contents to others. Thank you.

---

**From:** Jayne L. Freeman <JFreeman@kbmlawyers.com>
**Sent:** Friday, May 18, 2018 5:56 PM
**To:** joe@joethomas.org
**Cc:** Derek C. Chen <DChen@kbmlawyers.com>; LaHoma Walker <LWalker@kbmlawyers.com>
**Subject:** Dalessio v. UW- supplemental initial disclosures

Joe: attached please find Defendants' Supplemental Initial Disclosures.

As I indicated previously, the facts and information haven't changed, and you have already been provided all identified documents UW 000001-UW003004, which have always contained the information referenced in this pleading and was also previously provided in response to Plaintiff's discovery requests.

However, I have attempted to add as much information as possible in one place in an attempt to address various discovery questions you have raised in the past.

Have a good weekend.

*Jayne L. Freeman*
**KBM** KEATING, BUCKLIN & McCORMACK
801 Second Avenue, Suite 1210
Seattle, WA 98104
Office: (206) 623-8861
FAX: (206) 223-9423
jfreeman@kbmlawyers.com

www.kbmlawyers.com
(Please note our new address)

13