EXHIBIT G

Jayne L. Freeman

**From:** Jayne L. Freeman
**Sent:** Thursday, September 20, 2018 11:01 AM
**To:** 'joe@joethomas.org'
**Cc:** Derek C. Chen; LaHoma Walker
**Subject:** RE: Dalessio v. University of Washington

Joe: in regard to the conference you requested today, in an effort to streamline it, please see responses to your questions below. I think we have discussed these issues pretty thoroughly a couple times now.
Jayne

Dear Jayne and Derek:

I am writing to confirm some of the things that we spoke about in our telephonic discovery conference call yesterday. We spoke for an hour and 21 minutes yesterday, starting at 10:10 AM. We spoke about many different topics related to the discovery and I am not going into everything in this email because of time constraints. But I do want to confirm a few important points from our conversation yesterday.

- Please let me know if each Defendants will certify the interrogatories pursuant to Rule 33, as I stated in multiple previous emails, to you and as we discussed on the telephone yesterday. In order to comply with the court rules regarding the certification of the answer, the entire answer needs to be stated in the interrogatory. It is improper to incorporate answers by reference from other documents. Yes, pursuant to your request, we will prepare separate documents out of the single discovery request served by Plaintiff, add separate responses each of the 4 individually-named Defendants, and add a signature line for each of them to sign separately. As explained previously, the information responsive to each portion of the discovery request served by Plaintiff was collected by Defendant University of Washington and provided to Plaintiff on the form and in the format served by Plaintiff.
- Please let me know if Defendants will comply with Rule 34(b)(2)(E)(i) which states documents must be produced as they are kept in the normal course of business and labeled to corresponding categories in the request. There is no labeling for the corresponding categories. And the documents are not produced as they are kept. For example, emails are produced as .PDF documents. The way it is produced is not a usable form because it is deliberately scanned as an image to prevent keywork searches, as a deliberate dilatory tactic. During at least 2 telephonic conferences, we have explained that the documents were produced as kept (organized) in the ordinary course of business. The documents are in .pdf format, which is the format in which they were transmitted to the OPR for responding to public records requests and/or the format in which they were provided to our office. The emails that were produced are solely transmittal emails that document OPR's requests to various UW departments for potentially responsive records, and were produced to you as .pdfs, which ARE searchable using Adobe Acrobat, commonly used software. Nothing has been done to "prevent keyword searches." This is the format typically used for transmittal of documents in discovery and filing of documents in court.
    -the documents are Bates'-stamped, and corresponding Bates'-stamp numbers are listed in the discovery responses
    -the RFP responses are labeled with slip sheets referring to the number of the RFP they are responsive to
- Please let me know if Defendants will comply with Rule 34(b)(2)(C) which states that Defendants must affirmatively state if any documents are being withheld from each request for production of documents. There is a privilege log that is attached, but the privilege log is inadequate. It does not identify which requests for production documents are being withheld from. It does adequately identify with specificity, the legal reason for the privilege. Yes, we can add to the privilege log what the withheld

1

documents would be responsive to, though I believe it is pretty self-explanatory by the detailed descriptions. As I explained in the conference, to the extent some of Plaintiff's requests are overbroad, unduly burdensome, beyond the scope of FRCP 26 and/or not proportional to the needs of discovery, there may be additional records that are subject to privileges that have not been specifically located or identified due to the scope of the request itself.

- As I stated on the telephone to you yesterday, there are certain interrogatories and requests for production of documents that must be answered before the court can address the qualified immunity defense:
    - Interrogatory 1 asks for explanations of persons who had examined, copied, or had access to the records. This information is needed to argue whether Defendants actions were discretionary or not in terms of qualified immunity. Statutes such as HIPAA, FERPA, and the ADA are all statutes that create mandatory duties and Ms. Dalessio must know if the documents were being stored properly and if the proper people had access to the documents. Plaintiff's claims against individual employees arises from production of UW public records to a third-party outside of the University. The University has produced all available information regarding where the documents were located and transmitted to the OPR in 2015 and 2016 for responses to PRA requests -570 and -760, which are the subjects of the lawsuit. The University has provided all available information located regarding which current or former individual employees may have searched for, located, and or forwarded files or documents for administration of public records requests/responses. The University has provided information regarding the location and security of facilities where personnel, department, and other files were located. If Plaintiff is asking the University to identify every person who may have seen or touched any one of hundreds of pieces of paper at some point between the 1980's when Ms. Dalessio started working at UW and 206 when she last requested copies of all records related to her, that is unduly burdensome and beyond the scope or proportionality of discovery in this matter.

