**EXHIBIT K**

**Jayne L. Freeman**

| | |
|---|---|
| **From:** | joe@joethomas.org |
| **Sent:** | Wednesday, September 12, 2018 11:12 AM |
| **To:** | Jayne L. Freeman |
| **Cc:** | Derek C. Chen; LaHoma Walker; 'JULIE' |
| **Subject:** | RE: Dalessio v. University of Washington |

Dear Jayne:

In light of Defendants latest supplemental discovery response, I am writing to you with Ms. Dalessio's concerns about the discovery responses and production. Defendants now have responded to Ms. Dalessio's first set of discovery requests on August 31, 2018, August 06, 2018, and July 06, 2018. *See* LCR 37(a)(1).

Would you be willing to agree to an LCR 37(a)(2) Expedited Discovery Motion Procedure? Because there seems to be so much in dispute for this discovery, I think it would be beneficial to both parties to bring expedited motion to deal with it. Also, Judge Pechman's webpage states that she prefers an LCR 37(a)(2) discovery motion. Please let me know as soon as possible because I am leaving to go out of the country shortly.

Below are our discovery concerns. Please let me know when you are available either tomorrow (Sep. 13) from 10:00 AM to 12:00 PM or Friday (Sept. 14) from 2:30 PM to 4:40 PM.

**General Concerns**

General concern 1: Rule 33(b)(3) and Rule 33(b)(5). I have brought up concerns previously about the compliance with 33(b)(3) and Rule 33(b)(5). Still there is no compliance for any of the interrogatories.

General concern 2: Rule 33(b)(4) Defendant makes many objections, but none of the objections cite any specificity or if any documents are withheld.

General concern 3: Rule 34(b)(2)(C) states that Defendants must affirmatively state if any documents are being withheld from the production of documents. There is a privilege log that is attached, but the privilege log is inadequate. It does not identify which requests for production documents are being withheld from. It does adequately identify with specificity, the legal reason for the privilege.

General concern 4: Rule 34(b)(2)(E)(i) states documents must be produced as they are kept in the normal course of business and labeled to corresponding categories in the request. There is no labeling for the corresponding categories. And the documents are not produced as they are kept. For example, emails are produced as .PDF documents. The way it is produced is not a usable form because it is deliberately scanned as an image to prevent keywork searches, as a deliberate dilatory tactic.

General concern 5: Defendants object that Ms. Dalessio's discovery does not conform with the Federal Civil Rules of Procedure but not state how. Again, for an objection needs to be specificity stating how the discovery requests do not comply with the federal rules.

**Specific Interrogatory Objections**

**Interrogatory 1**: First, Defendants object in bad faith to this interrogatory. I asked you Jayne to produce this very information in initial disclosures and in a telephonic you stated the proper way to seek this information was through interrogatories, and not through initial disclosures. You cannot object in good faith when this is the procedure you

1

specifically told me in order to ascertain this information from Defendants. Moreover, each of the exemptions make bald assertions and conclusory statements that are not supported by the facts of this case. Second, Defendants answer to the interrogatory is evasive and frankly it is an attack upon my client who is the victim in this lawsuit. There is no substance to this interrogatory and Defendants do not even make an attempt to identify persons (including agencies) who had access to these records. Defendants did attempt to incorporate by reference the initial disclosures, but that information needs to be provided in the interrogatory and certified by the individuals providing the answers to be in compliance with Rule 33. There is more information about the identification about the persons and agencies who had access to these records in the request summary reports than is given in this interrogatory. Third, objections must be stated with "specificity" to be in compliance with Rule 33. Here Defendants only make broad, conclusory objections that does not even incorporate or include the substance of the interrogatory. Fourth, Rule 33(d) requires that if documents are referenced in interrogatories they are to be identified with specificity for Plaintiff to identify the documents and for the documents to be produced as "kept in the usual course of business or must organize and label them to correspond to the categories in the request." Here that is not the case. Here documents were not produced as they were kept in their normal course of business, nor were the documents labeled. Defendants do cite to bate stamped documents provided earlier in the litigation, but many of the bates stamped documents do not represent what defendants claim they represent. These documents are mis-referenced and the wrong bates stamp number is given. Fifth, the bates stamped documents in interrogatory number one are not adequately identified as to the source. Sixth, Defendants should refer to Dkt. 38, filed under seal, when referring to specific documents out of PR 2016-00760 because it is filed under seal with the court and it is how the documents are kept in the normal course of business. Seventh, Defendants should refer to Dkt. 30-1 and 30-2, when referring to specific documents out of PR 2015-00570 because it is filed under seal with the court.

