**EXHIBIT L**

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

JULIE DALESSIO, an individual,

9

Plaintiff,

10

v.

11

UNIVERSITY OF WASHINGTON, a
Washington Public Corporation; Eliza Saunders,

12

Director of the Office of Public Records, in her
personal and official capacity; Alison Swenson,

13

Compliance Analyst, in her personal capacity;
Perry Tapper, Public Records Compliance Officer,

14

in his personal capacity; Andrew Palmer,
Compliance Analyst, in his personal capacity; John

15

or Jane Does 1-12, in his or her personal capacity,

16

Defendants.

No.  2:17-cv-00642-MJP

PLAINTIFF'S FIRST SET OF
DISCOVERY REQUESTS

**AND DEFENDANTS' OBJECTIONS
AND *FIRST SUPPLEMENTAL*
RESPONSES THERETO**

17

18

Comes now, Ms. Julie Dalessio, through her attorney Joseph Thomas, submits the

19

following Interrogatories and Requests for Production of Documents pursuant to Fed. R. Civil P.

20

33 and 34.

21

    **I.**  **INTERROGATORIES.** In accordance with Rule 33 of the Federal Rules of Civil

22

Procedure, you are required to answer the following interrogatories under oath within thirty (30)

23

days after you receive them.  These interrogatories are intended to discover information and/or

24

documents not only within your personal knowledge or obtainable by you, but also information in

25

possession of or obtainable by your attorneys, investigators, representatives, employees, agents,

26

27

Plaintiff's First Set of Discovery Requests
Case 2:17-cv-00642

28

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

or anyone acting on your behalf or on their behalf.

These interrogatories are continuing in nature and any information which may be discovered by you subsequent to the service and filing of your answers must be brought to the attention of Plaintiff's attorney through supplemental answers when it becomes available to you. If there are any additions, deletions, or changes in the answers or information provided at any time prior to hearing you are specifically requested to immediately inform Plaintiff's attorney. If such information is not furnished, Plaintiff's attorney at the time of the hearing will move to exclude from evidence such information requested and not furnished.

When you answer to any interrogatory is based in whole or in part upon information supplied by an individual other than one appointed by you to sign and verify the answers, please specifically so state as part of your answer to that interrogatory and give that individual's name, address, and employment or other relationship with you.

If in responding to or failing to respond to these interrogatories and requests for production you invoke or rely upon any privilege of any kind, state specifically the nature of the privilege; the basis upon which you invoke, rely upon or claim it, including any statutory or decisional reference; and identify all documents or other information, including contacts and communications which you believe to be embraced by the privilege invoked.

**II.  Request for Production of Documents.** In accordance with Rule 34 of the Federal Rules of Civil Procedure, the Defendant must provide Plaintiff's attorney a copy of the requested documents, identified by the request number, within thirty (30) days of your receipt of this request.   If a request is made for documents which are no longer in Defendants' possession, please state when such documents were most recently in the possession of the Defendant, and what disposition, if any, was made of them.  If such documents have been destroyed, please identify the person who destroyed them and the date of and reasons for their destruction.

Please provide complete answers and attach additional pages as needed.    If records are available in electronic format, then please provide the records in electronic format.

Plaintiff's First Set of Discovery Requests
Case 2:17-cv-00642

2

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

## GENERAL INSTRUCTIONS

If your answer to any interrogatory is "N/A" or "Not Applicable", describe in detail your reasons for making such a reply.

In reply to any interrogatory, do not merely state "see attached records" unless you have no additional memory of the matters referenced to in the interrogatory. If you have any additional memory of the relevant events, describe it in detail.

If records are available in electronic format, then please provide the records in electronic format.

## DEFINITIONS

For purposes of this discovery request the following abbreviations and definitions shall apply.

1.    The terms "you" and "your" mean the party to whom these interrogatories are addressed, and your attorneys, agents, employees, representatives, investigators, and any other person who is in possession of, or who has obtained information on your behalf.

2.    The term "document" means any information stored in any form; any written, recorded or graphic matter, however produced or reproduced; and copies and drafts thereof. Without limiting the foregoing, "document" includes correspondence; telegrams; memoranda; reports; notes; drafts; minutes; contracts; agreements; books; records; vouchers; invoices; diaries; logs; calendar notes; computer printouts; memory programs; information stored in any data processing or word processing system in whatever form; backup materials of any kind; card files; press clippings; newspapers or newsletters; sworn or unsworn statements or employees; lists; audits; tables of organization; deposit slips; monthly or other periodic statements; ledgers; journals; notices; affidavits; court papers; appointment books; minutes or records of conferences or telephone calls; brochures; receipts; written reports or opinions of investigators or experts; status reports; drawings; charts; photographs; negatives; or tape recordings within your possession, or subject to your control, of which you have knowledge, or to which you now have,

Plaintiff's First Set of Discovery Requests                                    3
Case 2:17-cv-00642

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

or have had access, or of which any of your agents, attorneys, accountants, or consultants have knowledge.  A comment or notation appearing on any document, not part of the original text, is to be considered as a separate "document."

3.      The term "identify" and "fully describe" mean:

a.      When referring to a natural person, state his/her full name, his/her present or last known business or home address if there is no business address.

b.      When referring to a document, state its title and date; identify the author or person who prepared it and any signatories to it; give the type of document (e.g., letter, memorandum, invoice); its present location and custodian; a summary of its contents, or principal terms and provisions; the identity of its addresses and all other persons receiving it or copies of it.   If the document so identified was, but is not any longer, in your possession, custody and control, state what disposition has been made of it.   Attach a copy of it to your response to these interrogatories.

c.      When referring to an act, transaction, event, incident, communication, conversation or occasion, fully describe the matter.  State its date and place of occurrence (or if a telephone call is involved, so state and provide the identity and location of all parties and identify the person who initiated the call); identify each person participating in or witnessing the event; describe in detail all circumstances leading up to or surrounding it; describe in detail what occurred or transpired, and what was said by whom; and, identify all documents summarizing, recording, reflecting, reporting, or containing a reference to it.

Dated this 06 day of June, 2018.


 /s/ Joseph Thomas_____

Joseph Thomas

Attorney for Plaintiff

Plaintiff's First Set of Discovery Requests       4       KEATING, BUCKLIN & MCCORMACK, INC., P.S.
Case 2:17-cv-00642                                                        ATTORNEYS AT LAW
                                                                          801 SECOND AVENUE, SUITE 1210
                                                                          SEATTLE, WASHINGTON 98104-1518
                                                                          PHONE: (206) 623-8861
                                                                          FAX: (206) 223-9423

## PRELIMINARY OBJECTIONS

Defendants object to the preambulary language and "instructions" in that they attempt to impose obligations beyond those found in the civil rules. Defendants will respond pursuant to Fed.R.Civ.P. 16, 26, 33 and 34.

