The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIE DALESSIO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON, ET. AL.,<br><br>Defendant. | No. 2:17-cv-00642-MJP<br><br>DECLARATION OF JULIE DALESSIO IN SUPPORT OF MOTION TO COMPEL INITIAL DISCLOSURES<br><br>**Note on Motion Calendar October 26, 2018** |

I, Julie Dalessio, declare as follows:

1. I am the Plaintiff in this above entitled action. I make this declaration based upon my own personal knowledge, upon facts which are admissible in evidence. I am competent to testify to the matters set forth in this declaration.

2. I have spent more than two years attempting to identify, locate, and secure the personally identifiable, confidential, and derogatory information that the University of Washington and its employees have compiled and distributed about me. Because of Defendants bad faith attempts to avoid discovery, I have received little more information from Defendants about the underlying facts of this case, than I had when I

Declaration
Case 2:17-cv-00642

1

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

first filed this lawsuit.

3. I have spent over nine months working on discovery for this lawsuit, on my own, as pro se in this case, attempting to identify the underlying facts about when the University of Washington and its employees disclosed personally identifiable, confidential, and derogatory information produced about me through the Public Records Act. When trying to seek the truth of this case through discovery I have had to endure the insufficient, insulting, vexatious responses from defense counsels Jayne Freeman and Derek Chen. A few examples of this (more are in the court record, but are not identified here for the sake of expediency) are my discovery requests from 2017 which violate multiple court rules. *See* Dkts. 56-2 (Plaintiff's first set of interrogatories and requests for production of documents are not signed by an attorney in violation of Federal Rule of Civil Procedure 26(g)); Dkt. 56-3 (Plaintiff's second set of interrogatories do not contain certifications or signature to the interrogatories pursuant to Federal Rule of Civil Procedure 33(b)(3) and 33(b)(5)); Dkt. 66-1 (Plaintiff's fourth set of interrogatories do not contain certifications or signatures to the interrogatories pursuant to Federal Rule of Civil Procedure 33(b)(3) and 33(b)(5)).

4. Since pro bono counsel Mr. Thomas was appointed to represent me in January 2018, he has contacted Counsel for defense, Freeman and Chen, multiple times in informal attempts to gain the information necessary to prosecute this case. In return, Freeman and Chen have subjected Mr. Thomas, along with myself, to multiple reproductions of thousands of pages of unnecessarily cumulative and duplicative documents (see decl. Freeman, Dkt. 113), then supplemented with an additional several thousand pages of compilations of mixed-up, incomplete, insufficiently identified documents, along with other insults and abuse. (Dkts. 111, 113).

5. For the past eight months, I've spent entire days, including weekend days, and long hours working with Mr. Thomas in his efforts to obtain disclosures and discovery from defendants, including times when I have been unwell, including times when Mr. Thomas had other obligations but made the necessary time, including times when he

2

1 had indicated unavailability, including when he was not feeling well after vaccinations
2 and after long-distance travel, because it was necessary to meet the court ordered
3 timeline for discovery in this case.  Ms. Freeman's declaration (Dkt. 113) and
4 insinuations in its response to the motion to compel initial disclosures (Dkt. 111)
5 regarding Mr. Thomas' conduct are unwarranted, irrelevant, and deliberately
6 misleading.

7 6. Contrary to Ms. Freeman's version of discovery in this case (Dkt. 113), the facts are
8 that the parties agreed, and the court ordered that discovery be reset.  Defendants
9 served initial disclosures on May 18, 2018, and, following discussions initiated by
10 counsel for Plaintiff pointing out insufficiencies, Ms. Freeman partially supplemented
11 disclosures on July 12 in the body of an email, and on July 30, 2018 in an altered
12 version of Defendants' initial disclosures Ms. Freeman did not respond to many of
13 Plaintiff's concerns.

14 7. Mr. Thomas has made every effort to obtain relevant discovery, as detailed in
15 Document 108-4, Document 109 and attached exhibits, and has endured the insulting
16 behavior from Counsel for defense with untruths and half-truths entered into the court
17 record about him.

18 8. In Dkts. 111, 113, Ms. Freeman refers to these exhibits that in some instances are not
19 as described.  For example, Freeman describes in Dkt. 113 at 15, "a new, second set of
20 extensive discovery requests (49 RFPs and 3 Interrogs.) on September 28, 2018, many
21 of which were repetitive of Plaintiff's earlier discovery requests and/or sought
22 documents that had already been produced in discovery and/or Initial Disclosures.
23 Exhibit J."  Exhibit J is not, in fact a second set of discovery requests, but is another
24 altered copy of emails (already in evidence Dkt. 113-7) documenting Mr. Thomas'
25 efforts to resolve issues with the first set of discovery, and to schedule a conference.
26 Defendants did not include the second set of discovery requests with their request for a
27 protective order from this discovery, which is due on October 29, 2018, which is not
28 duplicative, which Mr. Thomas served on September 28 in order to have responses in

3

time to meet the court's November 7 deadline for filing motions related to discovery. Since Defendants have filed a motion for a protective order, it is certain that they will not respond sufficiently by that deadline, necessitating another motion and causing another delay.

9. The facts of this case are that it has been almost three years since the first unlawful production and publication of private information, and because of defendants' evasive behavior, it might be too late to obtain some of the relevant discovery because some of the relevant information may have been destroyed (dkt. 113-12 at 28). I am afraid that some or all of the relevant information may have been altered or destroyed in the three years since this incident occurred. *See e.g.* Dkt. 113-12 at 7 (stating "there may be any number of persons who may have "had access to" some records somehow related to Plaintiff"). Defendants have told me in telephonic conferences (before Mr. Thomas joined as pro bono counsel) that there was no need to put a litigation hold on any of the documents at issue in this case. There is a real chance of spoliation.

10. Working on this lawsuit is physically and mentally trying for me, and on top the emotional stress from having to review over and over the same piles of documents that the University of Washington has fabricated, counsel for defense have "chosen to" demean and harass me and now my pro bono attorney. Writing this declaration, using all the bad words that describe Freeman and Chen's insulting, unprofessional, contemptible, disrespectful, dishonest behaviors, isn't fun for me. It's physically and emotionally stressful, but I have to do it, because I can't just let it lie.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge.

DATED this 22nd day of October 2018, at Seattle, Washington.

_____
Plaintiff Julie Dalessio

**Certificate of Service**

I hereby certify that on 22 of October 2018, I filed the foregoing with the Clerk of the Court through the CM/ECF system which will automatically send electronic mail notification of such filing to the CM/ECF registered participants as identified on the Electronic Email Notice List.

/s/ Joseph Thomas
Joseph Thomas, WSBA 49532
14625 SE 176th St., Apt. N101
Renton, WA 98058
(206) 390-8848