The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

JULIE DALESSIO, an individual,

      Plaintiff,

v.

UNIVERSITY OF WASHINGTON, a Washington Public Corporation; ELIZA SAUNDERS, Director of the Office of Public Records, in her personal and official capacity; ALISON SWENSON, Compliance Analyst, in her personal capacity; PERRY TAPPER, Public Records Compliance Officer, in his personal capacity; ANDREW PALMER, Compliance Analyst, in his personal capacity; JOHN or JANES DOES 1-12, in his or her personal capacity,

      Defendants.

No. 2:17-cv-00642-MJP

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER REGARDING PLAINTIFF'S SECOND SET OF DISCOVERY

**NOTE ON MOTION CALENDER:**
November 2, 2018

## I. INTRODUCTION

On September 17, 2018, counsel for Defendants and Plaintiff's counsel, Joseph Thomas, conferred telephonically in another attempt to resolve discovery disputes. On this call, Defendants told Plaintiff's counsel they intended to file a motion for summary judgment shortly. Plaintiff's counsel repeatedly stated he would not be available for roughly a month and that Defendants' could not file the motion. Out of respect for Plaintiff's counsel's "unavailability," defense counsel agreed to wait until Mr. Thomas returned to file our motion. On the same day, Plaintiff's counsel Joseph Thomas filed a

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER REGARDING PLAINTIFF'S SECOND SET OF DISCOVERY - 1
2:17-cv-00642-MJP
1010-00051/388261.docx

Keating, Bucklin & McCormack, Inc., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

"Notice of Unavailability" stating he would be out of the country for "foreign travel." *Dkt. 105.* Nowhere in this notice does it say he was only unavailable for certain motions. *Id.*

After securing confirmation that Defendants would postpone their dispositive motion, Mr. Thomas filed to Motion to Compel Initial Disclosures, *Dkt. 108,* and sent a Second Set of Interrogatories and Requests for Production, which consists of **three new interrogatories and fifty-nine requests for production,** many of which are duplicative of requests already made. *Exh. A to Chen Decl.* Despite understanding Mr. Thomas apparently *did* have internet access, defense counsel decided to keep their word and wait to file their summary judgment motion until Plaintiff's counsel returned. Mr. Thomas now claims his Notice of Unavailability only pertained to Defendants' Motion for Summary Judgment, and not anything he wishes to file. *Thomas Decl., Dkt. 115* at ¶ 7. Even assuming you could be "unavailable" for only one specific type of motion, Mr. Thomas' obvious tactical gamesmanship should not be rewarded. To promote cost and judicial efficiency, Defendants respectfully request the Court enter an order stating Defendants are not required to respond to Plaintiff's Second Set of Discovery until their Motion for Summary Judgment, filed today, is heard. Defendants would agree to respond to any discovery the Court believes Plaintiff still needs to respond fully to Defendants' Motion for Summary Judgment, which Plaintiff may identify through a FRCP 56(d) motion.

## II.   STATEMENT OF FACTS

The general underlying facts of this lawsuit are generally not in dispute and have been repeated several times in previous motions. The facts are also set out in detail in Defendants' Motion for Summary Judgment., *Dkt. ___.*[1] Additional facts directly relevant to this motion are set out below.

---

[1] As the motions are being filed simultaneously, Defendants do not currently know the exact docket number, but will provide it in their reply brief.

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
REGARDING PLAINTIFF'S SECOND SET OF
DISCOVERY - 2
2:17-cv-00642-MJP
1010-00051/388261.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

