**EXHIBIT A**

The Honorable Marsha J. Pechman

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          WESTERN DISTRICT OF WASHINGTON

10

11   JULIE DALESSIO, an individual,                No.  2:17-cv-00642-MJP

12                  Plaintiff,                      PLAINTIFF'S SECOND SET OF
                                                    DISCOVERY REQUESTS
13          v.

14   UNIVERSITY OF WASHINGTON, a
     Washington Public Corporation; Eliza
15   Saunders, Director of the Office of Public
     Records, in her personal and official
16   capacity; Alison Swenson, Compliance
     Analyst, in her personal capacity; Perry
17   Tapper, Public Records Compliance
     Officer, in his personal capacity; Andrew
18   Palmer, Compliance Analyst, in his
     personal capacity; John or Jane Does 1-12,
19   in his or her personal capacity,

20                  Defendants.

21

22

23          Comes now, Ms. Julie Dalessio, through her attorney Joseph Thomas, submits the

24   following Interrogatories and Requests for Production of Documents pursuant to Fed. R. Civil P.

25   33 and 34.

26

27

28   Plaintiff's Second Set of Discovery Requests            1            Law Office of Joseph Thomas
     Case 2:17-cv-00642                                                   14625 SE 176th St., Apt. N101
                                                                          Renton, Washington
                                                                          Phone (206)390-8848

I. <u>INTERROGATORIES</u>. In accordance with Rule 33 of the Federal Rules of Civil Procedure, you are required to answer the following interrogatories under oath within thirty (30) days after you receive them.  These interrogatories are intended to discover information and/or documents not only within your personal knowledge or obtainable by you, but also information in possession of or obtainable by your attorneys, investigators, representatives, employees, agents, or anyone acting on your behalf or on their behalf.

These interrogatories are continuing in nature and any information which may be discovered by you subsequent to the service and filing of your answers must be brought to the attention of Plaintiff's attorney through supplemental answers when it becomes available to you. If there are any additions, deletions, or changes in the answers or information provided at any time prior to hearing you are specifically requested to immediately inform Plaintiff's attorney.  If such information is not furnished, Plaintiff's attorney at the time of the hearing will move to exclude from evidence such information requested and not furnished.

When you answer to any interrogatory is based in whole or in part upon information supplied by an individual other than one appointed by you to sign and verify the answers, please specifically so state as part of your answer to that interrogatory and give that individual's name, address, and employment or other relationship with you.

If in responding to or failing to respond to these interrogatories and requests for production you invoke or rely upon any privilege of any kind, state specifically the nature of the privilege; the basis upon which you invoke, rely upon or claim it, including any statutory or decisional reference; and identify all documents or other information, including contacts and communications which you believe to be embraced by the privilege invoked.

II. <u>Request for Production of Documents</u>. In accordance with Rule 34 of the Federal Rules of Civil Procedure, the Defendant must provide Plaintiff's attorney a copy of the requested documents, identified by the request number, within thirty (30) days of your receipt of this request.  If a request is made for documents which are no longer in Defendants' possession, please state when such documents were most recently in the possession of the Defendant, and

Plaintiff's Second Set of Discovery Requests
Case 2:17-cv-00642

2

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1   what disposition, if any, was made of them.  If such documents have been destroyed, please

2   identify the person who destroyed them and the date of and reasons for their destruction.

3         Please provide complete answers and attach additional pages as needed.   If records are

4   available in electronic format, then please provide the records in electronic format.

5   <u>GENERAL INSTRUCTIONS</u>

6         If your answer to any interrogatory is "N/A" or "Not Applicable", describe in detail your

7   reasons for making such a reply.

8         In reply to any interrogatory, do not merely state "see attached records" unless you have

9   no additional memory of the matters referenced to in the interrogatory.  If you have any additional

10  memory of the relevant events, describe it in detail.

11        If records are available in electronic format, then please provide the records in electronic

12  format.

13  <u>DEFINITIONS</u>

14        For purposes of this discovery request the following abbreviations and definitions shall

15  apply.

16      1.    The terms "you" and "your" mean the party to whom these interrogatories are

17  addressed, and your attorneys, agents, employees, representatives, investigators, and any other

18  person who is in possession of, or who has obtained information on your behalf.

