1

The Honorable Marsha J. Pechman

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       WESTERN DISTRICT OF WASHINGTON

10

11    JULIE DALESSIO, an individual,              No.  2:17-cv-00642-MJP

12                    Plaintiff,                   PLAINTIFF'S RESPONSE TO
                                                   DEFENDANTS' [SECOND] MOTION FOR A
13          v.                                     PROTECTIVE ORDER REGARDING
                                                   PLAINTIFF'S SECOND SET OF
14    UNIVERSITY OF WASHINGTON, a                  DISCOVERY
      Washington Public Corporation; Eliza
15    Saunders, Director of the Office of Public
      Records, in her personal and official
16    capacity; Alison Swenson, Compliance
      Analyst, in her personal capacity; Perry
17    Tapper, Public Records Compliance
      Officer, in his personal capacity; Andrew
18    Palmer, Compliance Analyst, in his           **Note on Motion Calendar November 02, 2018**
      personal capacity; John or Jane Does 1-12,
19    in his or her personal capacity,

20                    Defendant.

21

22

23

24

25

26

27

28    Response to Motion for Protective Order               1              Law Office of Joseph Thomas
                                                                           14625 SE 176th St., Apt. N101
      For Plaintiff's second set of discovery requests                     Renton, Washington
                                                                           Phone (206)390-8848
      Case 2:17-cv-00642

Ms. Dalessio responds to Defendants' [second] Rule 26(c) motion for a protective order from Ms. Dalessio's second set of discovery requests.

## I.      INTRODUCTION

Defendants have two pending motions for protective order before this Court seeking protection from the same discovery requests – Plaintiff's second set of discovery requests. Defendants never explain to this Court, or to Plaintiff for that matter, why it is necessary to file "another Motion for a Protective Order" seeking protection from the same discovery requests twice. Dkt. 118-2 at 3 (identifying Mr. Chen as testifying to this Court that if Plaintiff's attorney is not willing to agree to a stay, then Defendants will note up "another Motion for a Protective Order").

Defendants refused to comply with good faith requirements of the Federal Rules of Civil Procedure 26(c) and Local Civil Rules before filing its motions.

## II.      FACTUAL BACKGROUND

### 1.  Motion for a Protective Order

This is Defendants' second pending motion for a protective order which was filed on October 25, 2018. [Dkt. 117]. Defendants' first motion for a protective was filed on October 15, 2018. Dkt. 111. Defendants' first and second motion for a protective order were filed within eight (8) business days of each other. *C.f.* Dkt. 111; Dkt. 117. Both motions for a protective order are currently pending before this Court. *See generally* Docket. Defendants never withdrew their first pending motion for protective order, which was noted to be considered by this Court on October 26, 2018. *See* Dkt. 111.

Both of Defendants' motions for a protective order are seeking the exact same thing – a blanket protective order from Plaintiff's second set of discovery requests. In Defendants' second motion for a protective order, Defendants state in their conclusion, in pertinent part, "Defendants are not required to respond to Plaintiff's Second Set of Discovery Requests." Dkt. 117 at 10. This is almost exact same language found in the proposed order for Defendants first motion for a protective order requesting this court to grant "Defendants' Request for a Protective Order to Stay Plaintiff's Pending Second Set of Discovery." Dkt. 112.  Both motions for a protective order are

2

blanket requests seeking a general stay of Plaintiff's second set of discovery requests.  *C.f.* Dkt. 111 and Dkt. 117.

Defendants list good cause to bring the second motion for a protective order from Plaintiff's second set of discovery requests as "obvious tactical gamesmanship should not be rewarded." Dkt. 117 at 2.

## 2. Procedural History

Pro bono counsel Joseph Thomas was appointed to this lawsuit on January 19, 2018.  Dkt. 67.  This Court ordered that within thirty (30) days of Mr. Thomas' appointment as pro bono counsel, for both parties to have a Rule 26(f) conference to plan for discovery and to submit an amended joint status report based upon the 26(f) conference.  Dkt. 67.

