The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIE DALESSIO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON, a Washington Public Corporation; Eliza Saunders, Director of the Office of Public Records, in her personal and official capacity; Alison Swenson, Compliance Analyst, in her personal capacity; Perry Tapper, Public Records Compliance Officer, in his personal capacity; Andrew Palmer, Compliance Analyst, in his personal capacity; John or Jane Does 1-12, in his or her personal capacity,<br><br>Defendant. | No. 2:17-cv-00642-MJP<br><br>DECLARATION OF JOSEPH THOMAS IN SUPPORT OF DENIAL OF DEFENDANTS' [SECOND] MOTION FOR A PROTECTIVE ORDER<br><br>**Note on Motion Calendar November 09, 2018** |

I, Joseph Thomas, declare as follows:

1. I am the court-appointed pro bono counsel for Plaintiff Julie Dalessio in this above entitled lawsuit. I make this declaration based upon my own personal knowledge, upon facts which are admissible in evidence. I am competent to testify to the matters set forth in this declaration.

Declaration
Case 2:17-cv-00642

1

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

2. Attached as **<u>Exhibit A</u>** is a true and correct copy of an email from Defendants' attorney Derek Chen to Plaintiff's attorney Joseph Thomas (me) on October 29, 2018 at 10:24 AM.

3. Attached as **<u>Exhibit B</u>** is a true and correct copy of an email from Defendants' attorney Derek Chen to Plaintiff's attorney Joseph Thomas (me) on October 31, 2018 at 5:14 PM.

**Meet and Confer for Protective Order – October 31, 2018**

4. I received an email from defense counsel Derek Chen on October 23, 2018 at 4:00 PM demanding that I meet and confer with Defendants regarding their [second] motion for a protective order from Plaintiff's second set of discovery requests. Dkt. 118-2.

5. I did not understand why Mr. Chen was emailing me about a protective order because at approximately 10:30 AM that morning (about 5.5 hours earlier) I submitted a response [Dkt. 114] to Defendant's [first] motion for a protective order from Plaintiff's second set of discovery requests to this Court. Dkt. 111 (identifying Defendants' [first] motion for a protective order).   What Mr. Chen was asking me to talk about was the same substance that I had just addressed in detail responding to Defendants' [first] motion for a protective order seeking to stay Plaintiff's second set of discovery requests. *See* Dkt. 111; Dkt. 114.

6. I responded to Mr. Chen on October 24, 2018 at 10:27 AM stating that I had limited availability on October 29-31, 2018.  I told Mr. Chen my hope was that "we can work together and come to a mutual agreement."  Dkt. 118-2.

7. Mr. Chen then filed the motion for a protective order with this Court the very next day. Dkt. 117.

8. On October 25, 2018 Defendants filed their [second] motion for a protective order and a motion for summary judgment.

9. On October 29, 2018 Mr. Chen emailed me stating that he wanted to talk with me about Plaintiff's second set of discovery requests on October 31, 2018 at 9:00 AM. *See* Ex. A.

10. On October 31, 2018 attorneys for both Plaintiff and Defendants met and conferred for the first time about Plaintiff's second set of discovery requests. In this Rule 26(c) conference, Defendants' attorneys Mr. Chen and Jayne Freeman asked what discovery was necessary out of Plaintiff's second set of discovery requests, that Plaintiff would need prior to summary judgment.

11. In the Rule 26(c) discovery conference on October 31, 2018, I told Mr. Chen and Ms. Freeman that out of Plaintiff's second set of discovery requests, that at the very least requests for production 16-23 were necessary in order to argue summary judgment. This did not include the documents I thought were necessary from initial disclosures and Plaintiff's first set of discovery requests. Ms. Freeman and Mr. Chen expressly refused to talk about Plaintiff's first set of discovery requests because Defendants considered their objections final to the previous discovery and stated they would only talk about Plaintiff's second set of discovery requests.

12. After I explained the necessity of requests for production 16-23 from Plaintiff's second set of discovery requests, both Ms. Freeman and Mr. Chen agreed to produce the responsive documents as quickly as possible because it would directly impact Plaintiff's ability to meaningfully respond to the pending motion for summary judgment. *See* Ex. B.

13. Defendants have submitted two separate requests for blanket protective orders from Plaintiff's second set of discovery requests. Dkt. 111 (request for a blanket protective order from Plaintiff's second set of discovery); Dkt. 117 (motion for a blanket protective order from Plaintiff's second set of discovery). Plaintiff's requests for production 16-23 are found in Plaintiff's second set of discovery requests served September 28, 2018. Dkt. 118-1.

14. At no time prior to October 31, 2018 did Defendants' attorneys and I meet and confer about Plaintiff's second set of discovery requests.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge.

DATED this 05 day of November 2018, at Seattle, Washington.

          ___/s/ Joseph Thomas_____
          Joseph Thomas
          Pro Bono Attorney for Plaintiff

**Certificate of Service**

I hereby certify that on 06 of November 2018, I filed the foregoing with the Clerk of the Court through the CM/ECF system which will automatically send electronic mail notification of such filing to the CM/ECF registered participants as identified on the Electronic Email Notice List.

          ___/s/ Joseph Thomas_____
          Joseph Thomas, WSBA 49532
          14625 SE 176th St., Apt. N101
          Renton, WA 98058
          (206) 390-8848