The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIE DALESSIO, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNIVERSITY OF WASHINGTON, ET. AL.,<br><br>　　　　　Defendant. | No. 2:17-cv-00642-MJP<br><br>DECLARATION OF JULIE DALESSIO IN SUPPORT OF DENIAL OF DEFENDANTS' MOTION FOR A PROTECTIVE ORDER<br><br>**Note on Motion Calendar November 09, 2018** |

I, Julie Dalessio, declare as follows:

1. I am the Plaintiff in this above entitled action. I make this declaration based upon my own personal knowledge, upon facts which are admissible in evidence. I am competent to testify to the matters set forth in this declaration.

2. It's been nine months since Mr. Thomas was appointed as pro bono attorney in this case. During this time, Mr. Thomas has diligently sought relevant discovery from defendants, formally and informally, only to have to endure Ms. Freeman's and Mr. Chen's continuing insults directed at him personally, inferring serious character defects. These unsubstantiated personal attacks are now permanently published on

Declaration
Case 2:17-cv-00642

1

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

PACER to anyone for anyone to view.

3. On September 28, 2018 Mr. Thomas served upon Defendants my second set of discovery requests. Dkt. 118-1.  Many of these discovery requests were brought based on Defendants' first amended complaint, filed with this Court on September 21, 2018, only a week prior.  Dkt. 107.

4. Defendants did not even serve written responses to these discovery requests until October 29, 2018.  Once again these responses are not signed by any of the parties, and are full of objections.

5. Attached as **Exhibit A** is a true and correct copy of Defendants' responses to Plaintiff's second set of discovery requests on October 29, 2018.

6. I do not know of any discussions by email or phone between Mr. Thomas, Ms. Freeman, and Mr. Chen prior to October 31, 2018, regarding my second set of discovery requests, that are the subject of Defendants' motion for a protective order.  I have seen emails arising out of the October 31, 2018 telephonic conference between Mr. Thomas, Ms. Freeman, and Mr. Chen where Mr. Chen promised to produce responsive documents from request for production 16-23 out of my second set of discovery requests.  *See* Dkt. 125-2.

7. Starting from the start of this lawsuit to when I was acting as my own lawyer to now when I have pro bono counsel representing me, Ms. Freeman and Mr. Chen have harassed me with discovery.  Ms. Freeman and Mr. Chen routinely produce massive amounts of documents in response to discovery requests that are mainly duplicative and frivolous.  An example of a frivolous answer can be seen Defendants' response to interrogatory number 6, which is not certified pursuant to Rule 33(b)(3).  Dkt. 113-12.  This is indicative of Defendants responses to discovery that is uncertified, incomplete, misleading, conflicting answers.

8. Defendants have objected to every request for production, while at the same time providing thousands of pages of incomplete, mixed up pages of documents.

9. This behavior by Defendants has continued with Defendants responses to the second

1  set of discovery requests. *See* Ex. A. Defendants still have not certified the
2  interrogatories in the second set of discovery, as they are required to in Rule 33(b)(3).
3  Ex. A. Defendants have objected to every request for production in the second set of
4  discovery requests and have two pending motions for blanket protective orders, as the
5  time of the filing of this declaration.

6  10. Even now, I have no information regarding the location or chain of custody of any of
7  the documents in the possession of Defendants, that are at issue in this lawsuit. This is
8  an issue of material fact that will be discussed in Defendants' pending motion for
9  summary judgment.

10  11. Ms. Freeman's and Mr. Chen's tactics are obstructing my constitutional right to
11  meaningful access to the Court as provided by the First Amendment to the United
12  States Constitution. I am not able to verify the facts of this case in discovery because
13  of Ms. Freeman's and Mr. Chen's discovery abuse. Without being able to flesh out
14  the facts of this case through discovery, I fear I will not be able to argue the facts of
15  this case in summary judgment or at trial.

16  12. Defendants, through their attorneys, Ms. Freeman and Mr. Chen have now published
17  two pending motions for protective orders against me in PACER. This information is
18  now linked to my name forever on the world wide web, along with all of the other
19  personal identifying and other personal, confidential and other stigmatizing
20  information that Defendants and their attorneys have published about me as described
21  in my complaint, Dkt. 82.

22  13. I fear the strain that the unfounded attacks by Ms. Freeman and Mr. Chen are having
23  on my pro bono attorney, Mr. Thomas. Not only is this distracting from the real issues
24  in this case, but Mr. Thomas should not have to suffer through these unfounded
25  personal attacks especially when he is volunteering his time.

26  14. I know that Mr. Thomas filed notices with the court and communicated to Ms.
27  Freeman and Mr. Chen regarding his unavailability, because Mr. Thomas forwards all
28  emails regarding this case to me. Mr. Thomas represented to me that he had a long-

scheduled trip planned out of the country, in an area with unreliable access to electricity and internet service, to visit his wife's family and celebrate their marriage. Ms. Freeman's and Mr. Chen's accusations and insinuations to this court regarding Mr. Thomas' personal schedule is insulting to say the least. Even if Ms. Freeman and Mr. Chen were unconstitutionally stalking Mr. Thomas and had determined that Mr. Thomas had not really travelled, but merely sat at home binging Netflix, the only unprofessional behavior is that of Freeman and Chen. Mr. Thomas has the right to unavailability just like anyone else, including Ms. Freeman and Mr. Chen who have noted unavailability in this case.

15. On top of that, arguing to this court that I should not be allowed discovery because of their false assertions, suspicions and insinuations is ridiculous, but at the same time it's disturbing to me that Freeman and Chen are using such dishonest tactics.

16. Their obfuscations, prevarications, false assertions and insinuations are especially offensive in the context of defendants' and counsel for defendants, Ms. Freeman's and Mr. Chen's CM/ECF court submissions, which are forever linked to my name on the world wide web, and available to anyone.

17. I feel harassed and threatened by their unreasonable, unprofessional, overwhelming, and insulting responses to my concerns, and is exacerbating my underlying medical problems which include headaches, insomnia, joint pain and inflammation.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge.

DATED this 05 day of November 2018, at Seattle, Washington.

_____
Plaintiff Julie Dalessio

**Certificate of Service**

I hereby certify that on 06 of November 2018, I filed the foregoing with the Clerk of the Court through the CM/ECF system which will automatically send electronic mail notification of such filing to the CM/ECF registered participants as identified on the Electronic Email Notice List.

       /s/ Joseph Thomas
Joseph Thomas, WSBA 49532
14625 SE 176th St., Apt. N101
Renton, WA 98058
(206) 390-8848