1

2

3

4

5

6

7

The Honorable Marsha J. Pechman

8            UNITED STATES DISTRICT COURT

9           WESTERN DISTRICT OF WASHINGTON

10

11   JULIE DALESSIO, an individual,              No.  2:17-cv-00642-MJP

12              Plaintiff,                        PLAINTIFF'S SECOND SET OF
                                                  DISCOVERY REQUESTS *WITH*
13        v.                                      *OBJECTIONS AND RESPONSES*

14   UNIVERSITY OF WASHINGTON, a
     Washington Public Corporation; Eliza
15   Saunders, Director of the Office of Public
     Records, in her personal and official
16   capacity; Alison Swenson, Compliance
     Analyst, in her personal capacity; Perry
17   Tapper, Public Records Compliance
     Officer, in his personal capacity; Andrew
18   Palmer, Compliance Analyst, in his
     personal capacity; John or Jane Does 1-12,
19   in his or her personal capacity,

20              Defendants.

21

22       Comes now, Ms. Julie Dalessio, through her attorney Joseph Thomas, submits the

23   following Interrogatories and Requests for Production of Documents pursuant to Fed. R. Civil P.

     33 and 34.
24
         I.   <u>INTERROGATORIES</u>. In accordance with Rule 33 of the Federal Rules of Civil
25
     Procedure, you are required to answer the following interrogatories under oath within thirty (30)
26
     days after you receive them.  These interrogatories are intended to discover information and/or
27

28   PLAINTIFF'S SECOND SET OF              1          Law Office of Joseph Thomas
     DISCOVERY REQUESTS *WITH*                         14625 SE 176th St., Apt. N101
     *OBJECTIONS AND RESPONSES*                        Renton, Washington
                                                       Phone (206)390-8848
     Case 2:17-cv-00642

documents not only within your personal knowledge or obtainable by you, but also information in possession of or obtainable by your attorneys, investigators, representatives, employees, agents, or anyone acting on your behalf or on their behalf.

These interrogatories are continuing in nature and any information which may be discovered by you subsequent to the service and filing of your answers must be brought to the attention of Plaintiff's attorney through supplemental answers when it becomes available to you. If there are any additions, deletions, or changes in the answers or information provided at any time prior to hearing you are specifically requested to immediately inform Plaintiff's attorney. If such information is not furnished, Plaintiff's attorney at the time of the hearing will move to exclude from evidence such information requested and not furnished.

When you answer to any interrogatory is based in whole or in part upon information supplied by an individual other than one appointed by you to sign and verify the answers, please specifically so state as part of your answer to that interrogatory and give that individual's name, address, and employment or other relationship with you.

If in responding to or failing to respond to these interrogatories and requests for production you invoke or rely upon any privilege of any kind, state specifically the nature of the privilege; the basis upon which you invoke, rely upon or claim it, including any statutory or decisional reference; and identify all documents or other information, including contacts and communications which you believe to be embraced by the privilege invoked.

II. <u>Request for Production of Documents</u>. In accordance with Rule 34 of the Federal Rules of Civil Procedure, the Defendant must provide Plaintiff's attorney a copy of the requested documents, identified by the request number, within thirty (30) days of your receipt of this request. If a request is made for documents which are no longer in Defendants' possession, please state when such documents were most recently in the possession of the Defendant, and what disposition, if any, was made of them. If such documents have been destroyed, please identify the person who destroyed them and the date of and reasons for their destruction.

Please provide complete answers and attach additional pages as needed. If records are

PLAINTIFF'S SECOND SET OF
DISCOVERY REQUESTS *WITH
OBJECTIONS AND RESPONSES*

Case 2:17-cv-00642

2

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1  available in electronic format, then please provide the records in electronic format.

2  <u>GENERAL INSTRUCTIONS</u>

3  If your answer to any interrogatory is "N/A" or "Not Applicable", describe in detail your

4  reasons for making such a reply.

5  In reply to any interrogatory, do not merely state "see attached records" unless you have

6  no additional memory of the matters referenced to in the interrogatory.  If you have any additional

7  memory of the relevant events, describe it in detail.

8  If records are available in electronic format, then please provide the records in electronic

9  format.

10  <u>DEFINITIONS</u>

11  For purposes of this discovery request the following abbreviations and definitions shall

12  apply.

13  1.    The terms "you" and "your" mean the party to whom these interrogatories are

14  addressed, and your attorneys, agents, employees, representatives, investigators, and any other

15  person who is in possession of, or who has obtained information on your behalf.

16  2.    The term "document" means any information stored in any form; any written,

17  recorded or graphic matter, however produced or reproduced; and copies and drafts thereof.

18  Without limiting the foregoing, "document" includes correspondence; telegrams; memoranda;

19  reports; notes; drafts; minutes; contracts; agreements; books; records; vouchers; invoices; diaries;

20  logs; calendar notes; computer printouts; memory programs; information stored in any data

21  processing or word processing system in whatever form; backup materials of any kind; card files;

22  press clippings; newspapers or newsletters; sworn or unsworn statements or employees; lists;

23  audits; tables of organization; deposit slips; monthly or other periodic statements; ledgers;

24  journals; notices; affidavits; court papers; appointment books; minutes or records of conferences

25  or telephone calls; brochures; receipts; written reports or opinions of investigators or experts;

26  status reports; drawings; charts; photographs; negatives; or tape recordings within your

27  possession, or subject to your control, of which you have knowledge, or to which you now have,

28  PLAINTIFF'S SECOND SET OF        3        Law Office of Joseph Thomas
DISCOVERY REQUESTS *WITH*                    14625 SE 176th St., Apt. N101
*OBJECTIONS AND RESPONSES*                   Renton, Washington
                                             Phone (206)390-8848
Case 2:17-cv-00642

1   or have had access, or of which any of your agents, attorneys, accountants, or consultants have

2   knowledge.  A comment or notation appearing on any document, not part of the original text, is to

3   be considered as a separate "document."

4        3.     The term "identify" and "fully describe" mean:

5        a.     When referring to a natural person, state his/her full name, his/her present or last

6   known business or home address if there is no business address.

7        b.     When referring to a document, state its title and date; identify the author or person

8   who prepared it and any signatories to it; give the type of document (e.g., letter, memorandum,

9   invoice); its present location and custodian; a summary of its contents, or principal terms and

10  provisions; the identity of its addresses and all other persons receiving it or copies of it.   If the

11  document so identified was, but is not any longer, in your possession, custody and control, state

12  what disposition has been made of it.  Attach a copy of it to your response to these

13  interrogatories.

14       c.     When referring to an act, transaction, event, incident, communication,

15  conversation or occasion, fully describe the matter.  State its date and place of occurrence (or if a

16  telephone call is involved, so state and provide the identity and location of all parties and identify

17  the person who initiated the call); identify each person participating in or witnessing the event;

18  describe in detail all circumstances leading up to or surrounding it; describe in detail what

19  occurred or transpired, and what was said by whom; and, identify all documents summarizing,

20  recording, reflecting, reporting, or containing a reference to it.

21       Dated this 27 day of September 2018.

22

23    /s/ Joseph Thomas     

24       Joseph Thomas

25       Attorney for Plaintiff

26

27

28  PLAINTIFF'S SECOND SET OF          4          Law Office of Joseph Thomas
    DISCOVERY REQUESTS *WITH*                    14625 SE 176th St., Apt. N101
    *OBJECTIONS AND RESPONSES*                   Renton, Washington
                                                 Phone (206)390-8848
    Case 2:17-cv-00642

1

## PRELIMINARY OBJECTIONS

2

3        Defendants object to the preambulary language and "instructions" in that they attempt to

4   impose obligations beyond those found in the civil rules. Defendants will respond pursuant to

5   Fed.R.Civ.P. 16, 26, 33 and 34.  Defendants also object to Plaintiff's requirement that they use

6   citations to documents in the Court records to respond to discovery. Defendants also filed a

7   request for a Protective Order staying this set of discovery requests pending a ruling on

8   Defendants' Motion for Summary Judgment noted for hearing on November 16, 2018.The basis

9   for the requested Protective Order is set forth in Dkts. 111 and 113 (Defendants' Opposition to

10  Plaintiff's Motion to Compel Initial Disclosures and Dec. of Freeman] and Dkts. 117, 118

11  (Defendants' Motion for Protective Order and Dec. of Chen).

12

## INTERROGATORIES

13

14  7.   Please fully explain and identify the current and past "Privacy Officials" responsible for

15       the documents disclosed in the public records requests for information pertaining to Julie

16       Dalessio.  When identifying which documents are the responsibility of each privacy

17       officer, please refer to the documents already filed with the court as: Dkts 32, 33, 34, and

18       38.

