The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIE DALESSIO, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNIVERSITY OF WASHINGTON, a Washington Public Corporation; Eliza Saunders, Director of the Office of Public Records, in her personal and official capacity; Alison Swenson, Compliance Analyst, in her personal capacity; Perry Tapper, Public Records Compliance Officer, in his personal capacity; Andrew Palmer, Compliance Analyst, in his personal capacity; John or Jane Does 1-12, in his or her personal capacity,<br><br>　　　　　Defendant. | No. 2:17-cv-00642-MJP<br><br>PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE [REQUEST] TO WITHDRAW PENDING MOTION FOR PROTECTIVE ORDER [DKT. 117]<br><br>**Noted for Motion Calendar November 09, 2018** |

Response to notice to withdraw pending motion for a protective order

Case 2:17-cv-00642

1

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1  Defendants are violating the spirit and intent of the Federal Rules of Civil Procedure and
2  this Court's Local Court Rules by requesting this Court withdraw Defendants' [second] motion
3  for a protective order only after Plaintiff's responded to the motion, and while Plaintiff's are
4  working on responding to the summary judgment motion.

## I. STATEMENT OF FACTS

6  On October 25, 2018, Defendants filed their [second] motion for a protective order from
7  Plaintiff's second set of discovery requests. Dkt. 117. This [second] motion for a protective
8  order was originally noted for November 02, 2018. Dkt. 117.

9  Then on October 31, 2018, attorneys for Defendants and attorney for Plaintiff had a
10 discovery conference. Dkt. 125-2. In this discovery conference, Defendants attorneys Ms. Jayne
11 Freeman and Mr. Derek Chen agreed to produce requests for production 16-23 of Plaintiff's
12 second set of discovery because it is necessary for Plaintiff to argue against Defendants' pending
13 motion for summary judgment. Dkt. 125.

14 On October 31, 2018, Defendants re-noted their motion for a protective order from
15 November 02, 2018 to November 09, 2018. Dkt. 122.

16 On November 06, 2018, Plaintiff filed her response to Defendants' motion for a protective
17 order from Plaintiff's second set of discovery. Dkt. 124. Hours later Defendants requested this
18 Court to withdraw its [second] motion for a protective order. Dkt. 126.

## II. ARGUMENT

20 The damage is done from the filing of this frivolous motion and it would prejudice
21 Plaintiff and her pro bono attorney by withdrawing this motion only after her response to the
22 motion was filed with this Court. Defendants used this [second] motion for a protective order
23 from Plaintiff's second set of discovery to delay and multiply these proceedings, while harassing
24 Plaintiff and her attorney with more paperwork during a pending motion for summary judgment.

25 As a matter of law, Defendants conduct is "inconsistent with the spirit and intent of the
26 Local Rules" and the Federal Rules of Civil Procedure. *Bango v. Pierce County*, 3:17-CV-06002
27 (W. D. Wash. Aug. 03, 2018). The Federal Rules of Civil Procedure are "construed, administered,
28 and employed by the court and the parties to secure the just, speedy, and inexpensive

determination of every action and proceeding." Rule 1.  These Local Court Rules are meant to promote "professionalism." LCR Introduction.

It is neither for the "just, speedy, or inexpensive" resolution of this case, nor does it promote professionalism for Defendants to vexatious file a [second] motion for a protective order contemporaneously with a pending motion for summary judgment.  Then Plaintiff and her attorney spend many hours, time, and energy timely responding to the [second] motion for a protective order, only for Defendants to attempt to withdraw it.

If Defendants had intended to withdraw in good faith this [second] motion for a protective order, then it should have done so on October 31, 2018 – one week ago.  October 31, 2018 is when Defendants agreed to produce requests for production 16-23 from Plaintiff's second set of discovery requests.  These are the very same discovery requests that Defendants have two pending motion for protective orders from.  Dkt. 111; Dkt. 117.  On the same date, October 31, 2018, that Defendants agreed to produce requests for production 16-23, Defendants also re-noted this [second] motion for a protective order for a week later.  *C.f.* Dkt. 125-2; Dkt. 122.  Defendants had plenty of opportunities – a full week -- to withdraw this [second] motion for a protective order, while also minimizing the harm to Plaintiff and her pro bono counsel.

If this Court is to allow Defendants to withdraw their [second] motion for a protective order it cause undue harm to Plaintiff and her pro bono attorney, and reward and encourage this harmful behavior by Defendants.

Plaintiff will be harmed if Defendants' [second] motion for a protective order is not decided on the merits.  On October 31, 2018 Plaintiff's attorney spent time, only after this motion was filed, having a belated Rule 26(c) discovery conference for this motion.  Plaintiff and her pro bono attorney spent many hours together drafting the twelve-page response to the motion for a protective order while a motion for summary judgment was pending.  Plaintiff's pro bono counsel is entitled to attorney's fees from this failed [second] motion for a protective order, pursuant to Rule 37(a)(5)(B), as requested in the response to the [second] motion for a protective order.  Plaintiff is also harmed because if Defendants had timely sought to withdraw this [second] motion for a protective order, Plaintiff would have had more time to spend responding to

1 Defendants' pending motion for summary judgment.

2 Defendants will be rewarded if this court allows Defendants to withdraw its [second] motion for a protective order. Defendants will be rewarded for their personal attacks and Plaintiff and her pro bono counsel will be punished because if the motion is withdrawn there will not be any repercussions for this misbehavior. Defendants will be rewarded by not having to pay attorney's fees for the time Plaintiff's attorney spent responding to Defendants failed [second] motion for a protective order.

"Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." *Rickels v. City of South Bend, Indiana*, 33 F. 3d 785, 787 (7th Cir. 1994).

### III. CONCLUSION

For the reasons stated above, this Court must maintain Defendants' [second] motion for a protective order and rule upon its merits.

Respectfully submitted this 06 day of November 2018

Law Office of Joseph Thomas

\_\_\_/s/ Joseph Thomas_____
Joseph Thomas, WSBA 49532

### Certificate of Service

I hereby certify that on 06 of November 2018, I filed the foregoing with the Clerk of the Court through the CM/ECF system which will automatically send electronic mail notification of such filing to the CM/ECF registered participants as identified on the Electronic Email Notice List.

\_\_\_/s/ Joseph Thomas\_\_\_\_\_
Joseph Thomas, WSBA 49532
14625 SE 176th St., Apt. N101
Renton, WA 98058
(206) 390-8848