The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIE DALESSIO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON, a Washington Public Corporation; Eliza Saunders, Director of the Office of Public Records, in her personal and official capacity; Alison Swenson, Compliance Analyst, in her personal capacity; Perry Tapper, Public Records Compliance Officer, in his personal capacity; Andrew Palmer, Compliance Analyst, in his personal capacity; John or Jane Does 1-12, in his or her personal capacity,<br><br>Defendants. | No. 2:17-cv-00642-MJP<br><br>DECLARATION OF JULIE DALESSIO IN SUPPORT OF DENIAL OF DEFENDANTS' MOTION FOR A PROTECTIVE ORDER<br><br>**Note on Motion Calendar November 16, 2018** |

I, Julie Dalessio, declare as follows:

1. I am the Plaintiff in this above entitled action. I make this declaration based upon my own personal knowledge, upon facts which are admissible in evidence. I am competent to testify to the matters set forth in this declaration.

**Betz Request – PR 2015-00570**

2. I have previously sworn to the facts in this case, based on my personal knowledge. Dkt. 42 (Dalessio Declaration).

Declaration
Case 2:17-cv-00642

1

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

3. In September 2015, University of Washington ("UW") Office of Public Records and Open Public Meetings ("OPR") through Alison Swenson produced in response to Public Records Act ("PRA") request number PR 2015-00570, made by my neighbor David Betz, documents containing highly personal and confidential documents about me, including Social Security Number ("SSN"), Date of Birth ("DOB"), Place of Birth, and Health Information protected from disclosure by the Americans with Disabilities Act ("ADA"), Health Information and Portability Accountability Act ("HIPAA"), and the Washington state Health Care Information Access and Disclosure (RCW 70.02.005 *et. seq.*). All of this information was given to my neighbor David Betz without my authorization.

4. At no time did UW, any of the named Defendants in this lawsuit, or anyone else associated with UW give me the opportunity to authorize the disclosure of these very personal and private documents to a third party. The PRA provides for agencies to give the opportunity to enjoin the release of records under RCW 42.56.540; however, I was never given that opportunity. By the time I learned about the disclosure of my personal and private records being disclosed to Mr. Betz, it was too late and damage had been done.

**Dalessio Request – PR 2016-00218**

5. I wanted to find out what was given to Mr. Betz about me. Mr. Betz was suing me for adverse possession and I wanted to know what information the UW OPR had given him about me and that he planned to use in his lawsuit against me.

6. So, in April 2016, I made a PRA request to the UW OPR for all responsive documents produced in request PR 2015-00570. In other words, I wanted all of the documents that Mr. Betz received about me from the UW OPR. The UW OPR produced these documents as "PR 2016-00218."

7. I was shocked to find many of the documents produced in response to Mr. Betz's PRA request contained documents from my personnel file. I was especially offended that these contained personal health information and multiple copies of my supervisor's

2

personal opinions about my health and my job performance. I had never seen many of these documents before I made this PRA request, and many of these documents were the same documents that UW had agreed to remove from their files. In 2003 the UW and I entered into a Settlement Agreement [Dkt. 30-3] in which the UW agreed in part to remove enumerated files about me from its files.

8. I was very disturbed to find that many of these documents produced to Mr. Betz contained my SSN. In fact, in ten (10) separate instances, my SSN appeared unredacted in the PRA documents produced to Mr. Betz.

9. Defendants boast in this lawsuit numerous times that they successfully made 487 redactions and 101 pages of withholdings from the responsive documents given to Mr. Betz. Dkt. 27 at 1.

10. This misses the point. The harm that can come from a SSN left unredacted is tremendous because of the threat of identity theft and fraud. This is compounded when it is considered that the UW OPR gave these documents to a person who wanted to use this information to harass me.

11. It's shocking to me that the UW has this much personal private information circulating around about me in various forms of media.

