The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JULIE DALESSIO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON, a Washington Public Corporation; ELIZA SAUNDERS, Director of the Office of Public Records, in her personal and official capacity; ALISON SWENSON, Compliance Analyst, in her personal capacity; PERRY TAPPER, Public Records Compliance Officer, in his personal capacity; ANDREW PALMER, Compliance Analyst, in his personal capacity; JOHN or JANES DOES 1-12, in his or her personal capacity,<br><br>Defendants. | No. 2:17-cv-00642-MJP<br><br>DEFENDANTS' REPLY RE MOTION FOR SUMMARY JUDGMENT<br><br>**NOTED:  Friday, November 16, 2018** |

## I.     REPLY

Repetitious recitations do not change the simple facts: Defendant Alison Swenson evaluated hundreds of pages of University personnel records regarding a former employee for Public Records Act (PRA) exemptions and withheld or redacted volumes of private information before producing responsive records. She missed Social Security Numbers (SSNs) on two pages. *Dkt. 30-7.* There is no evidence even remotely suggesting this mistake was anything but inadvertent; to the contrary, her copious efforts to redact SSNs and other data on the basis of "privacy" throughout hundreds of other pages demonstrate otherwise. *Dkt. 30, 30-7, 32-34.*

DEFENDANTS' REPLY RE MOTION FOR SUMMARY JUDGMENT - 1
2:17-cv-00642-MJP

1010-00051/389070.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

Despite implying that records produced to Mr. Betz were littered with Ms. Dalessio's private medical information, it turns out that even Plaintiff now only points to eleven pages she characterizes as "confidential medical records" and/or "protected health information." *Dkt. 34* at pp. 69-77. In fact, they are not. These documents are in the court record, available for review at, and consist of the following:

- A form titled "accommodations request" that is completely illegible and unreadable (Dkt. 34 at 69)

- A 2002 cover letter containing no medical information (Dkt. 34 at 70)

- A "temporary accommodation letter" from Plaintiff's Departmental supervisor to her—heavily redacted to remove any references to any medical information (Dkt. 34 at 71-73)[1]

- a Job Analysis form outlining the essential functions and physical capacities required to perform *the position* of "Clinical Technologist II"—it is not filled out or signed by a doctor and does not contain *medical information* about Dalessio (Dkt. 34 at 74-77)[2]

Plaintiff goes to great lengths erroneously describing issues as "disputed" or otherwise unsupported by evidence. The declarations of Saunders, Tapper, Palmer, and Swenson are unopposed. Plaintiff has provided no conflicting testimony, expert analysis, or other evidence contradicting the testimony of these witnesses, and the documentary evidence is consistent as well. The only evidence submitted in response to Defendant's Motion are declarations by Ms. Dalessio unilaterally opining and surmising about how she believes a public records system should work. However, conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment. *Anheuser-Busch, Inc. v. Natural Bev. Dist.,* 60 F.3d 337, 345 (9th Cir.1995).[3]

---

[1] Plaintiff filed a copy of the corresponding unredacted version of the letter in Dkt. 38 at 00030-A1496201.

[2] It is undisputed all unredacted documents Plaintiff filed in Dkt. 38 at pp. 28, 4-13, 22-25 were *only* produced directly to Ms. Dalessio herself in response to her request for her own records. Dkt. 131, at ¶¶ 17-23; Dkt. 29 (Palmer Dec.).

[3] To that end, Defendants object to Dalessio's declaration to the extent it consists of unsupported, speculative statements that are inadmissible; these portions should be stricken or not considered on summary judgment. Dkt. 131, ¶27("unlikely…information was not disseminated" to multiple agencies); ¶29("seems clear to me"…"defendants have no intention"); ¶30 ("Defendants have also made it clear they will not give notice...").

DEFENDANTS' REPLY RE MOTION FOR SUMMARY JUDGMENT - 2
2:17-cv-00642-MJP
1010-00051/389070.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

It is undisputed the University does have policies and procedures restricting the production of private information. *Dkt. 130 at 6-7, Ex. C* (Administrative Policy Statement 57.9). It is also clear Ms. Swenson followed those policies in reviewing, withholding, and redacting information pursuant to allowable exemptions under the PRA. *Dkt. 30, Dkt. 30-5*(release letters listing PRA exemptions she applied-most citing PRA "privacy" exemptions), *30-6, 30-7* (Request Summary Report listing number of times she applied PRA exemptions to redact or withhold documents from Mr. Betz); *Dkt. 120 at ¶6-¶7* (Director of the Office of Public Records and Open Public Meetings describing the process for handling PRA requests) and *Dkt. 120-1* (OPR request and preservation notice to departments likely to have responsive documents related to former employees).

