The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIE DALESSIO, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNIVERSITY OF WASHINGTON, a Washington Public Corporation; Eliza Saunders, Director of the Office of Public Records, in her personal and official capacity; Alison Swenson, Compliance Analyst, in her personal capacity; Perry Tapper, Public Records Compliance Officer, in his personal capacity; Andrew Palmer, Compliance Analyst, in his personal capacity; John or Jane Does 1-12, in his or her personal capacity,<br><br>　　　　　Defendants. | No. 2:17-cv-00642-MJP<br><br>OBJECTION TO NEW ARGUMENT IN DEFENDANTS REPLY TO SUMMARY JUDGMENT<br><br>**Note on Motion Calendar November 16, 2018** |

"[T]he purpose of an objection is to provide the district court an opportunity to correct any substantive errors before they are appealed." *US v. Wiley*, 509 F. 3d 474, 479 (8th Cir. 2007).

**1. Plaintiff objects to Defendants' new argument in the Reply to the Motion for Summary Judgment -- "Neither HIPAA Nor the ADA Support a §1983 Claim."**

Plaintiff Julie Dalessio objects to Defendants' new argument in its Reply to the Motion for

Objection
Case 2:17-cv-00642

1

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

Summary Judgment where Defendants argue for the first time that "Neither HIPAA Nor the ADA Support a §1983 Claim."  Dkt. 130 at 4.

"It is well established that new arguments and evidence presented for the first time in Reply are waived." *Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006) (*citing United States v. Patterson*, 230 F.3d 1168, 1172 (9th Cir.2000)); *Sophanthavong v. Palmateer*, 365 F.3d 726, 737 (9th Cir.2004) (noting the "obvious" prejudice wrought by allowing litigants to raise arguments for the first time in reply: doing so deprives opposing counsel of "the opportunity to point to the record to show that the new theory lacks legal or factual support"); *Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir.1996) ("Issues raised for the first time in the reply brief are waived."); *FT Travel—New York, LLC v. Your Travel Center Inc.,* 112 F. Supp. 3d 1063, 1079 (C.D. Cal. 2015); *Montana Fair Hous., Inc. v. City of Bozeman*, 854 F. Supp. 2d 832, 846 (D. Mont. 2012) ("Because Bozeman has not had an opportunity to respond [to] this specific argument, raised for the first time on reply, the Court declines to address it here."); *Dietrich v. Trek Bicycle Corp.*, 297 F.Supp.2d 1122, 1128 (W.D. Wis.2003) ("Defendant raised this argument for the first time in its reply brief. Because this argument should have been raised earlier or not at all, I will not consider it"); *Public Citizen Health Research Group v. National Institutes of Health*, 209 F.Supp.2d 37, 44 (D.D.C.2002) ("The Court highly disfavors parties creating new arguments at the reply stage that were not fully briefed during the litigation.... By placing a new argument in the Reply, Plaintiff does not permit Defendant or Intervenor-Defendant to competently respond to such an argument"); *Grupo Gigante S.A. de C.V. v. Dallo & Co., Inc.*, 119 F.Supp.2d 1083, 1103 n. 15 (C.D.Cal.2000) ("Although the defendants raised a laches defense in their opposition to the plaintiffs' motion for summary judgment, the first time they raised a statute of limitations defense was in their reply brief. The Court need not, and does not, consider arguments raised for the first time in a reply brief").

Here Defendants did not even bother to mention the Health Information Portability Accountability Act ("HIPAA") or the Americans with Disabilities Act ("ADA") in the motion for summary judgment. *See generally* Dkt. 119.  Defendants were on notice of Plaintiff's use of HIPAA and the ADA as Plaintiff mentions HIPAA and the ADA approximately ten (10) times in

the First Amended Complaint. Dkt. 82. Therefore, Defendants had sufficient notice of this legal argument to include it in the Motion for Summary Judgment, but only mentioned it for the first time in the Reply to the Motion for Summary Judgment. Dkt. 132 at 4. Furthermore, the record is absent in the Motion for Summary Judgment of the case law and the legal argument that the ADA and HIPAA do not support a direct cause of action or give rise to a §1983 claim. *See* Dkt. 119; *c.f.* Dkt. 132 at 4.

If this Court considers Defendants new argument, then Plaintiff will be prejudiced and deprived of the "opportunity to point to the record to show that the new theory lacks legal or factual support" because of Defendants impermissible ambush. *Sophanthavong v. Palmateer,* 365 F.3d 726, 737 (9th Cir.2004).

This new argument is not appropriately before the Court and as a matter of well-established law Defendants have waived this argument.

Respectfully submitted this 28 day of November 2018

                                            Law Office of Joseph Thomas

                                            ___/s/ Joseph Thomas_____
                                            Joseph Thomas, WSBA 49532

**Certificate of Service**

I hereby certify that on 06 of November 2018, I filed the foregoing with the Clerk of the Court through the CM/ECF system which will automatically send electronic mail notification of such filing to the CM/ECF registered participants as identified on the Electronic Email Notice List.

                                            ___/s/ Joseph Thomas_____
                                            Joseph Thomas, WSBA 49532
                                            14625 SE 176th St., Apt. N101
                                            Renton, WA 98058
                                            (206) 390-8848