The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

JULIE DALESSIO, an individual,

               Plaintiff,

      v.

UNIVERSITY OF WASHINGTON, a
Washington Public Corporation; Eliza
Saunders, Director of the Office of Public
Records, in her personal and official
capacity; Alison Swenson, Compliance
Analyst, in her personal capacity; Perry
Tapper, Public Records Compliance
Officer, in his personal capacity; Andrew
Palmer, Compliance Analyst, in his
personal capacity; John or Jane Does 1-12,
in his or her personal capacity,

               Defendant.

No.  2:17-cv-00642-MJP

PLAINTIFF'S RULE 37(A)(3)(B) MOTION
TO COMPEL PLAINTIFF'S FIRST SET OF
DISCOVERY REQUESTS

**Note on Motion Calendar December 28, 2018**

Motion to Compel First Set of Discovery
Requests

Case 2:17-cv-00642

1

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

Ms. Dalessio moves this Court to compel sufficient discovery responses pursuant to Rule 37(a)(3)(B).

## I.        Statement of Facts

On June 6, 2018, Plaintiff served First Set of Discovery requests. Dkt. 113-12 at 5.

On August 30, 2018, Defendant Eliza Saunders responded to the interrogatories on behalf of herself and Defendant University of Washington.  Dkt. 113-12 at 31.

On October 4, 2018, Defendants Palmer, Swenson and Tapper responded to the interrogatories on behalf of themselves. Exs. A-C.

On October 4, 2018, counsel for defendants produced a "Privilege Log" that, for the first time, identified documents responsive to interrogatory #2 that were withheld from discovery. Ex. E.

Plaintiff's attorney made several good faith efforts to resolve these issues including telephonic conferences with counsel for defendants.

## II.        Legal Standard

A party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1); *Surfvivor Media, Inc. v. Survivor Productions*, 406 F. 3d 625, 635 (9th Cir. 2005).  "Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'" *Surfvivor Media*, 406 F. 3d at 635 (quoting *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir.1992).

"Evasive or incomplete disclosure must be treated as a failure to respond." Rule 37(a)(4).

## III.        Statement Regarding Attempt to Meet

Pursuant to LCR 37(a)(1) Plaintiff's attorney Joseph Thomas has met and conferred most recently with Defendants' attorneys Jayne Freeman and Derek Chen on September 17, 2018. This telephonic discovery conference in pertinent part discussed the first set of discovery requests.  On September 18, 2018 Mr. Thomas wrote Ms. Freeman and Mr. Chen an email memorializing the discovery conference from the previous day. *See* Declaration of Joseph Thomas.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.      Argument

**1.   Defendants failed to respond to interrogatory 1 as a result of evasive or incomplete answers**

Interrogatory 1 asks for explanations of persons who had examined, copied, or had access to the records.  Dkt. 113-12 at 6.  This information is needed to identify any possible John or Jane Does, if Defendants action violates state and federal law, and if Defendants were acting outside the scope of their duties.  This is a failure to respond pursuant to Rule 37(a)(4).

### A.  Defendant University of Washington

Defendant University of Washington's answer to interrogatory 1 is evasive and incomplete and as a matter of law is a failure to respond to this interrogatory.

First, its answer to interrogatory 1 is not based upon personal knowledge.  Defendant Eliza Saunders answers the interrogatories, including interrogatory 1, for Defendant University of Washington.  Dkt. 113-12 at 31.  Ms. Saunders states in her own answer to interrogatory 1 that she "does not have personal knowledge of this information."  Dkt. 113-12 at 31.  It is impossible for Ms. Saunders to answer for others when she does not even have personal knowledge herself.

Second, the answer is incomplete because there is no identification of who examined, copied or had access to the records.  Ms. Saunders answered this interrogatory on behalf the University of Washington. Ms. Saunders is the Director of the Office of Public Records and Open Public Meetings ("OPR") at the University of Washington, Dkt. 120 at 1-2 ¶¶ 2-3, the same office that produced the documents in question. Because Ms. Saunders is the Director of the OPR she would have knowledge of who examined, copied or had access to the records when answering for the University of Washington.  Ms. Saunders did not provide this information.

