The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

JULIE DALESSIO, an individual,

    Plaintiff,

v.

UNIVERSITY OF WASHINGTON, a Washington Public Corporation; ELIZA SAUNDERS, Director of the Office of Public Records, in her personal and official capacity; ALISON SWENSON, Compliance Analyst, in her personal capacity; PERRY TAPPER, Public Records Compliance Officer, in his personal capacity; ANDREW PALMER, Compliance Analyst, in his personal capacity; JOHN or JANES DOES 1-12, in his or her personal capacity,

    Defendants.

No. 2:17-cv-00642-MJP

DEFENDANT ANDREW PALMER'S RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

**PRELIMINARY OBJECTIONS.**

Defendant Palmer objects to Plaintiff's preambulary language and "instructions" in that they attempt to impose obligations beyond those found in the civil rules. Defendant will provide responses pursuant to Fe. R.Civ.P. 16, 33, and 34. Furthermore, Mr. Palmer's responses to these requests was already provided to Plaintiff's counsel in discovery responses served on July 6 and August 6, 2018.

///

///

DEFENDANT ANDREW PALMER'S RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS - 1
2:17-cv-00642-MJP
1010-00051/Defendant Andrew Palmer Responses to Plaintiff's First Set of

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

## INTERROGATORIES

1. Please fully identify all persons, personnel, representatives, businesses and agencies who have examined, copied, or had access to employee records and documents pertaining to Plaintiff. In answering this Interrogatory, please include the person's job title, placement, and responsibilities in the organization. Include identification of persons who had access to Plaintiff's records as a part of their day-to-day job, and identification of the present locations and custodians of these records. The scope applies to locations and custodians both before and after the requests at issue in this lawsuit. Identify the records accessed by each of the persons, personnel, representatives, businesses and agencies.

• In identifying the documents contained in the PR 2016-00760, Defendants should refer to the file names and page numbers that have been filed in the court records, under seal, as Dkt. 38.

• In identifying the documents contained in the PR 2015-00570, Defendants should refer to the page numbers used in a specific docket filed with this Court.

This interrogatory is addressed separately to and should be answered separately by:

A. University of Washington:

B. Eliza Saunders:

C. Perry Tapper:

D. Alison Swenson:

E. Andrew Palmer:

**RESPONSE: OBJECTION.** This request is unduly burdensome, overbroad, not proportional to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, vague ("employee records and documents") and irrelevant to the claims in Plaintiff's Amended Complaint.

Without waiving the foregoing objection, Plaintiff's "employee records and documents" begin in 1987 when she was first hired by the University of Washington. She

DEFENDANT ANDREW PALMER'S RESPONSES TO
PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS - 2
2:17-cv-00642-MJP
1010-00051/Defendant Andrew Palmer Responses to Plaintiff's First Set of

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

left her employment with the University in 2003, fourteen years before she filed this lawsuit. During that time period, there may be any number of persons who may have "had access to" some records somehow related to Plaintiff, including Human Resources employees and Plaintiff's supervisors.

Additionally, this request has no limit as to the years Plaintiff is seeking this information for, and in fact explicitly requests the same information for new individuals who may have access to these records at any point during litigation and discovery in this lawsuit. It would be extremely burdensome to provide this information for any person who may have accessed any information for any reason.

Further, PR 16-00760 alone is 1,142 pages, and it is undisputed that the documents released in response to this request were only produced to Plaintiff herself, not to any third parties outside the University. It is not proportional to the needs of the case (especially given Plaintiff's remaining claims based on allegations of "invasion of privacy") to determine who may have had access to each page at some point in time over the past thirty years as part of routine business practices, including when the page may not have been part of a particular "file".

Plaintiff's Dkt. No. 38 was filed with the court via computer disk, and lists each separate document as a separate .pdf as opposed to one combined document. For purposes of discovery and litigation management, the University has combined .pdfs regarding the various requests and Bates-stamped them with a numbering system UW00001-UW00XXX. Plaintiff has been provided these Bates-stamped documents and corresponding information about the documents. The references herein will be to those numbered documents.

