# joe@joethomas.org

| | |
|---|---|
| **From:** | joe@joethomas.org |
| **Sent:** | Tuesday, September 18, 2018 3:23 PM |
| **To:** | 'Jayne L. Freeman' |
| **Cc:** | 'Derek C. Chen'; 'LaHoma Walker'; 'JULIE' |
| **Subject:** | RE: Dalessio v. University of Washington |

Dear Jayne and Derek:

I am writing to confirm some of the things that we spoke about in our telephonic discovery conference call yesterday.  We spoke for an hour and 21 minutes yesterday, starting at 10:10 AM.  We spoke about many different topics related to the discovery and I am not going into everything in this email because of time constraints.  But I do want to confirm a few important points from our conversation yesterday.

- Please let me know if each Defendants will certify the interrogatories pursuant to Rule 33, as I stated in multiple previous emails, to you and as we discussed on the telephone yesterday. In order to comply with the court rules regarding the certification of the answer, the entire answer needs to be stated in the interrogatory.  It is improper to incorporate answers by reference from other documents.
- Please let me know if Defendants will comply with Rule 34(b)(2)(E)(i) which states documents must be produced as they are kept in the normal course of business and labeled to corresponding categories in the request.  There is no labeling for the corresponding categories.  And the documents are not produced as they are kept.  For example, emails are produced as .PDF documents.  The way it is produced is not a usable form because it is deliberately scanned as an image to prevent keywork searches, as a deliberate dilatory tactic.
- Please let me know if Defendants will comply with Rule 34(b)(2)(C) which states that Defendants must affirmatively state if any documents are being withheld from each request for production of documents.   There is a privilege log that is attached, but the privilege log is inadequate.  It does not identify which requests for production documents are being withheld from.  It does adequately identify with specificity, the legal reason for the privilege.
- As I stated on the telephone to you yesterday, there are certain interrogatories and requests for production of documents that must be answered before the court can address the qualified immunity defense:
    - Interrogatory 1 asks for explanations of persons who had examined, copied, or had access to the records.  This information is needed to argue whether Defendants actions were discretionary or not in terms of qualified immunity.  Statutes such as HIPAA, FERPA, and the ADA are all statutes that create mandatory duties and Ms. Dalessio must know if the documents were being stored properly and if the proper people had access to the documents.
    - Interrogatory 4 asks for a location of the documents.  This information is needed to argue whether Defendants actions were discretionary or not in terms of qualified immunity.  Statutes such as HIPAA, FERPA, and the ADA are all statutes that create mandatory duties and Ms. Dalessio must know if the documents were being stored properly and if the proper people had access to the documents.
    - Interrogatory 5 asks for all persons who had access to the location of the records.  This information is needed to argue whether Defendants actions were discretionary or not in terms of qualified immunity.  Statutes such as HIPAA, FERPA, and the ADA are all statutes that create mandatory duties and Ms. Dalessio must know if the documents were being stored properly and if the proper people had access to the documents.
    - Request for Production 7 and 8 asks for documents identifying complaints of any exempt information wrongfully produced under the Public Records Act by the University of Washington or the University of Washington Medicine.  Defendants will likely argue in summary judgment

- that the wrongfully produced documents at issue in this lawsuit were just a mistake and do not rise to the level of a constitutional violation.  Ms. Dalessio must know how frequently there are complaints about wrongfully produced documents and what alleged documents are wrongfully produced.
    - Request for Production 9 and 10 asks for the University of Washington's and University of Washington Medicine's, Public Records Act policies, procedures and training manuals.  Defendants response states that it may be supplemented as necessary.  It is necessary for Ms. Dalessio to have all of the policies, procedures and training manuals in order to show whether this is a discretionary act and whether this is a clearly established right.
    - Request for Production 12 and 13 asks all documents identifying positions and the job description (responsibilities) for persons identified in Plaintiff's Initial Disclosures as employees of the University of Washington who are likely to have information pertaining to Plaintiff's claims. Defendants response states that it may be supplemented as necessary.  It is necessary for Ms. Dalessio to have all the responsive documents to this request for production.  Ms. Dalessio will have to argue against qualified immunity whether the acts taken by the employees were discretionary and whether it violates a clearly established right.

In our telephone conversation yesterday, you said you would call me at 11:00 AM on September 20, 2018.  I would like to know whether Defendants will cure these discovery defects immediately, so that Ms. Dalessio will be able to effectively argue against Defendants stated impending motion for qualified immunity (as stated on the telephone call yesterday).

Very truly yours,

Joe


Joseph Thomas
Law Office of Joseph Thomas PLLC
14625 SE. 176th ST., Apt. # N101
Renton, Washington 98058
Phone: (206) 390-8848
Website: http://JoeThomas.org

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying it or disclosing its contents to others. Thank you.

---

**From:** LaHoma Walker <LWalker@kbmlawyers.com>
**Sent:** Friday, September 14, 2018 8:53 AM
**To:** joe@joethomas.org
**Cc:** Jayne L. Freeman <JFreeman@kbmlawyers.com>; Derek C. Chen <DChen@kbmlawyers.com>
**Subject:** RE: Dalessio v. University of Washington

Jayne and Derek will call you on your cell phone (206-390-8848) on Monday, September 17th, at 10:00 am.

Thank you.

*LaHoma Walker*
Legal Assistant to
Derek C. Chen
Jayne L. Freeman

Kimberly J. Waldbaum
Michael C. Walter
Keating Bucklin & McCormack, Inc., P.S.
801 2nd Avenue, Suite 1210
Seattle, Washington 98104
Office 206.623.8861
Fax    206.223.9423
lwalker@kbmlawyers.com

www.kbmlawyers.com



This message is confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited.  If you receive this message in error, or are not the named recipient(s), please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege.  *Thank* you.

**From:** joe@joethomas.org <joe@joethomas.org>
**Sent:** Thursday, September 13, 2018 1:58 PM
**To:** LaHoma Walker <LWalker@kbmlawyers.com>
**Cc:** Jayne L. Freeman <JFreeman@kbmlawyers.com>; Derek C. Chen <DChen@kbmlawyers.com>; 'JULIE' <juliedalessio@msn.com>
**Subject:** RE: Dalessio v. University of Washington

Good afternoon Ms. Walker,

Please schedule an appointment with Jayne on Monday, September 17, 2018 at 10:00 AM. If Jayne would prefer that I call her please provide me a direct telephone number where I can reach her on Monday.  If not, Jayne is free to call me on my cell phone at (206) 390-8848.

Thank you.

Very truly yours,

Joe

Joseph Thomas
Law Office of Joseph Thomas PLLC
14625 SE. 176th ST., Apt. # N101
Renton, Washington 98058
Phone: (206) 390-8848
Website: http://JoeThomas.org

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying it or disclosing its contents to others. Thank you.