The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JULIE DALESSIO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON, a Washington Public Corporation; ELIZA SAUNDERS, Director of the Office of Public Records, in her personal and official capacity; ALISON SWENSON, Compliance Analyst, in her personal capacity; PERRY TAPPER, Public Records Compliance Officer, in his personal capacity; ANDREW PALMER, Compliance Analyst, in his personal capacity; JOHN or JANES DOES 1-12, in his or her personal capacity,<br><br>Defendants. | No. 2:17-cv-00642-MJP<br><br>DEFENDANTS' MOTION FOR A PROTECTIVE ORDER REGARDING PLAINTIFF'S FIRST AND SECOND SETS OF DISCOVERY REQUESTS<br><br>**NOTED FOR HEARING: FRIDAY, DECEMBER 28, 2018** |

## I.   INTRODUCTION

Defendants filed a dispositive Motion for Summary Judgment more than two months ago which seeks dismissal of all claims, and the motion has been pending for over a month. The Motion, noted for hearing November 16, 2018, seeks dismissal of numerous Federal civil rights and State tort claims against four individually-named University employees and twelve unidentified "John or Jane Does" primarily on the basis of applicable immunities, and of the remaining breach of contract claim against the University.

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER REGARDING PLAINTIFF'S FIRST AND SECOND SETS OF DISCOVERY REQUESTS - 1
2:17-cv-00642-MJP
1010-00051/402306.docx

Keating, Bucklin & McCormack, Inc., P.S.
Attorneys at Law
801 Second Avenue, Suite 1210
Seattle, Washington 98104-1518
Phone: (206) 623-8861
Fax: (206) 223-9423

Plaintiff did not seek an FRCP 56(d) continuance of the summary judgment motion or argue that more discovery was needed to oppose it (and still never has); nor would any of the purportedly requested information make a difference—it has been provided to Plaintiff. Defendants have already waited over a year to re-file their Summary Judgment Motion and have re-produced discovery several times. Simply put, any further discovery in this case is a waste of the parties' resources and will only lead to unnecessary filings.

## II.   RELIEF REQUESTED

Pursuant to FRCP 26(c)(1), Defendants request the court enter an Order staying further discovery and relieving Defendants from having to provide further response to Plaintiff's pending discovery requests until such time as the court rules on Defendants' pending Motion for Summary Judgment (Dkt. 119) and/or makes a determination of whether Plaintiffs' requests for additional discovery are moot or otherwise objectionable or beyond the scope of discovery proportional to the needs of this case.

## III.   STATEMENT OF FACTS

Prior to filing their pending Motion for Summary Judgment ("Defendants' MSJ"— Dkt. 119), defense counsel participated in a discovery conference wherein they asked Plaintiff's counsel whether there was any additional discovery Plaintiff needed to rebut Defendants' motion requesting dismissal of *all claims*. *See,* Exh. A to *Chen Decl.*; *Chen Decl.* at ¶ 2. Plaintiff requested documents related to wholly separate Public Records Act (PRA) requests made by Plaintiff for documents about *other people* after she alleges the University wrongfully released private information about her UW employment (in large part after she even filed this lawsuit). *See,* Exh. B to *Chen Decl.* (Referencing Defendants agreeing, without waiving objections, to produce documents responsive to Plaintiff's RFPs 16-23.); Dkt. 118-1 at pp. 7-8 (Plaintiff's RFPs 16-23.)  Defendants even agreed to strike their previous motion for a protective order regarding Plaintiff's second set of discovery (Dkt. 118) after an understanding Plaintiff had all the discovery she needed to respond to

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
REGARDING PLAINTIFF'S FIRST AND SECOND SETS
OF DISCOVERY REQUESTS - 2
2:17-cv-00642-MJP

1010-00051/402306.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

Defendants' MSJ seeking dismissal of all claims (primarily on immunity grounds). Plaintiff never filed a FRCP 56(d) objection or a motion to compel additional responses to discovery requests at that time.

Plaintiff has now filed a motion to compel responses to her first set of discovery served in May of 2018 (also noted for hearing December 28, 2018) one month after the noting date of Defendants' MSJ. She seeks additional information and documents solely on the issues of *liability*, most of which revolve around identification of "John and Jane Does" she has known about for months, and for whom there is no viable theory of liability under which they could be named. Plaintiff has still never asserted she needs any of this information to rebut Defendants' motion for summary judgment and has thus waived that argument.

