The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

JULIE DALESSIO, an individual,

                   Plaintiff,

    v.

UNIVERSITY OF WASHINGTON, a
Washington Public Corporation; ELIZA
SAUNDERS, Director of the Office of
Public Records, in her personal and official
capacity; ALISON SWENSON, Compliance
Analyst, in her personal capacity; PERRY
TAPPER, Public Records Compliance
Officer, in his personal capacity; ANDREW
PALMER, Compliance Analyst, in his
personal capacity; JOHN or JANES DOES
1-12, in his or her personal capacity,

                   Defendants.

No. 2:17-cv-00642-MJP

DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF PLAINTIFF'S FIRST
SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF
DOCUMENTS

NOTED FOR HEARING: FRIDAY,
DECEMBER 28, 2018

## I.     INTRODUCTION

Plaintiff's motion to compel discovery is entirely moot if the Court grants Defendants' Motion for Summary Judgment ("MSJ") (*Dkt. 119*). Plaintiff concedes the discovery is immaterial to her claims by failing to pursue this motion prior to the summary hearing date. Additionally, Plaintiff's argues the requests are largely aimed at "identifying" the unnamed John and Jane Does despite failing to present a viable theory of liability Plaintiff has refused to formally identify the "Doe" Defendants despite knowledge of identity. For efficiency and cost-effective reasons, the Court should deny Plaintiff's Motion

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL PRODUCTION OF PLAINTIFF'S FIRST
SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS - 1
2:17-cv-00642-MJP
1010-00051/402165

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

and stay discovery until issuing a summary judgment ruling. *See also, Defendants' Motion for Protective Order (Dkt. 138).*

## II.    STATEMENT OF FACTS

Plaintiff's statement of facts mischaracterizes the record.  Plaintiff did serve her First Set of Interrogatories and Requests for Production on all five Defendants on June 6, 2018, and Defendants timely replied on **July 6, 2018**. *Exh. A to Freeman Decl.*  Defendants then supplemented their responses in order to avoid costly motions practice on **August 6, 2018**. *Dkt. 113-12*, at p. 29.  Defendants again supplemented their responses, including adding a privilege log, on **August 31, 2018**, signed by client representative Eliza Saunders, Director of the Office of Public Records**.** *Id.*, at p. 31, 38.  On **October 4, 2018**, at Plaintiff's request, Defendants Swenson, Palmer, and Tapper added separate signature lines and reproduced substantively identical responses to the responses previously provided to Plaintiff in early-August of 2018. *Dkts. 136-1 through 136-3.*  Plaintiff had these responses almost two months prior to Defendants re-filing the MSJ that had been initially filed over a year ago (see *Dkt. 119*, filed October 25, 2018), and over three months before she filed her motion to compel.

## III.    EVIDENCE RELIED UPON

- Declaration of Jayne L. Freeman;

- Documents already filed with the Court, including Dkt. 113 and exhibits.

## IV.    ARGUMENT AND ANALYSIS

### A.    FRCP 26(b)(1) Standard and Defendants' General Objections to Plaintiff's Motion to Compel.

Parties are entitled to discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense **and** proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL PRODUCTION OF PLAINTIFF'S FIRST
SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS - 2
2:17-cv-00642-MJP
1010-00051/402165

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

or expense of the proposed discovery outweighs its likely benefit.

FRCP 26(b)(1) (emphasis added.)  As discussed thoroughly in Defendants' Motion for a Protective Order, Plaintiff failed to identify any discovery needed to oppose summary judgment (*Dkt. 119*), and specifically failed to identify any of the discovery she is seeking now when the parties conferred on that topic.  For that reason alone, the motion should be denied.

> 1.    Plaintiff Cannot Demand Defendants Produce Information a Certain Way.

Plaintiff's Motion to Compel focuses primarily on documents and information she concedes have long since been produced to her; she simply now disputes the *format* of disclosure or whether individual Defendants should have answered specific questions differently. As a general matter, all documents requested belong to the University and have been marked and produced by Defendant University of Washington. While individual Defendants may have aided in locating or identifying documents to be produced by the University, the information responsive to these interrogatories is derived from the individual defendants reviewing these same documents and the documents are University documents.

