The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIE DALESSIO, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNIVERSITY OF WASHINGTON, a Washington Public Corporation; Eliza Saunders, Director of the Office of Public Records, in her personal and official capacity; Alison Swenson, Compliance Analyst, in her personal capacity; Perry Tapper, Public Records Compliance Officer, in his personal capacity; Andrew Palmer, Compliance Analyst, in his personal capacity; John or Jane Does 1-12, in his or her personal capacity,<br><br>　　　　　Defendant. | No.  2:17-cv-00642-MJP<br><br>PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER REGARDING PLAINTIFF'S FIRST AND SECOND SETS OF DISCOVERY REQUESTS<br><br>**Note on Motion Calendar December 28, 2018**<br><br>**ORAL ARGUMENT REQUESTED** |

Response to Motion for Protective Order　　　　　1　　　　　Law Office of Joseph Thomas
Case 2:17-cv-00642　　　　　　　　　　　　　　　　　　　　　　　　14625 SE 176th St., Apt. N101
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Renton, Washington
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Phone (206)390-8848

Ms. Dalessio responds to Defendants' [third] Rule 26(c) motion for a protective order from Ms. Dalessio's second set of discovery requests.

## I. INTRODUCTION

Defendants are litigating via procedural harassment. This motion is just the latest example of Defendants declaring procedural war against Plaintiff and her attorney. This Court must deny this motion for a protective order, but additionally also take a stand against Defendants repeated attempts to frivolously waste the time of Plaintiff and her court appointed pro bono attorney.

This is Defendants [third] blanket motion for a protective order from Plaintiff's second set of discovery.

This Court appointed Joseph Thomas as a pro bono attorney to represent Plaintiff in this litigation. Dkt. 65.

This motion was noted during stated unavailability of Plaintiff's attorney. *See* Declaration of Joseph Thomas (concurrently filed). When Plaintiff's attorney reminded Ms. Freeman and Mr. Chen that this [third] motion for a protective order is scheduled during his unavailability, Mr. Chen stated that it was necessary to file it during Mr. Thomas' unavailability. *See* Declaration of Joseph Thomas (concurrently filed).

Defendants refused to comply with good faith requirements of the Federal Rules of Civil Procedure 26(c) and Local Civil Rules before filing its motions.

## II. FACTUAL BACKGROUND

**1. Motion for a Protective Order**

This is Defendants' third motion for a protective order concerning Plaintiff's second set of discovery requests. Dkt. 138; Dkt. 117; Dkt. 111. This Court has already denied one of Defendants motions for a protective order on Plaintiff's second set of discovery requests. Dkt. 133. Only after Plaintiff filed her response to the motion did Defendants withdraw the second motion for a protective order concerning Plaintiff's second set of discovery requests. Dkt. 126.

This is Defendants first motion for a protective order from Plaintiff's first set of discovery requests.

**2. Plaintiff's first set of discovery requests**

1. On June 6, 2018, Plaintiff served First Set of Discovery requests. Dkt. 113-12 at 5.

2. On August 30, 2018, Defendant Eliza Saunders responded to the interrogatories on behalf of herself and Defendant University of Washington. Dkt. 113-12 at 31. On October 4, 2018, Defendants Palmer, Swenson and Tapper responded to the interrogatories on behalf of themselves. Dkt. 130-1; Dkt. 130-2; Dkt. 130-3. Defendants have previously responded to Plaintiff's first set of discovery requests. Dkt. 113-12 (filed by Defendants).

**3. Plaintiff's second set of discovery requests**

Defendants have previously responded to Plaintiff's second set of discovery requests. Dkt. 127-1.

### III.    EVIDENCE RELIED UPON

When bringing Plaintiff's response to Defendants' [second] motion for a protective order which seeks a stay for the second time on Plaintiff's second set of discovery requests, Plaintiff relies upon the following documents: Dkt. 65; Dkt. 74; Dkt. 82; Dkt. 111; Dkt. 113; Dkt. 117; Dkt. 127; Dkt. 130; Dkt. 133; Dkt. 136; Dkt. 138; and the documentation and declarations filed with this response to Defendants' [third] motion for a protective order.

