The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIE DALESSIO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON, a Washington Public Corporation; Eliza Saunders, Director of the Office of Public Records, in her personal and official capacity; Alison Swenson, Compliance Analyst, in her personal capacity; Perry Tapper, Public Records Compliance Officer, in his personal capacity; Andrew Palmer, Compliance Analyst, in his personal capacity; John or Jane Does 1-12, in his or her personal capacity<br><br>Defendant. | No. 2:17-cv-00642-MJP<br><br>DECLARATION OF JOSEPH THOMAS CONTESTING ALLEGATIONS MADE IN JAYNE FREEMAN'S DECLARATION AND IN DEFENDANTS' REQUEST FOR A PROTECTIVE ORDER<br><br>**Note on Motion Calendar December 28, 2018**<br><br>**ORAL ARGUMENT REQUESTED** |

I, Joseph Thomas, declare as follows:

1. I am the court-appointed pro bono counsel for Plaintiff Julie Dalessio in this above entitled lawsuit. I make this declaration based upon my own personal knowledge, upon facts which are admissible in evidence. I am competent to testify to the matters set forth in this declaration.

Declaration
Case 2:17-cv-00642

1

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

2. I want this motion heard in open court because of all of the misrepresentations made by Defendants and also because Ms. Freeman and Mr. Chen intentionally violated my stated period of unavailability.

**Notice of Unavailability**

3. I filed a notice of unavailability with this Court on September 17, 2018. *See* Dkt. 105.

4. In pertinent part, the notice of unavailability states that I would be unavailable from December 21, 2018 –January 01, 2018. Dkt. 105 at 1.

5. I was forced by Ms. Freeman and Mr. Chen to file the notice of unavailability in Dkt. 105. I had a planned absence for the end of September-early October 2018 for foreign travel. I gave the Court and Defendants notice of this foreign travel in Dkt. 69 at page 12 in the joint status report when I first started working on this case. In a telephonic discovery conference on September 17, 2018, I reminded Ms. Freeman and Mr. Chen that of my unavailability for my foreign travel at the end of September-early October 2018. Both Ms. Freeman and Mr. Chen responded that my stated unavailability posed no obligation upon them. Ms. Freeman suggested that I file a notice of unavailable to formally note my absence.

6. Later that day, I filed a formal notice of unavailability with this Court and served it upon Ms. Freeman and Mr. Chen. Dkt. 105.

7. As I have testified previously, and Ms. Freeman and Mr. Chen planned to file their motion for summary judgment during my planned absence in late September-early October 2018. Dkt. 115 at 2, ¶ 4. Ms. Freeman and Mr. Chen said told me during a telephonic conference they planned to file their motion for summary judgment in late September or early October 2018 – during the same time as my unavailability for foreign travel that was documented in Dkt. 69 at 12.

8. Now Ms. Freeman and Mr. Chen filed their [third] motion for a protective order during my unavailability that has been noted for three month. Dkt. 105. At no point, have either Ms. Freeman or Mr. Chen objected to my unavailability from December 21, 2018 to January 01, 2019.

9. I have had to work during my period of unavailability to respond to this motion for a protective order. Dkt. 138. The motion for a protective order was filed and served at approximately 4:30 PM on December 20, 2018. This was filed a half an hour before my workday generally ends.

10. During my unavailability on December 21, 2018, I contacted both Ms. Freeman and Mr. Chen to remind them of my unavailability and to ask them to re-note their motion for a protective order.

11. Attached as **Exhibit A** is a true and correct copy of emails between Plaintiff's attorney Joseph Thomas, and Defendants' attorneys Jayne Freeman and Derek Chen on December 20, 2018 to December 21, 2018.

12. On December 21, 2018, during my stated period of unavailability, Mr. Chen responded stating Defendants would only re-note the date of their [third] motion for a protective order in Dkt. 138, if Plaintiff re-noted her motion to compel in Dkt. 136. Mr. Chen stated the motion to compel necessitated that Defendants' [third] motion for a protective order be heard the same day as Plaintiff's motion to compel.

