**joe@joethomas.org**

| | |
|---|---|
| **From:** | joe@joethomas.org |
| **Sent:** | Friday, December 21, 2018 11:50 AM |
| **To:** | 'Derek C. Chen'; 'Jayne L. Freeman'; 'LaHoma Walker' |
| **Cc:** | 'JULIE' |
| **Subject:** | RE: Dalessio v. University of WA, Case No. 2:17-cv-00642-MJP--Motion for Protective Order |

Hi Derek:

I did not receive a response from you.  Are you going to work cooperatively with me and re-note your motion for a time when I do not have to respond to it on my period of unavailability?

Very truly yours,

Joe

Joseph Thomas
Law Office of Joseph Thomas PLLC
14625 SE. 176th ST., Apt. # N101
Renton, Washington 98058
Phone: (206) 390-8848
Website: http://JoeThomas.org

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying it or disclosing its contents to others. Thank you.

**From:** joe@joethomas.org <joe@joethomas.org>
**Sent:** Friday, December 21, 2018 10:36 AM
**To:** 'Derek C. Chen' <DChen@kbmlawyers.com>; 'Jayne L. Freeman' <JFreeman@kbmlawyers.com>; 'LaHoma Walker' <LWalker@kbmlawyers.com>
**Cc:** 'JULIE' <juliedalessio@msn.com>
**Subject:** RE: Dalessio v. University of WA, Case No. 2:17-cv-00642-MJP--Motion for Protective Order

Derek,

You are being disingenuous with the citation to the legal authority.   LCR 7(k) governs cross-motions, which is what your motion for a protective order is.  LCR 7(k) explains for cross-motions that "[e]ven if the motion and cross motion are noted for different days, the court will typically consider them together."  Your explanation about the construction of LCR 7 is not grounded in the plain text of the rule and is contravened by LCR 7(k).

Again, I do not believe you have any law or authority to substantiate your position that both motions must be noted on the same day.  This is only done to procedurally harass my client and myself when I have given you three months of notice for my unavailability.

You are put on notice of LCR 7(k) and that there is no law or authority supporting your position.

Very truly yours,

Joe

Joseph Thomas
Law Office of Joseph Thomas PLLC
14625 SE. 176th ST., Apt. # N101
Renton, Washington 98058
Phone: (206) 390-8848
Website: http://JoeThomas.org

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying it or disclosing its contents to others. Thank you.

---

**From:** Derek C. Chen <DChen@kbmlawyers.com>
**Sent:** Friday, December 21, 2018 10:25 AM
**To:** joe@joethomas.org; Jayne L. Freeman <JFreeman@kbmlawyers.com>; LaHoma Walker <LWalker@kbmlawyers.com>
**Subject:** RE: Dalessio v. University of WA, Case No. 2:17-cv-00642-MJP--Motion for Protective Order

Joe,

Our motion would be moot if not heard on the same day as your motion.  Also, for the sake of judicial efficiency, they should absolutely be heard together.  Presumably the courts anticipated this scenario, which is why under LCR 7, motions to compel are three-Friday motions while motions for protective orders are only two-Friday motions.  Again, we really try to respect notices of unavailability (which is why we held off another month in filing our Motion for Summary Judgment despite you serving additional discovery and filing a motion to compel initial disclosures.)  However, you cannot use a notice of unavailability to get your motions heard while preventing defendants from filing anything.

Also, we disagree that we did not talk about this very issue.  Not only are there emails that show we asked you to stay discovery if we resolved any discovery you needed to respond to our Motion for Summary Judgment (which we did by giving you documents we wholly objected to), but we also had telephonic conferences discussing staying discovery as well.  You made it clear you were not willing to stay discovery.

Again, we are offering to re-note our motion for a protective order if you re-note your motion to compel.  You have a reply brief for your motion to compel due during your period of unavailability, which seems to void your argument that you are not available.  You cannot only be unavailable for certain motions but not others.

I'm available for a call if you want to talk about this.  I'm not sure why you are using the "willful and intentional" language, but again, our hands are essentially tied on this one.  Thanks.

Derek

*Derek C. Chen*
**KBM** KEATING, BUCKLIN & McCORMACK
*801 2nd Avenue, Suite 1210*
*Seattle, WA 98104*
*Office: (206)623-8861*
*FAX: (206)223-9423*

*dchen@kbmlawyers.com*
**Personal Bio**

*www.kbmlawyers.com*

This message is confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the named recipient(s), please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege. Thank you.

