The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIE DALESSIO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON, a Washington Public Corporation; Eliza Saunders, Director of the Office of Public Records, in her personal and official capacity; Alison Swenson, Compliance Analyst, in her personal capacity; Perry Tapper, Public Records Compliance Officer, in his personal capacity; Andrew Palmer, Compliance Analyst, in his personal capacity; John or Jane Does 1-12, in his or her personal capacity,<br><br>Defendants. | No. 2:17-cv-00642-MJP<br><br>DECLARATION OF JULIE DALESSIO IN SUPPORT OF DENIAL OF DEFENDANTS' MOTION FOR A PROTECTIVE ORDER<br><br>**Note on Motion Calendar December 28, 2018**<br><br>**<u>ORAL ARGUMENT REQUESTED</u>** |

I, Julie Dalessio, declare as follows:

1. I am the Plaintiff in this above entitled action. I make this declaration based upon my own personal knowledge, upon facts which are admissible in evidence. I am competent to testify to the matters set forth in this declaration.

Declaration
Case 2:17-cv-00642

1

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

2. It's offensive to me that Defendants confuse and duplicate the court records with unsupported and misleading assertions of "undisputed" issues of fact or "undisputed" irrelevant issues.

3. In the instant motion, Defendants falsely assert "Plaintiff stated in her motion to compel (Dkt. 136), the parties have had several telephonic conferences regarding both of Plaintiff's sets of discovery." Dkt. 138 at 3. The fact is that the statement in Dkt. 136 at 2 is regarding Mr. Thomas' telephonic conferences in efforts to resolve issues with Defendants' responses to Plaintiff's First set of discovery requests.

4. Defendants have not made any efforts to resolve issues with responses to Plaintiff's Second Set of Discovery Requests and have not even certified responses to interrogatories. Dkt.127-1 at 9.  Counsel for defendants have not conferred telephonically with Mr. Thomas regarding the deficiencies in Defendants responses to Plaintiff's Second set of discovery requests, some of which Mr. Thomas identified to defendants in emails. Dkt. 139-2.

5. Defendants have instead filed several unsupported motions for protective orders with this court, thus abrogating any efforts to resolve issues without court action.  Any time spent by Mr. Thomas to resolve issues with defendants' responses when the matter is already before the court would be futile.

6. Defendants assert many times that they have already provided all relevant information in initial disclosures over a year ago.  This is not true, as evidenced by this court's order on November 28, 2018 ordering Defendants to supplement initial disclosures. Dkt. 133. Defendants' assertion is also refuted by the thousands of pages of supplemental discovery produced by defendants since Mr. Thomas' appointment as counsel for Plaintiff.

7. I have never agreed to stay discovery, despite repeated attempts by defendants to bully me into agreeing when I was acting pro se in this case, and continuing.  See for example Mr. Chen's email where he "formally request a stay of your Second Set of Discovery Requests to Defendants until after our summary judgment motion is filed

2

and resolved." Dkt. 139-1 at 3 and Mr. Thomas' response "Ms. Dalessio does not agree to any stay of discovery" and "It would be more expeditious for Defendants to give Ms. Dalessio all of the discovery necessary for summary judgment rather than for Defendants to file for summary judgment and have it postponed because there are essential facts unavailable to the nonmovant." *Id.*

8. On December 20, 2018 Defendants filed the instant motion for a protective order less than one hour before Mr. Thomas' noted period of unavailability.  Mr. Chen claims that the filing of this motion for a protective order was necessitated by Plaintiff's Rule 37(a)(3)(B) motion to compel discovery Dkt. 136, filed eight days earlier.  I believe that defendants actions were deliberately meant to harass and overburden Mr. Thomas as well as myself.

9. Exhibit B filed internally to Ms. Freeman's declaration Dkt. 142 (containing a mixed-up compilation of documents with non-sequential dates, and missing parts of communications from unidentified sources) contains a copy of a letter dated April 16, 2016 that I sent to the University Office of Public Records. id. at 35-36 This copy was produced by Defendant UW in initial disclosures, confirming that defendants had received the letter and knew about my concerns since April 2016.

10. It's offensive to me that Mr. Chen has declared that Dkt 139 at 2 that Dkt. 139-1 "is a true and correct copy of an email correspondence."  But this exhibit is in reality a selected few of the emails in that chain.  It's even more offensive that this Ex. A is not as described in defendants' motion for a protective order Dkt. 138 at 2.

11. I have never requested records unrelated to my complaint, I have never agreed that I have "all the discovery [I] needed to respond to Defendants' MSJ seeking dismissal of all claims." Dkt. 138 at 2-3.  Contrary to defendants' assertions, the court records establish that Mr. Thomas has argued for additional discovery in response to defendants' motion for summary judgment. *See* Dkt. 130, arguing thirteen issues of material facts, in particular, p. 9 identifies that discovery is necessary to identify the university officials and other individuals who should be named as parties in this

3

1  lawsuit.

2  12. Defendants falsely assert that "The parties agreed Defendants would produce copies of RFPs 16-23 from Plaintiff's Second Set of Discovery Requests." Dkt. 138 at 5. Mr. Chen went on to falsely state that it was agreed that those documents were the only documents needed for Defendants' motion for summary judgment and that Defendants' produced all responsive documents to RFPs 16-23. Dkt. 138 at 5.

13. This is contradicted by the exhibits to Mr. Chen's declaration, Dkt. 139-1 at 5 and Dkt. 139-2 at 2-3 and other emails where Mr. Thomas identifies additional deficiencies.

14. It is offensive to me that Ms. Freeman and Mr. Chen are again attacking Mr. Thomas' character and abilities, falsely attributing messed up assertions, motives and blame to him.

15. I have been harmed by the stress caused by Defendants' actions and I believe that these tactics, particularly filing this motion for a protective order during Mr. Thomas noted unavailability, are meant to harass, annoy and overburden Mr. Thomas as well as myself, to inflate and spin this court record, the public record, to influence this court's and the public's opinion with unfounded personal attacks, and to avoid discovery.

16. The pro bono status of my attorney in this case is entirely relevant in that 1. Mr. Thomas is an individual practitioner and does not have associates or other office support helping with this case; 2. Mr. Thomas does not have a large corporation funding his work; and 3. Mr. Thomas does not have any hope or expectation of compensation for any frivolous, unfounded motions in contrast to counsel for defendants who are paid by the University of Washington for harassing and demeaning the opposing party and counsel, and confusing and inflating the court record with deliberately misleading and false assertions.

17. I have chosen to live as a reasonable and considerate person, and I would not have an attorney to represent me in any other way.

4

DATED this 26th day of December 2018, at Seattle, Washington.

_____
Plaintiff Julie Dalessio

**Certificate of Service**

I hereby certify that on 26th day of December 2018, I filed the foregoing with the Clerk of the Court through the CM/ECF system which will automatically send electronic mail notification of such filing to the CM/ECF registered participants as identified on the Electronic Email Notice List.

/s/ Joseph Thomas
Joseph Thomas, WSBA 49532
14625 SE 176th St., Apt. N101
Renton, WA 98058
(206) 390-8848