The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIE DALESSIO, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>UNIVERSITY OF WASHINGTON, a Washington Public Corporation; Eliza Saunders, Director of the Office of Public Records, in her personal and official capacity; Alison Swenson, Compliance Analyst, in her personal capacity; Perry Tapper, Public Records Compliance Officer, in his personal capacity; Andrew Palmer, Compliance Analyst, in his personal capacity; John or Jane Does 1-12, in his or her personal capacity,<br><br>        Defendant. | No. 2:17-cv-00642-MJP<br><br>PLAINTIFF'S REPLY TO RULE 37(A)(3)(B) MOTION TO COMPEL PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS<br><br><br>**Note on Motion Calendar December 28, 2018** |

Motion to Compel First Set of Discovery Requests

Case 2:17-cv-00642

1

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

Ms. Dalessio replies to Defendants response to the motion to compel discovery.

## I. Legal Standard

"In discovery disputes, while the party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements, the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *Federal Deposit Insurance Corporation v. Clementz,* No. 2:13-cv-00737-MJP (W.D. Wash. 2014 September 04, 2014) (Pechman, J.) (citing *Nat'l Union Fire Ins. Co. v. Coinstar, Inc.*, 2014 U.S. Dist. LEXIS 94578, *8 (W.D. Wash. July 10, 2014)).

## II. Argument

**1. Boilerplate and general objection to discovery are legally insufficient and fail**

As a matter of law, boilerplate and general objections to discovery are legally insufficient. Objections to discovery must be specific and demonstrate how the objection applies to each discovery request. Further, it must specify whether any documents are withheld based upon the objection. Defendants' boilerplate and general objections provide no specificity and as a matter of law fail.

"[I]t is well established that boilerplate objections do not suffice. Rather, a party resisting discovery must make some showing as to how each discovery request is not relevant and/or is overly broad or unduly burdensome." *Choquette v. Warner*, No. 3:15-CV-05838-BHS-JRC (W.D. Wash. June 21, 2017) (internal citation omitted); Rule 34(b)(2)(B) (requiring a party to "state with specificity the grounds for objecting to the request, including the reasons"); Rule 33(b)(4) (requiring a party "objecting to an interrogatory" to state the objection "with specificity").

Because any of the general objections stated by Defendants are not with specificity as required by case law and the plain language of the court rules the arguments fail and the objections are waived. Therefore Defendants arguments A(1)-A(3) are waived as a matter of law. Dkt. 141 at 2-6.

2

### 2. Plaintiff's discovery is relevant to this lawsuit

Defendants wrongly argue that Plaintiff's discovery is irrelevant to this lawsuit. In making this argument, Defendants assert it as a general objection that "Plaintiff repeatedly fails to connect any of the requested information or documents to her claims." Dkt. 141 at 4.

First, as a matter of law this general objection to relevancy is frivolous on its face and must be denied. "[A] party resisting discovery must make some showing as to how each discovery request is not relevant and/or is overly broad or unduly burdensome." *Choquette v. Warner*, No. 3:15-CV-05838-BHS-JRC (W.D. Wash. June 21, 2017). Here Defendants have made no such showing. This general objection is not specific is not specific to any discovery request and does not demonstrate how the discovery is irrelevant.

Second, Ms. Dalessio's motion to compel discovery outlines the relevancy for each discovery request. This was argued in the motion to compel discovery. Defendants ignore the arguments in the motion and instead waste time and multiply proceedings, by deliberately confusing Ms. Dalessio's arguments and failing to address Ms. Dalessio's arguments, especially about relevancy. **Interrogatory 1 is relevant** because "information is needed to identify any possible John or Jane Does, if Defendants action violates state and federal law, and if Defendants were acting outside the scope of their duties." Dkt. 136 at 3. **Interrogatory 2 is relevant** because it "seeks communications regarding matters alleged in Plaintiff's complaint." Dkt. 136 at 6. This would identify the culpability of each person and give clarity to the wrongdoings, if any, of each individual, while identifying John or Jane Does. *Id.* **Interrogatory 4 is relevant** because it "seeks information identifying the location of the documents produced in PR 2015-00570 and PR 2016-00760." Dkt. 136 at 7. Ms. Dalessio argues her privacy was jeopardized by Defendants' actions. It is important to know if all the proper safeguards were utilized in storing and protecting these documents. **Request for production 5 is relevant** because it "seeks documents of the University of Washington or its sub agencies identifying violations of the Health Insurance Portability and Accountability Act (HIPAA)." Dkt. 136 at 8. This goes to the central issue of this case which is privacy, and specifically the privacy of health information. This also goes to culpability and whether Defendants were knowingly producing protected health

