The Honorable Marsha J. Pechman

1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                   WESTERN DISTRICT OF WASHINGTON

10

11   JULIE DALESSIO, an individual,          No.  2:17-cv-00642-MJP

12                    Plaintiff,

13         v.                                 DECLARATION OF JULIE DALESSIO IN
                                              SUPPORT OF DENIAL OF DEFENDANTS'
14   UNIVERSITY OF WASHINGTON, a              MOTION FOR A PROTECTIVE ORDER
     Washington Public Corporation; Eliza
15   Saunders, Director of the Office of Public
     Records, in her personal and official
16   capacity; Alison Swenson, Compliance     **Note on Motion Calendar December 28, 2018**
     Analyst, in her personal capacity; Perry
17   Tapper, Public Records Compliance
     Officer, in his personal capacity; Andrew
18   Palmer, Compliance Analyst, in his       **ORAL ARGUMENT REQUESTED**
     personal capacity; John or Jane Does 1-12,
19   in his or her personal capacity,

20                    Defendants.

21

22        I, Julie Dalessio, declare as follows:

23        1.  I am the Plaintiff in this above entitled action.  I make this declaration based upon my

24            own personal knowledge, upon facts which are admissible in evidence.  I am

25            competent to testify to the matters set forth in this declaration.

26        2.  I am included as a carbon copy ("CC") in every email that Mr. Thomas sends

27            opposing counsels Ms. Freeman and Mr. Chen.

28   Declaration                                1                Law Office of Joseph Thomas
     Case 2:17-cv-00642                                         14625 SE 176th St., Apt. N101
                                                               Renton, Washington
                                                               Phone (206)390-8848

3.  Since the January 2018 court appointment of pro bono counsel, Mr. Joseph Thomas, he has diligently pursued discovery for this case, serving timely discovery requests, initiating several emails regarding discovery issues, participating in several telephonic conferences in efforts to resolve the issues.

4.  Defendants have subsequently produced and reproduced selected records, and largely ignored the issues, usually responding with demeaning attacks on Mr. Thomas, along with some selected, partial supplementations provided piecemeal over the past six months.

5.  Defendants produced the latest installment just days ago on December 21,2018, with some supplemental initial disclosures, pursuant to this court's order.

6.  Defendants' avoidance of discovery has resulted in several motions to this court.

7.  I have looked through the 15,000 pages of electronic documents produced by defendants, and have found that they are mixed-up, sometimes mislabeled, incomplete and often duplicative selections from unidentified sources.  Mr. Thomas has identified several deficiencies to defendants but has identified only a few to this court.  These documents were haphazardly assembled and provided piecemeal in responses spread out over the past year and a half, with the final installment served on November 9, 2018, two weeks after Defendants filed motion for summary judgment.

8.  Contrary to defendants' assertion in Dkt. 141 at 1, I have not, in any way, conceded the discovery is immaterial to my claims.  My attorney, Mr. Thomas, has attempted to communicate with counsel for defendants in multiple emails and phone conferences the need for discovery.  This motion to compel discovery does not in any way or form concede that the discovery is immaterial.

9.  Contrary to Defendants' assertion in Dkt. 141 at 1, I have not, in any way, refused to formally identify the Doe Defendants, and I do not have sufficient knowledge of their identities, thus Defendants failure to cooperate in discovery has necessitated this motion to compel discovery.

10. On December 21, 2018, following this court's November 28, 2018 order compelling

2

initial disclosures Dkt. 133, Defendants supplemented initial disclosures to provide contact information for some of the university officials likely to have information. Defendants have specifically asked for protection from discovery regarding the job descriptions and responsibilities of these persons.

11. Contrary to Defendants' assertion in Dkt. 141 at 2, I did not have Defendants first signed interrogatory responses until October 4, 2018, only three weeks prior to Defendants' motion for summary judgment.  Defendants filed this motion despite the fact that Mr. Thomas had communicated with them regarding several continuing deficiencies and irregularities in their responses to both the first and second set of discovery requests, as well as deficiencies in their initial disclosures.

12. Contrary to Defendants' assertion in Dkt. 141 at 3, Mr. Thomas has identified to Ms. Freeman and Mr. Chen and to this court discovery necessary to argue against summary judgment. Dkt. 136; Dkt. 130 at 9.  Several emails Dkt. 137-1 specifically identify the same discovery sought in this motion to compel Defendants' first discovery responses.

13.  Contrary to Defendants' assertion in Dkt. 141 at 3, I am not "simply disputing the format of disclosure."  It is my belief that Defendants have not made a good faith effort to provide complete and accurate discovery, and that is evidenced by their new (third) motion for a protective order from discovery. Nowhere in responses to discovery, have Defendants identified how any of these documents "are kept in the normal course of business."

14. Contrary to Defendants' assertion in Dkt. 141 at 5, I did not ask Defendants to strike their first motion for summary judgment on the grounds that I needed additional discovery.

15. Contrary to Defendants' assertion in Dkt. 141 at 5, I did argue the need for discovery to respond to Defendants' pending motion for summary judgment. *See* Dkt. 130 at 9. Defendants have failed to produce complete or accurate responses to discovery.

16. Contrary to Defendants' assertion in Dkt. 141 at 5, it is not "undisputed" that "all other

3

Public Records Act requests pertaining to Plaintiff were produced only to Plaintiff"

17. It's offensive to me that Defendants are claiming privilege for documents in claims files, yet they have published selected documents from these claim files in the electronic court records. Dkt. 142 at 34-41.

18. I'd like to be clear that I am not requesting "a plethora of potential litigation-related documents or communications" "that in no way relates to the claims in this case." Dkt. 141 at 11. Neither am I requesting more copies of "marginally relevant information" that "Defendants have already produced." *Id.*at 5. Nor am I requesting that "which would undoubtedly be hundreds of thousands of pages for the lawsuits listed, if not more." Dkt. 138 at 9.

19. Defendants state "It is unclear how providing hundreds of thousands of pages would clarify Plaintiff's case for her." *Id.* at 10  It is clear from Defendants' statement that if Defendants are ordered  to produce documents, that they plan to provide hundreds of thousand of pages of documents.

20. If it took Mr. Chen 10 minutes to find one document (Dkt. 139) then how long should it take Mr. Thomas and myself to search for and locate that document in the thousands of pages of other documents provided?  Even if "the burden of deriving or ascertaining the answer will be substantially the same for either party." FRCP 33(d), I believe that defendants have created unnecessary burden.

21. Knowing Defendants' practice of producing thousands and thousands of documents, while objecting to and silently withholding relevant information, I'm hoping this court can convince them to produce complete, correct and relevant responses to discovery requests.

DATED this 28th day of December 2018, at Seattle, Washington.

Plaintiff Julie Dalessio

**Certificate of Service**

I hereby certify that on 28th day of December 2018, I filed the foregoing with the Clerk of the Court through the CM/ECF system which will automatically send electronic mail notification of such filing to the CM/ECF registered participants as identified on the Electronic Email Notice List.

/s/ Joseph Thomas
Joseph Thomas, WSBA 49532
14625 SE 176th St., Apt. N101
Renton, WA 98058
(206) 390-8848

5