The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

JULIE DALESSIO, an individual,

              Plaintiff,

   v.

UNIVERSITY OF WASHINGTON, a
Washington Public Corporation; ELIZA
SAUNDERS, Director of the Office of
Public Records, in her personal and official
capacity; ALISON SWENSON, Compliance
Analyst, in her personal capacity; PERRY
TAPPER, Public Records Compliance
Officer, in his personal capacity; ANDREW
PALMER, Compliance Analyst, in his
personal capacity; JOHN or JANES DOES
1-12, in his or her personal capacity,

              Defendants.

No. 2:17-cv-00642-MJP

DEFENDANTS' REPLY IN SUPPORT
OF DEFENDANTS' MOTION FOR A
PROTECTIVE ORDER REGARDING
PLAINTIFF'S FIRST AND SECOND
SETS OF DISCOVERY REQUESTS

**NOTED FOR HEARING: FRIDAY,
DECEMBER 28, 2018**

      Defendants had no intention of filing any motions during Mr. Thomas' stated period

of unavailability—or at all—until Plaintiff filed a Motion to Compel discovery and chose to

note it during her attorney's own period of unavailability.  As demonstrated previously,

when Defendants specifically delayed re-filing their summary judgment motion during

Plaintiff's counsel's prior notice of unavailability,[1] Defendants have respected notices of

---

[1] See *Dkt. 117*, at pp. 1-4, for a full discussion of Plaintiff's *first* attempt to use a Notice of Unavailability to disadvantage Defendants, and *Dkt. 115*, where Mr. Thomas explained his Notice of Unavailability was only as to *certain* motions, but that it did not bar *him* from filing motions.

DEFENDANTS' REPLY IN SUPPORT OF
DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
REGARDING PLAINTIFF'S FIRST AND SECOND SETS
OF DISCOVERY REQUESTS - 1
2:17-cv-00642-MJP

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

unavailability as a courtesy, despite no court rule mandating it.[2]  Plaintiff fails to make any substantive arguments as to why a stay pending a summary judgment ruling should not be granted.

**A.   The Stay Should Be Granted to Avoid Unnecessary Disputes Which Ultimately Only Serve to Waste Money and Distract from the Legal Issues.**

Plaintiff's arguments show she clearly missed the point of the motion.  Plaintiff argues Defendants did not engage in a particularized inquiry regarding specific items to be "protected."  *Dkt. 143*, at p. 9:20-28.  However, Defendants are requesting a *stay* of *all further* discovery and discovery motions until after Defendants' Motion for Summary Judgment is ruled on to avoid extreme waste of resources and time to all parties and the Court.  *Dkt. 105.*  Defendants already delayed requesting summary judgment—despite individual Defendants' right to obtain "early" ruling on immunity defenses—until after October 16, 2018 because Plaintiff's counsel was unavailable due to "foreign travel." (*Dkt. 105*)  Defendants had already significantly delayed the filing to respond to voluminous immaterial discovery requests Plaintiff claimed necessary to oppose the motion once it was filed—of which Plaintiff used *none* in opposition to the motion.

Plaintiff's offensive (rather than informational) use of a "notice of unavailability" already prejudiced Defendants by having to wait another month for a ruling on summary judgment, and to respond to voluminous and irrelevant discovery and related motions. *See, Dkts. 105, 108, Dkt. 118-1, at p. 13; Dkt. 111.*  Defendants nonetheless responded to Plaintiff's discovery motions.   But for Mr. Thomas' selective availability in September/October, the Summary Judgment motion would have been filed at least a month earlier—and may have been decided by now.

Plaintiff's statement, "[t]here is nothing in the plain language of Rule 26(c)

---

[2] *See,* https://www.govinfo.gov/content/pkg/USCOURTS-flsd-1_06-cv-21839/pdf/USCOURTS-flsd-1_06-cv-21839-0.pdf for an example of a Federal District Court Judge's Order Striking a party's Notice of Unavailability.

DEFENDANTS' REPLY IN SUPPORT OF
DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
REGARDING PLAINTIFF'S FIRST AND SECOND SETS
OF DISCOVERY REQUESTS - 2
2:17-cv-00642-MJP
1010-00051/403938.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

permitting a party to seek a protective order to stay discovery" (*Dkt. 143*, at p. 11:7-8) ignores undisputed authority affirming such relief. *See, Motion.* FRCP 26 plainly permits the Court to limit discovery to protect against "annoyance, embarrassment, oppression, or undue burden or expense[.]" FRCP(c)(1). Plaintiff failed to address any substantive argument against the requested protective order.

