The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JULIE DALESSIO, an individual,<br><br>                  Plaintiff,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON, a Washington Public Corporation; ELIZA SAUNDERS, Director of the Office of Public Records, in her personal and official capacity; ALISON SWENSON, Compliance Analyst, in her personal capacity; PERRY TAPPER, Public Records Compliance Officer, in his personal capacity; ANDREW PALMER, Compliance Analyst, in his personal capacity; JOHN or JANES DOES 1-12, in his or her personal capacity,<br><br>                  Defendants. | No. 2:17-cv-00642-MJP<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINES<br><br>**NOTED ON MOTION CALENDAR:**<br>January 18, 2019 |

### I.   INTRODUCTION AND STATEMENT OF FACTS

Defendants object to any extension of discovery at this time. The parties are currently waiting for a ruling on Defendants' Motion for Summary Judgment on all claims, filed October 25, 2018, and noted for hearing on November 16, 2018 (*Dkt. 119*). Defendants believe this Motion will result in most, if not all, of Plaintiff's claims being dismissed. Defendants filed a motion for a protective order (*Dkt. 138*) seeking to stay all outstanding discovery and bar any new discovery until the summary judgment motion is heard on the grounds that Defendants have produced almost 15,000 pages of documents already, mapped out which witnesses have knowledge of specific documents identified by

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO EXTEND DISCOVERY DEADLINES - 1
2:17-cv-00642-MJP

1010-00051/406175.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

bates-number (*Dkt. 108-3*), and exhausted substantial resources attempting to appease Plaintiff's repeated requests for additional, irrelevant discovery.

In addition, this Court has extended discovery deadlines for Plaintiff three times already (*Dkts. 91, 94, and 96*), and Defendants stipulated to another, additional extension of two months this Fall. *Dkt. 123*. Plaintiff used this last extension to file a motion to compel (during her attorney's own notice of unavailability) related only to her *first* set of discovery requests and did not file the motion until almost a full month after the summary judgment noting date. *Dkt. 136.* Plaintiff fails to state why any other necessary discovery motions could not have been filed during the last two-month extension.

## II. RELIEF REQUESTED

Defendants request the court deny Plaintiff's Motion to Extend Discovery Deadlines (*Dkt. 150*).

## III. EVIDENCE RELIED UPON

Defendants rely on documents and pleadings already filed with this Court.

## IV. ARGUMENT AND ANALYSIS

**A. Plaintiff Has Not Shown Good Cause for Yet Another Extension.**

There is no good cause to extend the deadlines *again*. WDLCR 16(b)(5).

> *Modifying a Schedule.* The parties are bound by the dates specified in the scheduling order. A schedule may be modified only for good cause and with the judge's consent. **Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance.**

*Id.* (Emphasis added.) No good cause exists for the follow reasons:

- Plaintiff did not request an FRCP 56(d) extension in her summary judgment opposition despite being told, and acknowledging, that was the appropriate means to demonstrate whether requested discovery was relevant, material, and necessary to obtain rulings on the claims and parties in this case. *Dkts. 113* at ¶ 39 and *139-1*.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO EXTEND DISCOVERY DEADLINES - 2
2:17-cv-00642-MJP
1010-00051/406175.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

- Plaintiff waited almost a month after summary judgment briefing was finished to file her motion to compel regarding her *first* set of discovery only. *Dkt. 136*. Plaintiff again did not state any additional evidence was necessary for the Court to rule on the pending summary judgment motion. *Id.* Plaintiff has filed two sets of extensive discovery requests and a filed a Motion to Compel Initial Disclosures (which was denied in large part, with the exception of an order to provide contact information for four individuals) just since the court allowed her to "re-start" the entire discovery process a year after the lawsuit was filed.

- Plaintiff failed to serve any additional discovery prior to the extended January 7, 2018 deadline to serve discovery. FRCP 33(b)(3) and 34(b); *Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003) (Discovery must be served at least 30 days prior to discovery cutoff.); *Aevoe Corp. v. AE Tech Co.*, 2013 WL 4701192, at *1 (D. Nev. Aug. 30, 2013).

Plaintiff argues she has not had sufficient time to "act upon the court ordered initial disclosures." *Dkt. 150*, at p. 2. As this Court knows, the only information ordered produced was contact information for four individuals listed on Defendants' Initial Disclosures. *Dkt. 133*. Almost all of these are UW employees whose business addresses are listed publicly online. The only employee who is no longer a UW employee *was until recently*, and therefore her work address also would have been available on the UW online directory over the past year. This certainly does not constitute "good cause." Further, these individuals have always been available through defense counsel, as indicated on the Initial Disclosures.

