The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIE DALESSIO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON, a Washington Public Corporation; Eliza Saunders, Director of the Office of Public Records, in her personal and official capacity; Alison Swenson, Compliance Analyst, in her personal capacity; Perry Tapper, Public Records Compliance Officer, in his personal capacity; Andrew Palmer, Compliance Analyst, in his personal capacity; John or Jane Does 1-12, in his or her personal capacity,<br><br>Defendant. | No. 2:17-cv-00642-MJP<br><br>PLAINTIFF'S REPLY MOTION TO EXTEND DISCOVERY DEADLINES<br><br><br><br>**Note on Motion Calendar January 18, 2019** |

Reply to Motion to Extend Discovery Deadline

Case 2:17-cv-00642

1

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1    In the past, this court has agreed to the parties stipulations to extend discovery deadlines,
2 for good cause, including Plaintiff's pending motions to compel discovery and Defendants'
3 pending motions for summary judgment.
4    Defendants now oppose this motion to extend discovery deadlines on the grounds that
5 "No good cause exists" because "Plaintiff did not request an FRCP 56(d) extension in her
6 summary judgment opposition despite being told" (by Ms. Freeman ) "that was the appropriate
7 means to demonstrate whether requested discovery was relevant, material, and necessary to
8 obtain rulings on the claims and parties in this case" Dkt. 151 at 2.
9    Despite defendants' unsupported, unfounded, assertions Plaintiff did not ever
10 acknowledge nor did she agree that her summary judgment opposition was the appropriate means
11 to resolve discovery disputes. *Id.*
12    The Plaintiff has diligently pursued discovery of the facts of this case, in good faith
13 attempted to resolve discovery disputes with defendants without court action, to avoid
14 unnecessary motion work, for the sake of judicial economy.
15    - 6/4/2018 served first discovery
16    - 9/21 amended answer Dkt. 107
17    - 9/27 motion compel initial disclosure Dkt. 108
18    - 9/27 served 2nd discovery
19    Plaintiff finally received the defendants signed first set of discovery responses on October
20 4, 2018 (four months after Plaintiff served First set of discovery requests).
21    - 10/15 mot for protective order Dkt. 111
22    - 10/25 mot protect Dkt. 117
23    - 10/25 sj motion Dkt. 119
24    - 11/28 order compel, deny protect order Dkt. 133
25    - Dec 12, 2018 Motion to compel first discovery Dkt. 136
26    - 12/20 mot protect Dkt. 138
27    For the sake of judicial efficiency, Plaintiff has adhered to the court rules, met and
28 conferred in numerous attempts to resolve discovery disputes before filing timely motions.  For

2

the sake of judicial efficiency, Plaintiff has given Defendants every opportunity to supplement and correct their responses before taking any action

After two years, Defendants have yet to respond adequately to Plaintiff's discovery requests, which seek discovery of the facts of this case and to narrow the focus of further discovery including depositions and subpoenas. It is abundantly clear that defendants are only "willing to respond to discovery after the Court rules on its dispositive motion and determines additional discovery is warranted regarding any remaining claims." Dkt. 151 at 5

On the other hand, Defendants have filed numerous untimely motions for blanket protection from discovery, "on the grounds that Defendants have produced almost 15,000 pages of documents" of "irrelevant discovery." Dkt. 151 at 2.

It is important for this Court to note that Defendants have repeatedly stated they would produce discovery after Defendants' motion for summary judgment was ruled upon. "It is in the best interests of the Court and the parties to stay discovery and permit targeted discovery on the remaining claims if any exist after the Court's ruling." Dkt. 138 at 4 (referring to summary judgment). "Defendants respectfully request the Court enter an order stating Defendants are not required to respond to Plaintiff's Second Set of Discovery Requests to Defendants, Exh. A to Chen Decl., until Defendants' Motion for Summary Judgment has been heard and ruled on." Dkt. 143-1 at 10.

This is unprofessional behavior by Defendants' attorneys Ms. Freeman and Mr. Chen. Not only have Ms. Freeman and Mr. Chen irreconcilably backtracked on its previous statement to this Court, but this unwarranted opposition should be sanctionable. LCR 11(c). Ms. Freeman and Mr. Chen cannot make whatever representations to this Court they wish on any particular day. This is continued procedural harassment of Plaintiff and her pro bono attorney. This is unfair to Plaintiff and her pro bono attorney to have to deal with this continued procedural harassment by Ms. Freeman and Mr. Chen.

Respectfully submitted this 18 day of January 2019.

Law Office of Joseph Thomas

___/s/ Joseph Thomas_____
Joseph Thomas, WSBA 49532

**Certificate of Service**

I hereby certify that on 18 of January 2019, I filed the foregoing with the Clerk of the Court through the CM/ECF system which will automatically send electronic mail notification of such filing to the CM/ECF registered participants as identified on the Electronic Email Notice List.

___/s/ Joseph Thomas_____
Joseph Thomas, WSBA 49532
14625 SE 176th St., Apt. N101
Renton, WA 98058
(206) 390-8848

4