1

2

3

4

5

6

7

8

The Honorable Marsha J. Pechman
Trial Date: May 6, 2019

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

9

JULIE DALESSIO, an individual,

10

Plaintiff,

11

v.

12

13

14

15

16

17

UNIVERSITY OF WASHINGTON, a
Washington Public Corporation; ELIZA
SAUNDERS, Director of the Office of
Public Records, in her personal and official
capacity; ALISON SWENSON, Compliance
Analyst, in her personal capacity; PERRY
TAPPER, Public Records Compliance
Officer, in his personal capacity; ANDREW
PALMER, Compliance Analyst, in his
personal capacity; JOHN or JANES DOES
1-12, in his or her personal capacity,

18

Defendants.

No. 2:17-cv-00642-MJP

DEFENDANTS' MOTION FOR
RECONSIDERATION OF COURT'S
PARTIAL DENIAL OF DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT [DKT. 153]

**Noted for Hearing: Monday, February
25, 2019**

19

**I.      RELIEF REQUESTED**

20

21

22

23

24

25

26

Pursuant to LCR 7(h), Defendants request the court reconsider the portion of the

Court's order denying in part Defendants' Motion for Summary Judgment ("MSJ") [*Dkt.

153*] based on failure to raise arguments based on the ADA or HIPAA in their moving

papers. *Dkt. 119*. Absent entering an order dismissing all claims against all Defendants on

reconsideration, Defendants request the court clarify its ruling as to certain Defendants and

claims and allow the remaining Defendants leave to file a Motion for Summary Judgment

addressing the ADA and HIPAA issue the court held was not properly raised in Dkt. 119.

27

DEFENDANTS' MOTION FOR RECONSIDERATION
OF COURT'S PARTIAL DENIAL OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT [DKT. 153] - 1
2:17-cv-00642-MJP

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

## II.     FACTS RELEVANT TO THIS MOTION

Defendants' filed an MSJ on October 25, 2018, noting it for hearing on November 16, 2018. *Dkt. 119*. This Court's ruling on the Motion suggested Defendants did not sufficiently address her "medical information claims." *Dkt. 153* at pp. 15-16. The Order indicated "there was not a single mention of medical or health information in their initial arguments" (*p. 14, ll. 14-15*) while the Amended Complaint "makes it clear she is suing" for production of documents protected by HIPAA and the ADA. *Id at p. 14, ll. 9-13.*

Plaintiff's Amended Complaint sets forth Eight "Causes of Action" and includes the basis for each in their respective titles: (1) 42 U.S.C. §1983: Fourteenth Amendment to the U.S. Constitution, (2)(stricken), (3) 42 U.S.C. 1983: Fourth Amendment to the U.S. Constitution, (4) Declaratory Judgment, 28 U.S.C. §2201, *et. seq.,* (5) (stricken), (6) Breach of Contract (against Defendant UW only), (7) Public Disclosure of Private Facts-Common Law Tort, and (8) Injunctive Relief. *See, Dkt. 82.* Each such claim (except breach of contract) was alleged only against individual Defendants, including Swenson, Palmer, Tapper, and Saunders. Defendants relied on this outline of Plaintiff's claims to set forth the legal arguments to the court in the Motion for Summary Judgment. *Dkt. 119*.

References to HIPAA and the ADA at ¶¶36, 50, 65, 72, 83, 84, and 87 appear in the factual background section of the Amended Complaint, related to characterization of the reason Plaintiff considered various information she alleged to be "private." Dkt. 82. Reference to these Federal statutes in ¶157 is in regard to alleging an "unlawful search" under the Fourth Amendment, in ¶167 to support a claim for declaratory judgment pursuant to 28 U.S.C. §2201, and in ¶194 in reference to the claim of public disclosure of private facts. In each instance, it was far from clear that Plaintiff was seeking to pursue either direct claim under the ADA or HIPAA, or arguing that these Federal statutes themselves gave rise to a cause of action via §1983.[1] Rather, it was reasonable to infer that Plaintiff's

