The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIE DALESSIO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON, a Washington Public Corporation; Eliza Saunders, Director of the Office of Public Records, in her personal and official capacity; Alison Swenson, Compliance Analyst, in her personal capacity; Perry Tapper, Public Records Compliance Officer, in his personal capacity; Andrew Palmer, Compliance Analyst, in his personal capacity; John or Jane Does 1-12, in his or her personal capacity,<br><br>Defendant. | No. 2:17-cv-00642-MJP<br><br>PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION OF COURT'S PARTIAL DENIAL OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. 153] |



Law Office of Joseph Thomas
5991 Rainier Ave. South #B
Seattle, Washington 98118
Phone (206)390-8848

## I. RELIEF REQUESTED

Ms. Dalessio respectfully requests this Court deny Defendants' Motion for Reconsideration.

## II. EVIDENCE RELIED UPON

Pleadings and filings already in the court file.

## III. LEGAL AUTHORITY

"Motions for reconsideration are disfavored in this district and will be granted only upon a 'showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence.'" *Gragg v. Orange Cab Co., Inc.*, 995 F. Supp. 2d 1189, 1194 (W.D. Wash. 2014) (quoting LCR 7(h)(1)).

"Bald assertions and conclusory allegations will not support the holding of a hearing" because Defendants "must state with particularity facts which, if proven, would entitle [it] to relief." *Matter of Personal Restraint of Rice*, 118 Wn.2d 876, 886 (1992); accord *Rocafort v. IBM Corp.*, 334 F. 3d 115, 122 (1st Cir. 2003) (stating "a party has a duty to incorporate all relevant arguments in the papers that directly address a pending motion" and this duty "includes explaining arguments squarely and distinctly").

## IV. ARGUMENT

### 1. This Court correctly ruled that Defendants did not move to dismiss claims of health information in its moving papers for summary judgment

Defendants did not move to dismiss any claims regarding health information. As the moving party in summary judgment, Defendants had the burden to explain its argument squarely and distinctly.

"Bald assertions and conclusory allegations will not support the holding of a hearing" because Defendants "must state with particularity facts which, if proven, would entitle [it] to relief." *Matter of Personal Restraint of Rice*, 118 Wn.2d 876, 886 (1992); accord *Rocafort v. IBM Corp.*, 334 F. 3d 115, 122 (1st Cir. 2003) (stating "a party has a duty to incorporate all relevant arguments in the papers that directly address a pending motion" and this duty "includes explaining arguments squarely and distinctly").

Here Defendants argument it cites in the Motion for Reconsideration is not about health information, but intentional conduct under the Due Process Clause of the Fourteenth Amendment. At best, Defendants make a vague statement about health information in the context of intentional conduct. Defendants cite to pages six through eight (6-8) of its Motion for Summary Judgment to establish that it argued about health information. However, the word 'health' only appears once in those identified pages. Dkt. 119 at 7. The term health information is used a single time in explaining a court case holding that intentional conduct is needed to establish a Due Process Clause violation under the Fourteenth Amendment to the United States Constitution. This is not an argument, it is an explanation about the holding of case. Defendants do not attempt to apply the part of the holding concerning health information to the facts of this case. There is no accompanying analysis of health information whatsoever.

The same is true for Defendants mentioning medical information. Defendants claim it made an argument about medical information on pages thirteen and fourteen of its Motion for Summary Judgment. Dkt. 119 at 13-14. The term medical information only appears in context of explaining two court cases Defendants use to make the argument "that a Constitutional violation must be intentional and knowing to subject an individual to liability." Dkt. 119 at 13. This is not an argument, it is an explanation of the holding of the two cases. Defendants do not attempt to apply the part of the holdings concerning medical information to the facts of this case. There is no accompanying analysis of medical information whatsoever.

Defendants do not meet its burden in bringing this motion pursuant to LCR 7(h).[1] Under the plain language of LCR 7(h) showing either: (1) manifest error in the prior ruling, or (2) new facts or legal authority which could not have been brought to the court's attention earlier with reasonable diligence. Defendants do not argue manifest error.[2] In fact, neither the word 'manifest' nor the word 'error' appears once in Defendants' Motion for Reconsideration. Moreover, Defendants do not claim this Court disregarded controlling law, or disregarded

---

[1] This motion was brought by Defendants pursuant to LCR 7(h). *See* Dkt. 155 at 1.

[2] "The term 'manifest error' is 'an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record.'" *BASRA v. Morgan*, No. C16-6005 RBL (W.D. Wash. Oct. 11, 2018).

credible evidence in the record – conclusory arguments are different than credible evidence.

**2. Defendants' arguments that this court should dismiss the health/information claims is improperly brought and should not be considered**

This Court already ruled that Defendants arguments about the health/medical information is untimely because it was first argued in the Reply to the Motion for Summary Judgment and is therefore waived. *See* Dkt. 153 at 14-15 (stating "the argument" concerning health/medical information "is untimely and will be stricken").

Again, as explained above this motion was brought by Defendants pursuant to LCR 7(h). Under the plain language of LCR 7(h) showing either: (1) manifest error in the prior ruling, or (2) new facts or legal authority which could not have been brought to the court's attention earlier with reasonable diligence. Defendants do not argue there is any manifest error in the prior ruling. Instead Defendants request a second bite at the apple and for this Court to dismiss the case on an argument Defendants have waived. Defendants do not allege any new facts or legal authority to support this motion.

This issue was waived once, and it should be waived again. There is no law or authority permitting Defendants to bring this issue in a motion for reconsideration. Defendants do not carry its burden under LCR 7(h) and this Court should not consider Defendants' requests for modification of the Order.

**3. Defendants request for modification should not be considered because it is improperly brought**

It is improper to ask for a modification of a court order in a motion for reconsideration brought pursuant to LCR 7(h) absent any claim of: (1) manifest error in the prior ruling, or (2) new facts or legal authority which could not have been brought to the court's attention earlier with reasonable diligence. Defendants do not argue there is any manifest error in the prior ruling and instead ask the court to make modifications based upon its conclusory statements.[3] Defendants do not allege any new facts or legal authority to support this motion. Defendants do not carry its

[3] Ms. Dalessio contests that all named Defendants had a role in producing the records to third parties. Defendants wrongly state that Ms. Dalessio does not contest that Defendant Andrew Palmer had no role in producing the documents to third parties. Dkt. 155 at 6.

burden under LCR 7(h) and this Court should not consider Defendants' requests for modification of the Order.

## V. CONCLUSION

This Court should summarily deny Defendants' Motion for Reconsideration. Defendants bring this motion under LCR 7(h), but at no time even attempt to comply with the requirements of the court rule. Defendants requests for modifications do not comply with LCR 7(h). Defendants attempt to gain a second bite at the apple, by raising the same arguments with the same legal authority in an attempt to get this lawsuit dismissed.

This Court should also deny Defendants' requests for changing of deadlines. This is not an issued that has been briefed or argued and is not proper under LCR 7(h).

Respectfully submitted this 11 day of March 2019.

Law Office of Joseph Thomas

___/s/ Joseph Thomas_____
Joseph Thomas, WSBA 49532

**Certificate of Service**

I hereby certify that on 11 of March 2019, I filed the foregoing with the Clerk of the Court through the CM/ECF system which will automatically send electronic mail notification of such filing to the CM/ECF registered participants as identified on the Electronic Email Notice List.

___/s/ Joseph Thomas_____
Joseph Thomas, WSBA 49532
5991 Rainier Ave. South #B
Seattle, WA 98118
(206) 390-8848