    - Interrogatory 4 asks for a location of the documents. This information is needed to argue whether Defendants actions were discretionary or not in terms of qualified immunity. Statutes such as HIPAA, FERPA, and the ADA are all statutes that create mandatory duties and Ms. Dalessio must know if the documents were being stored properly and if the proper people had access to the documents. See foregoing response.

    - Interrogatory 5 asks for all persons who had access to the location of the records. This information is needed to argue whether Defendants actions were discretionary or not in terms of qualified immunity. Statutes such as HIPAA, FERPA, and the ADA are all statutes that create mandatory duties and Ms. Dalessio must know if the documents were being stored properly and if the proper people had access to the documents. See foregoing response.

    - Request for Production 7 and 8 asks for documents identifying complaints of any exempt information wrongfully produced under the Public Records Act by the University of Washington or the University of Washington Medicine. Defendants will likely argue in summary judgment that the wrongfully produced documents at issue in this lawsuit were just a mistake and do not rise to the level of a constitutional violation. Ms. Dalessio must know how frequently there are complaints about wrongfully produced documents and what alleged documents are wrongfully produced. The University produced over 1,000 pages of Complaints, settlements, judgments from lawsuits that involved PRA claims. You identified 3 matters that you felt would have been responsive: 1 does not involved any PRA claims, 1 was not filed until 2018 (a year after Ms. Dalessio's lawsuit and is based on actions that took place after the subject of her suit; and 1 does appear to include a PRA claim---we followed up on it and learned the Plaintiff voluntarily withdrew and dismissed the lawsuit (there was no settlement or judgment, despite language in

the dismissal reference some sort of settlement or agreement; apparently, that was not accurate).

- o Request for Production 9 and 10 asks for the University of Washington's and University of Washington Medicine's, Public Records Act policies, procedures and training manuals. Defendants response states that it may be supplemented as necessary. It is necessary for Ms. Dalessio to have all of the policies, procedures and training manuals in order to show whether this is a discretionary act and whether this is a clearly established right. ==We have produced what the University has indicated is responsive to this request; we discussed this in the conference.==

- o Request for Production 12 and 13 asks all documents identifying positions and the job description (responsibilities) for persons identified in Plaintiff's Initial Disclosures as employees of the University of Washington who are likely to have information pertaining to Plaintiff's claims. Defendants response states that it may be supplemented as necessary. It is necessary for Ms. Dalessio to have all the responsive documents to this request for production. Ms. Dalessio will have to argue against qualified immunity whether the acts taken by the employees were discretionary and whether it violates a clearly established right. ==These detailed job descriptions have been produced; nothing is being withheld.==

In our telephone conversation yesterday, you said you would call me at 11:00 AM on September 20, 2018. I would like to know whether Defendants will cure these discovery defects immediately, so that Ms. Dalessio will be able to effectively argue against Defendants stated impending motion for qualified immunity (as stated on the telephone call yesterday).

Very truly yours,

Joe

Joseph Thomas
Law Office of Joseph Thomas PLLC
14625 SE. 176th ST., Apt. # N101
Renton, Washington 98058
Phone: (206) 390-8848
Website: http://JoeThomas.org

*Jayne L. Freeman*
**KBM** KEATING, BUCKLIN & McCORMACK

*801 Second Avenue, Suite 1210*
*Seattle, WA 98104*
*Office: (206)623-8861*
*FAX: (206)223-9423*
*jfreeman@kbmlawyers.com*

**www.kbmlawyers.com**
***(Please note our new address)***

3

**From:** joe@joethomas.org <joe@joethomas.org>
**Sent:** Tuesday, September 18, 2018 3:23 PM
**To:** Jayne L. Freeman <JFreeman@kbmlawyers.com>
**Cc:** Derek C. Chen <DChen@kbmlawyers.com>; LaHoma Walker <LWalker@kbmlawyers.com>; 'JULIE' <juliedalessio@msn.com>
**Subject:** RE: Dalessio v. University of Washington

Dear Jayne and Derek:

I am writing to confirm some of the things that we spoke about in our telephonic discovery conference call yesterday. We spoke for an hour and 21 minutes yesterday, starting at 10:10 AM. We spoke about many different topics related to the discovery and I am not going into everything in this email because of time constraints. But I do want to confirm a few important points from our conversation yesterday.