**Interrogatory 2**: First, Defendants object in bad faith to this interrogatory. Defendants list the objections of attorney work product and attorney-client privilege in bad faith, given the express language of this interrogatory specifically excludes communication with an attorney. Defendants list RCW 43.19.781 in bad faith, because UW is a separate legal entity from the state and does not apply to UW. Moreover, each of the exemptions make bald assertions and conclusory statements that are not supported by the facts of this case. Second, the second paragraph includes a nonsensical response that does not even include a proper objection. Third, for the response from the University of Washington, the University of Washington needs to answer this interrogatory on its own. Currently, it just cross-references other defendants answers. This is inappropriate and the University of Washington is not answering with first-hand knowledge. Fourth, Ms. Saunders does not state who she spoke with and on what dates the communications took place. It is not privileged with whom she spoke. Fifth, Mr. Tapper's response is not certified. There is unresponsive material in what is represented be Mr. Tapper's response that has nothing to do with communications. Sixth, Ms. Swenson's response is not certified. Ms. Swenson needs to respond with specificity, with what was said in regards to this request and not in general. Seventh, Mr. Palmer's response is not certified. Mr. Palmer needs to respond with specificity, with what was said in regards to this request and not in general. Eighth, who is responding for the rest of the interrogatory (Mr. Kosin, Ms. Spung, and Ms. Dalessio). Who has the personal knowledge of answering this part of the interrogatory? Ninth, RCW 43.19.781 only applies to a centralized claim tracking system of the Department of Enterprise Services and not the University of Washington. The University of Washington is an independent legal entity.

**Interrogatory 3**: First, who is responding to this interrogatory? There does not appear to be anyone who has certified the answer to this interrogatory who has first-hand knowledge of the situation. Second, there is no agreement of the parties. This is an absolute misrepresentation of fact. Third, any redactions that may have incurred as a part of this litigation are unresponsive to this interrogatory and is evasive. Fourth, it is improper for Ms. Swenson to supplement her response to this interrogatory, if she is responding to this interrogatory. Ms. Swenson needs to state fully and completely everything she personally knows that is responsive to this interrogatory. There is no reason why she would need to supplement it. Fifth, it appears the University of Washington is also answering this interrogatory, but the interrogatory states that Ms. Swenson is the only person with first-hand knowledge. This is misleading and evasive. If the University of Washington is also answering this interrogatory it needs a certification stating who has first-hand knowledge that is responding on behalf of the UW.

**Interrogatory 4**: First, it is a violation of the court rule for Defendants to incorporate by reference the initial disclosures because the initial disclosures are not certified. Second, the objection that it is unduly burdensome to describe the location of the documents is made in bad faith. In Public Records Act lawsuits if there is a dispute over the search, there must be certification to the court that includes "search terms and the type of search performed, and they should establish that all places likely to contain responsive materials were searched. An agency may wish to include such information in its initial response to the requester, since doing so may avoid litigation." Neighborhood Alliance of Spokane Cty. v. Cty. of Spokane, 261 P. 3d 119, 128 (Wash. 2011). Third, UW cannot respond through other people. There needs to be a person with legal authority to respond on behalf of UW. Fourth, there is no certification from Ms. Swenson or Mr. Palmer. Fifth, locations are not described anywhere in any of the answers for documents produced in PR 2015-00570 and PR 2016-00760. This would not even come close to the Neighborhood Alliance standard. The sole focus of this interrogatory is to find the location of these documents with specificity. None of these answers to the interrogatory are responsive. This contradicts what is stated in the initial disclosures that all of the documents were taken out of a boxes from a single warehouse. Sixth, there must be a certification from Ms. Miele who states facts with personal knowledge. Seventh, there must be a certification from Ms. Halloway who states facts with personal knowledge. Eighth, there must be a certification from Mr. Maria who states facts with personal knowledge. Ninth, there must be a certification from Ms. Robles who states facts with personal knowledge. Tenth, there must be a certification from Ms. Manekia who states facts with personal knowledge. Eleventh, there must be a certification from Ms. Visitacion who states facts with personal knowledge. Twelfth, there must be a certification from Ms. Quinones who states facts with personal knowledge. Thirteenth, Ms. Keeney's uncertified statement is non-responsive and evasive. She does not respond to the interrogatory which asks for the location of the documents produced in PR 2015-00570 and PR 2016-00760.