## INTERROGATORIES

1. Please fully identify all persons, personnel, representatives, businesses and agencies who have examined, copied, or had access to employee records and documents pertaining to Plaintiff. In answering this Interrogatory, please include the person's job title, placement, and responsibilities in the organization. Include identification of persons who had access to Plaintiff's records as a part of their day-to-day job, and identification of the present locations and custodians of these records. The scope applies to locations and custodians both before and after the requests at issue in this lawsuit. Identify the records accessed by each of the persons, personnel, representatives, businesses and agencies.

- In identifying the documents contained in the PR 2016-00760, Defendants should refer to the file names and page numbers that have been filed in the court records, under seal, as Dkt. 38.

- In identifying the documents contained in the PR 2015-00570, Defendants should refer to the page numbers used in a specific docket filed with this Court.

This interrogatory is addressed separately to and should be answered separately by:

A. University of Washington:

B. Eliza Saunders:

C. Perry Tapper:

D. Alison Swenson:

E. Andrew Palmer:

Plaintiff's First Set of Discovery Requests
Case 2:17-cv-00642

5

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

**RESPONSE**: **OBJECTION.** This request is unduly burdensome, overbroad, not proportional to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, vague ("employee records and documents") and irrelevant to the claims in Plaintiff's Amended Complaint.

Without waiving the foregoing objections, Plaintiff's "employee records and documents" begin in 1987 when she was first hired by the University of Washington.   She left her employment with the University in 2003, fourteen years before she filed this lawsuit. During that time period, there may be any number of persons who may have "had access to" some records somehow related to Plaintiff, including Human Resources employees and Plaintiff's supervisors.

Additionally, this request has no limit as to the years Plaintiff is seeking this information for, and in fact explicitly requests the same information for new individuals who may have access to these records at any point during litigation and discovery in this lawsuit.   It would be extremely burdensome to provide this information for any person who may have accessed any information for any reason.

Further, PR 16-00760 alone is 1142 pages, and it is undisputed that the documents released in response to this request were only produced to Plaintiff herself, not to any third parties outside the University.   It is not proportional to the needs of the case (especially given Plaintiff's remaining claims based on allegations of "invasion of privacy") to determine who may have had access to each page at some point in time over the past thirty years as part of routine business practices, including when the page may not have been part of a particular "file".

Plaintiff's Dkt. No. 38 was filed with the court via computer disk, and lists each separate document as a separate .pdf as opposed to one combined document. For purposes of discovery and litigation management, the University has combined .pdfs regarding the various requests and Bates-stamped them with a numbering system UW00001-UW00XXX. Plaintiff has been provided these Bates-stamped documents and corresponding information about the documents. The references herein will be to those numbered documents.

Without waiving said objections,

Plaintiff's First Set of Discovery Requests
Case 2:17-cv-00642

6

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

A. **University of Washington**: see Defendants' Supplemental Initial Disclosures, sent to Plaintiff on May 18, 2018, including detailed descriptions of individuals who may have located or transmitted various records related to Plaintiff's employment internally and citations to the bates stamp numbers of the documents they located or forwarded to the Office of Public Records for processing.

B. **Eliza Saunders**: does not have personal knowledge of this information, and would obtain it from reviewing University documents already provided to Plaintiff.

C. **Perry Tapper**: does not have personal knowledge of this information, and would obtain it from reviewing University documents already provided to Plaintiff.

D. **Alison Swenson**: Ms. Swenson has knowledge regarding her involvement processing PR-2015-00570 (Betz request), PR-2016-00283 (Dalessio request), and PR-2016-00283 (Dalessio request):

- The documents reflecting transmittal of her requests for and receipt of responsive documents regarding PR-2015-00570 are reflected in the University documents labeled UW 2001-2031. The documents produced to Mr. Betz in response to PR-2015-00570 are labeled UW00004-392 and copies of the documents were filed as Dkt. No. 30-1, 30-2 (then re-filed as Dkt. Nos. 32, 33, 34 under seal).

- Documents responsive to PR-2015-283 and UW 779-787, filed as Dkt. No. 30-9, were located internally in the OPR. Documents responsive to PR-2016-218 (Dalessio request for copies released to Betz) are located at UW 393-778 and were located internally in the OPR. They were not filed in court.

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

E. **Andrew Palmer**: has personal knowledge regarding his processing of PR-2016-760 (Dalessio request). The documents reflecting transmittal of his requests for and receipt of responsive documents are reflected in the University documents labeled UW 2032-2401, UW 2402-2422, UW2423-2454, and UW 2455-2952.

2. Please fully identify communications, for any and all current and former employees of the University of Washington and University of Washington Medicine, any form, with any person (excluding your attorneys), regarding the matters alleged in Plaintiff's Complaint, state: (a) The identity of the person(s) with whom such communications were made; (b) What was said to the person(s) identified in subsection (a); and (c) The date and form (written or oral) of each such communications.

This interrogatory is addressed separately to and should be answered separately by:

    A. University of Washington

    B. Eliza Saunders

    C. Perry Tapper

    D. Alison Swenson

    E. Andrew Palmer

**RESPONSE**: **OBJECTION.** Defendants object to this interrogatory to the extent it calls for privileged Attorney-Client communications, Work Product, or University Claim Services claim files and databases that are confidential under state law, RCW 4.92.210(2) and (6) and RCW 43.19.781(3) which protects claim management, evaluation, and negotiation, is vague ("matters alleged in Plaintiff's Complaint") and overbroad. Plaintiff's request for "all communications" in any form by any current and former employees regarding "the matters alleged in Plaintiff's Complaint" is far outside the bounds of what is proportional to the needs of this case and extremely overbroad and unduly burdensome.

In addition to Plaintiff's broad allegations, including a breach of contract claim that refers

Plaintiff's First Set of Discovery Requests
Case 2:17-cv-00642

8

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

back to a separation agreement executed when she left her employment in 2003, Plaintiff's Complaint includes discussion of other current or former employees at the University of Washington regarding whom she has made public records requests since <u>after</u> she filed her lawsuit in 2017, none of whom have any relation to Plaintiff's claims based on release of her records prior to those dates.   Without waiving said objections, see Defendants' response to Interrogatory Number 1, and the documents and descriptions provided in Defendant's Supplemental Initial Disclosures, sent to Plaintiff on May 18, 2018.

A. **University of Washington**: See responses of individual Defendants and additional response below detailing each individual who searched for and located documents transmitted to the Office of Public Records in response to Public Records Requests for University documents related to Ms. Dalessio.

B. **Eliza Saunders**: had communications from Risk Management and the Attorney General's Office regarding Plaintiff's tort claim and lawsuit.

C. **Perry Tapper**: had a telephone call from Ms. Dalessio on or about May 20, 2016 after documents responsive to PRA-2016-00760 had been produced to Ms. Dalessio. He did not keep notes of the conversation as it was not associated with an open request. Typically, each Compliance Analyst is responsible for his or her own case file, including making exemptions and/or redactions, and production of documents to requestors. Mr. Tapper routinely speaks with Compliance Analysts in the Office of Public Records and Open Meetings regarding questions or issues that may come up regarding a Public Records Request or response. He believes he spoke with Alison Swenson regarding one of Ms. Dalessio's requests, but do not recall the exact subject matter or discussion.