On September 17, 2018, defense counsel had a telephonic meet and confer with Plaintiff's counsel, Joseph Thomas, to again try to resolve Mr. Thomas' asserted issues with Defendants' discovery responses and initial disclosures. *Freeman Decl. in Support of Defendants' Opposition to Plaintiff's Motion to Compel Initial Disclosures, Dkt. 113*, at ¶¶ 36-40. During this call, Mr. Thomas at one point agreed it might be most expeditious to resolve discovery through a FRCP 56(d) motion after Defendants filed their Motion for Summary Judgment. *Id.* at ¶ 40. However, Mr. Thomas then stated Defendants could not file their motion for summary judgment as he would be "unavailable" from September 20th to October 16th. *Id.* Mr. Thomas later confirmed this by filing a "Notice of Unavailability" for those dates stating he was out of the country for "foreign travel." *Dkt. 105.* After some discussion about Mr. Thomas' repeated long periods of unavailability, defense counsel agreed not to file their Motion for Summary Judgment until Mr. Thomas returned. *Id.* at ¶ 40.

While he was supposedly "unavailable," Mr. Thomas filed a Motion to Compel Initial Disclosures, *Dkt. 108*, and served Defendants with a Second Set of Discovery requests comprised of **three interrogatories and fifty-nine requests for production**, *Exh. A to Chen Decl.*, knowing that responses to both would be due before he would have to respond to Defendants' Motion for Summary Judgment after he had secured Defendants' agreement not to file that motion until his return. Despite knowing that Mr. Thomas apparently did have internet access, defense counsel kept their word and waited until Mr. Thomas returned to file their motion for summary judgment.

Mr. Thomas now claims that he "never intended the Notice of Unavailability to encompass all matters regarding this case[,]" but only "to confirm [his] unavailability for planning such things as a motion for summary judgment." *Dkt. 115*, at ¶¶ 6-7. Mr. Thomas stated that even though he was unavailable, defense counsel could have contacted him. *Id.,* at ¶ 7. However, the last time defense counsel attempted to contact Mr. Thomas during a

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
REGARDING PLAINTIFF'S SECOND SET OF
DISCOVERY - 3
2:17-cv-00642-MJP
1010-00051/388261.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

stated period of unavailability, he wrote an email back accusing defense counsel of "bad faith" and "impermissible ambush!" (Emphasis in original.)  *Dkt. 103-1*, at p. 7. Defendants are simply attempting to have their dispositive motion heard and are completely willing to respond to any discovery requests the Court believes are necessary for Plaintiff to respond to the almost purely legal arguments set for in Defendants' Motion for Summary Judgment, *Dkt. ___*.

### III.   STATEMENT REGARDING ATTEMPT TO MEET AND CONFER

Pursuant to FRCP 26(c)(1), Defendants attempted in good faith to confer with Plaintiff's counsel regarding these issues.  Defense counsel provided two full days of availability to Plaintiff's counsel, who responded stating he had no availability until the following week, after responses to the discovery requests would have been due.  *Exh. B to Chen Decl.* (Mr. Thomas acknowledges this in his response.)  *See also Chen Decl.*, at ¶ 2. Defendants remain available and willing to discuss these issues with Plaintiff and will strike this motion if it becomes moot.

### IV.   EVIDENCE RELIED UPON

- Declaration of Derek Chen and attached exhibits;
- Documents already on file with this Court.

### V.   ARGUMENT AND ANALYSIS

**A.   Plaintiff's Discovery Requests Would Cause Unnecessary Delay, Burden, and Expense, and are the Product of Plaintiff's Counsel's Questionable (at best) Representations Regarding His Availability, Which Has Unduly Prejudiced Defendants.**

FRCP 26(c)(1) states:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. … The court may, for good cause, issue an order to protect a party or person from **annoyance, embarrassment, oppression, or undue burden or expense**[.]