19      2.    The term "document" means any information stored in any form; any written,

20  recorded or graphic matter, however produced or reproduced; and copies and drafts thereof.

21  Without limiting the foregoing, "document" includes correspondence; telegrams; memoranda;

22  reports; notes; drafts; minutes; contracts; agreements; books; records; vouchers; invoices; diaries;

23  logs; calendar notes; computer printouts; memory programs; information stored in any data

24  processing or word processing system in whatever form; backup materials of any kind; card files;

25  press clippings; newspapers or newsletters; sworn or unsworn statements or employees; lists;

26  audits; tables of organization; deposit slips; monthly or other periodic statements; ledgers;

27  journals; notices; affidavits; court papers; appointment books; minutes or records of conferences

28  or telephone calls; brochures; receipts; written reports or opinions of investigators or experts;

status reports; drawings; charts; photographs; negatives; or tape recordings within your possession, or subject to your control, of which you have knowledge, or to which you now have, or have had access, or of which any of your agents, attorneys, accountants, or consultants have knowledge.  A comment or notation appearing on any document, not part of the original text, is to be considered as a separate "document."

3.      The term "identify" and "fully describe" mean:

a.      When referring to a natural person, state his/her full name, his/her present or last known business or home address if there is no business address.

b.      When referring to a document, state its title and date; identify the author or person who prepared it and any signatories to it; give the type of document (e.g., letter, memorandum, invoice); its present location and custodian; a summary of its contents, or principal terms and provisions; the identity of its addresses and all other persons receiving it or copies of it.   If the document so identified was, but is not any longer, in your possession, custody and control, state what disposition has been made of it.  Attach a copy of it to your response to these interrogatories.

c.      When referring to an act, transaction, event, incident, communication, conversation or occasion, fully describe the matter.  State its date and place of occurrence (or if a telephone call is involved, so state and provide the identity and location of all parties and identify the person who initiated the call); identify each person participating in or witnessing the event; describe in detail all circumstances leading up to or surrounding it; describe in detail what occurred or transpired, and what was said by whom; and, identify all documents summarizing, recording, reflecting, reporting, or containing a reference to it.

Dated this 27 day of September 2018.


  /s/ Joseph Thomas_____

Joseph Thomas

Attorney for Plaintiff

## INTERROGATORIES

7. Please fully explain and identify the current and past "Privacy Officials" responsible for the documents disclosed in the public records requests for information pertaining to Julie Dalessio.  When identifying which documents are the responsibility of each privacy officer, please refer to the documents already filed with the court as: Dkts 32, 33, 34, and 38.

This interrogatory is addressed separately to and should be answered separately by:

        A. University of Washington

        B. Eliza Saunders

        C. Perry Tapper

        D. Alison Swenson

        E. Andrew Palmer

        F. John or Jane Does 1-12

8. Please fully describe how you personally, each of the Defendants, respond to the release of University records pursuant to bates stamped documents UW 004462-004467.  This is also referred to as the administrative policy statement 57.9.

This interrogatory is addressed separately to and should be answered separately by:

        A. University of Washington

        B. Eliza Saunders

        C. Perry Tapper

        D. Alison Swenson

        E. Andrew Palmer

        F. John or Jane Does 1-12

Plaintiff's Second Set of Discovery Requests

Case 2:17-cv-00642

5

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

9. Please fully explain Shari Spung's pre-production involvement in the University of Washington's response to Public Records Act requests. This should include, but is not limited to, explaining if Ms. Spung's involvement is routine, and also, what circumstances does Ms. Spung become involved in the pre-production under the Public Records Act.

This interrogatory is addressed separately to and should be answered separately by:

       A. University of Washington

       B. Eliza Saunders

       C. Perry Tapper

       D. Alison Swenson

       E. Andrew Palmer

       F. John or Jane Does 1-12

I, _____, am the _____ of County, Defendant in the above-named lawsuit. I have reviewed the answers to _____, and I declare under the penalty of perjury under the laws of the state of Washington that they are true and correct to the best of my knowledge and belief.

I, _____, am the _____ of, Defendant in the above-named lawsuit. I have reviewed the answers to _____, and I declare under the penalty of perjury under the laws of the state of Washington that they are true and correct to the best of my knowledge and belief.