In the February 20, 2018 amended joint status report, when discussing discovery, Defendants position was that "discovery is closed" except that Defendants left open the possibility of a "small supplemental production" depending on the disposition of Plaintiff's discovery motions.  Dkt. 69 at 5.  "Defendants would object to any additional discovery." Dkt. 69.

On March 07, 2018, this Court reset the deadline for filing motions related to discovery to June 06, 2018 and reset the deadline for dispositive motions for August 06, 2018.  Dkt. 73.

On April 26, 2018, this Court issued a minute order expressing concerns with Plaintiff's pending discovery motions and Defendants' pending motion for summary judgment. Dkt. 88. Specifically, this Court ordered Defendants to identify whether the summary judgment motion would be ruled on "as-is" of if Defendants would file an "updated dispositive motion (or motions) at the appropriate time." Dkt. 88.

On May 09, 2018, in a joint status report Defendants told this Court that they would "voluntarily withdraw its pending motion for summary judgment [Dkt. No. 27] with the intent to file updated dispositive motions addressing the Amended Complaint at the appropriate time." Dkt. 90 at 2.

On May 31, 2018, this Court issued an order that reset discovery and extended the discovery deadlines.  Dkt. 91.  The deadline for filing motions related to discovery was set for

1   August 06, 2018.

2          On June 07, 2018, this Court issued an order extending discovery yet again, noting "that at

3   the time of this Order named defendants have yet to file and serve an Answer to the First

4   Amended Complaint."   Dkt. 94.   This Court extended the deadlines for motions related to

5   discovery until August 17, 2018 and dispositive motions until September 17, 2018.  Dkt. 94.

6          On June 12, 2018, Defendants filed their answer to the Complaint with this Court.  Dkt.

7   95.

8          On June 16, 2018, this Court set by order a new case schedule.  Dkt. 96. The deadline for

9   filing discovery motions was extended until November 07, 2018.  Dkt. 96.  The deadline for filing

10  dispositive motions was extended until January 07, 2019.  Dkt. 96.

11         On September 21, 2018, Defendants filed an amended answer to the complaint with this

12  Court adding two new affirmative defenses of discretionary immunity and good faith immunity.

13  Dkt. 107.

14         On September 28, 2018, Plaintiff served her second set of discovery requests upon

15  Defendant.  Dkt. 118-1 at 13.

16                     **III.        EVIDENCE RELIED UPON**

17         When bringing Plaintiff's response to Defendants' [second] motion for a protective order

18  which seeks a stay for the second time on Plaintiff's second set of discovery requests, Plaintiff

19  relies upon the following documents:

20         • Dkt. 111 and attachments – Defendants' [first] motion for a protective order

21            seeking to stay Plaintiff's second set of discovery requests

22         • Dkt. 112 – Defendants' proposed order for first motion for a protective order

23         • Dkt. 114 – Plaintiff's response to Defendants first motion for a protective order

24         • Dkt. 115 – Declaration of Joseph Thomas

25         • Dkt. 116 – Declaration of Julie Dalessio

26         • Dkt. 117 – Defendant's [second] motion for a protective order seeking to stay

27            Plaintiff's second set of discovery requests

28         • Dkt. 118 and attachments – Declaration of Derek Chen

4

- The documentation and declarations filed with this response to Defendants' [second] motion for a protective order

## IV. LEGAL STANDARD

The plain language of Federal Rule of Civil Procedure 26(c) requires parties "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Rule 26(c); *accord* LCR 26(c).

It is a condition precedent for a Rule 26(c) motion for a protective order, that the moving party "demonstrate they acted in good faith to resolve the issue among themselves" without the court's involvement. *Robinson v. Potter*, 453 F. 3d 990, 995 (8th Cir. 2006).