19

20  This interrogatory is addressed separately to and should be answered separately by:

21           A. University of Washington

22           B. Eliza Saunders

23           C. Perry Tapper

24           D. Alison Swenson

25           E. Andrew Palmer

26           F. John or Jane Does 1-12

27  **RESPONSE:  OBJECTION. Vague and confusing ("Privacy Officials"); Relevance;**

28

PLAINTIFF'S SECOND SET OF
DISCOVERY REQUESTS *WITH*
*OBJECTIONS AND RESPONSES*

Case 2:17-cv-00642

5

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1    **Not Likely to Lead to the Discovery of Admissible Evidence; Not Proportional to the Needs**

2    **of the Case; Scope ("current and past"); Overbroad.**  It is entirely unclear who Plaintiff is

3    referring to as a "Privacy Official."  No one in the Office of Public Records, and certainly no one

4    identified as being involved in this lawsuit, holds the title of "Privacy Official."  While the

5    University of Washington does have a newly-formed Privacy Office, it was not created until after

6    even the 16-00760 PRA request (by Ms. Dalessio for records related to her own employment

7    only), and therefore would have no relevance to the claims in this lawsuit.  Plaintiff is aware of all

8    of the individuals involved in handling Ms. Dalessio's requests, and has been for a long time.

9    Defendant reserves the right to supplement this response if Plaintiff decides to clarify this request.

10

11       8.   Please fully describe how you personally, each of the Defendants, respond to the release

12            of University records pursuant to bates stamped documents UW 004462-004467.  This is

13            also referred to as the administrative policy statement 57.9.

14

15       This interrogatory is addressed separately to and should be answered separately by:

16            A. University of Washington

17            B. Eliza Saunders

18            C. Perry Tapper

19            D. Alison Swenson

20            E. Andrew Palmer

21            F. John or Jane Does 1-12

22

23       **RESPONSE:**  **OBJECTION. Vague and confusing ("how you personally, each of the**

24       **Defendants, respond to the release of University records"); Relevance; Not Likely to**

25       **Lead to the Discovery of Admissible Evidence.**  Compliance Specialists such as Alison

26       Swenson and Andrew Palmer respond to Public Records Act (PRA) *requests*, not

27       *responses released*.  They are the individuals who produce the responses pursuant to their

28   PLAINTIFF'S SECOND SET OF                          6                Law Office of Joseph Thomas
     DISCOVERY REQUESTS *WITH*                                          14625 SE 176th St., Apt. N101
     *OBJECTIONS AND RESPONSES*                                         Renton, Washington
     _____                                                   Phone (206)390-8848
     Case 2:17-cv-00642

job duties as Analysts.  Defendants interpret this question as asking each individual's

process for responding to a PRA request and will answer in turn.  Without waiving said

objections:

  A. University of Washington – The University of Washington is a non-human

   public entity and responds to PRA requests through its employees.

  B. Eliza Saunders - serves as the Director for the Office of Public Records and

Open Public Meetings. She does not typically prepare responses to public records requests

herself, but may provide advice or answer questions as needed pursuant to the

requirements of RCW Ch. 42.56.

  C. Perry Tapper - Mr. Tapper serves as a Compliance Officer for the Office of

Public Records and Open Public Meetings. He does not typically prepare responses to

public records requests himself, but may provide advice or answer questions as needed

pursuant to the requirements of RCW Ch. 42.56.

  D. Alison Swenson - Ms. Swenson prepares responses to Public Records Requests

pursuant to the requirements of RCW Ch. 42.56. Ms. Swenson prepared the responses to

the "Betz" request (PR-2015-570), and the process she followed is outlined in the related

Case Summary Report, response letter listing exemptions and withheld documents, and

the transmittal emails requesting searches for documents to various University

Departments, as well as response emails from various Departments reporting the results of

such searches and/or transmitting copies of records to her in the OPR. These documents

have already been produced to Plaintiff.  See, UW00004-000392, UW002001-00231,

UW002953-002959.

  E. Andrew Palmer -  Mr. Palmer prepares responses to Public Records Requests

pursuant to the requirements of RCW Ch. 42.56.

  F. John or Jane Does 1-12 - **OBJECTION. Relevance; Not Likely to Lead to the**

  **Discovery of Admissible Evidence; Impossible.** These individuals have not been

  named.  Therefore, they cannot be located and questioned.

PLAINTIFF'S SECOND SET OF
DISCOVERY REQUESTS *WITH
OBJECTIONS AND RESPONSES*

Case 2:17-cv-00642

7

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1

2      9.  Please fully explain Shari Spung's pre-production involvement in the University of

3          Washington's response to Public Records Act requests.  This should include, but is not

4          limited to, explaining if Ms. Spung's involvement is routine, and also, what circumstances

5          does Ms. Spung become involved in the pre-production under the Public Records Act.

6

7          This interrogatory is addressed separately to and should be answered separately by:

8                  A. University of Washington

9                  B. Eliza Saunders

10                 C. Perry Tapper

11                 D. Alison Swenson

12                 E. Andrew Palmer

13                 F. John or Jane Does 1-12

14         **RESPONSE: <u>OBJECTION.</u> Privileged and/or Confidential; Lack of Personal**

15     **Knowledge; Relevance; Not Likely to Lead to the Discovery of Admissible Evidence; Not**

16     **Proportional to the Needs of the Case; Vague ("pre-production involvement", "routine".);**

17     **Compound; Overbroad.**  Shari Spung was the senior claims adjuster in Risk Management

18     assigned to handle Ms. Dalessio's tort claim for damages.  Every Public Records Act (PRA)

19     request has differing subject matters, and therefore it is impossible to answer whether it is

20     "routine" that Shari Spung becomes "involved" in responding to PRA requests, or what her

21     involvement would be in any given response if she was involved.  Further, the Individual

22     Defendants do not have personal knowledge regarding this information, and would not be

23     expected to.  Defendants are unable to answer the question as currently posed, but reserve the

24     right to supplement their answer if Plaintiff is permitted to reframe this question or asks a clearer

25     question.

26         In regards to the release of public records in this matter, Mr. Betz submitted a public

27     records request to the University's OPR on September 16, 2015 and OPR Analyst Alison

28

1   Swenson produced responses to him on November 10 and December 4, 2015. Ms. Swenson also

2   received PR-16-283 from Ms. Dalessio dated March 25, 2016 and sent a response dated April 16,

3   2016.

4          Ms. Dalessio filed a claim with the University on October 21, 2016. Ms. Spung was not

5   involved in any matters related to Ms. Dalessio prior to that time. Subsequently, nor was Ms.

6   Spung "involved" in responding to subsequent public records requests after the tort claim was

7   filed; she was involved in investigation and response to the tort claim and this litigation initiated

8   by a lawsuit filed by Plaintiff in 2017, including issuing "litigation hold" notices and collecting

9   documents for litigation and discovery purposes.  See also, Dkt. 113, ¶38.

10

11         I, _____, am the _____ of County, Defendant in the

12   above-named lawsuit.  I have reviewed the answers to _____, and I declare

13   under the penalty of perjury under the laws of the state of Washington that they are true and

14   correct to the best of my knowledge and belief.

15

16         I, _____, am the _____ of, Defendant in the above-

17   named lawsuit.  I have reviewed the answers to _____, and I declare under the

18   penalty of perjury under the laws of the state of Washington that they are true and correct to the

19   best of my knowledge and belief.

20

21         I, _____, am the _____, Defendant in the above-

22   named lawsuit.  I have reviewed the answers to _____, and I declare under the

23   penalty of perjury under the laws of the state of Washington that they are true and correct to the

24   best of my knowledge and belief.

25

26         I, _____, am the _____, Defendant in the above-

27   named lawsuit.  I have reviewed the answers to _____, and I declare under the

28   PLAINTIFF'S SECOND SET OF                        9                    Law Office of Joseph Thomas
     DISCOVERY REQUESTS *WITH*                                            14625 SE 176th St., Apt. N101
     *OBJECTIONS AND RESPONSES*                                          Renton, Washington
                                                                         Phone (206)390-8848
     Case 2:17-cv-00642

1   penalty of perjury under the laws of the state of Washington that they are true and correct to the

2   best of my knowledge and belief.

3

4       I, _____, am the _____ of County, Defendant in the

5   above-named lawsuit.  I have reviewed the answers to _____, and I declare

6   under the penalty of perjury under the laws of the state of Washington that they are true and

7   correct to the best of my knowledge and belief.