12. Defendants missed redaction of SSNs in three out of three productions of my personal records that I know of.

13. I had well-grounded expectations of privacy in my personally identifiable information. Statutes (including the PRA) and UW policies were in place at the time of my employment that limited disclosure of personally identifiable information to authorized persons only, that regulated the procedures for adding to and removing documents from personnel files. One of these policies was provided by defendants in discovery. *See* Ex. C. This policy was first posted on this webpage in 2002. *Id. a*t 6

14. In April 2016 with the productions of PR 2016-00218, I first discovered that UW had breached the 2003 Settlement agreement by publishing the Agreement in the PR 2015-00570 to Mr. Betz [Dkt. 30-3], and failing "to withdraw from Dalessio's official

Personnel Department file and from all Department of Laboratory Medicine files the following documents and all attachments to each document, plus the originals of all such attachments" as specified in the Agreement. (Dkt. 30-3 at 2, ¶ 2)

15. Documents were kept by UW in breach of the agreement, and produced to my neighbor Mr. Betz in PR 2015-00570 (for example Dkt. 30-2 at 91, 93) and to me in PR 2016-00218 (a copy of PR 2015-00570).

16. I tried to work with UW to cure the issues.

**Dalessio Request – PR 2016-00760**

17. I feared many departments within Defendant UW were disclosing or could possibly disclose my personal, private information, so I submitted a PRA request to Defendant UW's Office of Public Records and Open Public Meetings. Defendant UW designated this request as PR 2016-00760. This request sought "a digital copy of my departmental personnel file, along with any other computer or paper files that might contain records of inquiries concerning my employment at the UW since my resignation in 2003. I am also requesting any other records of departmental communications, concerning my employment with the UW, including phone logs, calendars, and emails exchanged with human resources, my former supervisor Rhoda Ashley Morrow or others concerning me."

18. Dkt. 38, filed under seal is a copy of PR 2016-00760.  The PRA production was mailed to me in two stages, originally on two compact discs (CDs) in four hundred and twenty-six separate files.  The file names as listed on the CD, Dkt. 38, are the same file names that were produced by Andrew Palmer from the UW OPR.  (There was no explanation given as to why these documents were scanned into 426 files.  All of the other PRA responses were provided in one release file per CD)

19. PR 2016-00760 contains a shocking amount of personal information, a shocking number of places in the records where my SSN is unredacted

20. I did not present any documents to prove my identity, I did not make any personal request for my own records.  I made a public records request for my personnel file.

4

      Anyone else could have made the same request claiming to be me.  Since there were not any procedures in place to verify that the person making the request was me, anyone could have made the PRA request.  For example, there was not even a request to furnish proof of government identification to prove the person making the request was really me.  UW OPR had no idea at the time of the request who was making the request.  *See* Dkt. 30 at 2.  Defendant Swenson even testifies in her Declaration in Dkt. 30 that she did not know who I was.  That is because UW OPR never once asked for identification from me or from others to verify identity.

21. PR 2016-00760 contains readily identifiable personal health information, including a psychiatrists' report that I had never seen before.

22.  I did not ever waive my rights to privacy of these documents.

23.  Documents were kept by UW in breach of the agreement and produced to me in PR 2016-00760 The CD filed under seal as Dkt. 38 contains copies of the documents specified in the agreement to be removed as follows:  attachment to memo recommending further discipline (filed under seal as "00020-A1496194" and "00026-A1496197"), attachment E to letter July 24, 2002 (filed under seal as "00219-A1510603"), attachment A to letter July 24, 2002 ("00232- A1510612"), attachment B to letter July 24, 2002 ("00236-A1510615" and "00489-A1510782" and "00489-A1510782") attachment C to letter July 24, 2002 ("00277-A1510643"), attachment D to letter July 24, 2002 ("00289-A1510652" and "00287- A1510651"), attachment A to letter July 24, 2002 ("00299-A1510660", "00408-A1510731"), attachment 1 to July 12 memorandum ("00411-A1510733"), draft of memo recommending further discipline ("00362-A1510699"), attachment 7 to July 24 letter ("00399-A1510726"), originals and attachments to July 12 memorandum and July 24 letter ("00560-A1519744" at 1-60), several attachments to July 12 memorandum and July 24 letter ("314797" at 50-70).