Redacting information consistent with PRA mandates requires individualized assessment of each line on every page of thousands of documents. As Plaintiff describes it, each of the OPR analysts are charged with calling "balls and strikes" in application of the myriad mandates and exemptions under the PRA. It is exactly the type of function for which Federal and State law provides immunity from lawsuit like this, for which Federal courts hesitate to transform a privacy "interest" into an actionable Constitutional "right.".

Plaintiff's reliance on conclusory allegations in the Amended Complaint, without now producing evidence to support material facts, fails to withstand summary judgment. "Material" facts are those which might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). At this stage, simply "pleading" a prima facie case is not enough. *C.A.R. Transp. Brokerage Co. v. Darden Rest., Inc.,* 213 F.3d 474, 480 (9th Cir. 2000) ("A motion for summary judgment may not be defeated, however, by evidence that is 'merely colorable' or 'is not significantly probative.'"); *Hamilton v. Rhoads,* 582 F. App'x 737, 738 (9th Cir. 2014).

---

Defendants also object to documents and arguments regarding non-party employees obtained by Dalessio after she filed her lawsuit; these are irrelevant to the 2015 disclosure upon which she bases her claims. See, Dkt. 82 at 14-15, Dkt. 37-5, Dkt. 38, Dkt. 130 at 5-6, Dkt. 131 33-55. Plaintiff also merely provides hearsay statements about documents in her possession rather than filing the documents. *Id*.

DEFENDANTS' REPLY RE MOTION FOR SUMMARY JUDGMENT - 3
2:17-cv-00642-MJP
1010-00051/389070.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

**A.     Plaintiff Fails to Establish Any Basis for a 42 U.S.C. §1983 Claim.**

42 U.S.C. §1983 does not confer rights, but instead allows individuals to enforce rights contained in the United States Constitution and defined by federal law. *Vinson v. Thomas*, 288 F.3d 1145, 1155 (9th Cir. 2002), *citing Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir.1995). An alleged violation of federal law may not be vindicated under § 1983, however, where: "(1) the statute does not create an enforceable right, privilege, or immunity, or (2) Congress has foreclosed citizen enforcement in the enactment itself, either explicitly, or implicitly by imbuing it with its own comprehensive remedial scheme." *Id.* Here, Plaintiff fails to establish either a Constitutional violation or an actionable violation of Federal law that supports a §1983 claim against any Defendant.

1.     <u>Neither HIPAA Nor the ADA Support a §1983 Claim.</u>

Plaintiff repeatedly refers to the Health Insurance Portability Act (HIPAA). However, these provisions do not support any actionable claim. *In Nickler v. Cty. of Clark*, No. 16-17211, 2018 WL 5291193, at *1 (9th Cir. Oct. 24, 2018), the court recently reiterated that HIPAA does not give rise to a either a direct cause of action or a 42 U.S.C. §1983 claim:

> To the extent that Nickler raises a claim based on an alleged Health Insurance Portability and Accountability Act (HIPAA) violation, that claim fails because there is no private right of action under HIPAA, *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010), and Nickler has not shown that Congress's enactment of HIPAA "create[d] new rights enforceable under § 1983 ... in clear and unambiguous terms," *Gonzaga University v. Doe*, 536 U.S. 273, 290, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002)."

Nor can a §1983 claim be used to enforce rights under the ADA. *Okwu v. McKim*, 682 F.3d 841, 846 (9th Cir. 2012); *Iceberg v. Martin*, 2017 WL 396438, at *8 (W.D. Wash. Jan. 30, 2017), *app. dism.* 2018 WL 4904818 (9th Cir. 2018). Though not proceeding directly on an ADA claim, Plaintiff's references to provisions of Title I of the Americans with Disabilities Act (ADA) (42 U.S.C. § 12112) do not support any legal cause of action and they cannot give rise to a §1983 claim.