### B.  Defendant Eliza Saunders

Defendant Eliza Saunders' answer to interrogatory 1 is evasive and incomplete and as a matter of law is a failure to respond to this interrogatory. Ms. Saunders is the Director of the Office of Public Records and Open Public Meetings ("OPR") at the University of Washington, Dkt. 120 at 1-2 ¶¶ 2-3, the same office that produced the documents in question. Because Ms. Saunders is the Director of the OPR she would have knowledge of who examined, copied or had

3

access to the records when answering for the University of Washington. Ms. Saunders did not

provide this information. Dkt. 113-12 at 7. Neither did Ms. Saunders clarify any of the

individuals who were identified in initial disclosures, Dkt. 108-5 at 2-9, examined copied or had

access to the records. For example, Mr. Marcello Collantes "may have knowledge and

information regarding storage of inactive Lab Medicine department files." Dkt. 108-5 at 9.

### C. Defendant Alison Swenson

Defendant Eliza Saunders' answer to interrogatory 1 is evasive and incomplete and as a

matter of law is a failure to respond to this interrogatory. Ms. Swenson does not state who she

knows examined, copied or had access to the records besides herself. Ex. A at 3-4. It is known

this answer is incomplete because of other court documents already in the record. In responding

to initial disclosures Defendants collective state "Records reflect that Ms. Meile received a

request to locate records responsive to PR2015-00570 that Alison Swenson from public records

sent September 16, 2015." Dkt. 108-5 at 5. "Ms. Quinones forwarded records responsive to

PRR-2015-570 from Campus Human Resources to Ms. Swenson in the public records office."

Dkt. 108-5 at 6. "Ms. Manakia search for and forwarded records responsive to PRR-2015-00570

from the payroll office to Ms. Swenson in the public records office." Dkt. 108-5 at 6. Then

literally in the next interrogatory, Ms. Swenson testifies that for PR 2015-00570 she "consulted

with her supervisor Perry Tapper" and communicated with Risk Management. Ex. A at 5.

### 2. Defendants failed to respond to interrogatory 2 because of false claims of privilege for withholding documents

Defendants wrongfully withhold documents from the respective responses to interrogatory

2 because of multiple claims of privileges (attorney-client privilege, claims investigative

privilege, etc.). Interrogatory 2 seeks information regarding matters alleged in Plaintiff's

complaint in this above entitled lawsuit. Dkt. 113-12 at 9. This is a failure to respond as a matter

of law. This is a failure to respond pursuant to Rule 37(a)(4).

Defendants wrongfully claim attorney-client privilege in communications where an

attorney is not even involved. Ex. E. In entries 9, 18, 19, 21 in the supplemental privilege log an

attorney is not even involved in the communication claimed as privileged. "The attorney-client

4

privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice, ... as well as an attorney's advice in response to such disclosures." *US v. Ruehle*, 583 F. 3d 600, 607 (9th Cir. 2009). Because an attorney is not involved in these communications these communications are not privileged or privilege has been waived by the disclosure.

Defendants wrongfully assert a "claims investigation privilege" this argument fails because there does not appear to be a claims investigation privilege in common law. In entries 3, 8-25 in the supplemental privilege log in Exhibit E, Defendants claim a "claims investigation privilege." Ex. E. The party asserting the claim of "privilege has the burden of establishing" the privilege. *US v. Ruehle*, 583 F. 3d 600, 607 (9th Cir. 2009). Because there does not appear to be any "claims investigation privilege" at common law, Defendants cannot establish this privilege.

Defendants wrongfully assert RCW 4.92.210(2), which makes privileged "information in the claim file" of a "centralized claim tracking system" to provide the University of Washington "accurate and timely data on the status of liability claims." In entries 3, 8-11, 13-25 in the supplemental privilege log, Defendants claim privilege of RCW 4.92.210(2). As a matter of fact, RCW 4.92.210(2) is inapplicable as a claim of privilege because Ms. Dalessio's claim was closed out by the University of Washington October 25, 2016 and the status of the tort claim was closed by the University of Washington at the time of these communications. The plain language of the statute states the purpose of RCW 4.92.210(2) is to provide "accurate and timely data on the status of liability claims" but the statute's purpose ceases to exist when a claim is closed out. Ex. E at 3. Even if the privilege does continue to exist after a claim is closed out, Defendants need to prove the withheld documents are "information in the claim file" as is designated in RCW 4.92.210(2).

In conclusion, the documents in entries 8-13, 15-16, 18-25 in the supplemental privilege log in Exhibit E are wrongfully withheld from Plaintiff in discovery because there are no surviving claims of privilege. As a matter of law, the claims of attorney-client privilege, claims investigation privilege, and RCW 4.92.210(2) fail for entries 8-13, 15-16, 18-25 in the supplemental privilege log in Exhibit E.