Without waiving said objections, I only have personal knowledge regarding my processing of PR-2016-760 (Dalessio request). The documents reflecting transmittal of my requests for and receipt of responsive documents from various University Departments are reflected in the University documents labeled UW 2032-2401, UW 2402-2422, UW2423-

DEFENDANT ANDREW PALMER'S RESPONSES TO
PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS - 3
2:17-cv-00642-MJP
1010-00051/Defendant Andrew Palmer Responses to Plaintiff's First Set of

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

2454, and UW 2455-2952. My job description has already been provided to Plaintiff. UW 4167-4172

2. Please fully identify communications, for any and all current and former employees of the University of Washington and University of Washington Medicine, any form, with any person (excluding your attorneys), regarding the matters alleged in Plaintiff's Complaint, state: (a) The identity of the person(s) with whom such communications were made; (b) What was said to the person(s) identified in subsection (a); and (c) The date and form (written or oral) of each such communications.

This interrogatory is addressed separately to and should be answered separately by:

A. University of Washington

B. Eliza Saunders

C. Perry Tapper

D. Alison Swenson

E. Andrew Palmer

**RESPONSE: OBJECTION.** Defendants object to this interrogatory to the extent it calls for privileged Attorney-Client communications, Work Product, or University Claim Services claim files and databases that are confidential under state law, RCW 4.92.210(2) and (6) and RCW 43.19.781(3) which protects claim management, evaluation, and negotiation, is vague ("matters alleged in Plaintiff's Complaint") and overbroad. Plaintiff's request for "all communications" in any form by any current and former employees regarding "the matters alleged in Plaintiff's Complaint" is far outside the bounds of what is proportional to the needs of this case and extremely overbroad and unduly burdensome.

In addition to Plaintiff's broad allegations, including a breach of contract claim that refers back to a separation agreement executed when she left her employment in 2003, Plaintiff's Complaint includes discussion of other current or former employees at the University of Washington regarding whom she has made public records requests since after

DEFENDANT ANDREW PALMER'S RESPONSES TO
PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS - 4
2:17-cv-00642-MJP
1010-00051/Defendant Andrew Palmer Responses to Plaintiff's First Set of

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

she filed her lawsuit in 2017, none of whom have any relation to Plaintiff's claims based on release of her records prior to those dates. Without waiving said objections, *see*, Defendants' response to Interrogatory Number 1, and the documents and descriptions provided in Defendant's Supplemental Initial Disclosures, sent to Plaintiff on May 18, 2018.

I had communications with University personnel as listed in the University's responses and transmittal emails regarding PRA-2016-00760 from Ms. Dalessio (UW 2032-2422). I produced responsive records to Ms. Dalessio (UW788-1936). I also had communications from Risk Management regarding Plaintiff's tort claim and lawsuit. **See, UW4456 and Privilege Log**: Items 11, 17.

3. Please identify all person or persons who made redactions, and which pages those persons or persons redacted for request PR 2015-00570.

This interrogatory is addressed separately to and should be answered separately by:

A. University of Washington: *see*, response below.

B. Eliza Saunders:

C. Perry Tapper:

D. Alison Swenson:

E. Andrew Palmer:

**RESPONSE: OBJECTION**. The documents speak for themselves.

I did not process PR 2015-00570 or make any redactions related to that request.

4. Please identify with specificity the location of each of the documents produced in PR 2015-00570 and PR 2016-00760. The specificity of the location should include: the department, the building, whether the location was secure (if so, how was it secure).

This interrogatory is addressed separately to and should be answered separately by:

A. University of Washington:

B. Eliza Saunders:

DEFENDANT ANDREW PALMER'S RESPONSES TO
PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS - 5
2:17-cv-00642-MJP
1010-00051/Defendant Andrew Palmer Responses to Plaintiff's First Set of

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

    C.    Perry Tapper:

    D.    Alison Swenson:

    E.    Andrew Palmer:

**RESPONSE: OBJECTION.** This request is unduly burdensome; overbroad; not proportional to the needs of the case; not reasonably calculated to lead to the discovery of admissible evidence; irrelevant. Without waiving said objections, *see*, Defendant's Supplemental Initial Disclosures, sent to Plaintiff on May 18, 2018 for citations to documents and descriptions of who located and/or found the documents and where they were located when collected for transmittal to the Office of Public Records.

Without waiving the foregoing objection, copies of the documents produced in response to PR-2016-00760 were transmitted electronically to the Office of Public Records from other University departments and were located electronically there while I processed them for release to Ms. Dalessio. I do not have personal knowledge regarding the locations of where each of the documents were located or maintained prior to being transmitted to me, other than what is reflected in copies of the transmittal documents and emails found at UW2032-2401. I do not have personal knowledge of the security of various buildings or locations where various documents may have been maintained other than the Office of Public Records, which is located behind doors that remain locked at all times. Documents related to PRA requests that I am processing are stored on a computer system that is password protected and accessible only by OPR staff.