### IV.   MEET AND CONFER STATEMENT

As Plaintiff stated in her motion to compel (Dkt. 136), the parties have had several telephonic conferences regarding both of Plaintiff's sets of discovery, including, but not limited to, August 23, 2018, September 17, 2018, and October 31, 2018. *See also,* Exh. A to *Chen Decl.* where Plaintiff's counsel states he will not agree to stay discovery pending resolution of Defendants' Motion for Summary Judgment. *See also,* Dkt. 113.

### V.   EVIDENCE RELIED UPON

- Declaration of Derek Chen and attached exhibits;
- Documents already filed with the Court.

### VI.   ARGUMENT AND ANALYSIS

Courts undoubtedly have broad discretion when it comes to discovery. *Dichter-Mad Family Partners, LLP v. United States*, 709 F.3d 749, 751 (9th Cir. 2013). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery[.]" FRCP 26(c)(1).

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
REGARDING PLAINTIFF'S FIRST AND SECOND SETS
OF DISCOVERY REQUESTS - 3
2:17-cv-00642-MJP

1010-00051/402306.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

The Court may also stay discovery where it would conserve the parties' resources or narrow the potential remaining issues and have no effect on a pending dispositive motion. *See, Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (Court stayed discovery until issue of qualified immunity was resolved on the grounds that it furthered efficiency for the court and litigants); *Lazar v. Bourbon*, 2018 WL 4103667, at *2 (W.D. Wash. Aug. 29, 2018) (Court acknowledged a stay of discovery may be used where a pending dispositive motion is "potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought" and (2) can be decided without additional discovery."); *Silva v. Merritt*, 2008 WL 2485580, at *1 (W.D. Wash. June 17, 2008) (Staying discovery where Defendants *anticipated* filing motions regarding immunity.)

Defendants seek a protective order regarding searching for, reviewing, redacting, and producing even further information and documentation in response to Plaintiff's Motion to Compel (Dkt. 136). Defendants' specific objections to Plaintiff's seven identified discovery requests are set out thoroughly in Defendants' contemporaneously filed opposition to Plaintiff's motion to compel. Separately, Defendants seek a protective order effectively staying what has become extremely burdensome and wasteful discovery until the Court is able to rule on Defendants' pending Motion for Summary Judgment (Dkt. 136), noted for hearing November 16, 2018. Briefing on that dispositive motion on all claims has been closed for over a month, and Plaintiff never suggested to the Court that additional documentation is needed to rebut Defendants' arguments. At this point, the parties are arguing and filing motions over wholly irrelevant and burdensome discovery. It is in the best interests of the Court and the parties to stay discovery and permit targeted discovery on the remaining claims if any exist after the Court's ruling.

### A. Plaintiff Has Never Argued She Needs Additional Discovery to Rebut Defendants' Motion for Summary Judgment.

As the Court record shows, briefing on Defendants' MSJ seeking dismissal of all claims has been closed for over a month. Defendants informed Plaintiff's counsel well in

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
REGARDING PLAINTIFF'S FIRST AND SECOND SETS
OF DISCOVERY REQUESTS - 4
2:17-cv-00642-MJP
1010-00051/402306.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

advance of the filing that they were seeking summary judgment dismissal of all claims.[1]  A separate summary judgment, filed August 24, 2017, was pending for months prior to attorney Joe Thomas being appointed as Plaintiff's counsel in early 2018, at which point the case essentially started over despite discovery being closed and the dispositive motion having been pending more than four months. *See,* Dkt. 27 (original MSJ); Dkt. 73 (Order revising case schedule); Dkts. 91 and 94 (Orders extending discovery deadlines); Dkt. 96 (New order setting trial for May 6, 2019).

Defendants have since had extensive discussions with Plaintiff's counsel about evidence Plaintiff believed she needed to rebut Defendants' MSJ on all claims.  *See*, Dkt. 113-11 (Email from Joe Thomas outlining alleged deficiencies with Defendants responses to Plaintiff's First Set of Discovery.); Dkt. 113 at ¶¶ 36-39 (Detailing a September 17, 2018 phone conference between the parties where counsel for Defendants, at Plaintiff's counsel's request, agreed to hold off filing their MSJ motion for roughly a month while Mr. Thomas was on vacation.); Exh. A to *Chen Decl.*  The parties agreed Defendants would produce copies of RFPs 16-23 from Plaintiff's Second Set of Discovery Requests. Exh. B to *Chen Decl.*, at pp. 1-2.  After discussions with Plaintiff's counsel, he identified only those documents as necessary to Respond to Defendant's MSJ.  *Id.*; *Chen Decl.*, at ¶ 2. Defendants provided those documents.  Of note, Plaintiff did not cite to ***any*** of those documents in support of her opposition brief. *See,* Dkts. 130-1 to 130-6.