For example, Plaintiff agrees Defendants produced 1,100 pages in response to request for production number 7, but now complains the documents must be reviewed. *Dkt. 136*, at p. 10:10-16.  Counsel for Defendants have spent multiple discovery conferences walking Plaintiff's counsel through the discovery produced, repeatedly pointing Plaintiff's counsel to the exact information he vehemently asserted was not there. See, *Dkt. 113*, at ¶¶ 19-25.  The documents were produced electronically in .pdf format.

The federal rules specifically allow Defendants to produce documents in response to an interrogatory:

> **If the answer to an interrogatory may be determined by examining**, auditing, compiling, abstracting, or summarizing **a party's business records**

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL PRODUCTION OF PLAINTIFF'S FIRST
SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS - 3
2:17-cv-00642-MJP
1010-00051/402165

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

(including electronically stored information), **and if the burden of deriving or ascertaining the answer will be substantially the same for either party**, the responding party may answer by:

(1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and

(2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

FRCP 33(d).  Defendants provided electronic copies of documents saved in .pdf format, and Bates-stamped with numbers for clear organization. Defendants have further identified bates stamp ranges where practical and additionally provided extensive written responses detailing the apparent "involvement" (or lack thereof) of various individuals whose names appear on documents related to administration of the subject public records responses.  The documents have been produced in an organized format, in the order and manner maintained in the ordinary course of business.

Finally, Plaintiff's counsel repeatedly falls back on the argument that he is a "pro bono volunteer attorney[.]"  While undoubtedly grateful, the Court should not permit this as an excuse to every litigation task, particularly as Plaintiff requests fees and sanctions (without a basis) in *every motion*.  Defendants wish to move beyond this "paid counsel – pro bono counsel" dynamic once and for all; all counsel have an ethical obligation to advocate for their clients in an adversary proceeding.

2.   The Requested Information is Irrelevant to Plaintiff's Claims and/or Not Proportional to the Needs of the Case.

Fundamentally, Plaintiff repeatedly fails to connect any of the requested information or documents to her claims.  It is clear the information is not necessary to resolve Plaintiff's claims, as Plaintiff did not file a motion to compel or FRCP 56(d) motion prior to opposing Defendants' MSJ, filed almost two months ago.  In addition, Defendants have produced nearly **15,000 pages** of documents in this case already, almost none of which Plaintiff actually used to rebut Defendant's dispositive motion—after delaying a prior summary

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL PRODUCTION OF PLAINTIFF'S FIRST
SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS - 4
2:17-cv-00642-MJP
1010-00051/402165

**KEATING, BUCKLIN & McCORMACK, INC., P.S.**
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

judgment motion.  Plaintiff's motion has no bearing on the issues in this case.[1]

On October 25, 2018, Defendant filed a motion for summary judgment seeking dismissal of Plaintiff's claims against all Defendants. *Dkt. 119.*  Despite asking Defendants to strike their first motion for summary judgment, filed August 28, 2017 (*Dkt. 27*), on the grounds that Plaintiff needed additional discovery, Plaintiff still relied almost exclusively on evidence in her possession for over a year and originally filed in opposition to the first summary judgment motion in her response to the 2018 Motion. See, *Dkts. 130-131*. Plaintiff never argued she needed additional discovery to respond to Defendants' pending motion for summary judgment despite invitation to do so if she could identify any requested, but objectionable, discovery needed to oppose the motion.[2] Defendants have already produced even marginally relevant information.

> 3.    Plaintiff Continues to Proceed on the Flawed Assumption That Anyone Who Potentially Touched or Viewed a Document in the Past Three Decades May Be Legally Responsible for the Alleged Privacy Violation.

A prime example of Plaintiff's overreaching discovery requests is the fixation that anyone who "had access" to any documents in her historical personnel or departmental UW files, portions of which were eventually produced to David Betz (in heavily-redacted format) in response to PR 15-00570[3], may somehow be liable for damages. See *Dkt. 136 (Plaintiff's MTC)*, at p. 3:4-7; p. 4:2-5; p. 4:8-9; p. 6:7-14.