### IV.    LEGAL STANDARD

The plain language of Federal Rule of Civil Procedure 26(c) requires parties "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Rule 26(c); *accord* LCR 26(c).

It is a condition precedent for a Rule 26(c) motion for a protective order, that the moving party "demonstrate they acted in good faith to resolve the issue among themselves" without the court's involvement. *Robinson v. Potter*, 453 F. 3d 990, 995 (8th Cir. 2006).

There is a legal distinction between an attempt to meet and confer and a good faith attempt to meet and confer before a motion for a protective order is filed. *Naviant Marketing Solutions v. Larry Tucker*, 339 F. 3d 180, 186 (3rd Cir. 2003) (explaining "that sending a fax and demanding a response by the next business day and threatening to file a motion to compel is a token effort rather than a sincere effort" and does not meet the requirements of a good faith effort

1 to meet and confer).

2 The Federal Rules of Civil Procedure "of course, were designed to make pretrial and discovery uniform across the country and to prevent 'trial by ambush.'" *Smith v. Ford Motor Co.*, 626 F. 2d 784, 797 (10th Cir. 1980); *United States v. First Nat. Bank of Circle*, 652 F. 2d 882, 886 (9th Cir. 1981) (stating disregard of the principles stated in Rule 1 of the Federal Rules of Civil Procedure "would bring back the days of trial by ambush and discourage timely preparation by the parties for trial").

## V.   ARGUMENT

### 1. Attorneys for Defendants willfully and deliberately violated the notice of unavailability for Plaintiff's attorney and this Court must take action to ensure this does not happen again

The timing of this motion is a direct attack upon Plaintiff and her pro bono, court appointed attorney.  Three months ago, Plaintiff's attorney put this Court and Defendants on notice that he would be unavailable from December 21, 2018 –January 01, 2018.  Ms. Freeman and Mr. Chen have willfully and deliberately violated the unavailability for Plaintiff's attorney. This Court should not award Ms. Freeman and Mr. Chen filing a motion that required a response during his stated period of unavailability.

As a matter of law, this Court should not reward adroit gamesmanship, Inc., No. 2:13-cv-01184RSM (W.D. Wash. May 15, 2014).

Playing games with a pro bono counsel's unavailability is flagrant form of gamesmanship that should not be tolerated by this Court.  Willfully and deliberately violating a pro bono counsel's unavailability harms Plaintiff's pro bono counsel and this Court. Plaintiff's pro bono counsel is harmed because the pro bono counsel has to rearrange his schedule and cancel his other plans to work on the case during his unavailability.  This Court is harmed because pro bono counsel is there at the request of the court, and any attacks pro bono counsel are attacks upon this Court.

This Court should not let its pro bono attorneys be procedurally harassed by Defendants filing motions requiring responses to motions during his stated periods of unavailability.

Defendants will likely argue that it was necessary to note their [third] motion for a protective order on December 28, 2018, so that the Court could decide the [third] motion for a protective order at the same time as Plaintiff's motion to compel which is noted for December 28, 2018.

However, this argument is not well-grounded in law. Defendant's [third] motion for a protective order is a cross-motion because it deals with the same subject matter as Plaintiff's already filed motion to compel discovery. The Western District of Washington's Local Court Rules govern the procedure of how to file and note cross-motions. Local Court Rule LCR 7(k) states "[e]ven if the motion and cross motion are noted for different days, the court will typically consider them together." LCR 7(k). The plain language of LCR 7(k) identifies this Court is aware that cross-motions are not always noted for the same date, and that "the court will typically consider them together." Plaintiff's pro bono counsel took time out of his unavailability to ask Defendants' attorneys to re-note their motion that it would not conflict with Mr. Thomas' unavailability. Mr. Chen responded that his hands were tied, even when Mr. Thomas directed his attention to LCR 7(k).