13. At no time prior to December to December 21, 2018 had either Ms. Freeman or Mr. Chen stated a problem with my unavailability from December 21, 2018 to January 01, 2019.

14. I asked Mr. Chen for any law or authority substantiating his position that the motions must be noted for the same day. Mr. Chen extrapolated a theory from local court rule 7 that in his theory Defendants' motion would be moot if not heard on the same day.

15. I explained to Mr. Chen the [third] motion for a protective order is a cross-motion to Plaintiff's motion to compel because it deals with the same subject matter. I then quoted from LCR 7(k) that "[e]ven if the motion and cross motion are noted for different days, the court will typically consider them together." I told Mr. Chen that his theory of LCR 7 is not grounded within the plain language of the local court rule.

16. I asked Mr. Chen again to re-note Defendants' [third] motion for a protective order and explained to him that even if the motions were noted on different dates, the court

3

1 would typically consider both motions together, which was Mr. Chen's stated goal.

2 17. Mr. Chen still refused to re-note the [third] motion for a protective order.

3 18. I have tried in the past to set up a discovery schedule with Ms. Freeman and Mr. Chen
4 because I was aware of the discovery disputes and the unavailability from all the
5 attorneys. Just from the joint status report in Dkt. 69, there is a long list of
6 unavailability for both Defendants' and Plaintiff's attorneys.

7 19. Attached as **<u>Exhibit B</u>** is a true and correct copy of an email from Plaintiff's attorney
8 Joseph Thomas, and Defendants' attorneys Jayne Freeman and Derek Chen on
9 September 12, 2018.

10 20. On September 12, 2018, I asked Ms. Freeman and Mr. Chen to enter into an LCR
11 37(a)(2) expedited discovery motion procedure.  At the telephonic discovery
12 conference shortly thereafter, Ms. Freeman and Mr. Chen stated they would not agree
13 to an expedited discovery motion procedure.

**Worried about future unavailability**

15 21.  I am concerned and worried about any future unavailability in this case.  I am a solo-
16 practicioner without any support staff.  That means I handle all of my own scheduling,
17 forms, drafting legal filings, etc.  During my unavailability there is no one in my office
18 to cover for me.  When Defendants intentionally violate my unavailability, so if I am
19 able to even find out about the matter, sometimes I am without internet or
20 communication, my obligations to this case interfere with my scheduled plans.

21 22. I have had to cancel previously scheduled plans to work on Defendants' [third] motion
22 for a protective order.  This has caused harm to me because in responding to this
23 [third] motion for a protective order I have had to let people down at the last minute.

24 23. If I did not cancel my plans during my unavailability to respond to Defendants' [third]
25 motion for a protective order, then my client would have been harmed because there
26 wouldn't response to the motion.

27 24. I am a volunteer on this case.  In my opinion, Ms. Freeman and Mr. Chen should not
28 be paid to file motions during my stated period of unavailability.   I have to respond to

4

Defendants legal filings as a volunteer.

25. Ms. Freeman is being paid $295 an hour to work on this case.  Dkt. 74-2 at 1.  Mr. Chen is being paid $265 an hour to work on this case. Dkt. 74-2 at 1.

26.  I think it is unconscionable that Ms. Freeman and Mr. Chen for intentionally making me respond to legal filings during my stated period of unavailability that was not objected to. Ms. Freeman and Mr. Chen are being paid to make me work during my unavailability.

DATED this 24 day of December 2018, at Renton, Washington.

    ___/s/ Joseph Thomas_____  
    Joseph Thomas  
    Attorney for Plaintiff  WSBA # 49532

### Certificate of Service

I hereby certify that on 24 of December 2018, I filed the foregoing with the Clerk of the Court through the CM/ECF system which will automatically send electronic mail notification of such filing to the CM/ECF registered participants as identified on the Electronic Email Notice List.

    ___/s/ Joseph Thomas_____  
    Joseph Thomas, WSBA 49532  
    14625 SE 176th St., Apt. N101  
    Renton, WA 98058  
    (206) 390-8848