**From:** joe@joethomas.org <joe@joethomas.org>
**Sent:** Friday, December 21, 2018 9:53 AM
**To:** Derek C. Chen <DChen@kbmlawyers.com>; Jayne L. Freeman <JFreeman@kbmlawyers.com>; LaHoma Walker <LWalker@kbmlawyers.com>
**Cc:** 'JULIE' <juliedalessio@msn.com>
**Subject:** RE: Dalessio v. University of WA, Case No. 2:17-cv-00642-MJP--Motion for Protective Order

Good morning Derek:

Derek your motion is a cross-motion. There is nothing in the court rules which require cross-motions to be noted on the same date as a motion. My notice of unavailability has no bearing on you having your motion hearing in accordance with my availability. Furthermore, you have not stated any law or authority states cross-motions must be noted on the same date as a motion. Please tell me what law or authority you have that makes you think you have to note your cross-motion or motion the same date as our motion? I ask because I do not think there is any law or authority that supports your position.

Let the record be perfectly clear that at no time did you or Jayne ever talk to me about your cross-motion in Dkt. 138.

I am asking again out of fairness and cooperation for Defendants to re-note its cross-motion in Dkt. 138 from my period of unavailability. There is nothing in law or authority that supports your position. If you do not re-note Defendants motion from my stated period of unavailability, you will be acting willfully and intentionally. As I stated in my email last night, I am giving you until Noon today (about two hours) to re-note your motion from my period of unavailability.

Very truly yours,

Joe

Joseph Thomas
Law Office of Joseph Thomas PLLC
14625 SE. 176th ST., Apt. # N101
Renton, Washington 98058
Phone: (206) 390-8848
Website: http://JoeThomas.org

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying it or disclosing its contents to others. Thank you.

---

**From:** Derek C. Chen <DChen@kbmlawyers.com>
**Sent:** Friday, December 21, 2018 8:56 AM
**To:** joe@joethomas.org; Jayne L. Freeman <JFreeman@kbmlawyers.com>; LaHoma Walker <LWalker@kbmlawyers.com>
**Subject:** RE: Dalessio v. University of WA, Case No. 2:17-cv-00642-MJP--Motion for Protective Order

Good morning Joe,

You filed a motion to compel noted for December 28, 2018, meaning your reply brief is due on that day as well (during your alleged unavailability.)  The proper way to rebut a motion to compel is to seek a protective order, so we had to note ours for December 28th in order to have it heard at the same time.  This is the second time you have asserted that you may file motions during your notice of unavailability, but Defendants cannot.  As we've explained, this makes the case very hard to litigate as you are routinely out of the country for multiple weeks at a time.  Notices of unavailability may not be used to have your motions heard and to bar your opponent from filing motions – especially where your motion necessitated ours.

I understand this means your response is due the day after Christmas, but again, that is a result of your motion.  If you would like to re-note your motion to compel or strike it until the Court rules on Defendants' Motion for Summary Judgment, we will agree to re-note or strike accordingly.  The earliest we could re-note it for would be January 11, 2019.

I'm around this morning if you would like to give me a call to talk about it.  Otherwise, we will not be striking our motion.  Have a great holiday!

Derek

*Derek C. Chen*

**KBM** KEATING, BUCKLIN & McCORMACK

*801 2nd Avenue, Suite 1210*
*Seattle, WA 98104*
*Office: (206)623-8861*
*FAX: (206)223-9423*
*dchen@kbmlawyers.com*
**Personal Bio**

**www.kbmlawyers.com**

This message is confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited.  If you receive this message in error, or are not the named recipient(s), please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer.  Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege.  Thank you.

**From:** joe@joethomas.org <joe@joethomas.org>
**Sent:** Thursday, December 20, 2018 5:31 PM
**To:** Jayne L. Freeman <JFreeman@kbmlawyers.com>; LaHoma Walker <LWalker@kbmlawyers.com>
**Cc:** Derek C. Chen <DChen@kbmlawyers.com>; 'JULIE' <juliedalessio@msn.com>
**Subject:** RE: Dalessio v. University of WA, Case No. 2:17-cv-00642-MJP--Motion for Protective Order

Dear Jayne and Derek:

I am writing to you concerning Defendants' [third] motion for a protective order.  Dkt. 138.  This motion is noted for December 28, 2018.  I want to remind you that my stated unavailability is from December 21, 2018-January 01, 2019.  Dkt. 105.   Out of fairness and cooperation, I am writing to you to ask that Defendants remove their motion from my period of unavailability.    Please let me know by Friday, December 21, 2018 at Noon, whether this motion will removed from my period of unavailability.

Very truly yours,

Joe

Joseph Thomas
Law Office of Joseph Thomas PLLC
14625 SE. 176th ST., Apt. # N101
Renton, Washington 98058
Phone: (206) 390-8848
Website: http://JoeThomas.org

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying it or disclosing its contents to others. Thank you.