3

information in violation of federal and state law.  Dkt. 130 at 7-8 (Defendant Saunders' job description expressly states that she is charge of compliance with HIPAA).  **Request for production 7 is relevant** because it seeks "documents identifying complaints of any exempt information wrongfully produced under the Public Records Act." Dkt. 136 at 9.  This goes to whether there was a pattern and practice of wrongfully producing documents concerning others.  This goes to whether it was a policy to over-produce documents to avoid Public Records Act lawsuits.  **Request for production number 1 is relevant** because it seeks "all documents identifying Public Records Act lawsuits brought against the University of Washington." Dkt. 136 at 10.  This goes to the theory that there are many Public Records Act lawsuits brought against the University of Washington and the University of Washington expends much time and resources litigating these lawsuits.  In order to avoid the significant costs of the lawsuits, the University of Washington wrongfully over-produces exempt documents because there is no legal cause of action for wrongful over-production of documents under the Public Records Act.  RCW 42.56.550(4). **Request for production number 12 is relevant** "documents identifying positions and job descriptions (responsibilities) for persons identified in Plaintiff's initial disclosures as employees of the University of Washington who are likely to have information pertaining to Plaintiff's claims." Dkt. 136 at 11.  This goes to identifying the John or Jane Does.

### 3. Interrogatories 1, 2, and 4 are incomplete and evasive response

Defendants answers to interrogatories 1, 2, and 4 are evasive and incomplete and as a matter of law is a failure to respond, pursuant to Rule 37(a)(4).

First, interrogatories 1, 2, and 4 request Defendants to "identify."  The instructions for the interrogatories provide instructions for how to answer interrogatories that ask for identification by "fully describe[ing]" natural persons, documents, and acts. Dkt. 113-12 at 5.  In none of the answers to the interrogatories do Defendants describe any natural persons, documents, or acts.  Defendants do not claim they fully describe all natural persons, documents, or acts for interrogatories 1, 2, and 4.  Instead, Defendants instructed Plaintiffs to look it up hundreds of pages to ascertain the answer to interrogatories 1, 2, and 4.  Dkt. 141 at thousand pages of documents produced. Dkt. 141 at 7-11.  Producing the documents to this interrogatory does not

identify the documents as requested. Because Defendants did not identify or fully describe as requested in interrogatories 1, 2 and 4 these answers are evasive and incomplete. Defendants failed to respond to interrogatories 1, 2, and 4 as a matter of law, pursuant to Rule 37(a)(4).

In interrogatory 2, Defendants fail to establish the basis for both attorney-client privilege and RCW 4.92.210(2) Claims investigation privilege. First, Defendants never established prima facie showing that attorney client-privilege applies to items 9, 18-19, and 21 in Defendants privilege log in Dkt. 136-5. In pertinent part, to make a prima facie showing that attorney client privilege applies, Defendants must have produced a privilege log containing: 1. Attorney and client; and 2. All persons or entities "known to have been furnished the document or informed of its substance." *In re Grand Jury Investigation*, 974 F. 2d 1068, 1071 (9th Cir. 1992). Here Defendants' privilege log in Dkt. 136-5, items 9, 18-19, and 21, do not list the attorneys involved in the communications, nor does it identify all persons or entities known to have been furnished the document or informed of its substance. Without this information, Defendants cannot establish the essential elements of attorney-client privilege. If there is no attorney-client privilege, these documents are not private, and the privilege is waived in any other context by voluntary disclosure. "Voluntary disclosure of privileged communications constitutes waiver of the privilege for all other communications on the same subject." *US v. Richey*, 632 F. 3d 559, 566 (9th Cir. 2011). Defendants waived the privilege of these documents through voluntary disclosure.[1] For the RCW 4.92.210(2) Claims Investigation File, Defendants failed to establish the essential elements of claim investigation privilege in RCW 4.92.210(2). Defendants failed to identify what documents are in the claim investigation file. This important to know the nature and scope of the documents to know whether the documents are entitled to the privilege – in other words the nature and scope of the claim investigation file. Defendants have not identified who has access to the claim investigation file or who was furnished documents from the claim investigation file to even know if the privilege has been waived through voluntary disclosure. It

---

[1] Plaintiff's reply to the motion to compel is only focused on arguments in Defendants' response to the motion to compel. There are improper arguments raised only in Ms. Freemn's Declaration in Dkt. 142. An argumentative declaration is improper and cannot be considered by this Court. LCR 7(b)(2) and LCR 7(b)(1) state argument cannot be made in a separate document and must be presented in the response to the motion itself and not in other paperwork.

appears there was voluntary disclosure in documents produce by Risk Management in initial disclosures and in discovery responses, as well as in Ms. Freeman's Declaration in Dkt. 142 at Ex. B 34-41.