**B.** **Defendants Have Not Waived the Right to Seek a Protective Order by Voluntarily Dismissing a Previous Motion After Conferring and Agreeing on Scope of Discovery as Encouraged By Court Rules.**

Plaintiff argues Defendants have somehow waived the right to seek a protective order because they voluntarily struck a prior motion requesting the same relief, citing inapplicable State authority on waivers in the affirmative defense context.[3] *Dkt. 143*, at pp. 5:24-7:9. Plaintiff fails to note that Defendants' prior Motion (*Dkt. 117*), was stricken only *because* the parties reached agreement in a telephonic discovery conference on Plaintiff's Second Discovery Requests and stipulated to extend deadlines—so there was no longer a need to bother the court with a motion for protective order. *Dkt. 139*, at ¶¶ 2, 4*; Dkts. 123, 129.* Plaintiff now argues waiver when the parties accomplished exactly what the rules encourage—resolving disputed discovery so a motion was no longer necessary at the time. Defendants provided responses to RFPs 16-23, which Plaintiff identified as the discovery necessary to oppose summary judgment. *Id.*, at ¶ 2. Plaintiff never moved to compel additional discovery or sought an FRCP 56(d) continuance; she still fails to establish why any additional discovery is relevant when it wasn't a month ago. *See, Dkt. 139-1, at p. 2.*

///

///

---

[3] Plaintiff repeatedly calls this a "Third" Motion for a Protective Order. The first "motion" was simply a request for relief in opposition to Plaintiff's prior Motion to Compel. *Dkt. 111.* As Plaintiff objected and insisted Defendants file a separate "Motion for Protective Order" rather than seek a stay of discovery in opposition to Plaintiff's Motion to Compel in that instance, Defendants here did file a separate Motion rather than seek a stay in response to Plaintiff's current Motion to Compel.

DEFENDANTS' REPLY IN SUPPORT OF
DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
REGARDING PLAINTIFF'S FIRST AND SECOND SETS
OF DISCOVERY REQUESTS - 3
2:17-cv-00642-MJP

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

1010-00051/403938.docx

**C.   Defendants Did Confer About Plaintiff's Second Discovery Requests; Plaintiff Would Not Stay Discovery Pending Summary Judgment Ruling.**

The evidence, and Plaintiff's own argument, demonstrates the parties extensively discussed both sets of Plaintiff's discovery requests.  Plaintiff has now moves to compel discovery due to disputes about her first set.  *Dkt. 136.*  Similarly, Plaintiff admits the parties agreed on the scope of discovery regarding the second set *after a discovery conference*.  "Specifically, Defendants' [second] motion for a protective order identifies requests for production 16-23.  But Defendants agreed *after the discovery conference* to produce requests for production 16-23 *from Plaintiff's second set of discovery requests*."  *Dkt. 143*, at p. 10:17-19 (emphasis added.); *see also, Thomas Decl., Dkt. 125*, at ¶ 10.[4]

Plaintiff instead argues that even if the parties discussed the discovery requests, they never discussed a protective order.  *Dkt. 143*, at p. 7:24-5.  First, the evidence contradicts that Plaintiff was somehow blindsided by a motion for a protective order.  In email exchanges between October 23-26, 2018, Defendants proposed, and Plaintiff rejected, a proposed stay of discovery.  *Dkt. 139-1.*  After agreeing to a discovery conference, counsel for Defendants wrote:

> *It sounds like we have more availability than you next week, so go ahead and tell us when you are available and we will work to accommodate those times.  We agree the discovery conference should focus on what you believe you need to respond to Defendants' Motion for Summary Judgment, filed yesterday.  **Defendants' will consider striking our Motion for a Protective Order if we can agree on documents you reasonably need to respond to the MSJ and you agree to stay the rest until after the MSJ is ruled on**.  I hope we are able to come to an agreement, as it sounds like both sides are willing to compromise.*

*Id.*, at p. 2 (emphasis added).  Defendants agreed to produce responses to RFPs 16-23 and

---

[4] "On October 31, 2018 attorneys for both Plaintiff and Defendants met and conferred for the first time about Plaintiff's second set of discovery requests.  In this Rule 26(c) conference, Defendants' attorneys Mr. Chen and Ms. Freeman asked what discovery was necessary out of Plaintiff's second set of discovery requests, that Plaintiff would need prior to summary judgment.").  The parties had also previously corresponded and discussed Defendants' Initial Disclosures and Plaintiff's First discovery requests, narrowing down issues on which they would have to "agree to disagree" absent a court ruling.

DEFENDANTS' REPLY IN SUPPORT OF
DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
REGARDING PLAINTIFF'S FIRST AND SECOND SETS
OF DISCOVERY REQUESTS - 4
2:17-cv-00642-MJP

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1010-00051/403938.docx

subsequently struck their Motion for a Protective Order on November 6, 2018.  *Dkt. 126.*
Plaintiff opposed Defendants' Summary Judgment Motion on November 13, 2018 but did
not move to compel discovery until a month later.  *Dkt. 136.*  She then chose to note it on a
date when Defendants' response <u>and</u> Plaintiff's reply (and similarly any corresponding
motion for a protective order), would necessarily be due during his "period of
unavailability."