Plaintiff's Complaint was served on Defendants in April of 2017 and was removed to federal court that month. *Dkts. 1.1 and 1*. Plaintiff had almost a full year to conduct discovery before the case was essentially reset and a new trial schedule was issued and Ms. Dalessio did conduct extensive discovery during that first year. *Dkt. 73*. This,

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO EXTEND DISCOVERY DEADLINES - 3
2:17-cv-00642-MJP
1010-00051/406175.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

combined with the additional discovery extensions, provided Plaintiff 21 months to conduct discovery.  There is no "good cause" for extending the discovery deadlines yet again *until* the Court rules on Defendants' Motion for Summary Judgment[1] *and*, if any claims remain, finds there is a need for additional discovery.

**B.   The Court Can Always Re-Open Discovery if Any Claims Remain and There is a Demonstrated Need for Discovery Beyond the 15,000 Documents Already Produced That is Relevant and Material to Those Claims.**

There is no dispute this Court has "wide discretion is controlling discovery." *Blackburn v. United States*, 100 F.3d 1426, 1436 (9th Cir. 1996).  Therefore, as Defendants indicated in their Motion for a Protective Order Staying Discovery, *Dkt. 138*, the Court can certainly re-open *targeted* discovery if necessary after it rules on Defendants' pending Motion for Summary Judgment.  Plaintiff never argued she needed any additional documents to oppose Defendants' summary judgment.  To avoid further delay, counsel for Defendants specifically held a conference with Plaintiff's counsel to discuss what documents Plaintiff felt she needed to oppose summary judgment.  Plaintiff identified RFPs 16-23, which were provided. *Dkt. 138*, at p. 5.  Those documents were not used in Plaintiff's opposition brief. *Id.*

It is abundantly clear that Plaintiff will continue to seek irrelevant discovery until she is barred from doing so by the case schedule or the Court, which will continue to cause unjust expense to Defendants.  Even more shocking is that Plaintiff admits she still has not reviewed all of the discovery that was produced. *Dkt. 136*, at p. 10:14-16.  Plaintiff is requesting additional discovery without even fully knowing what she has, and despite defense counsel's repeated explanations and detailed descriptions of the discovery documents and information (both in verbally and in writing, and in motions filed with the court).

---

[1] This is technically Defendants' Second Motion for Summary Judgment.  The initial MSJ was filed on August 24, 2017 and was pending for months before Defendants agreed to voluntarily dismiss it and refile after Plaintiff was appointed counsel, with the hope that this would simplify the case.  This has not happened.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO EXTEND DISCOVERY DEADLINES - 4
2:17-cv-00642-MJP

1010-00051/406175.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

Finally, Plaintiff misstates Defendants' position on discovery in this case. *Dkt. 150*, at p. 2:14-23. Defendants are still completely willing to respond to discovery *after the Court rules on its dispositive motion **and** determines additional discovery is warranted regarding any remaining claims*. Plaintiff has waived any right to request additional discovery related to Defendants' summary judgment by not filing an FRCP 56(d) objection or Motion for Continuance. Further, Defendants concessions in providing voluminous requested documents under objection have only backfired, and there is no reason to believe this instance will be any different.

Plaintiff has failed to request a set length of discovery or show good cause why this Court should enter an open-ended extension to pursue discovery that wasn't necessary at the dispositive motion stage. For the sake of judicial efficiency and cost efficiency to the parties (particularly Defendants), Defendants' respectfully request the Court deny Plaintiff's motion to extend the Court deadlines.

## V.   CONCLUSION

Failure to complete discovery within a specified time does not warrant an extension. Plaintiff has had the equivalent of two full case schedules to seek discovery, including a recent two-month stipulated extension where Plaintiff filed only one motion. Defendants' respectfully request the Court deny Plaintiff's request to extend the discovery deadlines for what would be the fifth time since Plaintiff's counsel was appointed.

DATED:  January 16, 2019

KEATING, BUCKLIN & McCORMACK, INC., P.S.


By: */s/ Jayne L. Freeman*
Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for Defendant

801 Second Avenue, Suite 1210
Seattle, WA  98104-1518
Phone: (206) 623-8861

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO EXTEND DISCOVERY DEADLINES - 5
2:17-cv-00642-MJP

1010-00051/406175.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

Fax:   (206) 223-9423
Email: jfreeman@kbmlawyers.com

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO EXTEND DISCOVERY DEADLINES - 6
2:17-cv-00642-MJP

1010-00051/406175.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

# CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiff**

Mr. Joseph Thomas
14625 SE 176th Street, Apt. N-101
Renton, WA 98058-8994
Telephone: (206) 390-8848
Email: joe@joethomas.org

DATED: January 16, 2019

*/s/ Jayne L. Freeman*
Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for Defendant
801 Second Avenue, Suite 1210
Seattle, WA 98104-1518
Phone: (206) 623-8861
Fax: (206) 223-9423
Email: jfreeman@kbmlawyers.com

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINES - 7
2:17-cv-00642-MJP
1010-00051/406175.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423