---

[1] Nor would it be obvious to Defendants that Plaintiff intended to pursue such *claims* as they are clearly precluded by law and not asserted as a "Cause of Action" in her very detailed Amended Complaint. *Dkts. 82,*

DEFENDANTS' MOTION FOR RECONSIDERATION
OF COURT'S PARTIAL DENIAL OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT [DKT. 153] - 2
2:17-cv-00642-MJP

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

references to HIPAA and the ADA were merely the basis for Plaintiff's characterization of certain information as "private" or "health information."

Plaintiff's decision *not* to include such claims when her new attorney filed an Amended Complaint nearly a year after she filed her lawsuit appeared reasonable in light of Defendants' having clearly established the legal futility of such claims in their 2017 Motion for Summary Judgment. *Dkt. 27 at p. 8, ll. 11-16, p. 13, ll. 14-13*. At the court's request, Defendants struck *Dkt. 27* pending re-filing once Plaintiff clarified her claims. *Dkts. 88, 90*.

Even Plaintiff's response brief argued the status of certain information under HIPAA (i.e. if it constituted "protected health information") was allegedly a disputed *fact* material to whether "these documents are private *constitutionally…*" and *"whether or not it* rise[es] to a cause of action under the *Due Process Clause of the United States Constitution." (emphasis added). Dkt. 130, p. 5-6*; see also p. 11, 14, 17(§1983 elements met by alleging "right to informational privacy under the *Fourteenth Amendment…*unconstitutional search and seizure under the *Fourth Amendment*.)"

### III.   EVIDENCE RELIED UPON

- Pleadings and filings already in the court file.

### IV.   LEGAL AUTHORITY

#### A. Matters Overlooked or Misapprehended by the Court.

1. <u>Defendants' MSJ Did Move to Dismiss Claims Based on Disclosure of All Allegedly "Private" Information, Including Alleged "Health Information."</u>

Defendants did argue in their moving papers that inadvertent disclosure of **even "clearly protected health information"** could not constitute a constitutional violation or §1983 claim because §1983 requires intentional conduct. *Dkt. 119*, at pp. 6-8 (emphasis added). This analysis applied to *all* personnel documents collected and produced. The

---

*80. See also, Dkt. 75, p. 2, ll. 15-20* (Defendants did not oppose Plaintiff's Motion to Amend Complaint to extent it appeared to eliminate claims under various Federal statutes); *Dkt. 77, p. 2., ll. 12-21* (Plaintiff alleges HIPAA and ADA procedures were "violated" but only as a factual basis to describe how her Constitutional rights under the Fourth, Fifth and Fourteenth Amendments were violated to give rise to a §1983 claim).

DEFENDANTS' MOTION FOR RECONSIDERATION
OF COURT'S PARTIAL DENIAL OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT [DKT. 153] - 3
2:17-cv-00642-MJP

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

1  Court's analysis finding no constitutional violation for "private information" similarly bars

2  Plaintiff's § 1983 claims based "health information." *Dkt. 153*, at pp. 5-9.  Defendants cited

3  caselaw applicable to "**disclosure of private records—even clearly protected health**

4  **information**" (Weisberg) to argue this principle (*Dkt. 119 at p. 7)* and cited Sixth Circuit

5  cases unanimously rejecting Plaintiff's arguments regarding disclosure of **medical**

6  **information**. *Dkt. 119 at p. 13-14 (Annabel, Summe Jarvis) Dkt. 119 at p. 13-14*. The Court

7  pointed out Plaintiff admitted alleged production of "health information" contained in her

8  personnel records was inadvertent. *Dkt. 153*, *at p. 6, n. 5 (*citing *Dkt. 37*, at p. 2.) (*Dkt. 30-9*

9  *p. 2*). Any failure to redact private "health information" is similarly not actionable.