- Please let me know if each Defendants will certify the interrogatories pursuant to Rule 33, as I stated in multiple previous emails, to you and as we discussed on the telephone yesterday. In order to comply with the court rules regarding the certification of the answer, the entire answer needs to be stated in the interrogatory. It is improper to incorporate answers by reference from other documents.
- Please let me know if Defendants will comply with Rule 34(b)(2)(E)(i) which states documents must be produced as they are kept in the normal course of business and labeled to corresponding categories in the request. There is no labeling for the corresponding categories. And the documents are not produced as they are kept. For example, emails are produced as .PDF documents. The way it is produced is not a usable form because it is deliberately scanned as an image to prevent keyword searches, as a deliberate dilatory tactic.
- Please let me know if Defendants will comply with Rule 34(b)(2)(C) which states that Defendants must affirmatively state if any documents are being withheld from each request for production of documents. There is a privilege log that is attached, but the privilege log is inadequate. It does not identify which requests for production documents are being withheld from. It does adequately identify with specificity, the legal reason for the privilege.
- As I stated on the telephone to you yesterday, there are certain interrogatories and requests for production of documents that must be answered before the court can address the qualified immunity defense:
    - Interrogatory 1 asks for explanations of persons who had examined, copied, or had access to the records. This information is needed to argue whether Defendants actions were discretionary or not in terms of qualified immunity. Statutes such as HIPAA, FERPA, and the ADA are all statutes that create mandatory duties and Ms. Dalessio must know if the documents were being stored properly and if the proper people had access to the documents.
    - Interrogatory 4 asks for a location of the documents. This information is needed to argue whether Defendants actions were discretionary or not in terms of qualified immunity. Statutes such as HIPAA, FERPA, and the ADA are all statutes that create mandatory duties and Ms. Dalessio must know if the documents were being stored properly and if the proper people had access to the documents.
    - Interrogatory 5 asks for all persons who had access to the location of the records. This information is needed to argue whether Defendants actions were discretionary or not in terms of qualified immunity. Statutes such as HIPAA, FERPA, and the ADA are all statutes that create mandatory duties and Ms. Dalessio must know if the documents were being stored properly and if the proper people had access to the documents.
    - Request for Production 7 and 8 asks for documents identifying complaints of any exempt information wrongfully produced under the Public Records Act by the University of Washington or the University of Washington Medicine. Defendants will likely argue in summary judgment that the wrongfully produced documents at issue in this lawsuit were just a mistake and do not rise to the level of a constitutional violation. Ms. Dalessio must know how frequently there are

4

complaints about wrongfully produced documents and what alleged documents are wrongfully produced.

- Request for Production 9 and 10 asks for the University of Washington's and University of Washington Medicine's, Public Records Act policies, procedures and training manuals. Defendants response states that it may be supplemented as necessary. It is necessary for Ms. Dalessio to have all of the policies, procedures and training manuals in order to show whether this is a discretionary act and whether this is a clearly established right.
- Request for Production 12 and 13 asks all documents identifying positions and the job description (responsibilities) for persons identified in Plaintiff's Initial Disclosures as employees of the University of Washington who are likely to have information pertaining to Plaintiff's claims. Defendants response states that it may be supplemented as necessary. It is necessary for Ms. Dalessio to have all the responsive documents to this request for production. Ms. Dalessio will have to argue against qualified immunity whether the acts taken by the employees were discretionary and whether it violates a clearly established right.

In our telephone conversation yesterday, you said you would call me at 11:00 AM on September 20, 2018. I would like to know whether Defendants will cure these discovery defects immediately, so that Ms. Dalessio will be able to effectively argue against Defendants stated impending motion for qualified immunity (as stated on the telephone call yesterday).

Very truly yours,

Joe

Joseph Thomas
Law Office of Joseph Thomas PLLC
14625 SE. 176th ST., Apt. # N101
Renton, Washington 98058
Phone: (206) 390-8848
Website: http://JoeThomas.org

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying it or disclosing its contents to others. Thank you.

**From:** LaHoma Walker <LWalker@kbmlawyers.com>
**Sent:** Friday, September 14, 2018 8:53 AM
**To:** joe@joethomas.org
**Cc:** Jayne L. Freeman <JFreeman@kbmlawyers.com>; Derek C. Chen <DChen@kbmlawyers.com>
**Subject:** RE: Dalessio v. University of Washington

Joe,

Jayne and Derek will call you on your cell phone (206-390-8848) on Monday, September 17th, at 10:00 am.

Thank you.

*LaHoma Walker*
Legal Assistant to
Derek C. Chen
Jayne L. Freeman
Kimberly J. Waldbaum
Michael C. Walter
Keating Bucklin & McCormack, Inc., P.S.