**Interrogatory 5**: First, there is no identification of who is objecting. Second, there is nothing burdensome, overbroad, or not proportional to the needs of the case. This objection is made in bad faith. In Public Records Act lawsuits if there is a dispute over the search, there must be certification to the court that includes "search terms and the type of search performed, and they should establish that all places likely to contain responsive materials were searched. An agency may wish to include such information in its initial response to the requester, since doing so may avoid litigation." Neighborhood Alliance of Spokane Cty. v. Cty. of Spokane, 261 P. 3d 119, 128 (Wash. 2011). Third, the objection that this request is not reasonably calculated to lead to the discovery of admissible evidence is made in bad faith. The central tenet to the vast majority of the legal claims in this lawsuit is privacy. The location of the documents produced is essential to Ms. Dalessio's argument that her documents were accessed in violation of her rights and in violation of statute. Fourth, Defendants deliberately misinterpret the scope of this interrogatory. The scope of this interrogatory is the location from where they were produced to requests PR 2015-00570 and PR 2016-00760. The scope of this request is from the years 2015 to 2017. Fifth, these objections were made in bad faith because Defendants already affirmatively stated that these documents were only in warehouses in the initial disclosures. Then in the current answer to Interrogatory 4 Defendants state "upon belief" the documents are located in: Records Management System warehouse, central campus Human Resources Office, Harborview, Children's Hospital in Northeast Seattle, Magnuson Park in Northeast Seattle, Ms. Halloway's office. Defendants even cited box numbers in interrogatory 4. This is evasive and harassment. Sixth, Sheri Spung and Toni Kemp (claim services) is identified as having access and producing documents as evidenced in Dkt 56-2.

**Interrogatory 6**: First, There are no certifications whatsoever – a violation of Rule 33. Second, Ms. Sweson's testimony is wrong and misrepresents fact. The documents were not re-filed under seal. The documents were filed in the public domain and after Ms. Dalessio's motion to seal, Judge Pechman sealed the documents.

**Requests for Production**

**RFP 1**: First, Rule 34(b)(2)(C) states that objections must be given with specificity. This objection does not have specificity. This request does have relevance to the lawsuit because it is under belief the UW spends so much time and money litigating PRA cases that it over-produces documents that should be exempt to avoid litigation. The cause of action under the Public Records Act is only for wrongfully withholding documents, pursuant RCW 42.56.550(4), therefore if the UW is over-producing documents as the normal course of business, then there would be no cause of

action against UW under the PRA. It is a fact that documents about Ms. Dalessio were over produced – Ms. Dalessio has a theory that they were overproduced because of fear of PRA litigation for wrongfully withholding documents. Second, Defendants claim a sham objection that the requested documents reside in the University Claim Services claim files and databases is confidential under state law. But Defendants cites to and produces documents to nine different cases in RFP 1. It is irreconcilable for Defendant to claim documents identifying Public Records Act lawsuits brought against UW are confidential, but then to produce documents to nine different cases concerning Public Records Act lawsuits brought against UW. Third, there is no identification in the privilege log, which documents, if any, are withheld from this request.

Fourth, if UW is objecting to producing any documents filed with a Court because they are confidential, and the documents are not under seal, that is a violation of clear United States Supreme Court precedent. "A trial is a public event. What transpires in the court room is public property." Richmond Newspapers, Inc. v. Virginia, 448 US 555, 593 (1980) (brackets omitted) (quoting Craig v. Harney, 331 US 367, 374 (1947)); Nebraska Press Assn. v. Stuart, 427 US 539, 596 (1976); see also State v. Coe, 101 Wn.2d 364, 380 (1984) (quoting Craig v. Harney, 331 US 367, 374 (1947)); Cohen v. Everett City Council, 85 Wn.2d 385, 388 (1975). Fifth, not all of the documents in King County Superior Court case number 13-2-26176-6 are provided. Only the settlement agreement is provided. See UW 004129-004130. There are several other cases that not all of the documents are provided. This is just one example. Sixth, there are other cases available online that UW has deliberately withheld King County Superior Court case number 16-2-06988-6, 16-2-29662-9. Seventh, No documents have been provided for Conklin v. University of Washington Medicine, No. 2:18-cv-00090-RSL (W.D. Wash. 2018).