D. **Alison Swenson**: had communications with University personnel as listed in the University's responses and documents related to PRA-2015-00570

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

from Mr. Betz. She consulted with her supervisor, Perry Tapper, regarding some issues related to this request as is typical with many requests. She also had communications from Risk Management regarding Plaintiff's tort claim and lawsuit.

E. **Andrew Palmer**: had communications with University personnel as listed in the University's responses regarding PRA-2016-00760 from Ms. Dalessio. He produced responsive records to Ms. Dalessio. He also had communications from Risk Management regarding Plaintiff's tort claim and lawsuit.

Additionally, the following individuals have had contact with Ms. Dalessio:

- Rob Kosin, AAG: telephone call with Ms. Dalessio on October 18, 2016 (AAG Kosin prepared a memo regarding the call that is protected from disclosure by attorney-client privilege).

- Perry Tapper: telephone call with Ms. Dalessio on or about May 20, 2016 (there are no records regarding this phone call)

- Shari Spung, Risk Management: received and issued correspondence and emails regarding Plaintiff's tort claim. See, document Nos. UW1981-1988 (already produced by the University to Plaintiff).

- Ms. Dalessio may have had telephone conversations with other staff at the University, but the University has not been able to locate other documents reflecting or documenting such calls.

3. Please identify all person or persons who made redactions, and which pages those persons or persons redacted for request PR 2015-00570.

This interrogatory is addressed separately to and should be answered separately by:

A. University of Washington: see response below.

B. Eliza Saunders: None.

Plaintiff's First Set of Discovery Requests
Case 2:17-cv-00642
10
KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

C. Perry Tapper: None.

D. Alison Swenson: See response below.

E. Andrew Palmer: None.

**RESPONSE**: Objection, this request is overly broad and unduly burdensome. The documents speak for themselves.

Alison Swenson made all redactions to PR 2015-00570 that are identified on the PR 2015-00570 response provided to Plaintiff earlier in this litigation. See UW 000009-UW 000378, produced to Plaintiff on or around June 1, 2017. The same documents appear in Dkt. #33, 32, 34 (under seal).

Additional redactions were made (upon belief and review by counsel) to Dkt. 33, pp. 9-10, 47 and Dkt. 34, pp. 16, 19, 20, 162, 165 by defense counsel in the course of litigation, per agreement of the parties, in an effort to avoid re-disclosure of Plaintiff's Social Security Number (SSN) in locations where the redactions were previously inadvertently overlooked. Defense counsel also made redactions in compliance with the court rules and additional redactions that were not required but could be mistaken as Plaintiff's social security number. The specific redactions by defense counsel were made for the following reasons:

- Dkt. 33
  - Pgs. 9-10: Date of Birth redacted pursuant to FRCP 5.2.
  - Pg. 47: SSN (redaction inadvertently missed by university staff during processing of public records request-subject of plaintiff's claims)
- Dkt. 34
  - Pgs. 16, 19, 20: Plaintiff's EID in a "SSN" designated area. This was redacted by defense counsel to avoid confusion.
  - Pg. 162: SSN (redaction inadvertently missed by university staff during processing of public records request-subject of plaintiff's claims)
  - Pg. 165: Date of Birth redacted pursuant to FRCP 5.2.

This response may be supplemented.

Plaintiff's First Set of Discovery Requests
Case 2:17-cv-00642

11

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

4. Please identify with specificity the location of each of the documents produced in PR 2015-00570 and PR 2016-00760. The specificity of the location should include: the department, the building, whether the location was secure (if so, how was it secure). This interrogatory is addressed separately to and should be answered separately by:

        A.     University of Washington:

        B.     Eliza Saunders:

        C.     Perry Tapper:

        D.     Alison Swenson:

        E.     Andrew Palmer:

**RESPONSE**: **OBJECTION.** This request is unduly burdensome; overbroad; not proportional to the needs of the case; not reasonably calculated to lead to the discovery of admissible evidence; irrelevant. Without waiving said objections, see Defendant's Supplemental Initial Disclosures, sent to Plaintiff on May 18, 2018 for citations to documents and descriptions of who located and/or found the documents and where they were located when collected for transmittal to the Office of Public Records.

A.     University of Washington: Please see response below.

B.     Eliza Saunders: does not have personal knowledge of this information; she would have to review and research the same documents produced by the University to Plaintiff. She does not have personal knowledge of the security of various buildings other than the Office of Public Records and Open Meetings, which is located behind doors that remain locked at all times.

C.     Perry Tapper: does not have personal knowledge of this information; he would have to review and research the same documents produced by the University to Plaintiff. He does not have personal knowledge of the security of various buildings other than the Office of Public Records and Open Meetings, which is located behind doors that remain locked at all times.

D.     Alison Swenson: Copies of the documents produced in response to PR-2015-00570 were transmitted to the Office of Public Records and were located there while she

Plaintiff's First Set of Discovery Requests      12      KEATING, BUCKLIN & McCORMACK, INC., P.S.
Case 2:17-cv-00642                   ATTORNEYS AT LAW
                                        801 SECOND AVENUE, SUITE 1210
                                        SEATTLE, WASHINGTON 98104-1518
                                        PHONE: (206) 623-8861
                                        FAX: (206) 223-9423

processed them for release. The locations of where the documents were located then transmitted to her are reflected in the transmittal documents found at UW2001-2031. She does not have personal knowledge of the security of various buildings other than the Office of Public Records and Open Meetings, which is located behind doors that remain locked at all times.

E.     Andrew Palmer: Copies of the documents produced in response to PR-206-00760 were transmitted to the Office of Public Records and were located there while he processed them for release. The locations of where the documents were located then transmitted to him are reflected in the transmittal documents found at UW2032-2401. He does not have personal knowledge of the security of various buildings other than the Office of Public Records and Open Meetings, which is located behind doors that remain locked at all times.

Upon information and belief, Ms. Dalessio's Human Resources Personnel File has been maintained in the central campus Human Resources Office since she left the University. This is a secure facility.

The Department of Laboratory Medicine consists of approximately 900 employees and operates at several locations around Seattle. Employee Department files are typically maintained at the Harborview location after separation. This is a secure facility and few employees have access to these files that are maintained in a locked room before they are sent for long-term storage at the Records Management System. The Department of Virology, where Ms. Dalessio and Dr. Rhoda Morrow Ashley worked is located at Children's Hospital in Northeast Seattle (Sand Point Way). Ms. Dalessio's Department of Laboratory Medicine file has been maintained off-site in the Records Management System warehouse since 2005. This a secure facility located on the grounds of Magnuson Park in Northeast Seattle. Records Management System staff does not access files and records inside the boxes they are stored in. The boxes can only be checked out from the Records Management System with authorization of a designated Records Coordinator or Records Authority.