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER REGARDING PLAINTIFF'S SECOND SET OF DISCOVERY - 4
2:17-cv-00642-MJP
1010-00051/388261.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

(Emphasis added.)  Upon finding good cause exists, the Court may enters orders including:

> (A)   forbidding the disclosure or discovery;
>
> (B)   specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
>
> (C)   prescribing a discovery method other than the one selected by the party seeking discovery;
>
> (D)   forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

*Id.*  Plaintiff's voluminous and at times duplicative discovery requests are a blatant stall tactic to prevent a strong dispositive motion she and her counsel knew was imminent. *Dkt. 115*, at ¶ 4.  Mr. Thomas admits he went to great pains to confirm defense counsel would not file their summary judgment motion in his absence, stating he didn't know if he would have internet access and that he would be out of the country.  *Id.*  Mr. Thomas now states that he was only unavailable for the purpose of Defendants' summary judgment motion, but not when it comes to filing his own motion or issuing new discovery.  *Id.*, at ¶¶ 6-7.  Defendants would not have agreed to such a one-sided stay of the litigation.  In essence, Mr. Thomas used a Notice of Unavailability to get the same remedy Defendants formally seek now—to stay the case in the name of efficiency.

Parties are not permitted to issue discovery "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  FRCP 26(g). As Plaintiff often points out, the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  FRCP 1.  Plaintiff (through her counsel) apparently agrees efficient case resolution is important, *Exh. B to Chen Decl.*, but argues forcing Defendants to respond to all **62 new discovery requests, 59 of which are requests for production of documents**, is more efficient than a single FRCP 56(d) motion to determine what discovery Plaintiff actually needs to respond to Defendants' Motion for

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
REGARDING PLAINTIFF'S SECOND SET OF
DISCOVERY - 5
2:17-cv-00642-MJP
1010-00051/388261.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

Summary Judgment.

Defense counsel has remained civil in this case despite constant threats of sanctions, "bad faith," and "impermissible ambush" from Plaintiff's counsel. The objective evidence suggests Plaintiff's counsel issued these discovery requests after securing confirmation from Defendants they would hold off on filing their motion for summary judgment due to Plaintiff's counsel being out of the country. But for Plaintiff's counsel's representation, briefing for both sides on the dispositive motion would be complete and it would be pending before the Court now. Similarly, Plaintiff would have issued his discovery, *at the earliest*, on October 17th (the day after his stated return), and this motion likely would have been unnecessary. Defendants are entitled to rely on Plaintiff's counsel's representations.

Defendants respectfully request the Court enter an order protecting Defendants from this undue burden and expense incurred as a direct result of Plaintiff's counsel's representations. FRCP 26(c)(1). Defendants do not seek to prevent Plaintiff from obtaining *relevant* discovery, and have engaged in repeated conferences with Plaintiff's counsel, often simply to walk him through discovery already produced because he stated he didn't understand what the documents were. *Freeman Decl., Dkt. 113*, at ¶¶ 18-29. Plaintiff may certainly submit an FRCP 56(d) motion regarding discovery she believes is absolutely necessary for her to fairly respond to the motion for summary judgment. Assuming she does so in good faith, the list of outstanding discovery should shrink considerably, and the Court will be able to determine what is necessary. Defendants would be unduly prejudiced by incurring great expense if required to respond to Plaintiff's discovery after relying on Plaintiff's counsel's representations that they could not file their dispositive motion, which will likely dismiss most, if not all, claims in the case. This Court should enter an appropriate order in the name of judicial and cost efficiency.

B.  **Plaintiff's Substantial Requests Are Largely Irrelevant, Duplicative, Unduly Burden, and Not Proportional to the Needs of the Case.**

The circumstances above merit a protective order on their own. However, the

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
REGARDING PLAINTIFF'S SECOND SET OF
DISCOVERY - 6
2:17-cv-00642-MJP

1010-00051/388261.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

requests themselves show they were clearly propounded simply to delay an otherwise meritorious dispositive motion. The following is a brief summary of Defendants' broad objections, grouped by category, of Plaintiff's 62 new discovery requests[2]:

- **RFPs 16-23** request "all documents that were used to collect, documents collected, and documents produced to the requestor" for eight public records requests that **are not** the subject of this lawsuit, that were made months (if not years) after this lawsuit was filed, and have nothing to do with the Betz request (PR 2015-00570).[3] In addition, Plaintiff has already asked for "all Request Summary Reports" and "Exemption Logs," "Officer Reports ("AccessPro Redaction" lists of documents withheld)," inventories of wholly exempt items and other documents pertaining to these same Public Records Act requests (with the exception of a few new 2018 requests), and Defendants provided documents over objection in an attempt to accommodate Plaintiff. *See Dkt. 113-12*, at pp. 28-9, where Defendants produced UW004181-UW004451—almost 300 pages. Further, upon belief, though without confirmation, Plaintiff has the documents produced because she was the requestor. These requests do not seek relevant information, are not proportional to the needs of the case, and improper as they seek documents Plaintiff is already in possession of.