Plaintiff's Second Set of Discovery Requests
Case 2:17-cv-00642

6

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1        I, _____, am the _____, Defendant in the above-

2   named lawsuit.  I have reviewed the answers to _____, and I declare under the

3   penalty of perjury under the laws of the state of Washington that they are true and correct to the

4   best of my knowledge and belief.

5

6        I, _____, am the _____, Defendant in the above-

7   named lawsuit.  I have reviewed the answers to _____, and I declare under the

8   penalty of perjury under the laws of the state of Washington that they are true and correct to the

9   best of my knowledge and belief.

10

11        I, _____, am the _____ of County, Defendant in the

12   above-named lawsuit.  I have reviewed the answers to _____, and I declare

13   under the penalty of perjury under the laws of the state of Washington that they are true and

14   correct to the best of my knowledge and belief.

15

16        I, _____, am the _____ of County, Defendant in the

17   above-named lawsuit.  I have reviewed the answers to _____, and I declare

18   under the penalty of perjury under the laws of the state of Washington that they are true and

19   correct to the best of my knowledge and belief.

20   **<u>REQUESTS FOR PRODUCTION</u>**

21   16. Please produce all documents that were used to collect, documents collected, and

22       documents produced to the requestor for Public Records Act request PR 2017-00357.

23   17. Please produce all documents that were used to collect, documents collected, and

24       documents produced to the requestor for Public Records Act request PR 2017-00358.

25   18. Please produce all documents that were used to collect, documents collected, and

26       documents produced to the requestor for Public Records Act request PR 2017-00359.

27   19. Please produce all documents that were used to collect, documents collected, and

28       documents produced to the requestor for Public Records Act request PR 2017-00822.

Plaintiff's Second Set of Discovery Requests     7     Law Office of Joseph Thomas
Case 2:17-cv-00642     14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

20. Please produce all documents that were used to collect, documents collected, and documents produced to the requestor for Public Records Act request PR 2017-00803.

21. Please produce all documents that were used to collect, documents collected, and documents produced to the requestor for Public Records Act request PR 2018-00253.

22. Please produce all documents that were used to collect, documents collected, and documents produced to the requestor for Public Records Act request PR 2017-00738.

23. Please produce all documents that were used to collect, documents collected, and documents produced to the requestor for Public Records Act request PR 2017-00737.

24. Please produce all documents that identify Shari Spung, an employee of Risk Services at the University of Washington, has been involved in Public Records Act production of documents from January 01, 2011 to January 01, 2018.

25. Please produce all documents identifying any current attorney-client relationship with Christine Taylor who was mentioned by Defendants in the initial disclosures for this above entitled lawsuit.

26. Please produce all documents identifying any current attorney-client relationship with Marcelo Collantes who was mentioned by Defendants in the initial disclosures for this above entitled lawsuit.

27. Please produce all documents identifying any current attorney-client relationship with Daisy Rendorio who was mentioned by Defendants in the initial disclosures for this above entitled lawsuit.

28. Please produce all documents identifying any current attorney-client relationship with Karen Holloway who was mentioned by Defendants in the initial disclosures for this above entitled lawsuit.

29. Please produce all documents identifying any current attorney-client relationship with Ana Marie Keeney who was mentioned by Defendants in the initial disclosures for this above entitled lawsuit.

30. Please produce all documents identifying any current attorney-client relationship with Toni Kemp who was mentioned by Defendants in the initial disclosures for this above

1  entitled lawsuit.

2  31. Please produce all documents identifying any current attorney-client relationship with

3  Cynthia Dold who was mentioned by Defendants in the initial disclosures for this above

4  entitled lawsuit.

5  32. Please produce all documents identifying any current attorney-client relationship with

6  Lori Oliver who was mentioned by Defendants in the initial disclosures for this above

7  entitled lawsuit.

8  33. Please produce all documents identifying any current attorney-client relationship with

9  Mindy Kornberg who was mentioned by Defendants in the initial disclosures for this

10  above entitled lawsuit.

11  34. Please produce all documents identifying any current attorney-client relationship with

12  Barb Benson who was mentioned by Defendants in the initial disclosures for this above

13  entitled lawsuit.

14  35. Please produce all documents identifying legal authority to support Defendants claimed

15  defense that Plaintiff's breach of contract claim is barred by a statute of limitations.