There is a legal distinction between an attempt to meet and confer and a good faith attempt to meet and confer before a motion for a protective order is filed. *Naviant Marketing Solutions v. Larry Tucker*, 339 F. 3d 180, 186 (3rd Cir. 2003) (explaining "that sending a fax and demanding a response by the next business day and threatening to file a motion to compel is a token effort rather than a sincere effort" and does not meet the requirements of a good faith effort to meet and confer).

The Federal Rules of Civil Procedure "of course, were designed to make pretrial and discovery uniform across the country and to prevent 'trial by ambush.'" *Smith v. Ford Motor Co.*, 626 F. 2d 784, 797 (10th Cir. 1980); *United States v. First Nat. Bank of Circle*, 652 F. 2d 882, 886 (9th Cir. 1981) (stating disregard of the principles stated in Rule 1 of the Federal Rules of Civil Procedure "would bring back the days of trial by ambush and discourage timely preparation by the parties for trial").

## V. ARGUMENT

**1. Defendants' [second] motion for a protective order fails because Defendants did not make a good faith effort to meet and confer before filing this Rule 26(c) motion**

As a matter of law, Defendants did not make a good faith effort to meet and confer before filing this [second] motion for a protective order. If Defendants made any effort to meet and confer at all, at best it is a token effort, not a good faith effort as the court rules require. Because

5

1   Defendants did not fulfill the condition precedent of making a good faith effort to meet and

2   confer before filing the [second] motion for a protective order, this [second] motion for a

3   protective order must be summarily denied and Defendants must pay Plaintiff's attorney's fees.

4        Federal Rules of Civil Procedure 26(c) requires that before a motion for a protective order

5   is filed with the court both parties must make a "good faith" effort to meet and confer to "resolve

6   the dispute without court action."   Rule 26(c); *accord* LCR 26(c).   There is a legal distinction

7   between an attempt to meet and confer and a good faith attempt and confer before a motion for a

8   protective order is filed. *Naviant Marketing Solutions v. Larry Tucker*, 339 F. 3d 180, 186 (3rd

9   Cir. 2003) (explaining "that sending a fax and demanding a response by the next business day and

10  threatening to file a motion to compel is a token effort rather than a sincere effort" and does not

11  meet the requirements of a good faith effort to meet and confer).

12       **A.  Defendants did not make a good faith effort to meet and confer because**

13            **Mr. Chen made a token effort to meet and confer by only giving two days**

14            **to schedule and meet pursuant to Rule 26(c)**

15       As a matter of law, Defendants did not make a good faith effort to meet and confer by

16  sending an email and demanding to meet and confer within the next two business days and

17  threatening to file a motion for a protective order if the meeting does not occur within

18  Defendants' unilateral timeframe.   Defendants only made a token effort rather than a sincere

19  effort to meet and confer.   Courts must not reward parties who make token efforts to meet and

20  confer rather than genuinely and sincerely trying to work out the discovery issues without the

21  court's involvement.

22       In *Naviant Marketing Solutions v. Larry Tucker*, the United States Court of Appeals for

23  the Third Circuit identified the legal difference between a good faith effort to meet and confer and

24  a token effort to meet and confer. *Naviant Marketing Solutions v. Larry Tucker*, 339 F. 3d 180,

25  186-87 (3rd Cir. 2003).   There the United States Court of Appeals for the Third Circuit

26  specifically identified the Plaintiff in that case repeatedly "sought the intervention of the court

27  without first seeking to work out the conflict with defense counsel." *Id.* at 187.   The *Naviant*

28  court used the example of "sending a fax and demanding a response by the next business day and

6

1    threatening to file a motion to compel is a token effort rather than a sincere effort." *Id.* at 186.