8

9       I, _____, am the _____ of County, Defendant in the

10  above-named lawsuit.  I have reviewed the answers to _____, and I declare

11  under the penalty of perjury under the laws of the state of Washington that they are true and

12  correct to the best of my knowledge and belief.

13                              **REQUESTS FOR PRODUCTION**

14      16. Please produce all documents that were used to collect, documents collected, and

15          documents produced to the requestor for Public Records Act request PR 2017-00357.

16          **RESPONSE:  OBJECTION.  Duplicative;  may  call  for  privileged/confidential**

17          **documents; harassing; not proportional to the needs of the case; not likely to lead to**

18          **the discovery of admissible evidence; relevance; overbroad.**  This PRA request is not

19          at issue in this lawsuit, was submitted after the lawsuit was filed, and Plaintiff already has

20          most and/or all of these documents related to the request and response/production process.

21          See documents produced in response to Plaintiff's Request for Production No. 15 in

22          Plaintiff's First Set of Interrogatories and Requests for Production of Documents

23          (UW004181-UW004451).  In addition, Plaintiff was the requestor for this PRA request,

24          and therefore already has all documents produced to the requestor.  Finally, documents

25          collected  but  not  produced  fall  under  a  PRA  exemption  and  may  be

26          privileged/confidential.  As Plaintiff's lawsuit is regarding *overproduction* with respect to

27          one specific PRA request, specific documents withheld in response to different PRA

28  PLAINTIFF'S SECOND SET OF              10          Law Office of Joseph Thomas
    DISCOVERY REQUESTS ***WITH***                        14625 SE 176th St., Apt. N101
    ***OBJECTIONS AND RESPONSES***                       Renton, Washington
                                                         Phone (206)390-8848
    Case 2:17-cv-00642

1    requests are not relevant to Plaintiff's claims in this case.

2

3    17. Please produce all documents that were used to collect, documents collected, and

4         documents produced to the requestor for Public Records Act request PR 2017-00358.

5         **RESPONSE: OBJECTION. Duplicative; may call for privileged/confidential**

6         **documents; harassing; not proportional to the needs of the case; not likely to lead to**

7         **the discovery of admissible evidence; relevance; overbroad.** This PRA request is not

8         at issue in this lawsuit, was submitted after the lawsuit was filed, and Plaintiff already has

9         most and/or all of these documents related to the request and response/production process.

10        See documents produced in response to Plaintiff's Request for Production No. 15 in

11        Plaintiff's First Set of Interrogatories and Requests for Production of Documents

12        (UW004181-UW004451). In addition, Plaintiff was the requestor for this PRA request,

13        and therefore already has all documents produced to the requestor. Finally, documents

14        collected but not produced fall under a PRA exemption and may be

15        privileged/confidential. As Plaintiff's lawsuit is regarding *overproduction* with respect to

16        one specific PRA request, specific documents withheld in response to different PRA

17        requests are not relevant to Plaintiff's claims in this case.

18

19    18. Please produce all documents that were used to collect, documents collected, and

20         documents produced to the requestor for Public Records Act request PR 2017-00359.

21         **RESPONSE: OBJECTION. Duplicative; may call for privileged/confidential**

22         **documents; harassing; not proportional to the needs of the case; not likely to lead to**

23         **the discovery of admissible evidence; relevance; overbroad.** This PRA request is not

24         at issue in this lawsuit, was submitted after the lawsuit was filed, and Plaintiff already has

25         most and/or all of these documents related to the request and response/production process.

26         See documents produced in response to Plaintiff's Request for Production No. 15 in

27         Plaintiff's First Set of Interrogatories and Requests for Production of Documents

28    PLAINTIFF'S SECOND SET OF                          11                    Law Office of Joseph Thomas
      DISCOVERY REQUESTS *WITH*                                                14625 SE 176th St., Apt. N101
      *OBJECTIONS AND RESPONSES*                                               Renton, Washington
                                                                              Phone (206)390-8848
      Case 2:17-cv-00642

(UW004181-UW004451).  In addition, Plaintiff was the requestor for this PRA request, and therefore already has all documents produced to the requestor.  Finally, documents collected but not produced fall under a PRA exemption and may be privileged/confidential.  As Plaintiff's lawsuit is regarding *overproduction* with respect to one specific PRA request, specific documents withheld in response to different PRA requests are not relevant to Plaintiff's claims in this case.

19. Please produce all documents that were used to collect, documents collected, and documents produced to the requestor for Public Records Act request PR 2017-00822.

**RESPONSE**:  **OBJECTION.  Duplicative;  may  call  for  privileged/confidential documents; harassing; not proportional to the needs of the case; not likely to lead to the discovery of admissible evidence; relevance; overbroad.**  This PRA request is not at issue in this lawsuit, was submitted after the lawsuit was filed, and Plaintiff already has most and/or all of these documents related to the request and response/production process. See documents produced in response to Plaintiff's Request for Production No. 15 in Plaintiff's First Set of Interrogatories and Requests for Production of Documents (UW004181-UW004451).  In addition, Plaintiff was the requestor for this PRA request, and therefore already has all documents produced to the requestor.  Finally, documents collected but not produced fall under a PRA exemption and may be privileged/confidential.  As Plaintiff's lawsuit is regarding *overproduction* with respect to one specific PRA request, specific documents withheld in response to different PRA requests are not relevant to Plaintiff's claims in this case.

20. Please produce all documents that were used to collect, documents collected, and documents produced to the requestor for Public Records Act request PR 2017-00803.

**RESPONSE**:  **OBJECTION.  Duplicative;  may  call  for  privileged/confidential documents; harassing; not proportional to the needs of the case; not likely to lead to**

PLAINTIFF'S SECOND SET OF
DISCOVERY REQUESTS *WITH
OBJECTIONS AND RESPONSES*

Case 2:17-cv-00642

12

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

**the discovery of admissible evidence; relevance; overbroad.** This PRA request is not at issue in this lawsuit, was submitted after the lawsuit was filed, and Plaintiff already has most and/or all of these documents related to the request and response/production process. See documents produced in response to Plaintiff's Request for Production No. 15 in Plaintiff's First Set of Interrogatories and Requests for Production of Documents (UW004181-UW004451). In addition, Plaintiff was the requestor for this PRA request, and therefore already has all documents produced to the requestor. Finally, documents collected but not produced fall under a PRA exemption and may be privileged/confidential. As Plaintiff's lawsuit is regarding *overproduction* with respect to one specific PRA request, specific documents withheld in response to different PRA requests are not relevant to Plaintiff's claims in this case.

21. Please produce all documents that were used to collect, documents collected, and documents produced to the requestor for Public Records Act request PR 2018-00253.

**RESPONSE: OBJECTION. May call for privileged/confidential documents; harassing; not proportional to the needs of the case; not likely to lead to the discovery of admissible evidence; relevance; overbroad.** This PRA request is not at issue in this lawsuit, was submitted after the lawsuit was filed, and Plaintiff already has most and/or all of these documents related to the request and response/production process. Plaintiff was the requestor for this PRA request, and therefore already has all documents produced to the requestor. Finally, documents collected but not produced fall under a PRA exemption and may be privileged/confidential. As Plaintiff's lawsuit is regarding *overproduction* with respect to one specific PRA request, specific documents withheld in response to different PRA requests are not relevant to Plaintiff's claims in this case.

22. Please produce all documents that were used to collect, documents collected, and documents produced to the requestor for Public Records Act request PR 2017-00738.

PLAINTIFF'S SECOND SET OF
DISCOVERY REQUESTS *WITH
OBJECTIONS AND RESPONSES*

Case 2:17-cv-00642

13

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1    **RESPONSE: OBJECTION. Duplicative; may call for privileged/confidential**

2    **documents; harassing; not proportional to the needs of the case; not likely to lead to**

3    **the discovery of admissible evidence; relevance; overbroad.**  This PRA request is not

4    at issue in this lawsuit, was submitted after the lawsuit was filed, and Plaintiff already has

5    most and/or all of these documents related to the request and response/production process.

6    See documents produced in response to Plaintiff's Request for Production No. 15 in

7    Plaintiff's First Set of Interrogatories and Requests for Production of Documents

8    (UW004181-UW004451).  In addition, Plaintiff was the requestor for this PRA request,

9    and therefore already has all documents produced to the requestor.  Finally, documents

10   collected but not produced fall under a PRA exemption and may be

11   privileged/confidential.  As Plaintiff's lawsuit is regarding *overproduction* with respect to

12   one specific PRA request, specific documents withheld in response to different PRA

13   requests are not relevant to Plaintiff's claims in this case.

14

15   23. Please produce all documents that were used to collect, documents collected, and

16   documents produced to the requestor for Public Records Act request PR 2017-00737.