24. Not only did UW fail to destroy the documents as they claimed (in a letter from UW Attorney General to my attorney in the matter and also published to Mr. Betz (Dkt. 34

at 97)) but they interspersed multiple copies of the documents and produced them in the PR 2015-00570, PR 2016-00218, PR 2016-00760.

25. I had well-grounded expectations that documents related to my supervisors' vendetta against me would be removed from all UW files upon my resignation. This was a term of the 2003 settlement agreement. UW AAG Jeffrey Davis provided written assurance that UW had complied with this term.

26. At the time of my resignation, I had no idea that the UW was copying and distributing confidential records to unauthorized persons, that my supervisor was emailing others her opinions about my use of my body (Dkt. 34 p.66) that my supervisor was joking with coworkers regarding my accommodations requests (Dkt. 38, 00463 A1510763.pdf), that University employees were meeting and discussing my physical appearance and gossiping about my family and recording malicious, false accusations regarding my abilities (Dkt. 38, 00362-A1510699.pdf), and that notes from this meeting would be copied and placed in my personnel file, along with multiple copies of selected, misleading documents, including several in breach of the Settlement Agreement and that these records would be copied and distributed as the public record to anyone who makes a PRA request. And, on top of that, UW shared my Labor and Industries ("L&I") claim information, derisive and defamatory emails from my supervisor containing unsolicited, unqualified opinions and directions about healthcare (Dkt 34 at 71-73) (my supervisor has a PhD in microbiology), and more to unauthorized persons.

27. These documents were not compiled and kept for me, and it's unlikely that this misleading information was not disseminated within the UW, to National Institute of Health ("NIH") auditors, and to potential employers inside and outside the UW including affiliated institutions Harborview Medical Center, Fred Hutch Cancer Research Center and Children's Regional Hospital and Medical Center. Even in the unlikely event that these records were only given to me and to Mr. Betz in response to

6

PRA requests, this has caused substantial emotional distress. Reading this again has brought back the nightmare of harassment and abuse that I suffered during employment with the UW.

28. I have tried, through discovery requests, to find out the locations and chains of custody of these documents.  Defendants have objected to every request for production of documents and interrogatory.  More than two years have passed, and even with the efforts of my pro bono counsel, Defendants have not participated in discovery to reveal these facts.

29. I fear that the UW will reproduce these records again, upon any request.  Defendants have stated "[t]hese documents are part of the public record and must be produced as such if requested." Dkt. 39 at 5 and even now, in Defendants' motion for summary judgment, state at footnote 9 "[t]he University would certainly voluntarily agree to redact the SSN that was unintentionally missed if another third-party request for her records was made, and clearly attempted to do so here." Dkt. 119 at 20. This seems clear to me that defendants have no intention of redacting anything except SSN from future PRA requests, and that they intend to release these same records that are at issue in this lawsuit in response to all future requests for information about me.

30. Defendants have also made it clear that they will not give notice or even inform me prior to (or even after) any production of these records.

**PRA Requests for Other Employee Records**

31. I submitted PRA requests to the UW OPR in attempts to discover whether the defendants' responses to PRA requests were consistent, or whether my records were treated differently.

32. In responses to my PRA requests, defendants produced other employees' records as described in my First amended complaint. Dkt. 82.

33. It turns out that UW OPR routinely gives out personally identifiable employee information in conjunction with DOB, Employee ID, personal contact information,

7

and health information etc.