DEFENDANTS' REPLY RE MOTION FOR SUMMARY JUDGMENT - 4
2:17-cv-00642-MJP
1010-00051/389070.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

### 2. Plaintiff Cannot Establish a Fourteenth Amendment Violation.

Plaintiff repeatedly confuses the concept of recognized privacy "interests" with Constitutionally protected "rights" establishing an actionable claim. She fails to address any caselaw cited by Defendants at Dkt. 119, p. 9-15 questioning whether limited disclosures can amount to a violation of Constitutional proportions—and cites no authority establishing that it can. *Dkt. 130, p. 12-20.* With primary reliance on dicta in *In Re Crawford*, 194 F.3d 954, 958 (9th Cir. 1999), she fails to acknowledge that even in that case, the Supreme Court actually *rejected* the plaintiff's Constitutional claims even where the government affirmatively compelled him to file his SSN publicly in the court record. *Id.,* at 960.

### 3. Plaintiff Cannot Establish a Fourth Amendment Violation.

Plaintiff fails to establish any Fourth Amendment violation. She unilaterally declares that locating an employer's personnel files responsive to a public records request is "inherently unreasonable" and "clearly" in violation of the Fourth Amendment. No legal authority supports this proposition. The undisputed evidence here clearly establishes that Defendant Swenson followed procedures for locating potentially responsive records by contacting University departments likely to have custody of records related to a former employee---i.e., Human Resources, the Department where the employee last worked (UW Medicine/Lab Medicine), and Payroll. *Swenson Dec., Dkt. 30, ¶5; Dkt. 30-7* (Request Summary Report detailing search requests, including that HR was "still checking for DSO and benefits files"); *Dkt. 120 at ¶6-7, Dkt. 120-2* (departmental search request).

Documents Dalessio argues should never be accessed internally or produced include information about this public University's operations, personnel, and expenditure of public funds—all heavily redacted to remove any medical information. No legal authority supports Plaintiff's argument that the University, as a government employer, violates an employee's Fourth Amendment rights by simply accessing its own files. In fact, courts have rejected such a notion even where public employers go beyond collecting typical personnel files and compel employees to produce texts messages from both public and private cell phones. *See,*

DEFENDANTS' REPLY RE MOTION FOR SUMMARY JUDGMENT - 5
2:17-cv-00642-MJP

1010-00051/389070.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

*e.g. Nissen v. Pierce Cty.,* 183 Wn.2d 863, 357 P.3d 45 (2015) (texts on employee's private phone must be produced if they might be "public records"); *City of Ontario v. Quon*, 560 U.S. 746 (2010) (City's review of employee's personal message on City pager was not unreasonable search or seizure).

4. <u>Plaintiff Cannot Proceed on a §1983 Claim Based on Negligence.</u>

Plaintiff completely ignores well-established law recognizing that "negligence" "mistaktes" are insufficient to establish a Constitutional claim under 42 U.S.C. §1983—even where a disclosure does include protected medical information. *Dkt. 119 at 6-7. See also*, *Daniels v. Williams*, 474 U.S. 327, 328 (1986)(lack of due care is far from the "abuse of power" the Constitution was designed to protect); *Stevenson v. Koskey*, 877 F.2d 1435, 1440-41 (9th Cir. 1989)("it is the deliberate, intentional abuse of governmental power for the purpose of depriving a person of life, liberty, or property that the Fourteenth Amendment was designed to prevent"); *B.E.S. v. Seattle Sch. Dist. No. 1,* 2007 WL 710095, at *6 (W.D. Wash. 2007)(School administrator's failure to discipline teacher suspected of touching students was not enough to establish individual liability under §1983 for failing to prevent future molestation).

While FRCP 56 allows for evidentiary facts supported to be viewed in the "light most favorable to Plaintiff, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Robinson v. Univ. of Washington*, 2016 WL 4218399, at *2 (W.D. Wash. 2016), aff'd, 691 F. App'x 882 (9th Cir. 2017), *citing In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1056-57 (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Plaintiff's argument that any Defendant "could have" deliberately tried to violate her Constitutional rights is contrary to the evidence here.