**3.  Defendants failed to respond to interrogatory 2 because of evasive or incomplete answers**

Defendants as a matter of law failed to respond to interrogatory 2 because of their evasive and incomplete answers. Interrogatory 2 seeks communications regarding matters alleged in Plaintiff's complaint in this above entitled lawsuit.  Dkt. 113-12 at 9.  This is a failure to respond as a matter of law. This is a failure to respond pursuant to Rule 37(a)(4).

Defendant Andrew Palmer's answer to this interrogatory is incomplete. Ex. B at 4-5.  In paragraph 49 of the first amended complaint, Plaintiff alleges that other individuals identified as John or Jane Does 1-12 assisted Mr. Palmer with the production of responsive documents to PR 2016-00760.  Dkt. 82 at 9.  In Mr. Palmer's response to the interrogatory he does not identify who gave him the documents to produce to in PR 2016-00760.  It does not say if others were advising Mr. Palmer on how to respond to PR 2016-00760.  It is known that Mr. Palmer discussed PR 2016-00760 with Cheryl Sternberg, former Interim Public Records Program Manager at the University of Washington.  Ex. D.

Defendant University of Washington and Defendant Eliza Saunders failed to even identify who Defendant Eliza Saunders talked to about PR 2015-00570, PR 2016-00760, PR-2016-00218, PR 2017-00358, PR 2017-00359, PR 2017-00822; PR 2017-00803, PR 2017-00836, PR 2017-00738, PR 2017-00737.  Dkt. 113-12 at 10.  The Public Records Act requests listed in the previous sentence are mentioned throughout the complaint.  *See generally* Dkt. 82.  Neither the University of Washington nor Ms. Saunders mentions who they talked to about these requests.  It is hard to believe that Ms. Saunders can be the Director of the OPR and not have any communications about any of these Public Records Act requests.  Ms. Saunders is known to have communications about these requests at she is listed multiple times in the supplemental privilege log.  Ex. E.

Defendant Perry Tapper fails to even identify any communications he had about the subject matter in the complaint. Ex. C.  Mr. Tapper is the supervisor Defendant Alison Swenson and Defendant Andrew Palmer in the OPR at the University of Washington.  Dkt. 121 at 2. Defendant Swenson admits in her answer to this very interrogatory that she "consulted with [her]

1    supervisor, Perry Tapper" regarding PR 2015-00570.  PR 2015-00570 is mentioned in the

2    complaint.  Dkt. 82 at 7.  Mr. Tapper is also mentioned multiple times in supplemental privilege

3    log where he is at least involved in communications about the issues in the complaint.  Ex. E.

4        This information is needed to identify any possible John or Jane Does, if Defendants

5    action violates state and federal law, and if Defendants were acting outside the scope of their

6    duties.

7        **4.  Defendants failed to respond to interrogatory 4 because of evasive or incomplete**

8            **answers**

9        Defendants as a matter of law failed to respond to interrogatory 4 because of their evasive

10   and incomplete answers. Interrogatory 2 seeks information identifying the location of the

11   documents produced in PR 2015-00570 and PR 2016-00760.  Dkt. 113-12 at 13.  This is a failure

12   to respond as a matter of law. This is a failure to respond pursuant to Rule 37(a)(4).

13       Defendant Alison Swenson gives an evasive and incomplete answer to this interrogatory.

14   Ex. C.  Ms. Swenson testifies in answer this interrogatory that these documents were transmitted

15   to the OPR without any details of locations.  Ex. C.  There is information in the record that shows

16   this an incomplete record.  Dkt. 30-7.  The request summary report for PR 2015-00570 identifies

17   that Ms. Swenson was the officer assigned and the decision maker.  Dkt. 30-7 at 2.  The request

18   summary report for PR 2015-00570 further identifies that a partial response came from Human

19   Resources in the Upper Campus by Mindy Kornberg.  Dkt. 30-7 at 3.  Then in the response to

20   summary judgment Defendants state that Ms. Dalessio's personnel file that was produced in both

21   PR 2015-00570 and PR 2016-00760 were retrieved from an unidentified warehouse.  Dkt. 132 at

22   11.  Ms. Swenson's answer is evasive and incomplete.