    5.    Please identify any and all persons who had access to each of the locations identified in Interrogatory number four (4). This should include current and former employees, current and former contract workers, members of the public, or students of the University of Washington or University of Washington Medicine.

This interrogatory is addressed separately to and should be answered separately by:

    A.    University of Washington

DEFENDANT ANDREW PALMER'S RESPONSES TO
PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS - 6
2:17-cv-00642-MJP
1010-00051/Defendant Andrew Palmer Responses to Plaintiff's First Set of

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

    B.    Eliza Saunders

    C.    Perry Tapper

    D.    Alison Swenson

    E.    Andrew Palmer

**RESPONSE: OBJECTION**. This request is unduly burdensome, overbroad, not proportional to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, and vague ("locations"). However, the physical location requested in Interrogatory Number 4 was a "department" or "building." Even if this was narrowed to simply the room the file was kept in, it would still be inordinately disproportionate to the needs of the case to have Defendants somehow track down each person who may have "had access to" each of the locations at any point in in the past 15-30 years.

Without waiving the foregoing objection, copies of the documents produced in response to PR-2016-00760 were transmitted electronically to the Office of Public Records from other University departments and were located electronically there while I processed them for release to Ms. Dalessio. I do not have personal knowledge regarding the locations of where each of the documents were located or maintained prior to being transmitted to me, other than what is reflected in copies of the transmittal documents and emails found at UW2032-2401. I do not have personal knowledge of the security of various buildings or locations where various documents may have been maintained other than the Office of Public Records, which is located behind doors that remain locked at all times. Documents related to PRA requests that I am processing are stored on a computer system that is password protected and accessible only by OPR staff.

6.    Please fully identify the person or persons who redacted the document and stamped the document with the statutory exemptions, in Dkt. 30-2, page 131. To help identify the document in question, it is on a "Children's Hospital & Medical Center" letterhead. The document is written by Rhoda L. Ashley, PHD.

DEFENDANT ANDREW PALMER'S RESPONSES TO
PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS - 7
2:17-cv-00642-MJP
1010-00051/Defendant Andrew Palmer Responses to Plaintiff's First Set of

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

This interrogatory is addressed separately to and should be answered separately by:

A.     University of Washington

B.     Eliza Saunders

C.     Perry Tapper

D.     Alison Swenson

E.     Andrew Palmer

**RESPONSE**:

I do not have personal knowledge of this. I did not prepare any redactions related to PR-2015-570 or Dkt. 30-2.

Answers and Responses dated: October 4, 2018

I, Andrew Palmer am a Defendant in the above-named lawsuit. I have reviewed the answers to DEFENDANT ANDREW PALMER'S RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS and I declare under the penalty of perjury under the laws of the state of Washington that they are true and correct to the best of my knowledge and belief.

_____
Andrew Palmer

Responses submitted and certified in compliance with FRCP 26(g).

KEATING, BUCKLIN & McCORMACK, INC., P.S.

By: /s/ Jayne L. Freeman
    Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for Defendants

801 Second Avenue, Suite 1210
Seattle, WA 98104-1518
Telephone: (206) 623-8861
Fax: (206) 223-9423
Email: jfreeman@kbmlawyers.com

DEFENDANT ANDREW PALMER'S RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS - 8
2:17-cv-00642-MJP
1010-00051/Defendant Andrew Palmer Responses to Plaintiff's First Set of

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

# DECLARATION OF SERVICE

I declare under penalty of perjury under the laws of the State of Washington that on October 4, 2018, a true and correct copy of the foregoing DEFENDANT ANDREW PALMER'S RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS was served upon the parties listed below via the method indicated:

**Attorneys for Plaintiff**

Mr. Joseph Thomas
14625 SE 176th Street, Apt. N-101
Renton, WA 98058-8994
Telephone: (206) 390-8848
Email: joe@joethomas.org

[**X**] E-mail [**X**] United States Mail

DATED this 4th day of October, 2018, at Seattle, Washington.

*/s/ LaHoma Walker*
LaHoma Walker, Legal Assistant

DEFENDANT ANDREW PALMER'S RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS - 9
2:17-cv-00642-MJP
1010-00051/370474.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423