Despite identifying alleged deficiencies with Defendants' responses to Plaintiff's First Set of Discovery Requests on September 12, 2018 and filing a Motion to Compel *Initial Disclosures* (not discovery responses) during Plaintiff's counsel's stated period of unavailability (Dkt. 108), Plaintiff never filed a motion to compel regarding either set of

---

[1] In fact, the whole point of the court allowing Plaintiff to amend her Complaint in April of 2018 then re-open discovery was to allow Plaintiff an opportunity to raise, organize, and support all claims she wished to pursue in an organized fashion so Defendants could re-file their previously-pending Summary Judgment Motion to address any new or different claims or parties inserted by Plaintiff's new counsel. *See*, Dkt. 90; *see also*, Dkts. 67, 69, 88, 90, 91, 94, 96, 123, 129.

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
REGARDING PLAINTIFF'S FIRST AND SECOND SETS
OF DISCOVERY REQUESTS - 5
2:17-cv-00642-MJP
1010-00051/402306.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

discovery requests until *one month* after MSJ briefing closed. Plaintiff's motion to compel initial disclosures was denied with the exception of ordering supplementation of contact information for four individuals. Dkt. 133. Plaintiff's counsel was also aware he could have filed a motion to compel discovery at that time or sooner if he felt it was really necessary. Dkt. 113 at ¶¶ 33-34. Additionally, despite defense counsel's express suggestion that Plaintiff file an FRCP 56(d) objection/motion for continuance in conjunction with his response to Defendants' MSJ to obtain a ruling on any disputed outstanding discovery she alleges might be necessary to oppose the Motion, Plaintiff chose not to, and has still never argued the allegedly outstanding discovery is necessary to dispute Defendants' MSJ. *See*, Dkt. 113 at ¶ 39; Exh. A to *Chen Decl.* Plaintiff did file an improper and immaterial objection to Defendants' legal arguments weeks after her response was due, but never suggested she was missing necessary discovery. Dkt. 134.

Simply put, Plaintiff's actions alone admit there is no *material* evidence outstanding that is necessary to rebut Defendants' Motion to dismiss Plaintiff's claims. Plaintiff was aware of her options and her counsel had multiple conversations with defense counsel to determine what Plaintiff needed to respond to Defendants' MSJ. Defendants did this specifically to avoid additional discovery after the MSJ was complete, and repeatedly delayed moving forward with re-filing Defendants' Motion for Summary judgment in order to resolve any alleged discovery disputes and accommodate Plaintiffs' counsel's vacations.

Any attempt to reverse course on this would be futile as those arguments were waived long ago. As it stands, there is a pending dispositive motion that, if granted, would resolve all claims. Pursuant to the authority above, this Court absolutely has the discretion to stay discovery until it is able to rule on Defendants' dispositive motion, which has a high likelihood of resolving all claims based on strong legal immunity and other purely legal arguments. If any discovery remains, it will be targeted, which will greatly preserve the Courts' and the parties' resources.

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
REGARDING PLAINTIFF'S FIRST AND SECOND SETS
OF DISCOVERY REQUESTS - 6
2:17-cv-00642-MJP

1010-00051/402306.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

**B.     Plaintiff's Requests for More Information Blatantly Ignore Legal Authority That Bars Any Causes of Action Based on Those Theories.**

As stated above, Plaintiff actions alone show she is not missing any material discovery necessary to resolve this case. The information and documents Plaintiff seeks, or will likely seek, relate to two main theories regarding the unnamed parties[2]: (1) that the unnamed (current and former) University employees allegedly improperly stored some of Plaintiff's personnel documents that could be covered by the Health Insurance Portability and Accountability Act (HIPAA) and the Americans with Disabilities Act (ADA), and (2) any individual (current or former) University employee who may have touched any files or documents related to Plaintiff's long-past employment with the University (including individual department employees who gathered the documents to give to the Office of Public Records or merely located and transferred archived boxes which contained files in which some historical personnel documents related to Dalessio's prior employment may have resided) may somehow be *individually* liable for damages. Both arguments fail as argued in Defendants' MSJ briefing—which specifically sets forth a legal and evidentiary basis for dismissing any claims against the as-of-yet-unnamed or served "Doe" Defendants. *See*, Dkts. 119 and 132.