First, Defendants have identified all Office of Public Records employees who released the responses to Mr. Betz's PRA request in 2015 and Plaintiff's requests for her own records in 2016.  Plaintiff's claims stem from alleged damage as a result of

---

[1] Ironically, while demanding additional, voluminous discovery responses, Plaintiff at the same time repeatedly criticizes Defendants for actually *producing* records in response to her requests----arguing they are too voluminous. *Dkt. 136*, at p. 10.

[2] Counsel for Defendants told counsel for Plaintiff multiple times that he could include an FRCP 56(d) argument in his motion if he felt it was necessary.  *See Chen Declaration in support of Defendants Motion for a Protective Order and attached exhibits. Dkt. 139, 139-1, and 139-2.*

[3] It is undisputed all other Public Records Act requests pertaining to Plaintiff were produced only to Plaintiff, and therefore cannot give rise to a privacy violation claim. Dkt. 119.

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL PRODUCTION OF PLAINTIFF'S FIRST
SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS - 5
2:17-cv-00642-MJP
1010-00051/402165

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

information being released to a third party (Betz).  To the extent Plaintiff has repeatedly suggested University of Washington employees searching departmental records for documents responsive to a Public Records Act request can be liable for doing so, Plaintiff is incorrect, and has produced no authority to the contrary.  This would lead to absurd results and effectively grind the statutorily-mandated PRA process to a halt.

Simply put, Plaintiff's failure to name the John and Jane Does in this case is not due to a lack of information.  All requests aimed at "identifying the John and Jane Does" should be denied (*at least* Interrogatories 1 and 2, and RFP 12);  Plaintiff's undue delay in identifying them is grounds for dismissal. *Armstrong v. Young*, 2012 WL 1565710, at *5, n. 2 (E.D. Cal. May 1, 2012) (Acknowledging the use of John Doe Defendants is not favored and requiring Plaintiff to substitute the named defendant "immediately" after they are known.); *Johnson v. Dudley*, 2010 WL 2367511, at *5 (D. Ariz. June 11, 2010) (Court dismissed Doe Defendants because of Plaintiff's failure to timely amend pleading or timely seek leave to properly name defendants pursuant to the court's deadlines.)  Plaintiff has long missed the deadline for joining additional parties (July 17, 2018) and filing amended pleadings (July 27, 2018). *Dkt. 96.*

## B.    Defendants' Specific Objections to Plaintiff's Requested Discovery.

In addition to the broader objections identified above and in *Dkt. 138*, Defendants asserted specific objections to the discovery requests identified.

### 1.    Interrogatory No. 1: "Please fully identify all persons…who have examined, copied, or had access to employee records and documents pertaining to Plaintiff." (Dkt. 113-12 at 5).

Without waiving applicable objections to the scope of this request, all five Defendants responded to this interrogatory. Dkt. 113-12 at 6-7.  Plaintiff specifically describes "Jane and John Does" in her Amended Complaint, Dkt. 82, as employees from UW's Department of Laboratory Medicine, UW's Human Resources Departments, UW's Department of Payroll Services, UW's Office of Finance and Administration, UW's Office

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL PRODUCTION OF PLAINTIFF'S FIRST
SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS - 6
2:17-cv-00642-MJP
1010-00051/402165

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

of Records Management Services, UW's Department of Legal and Business Affairs, UW's Office of Chief Health Systems, UW's Department of Records and Management Services, and UW's Office of Disability Services.  Whether a Plaintiff or Defendant, the answer to this Interrogatory is derived from reviewing University documents, including the OPR Case Summary Reports and transmittal emails requesting departmental records and responding with documents. This information was first provided to Plaintiff on **August 15, 2017** (bates numbers UW1991-UW2952) and has been repeatedly explained in writing and in multiple discovery conferences. *See, e.g. Dkt 108-3*, at p. 1-7 (describing in detail each listed witness' involvement and identifying specific bates-numbered page ranges.); *Dkt. 113*, at ¶¶ 20-25.  The Motion to Compel itself demonstrates Plaintiff *does* already have all of this information; she spends pp. 3-4 simply debating which Defendant should have articulated these answers—alternating between arguing whether OPR Director Eliza Saunders *cannot* provide answers on behalf of the University or *must have* personal knowledge of all facts by virtue of her position as Director, even if she was not personally involved. This is not a proper subject of a Motion to Compel discovery responses.