Defendants' attorneys acted without any law or authority to note a motion during the unavailability of Plaintiff's pro bono counsel. Ms. Freeman is being paid $295 an hour and Mr. Chen is being paid $265 an hour to work on this case. Dkt. 74-2 at 1. This Court must take a stand and Order that Ms. Freeman and Mr. Chen cannot procedurally harass a pro bono counsel during his stated period of unavailability.

This Court should exercise its inherent powers to sanction each of Defendants' attorneys Ms. Freeman and Mr. Chen, personally, in the amount of $5,000 for the deliberate and intentional violation of Plaintiff's pro bono attorney unavailability.

**2. Defendants have waived this [third] motion for a protective order**

If Defendants truly think that discovery is unnecessary for Plaintiff because of the pending motion for summary judgment, then Defendants should not have withdrawn their [second] motion for a protective order in Dkt. 117.

Generally waiver occurs "if either (1) assertion of the defense is inconsistent with

5

1  defendant's prior behavior or (2) the defendant has been dilatory in asserting the defense." *King*
2  *v. Snohomish County*, 47 P. 3d 563, 565 (Wash. 2002) (citing *Lybbert v. Grant County, State of*
3  *Wash.,* 1 P. 3d 1124, 1129 (Wash. 2000)).

4     First, Defendants arguments in their [third] motion for a protective order are inconsistent
5  with their prior behavior. On November 06, 2018 Defendants withdrew their [second] motion for
6  a protective order. Dkt. 126. This [second] motion for a protective order sought "an order stating
7  Defendants are not required to respond to Plaintiff's Second Set of Discovery Requests" until
8  Defendants' motion for summary judgment had been heard. Dkt. 117 at 10; Ex. A at 10. This
9  [third] motion for a protective order seeks this Court to "enter a protective order staying discovery
10 until Defendants' MSJ has been ruled on." Dkt. 138 at 10. The only difference between [third]
11 and [second] motions for a protective order is that the [third] protective order is larger – seeking
12 protection from Plaintiff's first and second set of discovery requests, instead of just the second set
13 of discovery requests. If Defendants really wanted a stay from discovery until Defendants motion
14 for summary judgment had been ruled on it, it would not have withdrawn its second motion for a
15 protective order. By withdrawing their [second] motion for a protective order, Defendants actions
16 identified that they no longer needed protection from discovery. By withdrawing their [second]
17 motion for a protective order, Defendants actions waived this argument.

18     Second, Defendants have waived this argument through their dilatory tactics. Defendants
19 have known all along that they would file a summary judgment motion. In fact, in August 2017,
20 Defendants previously filed a summary judgment motion in this very case, to try to get the
21 lawsuit dismissed. Dkt. 27. Defendants have repeatedly notified this Court of their intention to
22 file a motion for summary judgment to get this lawsuit dismissed, but curiously did not take any
23 steps to seek protection from discovery until after their [second] motion for summary judgment
24 was filed. Dkt. 119. On April 09, 2018, Plaintiff's attorney wrote Defendants' attorneys stating
25 that Plaintiff "will look forward to a Motion for Summary Judgment. Please be advised that I will
26 be gone from April 14-30[th], so please do not file any motions during that timeframe." Dkt. 85-1
27 at 2. On April 16, 2018, before discovery had been served, Defendants told this Court they would
28 be seeking "dismissal on Motions to Dismiss or a Motion for Summary Judgment in the near

6

1  future." Dkt. 84.  On October 15, 2018, Defendants told this Court in response to the motion
2  compel initial disclosures they intended to file a "Motion for Summary Judgment" after "Mr.
3  Thomas' return[ed] from his period of unavailability." Dkt. 111 at 2.  It is clear from the Court
4  record that Defendants have planned to file this current motion for summary judgment since April
5  2018.  On December 21, 2018, more than a month after the briefing for this current motion for
6  summary judgment had finished, Defendants for the first time argued to this Court that it should
7  receive protection from Plaintiff's discovery.