Moreover, Defendants failed to carry their burden with their objections to interrogatories 1, 2, and 4. "In discovery disputes. . .the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *Federal Deposit Insurance Corp. v. Clementz*, No. 2:13-cv-00737-MJP (W.D. Wash. Sept. 04, 2014) (Pechman, J.). There is no evidence whatsoever offered in support of Defendants objections. Defendants cannot just make a bald assertion. Because Defendants did not produce any evidence to support its withholding, it failed to meet its burden.

Defendants are hiding the ball[2] with their answers to interrogatories 1, 2, and 4. For the reasons listed above these answers are evasive and incomplete and as a matter of law these responses are a failure to respond.

**4. Defendants' response to request for production 5 is evasive and incomplete**

This request for production is relevant as stated above.

Defendants arguments about Health Information Portability and Accountability Act ("HIPAA") and the Americans with Disabilities Act ("ADA") are untimely and as a matter of law waived. Defendants first made this argument in their reply to the motion for summary Judgment. Dkt. 134. As a matter of law, arguments cannot be made for the first time in replies to summary judgment. If arguments are made for the first time in replies to summary judgment, they are waived. *Docusign, Inc. v. Sertifi, Inc*., 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006). Plaintiff timely objected to this argument being made previously because Defendants were dilatory in raising this defense. Defendants raised this argument for the first time in their reply to

---

[2] "Hiding the ball" is a reference to a particular teaching style commonly used in law schools where professors ask repeated questions of students, only stopping long enough "to allow students to get a good look at the ball." No matter how the student answers the question, she is always wrong. The professor always has an unfair advantage in "hiding the ball" because the student does not know what the ball looks like, and thus does not know how to play the game. From the law student's perspective, the only fair way to play the game is to bring the ball out of hiding so everyone can see it. Pierre Schlag, *Hiding the Ball*, 71 N.Y.U. L. Rev. 1681, 1684 (1996).

1 the motion for summary judgment.  *See* Dkt. 134; Dkt. 130 at 4; *see generally* Dkt. 119.

2 Defendants do not contest that their argument was untimely.  *See* Dkt. 141 at 9.  As a matter of

3 law this argument is waived.

4     Plaintiff is not asserting rights of other parties but asserting a pattern and practice which is

5 relevant to the claims stated in the complaint.

6     **5.**    **Defendants' response to request for production 7 is evasive and incomplete**

7     This request for production is relevant as stated above.

8     Moreover, Defendants failed to carry their burden with their objections to state their

9 objections with specificity and produce evidence supporting their objections. *Federal Deposit*

10 *Insurance Corp. v. Clementz*, No. 2:13-cv-00737-MJP (W.D. Wash. Sept. 04, 2014) (Pechman,

11 J.).  Defendants do not produce any evidence to support their objections.  There is no explanation

12 how these boilerplate objections apply to this request for production.

13     The documents have not been supplied in a rational and organized manner.  It is not

14 possible to readily identify the documents.  In Mr. Chen's declaration he even stated it took him

15 ten (10) minutes to find one of the specific documents. Dkt. 139 at 2, ¶ 3.  It is not reasonable to

16 search for unlabeled and unorganized documents. Mr. Chen prepared the documents and

17 presumably knew where to look.  Mr. Dalessio does not know where to look. Ms. Dalessio could

18 have spent exponentially longer looking for the same document.

19     **6.  Defendants' response to request for production 1 is evasive and incomplete**

20     This request for production is relevant as stated above.

21     There is no identification that Defendants have even identified all responsive lawsuits, let

22 alone produce all of the documents.  Defendants have not proved undue burden.  Ms. Dalessio

23 does not know whether she can ascertain these documents elsewhere if all of the lawsuits are not

24 identified.

25     Discovery is used for more than just summary judgment.  Even if this discovery cannot be

26 used for summary judgment does not mean it cannot be used later in this lawsuit.

27

28

Respectfully submitted this 28 day of December 2018.

Law Office of Joseph Thomas

   /s/ Joseph Thomas
Joseph Thomas, WSBA 49532

**Certificate of Service**

I hereby certify that on 28 of December 2018, I filed the foregoing with the Clerk of the Court through the CM/ECF system which will automatically send electronic mail notification of such filing to the CM/ECF registered participants as identified on the Electronic Email Notice List.

   /s/ Joseph Thomas
Joseph Thomas, WSBA 49532
14625 SE 176th St., Apt. N101
Renton, WA 98058
(206) 390-8848