**D.    Simultaneous Hearing of "Cross-Motions" is Not Guaranteed.**

Plaintiff argues Defendants should be sanctioned for filing this motion during her
counsel's stated "period of unavailability" because Defendants motion for a protective
order would likely be considered a cross-motion and therefore would ***typically*** be
considered with Plaintiff's Motion to Compel Discovery—regardless of when it is filed or
noted.  *Dkt. 143*, at p. 5:5-23.  Even if the Court considers the motions to be "cross-
motions," nothing in LCR 7(k) guarantees they will be heard together, and Defendants
would not have been able to note the motion until at least January 11, 2019 if restricted by
Plaintiff's notice of unavailability.  Defendants would have no recourse if the Court decided
to rule on Plaintiff's Motion to Compel, which would moot Defendants' Motion for a
Protective Order.[5]

Defendants offered three times to re-note their motion for protective order if
Plaintiff agreed to re-note the motion to compel on the same subject, so all additional
briefing would be due outside his "period of unavailability."  *Exh. A to Supp. Chen Decl.*
Plaintiff rejected all of these compromises.  Parties cannot choose to be available for their
own motions but unavailable for their opponents, especially where the motions involve the
same subject matter.

///

---

[5] Again, Defendants would have been happy to seek the requested Protective Order in response to Plaintiff's
own Motion to Compel discovery—which would have been on the same time schedule—but Plaintiff objected
to Defendants' attempt to do so in response to a previous motion.

DEFENDANTS' REPLY IN SUPPORT OF
DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
REGARDING PLAINTIFF'S FIRST AND SECOND SETS
OF DISCOVERY REQUESTS - 5
2:17-cv-00642-MJP

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

**E.   Defendants' § 1983 Arguments Regarding HIPAA and the ADA Demonstrate Why the Discovery Is Irrelevant and Immaterial.**

Rather than argue the merits, Plaintiff again asserts Defendants have somehow "waived" arguments that § 1983 does not provide a cause of action for HIPAA or the ADA. Plaintiff again fails to provide any authority to the contrary.  This is a pure issue of law, and Plaintiff cannot be prejudiced because the authority is clearly against her—she simply fails to state an actionable claim on these grounds.   In addition, Plaintiff has had several opportunities to respond to this authority, but notably fails to because there is nothing to support her position.[6]

**F.   Plaintiff's Request for Sanctions is (Again) Meritless.**

Plaintiff continues requesting sanctions in nearly every pleading.   *See, e.g.*, *Dkt. 136*, at p. 12; *Dkt. 129*; *Dkt. 124*, at p. 13; *Dkt. 114*, at p. 13; *Dkt. 108*, at p. 10.   Notably, Plaintiff does not ask for sanctions under FRCP 11 (nor does it meet with FRCP 11(c)(2) requirements), but under the Court's inherent powers to control cases before it.  *Dkt. 143*, at p. 12:18.   To sanction a party, "the litigant must have engaged in bad faith or willful disobedience of a court's order."  *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) (internal quotation omitted.).   Defendants had no intention of filing *any pleadings* during Mr. Thomas' stated "period of unavailability;" suggestions to re-note both motions to a later date were rejected and no court orders are at issue here.  Counsel's repeated insistence on using a tool founded only in the parties' mutual respect for work-life balance as a sword to gain a tactical advantage should not be rewarded.

///

///

---

[6] Plaintiff states in her reply in support of her motion to compel discovery that Defendants "do not contest that their argument was untimely." *Dkt. 146*, at p. 7:2.  Defendants wholly disagree with that assertion.  Plaintiff repeatedly hides behind this "waiver" argument to mask that she has repeatedly failed to produce authority to contradict Defendants' arguments.  The argument was timely and properly raised in Defendants MSJ Reply brief in response to Plaintiff's § 1983 arguments.

DEFENDANTS' REPLY IN SUPPORT OF
DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
REGARDING PLAINTIFF'S FIRST AND SECOND SETS
OF DISCOVERY REQUESTS - 6
2:17-cv-00642-MJP
1010-00051/403938.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

DATED:  December 28, 2018          KEATING, BUCKLIN & McCORMACK, INC., P.S.

By: _/s/ Jayne L. Freeman_
Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for Defendant
801 Second Avenue, Suite 1210
Seattle, WA  98104-1518
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: jfreeman@kbmlawyers.com

DEFENDANTS' REPLY IN SUPPORT OF
DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
REGARDING PLAINTIFF'S FIRST AND SECOND SETS
OF DISCOVERY REQUESTS - 7
2:17-cv-00642-MJP
1010-00051/403938.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiff**

Mr. Joseph Thomas
14625 SE 176th Street, Apt. N-101
Renton, WA 98058-8994
Telephone:  (206) 390-8848
Email:  joe@joethomas.org

DATED:  December 28, 2018

/s/ Jayne L. Freeman
Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for
Defendant
801 Second Avenue, Suite 1210
Seattle, WA  98104-1518
Phone: (206) 623-8861
Fax:     (206) 223-9423
Email: jfreeman@kbmlawyers.com

DEFENDANTS' REPLY IN SUPPORT OF
DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
REGARDING PLAINTIFF'S FIRST AND SECOND SETS
OF DISCOVERY REQUESTS - 8
2:17-cv-00642-MJP
1010-00051/403938.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423