10         2.  <u>Individual Defendants' Are Entitled To Dismissal of Plaintiff's Claims Based on</u>
11            <u>Alleged Disclosure of Health Information Even Without Consideration of Reply</u>
             <u>Brief Argument to Which Plaintiff Objected.</u>

12         The *sole* legal issue Plaintiff claims Defendants did not raise until their summary

13  judgment reply brief [*Dkt. 132*] is the clearly-established law precluding either a direct

14  cause of action or a 42 U.S.C. §1983 claim specifically *based on the ADA or HIPAA* as

15  argued in *Dkt. 132 at p. 4. ll. 4-27*. *See, Dkt. 134*. Plaintiff never suggested any contrary

16  authority exists (and it does not), despite filing an objection.

17         This is not a material issue of fact (or law) precluding summary judgment dismissal

18  of these remaining claims.  Defendants are entitled to qualified immunity from lawsuits

19  absent evidence they intentionally and directly violated a Constitutional or Federal right

20  that was so clearly established by law that they would *know* they were violating

21  Constitutional rights at the time they acted. *See, Jones v. State Dep't of Health,* 170

22  Wash.2d 338, 349, 242 P.3d 825 (2010).  Plaintiff must prove both *the violation* of a

23  Constitutional right <u>and</u> that it was *clearly established* at the time of the incident. *Id.*

24         a.  *Even Assuming an Alleged Violation of the Constitution or Federal Law, All*
25            *Individual Defendants Would Be Entitled to Qualified Immunity From Suit*
26            *Under Federal Law.*

27

DEFENDANTS' MOTION FOR RECONSIDERATION
OF COURT'S PARTIAL DENIAL OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT [DKT. 153] - 4
2:17-cv-00642-MJP

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

1    Defendants previously argued that *all* of the records produced in response to the

2    PRA request are personnel records and that Defendants were entitled to qualified immunity

3    as to *any* documents produced in the Betz production (15-00570) or the production to

4    Plaintiff herself (16-00760.) *Dkt. 119*, at pp. 11-12 ("Ms. Dalessio cannot establish that

5    inadvertent … *partial disclosure of personnel records* of a public agency … amounts to a

6    violation of Constitutional magnitude.")(emphasis added).  *All* of the records produced are

7    personnel records maintained in the course and for the purpose of Plaintiff's prior

8    employment with the University– there are no separate "medical records."

9    Defendants asserted the law overwhelmingly confirms that, even assuming any

10   unredacted information released in the records produced to Betz was considered to be

11   private health information, Defendants actions were *at least* permissible under

12   Constitutional standards.  However, even if the Court finds a connection between the

13   Defendants' conduct and a potential violation of Federal or Constitutional law, the standard

14   for determining application of qualified immunity is "whether the [individual] could have

15   believed, reasonably but mistakenly… that his or her conduct did not violate a clearly

16   established constitutional right." *Skoog v. Cty. of Clackamas*, 469 F.3d 1221, 1229 (9th Cir.

17   2006).  This is particularized inquiry based on the circumstances the official is confronted

18   with at the time. *Anderson v. Creighton*, 483 U.S. 635, 639, 107 S.Ct. 3034, 3039 (1987).

19   The evidentiary basis for concluding that Ms. Swenson could have, and did, make

20   *both subjectively and objectively* good faith efforts to avoid disclosure of any private or

21   personal "health information" is demonstrated fully in her declaration and supporting

22   exhibits illustrating extensive redactions and withholding of documents.[2]

23       b.   *Statutory "Good Faith Immunity" Precludes State Law Tort Claims Against Any*
24            *Defendant for the Release of Any Information.*

25   _____

26   [2] See, Dkt. 30 (Swenson: followed usual PRA procedures, withheld 101 of 471 pages, redacted remainder per
     PRA exemptions); Dkt. 30-5, 30-6, 30-7 (Swenson exemption log reflecting redaction/withheld documents
     based on employee/student/health privacy); Dkt. 34, p. 63-66, 71-73, 80-82, 102-106 (Swenson redactions