5

801 2nd Avenue, Suite 1210
Seattle, Washington 98104
Office 206.623.8861
Fax   206.223.9423
lwalker@kbmlawyers.com

www.kbmlawyers.com



KEATING, BUCKLIN & McCORMACK

This message is confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the named recipient(s), please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege. *Thank* you.

**From:** joe@joethomas.org <joe@joethomas.org>
**Sent:** Thursday, September 13, 2018 1:58 PM
**To:** LaHoma Walker <LWalker@kbmlawyers.com>
**Cc:** Jayne L. Freeman <JFreeman@kbmlawyers.com>; Derek C. Chen <DChen@kbmlawyers.com>; 'JULIE' <juliedalessio@msn.com>
**Subject:** RE: Dalessio v. University of Washington

Good afternoon Ms. Walker,

Please schedule an appointment with Jayne on Monday, September 17, 2018 at 10:00 AM. If Jayne would prefer that I call her please provide me a direct telephone number where I can reach her on Monday. If not, Jayne is free to call me on my cell phone at (206) 390-8848.

Thank you.

Very truly yours,

Joseph Thomas
Law Office of Joseph Thomas PLLC
14625 SE. 176th ST., Apt. # N101
Renton, Washington 98058
Phone: (206) 390-8848
Website: http://JoeThomas.org

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying it or disclosing its contents to others. Thank you.

**From:** LaHoma Walker <LWalker@kbmlawyers.com>
**Sent:** Thursday, September 13, 2018 12:09 PM
**To:** joe@joethomas.org
**Cc:** Jayne L. Freeman <JFreeman@kbmlawyers.com>; Derek C. Chen <DChen@kbmlawyers.com>
**Subject:** Dalessio v. University of Washington

Good afternoon.

6

Jayne has been in and out of town attending depositions and federal settlement conferences this week. She will be in client meetings this afternoon and tomorrow outside the office.

Derek is unavailable this week.

Both Jayne and Derek are available Monday or Tuesday (September 17th or 18th) next week. Please provide times you are available on either of these days.

Thank you.

*LaHoma Walker*
Legal Assistant to
Derek C. Chen
Jayne L. Freeman
Kimberly J. Waldbaum
Michael C. Walter
Keating Bucklin & McCormack, Inc., P.S.
801 2nd Avenue, Suite 1210
Seattle, Washington 98104
Office 206.623.8861
Fax 206.223.9423
walker@kbmlawyers.com
www.kbmlawyers.com

**KBM**
KEATING BUCKLIN • McCORMACK

This message is confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the named recipient(s), please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege. *Thank* you.

**From:** joe@joethomas.org <joe@joethomas.org>
**Sent:** Thursday, September 13, 2018 10:43 AM
**To:** Jayne L. Freeman <JFreeman@kbmlawyers.com>
**Cc:** LaHoma Walker <LWalker@kbmlawyers.com>; Derek C. Chen <DChen@kbmlawyers.com>; 'JULIE' <juliedalessio@msn.com>
**Subject:** RE: Automatic reply: Dalessio v. University of Washington

Dear Ms. Walker:

Please set up an appointment for a telephonic conference with either Jayne or Derek and myself for either today between now and 12:00 PM (noon) or tomorrow (Sept. 14) between 2:30 PM to 4:40 PM. The point of this telephonic conference is to have a Rule 26(f) conference about the pending discovery in this case. I emailed Jayne, Derek, and yourself yesterday with Plaintiff's concerns about Defendants' discovery responses. For your convenience the email is attached here. The phone number for either Jayne or Derek to call me on is (206) 390-8848.

Please notify me of what date and time works for Jayne or Derek.

Thank you for your assistance.

Very truly yours,

Joe

7

Joseph Thomas
Law Office of Joseph Thomas PLLC
14625 SE. 176th ST., Apt. # N101
Renton, Washington 98058
Phone: (206) 390-8848
Website: http://JoeThomas.org

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying it or disclosing its contents to others. Thank you.

**From:** Jayne L. Freeman <JFreeman@kbmlawyers.com>
**Sent:** Wednesday, September 12, 2018 11:13 AM
**To:** joe@joethomas.org
**Subject:** Automatic reply: Dalessio v. University of Washington

I will be out of the office traveling and in depositions & meetings all day Tuesday-Thursday, Sept. 11-13, and may not have an opportunity to review my emails until later.

If you need further assistance, please contact my Legal Assistant, LaHoma Walker at (206)623-8861 or lwalker@kbmlawyers.com, or ask for Tia if she is not available.

Thank you.

Jayne Freeman

8