**RFP 2:** First, is there any basis in law or fact for this response? Second, see the first through fourth points listed above (re rfp 1). Third, defendants do not provide documents re: Conklin v. University of Washington Medicine, No. 2:18-cv-00090-RSL (W.D. Wash. 2018).

**RFP 3:** First, the documents are not organized and labeled to correspond to the categories. Second, There is no identification of the source of the documents. Third, Rule 34(b)(2)(C) states that objections must be given with specificity. This objection does not have specificity. This request does have relevance to the lawsuit because it is under belief the UW spends so much time and money litigating PRA cases that it over-produces documents that should be exempt to avoid litigation. The cause of action under the Public Records Act is only for wrongfully withholding documents, pursuant RCW 42.56.550(4), therefore if the UW is over-producing documents as the normal course of business, then there would be no cause of action against UW under the PRA. It is a fact that documents about Ms. Dalessio were over produced – Ms. Dalessio has a theory that they were overproduced because of fear of PRA litigation for wrongfully withholding documents. Fourth, Defendants claim a sham objection that the requested documents reside in the University Claim Services claim files and databases is confidential under state law. But Defendants cites to and produces documents to nine different cases in RFP 1. It is irreconcilable for Defendant to claim documents identifying Public Records Act lawsuits brought against UW are confidential, but then to produce documents to nine different cases concerning Public Records Act lawsuits brought against UW. Fifth, there is no identification in the privilege log, which documents, if any, are withheld from this request.

**RFP 4:** No documents have been identified as responsive to this request. First, is there any basis in law or fact for this response? Second, see the first through fifth points listed above (re rfp 3). Third, defendants do not provide documents re: Conklin v. University of Washington Medicine, No. 2:18-cv-00090-RSL (W.D. Wash. 2018).

**RFP 5:** No documents have been identified as responsive to this request. First, there is no statement on what specific documents are being withheld. Second, the objections under Rule 34(b)(2)(C) states that objections must be given with specificity. There is no application of the facts this case to these objections. For example, there are speculative objections. "This may call for documents subject to attorney-client, work product, or claims investigation privileges." Third, defendants do not provide documents re: 2013 HIPAA violation, fine and settlement agreement

**RFP 6:** No documents have been identified as responsive to this request. First, is there any basis in law or fact for this response? Second, see the first and second points listed above (re rfp 5). Third, defendants do not provide documents re: 2013 HIPAA violation, fine and settlement agreement.

**RFP 7**: First, Rule 34(b)(2)(C) states that objections must be given with specificity. This objection does not have specificity. This request does have relevance to the lawsuit because it is under belief the UW spends so much time and money litigating PRA cases that it over-produces documents that should be exempt to avoid litigation. The cause of action under the Public Records Act is only for wrongfully withholding documents, pursuant RCW 42.56.550(4), therefore if the UW is over-producing documents as the normal course of business, then there would be no cause of action against UW under the PRA. It is a fact that documents about Ms. Dalessio were over produced – Ms. Dalessio has a theory that they were overproduced because of fear of PRA litigation for wrongfully withholding documents. Second, Defendants claim a sham objection that the requested documents reside in the University Claim Services claim files and databases is confidential under state law. But Defendants cites to and produces documents to nine different cases in RFP 1. It is irreconcilable for Defendant to claim documents identifying Public Records Act lawsuits brought against UW are confidential, but then to produce documents to nine different cases concerning Public Records Act lawsuits brought against UW. Three, there is no identification in the privilege log, which documents, if any, are withheld from this request. Fourth, there is no identification where in the 1,100 pages produced in RFP 1 where Mr. Gerald Rosen is mentioned.