Plaintiff's First Set of Discovery Requests
Case 2:17-cv-00642

13

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

Copies of various records related to Ms. Dalessio appear to have been transmitted and stored electronically by the following individuals as part of the research, collection, and production process required under RCW 42.56, Washington's Public Records Act:

**Jeanie Miele**, former UW Medicine Compliance Analyst: records reflect that Ms. Miele received a request to locate records responsive to PR-2015-00570 sent by Alison Swenson, Office of Public Records, on September 16, 2015. Ms. Miele searched for a departmental representative who may be able to locate a Lab Medicine department file for Plaintiff. On September 17, 2015, Karen Holloway reported to Ms. Miele that she submitted the request to a Program Coordinator (presumably Matt Maria) so the records could be retrieved from storage in the Records Management System warehouse. On September 25, 2015, Ms. Miele received an email and attached a "Julie Dalessio file" via email from Karen Holloway and forwarded the records to the Office of Public Records on September 25, 2015 and again on October 8, 2015. See, UW002003, UW002455-UW002952.

**Karen Holloway**, former Associate Administrator, Dept. Laboratory Medicine: University records reflect on September 17, 2015, Karen Holloway reported to Jeane Miele that she submitted the request to a Program Coordinator (presumably Matt Maria) so the records could be retrieved from storage Records Management Services, an off-site storage facility. On September 25, 2015, Ms. Miele received an email and attached a "Julie Dalessio file" via email from Karen Holloway and forwarded the records to the public records office on September 25, 2015 and again on October 8, 2015. See, UW002003, UW002455-UW002952.

University records reflect Ms. Holloway requested Plaintiff's department file be retrieved from Records Management Services again in December 2016 in response to Ms. Dalessio's PR-2016-760 request and subsequently forwarded a copy of Plaintiff's department file to Lauren

Plaintiff's First Set of Discovery Requests
Case 2:17-cv-00642

14

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

Fischer on December 12, 2016. The documents were forwarded to Amy Robles, who uploaded them to the public records office. See, UW002032-002401. Records reflect Ms. Holloway then located one more set of documents related to Plaintiff when she was clearing out her own office the last time upon retirement; she forwarded the documents to Amy Robles, Mr. Durant, and Ms. Fischer on December 16, 2016, and they were uploaded to the office of public records. UW00265-UW002299.

**Matt Maria,** former Program Coordinator, Lab Medicine: Records reflect former employee Matt Maria requested a box from Records Management Services warehouse (#43135) on or about September 21-22, 2015 that contained Plaintiff's department file from Laboratory Medicine in response to PRR-2015-00570. The box was returned to the warehouse on or about October 18, 2016. Records Management Services records reflect box #43135 contained "Personnel Records Terms, A-F, Year 2003". UW002966- UW002995.

Records reflect Mr. Maria again requested box #43135 from the Records Management Services warehouse (#43135) on or about December 5, 2016, that the box was checked out of Records Management Services on December 12, 2016 for delivery and returned to the Records Management warehouse December 15, 2016. UW002966- UW002995.

Records reflect that Mr. Maria may have originally sent the department files located in box #3 ("personnel records Terms A-F 2003") from the Lab Medicine Department (Harborview locations) to Records Management Services for off-site storage in 2005. UW002960-UW002964.

**Amy Robles,** UW Medicine Compliance Analyst, uploaded records responsive to PR-2016-00760 (Dalessio) to the public records office on or about December 22, 2016 in response to a request from public records analyst Andrew Palmer.UW002395-UW002399.

Records reflect Ms. Robles received additional records that Karen. Holloway located

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

when she was clearing out her office the last time upon retirement and forwarded on December 16, 2016. UW00265-UW002299.  These were not documents maintained in Plaintiff's official HR Personnel or Laboratory Medicine Department file.

Ms. Robles uploaded a second installment of records responsive to PR-2016-00760 on or about January 6, 2017 to the public records office. See, UW002421-UW002422. Records reflect Ms. Robles obtained authorization for public records to request a snapshot of Rhoda Ashley Morrow's email account. UW002409-UW002414.

**Cheryl Manekia**, Program Operations Specialist, reported to public records Analyst Alison Swenson on April 25, 2016 that she searched and located no records of employment verification requests for Julie Dalessio or records responsive to PRR-16-00283. In September of 2015, Ms. Manakia searched for and forwarded records responsive to PRR-2015-00570 from the payroll office to Ms. Swenson in the public records office. UW000392, UW001992-UW001994.

**Odessa Visitacion,** Human Resources Specialist provided a certification on April 27, 2016 that she searched but located no records responsive to Public Records Request 16-00283 in the Medical Centers Human Resources Department files.  UW001995.

**Paola Quinones, former Human Resources Specialist**: On October 9, 2015, Ms. Quinones forwarded records responsive to PRR-2015-570 from Campus Human Resources to Ms. Swenson in the public records office. On October 14, 2015, Ms. Quinones forwarded documents responsive PRR-2015-570 located in the Benefits Office to Ms. Swenson in Public Records. On October 21, 2015, Ms. Quinones forwarded a document received from the Disability Services Office (DSO) office responsive PRR-2015-570 to Ms. Swenson in public records. See, UW002001-UW002011.

Plaintiff's First Set of Discovery Requests
Case 2:17-cv-00642

16

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

On December 6, 2016, Ms. Quinones forwarded records responsive to PR-2016-00760 to public records analyst Andrew Palmer. On December 20, 2016, Ms. Quinones reported to Mr. Palmer that DSO did not have documents responsive to the request. UW002415-UW002420.

On April 27, 2017, Ms. Quinones reported to public records staff that the Campus Human Resources Office did not locate any records responsive to PRR-16-00283. UW001996-UW001998.

**Ana Marie Keeney**, Human Resources Consultant located copies of notice of charge and from the Washington State Human Rights Commission (WSHRC) sent to UW Human Resources in 2016 regarding Plaintiff's complaints WSHRC #17EZ-0220-16-7/EEOC #38G-2017-00020 and the Commission's final action finding no jurisdiction and related documents sent in 2016-2017. UW002966-UW00304.

5. Please identify any and all persons who had access to each of the locations identified in Interrogatory number four (4). This should include current and former employees, current and former contract workers, members of the public, or students of the University of Washington or University of Washington Medicine.

This interrogatory is addressed separately to and should be answered separately by:

       A. University of Washington

       B. Eliza Saunders

       C. Perry Tapper

       D. Alison Swenson

       E. Andrew Palmer

**RESPONSE**:  **OBJECTION.**  This request is unduly burdensome, overbroad, not proportional to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, and vague ("locations").  However, the physical location requested in Interrogatory Number 4 was a "department" or "building."  Even if this was narrowed to simply the room the file was kept

Plaintiff's First Set of Discovery Requests      17
Case 2:17-cv-00642

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

in, it would still be inordinately disproportionate to the needs of the case to have Defendants somehow track down each person who may have "had access to" each of the locations at any point in the past 15-30 years.

6.  Please fully identify the person or persons who redacted the document and stamped the document with the statutory exemptions, in Dkt. 30-2, page 131. To help identify the document in question, it is on a "Children's Hospital & Medical Center" letterhead. The document is written by Rhoda L. Ashley, PHD.