- **Interrogatory 9 and RFP 25** request information regarding Shari Spung, the Senior Claims Adjuster on the case, and her specific involvement with *other PRA Requests. Dkt. 113*, at ¶ 38; *Dkt. 113-12*, at p. 10. These requests are completely irrelevant and not proportional to the needs of the case, and Defendants have already produced some documents regarding Ms. Spung's

---

[2] Plaintiffs discovery requests can be found at *Exh. A to Chen Decl.*
[3] These include PR 2017-00357, 2017-00358, 2017-00359, 2017-00822, 2017-00803, 2018-00253, 2017, 00738, and 2017-00737.

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
REGARDING PLAINTIFF'S SECOND SET OF
DISCOVERY - 7
2:17-cv-00642-MJP
1010-00051/388261.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

involvement *in this case* (which is limited to Ms. Dalessio's tort claim and lawsuit) (*Dkt. 113-12*, at p. 10), and identified other privileged documents. *Dkt. 113-12*, at pp. 33-36.

- **RFPs 25-34** request "all documents identifying any current attorney-client relationship with" ten University employees who were listed in Defendants' Initial Disclosures.  Defendants have never represented these individuals are all represented by counsel or asserted any privilege objection as to all of them.  These questions come from Plaintiff's counsel's continued mistaken belief that only individuals with an attorney-client relationship can be designated "care of; or C/O" the Defendants' law firm. *Dkt. 114*, at pp. 5-6; *Dkt. 108-5*, at pp. 3-9.  Defendants have previously explained that higher-level employees of the University may also be designated "c/o" of the law firm representing the parties to the suit.  Further, whether there is an attorney-client relationship with these individuals in completely irrelevant to Plaintiff's claims.

- **RFPs 35-43** are contention interrogatories that request "documents identifying legal authority" or "facts" supporting Defendants affirmative defenses.  "[T]he opposing party cannot be required to put on a dress rehearsal of the trial. While it is proper to elicit information as to evidentiary facts as contrasted with ultimate facts, **nevertheless it is improper to ask a party to state evidence upon which he intends to rely to prove any fact or facts.**" *Weber v. Biddle*, 72 Wash. 2d 22, 29, 431 P.2d 705, 710–11 (1967) (Emphasis added.)  Plaintiff's requests are all for documents, and are therefore improper.  They also seek attorney-client and/or work product privileged information.  Finally, to the extent Defendant has relied on these defenses at this stage, Plaintiff can find the supporting fact and law in

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
REGARDING PLAINTIFF'S SECOND SET OF
DISCOVERY - 8
2:17-cv-00642-MJP
1010-00051/388261.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

Defendants' Motion for Summary Judgment and prior Initial Disclosures and discovery requests.

- **RFPs 44-47** request documents solely unrelated to the Public Records Act requests at issue in *this case*. Plaintiffs' requests are unlimited in scope in terms of time, lack relevance to this case, are unduly burdensome, and are not proportional to the needs of the case.