16  36. Please produce all documents identifying facts to support Defendants claimed defense that

17  Plaintiff's breach of contract claim is barred by a statute of limitations.

18  37. Please produce all documents identifying facts to support Defendants claimed defense that

19  Plaintiff has failed to mitigate any damages.

20  38. Please produce all documents identifying legal authority to support Defendants claimed

21  defense that Plaintiff had any obligation to mitigate any damages.

22  39. Please produce all documents identifying legal authority to support Defendants claimed

23  defense that Defendant University of Washington is entitled to an offset of awards from

24  Plaintiff.

25  40. Please produce all documents identifying facts to support Defendants claimed defense that

26  Defendant University of Washington is entitled to an offset of awards from Plaintiff.

27  41. Please produce all documents identifying legal authority to support Defendants claimed

28  defense of qualified immunity for federal claims.

42. Please produce all documents identifying legal authority to support Defendants claimed defense of good faith immunity for state law claims.

43. Please produce all documents identifying legal authority to support Defendants claimed defense of discretionary immunity for state law claims.

44. Please produce all documents identifying third party notifications of pending public records releases issued by the University of Washington Office of Public Records.  This should include notification to the unions regarding the release of settlement agreements.

45. Please produce all documents identifying notifications from the University of Washington Office of Public Records to persons who are named in the record or to whom the record specifically pertains, that release of a record has been requested, prior to public records releases.

46. Please produce all documents identifying notifications of improperly released information, security breaches, SSN from the University of Washington.

47. Please produce all documents identifying notifications of improperly released information, security breaches, SSN from University of Washington Medicine.

48. Please produce all documents, including memos, emails, memos re phone contacts, regarding search for and production/withholding of records pertaining to Dalessio.  Please produce any and all documents to or from each person named in disclosures as persons having information pertaining to the public records releases indicated in this lawsuit. Documents from each person should be produced in separate files, labeled with each person's name, including:  Eliza Saunders, Perry Tapper, Alison Swenson, Andrew Palmer, Shari Spung, Toni Kemp, Mindy Kornberg, Barb Benson, Cynthia Dold, Lori Oliver, Jeanie Miele, Paola Quinones, Karen Holloway, Rhoda Ashley Morrow, Odessah Visitacion, Matt Maria, Cheryl Manekia, Amy Robles, Patricia Van Velsir, Ana Marie Keeney, Tamara Schmautz, Steven Durant, Jennifer Klohe, Lauren Fischer, Christine Taylor, Marcelo Collantes, Daisy Rendario, James Fine, Sharon Risley, Larry Bell, Cheryl Sternberg, Kim Williams, and Rebecca Caulfield.

49. Please produce any depositions taken, or declarations or answers to interrogatories given

in an earlier action in federal or state court, pertaining to production or withholding of records by the named defendants, Eliza Saunders, Perry Tapper, Alison Swenson, Andrew Palmer, and University of Washington (including Shari Spung, Toni Kemp, Mindy Kornberg, Barb Benson, Cynthia Dold, Lori Oliver, Jeanie Miele, Paola Quinones, Karen Holloway, Rhoda Ashley Morrow, Odessah Visitacion, Matt Maria, Cheryl Manekia, Amy Robles, Patricia Van Velsir, Ana Marie Keeney, Tamara Schmautz, Steven Durant, Jennifer Klohe, Lauren Fischer, Christine Taylor, Marcelo Collantes, Daisy Rendario, James Fine, Sharon Risley, Larry Bell, Cheryl Sternberg, Kim Williams, and Rebecca Caulfield).

50. Please produce any requests or standard form memorandum, from claims services or any AAG requesting a first-hand description of the incident to or from any University of Washington employees pertaining to Dalessio's tort claim.

51. Please produce any first-hand description of the incident from any University of Washington employees pertaining to Dalessio's tort claim.

52. Please produce any documents identifying positions and job descriptions of persons identified in disclosures, (Eliza Saunders, Perry Tapper, Alison Swenson, Andrew Palmer, Shari Spung, Toni Kemp, Mindy Kornberg, Barb Benson, Cynthia Dold, Lori Oliver, Jeanie Miele, Paola Quinones, Karen Holloway, Rhoda Ashley Morrow, Odessah Visitacion, Matt Maria, Cheryl Manekia, Amy Robles, Patricia Van Velsir, Ana Marie Keeney, Tamara Schmautz, Steven Durant, Jennifer Klohe, Lauren Fischer, Christine Taylor, Marcelo Collantes, Daisy Rendario, James Fine, Sharon Risley, Larry Bell, Cheryl Sternberg, Kim Williams, and Rebecca Caulfield). This information should include job titles and responsibilities, salaries, and organizational charts.