2        Here Defendants have filed two pending motions for protective orders from Plaintiff's

3    second set of discovery requests.  Dkt. 111; Dkt. 117. Both the [first] and [second] motions for

4    protective orders are substantive the same, which seek a blanket court protection from Plaintiff's

5    second set of discovery requests. Dkt. 111; Dkt. 117.  For Defendants [second] motion for a

6    protective order, Defendants' attorney Derek Chen sought to meet and confer by sending an email

7    and demanding to meet and confer within the next two business days.  Dkt. 118 at 1.  When

8    Plaintiff's attorney Joseph Thomas responded less than twenty-four (24) hours later and stated

9    that he did not have any availability during the only two days given, but Mr. Thomas would have

10   availability two business days later, Mr. Chen went ahead and filed a [second] motion for a

11   protective order.  Dkt. 118-2 at 2-3; *see also* Dkt. 118.

12       The facts surrounding Defendants' [second] motion for a protective order track the facts

13   of a "token effort" to meet and confer as identified by the *Naviant* court.  *Naviant Marketing*

14   *Solutions v. Larry Tucker*, 339 F. 3d 180, 186-87 (3rd Cir. 2003).  In the *Naviant* court and here,

15   both only offered to meet and confer a single time.  Also, here and in the *Naviant* court's example

16   both only gave a very limited scope in which to meet and confer.  Mr. Chen demanded that Mr.

17   Thomas meet and confer within two business days.  Dkt. 118-2 at 2-3; *see also* Dkt. 118.  When

18   Mr. Thomas responded that he did not have availability either day, but he did have availability

19   starting the following business day after Mr. Chen's unilateral timeline, Mr. Chen went ahead and

20   filed the [second] motion for a protective order.  Dkt. 118-2 at 2-3; *see also* Dkt. 118; Dkt. 117.

21       On top of the similarities from the *Naviant* case, already pending with this Court is

22   Defendants' [first] motion for a protective order that seeking the exact same relief from this court

23   – protection from Plaintiff's second set of discovery requests.  Defendants never explained why

24   they filed a [second] motion for a protective order or what was wrong with their [first] motion for

25   a protective order.  It was uncontested in the [first] motion for a protective order that Defendants

26   admitted to not meeting and conferring with Plaintiff before filing the motion. Dkt. 114 at 12-13.

27       Mr. Chen[1] never intended to make a good faith effort before filing this [second] (and

28   _____

[1] As member of Special Assistant Attorney General Jayne Freemna's law firm, Mr. Chen is hired by the University of

7

1  duplicative) motion for a protective order from Plaintiff's second set of discovery requests.  Mr.

2  Chen never gave Mr. Thomas a meaningful opportunity to engage in meeting and conferring.  Mr.

3  Chen filed a needlessly duplicative [second] motion for a protective order seeking a stay of

4  Plaintiff's second set of discovery just as defense counsel Jayne Freeman[2] asked in a pending

5  request eight business days earlier.  This court should not award Mr. Chen's gamesmanship in

6  making a token effort to meet and confer because Mr. Chen never made a sincere effort to work

7  out these problems without the court's intervention as required by the court rules.

8      **B. Defendants did not make a good faith effort to meet and confer because at**

9         **no point prior to filing this [second] motion for a protective order did**

10        **Defendants speak to Plaintiff about the second set of discovery requests**

11     Defendants made nothing more than a "token effort" to meet and confer, instead of a good

12  faith effort to meet and confer because Defendants did not speak to Plaintiff about the disputed

13  second set of discovery requests until after the [second] motion for a protective order was filed

14  with this Court.

15     As a matter of law, "token efforts" to meet and confer are insufficient to meet the "good

16  faith" requirement to meet and confer under Rule 26(c). *Naviant Marketing Solutions v. Larry*

17  *Tucker*, 339 F. 3d 180, 186-87 (3rd Cir. 2003).

18     Here at no point prior to filing the [second] motion for a protective order from Plaintiff's

19  second set of discovery requests did neither Mr. Chen nor Ms. Freeman contact Mr. Thomas to

20  speak about the discovery to work out the problems without the court's intervention.