17   **RESPONSE: OBJECTION. Duplicative; may call for privileged/confidential**

18   **documents; harassing; not proportional to the needs of the case; not likely to lead to**

19   **the discovery of admissible evidence; relevance; overbroad.**  This PRA request is not

20   at issue in this lawsuit, was submitted after the lawsuit was filed, and Plaintiff already has

21   most and/or all of these documents related to the request and response/production process.

22   See documents produced in response to Plaintiff's Request for Production No. 15 in

23   Plaintiff's First Set of Interrogatories and Requests for Production of Documents

24   (UW004181-UW004451).  In addition, Plaintiff was the requestor for this PRA request,

25   and therefore already has all documents produced to the requestor.  Finally, documents

26   collected but not produced fall under a PRA exemption and may be

27   privileged/confidential.  As Plaintiff's lawsuit is regarding *overproduction* with respect to

28   PLAINTIFF'S SECOND SET OF                    14                Law Office of Joseph Thomas
     DISCOVERY REQUESTS *WITH*                                    14625 SE 176th St., Apt. N101
     *OBJECTIONS AND RESPONSES*                                   Renton, Washington
                                                                  Phone (206)390-8848
     Case 2:17-cv-00642

one specific PRA request, specific documents withheld in response to different PRA requests are not relevant to Plaintiff's claims in this case.

24. Please produce all documents that identify Shari Spung, an employee of Risk Services at the University of Washington, has been involved in Public Records Act production of documents from January 01, 2011 to January 01, 2018.

   **RESPONSE: OBJECTION. Duplicative; may call for privileged/confidential/work product or attorney-client communication documents; harassing; not proportional to the needs of this case; not likely to lead to the discovery of admissible evidence; relevance; overbroad.**  Defendants have already provided documents discussing Senior Claims Adjuster Shari Spung's "involvement," related to Ms. Dalessio, which consisted of receiving, investigating, and responding to Ms. Dalessio's October 21, 2016 Tort Claim submitted as a condition precedent required by RCW Ch. 4.92.100 prior to filing this lawsuit against a state agency and its agents, and as authorized by RCW 4.92.210.  See UW1981-1988.  Ms. Spung's "involvement" in any other PRA requestto  it is no relevant to Plaintiff's claims, especially given the scope of her involvement in this case.

25. Please produce all documents identifying any current attorney-client relationship with Christine Taylor who was mentioned by Defendants in the initial disclosures for this above entitled lawsuit.

   **RESPONSE: OBJECTION.  May call for privileged/confidential documents; not likely to lead to the discovery of admissible evidence; relevance; harassing; overbroad; vague and confusing.**  Defendants cannot speak to any attorney-client relationship this individual may be involved in, and any attorney-client relationship unrelated to this lawsuit would have little to no relevance in this litigation. Without waiving said objections, Christine Taylor does not currently have an attorney-client

PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS *WITH OBJECTIONS AND RESPONSES*

Case 2:17-cv-00642

15

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

relationship with Jayne Freeman or Derek Chen at Keating, Bucklin & McCormack at this time.  Ms. Taylor was not involved in responding to the public records requests at issue in this case; her only involvement was in assisting counsel in searching for and locating documents for potential production with Initial Disclosures or potentially responsive to discovery requests.

26. Please produce all documents identifying any current attorney-client relationship with Marcelo Collantes who was mentioned by Defendants in the initial disclosures for this above entitled lawsuit.

**RESPONSE: OBJECTION.  May call for privileged/confidential documents; not likely to lead to the discovery of admissible evidence; relevance; harassing; overbroad; vague and confusing.**  Defendants cannot speak to any attorney-client relationship this individual may be involved in, and any attorney-client relationship unrelated to this lawsuit would have little to no relevance in this litigation. Without waiving said objections, Marcelo Collantes does not currently have an attorney-client relationship with Jayne Freeman or Derek Chen at Keating, Bucklin & McCormack at this time. Mr. Collantes was not involved in responding to the public records requests at issue in this case; his only involvement was in assisting counsel in searching for and locating documents for potential production with Initial Disclosures or potentially responsive to discovery requests.

27. Please produce all documents identifying any current attorney-client relationship with Daisy Rendorio who was mentioned by Defendants in the initial disclosures for this above entitled lawsuit.

**RESPONSE: OBJECTION.  May call for privileged/confidential documents; not likely to lead to the discovery of admissible evidence; relevance; harassing; overbroad; vague and confusing.**  Defendants cannot speak to any attorney-client

PLAINTIFF'S SECOND SET OF
DISCOVERY REQUESTS *WITH
OBJECTIONS AND RESPONSES*

Case 2:17-cv-00642

16

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

relationship this individual may be involved in, and any attorney-client relationship unrelated to this lawsuit would have little to no relevance in this litigation. Without waiving said objections, Daisy Rendorio does not currently have an attorney-client relationship with Jayne Freeman or Derek Chen at Keating, Bucklin & McCormack at this time. Ms. Rendorio was not involved in responding to the public records requests at issue in this case; her only involvement was in assisting counsel in searching for and locating documents for potential production with Initial Disclosures or potentially responsive to discovery requests.

28. Please produce all documents identifying any current attorney-client relationship with Karen Holloway who was mentioned by Defendants in the initial disclosures for this above entitled lawsuit.

**RESPONSE: OBJECTION.  May call for privileged/confidential documents; not likely to lead to the discovery of admissible evidence; relevance; harassing; overbroad; vague and confusing.**  Defendants cannot speak to any attorney-client relationship this individual may be involved in, and any attorney-client relationship unrelated to this lawsuit would have little to no relevance in this litigation. Without waiving said objections, Karen Holloway does not currently have an attorney-client relationship with Jayne Freeman or Derek Chen at Keating, Bucklin & McCormack at this time.   She is no longer employed at the University of Washington.

29. Please produce all documents identifying any current attorney-client relationship with Ana Marie Keeney who was mentioned by Defendants in the initial disclosures for this above entitled lawsuit.

**RESPONSE: OBJECTION.  May call for privileged/confidential documents; not likely to lead to the discovery of admissible evidence; relevance; harassing; overbroad; vague and confusing.**  Defendants cannot speak to any attorney-client

PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS *WITH OBJECTIONS AND RESPONSES*

17

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

Case 2:17-cv-00642

relationship this individual may be involved in, and any attorney-client relationship unrelated to this lawsuit would have little to no relevance in this litigation. Without waiving said objections, Ana Marie Keeney does not currently have an attorney-client relationship with Jayne Freeman or Derek Chen at Keating, Bucklin & McCormack at this time. Ms. Keeney was not involved in responding to the public records requests at issue in this case; her only involvement was in assisting counsel in searching for and locating documents for potential production with Initial Disclosures or potentially responsive to discovery requests.

30. Please produce all documents identifying any current attorney-client relationship with Toni Kemp who was mentioned by Defendants in the initial disclosures for this above entitled lawsuit.

**RESPONSE**: OBJECTION.  **May call for privileged/confidential documents; not likely to lead to the discovery of admissible evidence; relevance; harassing; overbroad; vague and confusing.**  To the extent Ms. Kemp worked as an administrative assistant to Shari Spung, Senior Risk Manager, and participated in attorney/client communications and work product related to tort claim investigation, litigation, and discovery on behalf of the University as authorized by RCW 4.92.210, she was part of an attorney-client relationship with defense counsel and the Attorney General's Office. Without waiving said objections, Toni Kemp does not currently have an attorney-client relationship with Jayne Freeman or Derek Chen at Keating, Bucklin & McCormack at this time, as Ms. Kemp no longer works for the University of Washington.

31. Please produce all documents identifying any current attorney-client relationship with Cynthia Dold who was mentioned by Defendants in the initial disclosures for this above entitled lawsuit.

**RESPONSE**: OBJECTION.  **May call for privileged/confidential documents; not**

PLAINTIFF'S SECOND SET OF
DISCOVERY REQUESTS *WITH
OBJECTIONS AND RESPONSES*

Case 2:17-cv-00642

18

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1   **likely to lead to the discovery of admissible evidence; relevance; harassing;**

2   **overbroad; vague and confusing.**   Due to the nature of her position as Director of

3   Strategic Planning and Clinical Integration for UW Medicine, Ms. Dold would likely be

4   considered an agent subject to the University's attorney/client relationship if she holds

5   information relevant to this litigation; however, as previously explained, it appears that

6   while staff in her department may have searched for and/or provided information

7   regarding public records requests related to this matter, she did not personally do so

8   herself.  See also, Dkt. 113, ¶27-29.

9

10   32. Please produce all documents identifying any current attorney-client relationship with

11   Lori Oliver who was mentioned by Defendants in the initial disclosures for this above

12   entitled lawsuit.