34. Defendants missed redactions of SSNs in two out of eight UW OPR productions of other employees' records to me.

35. On April 17, 2017, I emailed a PRA request to UW OPR for the records of ten employees who were identified as clients of the UW Disability services office in PR 2015-00570. Dkt. 30-2 at 218.

36. The UW OPR produced four thousand eight hundred and ten responsive documents in four stages, on four CDs, with the final installment on June 5, 2018 as PR 2017-00359.

37. The personally identifiable records of the ten employees are not separated in any way in the CDs. The employee records appear to be somewhat randomly mixed up, with multiple copies of some documents.

38. These employees' names all appear in conjunction with other personal other information.

39. Dkt 37-5, 6, 7 are a few pages that I selected from PR 2017-00359 of which I filed with the court. These documents were produced in UW OPR response to my PRA request for records of clients of the UW disability services office. The documents were provided to me with names unredacted. I tried to scribble out the clients' names before filing the records with this court.

40. These documents are clearly identified as "personal and confidential" and contain health information and disability accommodation information

41. I couldn't didn't get useable copies of these documents from defendants until just this week, when defendants produced over 10,000 pages on November 9. Defendants would not stipulate to filing these documents under seal, and defendants would not agree to renote their motion for summary judgment. With only three days (weekend and holiday) before the deadline for my response to defendants' motion for summary judgment, there was not enough time to write a motion to seal records and incorporate these documents into evidence.

42. On April 17, 2017, I emailed a PRA request to UW OPR for the records of four former employees of the UW department of laboratory medicine.

43. On February 22, 2018 the UW OPR produced the final of two installments responsive documents in PR 2017-00822, for a total of 1599 responsive documents.

44. The personally identifiable records of the four employees are not separated in any way in the CDs. The employee records appear to be somewhat randomly mixed up, with multiple copies of some documents.

45. These employees' names all appear in conjunction with other personal other information (DOB, Employee ID, personal contact info. Etc).

46. Some of the documents are clearly labeled "sensitive, confidential."

47. For example, one document produced to me in PR 2017-00822 is labelled "Physician estimate of physical capacities" with "Outpatient medical record/Ongoing Clinical Care" noted at the bottom of the page. This page contains a diagnosis, signed by a physician, DOB, Date of injury, part of body injured, height, weight, marital status in conjunction with the patient's name. (uw005511 not in record).

48. PR 2017-00822 also contains several emails between the employee's supervisor and others regarding regarding employee's personal medical issues, therapy. (uw006005-uw006009, not in record).

49. On April 17, 2017, I emailed a PRA request to UW OPR for the records of two current employees of the UW department of laboratory medicine.

50. UW OPR responded in separate productions for each employee. PR 2017-00357 containing 618 responsive documents, and PR 2017-00358 containing 726 documents.

51. These Documents produced in response to my PRA requests contain employee names in conjunction with other confidential information including DOB, EID, Insurance and pension information, workplace location, height, weight, tobacco use, payroll records, personal contact information and more.

52. For Example, PR 2017-00358 contains a copy of the employee's Immigration and Naturalization I-94 departure record and for I9 Employment eligibility verification.

There is also a copy of an email from payroll regarding expired work authorizations.

53. For another example, PR 2017-00357 also contains employee's unredacted SSN.

54. Defendants did not produce usable copies of these documents in time to incorporate them as evidence in the response to Defendant's motion for summary judgment, so I swear that these descriptions are correct to the best of my ability.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge.

DATED this 13th day of November 2018, at Seattle, Washington.

Plaintiff Julie Dalessio

### Certificate of Service

I hereby certify that on 13th day of November 2018, I filed the foregoing with the Clerk of the Court through the CM/ECF system which will automatically send electronic mail notification of such filing to the CM/ECF registered participants as identified on the Electronic Email Notice List.

/s/ Joseph Thomas
Joseph Thomas, WSBA 49532
14625 SE 176th St., Apt. N101
Renton, WA 98058
(206) 390-8848