**B.  Plaintiff Fails to Establish Federal Claims Against Any Individual.**

Defendants do dispute Plaintiff's allegations that Ms. Swenson released any information about Ms. Dalessio so private that disclosure violated Ms. Dalessio's

DEFENDANTS' REPLY RE MOTION FOR SUMMARY JUDGMENT - 6
2:17-cv-00642-MJP
1010-00051/389070.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

Constitutional rights. However, resolving that issue is not necessary here, as qualified immunity bars her claims against all individual Defendants. "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably," *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

The standard for qualified immunity from Federal claims is an objective one: if any individual in Ms. Swenson's position (or any Defendant's position) arguably could have believed they were complying with Constitutional mandates as they performed their job duties, they are immune from liability. Recently in *White v. Pauly,* 137 S. Ct. 548, 552 (2017), the U.S. Supreme Court reiterated "[t]he panel majority misunderstood the 'clearly established' analysis: It failed to identify a case where an officer acting under similar circumstances as Officer White was held to have violated the Fourth Amendment." (emphasis added.)  In finding the law is clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate[.]" Id., at 551.  This standard "gives ample room for mistaken judgments" and protects "all but the plainly incompetent or those who knowingly violated the law." *Hunter v. Bryant*, 502 U.S. 224, 229, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991).

To the extent Plaintiff suggests Defendants did not "properly follow" internal policies restricting release of "private" information, it is also well-established that such policies do not create a basis for a Constitutional claim. *See, Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (Constitutional claims cannot be based on State departmental regulations or operations manuals even if their purpose is to avoid infringement of individual rights).  Nor is there evidence that any Defendant here did not appropriately follow internal policies, procedures, or State law in preparing documents pursuant to the PRA.

Plaintiff further fails to demonstrate how each of the other Defendants took action to

DEFENDANTS' REPLY RE MOTION FOR SUMMARY JUDGMENT - 7
2:17-cv-00642-MJP
1010-00051/389070.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

harm her. For example, Plaintiff's claims against Defendant Perry Tapper are based solely on allegations that he missed catching Ms. Swenson's mistake as her supervisor. *Dkt. 130 at 3, 8:19-28*, Plaintiff's suggestion that, if he was "involved" in the production to Betz, he is individually liable for civil rights violations misstates the law. *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (individual must personally take action to violate the plaintiff's civil rights or cause deprivation of civil rights to occur).

Similarly, her claims against Defendant Eliza Saunders in her individual capacity are based on the theory that she failed to catch or prevent Ms. Swenson's mistake as the Public Records Officer for an agency that reviews millions of pages of records a year. *Dkt. 82*, at ¶¶ 42, 152, 158.[4] *Dkt. 130 at 3-5, 7, 9*. In her declaration, Ms. Saunders confirmed she was not in any way personally involved in reviewing, preparing or producing records to Mr. Betz. *Dkt. 120*. This is undisputed.

It is also not "unknown" who the "John and Jane Does" are—Plaintiff identifies them in her Amended Complaint as various University employees who located, collected, and transmitted employment files or documents to OPR in response to the PRA requests. *Dkt. 82 at ¶14-25*. There simply is no basis for any legal claim against any employee for such conduct.

**C.     Plaintiff Fails to Establish Federal "Official Capacity" Claims.**

Plaintiff also now argues Federal claims against Defendant Saunders "in her official capacity" based on alleged "pattern and practices" of the University. *Dkt. 130 at 4-6, 19-20*.[5] Obviously, if Plaintiff cannot establish an actionable Constitutional violation, this claim fails at the outset. However, neither state officials nor agencies are vicariously liable even where an employee does violate constitutional rights. *Flores v. Cty. of Los Angeles,*

---

[4] Plaintiff does not dispute that Defendant Palmer never disclosed information to anyone except Ms. Dalessio; her only reference to him is as a "point of contact" for her own request. Dkt. 130 at 3:20-22, 8:5-18. He should be dismissed. Dkt. 119 at 4.

[5] "Official capacity" lawsuits are treated as actions against the entity, and individual official-capacity officers can be dismissed where the governmental entity is a Defendant. *Luke v. Abbott*, 954 F. Supp. 202, 204 (C.D. Cal. 1997).

DEFENDANTS' REPLY RE MOTION FOR SUMMARY JUDGMENT - 8
2:17-cv-00642-MJP

1010-00051/389070.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

758 F.3d 1154, 1158 (9th Cir. 2014). Rather, they must meet the more stringent requirements set forth in *Monell v. New York City Dept. of Soc. Services*, 436 U.S. 658, 690 (1978) and its progeny. *Christie v. Iopa,* 176 F.3d 1231, 1234 (9th Cir. 1999).