23       Defendant Andrew Palmer does not identify in his signed answer to this interrogatory

24   where the documents he received were located.  Ex. B at 5-6.  Mr. Palmer testifies that he "does

25   not have personal knowledge regarding the locations of where each of the documents were

26   located."  Ex. B at 6.  The request summary report for PR 2016-00760 identifies that Mr. Palmer

27   was the officer assigned and the decision maker.  Dkt. 108-6 at 1.  The request summary report

28   for PR 2016-00760 further identifies that a partial response came from at least Lori Oliver in the

1    University of Washington Medicine.  Dkt. 108-6 at 2   In other documentation submitted by

2    Defendants it identifies that Amy Robles in the University of Washington Medicine produced

3    documents to PR 2016-00760. Dkt. 113-12 at 16-17.  Then in the response to summary judgment

4    Defendants state that Ms. Dalessio's personnel file that was produced in both PR 2015-00570 and

5    PR 2016-00760 were retrieved from an unidentified warehouse.  Dkt. 132 at 11.   Mr. Palmer's

6    answer is evasive and incomplete.

7          **5.  Defendants failed to respond to request for production 5**

8          Defendants fail to respond to request for production 5.  Request for production number 5

9    seeks documents of the University of Washington or its sub agencies identifying violations of the

10   Health Insurance Portability and Accountability Act (HIPAA) from January 01, 2003 to June 04,

11   2018.  Dkt. 113-12 at 24.  Defendants failed to produce a single document in response to this

12   request.  Dkt. 113-12 at 24. This is a failure to respond pursuant to Rule 37(a)(4).

13         Defendants cite a litany of boilerplate objections for reasons why they should not answer

14   this request for production.  Dkt. 113-12 at 24.  Defendants list the same boilerplate objections for

15   virtually every interrogatory and request for production in Plaintiff's first set of discovery

16   requests. *See* Dkt. 113-12 at 7-27.  Defendants do not explain how these objections meet the

17   substance of each discovery request.  Generic boilerplate objections violate Rule 34(b)(2)(C)

18   which requires specificity of what is being withheld and what is permitted for inspection.

19   Defendants failed to identify what is irrelevant and what could be relevant. Plaintiff is not a mind

20   reader and has no way of knowing what is in Defendants' possession in order to challenge a

21   potential wrongful withholding under Rule 34.  Defendants failed to identify what is attorney-

22   client privilege and what is not attorney-client privilege.  Defendants failed to identify what is

23   "[p]roduct and claim investigation" and what is not.

24         Defendants have not produced any responsive documents to request for production

25   number 5.  Defendants have not produced a withholding log (what is irrelevant, what is attorney-

26   client privilege, etc).  There is no way for Ms. Dalessio or this Court to make an independent

27   determination as to the sufficiency of the answer.  Defendants stated that they would supplement

28   this response, but never have.

Defendants also never supplemented this response.  Defendants indicated that they would supplement this request for production as necessary, but after many emails and phone calls Defendants refuse to supplement this discovery request.

**6. Defendants failed to respond to request for production 7**

Defendants insufficiently respond to request for production number 7.  Request for production number 7 seeks "documents identifying complaints of any exempt information wrongfully produced under the Public Records Act" by the University of Washington or its sub-agencies.  Dkt. 113-12 at 25.  Defendants claim sham objections and try to circumvent the production of documents to request for production 7.  This is a failure to respond pursuant to Rule 37(a)(4).

Defendants state many objections and claims of privilege to this request for production number 7, but fail to identify a single document that is being withheld from production to this discovery request.  Dkt. 113-12 at 25.  Rule 34(b)(2)(C) which requires specificity of what is being withheld and what is permitted for inspection.  Plaintiff is not a mind reader and has no way of knowing what is in Defendants' possession in order to challenge a potential wrongful withholding under Rule 34.

Defendants argue this request for production is not relevant because "Plaintiff does not have any PRA claims remaining in this lawsuit, and therefore this request has no relevance to Plaintiff's claims and is not likely to lead to the discovery of admissible evidence."  Dkt. 113-12 at 25.  Defendants misconstrue both Plaintiff's complaint and Plaintiff's discovery when responding to this discovery request.  Plaintiff's complaint is regarding her privacy concerning the wrongful production of her confidential and exempt information, by Defendants, to the public through the Public Records Act.   The plain language of the request for production 7, seeks documents identifying complaints of wrongfully produced exempt documents under the Public Records Act.

Defendants mistakenly and narrowly construe this request to mean only legal complaints that involve a tort claim or a lawsuit.  *See* Dkt. 113-12 at 25.  The plain language of this request for production number 7 is much more broad than only applying to legal complaints that involve

a tort claim or a lawsuit.  Potential responsive documents can involve informal letters, informal emails, notes involving phone calls, where an individual or group complains about the wrongful disclosure of their private information.  This is meant to construe both legal claims and informal complaints that never make it to the legal stage.