      1.     <u>42 U.S.C. § 1983 Claims Cannot Be Based on Alleged HIPAA or ADA Violations.</u>

Plaintiff brings claims for alleged HIPAA and/or ADA violations in the form of § 1983 claims. Dkt. 82 at pp. 17-23.[3] The law is clear that 42 U.S.C. § 1983 is <u>not</u> an enforcement mechanism for either statute. *See, In Nickler v. Cty. of Clark*, No. 16-17211, 2018 WL 5291193; *Okwu v. McKim*, 682 F.3d 841, 846 (9th Cir. 2012). Plaintiff made an untimely and improper objection to these arguments at the summary judgment stage, but

---

[2] Defendants do not agree these arguments have been properly pled, but identify them to show that even under the furthest reaching theory regarding additional discovery, there is simply no basis for continued discovery or compelling Defendants to go on a wild goose chase for voluminous documents unrelated in any way to Plaintiff Julie Dalessio's claims: that the University improperly disclosed private information about her in and among historical employment records to a third party in response to a PRA request in 2015..

[3] Ms. Dalessio also seeks Declaratory relief, Dkt. 82 at p. 24. These claims are still based on alleged constitutional violations and are not viable for the reasons argued in Defendants' MSJ, Dkt. 119 at pp. 21-22.

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
REGARDING PLAINTIFF'S FIRST AND SECOND SETS
OF DISCOVERY REQUESTS - 7
2:17-cv-00642-MJP
1010-00051/402306.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

still failed to provide any authority to the contrary. *See also*, Defendant MSJ Reply, Dkt. 132 at p. 4.; Dkt. 134.

        2.    <u>Plaintiff Has Known the Identities of Unnamed Defendants for Months and Has Chosen Not to Name Them, Potentially Understanding There Are No Viable Claims Against Them.</u>

Many of Plaintiff's arguments for additional information center around the alleged "need to identify" the John and Jane Does in her Amended Complaint. *See*, Dkt. 136 regarding Interrogatories 1, 2 and 4, RFP 12.

According to Plaintiff's Amended Complaint (Dkt. 82), the "John and Jane Does" include: two employees of UW's Department of Laboratory Medicine, three employees of UW's Human Resources Departments, one employee of UW's Department of Payroll Services, one employee of UW's Office of Finance and Administration, one employee of UW's Office of Records Management Services, one employee of UW's Department of Legal and Business Affairs, one employee at the UW's Office of Chief Health Systems, one employee at UW's Department of Records and Management Services, and one employee at UW's Office of Disability Services. Plaintiff filed her amended complaint on April 12, 2018—eight months ago. *Id.*

None of these employees work for the UW Officer of Public Records ("OPR"). It is undisputed records were only released by OPR as a result of a Public Records Act request. Further, the <u>only</u> documents released to a third-party were in response to PRR 15-00570, which was completed and release by OPR Analyst Alison Swenson. Defendants have provided *extensive* initial disclosures identifying potential other individuals and detailed information regarding their potential contact with any of these files or documents during the process of locating and forwarding documents to the OPR, regardless of how limited it may be. Dkt. 108-3 at pp. 1-8.

Based on Plaintiff's Amended Complaint, all of these individuals had a similar role (or lack thereof) in releasing any information to a third party—***locate and produce***

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
REGARDING PLAINTIFF'S FIRST AND SECOND SETS
OF DISCOVERY REQUESTS - 8
2:17-cv-00642-MJP

1010-00051/402306.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

*responsive documents to Public Records Acts requests and provide them to OPR for review and production (or in many cases, such individuals were merely copied on emails facilitating these requests).*  Plaintiff has never presented a plausible argument, outside of the alleged "failure to store information" arguments which fail as a matter of law for the reasons listed above, that would permit any of these current or former individual employees from being individually liable for a Public Records Act production.  These individuals serve a necessary function in the PRA response process, as they were apparently best placed to research the location of where potentially responsive documents might be stored.  In all likelihood, Plaintiff has not named the individuals (despite clearly knowing who they are) because she cannot tie them to a viable legal claim and would risk sanctions for simply naming them without a basis.  Rather, Plaintiff continues to harass Defendants for more and more information under the guise of discovery requests.  The Court would be on solid ground by staying this discovery until Defendants' MSJ is ruled on.