To the extent Plaintiff further demands the University somehow identify every individual who "may have" "had access" to any of the documents contained in Ms. Dalessio's old personnel or departmental files---either in the last few years or anytime in the past three decades she was employed at UW (1982-2003)—this would clearly be an impossible task. It would also establish nothing to support an actionable claim.

    2.    <u>Interrogatory No. 2: "Please fully identify communications, for any and all current and former employees of the University … with any person (excluding your attorneys) regarding matters in Plaintiff's Complaint…" Dkt. 113-12 at 8.</u>

Defendants provided responses to this interrogatory (Dkt. 113-12 at 8-10), also incorporating the detailed responses to requests to identify every individual who redacted the subject PRA documents (Interrog. No. 3) and to identify the location where each

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS - 7
2:17-cv-00642-MJP
1010-00051/402165

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

document produced in the subject 2015-2016 PRA requests were located (Interrog. No. 4). Dkt. 113-12 at 10-17.[4]  As part of the August 15, 2017 production, Defendants produced almost one thousand pages (bates numbers UW1991-UW2952) of transmittal correspondence.  This included OPR analysts' correspondence reaching out to different departments at the UW that may have responsive documents, and all the back and forth communications about locating potentially responsive documents that form the nucleus of Plaintiff's claims in this case.  There is no value, and it is wholly disproportionate to the needs of the case, to run additional email searches or to physically ask "any and all current and former employees of the University of Washington" if they have ever had communications regarding the allegations in Ms. Dalessio's Complaint.

**Attorney-client privilege**: Contrary to Plaintiff's unilateral assertion, documents within the items listed on Defendants' privilege log (*Dkt. 136-5*) contain attorney/client communications and/or notes regarding such communications.  *See Freeman Dec., ¶2* (notes by Risk Manager Shari Spung regarding attorney-client advice to her or forwarded attorney-client email communications).[5]  There is no evidence the underlying attorney-client privilege has been waived by virtue of sharing it with the claims manager managing defense of this lawsuit. Regardless, the entries Plaintiff takes issue with are 9, 18, 19, 21, all of which properly assert the claims-investigation privilege in addition to attorney-client privilege, as discussed below. (*Dkt. 136-5.*)

**Claims Investigation Privilege**: The RCW 4.92.210(2) claim file investigation privilege designated to provide "accurate and timely data on the status of liability claims" continues through not only the tort claim process but also the litigation process when liability claims are pursued against the State. Here, Ms. Dalessio filed a tort claim with UW

---

[4] This same information had already been produced as supplemental Initial Disclosures on May 18, 2018, (*Dkt 108-3*) and the underlying documents from where the information was derived was first produced to Plaintiff on August 15, 2017. Plaintiff fails to provide this information to the court.

[5] Defendants agreed that, upon further review, Item 19 does not appear to contain attorney-client privileged material but is still subject to the RCW 4.92.210(2) claims investigation privilege.

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL PRODUCTION OF PLAINTIFF'S FIRST
SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS - 8
2:17-cv-00642-MJP
1010-00051/402165

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

on October 21, 2016. She was notified by Risk Manager Shari Spung that the claim was being investigated and a denial of the claim was not issued until February 2, 2017. *See, Freeman Dec., Ex. B*. Risk Management's obligation to preserve records pursuant to a "litigation hold" continued thereafter and Plaintiff filed this lawsuit in March of 2017. She served the Attorney General's Office on April 3, 2017. Plaintiff is well-aware of this, as she received these communications from Risk Management.

3.   Interrog. No. 4: "Please identify with specificity the location of each of the documents produced in PR 2015-00570 and PR 2016-00760."