8  Defendants have waived their right to a protection order from discovery through their
9  actions and their dilatory argument.

**3. Defendants' [third] motion for a protective order fails because Defendants did not make a good faith effort to meet and confer before filing this Rule 26(c) motion**

As a matter of law, Defendants did not make a good faith effort to meet and confer to resolve the issues in their motion for a protective order, pursuant to Rule 26(c), before filing this [third] motion for a protective order.  At no time, have Defendants had a discovery conference to discuss a protective order for either Plaintiff's first or second set of discovery requests.  Because Defendants did not fulfill the condition precedent of making a good faith effort to meet and confer before filing the [third] motion for a protective order, this [third] motion for a protective order must be summarily denied and Defendants must pay Plaintiff's attorney's fees.

Federal Rules of Civil Procedure 26(c) requires that before a motion for a protective order is filed with the court both parties must make a "good faith" effort to meet and confer to "resolve the dispute without court action." Rule 26(c); *accord* LCR 26(c).

**A. First Set of Discovery Requests**

Plaintiff admits there were many discovery conferences regarding Plaintiff's first set of discovery requests, but none of those conferences ever dealt with the subject of a protective order.

Defendants have the affirmative burden of proof under Rule 26(c)(1) and LCR 26(c)(1) to provide evidence to this court identifying that Defendants tried to "resolve the dispute without court action."

7

There are different and distinct legal issues that arise in a discovery conference for a motion to compel as opposed to a motion for a protective order. The issue of whether the discovery will cause "annoyance, embarrassment, oppression, or undue burden or expense" only arises in the realm of Rule 26(c) and LCR 26(c) protective orders. Discovery conferences to compel discovery can and do occur often in litigation (probably many times in this court) without a motion for a protective order being mentioned. If a discovery conference is held without discussing protective orders, then it does not meet the requirements of the plain language of Rule 26(c) and LCR 26(c).

Here, it is undisputed there were many discovery conferences, but the dispute lies in that none of those discovery conferences discussed a protective order and how to resolve issues related to a protective order. In the [third] motion for a protective order, Defendants certified that discovery conferences occurred. Dkt. 138 at 3. However, there is nothing in the certification that Defendants tried to "resolve the dispute without court action." Rule 26(c). The dispute in Defendants' motion to compel is that Defendants want a temporary stay of discovery. The record is absent of the certification stating that Defendants talked about a protective order and how to resolve issues related to the protective order.

**B. Defendants did not make a good faith effort to meet and confer because at no point prior to filing this [third] motion for a protective order did Defendants speak to Plaintiff about the second set of discovery requests**

In the certification in Defendants' [third] motion for a protective order, Defendants state they had discovery conferences on: August 23, 2018, September 17, 2018, and October 31, 2018. Dkt. 138 at 3. There is no substantiation to this argument. Plaintiff agrees there were several discovery conferences, but none of those discovery conferences dealt with the subject of a protective order.

On November 06, 2018, Plaintiff's attorney, Joseph Thomas, wrote in a declaration to this Court that prior to November 01, 2018, Defendants did not have a meet and confer about a protective order regarding Plaintiff's second set of discovery. Dkt. 125. This was never controverted, instead Defendants withdrew their [second] motion for a protective order. Dkt. 126.

1    As a matter of law, "token efforts" to meet and confer are insufficient to meet the "good faith" requirement to meet and confer under Rule 26(c). *Naviant Marketing Solutions v. Larry Tucker*, 339 F. 3d 180, 186-87 (3rd Cir. 2003).