27   based on privacy exemptions).
     DEFENDANTS' MOTION FOR RECONSIDERATION
     OF COURT'S PARTIAL DENIAL OF DEFENDANTS'
     MOTION FOR SUMMARY JUDGMENT [DKT. 153] - 5
     2:17-cv-00642-MJP

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

It appeared from the Order that the Court properly found RCW §42.45.060 barred Plaintiff's common law tort of public disclosure of private facts claim against all Defendants—regardless of the nature of information Plaintiff characterizes as "private". *Dkt. 153* at pp. 10-11.  The Court based this conclusion on the "complete lack" of evidence any Defendant acted with an improper purpose in their respective roles in the responses to the Betz request or Plaintiff's request. *Id.*  However, if the Court's ruling has not already dismissed these claims as to alleged "medical information" as well, these documents were part of the same PRA response to the Betz request and therefore all Defendants are similarly entitled to immunity under the statute.[3]

## B. Modifications Sought in the Court's Ruling Absent Dismissing All Claims Against All Individual Defendants on Reconsideration.

The scope of dismissal is unclear as to individual Defendants who had no role in producing *any* information or documents to Mr. Betz—the only third party to whom any information was released. Thus, if the court does not enter an order on reconsideration granting summary judgment dismissal of all claims against all defendants, Defendants request the court, at a minimum, modify the ruling in the following manner:

1. Dismiss all State and Federal claims against Defendant Andrew Palmer and dismiss him as a party to the lawsuit, as it is undisputed he only produced records to Ms. Dalessio herself and never released information or documents regarding Ms. Dalession to any third party.

2. Dismiss all State and Federal claims against Defendants Perry Tapper and Eliza Saunders.

3. Dismissal all State law claims with prejudice against all Defendants pursuant to RCW §42.45.060.

---

[3] Despite ruling Defendants were entitled to good-faith immunity for their parts in the responses to both the Betz request and Plaintiff's request, it was unclear whether the court listed this claim as being completely dismissed. *Dkt. 153.*

DEFENDANTS' MOTION FOR RECONSIDERATION
OF COURT'S PARTIAL DENIAL OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT [DKT. 153] - 6
2:17-cv-00642-MJP

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1

2           DATED:  February 25, 2019

3                                    KEATING, BUCKLIN & McCORMACK, INC., P.S.

4

5                                    By:  /s/ Jayne L. Freeman
                                     Jayne L. Freeman, WSBA #24318
6                                    Special Assistant Attorney General for Defendant

7                                    801 Second Avenue, Suite 1210
                                     Seattle, WA  98104-1518
8                                    Phone: (206) 623-8861
                                     Fax:    (206) 223-9423
9                                    Email:  jfreeman@kbmlawyers.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
     DEFENDANTS' MOTION FOR RECONSIDERATION
     OF COURT'S PARTIAL DENIAL OF DEFENDANTS'
     MOTION FOR SUMMARY JUDGMENT [DKT. 153] - 7          KEATING, BUCKLIN & McCORMACK, INC., P.S.
     2:17-cv-00642-MJP                                   ATTORNEYS AT LAW
                                                         801 SECOND AVENUE, SUITE 1210
                                                         SEATTLE, WASHINGTON 98104-1518
                                                         PHONE:  (206) 623-8861
                                                         FAX:  (206) 223-9423

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiff**

Mr. Joseph Thomas
14625 SE 176th Street, Apt. N-101
Renton, WA 98058-8994
Telephone:  (206) 390-8848
Email:  joe@joethomas.org

DATED:  February 25, 2019

/s/ Jayne L. Freeman
Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for
Defendant
801 Second Avenue, Suite 1210
Seattle, WA  98104-1518
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: jfreeman@kbmlawyers.com

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423