**RFP 8**: No documents have been identified as responsive to this request. First, is there any basis in law or fact for this response? Second, see the first through third points listed above (re rfp 7).

**RFP 9**: First, this is evasive and concealing documents. Defendants provided six pages responsive to this RFP through UW0002953-UW0002959. This is not all of the documents the University of Washington has for policies and procedures for the Public Records Act. There is no document identifying all of the exemptions the University of Washington claims to the Public Records Act. Defendants provide a glossary, but do not provide any document that applies those terms and definitions to its policies and procedures. Second, attached Document Nos. 4155-4165 do not refer to other statutory references. Third, this is mislabeled as "RFP 10."

**RFP 10**: No documents have been identified as responsive to this request. First, is there any basis in law or fact for this response? Second, see the first through third points listed above (re rfp 9). Third, there is University of Washington Medicine Records Management Services that has control over all UW Medicine records, including email. https://www.uwmedicine.org/about/Documents/UW-Medicine-Records-Management-Services-101.pdf

**RFP 11**: First, this is a non-responsive answer. Documents UW004169-UW004179 date from 2012 and 2013 and fall outside the scope of the Request for Production. Second, this is an incomplete production of documents. There is no document identifying an organizational structure. There are no documents identifying positions, job descriptions for persons named in this lawsuit. Ms. Eliza Saunders job description is not within the scope of this RFP, and document identifying Ms. Saunders' job description is not her current position.

**RFP 12**: First, Rule 34(b)(2)(C) states that objections must be given with specificity. This objection does not have specificity. Second, this response does not identify if any documents are being withheld. Rule 34(b)(2)(C).

**RFP 13**: First, Rule 34(b)(2)(C) states that objections must be given with specificity. This objection does not have specificity. Second, this response does not identify if any documents are being withheld. Rule 34(b)(2)(C).

**RFP 14**: First, this response does not identify if any documents are being withheld. Rule 34(b)(2)(C). Second, this RFP requests identifying documents about "privileged inter-corporate communications." Third, the answer is non-responsive. Defendants respond by address "intra-corporate communications" but the RFP asked about "inter-corporate communications." See Dkt. 4 at 10. Fourth, this answer raises spoliation issues (destruction of evidence). The "inter-corporate communications" was first used by Defendants in its original answer in Document 4 at page 10. This RFP asks for the documents that Defendants would have relied upon in asserting that affirmative defense. Defendants are required to keep documents that would have been used in litigation. If these documents are not available now, it creates spoliation issues.

**RFP 15**: First, the document are not produced as they are kept in their normal course of business. Second, this response does not identify if any documents are being withheld. Rule 34(b)(2)(C). Third, the documents are not labeled Rule 34(b)(2)(E)(i).

Very truly yours,

Joe

Joseph Thomas
Law Office of Joseph Thomas PLLC
14625 SE. 176th ST., Apt. # N101
Renton, Washington 98058
Phone: (206) 390-8848
Website: http://JoeThomas.org

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying it or disclosing its contents to others. Thank you.

---

**From:** Tia Uy <tuy@kbmlawyers.com>
**Sent:** Friday, August 31, 2018 3:51 PM
**To:** joe@joethomas.org
**Cc:** Jayne L. Freeman <JFreeman@kbmlawyers.com>; Derek C. Chen <DChen@kbmlawyers.com>; LaHoma Walker <LWalker@kbmlawyers.com>
**Subject:** Dalessio v. University of Washington

Dear Counsel:

Please find attached in the above matter, as follows:

- Plaintiff's First Set of Discovery Requests; and Defendants' Objections and Responses Thereto;
- Plaintiff's Fist Set of Discovery Requests; and Defendants' Objections and First Supplemental Responses Thereto; and
- Defendants' Privilege Log re: Defendant UW's Responses to Plaintiff's First Interrogatories and Requests for Production.

Pursuant to our e-service agreement, no hard copy will follow unless requested.

Have a wonderful weekend.

Thank you,

*Tia Uy*
Legal Assistant

Keating Bucklin & McCormack, Inc., P.S.
801 2nd Avenue, Suite 1210
Seattle, Washington 98104
Office 206.623.8861
Fax    206.223.9423
tuy@kbmlawyers.com
www.kbmlawyers.com