This interrogatory is addressed separately to and should be answered separately by:

      A. University of Washington

      B. Eliza Saunders

      C. Perry Tapper

      D. Alison Swenson

      E. Andrew Palmer

**RESPONSE**:

      A. University of Washington: Alison Swenson made the redactions on the documents produced in response to PR-2015-00570 (the Betz request), copies of which were filed by the University's attorneys in this lawsuit as Exhibit A (part 2) (Dkt. 30-2) to my August 21, 2017 declaration, Dkt. 30.

      B. Eliza Saunders: does not have personal knowledge of this.

      C. Perry Tapper: does not have personal knowledge of this; however, Alison Swenson processed PR-2015-00570 and she would have been responsible for redacting the documents.

      D. Alison Swenson: made the redactions on the documents produced in response to PR-2015-00570 (the Betz request), copies of which were filed by the University's attorneys in this lawsuit as Exhibit A (part 2) (Dkt. 30-2) to my August 21, 2017 declaration, Dkt. 30, and re-filed under seal at

Plaintiff's First Set of Discovery Requests
Case 2:17-cv-00642

18

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-0423

Dkt. Nos. 32, 33, and 34.

E.  Andrew Palmer: does not have personal knowledge of this.

## REQUESTS FOR PRODUCTION

1.  Please produce all documents identifying Public Records Act lawsuits brought against the University of Washington or any sub-agency of the University of Washington pursuant to RCW 42.56.010(1) from January 01, 2003 to June 04, 2018.

**RESPONSE**:  **OBJECTION.**  This request is overbroad, not proportional to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, and irrelevant, and seeks documents and information protected by attorney/client and/or work product doctrines. Plaintiff does not have any PRA claims remaining in this lawsuit, and therefore this request has no relevance to Plaintiff's claims and is not likely to lead to the discovery of admissible evidence, nor do any of the lawsuits listed below involve the claims that Plaintiff is pursuing in this matter. Further, documents and information contained in the University Claim Services claim files and databases is confidential under state law, RCW 4.92.210(2) and (6) and RCW 43.19.781(3) which protects claim management, evaluation, and negotiation.

Without waiving said objection, the following lawsuits have been filed against the University of Washington containing claims based on RCW 42.56:

- *Rachel Peebles v. University of Washington* (2016) (alleged failure to produce records sought under PRA, RCW 42.56) (settled before trial in 2016)(see attached)
- *C. Chambers v. University of Washington* (2016) (alleged delay in producing records sought under PRA, RCW 42.56) (settled before trial in 2016)(see attached)
- *Seattle Times v. University of Washington* (2015) (alleged failure to produce records in effort to comply with HIPAA) (settled following ruling on Summary Judgement in 2017)(see attached)
- *Dalessio v. University of Washington* (2017) (alleged disclosure of private information in responding to PRA request pursuant to RCW 42.56) (Amended Complaint in 2018

Plaintiff's First Set of Discovery Requests
Case 2:17-cv-00642

19

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

dropped claims based on PRA, RCW 42.56)

- *Bart Kahr v. University of Washington* (2017) (alleged delay and failure to produce records sought under PRA, RCW 42.56)(see attached)

- *Jane Does 1-10 v. University of Washington* (2016) (injunction sought seeking to preclude production of records sought under PRA, RCW42.56; cross-claim for PRA violations against UW brought by defendant David Daleiden in spring 2018) (2016 preliminary injunction reversed and remanded by the Ninth Circuit, 695 Fed. Appx. 265 (8-14-17); on remand, preliminary injunction granted in 2017 and clarified by court order March 8, 2018, appeal of preliminary injunction currently pending in the Ninth Circuit (see attached)

- *Civil Rights Justice Center, PLLC v. University of Washington* (2016) (alleged delay and failure to produce records sought under PRA, RCW 42.56) (dismissed with prejudice in 2017)(see attached)

- *Alice Cabuhat v. University of Washington* (2017) (Amended employment discrimination Complaint that contained a claim for alleged failure to produce records sought under PRA, RCW 42.56) (settled 2017)(see attached)

- *Isabelle Bichindaritz v. University of Washington* (2012) (employment lawsuit that contained a claim for alleged failure to produce/over-redaction of records sought under PRA, RCW 42.56), judgment against the University of Washington reversed by Div. I Court of Appeals, 185 Wn. App. 1055, 2105 WL 677209. Companion claim denied 616 Fed. Appx. 317 (9th Cir. 2015) (see attached)

See attached Document Nos. UW3005-4154. Defendant University of Washington requests Plaintiff narrow this request to seeking documents that are related and proportional to the needs of discovery related the claims Plaintiff is pursuing. This response may be supplemented as necessary.

**SUPPLEMENTAL RESPONSE**: Without waiving the objections set out in the original response, the following additional lawsuits have been filed against the University of Washington

Plaintiff's First Set of Discovery Requests
Case 2:17-cv-00642

20

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

containing claims based on RCW 42.56:

- *Phil Tiegs v. University of Washington* (2004) KCSC Case No. 04-2-04775-7

- *Jerrold Kaplan v. University of Washington et al.* (2004) KCSC Case No. 04-2-09755-0

- *Tacoma News, Inc. v. University of Washington* (2004) (alleged failure to produce records sought under PRA) KCSC Case No 04-2-12042-0

- *Duane Storti v. University of Washington* (2004) KCSC Case No. 04-2-16973-9

- *Orchard-Rite Limited, Inc. v. State of Washington* (2005) Yakima County Superior Court Case No. 05-2-00514-8

- *Hock Guan Goh v. University of Washington* (2007) (employment action with PRA violation claim) (settled before trial) KCSC Case No. 07-2-14043-3

- *Jonathan Bander v. State of Washington, Harborview Medical Center, et al* (2009) (alleged PRA withholdings (stipulated dismissal of UW/Harborview)) KCSC Case No. 09-2-18643-0

- *William Clark v. University of Washington* (2010) (alleging PRA withholding violations) (stipulated dismissal prior to trial) KCSC Case No. 10-2-02697-5 SEA

- *Jane Roe v. University of Washington* (2012) (alleging PRA violations) KCSC Case No. 12-2-16787-7

Defendant University of Washington requests Plaintiff narrow this request to seeking documents that are related and proportional to the needs of discovery related to the claims Plaintiff is pursuing. This response may be supplemented as necessary.

2. Please produce all documents identifying Public Records Act lawsuits brought against the University of Washington Medicine or any sub-agency of the University of Washington Medicine pursuant to RCW 42.56.010(1).

**RESPONSE**: See, response to Plaintiff's RFP No. 1. "UW Medicine" is a brand name and is not an employing organization separate from the University of Washington. All named Defendant-

Plaintiff's First Set of Discovery Requests
Case 2:17-cv-00642

21

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

employees and identified witnesses are or were at relative times employed by the University of Washington, regardless of whether their positions were associated with the "UW Medicine" identifier.