- **RFPs 48 and 49** request all documents to or from Eliza Saunders, Perry Tapper, Alison Swenson, Andrew Palmer, Shari Spung, Toni Kemp, Mindy Kornberg, Barb Benson, Cynthia Dold, Lori Oliver, Jeanie Miele, Paola Quinones, Karen Holloway, Rhoda Ashley Morrow, Odessah Visitacion, Matt Maria, Cheryl Manekia, Amy Robles, Patricia Van Velsir, Ana Marie Keeney, Tamara Schmautz, Steven Durant, Jennifer Klohe, Lauren Fischer, Christine Taylor, Marcelo Collantes, Daisy Rendario, James Fine, Sharon Risley, Larry Bell, Cheryl Sternberg, Kim Williams, and Rebecca Caulfield, regarding Plaintiff's PRA requests, as well as copies of *all declarations and depositions* by those same people in any other litigation pertaining to PRA requests. Defendants have already produced the transmittal documents and explained the individuals' involvement (to the extent they had any after investigation was conducted) in response to Plaintiff's previous discovery requests. *Dkt. 113-12*, at p. 12- 17, **separating the response out by person and citing exact bates-stamped documents** regarding their involvement. Plaintiff is simply seeking to make the University duplicate work. This request is borderline harassing, duplicative and not proportional to the needs of the case. Further, as explained in Defendants' Motion for Summary Judgment, the majority of these individuals were only involved in collecting documents from their

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
REGARDING PLAINTIFF'S SECOND SET OF
DISCOVERY - 9
2:17-cv-00642-MJP
1010-00051/388261.docx

Keating, Bucklin & McCormack, Inc., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

department to give to the Office of Public Records in order for the University to respond to a PRA request.  If this Court were to find individuals from Departments could not search their own records in order to respond to the broad mandate of the PRA, the process would grind to a halt.

- **RFPs 50-65**.  The remainder of these requests are a hodge-podge of improper or duplicative requests, many of which ask for a significant and burdensome amount of documents wholly unrelated to this case.  Defendants have produced the documents related to Ms. Dalessio's claims.  *See,* RFPs 50-51, requesting any first-hand descriptions of the incidents described in Plaintiff's tort claim; RFP 52 requesting positions and job descriptions for 33 employees (positions and job descriptions for Compliance Analysts, Compliance Officer, and Director of OPR already provided, *Dkt. 113-12*, at p. 26 citing bates-stamped documents UW004166- UW004180); RFPs 57 and 63 requesting insurance policies (responded to thoroughly by counsel multiple times, as detailed in *Dkt. 113*, at ¶¶ 30-32); and RFPs 60-61 requesting all documents identifying "legal claims" against the University of Washington regarding "privacy issues."

None of these requests are necessary to respond to Defendants' straightforward motion for summary judgment.  However, if the Court finds Plaintiff does need additional discovery in order to respond to Defendants' dispositive motion, Defendants will provide documents pursuant to the Court's order and the applicable court rules.

## VI. CONCLUSION

Defendants respectfully request the Court enter an order stating Defendants are not required to respond to Plaintiff's Second Set of Discovery Requests to Defendants, *Exh. A to Chen Decl.*, until Defendants' Motion for Summary Judgment has been heard and ruled on.

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER REGARDING PLAINTIFF'S SECOND SET OF DISCOVERY - 10
2:17-cv-00642-MJP
1010-00051/388261.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX: (206) 223-9423

DATED: October 25, 2018

KEATING, BUCKLIN & McCORMACK, INC., P.S.

By: */s/ Jayne L. Freeman*
Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for Defendant

801 Second Avenue, Suite 1210
Seattle, WA  98104-1518
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: jfreeman@kbmlawyers.com

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER REGARDING PLAINTIFF'S SECOND SET OF DISCOVERY - 11
2:17-cv-00642-MJP

1010-00051/388261.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

# CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiff**

Mr. Joseph Thomas
14625 SE 176th Street, Apt. N-101
Renton, WA 98058-8994
Telephone: (206) 390-8848
Email: joe@joethomas.org

DATED: October 25, 2018

/s/ Jayne L. Freeman
Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for Defendant
801 Second Avenue, Suite 1210
Seattle, WA 98104-1518
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: jfreeman@kbmlawyers.com

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER REGARDING PLAINTIFF'S SECOND SET OF DISCOVERY - 12
2:17-cv-00642-MJP
1010-00051/388261.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423