53. Please produce the personnel files of named defendants, Eliza Saunders, Perry Tapper, Alison Swenson, Andrew Palmer.

54. Please produce all documents that were used to collect, documents collected, and documents produced to the requestor for Public Records Act request PR 2018-00216.

55. Please produce any policies and procedures pertaining to records management at

Plaintiff's Second Set of Discovery Requests
Case 2:17-cv-00642
11
Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1    University of Washington.

2    56.  Please produce any policies and procedures pertaining to records management at

3    University of Washington Medicine.

4    57. Please produce any other insurance policies that might be used to satisfy any judgment in

5    this action.

6    58. Please produce any and all documents identifying declarations or affidavits filed in court

7    (either state or federal) signed by any current or past employee of the Office of Public

8    Records and Open Public Meetings at the University of Washington. The scope of this

9    request is from January 01, 2012 to January 01, 2017.

10   59. Any and all documents identifying an "an action plan" developed by the University of

11   Washington concerning "Information Security, Privacy and Identity Theft Prevention."

12   The scope of this request is from January 01, 2015 to December 31, 2017.

13   60. Any and all documents identifying legal claims against the University of Washington

14   regarding privacy issues. This includes, but is not limited to: employee privacy, Health

15   Information Portability Accountability Act, Federal Education Rights and Privacy Act,

16   etc. The scope of this request is from January 01, 2012 through January 01, 2018.

17   61. Any and all documents identifying legal claims against the University of Washington

18   Medical Center regarding privacy issues. This includes, but is not limited to: employee

19   privacy, Health Information Portability Accountability Act, Federal Education Rights and

20   Privacy Act, etc. The scope of this request is from January 01, 2012 through January 01,

21   2018.

22   62.  Any and all documents identifying the current organizational structure of the Office of

23   Public Records and Open Public Meetings for the University of Washington.  These

24   documents should identify the employees, the employees job titles, responsibilities, and

25   supervisors.

26   63. Any and all documents identifying current insurance policies and procedures regarding

27   liability coverage for the University of Washington Laboratory Medicine.

28   64. Any and all documents identifying UW Medicine compliance audits for the subject

1    matter: Health Insurance Portability and Accountability Act (HIPAA) and State patient

2    information privacy laws.  The scope of this request is from January 01, 2010 to May 01,

3    2018.  For your convenience when searching for this record the link to the policy

4    statement describing the UW Medicine compliance audits is here:

5    http://depts.washington.edu/comply/comp_003/

6    65. A copy of the signed agreement between the University of Washington and the United

7    States Department of Health and Human Services regarding the unlawful disclosure of

8    protected health information (PHI) under the Health Insurance Portability and

9    Accountability Act (HIPAA).  It is believed this agreement was signed entered into on or

10    about the year 2015.  For your assistance in finding this record, this is a link to the United

11    States Health and Human Services website announcing the fine and the agreement.

12    https://www.hhs.gov/hipaa/for-professionals/compliance-

13    enforcement/agreements/university-of-washington-medicine/index.html

14

15

16    Dated: September 28, 2018

17

18                                 LAW OFFICE OF JOSEPH THOMAS, PLLC

19

20                                 By:  */s/ Joseph Thomas*
                                 Joseph Thomas, WSBA #49532
21                                 Attorney for Plaintiff

22                                 14625 SE 176th St., Apt. N101
                                 Renton, WA 98058
23                                 Phone: (206) 390-8848
                                 Email: joe@joethomas.org

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Certificate of Service**

I hereby certify that on 28th of September 2018, I filed the foregoing with Defendants through electronic mail.

        /s/ Joseph Thomas
Joseph Thomas, WSBA 49532
14625 SE 176th St., Apt. N101
Renton, WA 98058
(206) 390-8848

Plaintiff's Second Set of Discovery Requests

Case 2:17-cv-00642

14

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848