21  Furthermore, Defendants Rule 26(c)(1) certification to this court [Dkt. 117 at 4] and Mr. Chen's

22  accompanying declaration are both silent on the fact that a discovery conference took place

23  concerning Plaintiff's second set of discovery requests. Dkt. 118. In fact, neither Mr. Chen nor

24  Ms. Freeman even provided Defendants' responses to the second set of discovery until after the

25  motion for a protective order was filed with this Court.  *See* Declaration of Joseph Thomas.

26     It is not good faith for Defendants' attorneys to file multiple motions for protective orders

27  ─────────────────────────────
Washington and the Washington State Attorney General "because of [his] expertise."  Dkt. 74-2 at 9.
[2] Special Assistant Attorney General Jayne Freeman "[has] been retained" by the University of Washington and the
28  Washington State Attorney General "because of [her] expertise."  Dkt. 74-2 at 9.

that seek protection from Plaintiff's second set of discovery requests without even talking to Plaintiff about it.  Defendants failed in their duty under Rule 26(c) to work with Plaintiff about discovery issues without the court's involvement before filing a motion.  Defendants cannot claim they acted in good faith, while abdicating their duties at the same time.     Defendants have not demonstrated good faith to this Court.

> **2. Defendants' actions are an admission that good cause does not exist for a blanket protective order**

After a discovery conference on October 31, 2018, regarding in part Defendants' [second] motion for a protective order, Defendants agreed to produce documents in response to requests for production 16-23.  These are some of the same documents that Defendants are still seeking a blanket protective order from in this motion.  Because Defendants are producing discovery documents from which they are currently seeking protection, this is an admission that Defendants do not have good cause for a blanket protective order.[3]

"A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F. 3d 1122, 1130 (9th Cir. 2003); *Phillips ex rel. Estates of Byrd v. GM Corp.*, 307 F. 3d 1206, 1210-11 (9th Cir. 2002).  "[B]lanket protective order often covers materials that would not qualify for protection if subjected to an individualized analysis." *Perry v. Brown*, 667 F. 3d 1078, 1086 (9th Cir. 2012).  "[A] party seeking the protection of the court via a blanket protective order typically does not make the 'good cause' showing required by Rule 26(c) with respect to any particular document." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F. 3d 1122, 1133 (9th Cir. 2003). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id.*

Discovery is meant to "make a trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent. Only strong public

---

[3] Defendants argue

9

1   policies weigh against disclosure."[4] *United States v. Procter & Gamble Co.*, 356 US 677, 682

2   (1958) (internal citations omitted).

3        Here Defendants are asking this Court for a protective order from all of Plaintiff's second

4   set of discovery requests.  *See* Dkt. 117.  The footer of the [second] motion for a protective order

5   identifies it is for Plaintiff's second set of discovery requests.  In the conclusion, Defendants state

6   they are seeking an "order stating Defendants are not required to respond to Plaintiff's Second Set

7   of Discovery Requests to Defendants."  Dkt. 117 at 10.

8        Specifically, Defendants' [second] motion for a protective order identifies requests for

9   production 16-23.  But Defendants have agreed after the discovery conference to produce

10   requests for production 16-23 from Plaintiff's second set of discovery requests.

11        Defendants are 'crying wolf' when stating, without a discovery conference, that Plaintiff's

12   entire second set of discovery requests are harmful.  Defendants own actions are an admission

13   that Plaintiff's discovery is not harmful, otherwise Defendants would not have agreed to produce

14   any of the second set of discovery.  These tactics of 'crying wolf' by filing a blanket protective

15   order against all of Plaintiff's second set of discovery requests, without holding a discovery

16   conference beforehand, is antithetical to the Federal Rules of Civil Procedure.

17        The purpose of the Rule 26(c) requirement of meeting and conferring before filing a

18   motion is meant for judicial efficiency, so that the parties can try to work out the issues without

19   the court's involvement. *Robinson v. Potter*, 453 F. 3d 990, 995 (8th Cir. 2006).