13   **RESPONSE: OBJECTION.  May call for privileged/confidential documents; not**

14   **likely to lead to the discovery of admissible evidence; relevance; harassing;**

15   **overbroad; vague and confusing.**   Due to the nature of her position as Strategic Clinical

16   Business Officer for the University of Washington School of Medicine, Ms. Oliver would

17   likely be considered an agent subject to the University's attorney/client relationship if she

18   holds information relevant to this litigation; however, as previously explained, it appears

19   that while staff in her department may have searched for and/or provided information

20   regarding public records requests related to this matter, she did not personally do so

21   herself.  See also, Dkt. 113, ¶27-29.

22

23   33. Please produce all documents identifying any current attorney-client relationship with

24   Mindy Kornberg who was mentioned by Defendants in the initial disclosures for this

25   above entitled lawsuit.

26   **RESPONSE: OBJECTION.  May call for privileged/confidential documents; not**

27   **likely to lead to the discovery of admissible evidence; relevance; harassing;**

28

PLAINTIFF'S SECOND SET OF
DISCOVERY REQUESTS *WITH
OBJECTIONS AND RESPONSES*

Case 2:17-cv-00642

19

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

**overbroad; vague and confusing.**   Due to the nature of her position as Vice President, University Finance & Administration, Ms. Kornberg would likely be considered an agent subject to the University's attorney/client relationship if she holds information relevant to this litigation; however, as previously explained, it appears that while staff in her department may have searched for and/or provided information regarding public records requests related to this matter, she did not personally do so herself.  See also, Dkt. 113, ¶27-29.

34. Please produce all documents identifying any current attorney-client relationship with Barb Benson who was mentioned by Defendants in the initial disclosures for this above entitled lawsuit.

   **RESPONSE**: OBJECTION.  **May call for privileged/confidential documents; not likely to lead to the discovery of admissible evidence; relevance; harassing; overbroad; vague and confusing.**   Due to the nature of her position as Director of Enterprise Services for the University of Washington, Ms. Benson would likely be considered an agent subject to the University's attorney/client relationship if she holds information relevant to this litigation; however, as previously explained, it appears she was not involved in the subject public records requests.  See also, Dkt. 113, ¶27-29.

35. Please produce all documents identifying legal authority to support Defendants claimed defense that Plaintiff's breach of contract claim is barred by a statute of limitations.

   **RESPONSE**: OBJECTION.  This request calls solely for legal opinion and attorney work product, which Defendants are not required to provide in discovery to an opposing party. See, FRCP 26(b) (parties may only obtain discovery regarding non-privileged matters); FRCP 26(b)(3)(B); *Republic of Ecuador v. Mackay*, 742 F.3d 860, 866 (9th Cir. 2014) ("If the court orders discovery … it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or

PLAINTIFF'S SECOND SET OF
DISCOVERY REQUESTS *WITH
OBJECTIONS AND RESPONSES*

20

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

Case 2:17-cv-00642

other representative concerning the litigation"); *Ryan v. Editions Ltd. W., Inc.,* 2007 WL

2348724, at *3 (N.D. Cal. Aug. 14, 2007), <u>aff'd</u>, 417 F. App'x 699 (9th Cir. 2011)("…

legal opinions are protected by the attorney client privilege and any news articles or other

published works would be protected by the work product immunity."

Without waiving this objection, see RCW 4.16.005.

36. Please produce all documents identifying facts to support Defendants claimed defense that

Plaintiff's breach of contract claim is barred by a statute of limitations.

**<u>RESPONSE</u>: OBJECTION.  Calls for a dress-rehearsal of trial.**  "[T]he opposing

party cannot be required to put on a dress rehearsal of the trial. While it is proper to elicit

information as to evidentiary facts as contrasted with ultimate facts, **nevertheless it is**

**improper to ask a party to state evidence upon which he intends to rely to prove any**

**fact or facts.**" *Weber v. Biddle*, 72 Wash. 2d 22, 29, 431 P.2d 705, 710–11 (1967)

(Emphasis added.). Without waiving the foregoing objection, see, Dkt. 81, ¶91-92, Dkt.

1.1 (lawsuit filed in 2017), and UW1937-UW1940)(2003 Settlement Agreement).

37. Please produce all documents identifying facts to support Defendants claimed defense that

Plaintiff has failed to mitigate any damages.

**<u>RESPONSE</u>: OBJECTION.  Calls for a dress-rehearsal of trial.**  "[T]he opposing

party cannot be required to put on a dress rehearsal of the trial. While it is proper to elicit

information as to evidentiary facts as contrasted with ultimate facts, **nevertheless it is**

**improper to ask a party to state evidence upon which he intends to rely to prove any**

**fact or facts.**" *Weber v. Biddle*, 72 Wash. 2d 22, 29, 431 P.2d 705, 710–11 (1967)

(Emphasis added.)

38. Please produce all documents identifying legal authority to support Defendants claimed

PLAINTIFF'S SECOND SET OF
DISCOVERY REQUESTS *WITH*
*OBJECTIONS AND RESPONSES*

Case 2:17-cv-00642

21

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1    defense that Plaintiff had any obligation to mitigate any damages.

2    **RESPONSE: OBJECTION** This request calls solely for legal opinion and

3    attorney work product, which Defendants are not required to provide in discovery to an

4    opposing party. See, FRCP 26(b) (parties may only obtain discovery regarding non-

5    privileged matters); FRCP 26(b)(3)(B); *Republic of Ecuador v. Mackay*, 742 F.3d 860,

6    866 (9th Cir. 2014) ("If the court orders discovery … it must protect against disclosure of

7    the mental impressions, conclusions, opinions, or legal theories of a party's attorney or

8    other representative concerning the litigation"); *Ryan v. Editions Ltd. W., Inc.*, 2007 WL

9    2348724, at *3 (N.D. Cal. Aug. 14, 2007), aff'd, 417 F. App'x 699 (9th Cir. 2011)("…

10    legal opinions are protected by the attorney client privilege and any news articles or other

11    published works would be protected by the work product immunity."

12

13    39. Please produce all documents identifying legal authority to support Defendants claimed

14    defense that Defendant University of Washington is entitled to an offset of awards from

15    Plaintiff.

16    **RESPONSE: OBJECTION.  Calls for a dress-rehearsal of trial.**  "[T]he

17    opposing party cannot be required to put on a dress rehearsal of the trial. While it is proper

18    to elicit information as to evidentiary facts as contrasted with ultimate facts, **nevertheless**

19    **it is improper to ask a party to state evidence upon which he intends to rely to prove**

20    **any fact or facts.**" *Weber v. Biddle*, 72 Wash. 2d 22, 29, 431 P.2d 705, 710–11 (1967)

21    (Emphasis added.). This request calls solely for legal opinion and attorney work product,

22    which Defendants are not required to provide in discovery to an opposing party. See,

23    FRCP 26(b) (parties may only obtain discovery regarding non-privileged matters); FRCP

24    26(b)(3)(B); *Republic of Ecuador v. Mackay*, 742 F.3d 860, 866 (9th Cir. 2014) ("If the

25    court orders discovery … it must protect against disclosure of the mental impressions,

26    conclusions, opinions, or legal theories of a party's attorney or other representative

27    concerning the litigation"); *Ryan v. Editions Ltd. W., Inc.*, 2007 WL 2348724, at *3 (N.D.

28    PLAINTIFF'S SECOND SET OF
DISCOVERY REQUESTS *WITH
OBJECTIONS AND RESPONSES*

Case 2:17-cv-00642                                    22                    Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1    Cal. Aug. 14, 2007), aff'd, 417 F. App'x 699 (9th Cir. 2011)("… legal opinions are

2    protected by the attorney client privilege and any news articles or other published works

3    would be protected by the work product immunity."

4

5    40. Please produce all documents identifying facts to support Defendants claimed defense that

6    Defendant University of Washington is entitled to an offset of awards from Plaintiff.

7    **RESPONSE: OBJECTION.  Calls for a dress-rehearsal of trial.**  "[T]he opposing

8    party cannot be required to put on a dress rehearsal of the trial. While it is proper to elicit

9    information as to evidentiary facts as contrasted with ultimate facts, **nevertheless it is**

10   **improper to ask a party to state evidence upon which he intends to rely to prove any**

11   **fact or facts.**" *Weber v. Biddle*, 72 Wash. 2d 22, 29, 431 P.2d 705, 710–11 (1967)

12   (Emphasis added.). Without waiving the foregoing object, see UW1937-UW1940)(2003

13   Settlement Agreement).

14

15   41. Please produce all documents identifying legal authority to support Defendants claimed

16   defense of qualified immunity for federal claims.