Here, Plaintiff cannot meet the burden of establishing a persistent and widespread University policy that caused a violation of her Constitutional rights:

> The custom must be so "persistent and widespread" that it constitutes a "permanent and well settled city policy." *Monell v. Dept. of Soc. Serv. of N.Y.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.

*Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996*), holding mod., Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001); *Clemmons v. City of Long Beach*, 379 F. App'x 639, 641 (9th Cir. 2010) (County detaining the wrong person on two prior occasions was insufficient to establish a pervasive custom; officers routinely followed a policy meant to avoid that harm.). Plaintiff's argument regarding "use" of private information is misplaced. *Dkt. 130 at 20-21. In Re Crawford* and *Mangeles v. Pena,* 789 F.2d 836, 839 (10th Cir 1988) involve situations where the government had to justify its affirmative compulsion of private information from private citizens, not decisions about production of public documents.

Plaintiff has not established an *unconstitutional* practice the University has employed that *caused* a violation of her Constitutional rights. Releasing records to her about herself does not implicate any privacy interest (all documents in Dkt. 38); evaluating and releasing redacted documents to a third party in response to a PRA request does not amount to a Constitutional violation—even if some data is inadvertently disclosed; nor does alleged inadvertent disclosure of data regarding third parties at some point *after* Ms. Dalessio filed her lawsuit establish an unconstitutional practice violating *her* Constitutional rights in 2015 when records were released to Mr. Betz.

DEFENDANTS' REPLY RE MOTION FOR SUMMARY JUDGMENT - 9
2:17-cv-00642-MJP
1010-00051/389070.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

**D.     Plaintiff Fails to Establish State Law Claims.**

1.     <u>RCW 42.56.060 Statutory Immunity Bars Plaintiff's Tort Claims.</u>

Plaintiff's declaration that "because Defendants did not act in accordance with the law [by inadvertently disclosing an SSN] Defendants did not act in good faith" (*Dkt. 130, p. 23*) is nonsensical and unsupported by any law. It is also contrary to undisputed evidence filed with the court and the policies behind the PRA. *See, Decs. Of Swenson, Palmer, Saunders, and Tapper.*

RCW 42.56.060 immunity applies to individuals whether sued in individual or official capacities, as it applies to agencies as well, "…the only prerequisite being that the defendants were attempting to comply with the Public Records Act (PRA)." *Dkt. 106 at 3*. Ms. Swenson detailed procedures she followed to facilitate the response to Mr. Betz's 2105 PRA request. *Dkt. 30.* Mr. Tapper and Ms. Saunders corroborate she followed the University's procedures and made decisions regarding exemptions, withheld records, and redactions, and that they trained and supervised the Analysts as they processed PRA requests. *Dkt. 120, 121*.

To the extent Ms. Dalessio disagrees with the scope of the exemptions as they were applied by Ms. Swenson to redact or withhold records from Mr. Betz, these are exactly the types of decisions for which the Washington legislature provided immunity; otherwise, thousands of public employees tasked with the daily toil of discerning how each PRA exemption may apply to each item of information on each page of every documents, under the pressure of timelines mandated by the legislature, would constantly be subject to lawsuits debating every one of those decisions. *See also*, RCW 42.56.520 (time limits); RCW 42.56.030 (PRA "shall be liberally construed and its exemptions narrowly construed…").

2.     <u>Discretionary Immunity for Policy-Making Decisions.</u>

Plaintiff appears to withdraw the claims alleging individual Defendants are liable for the University's "practice of searching and producing documents out of personnel files."

DEFENDANTS' REPLY RE MOTION FOR SUMMARY JUDGMENT - 10
2:17-cv-00642-MJP

1010-00051/389070.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

(Dkt. 82, ¶152). Dkt. 130 at 22-23. Defendants have never been disputed that Ms. Saunders is the Public Records Officer for the University—she says so in her declaration. *Dkt. 120*; *See also Dkt. 130-1 at 7-13* (Saunders position as OPR Director and Public Records Officer involves high-level executive decisions and balancing of various interests in development of a University-wide process for PRA compliance). To the extent Plaintiff appears to attack "they system" or "process" of tasking Departments throughout the University with locating responsive employee records and files (*i.e.*, Dalessio's personnel records dating back to the 1980's and boxed up in a warehouse since 2005), discretionary immunity preclude such a claim against Saunders in either her individual or official capacities. *See also, Dkt. 106*; *Avellaneda v. State*, 167 Wn.App. 474, 482 (2012).