Defendants also never supplemented this response.  Defendants indicated that they would supplement this request for production as necessary, but after many emails and phone calls Defendants refuse to supplement this discovery request.  Defendants did supplement some discovery responses on August 06 and August 30, 2018 but never supplemented this discovery request.

Also, Defendants cross-reference documents produced in request for production 1 for Gerald Rosen, in response to this discovery request.  But Gerald Rosen's name is not listed in Defendants answer to request for production number 1. *See* Dkt. 113-12 at 20-22.  Defendants do produce more than 1,100 pages in response to request for production number 1 but these documents are not searchable.  It is an undue burden for Plaintiff and her pro bono volunteer attorney to look through 1,100 pages in what may amount to finding a needle in a haystack, where it unknown at all if Mr. Rosen's name is mentioned in those 1,100 pages.

**7.  Defendants failed to respond to request for production 1**

Defendants' supplement to request for production number 1 is insufficient as it does not produce any additional documents.   Request for production number 1 seeks "all documents identifying Public Records Act lawsuits brought against the University of Washington" or its sub-agencies.  Dkt. 113-12 at 20.  This is a failure to respond pursuant to Rule 37(a)(4).

Defendants initially produced documents to this discovery request, and stated this "response may be supplemented as necessary." Dkt. 113-12 at 21.  Defendants supplemented their response to this discovery request on August 31, 2018.  Dkt. 113-12 at 21-22; Dkt. 113-12 at 32, 38.  The supplemented response lists 9 additional lawsuits, but does not provide any documents to them.  Dkt. 113-12 at 21-22.  This is a silent withholding and a violation of Rule 34.

Defendants state many objections and claims of privilege to this request for production

10

1   number 1, but fail to identify a single document that is being withheld from production to this

2   discovery request.  Dkt. 113-12 at 20.  Rule 34(b)(2)(C) which requires specificity of what is

3   being withheld and what is permitted for inspection.  Plaintiff is not a mind reader and has no way

4   of knowing what is in Defendants' possession in order to challenge a potential wrongful

5   withholding under Rule 34.

6        **8.   Defendants failed to respond to request for production 12**

7        Defendants did not produce a single document in response to request for production

8   number 12 and this response is incomplete and evasive.  Request for production number 12 seeks

9   "documents identifying positions and job descriptions (responsibilities) for persons identified in

10  Plaintiff's initial disclosures as employees of the University of Washington who are likely to have

11  information pertaining to Plaintiff's claims."  Dkt. 113-12 at 27.  Defendants are concealing

12  documents identifying the positions and job descriptions of university employees to stop them

13  from being named in this lawsuit. This is a failure to respond pursuant to Rule 37(a)(4).

14       Defendants state many objections and claims of privilege to this request for production

15  number 12, but fail to identify a single document that is being withheld from production to this

16  discovery request.  Dkt. 113-12 at 27.

17       Defendants cite a litany of boilerplate objections for reasons why they should not answer

18  this request for production.  Dkt. 113-12 at 27.  Defendants do not explain how these objections

19  meet the substance of each discovery request.  Generic boilerplate objections violate Rule

20  34(b)(2)(C) which requires specificity of what is being withheld and what is permitted for

21  inspection. Defendants failed to identify what is irrelevant and what could be relevant. Plaintiff is

22  not a mind reader and has no way of knowing what is in Defendants' possession in order to

23  challenge a potential wrongful withholding under Rule 34.

24       Defendants admit this response may be supplemented, but never provided any documents

25  in the first place, let alone supplemented it.

26                    **V.     Request for Relief**

27       Plaintiff requests this Court order Defendants to completely respond to interrogatories 1,

28  2, and 4, and requests for production 1, 5, 7, and 12 within 10 days of this Court's Order.

1    Plaintiff asks for an award of reasonable attorney's fees in bringing this motion.

2    Respectfully submitted this 12 day of December 2018.

3                                                      Law Office of Joseph Thomas

4                                                      ____/s/ Joseph Thomas_____
5                                                      Joseph Thomas, WSBA 49532

6

7                                **Certificate of Service**

8        I hereby certify that on 12 of December 2018, I filed the foregoing with the Clerk of the

9    Court through the CM/ECF system which will automatically send electronic mail notification of

10   such filing to the CM/ECF registered participants as identified on the Electronic Email Notice

11   List.

12                                                     ____/s/ Joseph Thomas_____
                                                       Joseph Thomas, WSBA 49532
13                                                     14625 SE 176th St., Apt. N101
                                                       Renton, WA 98058
14                                                     (206) 390-8848

15

16

17

18

19

20

21

22

23

24

25

26

27

28