### C. Defendants Have Already Provided the Remaining Information Plaintiff Seeks in Her Current Motion to Compel or Have Asserted Legitimate Reasons for Not Responding in a Way Plaintiff Would Deem Complete. (*Dkt. 136.*)

As discussed thoroughly in Defendants' opposition to Plaintiff's motion to compel, Plaintiff seeks wholly irrelevant or immaterial information designed to make this process unnecessarily expensive.  For example, Plaintiff requests "all documents identifying Public Records Act lawsuits brought against the University of Washington."  *See*, Dkt. 136 at p. 10.  Plaintiff readily admits Defendants produced 1,100 pages of documents (UW3005-4154) and that Defendants also supplemented their response to list nine additional lawsuits.  *Id.*  Plaintiff's sole objection is that Defendants didn't provide every document (many of which are available on ECF) that mentions the lawsuit, which would undoubtedly be hundreds of thousands of pages for the lawsuits listed, if not more.  Further, Plaintiff does not have any PRA claims remaining in this lawsuit, and the lawsuits identified by the UW largely involved complaints of *underproduction*, not *overproduction*, as Plaintiff alleges.  It

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
REGARDING PLAINTIFF'S FIRST AND SECOND SETS
OF DISCOVERY REQUESTS - 9
2:17-cv-00642-MJP

1010-00051/402306.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

is difficult to see how they could have any relevance to Plaintiff's lawsuit, much less relevance that outweighs the significant burden of locating, redacting, and producing these documents. Further, Plaintiff objected to the volume of 1,100 documents, and admittedly has not even attempted to look through them. *See*, Dkt. 136 at p. 10:10-16. It is unclear how providing hundreds of thousands of pages would clarify Plaintiff's case for her.

Similarly, Plaintiff admits Defendants identified a complaint by Gerald Rosen, but argues Defendants did not point her to exactly where in the documents the information was. *See*, Dkt. 136 at p. 10. Plaintiff strangely admits to not even trying to read the documents. Upon review, and without an electronic search, Defendants were able to find the stated documents (UW004114-UW004130) in under ten minutes. *Chen Decl.*, at ¶ 3.

The evidentiary and factual basis is exhaustively set forth in Defendants' Opposition to Plaintiff's Motion to Compel, the Declarations of Derek Chen and Jayne L. Freeman, and prior pleadings (*see, e.g.*, Dkt. 113 and exhibits thereto). Defendants hereby incorporate those pleadings and documents herein.

## VII.   CONCLUSION

It is undoubtedly a wasteful and expensive exercise for Plaintiff to continue to request irrelevant documents just for the sake of requesting documents. Defendants had multiple discussions with Plaintiff's counsel to make sure Plaintiff had the documents she needed to oppose Defendants' MSJ. Plaintiff did not object to Defendants' MSJ on the grounds of insufficient evidence or file a motion to compel discovery until a month after the close of briefing. Any argument that Plaintiff is missing relevant discovery has effectively been waived, and the Court has a solid basis to enter a protective order staying discovery until Defendants' MSJ has been ruled on. In the alternative, the Court should enter a protective order as to the individual requests identified in Plaintiff's Motion to Compel. *See*, Dkt. 136.

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER REGARDING PLAINTIFF'S FIRST AND SECOND SETS OF DISCOVERY REQUESTS - 10
2:17-cv-00642-MJP
1010-00051/402306.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

DATED: December 20, 2018

      KEATING, BUCKLIN & McCORMACK, INC., P.S.

By: */s/ Jayne L. Freeman*
Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for Defendant

801 Second Avenue, Suite 1210
Seattle, WA  98104-1518
Phone: (206) 623-8861
Fax:     (206) 223-9423
Email: jfreeman@kbmlawyers.com

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
REGARDING PLAINTIFF'S FIRST AND SECOND SETS
OF DISCOVERY REQUESTS - 11
2:17-cv-00642-MJP
1010-00051/402306.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

# CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiff**

Mr. Joseph Thomas
14625 SE 176th Street, Apt. N-101
Renton, WA 98058-8994
Telephone: (206) 390-8848
Email: joe@joethomas.org

DATED: December 20, 2018

/s/ Jayne L. Freeman
Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for Defendant
801 Second Avenue, Suite 1210
Seattle, WA 98104-1518
Phone: (206) 623-8861
Fax: (206) 223-9423
Email: jfreeman@kbmlawyers.com

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER REGARDING PLAINTIFF'S FIRST AND SECOND SETS OF DISCOVERY REQUESTS - 12
2:17-cv-00642-MJP
1010-00051/402306.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423