As discussed in subsection 2, Defendants produced correspondence associated with locating responsive documents to PR 2015-00570 and correspondence and transmittal emails associated with PR 2016-00760, which asks for the same information (and more) that Betz requested in PR 2015-00570. See bates numbers UW1991-UW2952. Therefore, by examining the records, Plaintiff can determine exactly where the records were stored and who transmitted them. Defendants made this task easier for Plaintiff by identifying by bates number who produced the document range, and which department they work for. *Dkt. 108-3.*

4.   RFP No. 5: "Produce all documents identifying violations by the University of Washington or any sub-agency of [UW] concerning [HIPAA] from January 2, 2003-June 4, 2018."

Plaintiff's argument that she needs this information to prove violations of federal laws such as HIPAA and the ADA regarding the storage of her information also fails. The law is clear that 42 U.S.C. § 1983 is not an enforcement mechanism for either statute. See *In Nickler v. Cty. of Clark*, No. 16-17211, 2018 WL 5291193; *Okwu v. McKim*, 682 F.3d 841, 846 (9th Cir. 2012). Plaintiff made an untimely and improper objection to these arguments at the summary judgment stage, but still failed to provide any authority to the contrary. *Dkt. 134.* HIPAA also does not provide for a private cause of action. *Rickman v. Premera Blue Cross*, 184 Wash. 2d 300, 318, 358 P.3d 1153, 1162 (2015), as *amended*

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL PRODUCTION OF PLAINTIFF'S FIRST
SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS - 9
2:17-cv-00642-MJP
1010-00051/402165

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

(Nov. 23, 2015).  Finally, Plaintiff cannot assert rights on behalf of another, so it is entirely unclear how this discovery would be related to any of her claims.

      5.    <u>RFP No. 7: "Produce all documents identifying complaint of any exempt information wrongfully produced under the Public Records Act by [UW] or any sub-agency of [UW] pursuant to RCW 42.56.010(1) from January 1, 2003 to June 4, 2018."</u>

Plaintiff's RFP No. 7 was specifically targeted at "complaints of any exempt information wrongfully produced under the Public Records Act by the University of Washington or any sub-agency of the University of Washington pursuant to RCW 42.56.010(1)[.]" *Freeman Dec.*, *Ex. A at p. 23*.  In response, Defendants provided specific objections but also responded with two names of known complaints for that specific reason: Julie Dalessio and Gerald Rosen.  Defendants then pointed Defendant to bates numbers UW3005-4154 where she would find information pertaining to Gerald Rosen. *Id.* at p. 20, 23.  By even skimming that bates-range for five minutes (as defense counsel did to find this information, *Dkt. 139*, at ¶ 3), Plaintiff would have seen that Mr. Rosen's Complaint and settlement agreement appear at bates numbers UW004114-UW004130.  Even slight review would have revealed the Complaints and lawsuits are in ***alphabetical order***, which would have further assisted her search.  Instead, Plaintiff and her counsel continuously request to be spoon-fed information instead of simply reading documents and pleadings produced to them.  Defendants have tried repeatedly to move this lawsuit along, even to include helping Plaintiff locate information that is obvious, verbally reading pleadings out loud, and providing duplicate copies of voluminous documents and pleadings that had already been produced to Plaintiff (when she was proceeding *pro se* and/or when making PRA requests).  See *Dkt. 113*, at ¶¶ 19-25.  Plaintiff's counsel is not a "pro-bono volunteer" - he's an attorney.  Defendants have been prejudiced by having to repeatedly put off dispositive motions and to re-produce documents Plaintiff and her counsel already have to avoid baseless ongoing claims of a lack of discovery or information needed to litigate Plaintiff's

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL PRODUCTION OF PLAINTIFF'S FIRST
SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS - 10
2:17-cv-00642-MJP
1010-00051/402165

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

claims.  The Court should not enable this any further.