Here at no point prior to filing the [third] motion for a protective order from Plaintiff's second set of discovery requests did neither Mr. Chen nor Ms. Freeman contact Mr. Thomas to speak about the discovery to work out the problems without the court's intervention. *See* Dkt. 125 (stating Defendants had not met for a discovery concerning Plaintiff's second set of discovery requests before November 06, 2018). In fact, neither Mr. Chen nor Ms. Freeman even provided Defendants' responses to the second set of discovery until after the motion for a protective order was filed with this Court. *See* Declaration of Joseph Thomas.

It is not good faith for Defendants' attorneys to file multiple motions for protective orders that seek protection from Plaintiff's second set of discovery requests without even talking to Plaintiff about it. Defendants failed in their duty under Rule 26(c) to work with Plaintiff about discovery issues without the court's involvement before filing a motion. Defendants cannot claim they acted in good faith, while abdicating their duties at the same time. Defendants have not demonstrated good faith to this Court.

**4. Defendants motion for a protective order fails because Defendants have not asserted good cause for each document it seeks to protect and did not carry their burden**

Defendants argument for good cause for a blanket protective order fails because it does not meet its burden of showing specific prejudice or harm that will result if not protective order is granted. Defendants are seeking a blanket protective order from Plaintiff's first and second set of discovery requests. Defendants do not analyze the good cause. Defendants do not identify any particular documents withheld. Defendants do not meet their burden of arguing good cause exists to grant the protective order.

"A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F. 3d 1122, 1130 (9th Cir. 2003); *Phillips ex rel.*

9

1  *Estates of Byrd v. GM Corp.*, 307 F. 3d 1206, 1210-11 (9th Cir. 2002). "[B]lanket protective
2  order often covers materials that would not qualify for protection if subjected to an individualized
3  analysis." *Perry v. Brown*, 667 F. 3d 1078, 1086 (9th Cir. 2012). "[A] party seeking the
4  protection of the court via a blanket protective order typically does not make the 'good cause'
5  showing required by Rule 26(c) with respect to any particular document." *Foltz v. State Farm*
6  *Mut. Auto. Ins. Co.*, 331 F. 3d 1122, 1133 (9th Cir. 2003). "Broad allegations of harm,
7  unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."
8  *Id.*

9  Discovery is meant to "make a trial less a game of blindman's buff and more a fair contest
10 with the basic issues and facts disclosed to the fullest practicable extent. Only strong public
11 policies weigh against disclosure."[1] *United States v. Procter & Gamble Co.*, 356 US 677, 682
12 (1958) (internal citations omitted).

13 Here Defendants are asking this Court for a protective order from all of Plaintiff's second
14 set of discovery requests. *See* Dkt. 138. The caption of the motion states the protective order is
15 for the first and second set of discovery requests. Dkt. 138 at 1. The footer also states the
16 protective order is sought for the first and second set of discovery requests. Dkt. 138.

17 Specifically, Defendants' [second] motion for a protective order identifies requests for
18 production 16-23. But Defendants have agreed after the discovery conference to produce
19 requests for production 16-23 from Plaintiff's second set of discovery requests.

20 Defendants are 'crying wolf' when stating, without a discovery conference, that Plaintiff's
21 entire second set of discovery requests are harmful. Defendants own actions are an admission
22 that Plaintiff's discovery is not harmful, otherwise Defendants would not have agreed to produce
23 any of the second set of discovery. These tactics of 'crying wolf' by filing a blanket protective
24 order against all of Plaintiff's second set of discovery requests, without holding a discovery
25 conference beforehand, is antithetical to the Federal Rules of Civil Procedure.

26 The purpose of the Rule 26(c) requirement of meeting and conferring before filing a
27 motion is meant for judicial efficiency, so that the parties can try to work out the issues without

28 ---
[1] Blind man's buff or blind man's bluff is a variant of tag in which the player who is "It" is blindfolded.

10

1    the court's involvement. *Robinson v. Potter*, 453 F. 3d 990, 995 (8th Cir. 2006).

2    After agreeing to produce some of the documents requested in Plaintiff's second set of
3    discovery requests, it is no longer possible for Defendants to maintain their request for a blanket
4    protective order.