3. Please produce all documents identifying judgments or settlements against the University of Washington or any sub-agency of the University of Washington violations of the right to inspect and copy, RCW 42.56.550(1), or violations of the reasonable estimate, RCW 42.56.550(2) under the Public Records Act from January 01, 2003 to June 04, 2018.

**RESPONSE**: **OBJECTION.** This request is overbroad, not proportional to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, and irrelevant, and seeks documents and information protected by attorney/client and/or work product doctrines. Plaintiff does not have any PRA claims remaining in this lawsuit, and therefore this request has no relevance to Plaintiff's claims and is not likely to lead to the discovery of admissible evidence, nor do any of the lawsuits listed involve the claims that Plaintiff is pursuing in this matter. Further, documents and information contained in the University Claim Services claim files and databases is confidential under state law, RCW 4.92.210(2) and (6) and RCW 43.19.781(3) which protects claim management, evaluation, and negotiation.

Without waiving the foregoing objection, see documents produced in response to RFP No. 1 to the extent any may be responsive to this RFP.

Defendant University of Washington requests Plaintiff narrow this request to seeking documents that are related and proportional to the needs of discovery related the claims Plaintiff is pursuing. This response may be supplemented as necessary.

4. Please produce all documents identifying judgments or settlements against the University of Washington Medicine or any sub-agency of the University of Washington Medicine arising out of violations of the right to inspect and copy, RCW 42.56.550(1), or violations of the reasonable estimate, RCW 42.56.550(2) under the

Plaintiff's First Set of Discovery Requests
Case 2:17-cv-00642

22

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

Public Records Act from January 01, 2003 to June 04, 2018.

**RESPONSE**: See, response to Plaintiff's RFP No. 3. "UW Medicine" is a brand name and is not an employing organization separate from the University of Washington. All named Defendant-employees and identified witnesses are or were at relative times employed by the University of Washington, regardless of whether their positions were associated with the "UW Medicine" identifier.

     5.   Please produce all documents identifying violations by the University of Washington or any sub-agency of the University of Washington concerning the Health Insurance Portability and Accountability Act (HIPAA) from January 01, 2003 to June 04, 2018.

**RESPONSE**: **OBJECTION.** This request is overbroad, not proportional to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, irrelevant, and vague ("violations by the University of Washington or any sub-agency of the University of Washington concerning the Health Insurance Portability and Accountability Act."). It also may call for documents subject to attorney-client, work product, or claims investigation privileges. Without waiving said objections, this response may be supplemented.

     6.   Please produce all documents identifying violations by the University of Washington Medicine or any sub-agency of the University of Washington Medicine concerning the Health Insurance Portability and Accountability Act (HIPAA) from January 01, 2003 to June 04, 2018.

**RESPONSE**: See, response to Plaintiff's RFP No. 5. "UW Medicine" is a brand name and is not an employing organization separate from the University of Washington. All named Defendant-employees and identified witnesses are or were at relative times employed by the University of Washington, regardless of whether their positions were associated with the "UW Medicine" identifier.

Plaintiff's First Set of Discovery Requests    23    KEATING, BUCKLIN & McCORMACK, INC., P.S.
Case 2:17-cv-00642    ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

7.  Please produce all documents identifying complaints of any exempt information wrongfully produced under the Public Records Act by the University of Washington or any sub-agency of the University of Washington pursuant to RCW 42.56.010(1) from January 01, 2003 to June 04, 2018.

**RESPONSE**:  **OBJECTION.**  This request is overbroad, not proportional to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, irrelevant, and vague, and may seek documents and information protected by attorney/client, work product doctrines.  Plaintiff does not have any PRA claims remaining in this lawsuit, and therefore this request has no relevance to Plaintiff's claims and is not likely to lead to the discovery of admissible evidence, nor do any of the lawsuits listed below involve the claims that Plaintiff is pursuing in this matter.  Further, documents and information contained in the University Claim Services claim files and databases is confidential under state law, RCW 4.92.210(2) and (6) and RCW 43.19.781(3) which protects claim management, evaluation, and negotiation.

Without waiving said objections, and upon information and belief:

*   Julie Dalessio, 2016 tort claim (followed by this lawsuit)
*   Gerald Rosen (2013), in course of employment dispute, faculty-member raised complaint that some emails in his UW email account were private and not subject to PRA disclosure (employment matter & all complaints settled-no lawsuit filed)(see documents produced in response to RFP No. 1).

This response may be supplemented as necessary.

8.  Please produce all documents identifying complaints of any exempt information wrongfully produced under the Public Records Act by the University of Washington Medicine or any sub-agency of the University of Washington Medicine pursuant to RCW 42.56.010(1) from January 01, 2003 to June 04, 2018.

**RESPONSE:**  See, response to Plaintiff's RFP No. 7. "UW Medicine" is a brand name and is not

Plaintiff's First Set of Discovery Requests
Case 2:17-cv-00642

24

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

an employing organization separate from the University of Washington. All named Defendant-employees and identified witnesses are or were at relative times employed by the University of Washington, regardless of whether their positions were associated with the "UW Medicine" identifier.

9. Please produce all documents identifying Public Records Act policies, procedures, training manuals of the University of Washington or any sub-agency of the University of Washington pursuant to RCW 42.56.010(1) from January 01, 2003 to June 04, 2018.

**RESPONSE:**        Objection, this request is vague and overbroad. Without waiving these objections, The Office of Public records relies on RCW 42.56, WAC 478-276 and documents bates-stamped UW0002953-UW0002959 (glossary of excerpts from RCW 42. 56) as a guiding source for policies, procedures and training. If necessary, the Office also may research or refer to additional statutory references as needed. See also, attached Document Nos. 4155-4165.  This response may be supplemented as necessary.

**SUPPLEMENTAL RESPONSE:** Without waiving the above-listed objections, see documents bates-stamped UW004462-UW004467.


10. Please produce all documents identifying Public Records Act policies, procedures, training manuals of the University of Washington Medicine or any sub-agency of the University of Washington Medicine pursuant to RCW 42.56.010(1) from January 01, 2003 to June 04, 2018.

**RESPONSE:** Please see response to Plaintiff's RFP No. 9. "UW Medicine" is a brand name and is not an employing organization separate from the University of Washington. All named Defendant-employees and identified witnesses are or were at relative times employed by the University of Washington, regardless of whether their positions were associated with the "UW Medicine" identifier.

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

11. Please produce all documents identifying positions and the job description (responsibilities) for persons employed by the University of Washington Office of Public Records and Open Meetings from January 01, 2014 to June 04, 2018.

**RESPONSE:**   Please see attached job descriptions for the positions of Compliance Analysts, Compliance Officer, and Director of the Office of Public Records and Open Public Meetings, Document Nos. UW4166-4180.

12. Please produce all documents identifying positions and the job description (responsibilities) for persons identified in Plaintiff's Initial Disclosures as employees of the University of Washington who are likely to have information pertaining to Plaintiff's claims.

**RESPONSE:   OBJECTION.**   This request is overbroad, not proportional to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, irrelevant, and vague.  Without waiving said objections, this response may be supplemented.