20        After agreeing to produce some of the documents requested in Plaintiff's second set of

21   discovery requests, it is no longer possible for Defendants to maintain their request for a blanket

22   protective order.

23       **3.  It is not good cause pursuant to Rule 26(c) to seek a protective order as a sanction**

24        Protective orders are meant to act as a shield and not a sword.  Defendants are

25   impermissibly seeking a protective order as sword to attack Plaintiff because the second set of

26   discovery requests are a "product of Plaintiff's counsel's questionable (at best) representations

27   regarding his availability."  Dkt. 117 at 4. By using Rule 26(c) as a sword and not a shield, as

---

28   [4] Blind man's buff or blind man's bluff is a variant of tag in which the player who is "It" is blindfolded.

1    intended, Defendants do not intend to protect themselves from discovery, but punish what they

2    perceive to be a wrong.

3         The plain language of Federal Rule of Civil Procedure 26(c) identifies the rule is meant to

4    be used as a shield instead of sword.  First, the rule is called "protective orders."  Rule 26(c).

5    Second, the rule identifies that protective orders are given to avoid "annoyance, embarrassment,

6    oppression, or undue burden or expense."  *Id.*

7         Here Defendants are clear that this protective order is sought as a sanction to punish

8    Plaintiff and her attorney.  Defendants have not submitted any evidence of what would be

9    protected by this protective order.  More specifically, Defendants have not even attempted to

10   demonstrate that producing the requested discovery will cause "annoyance, embarrassment,

11   oppression, or undue burden or expense."  Rule 26(c).

12        The stated intention of Defendants is to produce responses to Plaintiff's second set of

13   discovery requests after Defendants motion for summary judgment has been ruled upon.  Dkt.

14   117 at 1 ("until their Motion for Summary Judgment, filed today, is heard"); Dkt. 117 at 10

15   ("until Defendants' Motion for Summary Judgment has been heard and ruled on").

16        There is no annoyance, embarrassment, oppression, or undue burden or expense that

17   would arise from Defendants responding to this discovery either now or later.

18        **4.  This Court must strike Defendants unsubstantiated personal attacks from the**

19   **record**

20        This Court has the inherent power to strike Defendants unsubstantiated personal attacks

21   from the record.  The effects of these unsubstantiated personal attacks are to prejudice Plaintiff

22   and to harass her pro bono attorney.

23        "The inherent powers are mechanisms for 'control necessarily vested in courts to manage

24   their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Ready*

25   *Transp., Inc. v. AAR Mfg., Inc.*, 627 F. 3d 402, 404 (9th Cir. 2010) (quoting *Chambers v. Nasco,*

26   *Inc.*, 501 US 32, 43 (1991)). This power allows federal courts strike documents submitted as

27   exhibits out of a motion. *Ready Transp..*, 627 F. 3d at 404; *Lazy Y Ranch Ltd. v. Behrens*, 546

28   F.3d 580, 586-87, 588 (9th Cir.2008).  This power allows federal courts strike briefs and

11

1   pleadings "as either scandalous, impertinent, scurrilous, and/or without relevancy." *Ready*

2   *Transp..*, 627 F. 3d at 404; *Carrigan v. Cal. State Legislature*, 263 F.2d 560, 564 (9th Cir.1959).

3      Defendants going on ad nauseum about Mr. Thomas' availability. This is completely

4   irrelevant to the motion for a protective order. There is no substantiation in the record to support

5   these impertinent allegations.

6      Here are some of the examples of attacks by Defendants against Plaintiff's pro bono

7   attorney's character: **First.** "After some discussion about Mr. Thomas' repeated long periods of

8   unavailability, defense counsel agreed not to file their Motion for Summary Judgment until Mr.