17   **RESPONSE: OBJECTION.**  This request calls solely for legal opinion and

18   attorney work product, which Defendants are not required to provide in discovery to an

19   opposing party. See, FRCP 26(b) (parties may only obtain discovery regarding non-

20   privileged matters); FRCP 26(b)(3)(B); *Republic of Ecuador v. Mackay*, 742 F.3d 860,

21   866 (9th Cir. 2014) ("If the court orders discovery … it must protect against disclosure of

22   the mental impressions, conclusions, opinions, or legal theories of a party's attorney or

23   other representative concerning the litigation"); *Ryan v. Editions Ltd. W., Inc.*, 2007 WL

24   2348724, at *3 (N.D. Cal. Aug. 14, 2007), aff'd, 417 F. App'x 699 (9th Cir. 2011)("…

25   legal opinions are protected by the attorney client privilege and any news articles or other

26   published works would be protected by the work product immunity."

27

28   PLAINTIFF'S SECOND SET OF              23          Law Office of Joseph Thomas
     DISCOVERY REQUESTS *WITH*                          14625 SE 176th St., Apt. N101
     *OBJECTIONS AND RESPONSES*                         Renton, Washington
                                                        Phone (206)390-8848
     Case 2:17-cv-00642

42. Please produce all documents identifying legal authority to support Defendants claimed defense of good faith immunity for state law claims.

    **RESPONSE: OBJECTION.** This request calls solely for legal opinion and attorney work product, which Defendants are not required to provide in discovery to an opposing party. See, FRCP 26(b) (parties may only obtain discovery regarding non-privileged matters); FRCP 26(b)(3)(B); *Republic of Ecuador v. Mackay*, 742 F.3d 860, 866 (9th Cir. 2014) ("If the court orders discovery … it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation"); *Ryan v. Editions Ltd. W., Inc.*, 2007 WL 2348724, at *3 (N.D. Cal. Aug. 14, 2007), aff'd, 417 F. App'x 699 (9th Cir. 2011)("… legal opinions are protected by the attorney client privilege and any news articles or other published works would be protected by the work product immunity."

43. Please produce all documents identifying legal authority to support Defendants claimed defense of discretionary immunity for state law claims.

    **RESPONSE: OBJECTION.** This request calls solely for legal opinion and attorney work product, which Defendants are not required to provide in discovery to an opposing party. See, FRCP 26(b) (parties may only obtain discovery regarding non-privileged matters); FRCP 26(b)(3)(B); *Republic of Ecuador v. Mackay*, 742 F.3d 860, 866 (9th Cir. 2014) ("If the court orders discovery … it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation"); *Ryan v. Editions Ltd. W., Inc.*, 2007 WL 2348724, at *3 (N.D. Cal. Aug. 14, 2007), aff'd, 417 F. App'x 699 (9th Cir. 2011)("… legal opinions are protected by the attorney client privilege and any news articles or other published works would be protected by the work product immunity."

44. Please produce all documents identifying third party notifications of pending public

PLAINTIFF'S SECOND SET OF
DISCOVERY REQUESTS *WITH
OBJECTIONS AND RESPONSES*

Case 2:17-cv-00642

24

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

records releases issued by the University of Washington Office of Public Records.  This should include notification to the unions regarding the release of settlement agreements.

**RESPONSE: OBJECTION.  Overbroad; scope; beyond the scope of discovery as to what is proportional to the needs of the case in light of the claims alleged, and contains no reference to reasonable time frame or relation to the subject matter of this lawsuit.** Defendants reserve the right to supplement this response if necessary following a ruling on Defendants' Motion for Summary Judgment.

45. Please produce all documents identifying notifications from the University of Washington Office of Public Records to persons who are named in the record or to whom the record specifically pertains, that release of a record has been requested, prior to public records releases.

**RESPONSE: OBJECTION.  Overbroad; scope; Vague and confusing, beyond the scope of discovery as to what is proportional to the needs of the case in light of the claims alleged.** Defendants have already identified and produced copies of Complaints, Orders, and/or Agreements related to numerous other public records case---none involved issues similar those alleged by Ms. Dalessio here. It is unclear what is meant by reference to "persons who are named in the record or to whom the record specifically pertains." The individual to whom "the record" in this lawsuit pertains is Plaintiff Julie Dalessio. Other individuals referenced in "the record" are current or former University employees who searched for or otherwise processed public records requests for records related to Ms. Dalessio.

46. Please produce all documents identifying notifications of improperly released information, security breaches, SSN from the University of Washington.

**RESPONSE: OBJECTION.  Overbroad; scope; Vague and confusing ("notifications of improperly released information"); Relevance; Not likely to lead to the discovery**

PLAINTIFF'S SECOND SET OF
DISCOVERY REQUESTS *WITH
OBJECTIONS AND RESPONSES*

Case 2:17-cv-00642

25

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

**of admissible evidence; Not proportional to the needs of the case.**  There is no context as to which department within the University this request for production is seeking information from.  Defendants have already identified and produced copies of Complaints, Orders, and/or Agreements related to numerous other public records case---none involved issues similar those alleged by Ms. Dalessio here.  Plaintiff's categories are extremely overbroad ("improperly released information", "security breaches"), irrelevant ("security breaches"), and confusing ("notification of … SSN".)  Despite prior requests to narrow the scope of requests related to other, unrelated litigation, Plaintiff has failed to do so, and now continues with the same broad scope of request with no apparent relation or adequate basis establishing relevance, need, or proportionality to the needs of the case.  Plaintiff's categories are extremely overbroad ("improperly released information", "security breaches"), irrelevant ("security breaches"), and confusing ("notification of … SSN".)  Defendant cannot answer this question as currently posed, but reserves the right to supplement this response if Plaintiff clarifies the question.

47. Please produce all documents identifying notifications of improperly released information, security breaches, SSN from University of Washington Medicine.

**RESPONSE**:  **OBJECTION.**  See, response to Plaintiff's RFP No. 46. "UW Medicine" is a brand name and is not an employing organization separate from the University of Washington. All named Defendant-employees and identified witnesses are or were at relative times employed by the University of Washington, regardless of whether their positions were associated with the "UW Medicine" identifier.

48. Please produce all documents, including memos, emails, memos re phone contacts, regarding search for and production/withholding of records pertaining to Dalessio.  Please produce any and all documents to or from each person named in disclosures as persons

PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS *WITH OBJECTIONS AND RESPONSES*

Case 2:17-cv-00642

26

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

having information pertaining to the public records releases indicated in this lawsuit.

Documents from each person should be produced in separate files, labeled with each

person's name, including:  Eliza Saunders, Perry Tapper, Alison Swenson, Andrew

Palmer, Shari Spung, Toni Kemp, Mindy Kornberg, Barb Benson, Cynthia Dold, Lori

Oliver, Jeanie Miele, Paola Quinones, Karen Holloway, Rhoda Ashley Morrow, Odessah

Visitacion, Matt Maria, Cheryl Manekia, Amy Robles, Patricia Van Velsir, Ana Marie

Keeney, Tamara Schmautz, Steven Durant, Jennifer Klohe, Lauren Fischer, Christine

Taylor, Marcelo Collantes, Daisy Rendario, James Fine, Sharon Risley, Larry Bell, Cheryl

Sternberg, Kim Williams, and Rebecca Caulfield.

**RESPONSE**:  **OBJECTION. Overbroad; relevance; not proportional to the needs of the case.**  Without waiving said objections, Defendants have produced almost one thousand pages of transmittal information for the Betz request (15-00570) and Ms. Dalessio's request for her own records (16-00760), including copies of emails between OPR and the various University departments that potentially had documents responsive to Plaintiff's request.  *See* UW002001-UW002952, which reflects all of the documents responsive to this request that have been located by University staff. Plaintiff can review the records to the same extent that Defendants can to the extent various names of current or former UW employees appear on transmittal emails related to search and production of documents, though Defendants have also outlined this information in Supplemental Initial Disclosures and prior responses to Plaintiff's First Discovery request.

49. Please produce any depositions taken, or declarations or answers to interrogatories given

in an earlier action in federal or state court, pertaining to production or withholding of

records by the named defendants, Eliza Saunders, Perry Tapper, Alison Swenson, Andrew

Palmer, and University of Washington (including Shari Spung, Toni Kemp, Mindy

Kornberg, Barb Benson, Cynthia Dold, Lori Oliver, Jeanie Miele, Paola Quinones, Karen

Holloway, Rhoda Ashley Morrow, Odessah Visitacion, Matt Maria, Cheryl Manekia,

PLAINTIFF'S SECOND SET OF
DISCOVERY REQUESTS *WITH
OBJECTIONS AND RESPONSES*

Case 2:17-cv-00642

27

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

Amy Robles, Patricia Van Velsir, Ana Marie Keeney, Tamara Schmautz, Steven Durant, Jennifer Klohe, Lauren Fischer, Christine Taylor, Marcelo Collantes, Daisy Rendario, James Fine, Sharon Risley, Larry Bell, Cheryl Sternberg, Kim Williams, and Rebecca Caulfield).