    3.    <u>Plaintiff Fails to Establish She is Entitled to Injunctive or Declaratory Relief.</u>

Plaintiff fails to address any of the substantive or procedural legal bases for dismissal of these claims, and fails to establish a legal basis for declaring that any Defendant violated her rights under either the State or Federal Constitution or is likely to do so in the future. *Dkt. 130 at 23-24*.

    4.    <u>Plaintiff Fails to Establish an Breach of Contract Claim Against the University.</u>

Plaintiff ignores Washington law rejecting application of a "discovery rule" to toll or extend the six-year statute of limitations for breach of contract claims. Her claim filed 13 years after the contract was executed is barred by RCW 4.16.005.

Plaintiff also fails to establish the two documents listed in the Settlement Agreement (*Dkt. 30-3: July 12, 2002 July 24, 2002 letter*) were *not* removed from her official Personnel Department file or Department of Laboratory Medicine files as contemplated by the Agreement at ¶2. The only copy of the letters in the record appears at Dkt. 37-4, which is a copy of a July 12, 2002 letter Ms. Dalessio filed with the court last year (apparently from her own files). Neither the July 12 nor the July 24 letter appear anywhere in either the documents produced to Mr. Betz in PR-2015-570 (Dkt. 42-34) or to Ms. Dalessio in PR-

DEFENDANTS' REPLY RE MOTION FOR SUMMARY JUDGMENT - 11
2:17-cv-00642-MJP

1010-00051/389070.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

2016-760 (Dkt. 38).

Plaintiff argues certain documents were copies of what had been attachments to those letters, and therefore should not exist. However, some documents Plaintiff points to are attachments to a letter clearly labeled <u>May 16, 2002</u> that is not referenced in the Agreement. See *Dkt. 38*, 00560-A1519744 at pp. 7-11; others are dated <u>November 2002</u>—several months *after* the July 2002 letters (*Dkt. 30-2 at 91, 93*, cited at Resp., p. 10:19). The only document she claims was produced to Mr. Betz is identified as "Dkt. 34 at 97," which appears to be a cover letter to the Agreement. Dkt. 131 at ¶24.

Defendants are only required to "show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). It is undisputed that all copies of documents Ms. Dalessio claims should have been removed/destroyed from her files fifteen years ago are only found in Dkt. 38, documents produced *only* to Ms. Dalessio herself. *Dkt. 131* at p. 4:19. Thus, she cannot establish any recoverable harm on a breach of contract claim.

## II.  CONCLUSION

Despite over a years' delay and extensive, unnecessary discovery, Plaintiff submitted no new evidence to oppose Defendants' Motion, originally filed in August of 2017. *Dkt. 27*. The facts have not changed nor has the law; the Complaint was merely amended to allege similar, unsupported claims against numerous individual employees for doing their jobs. The court should dismiss these claims as a matter of law.

DATED: November 16, 2018

KEATING, BUCKLIN & McCORMACK, INC., P.S.

By: */s/ Jayne L. Freeman*
Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for Defendant

DEFENDANTS' REPLY RE MOTION FOR SUMMARY JUDGMENT - 12
2:17-cv-00642-MJP
1010-00051/389070.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

801 Second Avenue, Suite 1210
Seattle, WA  98104-1518
Phone: (206) 623-8861
Fax:     (206) 223-9423
Email: jfreeman@kbmlawyers.com

DEFENDANTS' REPLY RE MOTION FOR SUMMARY JUDGMENT - 13
2:17-cv-00642-MJP

1010-00051/389070.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

# CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiff**

Mr. Joseph Thomas
14625 SE 176th Street, Apt. N-101
Renton, WA 98058-8994
Telephone:  (206) 390-8848
Email:  joe@joethomas.org

DATED:  November 16, 2018

/s/ Jayne L. Freeman
Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for Defendant
801 Second Avenue, Suite 1210
Seattle, WA  98104-1518
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: jfreeman@kbmlawyers.com

DEFENDANTS' REPLY RE MOTION FOR SUMMARY JUDGMENT - 14
2:17-cv-00642-MJP
1010-00051/389070.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423