Plaintiff now attempts to widen the scope of her "complaints" to any information that could constitute a complaint related to the overproduction of information pursuant to a PRA request. *Dkt. 136*, at p. 9.  Defendants' objections still apply.  If any such complaints do exist outside of those identified, they are immaterial to this lawsuit.  Plaintiff failed to bring this arguments prior to the pending Motion for Summary Judgment and has therefore admitted they are immaterial.  More importantly, Plaintiff again fails to show relevance or materiality by failing to tie this requested information to any claim.  See *Louisiana Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012).("The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)").

6.    RFP No. 1: "produce all documents identifying Public Records Act Lawsuits brought against the [UW] or any sub-agency of [UW] pursuant to RCW 42.5.010(1) from January 2, 2003 to June 4, 2018."

The University identified nine lawsuits relating to PRA, and provided 1,149 documents, such as Complaints, Orders of dismissal or documents that otherwise reflect the nature of the claims and resolution, where available (UW3005-4154). The University supplemented the identity of an additional nine lawsuits and cause numbers dating back to 2004.  Counsel discussed the scope of this request in a discovery conference on September 17, 2018 and invited Plaintiff's counsel to specify if he felt he really needed additional documentation regarding these unrelated lawsuits in order to pursue Plaintiff's legal theories, and to discuss a reasonable scope (for example, all pleadings filed with the court are publicly available to Plaintiff and, on the other hand, the exercise of locating and identifying a plethora of potential litigation-related documents or communications, most of which would likely be privileged attorney/client or work product, that in no way relates to the claims in this case would far outweigh any proportionality to the needs of the case here). Dkt. 113-12 at 19-2l. Plaintiff did not identify this information as necessary to rebut

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS - 11
2:17-cv-00642-MJP
1010-00051/402165

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

Defendants' dispositive motion arguments during the October 31, 2018 call. *Dkt. 139*, at ¶ 2.

        7.    <u>RFP No. 12: "Produce all documents identifying positions and job descriptions (responsibilities) for persons identified in Plaintiff's Initial Disclosures as employee of the University of Washington who are likely to have information pertaining to Plaintiff's claims."</u>

Defendants provided positions and job descriptions for UW Office of Public Records staff in response to Plaintiff's RFP No. 11 (UW4166-4180). *Dkt. 113-12*, at p. 26. It is undisputed that OPR staff who produced documents to a third-party (Betz) or even to Plaintiff herself. In addition, Defendants provided all of their positions and departments in their supplemental initial disclosures. *Dkt. 108-3.* Plaintiff has not established why job descriptions of UW employees she could never bring valid claims against, and against who there are not claims currently pending, are relevant.

## V.    CONCLUSION

Plaintiff continues to refuse to read the documents provided. This Motion purports to seek information Plaintiff has had for some time. Defendants' respectfully request the Court deny Plaintiff's Motion to Compel and request for sanctions, and grant Defendants' Motion for a Protective Order. (*Dkt. 138.*)


DATED: December 21, 2018

                              KEATING, BUCKLIN & McCORMACK, INC., P.S.


                              By: */s/ Jayne L. Freeman*
                              Jayne L. Freeman, WSBA #24318
                              Special Assistant Attorney General for Defendant

                              801 Second Avenue, Suite 1210
                              Seattle, WA 98104-1518
                              Phone: (206) 623-8861
                              Fax:   (206) 223-9423
                              Email: jfreeman@kbmlawyers.com

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL PRODUCTION OF PLAINTIFF'S FIRST
SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS - 12
2:17-cv-00642-MJP
1010-00051/402165

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiff**

Mr. Joseph Thomas
14625 SE 176th Street, Apt. N-101
Renton, WA 98058-8994
Telephone:  (206) 390-8848
Email:  joe@joethomas.org

DATED:  December 21, 2018

*/s/ Brian C. Augenthaler*
Brian Augenthaler, WSBA #44022
801 Second Avenue, Suite 1210
Seattle, WA  98104-1518
Phone: (206) 623-8861
Fax:     (206) 223-9423
Email: baugenthaler@kbmlawyers.com

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL PRODUCTION OF PLAINTIFF'S FIRST
SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS - 13
2:17-cv-00642-MJP
1010-00051/402165

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423