5    **5.  It is not good cause pursuant to Rule 26(c) to seek a protective order a stay of
6    discovery**

7    There is nothing in the plain language of Rule 26(c) permitting a party to seek a protective
8    order to stay discovery.

9    The plain language of Federal Rule of Civil Procedure 26(c) identifies protective orders
10   are meant to avoid "annoyance, embarrassment, oppression, or undue burden or expense." Rule
11   26(c).  Defendants acknowledge this in their [third] motion for a protective order.  Dkt. 138 at 3.

12   Defendants have not submitted any evidence of what would be protected by this protective
13   order.  More specifically, Defendants have not even attempted to demonstrate that producing the
14   requested discovery will cause "annoyance, embarrassment, oppression, or undue burden or
15   expense." Rule 26(c).

16   There is no annoyance, embarrassment, oppression, or undue burden or expense that
17   would arise from Defendants responding to this discovery either now or later.  Instead Defendants
18   are asking this Court to utilize Rule 26(c) in a way contrary to the plain language – for a
19   temporary stay of discovery.  This is impermissible, and this Court must deny Defendants' [third]
20   motion for a protective order.

21   **6.  Defendants ambushes must stop – Defendants have waived any opportunity to
22   argue 42 U.S.C. § 1983 Claims Cannot Be Based on Alleged HIPAA or ADA
23   violations.**

24   Because Defendants were dilatory in raising the defense that 42 U.S.C. § 1983 claims
25   cannot be based on alleged HIPAA or ADA violations, as a matter of law Defendants have
26   waived this argument.  *See* Dkt. 134.

27   "It is well established that new arguments and evidence presented for the first time in
28   Reply are waived." *Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006)

11

1  (citing United States v. Patterson, 230 F.3d 1168, 1172 (9th Cir.2000)).

2  Plaintiff timely objected to this argument being made previously because Defendants were
3  dilatory in raising this defense. Defendants raised this argument for the first time in their reply to
4  the motion for summary judgment. *See* Dkt. 134; Dkt. 130 at 4; *see generally* Dkt. 119.

5  Here, Defendants do not argue that the argument was timely raised and properly before
6  the court. Instead, Defendants bypass the issue of the timeliness of the argument and whether it is
7  waived to continue on with its impermissible ambush.

8  This Court must rule that Defendants waived this argument or Plaintiff will be prejudiced,
9  as stated in Dkt. 134 because she will be deprived of the "opportunity to point to the record to
10 show that the new theory lacks legal or factual support" because of Defendants impermissible
11 ambush. *Sophanthavong v. Palmateer*, 365 F.3d 726, 737 (9th Cir.2004).

## V.  CONCLUSION

This Court must deny this [third] motion for a protective order that is brought in bad faith. Specifically, this Court must deny the motion with prejudice because Defendants will bring a fourth, fifth, or sixth frivolous motions for a protective order to procedurally harass Plaintiff and her pro bono attorney. Plaintiff requests this court award reasonable attorney's fees for the amount of time spent litigating each of the three motions for a protective order. Additionally, Plaintiff requests this Court use its inherent powers to impose $5,000 in sanctions against each of Defendants' attorneys of record (for $10,000 total) for this flagrant procedural harassment in filing a motion that required a response during Mr. Thomas' unavailability.

Respectfully submitted this 26 day of December 2018.

Law Office of Joseph Thomas

\_\_\_/s/ Joseph Thomas\_\_\_\_\_
Joseph Thomas, WSBA 49532

**Certificate of Service**

I hereby certify that on 26 of December 2018, I filed the foregoing with the Clerk of the Court through the CM/ECF system which will automatically send electronic mail notification of such filing to the CM/ECF registered participants as identified on the Electronic Email Notice List.

    /s/ Joseph Thomas
Joseph Thomas, WSBA 49532
14625 SE 176th St., Apt. N101
Renton, WA 98058
(206) 390-8848