13. Please produce all documents identifying positions and the job description (responsibilities) for persons identified in Plaintiff's Initial Disclosures as employees of the University of Washington Medicine who are likely to have information pertaining to Plaintiff's claims.

**RESPONSE:**   Please see response and objections to Plaintiff's Request for Production Number 12.

14. Identify any conduct or documents pertaining to Plaintiff that you assert are privileged inter-corporate communications and which documents are "sequestered" by the UW.

**RESPONSE:   OBJECTION.**   Defendant objects to this request to the extent it calls for privileged Attorney-Client communications and/or work Product and claims investigation

Plaintiff's First Set of Discovery Requests
Case 2:17-cv-00642

26

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

privileged information, is overbroad, is not proportional to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, and vague ("sequestered" and "conduct"), and calls for a legal conclusion.

Without waiving the foregoing objection, intra-corporate communications among University staff are privileged in that they do not constitute information that is communicated or "published" to a third party, and therefore preclude claims that include "publication" or communication to a third party as an element of the claim.

The University has been unable to locate with specificity documents that remain currently "sequestered" from Plaintiff's "official Personnel Department file and Department of Laboratory Medicine Files" in 2018, if this is what this request is seeking. The University located a Lab Medicine Department file which has been stored in the off-site Records Management System since 2005, and an official Personnel File which was located in central campus Human Resources. It is possible any such "sequestered" documents have since been purged or destroyed in the interim 15 years since the 2003 separation agreement between UW and Plaintiff.

15. Please Produce all Request Summary Reports and "Exemption Logs," "Officer Reports" ("AccessPro Redaction" lists of documents withheld), inventories of wholly exempt items, or other documents pertaining to the following Public Records:

- PR 2015-00570
- PR 2016-00218
- PR 2016-00283
- PR 2016-00760
- PR 2017-00328, Julie Dalessio
- PR 2017-00357, KURT Diem
- PR 2017-00358, Gregory Pepper
- PR 2017-00359, Ten employees, clients of Disability Services Office
- PR 2017-00821, Office of Scholarly Integrity re: Rhoda Ashley

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

- PR 2017-00822, Willa Lee, Corazon DeLarosa, Gail Mueller, Rosemary Obrigewitch
- PR 2017-00803, re: PR 2017-00745
- PR 2017-00836, re: PR 2017-00745
- PR 2017-00738, Settlement Agreements
- PR 2017-00737, UW Internal Audit

**RESPONSE:**  Please see attached document Nos. UW4181-4451.

DATED this 6th day of August 2018.

KEATING, BUCKLIN & McCORMACK, P.S.

*Jayne L. Freeman*
Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for Defendants

801 Second Ave., Ste. 1210
Seattle, WA 98104
T. (206) 623-8861
E-mail:  JFreeman@kbmlawyers.com

Plaintiff's First Set of Discovery Requests
Case 2:17-cv-00642

28

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

## DECLARATION OF SERVICE

1    I declare under penalty of perjury under the laws of the State of Washington that on

2  August 6, 2018, a true and correct copy of the foregoing was served upon the parties listed below

3  via the method indicated:

4    **Attorneys for Plaintiff**

5  Mr. Joseph Thomas
   14625 SE 176th Street, Apt. N-101
6  Renton, WA 98058-8994
   Telephone: (206) 390-8848
7  Email: joe@joethomas.org

8  ☑ E-mail    ☑ United States Mail    ☐ Legal Messenger

9

10   DATED this 6th day of August, 2018, at Seattle, Washington.

11

12                                   /s/ LaHoma Walker
                                     LaHoma Walker, Legal Assistant

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff's First Set of Discovery Requests                    1                    KEATING, BUCKLIN & McCORMACK, INC., P.S.
Case 2:17-cv-00642                                                                          ATTORNEYS AT LAW
                                                                                     801 SECOND AVENUE, SUITE 1210
                                                                                     SEATTLE, WASHINGTON 98104-1518
                                                                                         PHONE: (206) 623-8861
                                                                                           FAX: (206) 223-9423

1

2   I, Eliza A. Saunders, certify, on behalf of Defendant University of Washington, that I

3 have read the foregoing *Plaintiff's First Set of Discovery Requests and Defendants'*

4 *Objections and First Supplemental Responses Thereto* discovery requests and responses, and

5 that the foregoing is true and correct to the best of my knowledge.

6

7   Dated:  August 30, 2018

8

9            Eliza A. Saunders

10           Director, Office of Public Records and Open
            Public Meetings

11           Defendant University of Washington

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-8423

2:17-cv-00642-MJP
1010-00051

1

## DECLARATION OF SERVICE

2   I declare that on August 31, 2018, I caused a true and correct copy of the foregoing

3   document to be served on the party listed below *via email*.

4   **Attorney for Plaintiff**
    Mr. Joseph Thomas
5   14625 S.E. 176th St., Apt. N-101
    Renton, WA 98058-8994
6   (206)390-8848
7   joe@joethomas.org

8

9   DATED:  August 31, 2018

10

11                          */s/ Tia Uy*
                            _____
                            Tia Uy, Legal Assistant
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Plaintiff's First Set of Discovery Requests

2:17-cv-00642 TSZ

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

The Honorable Marsh J. Pechman

UNITED STATES DISTRICT COURT OF WASHINGTON
AT WESTERN DISTRICT SEATTLE

JULIE DALESSIO, an individual,

              Plaintiff,

v.

UNIVERSITY OF WASHINGTON, et. al.

              Defendants.

No. 2:17-cv-00642 MJP

DEFENDANTS' PRIVILEGE LOG RE: DEFENDANT UW'S RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION

COME NOW DEFENDANTS, by and through counsel of record Special Assistant Attorney General Jayne L. Freeman and identify the following documents not produced in response to Plaintiff's first discovery requests pursuant to the following objections:

| | No. of Pages | Date | Parties | Description | Privilege/ Objection |
|---|---|---|---|---|---|
| 1 | 20 pp | 1-23-17 | Kelly Harmon, AAG | Legal Research | Attorney/client & Work Product |
| 2 | 2 pp | 10-17-16 | Gabriel Lungstom, Office Asst., AG Rob Kosin, AAG Michelle Doiron, AAG | Emails re call from Dalessio, Julie | Attorney/client |
| | | 10-18-16 | Rob Kosin, AAG Eliza Saunders Nancy Garland, AAG | | |