9   Thomas returned." Dkt. 117 at 3. There is no reason why Defendants should be filing dispositive

10  motions during Mr. Thomas' unavailability. This is the definition of an ambush to surprise the

11  opposing party during the opposing attorney's unavailability. *United States v. First Nat. Bank of*

12  *Circle*, 652 F. 2d 882, 886 (9th Cir. 1981). Defendants are disingenuous at best with their outrage

13  concerning Plaintiff's pro bono attorney's unavailability in September and October 2018.

14  Defendants were on notice of this unavailability back in February 2018 from the joint status

15  conference. Dkt. 69 at 12. The record is absent that any time prior to September 2018 did

16  defendants object to Mr. Thomas' unavailability, despite having direct knowledge for more than

17  seven months. **Second.** "Despite knowing that Mr. Thomas apparently did have internet access,

18  defense counsel kept their word and waited until Mr. Thomas returned to file their motion for

19  summary judgment." Dkt. 117 at 3; Dkt. 117 at 5. Whether Mr. Thomas had internet is not the

20  issue. The issue is the character of discovery and not the character of Mr. Thomas. Defendants

21  should be arguing whether there is good cause for a protective order and not attacking Mr.

22  Thomas over internet access. **Third**. Defendants state that Plaintiff's attorney made accusatory

23  remarks when attorney's for defendants tried to contact the attorney for Plaintiff during his

24  unavailability. Dkt. 117 at 3-4. This has nothing do with the motion for a protective order.

25  Defendants are talking about allegations of ambush that occurred three months ago and were

26  never raised with this Court before.

27      This Court must strike these personal attacks from the record. Keeping these personal

28  attacks in the record prejudice Plaintiff and harass her pro bono attorney. Defendants' attorneys

12

1    should not be paid to personally attack Plaintiff's pro bono counsel.  Plaintiff's pro bono counsel

2    is volunteering this time on this case in the interest of justice.  A volunteer attorney should not

3    have to face unsubstantiated attacks against him in litigation and have these unsubstantiated

4    attacks permanently published about him in the record.

5        **5.  Conclusion**

6        Defendants seek a protective order from this court in bad faith. Defendants motion for a

7    protective order fails and must be denied because Defendants did not make a good faith effort to

8    meet and confer before filing this motion, pursuant to the requirement of Rule 26(c). Moreover,

9    as argued above for multiple reasons, Defendants do not have good cause in order to bring this

10    motion for a protective order. Defendants impermissibly seek a protective order from this court as

11    a sanction against Plaintiff and Plaintiff's pro bono counsel.[5]

12        This Court must award sanctions pursuant to Rule 37(a)(5)(B) if this Court denies

13    Defendants' application for a protective order.

14        This Court must also order Defendants to immediately produce all responses to Plaintiff's

15    second set of discovery requests.

16        This Court must continue Defendants Motion for Summary Judgment and give Plaintiff a

17    meaningful opportunity to review responses to Plaintiff's second set of discovery requests before

18    re-noting the motion for summary

19

20        Respectfully submitted this 06 day of November 2018

21                              Law Office of Joseph Thomas

22

23                            ___/s/ Joseph Thomas_____
                              Joseph Thomas, WSBA 49532

24

25

26

27    _____

    [5] *E.g.* Defendants are impermissibly seeking a protective order as sword to attack Plaintiff because the second set of

28    discovery requests are a "product of Plaintiff's counsel's questionable (at best) representations regarding his
    availability."  Dkt. 117 at 4.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Certificate of Service**

      I hereby certify that on 05 of November 2018, I filed the foregoing with the Clerk of the Court through the CM/ECF system which will automatically send electronic mail notification of such filing to the CM/ECF registered participants as identified on the Electronic Email Notice List.

                                                    _____/s/ Joseph Thomas_____
                                                    Joseph Thomas, WSBA 49532
                                                    14625 SE 176th St., Apt. N101
                                                    Renton, WA 98058
                                                    (206) 390-8848