**RESPONSE**:  **OBJECTION. Scope; this request is not proportional to the needs of the case.**   Defendants have already identified and produced copies of Complaints, Orders, and/or Agreements related to numerous other public records case---none involved issues similar those alleged by Ms. Dalessio here. Despite prior requests to narrow the scope of requests related to other, unrelated litigation, Plaintiff has failed to do so, and now continues with the same broad scope of request with no apparent relation or adequate basis establishing relevance, need, or proportionality to the needs of the case.

50. Please produce any requests or standard form memorandum, from claims services or any AAG requesting a first-hand description of the incident to or from any University of Washington employees pertaining to Dalessio's tort claim.

**RESPONSE**:  **OBJECTION. Vague and confusing; calls for privileged information.** Communications between the University and the Attorney General's Office are subject to attorney/client & work product privileges. Additionally, documents and information in the Risk Management claim file are privileged and confidential pursuant to RCW 4.92.210. See, Privilege log previously produced to Plaintiff on August 31, 2018.

51. Please produce any first-hand description of the incident from any University of Washington employees pertaining to Dalessio's tort claim.

**RESPONSE**:  **OBJECTION.  Scope; overbroad; relevance; potentially calls for privileged documents.**   Documents created by the AG related to Plaintiff's tort claim would be privileged under the attorney/client and/or work-product doctrine.  Without waiving said objections, see Defendants' declarations produced in support of Defendants'

PLAINTIFF'S SECOND SET OF
DISCOVERY REQUESTS *WITH
OBJECTIONS AND RESPONSES*

Case 2:17-cv-00642

28

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1    Motions for Summary Judgment and other pleadings. (*Dkts. 29, 30, 120, 121.*) Without

2    waiving the foregoing objections, Defendants are unaware of written documents providing

3    "first-hand description of the incident"; the facts evidencing the "incident" (response to

4    public records request) are contained in the documents themselves (i.e. requests, search

5    requests/transmittals, case summaries, responsive documents and letters outlining

6    exemptions, and the documents withheld  from production to Mr. Betz in response to PR-

7    2015-570 (later produced only to Ms. Dalessio in response to her PR-2016-760 as no

8    privacy or confidentiality issues arose with respect to producing information about her

9    only to her).

10   See also, privilege log previously produced on August 31, 2018:

11   • Item 2: Assistant Attorney General Rob Kosin email to clients Eliza Saunders and

12      Assistant Attorney General Nancy Garland re: Julie Dalessio communication.

13   • Item 9: Shari spung Risk Management notes:

14      o   11/29/16 Spung Risk Management notes re: telephone call with Perry

15          Tapper

16      o   11/29/16 Spung Risk Management notes re: telephone call with Alison

17          Swenson

18   • Item 21-21a: Spung Risk Management file: 12/2 and 11/29 email from Alison

19      Swenson fw'd documents

20

21   52. Please produce any documents identifying positions and job descriptions of persons

22      identified in disclosures, (Eliza Saunders, Perry Tapper, Alison Swenson, Andrew Palmer,

23      Shari Spung, Toni Kemp, Mindy Kornberg, Barb Benson, Cynthia Dold, Lori Oliver,

24      Jeanie Miele, Paola Quinones, Karen Holloway, Rhoda Ashley Morrow, Odessah

25      Visitacion, Matt Maria, Cheryl Manekia, Amy Robles, Patricia Van Velsir, Ana Marie

26      Keeney, Tamara Schmautz, Steven Durant, Jennifer Klohe, Lauren Fischer, Christine

27      Taylor, Marcelo Collantes, Daisy Rendario, James Fine, Sharon Risley, Larry Bell, Cheryl

28   

PLAINTIFF'S SECOND SET OF
DISCOVERY REQUESTS *WITH
OBJECTIONS AND RESPONSES*

29

Case 2:17-cv-00642

Sternberg, Kim Williams, and Rebecca Caulfield).  This information should include job titles and responsibilities, salaries, and organizational charts.

**RESPONSE**: **OBJECTION.**  Not proportional to the needs of the case; relevance; duplicative.  Without waiving said objections; Defendants have already produced positions and job descriptions for University of Washington Office of Public Records staff, Defendants Eliza Saunders, Perry Tapper, Andrew Palmer, and Alison Swenson.  It is undisputed the Office of Public Records was the department that accidentally produced a non-completely redacted pages of Ms. Dalessio's records.  Positions, job descriptions, and organizational charts for the other employees are not relevant.  See UW004166-004180.

53. Please produce the personnel files of named defendants, Eliza Saunders, Perry Tapper, Alison Swenson, Andrew Palmer.

**RESPONSE: OBJECTION. Overbroad; Not likely to lead to the discovery of admissible evidence; harassing; relevance; vague (personnel file).**  Without waiving said objections, it is unclear exactly what parts of Defendant's personnel file Plaintiff is requesting.   Defendants reserve the right to supplement this response after further discussion with Plaintiff's counsel clarifying this request.

54. Please produce all documents that were used to collect, documents collected, and documents produced to the requestor for Public Records Act request PR 2018-00216.

**RESPONSE**:  **OBJECTION.  May call for privileged/confidential documents; harassing; not proportional to the needs of the case; not likely to lead to the discovery of admissible evidence; relevance; overbroad.**  This PRA request is not at issue in this lawsuit, was submitted after the lawsuit was filed, and Plaintiff already has most and/or all of these documents related to the request and response/production process.  . Plaintiff was the requestor for this PRA request, and therefore already has all documents

PLAINTIFF'S SECOND SET OF
DISCOVERY REQUESTS *WITH
OBJECTIONS AND RESPONSES*

30

Case 2:17-cv-00642

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1  produced to the requestor.  Finally, documents collected but not produced fall under a

2  PRA exemption and may be privileged/confidential.  As Plaintiff's lawsuit is regarding

3  *overproduction* with respect to one specific PRA request, specific documents withheld in

4  response to different PRA requests are not relevant to Plaintiff's claims in this case.

5

6  55. Please produce any policies and procedures pertaining to records management at

7  University of Washington.

8  **RESPONSE**: **OBJECTION. Vague; relevance.**  Without waiving said objections, it is

9  unclear whose policies and procedures pertaining to records management Plaintiff is

10  request.  For example, Defendants have explained in response to Interrogatory No. 4 that

11  some records were stored in an offsite storage facility, which has its own records retention

12  policies compared to how long individual departments may retain documents on-site.

13  Defendant reserves the right to supplement this response after clarifying Plaintiff's

14  request.

15

16  56.  Please produce any policies and procedures pertaining to records management at

17  University of Washington Medicine.

18  **RESPONSE**:  **OBJECTION.** See, response to Plaintiff's RFP No. 55. "UW Medicine" is

19  a brand name and is not an employing organization separate from the University of

20  Washington. All named Defendant-employees and identified witnesses are or were at

21  relative times employed by the University of Washington, regardless of whether their

22  positions were associated with the "UW Medicine" identifier.

23

24  57. Please produce any other insurance policies that might be used to satisfy any judgment in

25  this action.

26  **RESPONSE**:  **OBJECTION.  Duplicative.**  This information has already been produced.

27

28  PLAINTIFF'S SECOND SET OF          31          Law Office of Joseph Thomas
   DISCOVERY REQUESTS *WITH*                       14625 SE 176th St., Apt. N101
   *OBJECTIONS AND RESPONSES*                      Renton, Washington
                                                   Phone (206)390-8848
   Case 2:17-cv-00642

See UW004452-004461, Defendants' Initial Disclosures and Defendants Supplemental Initial Disclosures.  See also, Dkt. 113, 30-32.

58. Please produce any and all documents identifying declarations or affidavits filed in court (either state or federal) signed by any current or past employee of the Office of Public Records and Open Public Meetings at the University of Washington. The scope of this request is from January 01, 2012 to January 01, 2017.