DEFENDANTS' PRIVILEGE LOG
2:17-cv-00642 TSZ
1010-00051/378230

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

| | | | | | |
|---|---|---|---|---|---|
| 3 | | 1-11-17<br>1-13-17 | Shari Spung, Risk Management/claims<br>Rob Kosin, AAG<br>Kelly Harmon, AAG | Email string re: Dalessio | Attorney/client<br>Claims investigation privilege, RCW 4.92.210(2) |
| 4 | 3 pp | 4-13-17 | Kelly Harmon, AAG<br>Michelle Doiron, AAG | Email re: Dalessio (and containing above email string) | Attorney/client<br>Work Product |
| 5 | 3 pp | 2-2-17 | Kelly Harmon, AAG | Notes re: phone call with Shari Spung re: legal advice | Attorney/client<br>Work Product |
| 6 | | 1-23-17 | Kelly Harmon, AAG | Legal research | Attorney work product |
| 7 | 4 pp | 2003 | Jeff Davis, former AAG | Unsigned copies of 2003 separation agreement & stipulation & order of dismissal of Personnel Appeals Board | Attorney work product |
| 8 | 2 pp | undated | Shari Spung, Risk Management/claims | Notes to file re PRA analysis | Claims investigation privilege, RCW 4.92.210(2) |
| 9 | 21 pp | 11-10-16-4-10-17 | Shari Spung, Risk Management/Claims | Notes re: Dalessio | Claims investigation privilege, RCW 4.92.210(2)<br>Attorney/client |
| 10 | 4 pp | undated | Shari Spung, Risk Management/claims | Copies of tort claim & lawsuit with risk management/claims investigation notes | Claims investigation privilege, RCW 4.92.210(2) |
| 11 | 1p | 2/14-2/15/17 | Shari Spung, Risk Management/claims<br>Andrew Palmer, OPR | Email strings re: Dalessio records request PR-2016-00760 and 10-21-16 tort claim by Dalessio | Claims investigation privilege, RCW 4.92.210(2) |

KEATING, BUCKLIN & McCORMACK, INC., P.S.<br>ATTORNEYS AT LAW<br>800 FIFTH AVENUE, SUITE 4141<br>SEATTLE, WASHINGTON 98104-3175<br>PHONE: (206) 623-8861<br>FAX: (206) 223-9423

| | | | | | |
|---|---|---|---|---|---|
| 12 | 1 pp | 10-21-16 | Thalita Baccarin, former Program Coordinator, Claim Services (on behalf of Shari Spung, Risk Management Claims) Kathleen Burns | Email strings re: Dalessio records request PR-2016-00760 and 10-21-16 tort claim by Dalessio | Claims investigation privilege, RCW4.92.210(2) |
| 13 | 2 pp | 11/10/16-4/10/17 | Shari Spung, Risk Management/claims | Risk Management/Claims notes | Claims investigation privilege, RCW 4.92.210(2) |
| 14 | 4 pp | 10/31/16 | Karin Nyrop, AAG Shari Spung, Risk Management/claims | Email re tort claim | Attorney/client Claims investigation privilege, RCW 4.92.210(2) |
| 15 | 5 pp | 10/31-11/1/16 | Shari Spung, Risk Management/claims Elizabeth Cherry, Risk Management/Claims | Email re tort claim source of funds | Claims investigation privilege, RCW 4.92.210(2) |
| 16 | 2 pp | 10/25/16 | Claims Departmental Account Shari Spung, Risk Management/claims | Notice of claim closure | Claims investigation privilege, RCW 4.92.210(2) |
| 17 | 4 pp | 11/29/16 | Shari Spung, RM/claims Eliza Saunders Perry Tapper Alison Swenson Nancy Garland, AAG Rob Kosin, AAG Norm Arkans, former Public Information Officer | Exec notification re new tort claim-confidential claims communication | Claims investigation privilege, RCW 4.92.210(2) Attorney/client |
| 18 | 4 pp | 11-29-16 | Shari Spung, Risk Management/claims Kathleen Burns | New claim notification-confidential claims communication | Claims investigation privilege, RCW 4.92.210(2) Attorney/client |
| 19 | 2 pp | 11-29-16 12/11/16 12/4/16 | Shari Spung, Risk Management/claims | Note to RM file re response from claimant | Claims investigation privilege, RCW 4.92.210(2) Attorney/client |

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-8423

| | | | | | |
|---|---|---|---|---|---|
| 20 | 1 pp | 4/3/17 | Shari Spung, Risk Management/claims Deb Austin, former RM Casey Leichter Karin Nyrop, AAG Nancy Garland, AAG Aileen Huang, Elizabeht Dahl Lansing Jones Michelle Doiron, AAG Mary Taylor Margaret Graves Esteve | New Lawsuit: Julie Dalessio v. UW | Claims investigation privilege, RCW 4.92.210(2) |
| 21 | 8 pp | 12/2/16 | Shari Spung, Risk Management/claims Alison Swenson, OPR | Emails re AAG attorney/client email and claimant contact | Claims investigation privilege, RCW 4.92.210(2) Attorney/client |
| 22 | 7 pp | 12/5/16 | Shari Spung, Risk Management/claims Alison Swenson, OPR | Dalessio-confidential claims communication | Claims investigation privilege, RCW 4.92.210(2) |
| 23 | 7 pp | 12/5/16 | Shari Spung, Risk Management/claims Norm Arkans, OPR | Dalessio-confidential claims communication | Claims investigation privilege, RCW 4.92.210(2) |
| 24 | 7 pp | 12/5/16 | Shari Spung, Risk Management/claims Eliza Saunders, OPR | Dalessio-confidential claims communication | Claims investigation privilege, RCW |
| 25 | 7 pp | 12/5/16 | Shari Spung, Risk Management/claims Perry Tapper, OPR | Dalessio-confidential claims communication | Claims investigation privilege, RCW 4.92.210(2) |

The foregoing objections were asserted in good faith pursuant to FRCP 26 and 33.

DEFENDANTS' PRIVILEGE LOG
2:17-cv-00642 TSZ
1010-00051/378230

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

DATED:  August 31, 2018

1

2

KEATING, BUCKLIN & McCORMACK, INC., P.S.

3

4
By: */s/ Jayne L. Freeman*

Jayne L. Freeman, WSBA #24318

5
Special Assistant Attorney General for Defendants

6
800 Fifth Avenue, Suite 4141

7
Seattle, WA  98104-3175

Phone: (206) 623-8861

8
Fax:    (206) 223-9423

Email: jfreeman@kbmlawyers.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANTS' PRIVILEGE LOG
2:17-cv-00642 TSZ
1010-00051/378230

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

1

**DECLARATION OF SERVICE**

2          I declare that on August 31, 2018, I caused a true and correct copy of the foregoing

3   document to be served on the party listed below *via email*.

4          **Attorney for Plaintiff**
            Mr. Joseph Thomas
5          14625 S.E. 176th St., Apt. N-101
            Renton, WA 98058-8994
6          (206)390-8848
7          joe@joethomas.org

8

9   DATED:  August 31, 2018

10

11                                              */s/ Tia Uy*
                                                 Tia Uy, Legal Assistant
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANTS' PRIVILEGE LOG
2:17-cv-00642 TSZ
1010-00051/378230                                    KEATING, BUCKLIN & McCORMACK, INC., P.S.
                                                           ATTORNEYS AT LAW
                                                       800 FIFTH AVENUE, SUITE 4141
                                                      SEATTLE, WASHINGTON 98104-3175
                                                           PHONE: (206) 623-8861
                                                            FAX: (206) 223-9423