**RESPONSE**:  **OBJECTION. Scope; not proportional to the needs of the case; vague and confusing; unduly burdensome; Not proportional to the needs of the case.**  It is unclear what relevance "documents identifying declarations or affidavits filed in court … signed by any current or past employee of the Office of Public Records" may have. Defendants have already identified and produced copies of Complaints, Orders, and/or Agreements related to numerous other public records case---none involved issues similar those alleged by Ms. Dalessio here. Despite prior requests to narrow the scope of requests related to other, unrelated litigation, Plaintiff has failed to do so, and now continues with the same broad scope of request with no apparent relation or adequate basis establishing relevance, need, or proportionality to the needs of the case.

Defendants reserve the right to supplement this response after clarifying which records Plaintiff is truly seeking.

59. Any and all documents identifying an "an action plan" developed by the University of Washington concerning "Information Security, Privacy and Identity Theft Prevention." The scope of this request is from January 01, 2015 to December 31, 2017.

**RESPONSE**:  **OBJECTION. Vague and confusing ("Action Plan.")**  Without waiving said objections, it is unclear what kind of "action plan" Plaintiff is referring to.  Defendant reserves the right to supplement this response if Plaintiff clarifies this request.

PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS *WITH OBJECTIONS AND RESPONSES*

Case 2:17-cv-00642

32

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

60. Any and all documents identifying legal claims against the University of Washington regarding privacy issues. This includes, but is not limited to: employee privacy, Health Information Portability Accountability Act, Federal Education Rights and Privacy Act, etc. The scope of this request is from January 01, 2012 through January 01, 2018.

**RESPONSE**:  **OBJECTION. Vague and confusing ("Legal claims", "privacy issues"); potentially calls for privileged/confidential documents; overbroad; not proportional to the needs of the case.**  Without waiving said objection, Defendants have already produced documents related to PRA claims against the University.  See Defendants' response and supplemental response to Plaintiff's RFP No. 1; UW003005-004154.  A request for "any and all documents" identifying "legal claims" regarding "privacy issues" is an extremely expansive request that seeks attorney-client and/or work-product privileged information.  This documents, if capable of being produced at all, would require reviewing all documents and making appropriate redactions.  Defendants have already identified and produced copies of Complaints, Orders, and/or Agreements related to numerous other public records case---none involved issues similar those alleged by Ms. Dalessio here. Despite prior requests to narrow the scope of requests related to other, unrelated litigation, Plaintiff has failed to do so, and now continues with the same broad scope of request with no apparent relation or adequate basis establishing relevance, need, or proportionality to the needs of the case.

61. Any and all documents identifying legal claims against the University of Washington Medical Center regarding privacy issues. This includes, but is not limited to: employee privacy, Health Information Portability Accountability Act, Federal Education Rights and Privacy Act, etc. The scope of this request is from January 01, 2012 through January 01, 2018.

**RESPONSE**:  **OBJECTION.** See, response to Plaintiff's RFP No. 60. the University of Washington Medical Center is not a separate entity from the University of Washington in

PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS *WITH OBJECTIONS AND RESPONSES*

Case 2:17-cv-00642

33

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

the context of being a party to a lawsuit. All named Defendant-employees and identified witnesses are or were at relative times employed by the University of Washington, regardless of whether their positions were associated with the "UW Medicine" identifier. Defendants have already identified and produced copies of Complaints, Orders, and/or Agreements related to numerous other public records case---none involved issues similar those alleged by Ms. Dalessio here. Despite prior requests to narrow the scope of requests related to other, unrelated litigation, Plaintiff has failed to do so, and now continues with the same broad scope of request with no apparent relation or adequate basis establishing relevance, need, or proportionality to the needs of the case.

62.  Any and all documents identifying the current organizational structure of the Office of Public Records and Open Public Meetings for the University of Washington.  These documents should identify the employees, the employees job titles, responsibilities, and supervisors.

**RESPONSE**:  **OBJECTION. DUPLICATIVE.** This has been requested and responded to in previous discovery requests, and is therefore duplicative. Without waiving the foregoing object, the OPR does not have a formal "organizational chart prepared." The staff in the office currently consists of the following employees:

Eliza A. Saunders, Director

Perry Tapper, Compliance Officer

Tisa Escobar, Compliance Officer

Alison Swenson, Compliance Analyst

Andrew Palmer, Compliance Analyst

Kathleen Burns, Compliance Analyst

At times, the office also utilizes temporary staff or student-employees to assist with data input.

63. Any and all documents identifying current insurance policies and procedures regarding

PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS *WITH OBJECTIONS AND RESPONSES*

Case 2:17-cv-00642

34

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

liability coverage for the University of Washington Laboratory Medicine.

**RESPONSE**: **OBJECTION.** See, response to Plaintiff's RFP No. 57. "UW Medicine" is a brand name and is not an employing organization separate from the University of Washington. All named Defendant-employees and identified witnesses are or were at relative times employed by the University of Washington, regardless of whether their positions were associated with the "UW Medicine" identifier.

64. Any and all documents identifying UW Medicine compliance audits for the subject matter: Health Insurance Portability and Accountability Act (HIPAA) and State patient information privacy laws.  The scope of this request is from January 01, 2010 to May 01, 2018.  For your convenience when searching for this record the link to the policy statement describing the UW Medicine compliance audits is here: http://depts.washington.edu/comply/comp_003/

**RESPONSE**: **OBJECTION. Relevance; potentially seeks privileged and/or confidential documents.**  Defendants reserve the right to supplement this response if necessary following a ruling on Defendants' Motion for Summary Judgment.

65. A copy of the signed agreement between the University of Washington and the United States Department of Health and Human Services regarding the unlawful disclosure of protected health information (PHI) under the Health Insurance Portability and Accountability Act (HIPAA).  It is believed this agreement was signed entered into on or about the year 2015.  For your assistance in finding this record, this is a link to the United States Health and Human Services website announcing the fine and the agreement. https://www.hhs.gov/hipaa/for-professionals/compliance-enforcement/agreements/university-of-washington-medicine/index.html

**RESPONSE**: **OBJECTION. Relevance; Vague.**  Without waiving said objections, it appears an unsigned version of the agreement Plaintiff is requesting can be found at:

PLAINTIFF'S SECOND SET OF
DISCOVERY REQUESTS *WITH
OBJECTIONS AND RESPONSES*

Case 2:17-cv-00642

35

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1   https://www.hhs.gov/sites/default/files/uw-ra-and-cap.pdf. Defendants reserve the right to

2   supplement this response if necessary following a ruling on Defendants' Motion for

3   Summary Judgment.

6   Dated: September 28, 2018

8                                      LAW OFFICE OF JOSEPH THOMAS, PLLC

9
                                       By: */s/ Joseph Thomas*
10                                     Joseph Thomas, WSBA #49532
                                       Attorney for Plaintiff
11
                                       14625 SE 176th St., Apt. N101
12                                     Renton, WA 98058
                                       Phone: (206) 390-8848
13                                     Email: joe@joethomas.org

16                              **Certificate of Service**

17       I hereby certify that on 28th of September 2018, I filed the foregoing with Defendants

18   through electronic mail.

19                                      ____ /s/ Joseph Thomas_____
                                        Joseph Thomas, WSBA 49532
20                                      14625 SE 176th St., Apt. N101
                                        Renton, WA 98058
21                                      (206) 390-8848

28   PLAINTIFF'S SECOND SET OF              36          Law Office of Joseph Thomas
     DISCOVERY REQUESTS ***WITH***                      14625 SE 176th St., Apt. N101
     ***OBJECTIONS AND RESPONSES***                     Renton, Washington
                                                        Phone (206)390-8848
     Case 2:17-cv-00642

1    The foregoing objections and responses were asserted in good faith pursuant to

2    FRCP 26 and 33.

3    DATED:  October 29, 2018

4                                               KEATING, BUCKLIN & McCORMACK, INC., P.S.

5

6                                               By:  */s/ Jayne L. Freeman*
                                                     Jayne L. Freeman, WSBA #24318
7                                               Special Assistant Attorney General for Defendants

8                                               800 Fifth Avenue, Suite 4141
9                                               Seattle, WA  98104-3175
                                                Phone: (206) 623-8861
10                                              Fax:    (206) 223-9423
                                                Email:  jfreeman@kbmlawyers.com
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

2:17-cv-00642 TSZ

1

**DECLARATION OF SERVICE**

2          I declare that on October 29, 2018, I caused a true and correct copy of the foregoing

3   document to be served on the party listed below ***via email***.

4          **Attorney for Plaintiff**

       Mr. Joseph Thomas
5          14625 S.E. 176th St., Apt. N-101

6          Renton, WA 98058-8994
       (206)390-8848

7          joe@joethomas.org

8

9   DATED:  October 29, 2018

10

11                                */s/ Jayne L. Freeman*

12                                Jayne L. Freeman

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

2:17-cv-00642 TSZ