The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIE DALESSIO, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>UNIVERSITY OF WASHINGTON, a Washington Public Corporation; Eliza Saunders, Director of the Office of Public Records, in her personal and official capacity; Alison Swenson, Compliance Analyst, in her personal capacity; Perry Tapper, Public Records Compliance Officer, in his personal capacity; Andrew Palmer, Compliance Analyst, in his personal capacity; John or Jane Does 1-12, in his or her personal capacity,<br><br>    Defendant. | No.  2:17-cv-00642-MJP<br><br>PLAINTIFF'S MOTION FOR RELIEF FROM ORDER PURSUANT TO CR 60(A)<br><br>**Noted for hearing: Friday, March 29, 2019** |

Motion for Relief from Order Pursuant to CR 60(a)

Case 2:17-cv-00642

1

Law Office of Joseph Thomas
5991 Rainier Ave. South #B
Seattle, Washington 98118
Phone (206)390-8848

<3>

Ms. Dalessio moves this Court for relief from the order in Dkt. 153 pursuant to Rule 60(a).

### I. RELIEF REQUESTED

Ms. Dalessio respectfully requests this Court to correct mistakes in the Order on Summary Judgment, Dkt. 153.

### II. EVIDENCE RELIED UPON

Pleadings and filings already in the court file.

### III. LEGAL AUTHORITY

"The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The Court may do so on motion or on its own, with or without notice." Rule 60(a).

### IV. ARGUMENT

**1. This Court should correct Dkt. 153 at 4, n. 2**

This Court should correct its ruling because Ms. Dalessio does dispute that her claims that all individual Defendants, but Swenson are based on the UW's production of documents to her personally, or for failures to personally supervise Swenson's production of documents to Betz.

This Court ruled in Dkt. 153 at 4, n. 2 that "Defendants argue (and Plaintiff does not dispute) that Plaintiff's claims against all individual Defendants but Swenson are based on the UW's production of documents to her personally, or for failures to adequately supervise Swenson's production of documents to Betz. (See Dkt. No. 82, ¶¶ 47, 49.)."

Plaintiff has in fact asserted "it is a disputed issue of material fact whether Defendants John and Jane Does 1-12 participated in the PRA responses to any of the PRA requests listed in the complaint." Dkt. 130 at 9. Here Plaintiff is stating the John or Jane Does directly participated in the production of documents to third parties, which may include but is not limited to Mr. Betz.

**2. This Court should correct Dkt. 153 at 4, n. 3**

This Court should correct its ruling because Ms. Dalessio argues the John or Jane Does have more involvement than just collecting the documents.

This Court ruled in Dkt. 153 at 4, n. 3 that "The Does have been named based on

1   allegations that they collected the documents which were assembled and redacted by Swenson
2   and transmitted to Betz and to Plaintiff. (Id. at ¶ 39.)"
3         Plaintiff asserted at least one of the John or Jane Does oversaw compliance with HIPAA
4   and the ADA. "The disclosure of protected health information under HIPAA and the ADA is
5   likely to be overseen by the UW Medicine Chief Privacy Officer." Dkt. 130 at 9. Plaintiff also
6   argued that by unlawfully selecting documents that are not public records John or Jane Does
7   "were acting outside the scope of their jobs." Dkt. 130 at 9.

8         **3.   This Court should correct Dkt. 153 at 5**

9         This Court should correct its ruling because Ms. Dalessio disputes that these documents
10  were released pursuant to the Public Records Act.
11        This Court ruled in Dkt. 153 at 5 that "[i]t is undisputed that Defendants, employees of a
12  state university releasing documents pursuant to the PRA, were acting under color of state law."
13  *See* Dkt. 153 at 5.
14        While it is not disputed that Defendants were employees of a state university and acting
15  under color of state law, Plaintiff argues that many of the documents released were exempted
16  from disclosure under the PRA, that their release was not pursuant to the PRA.
17        Plaintiff made the argument that "Washington State PRA case law clearly identifies that
18  health information is exempt from production under the PRA." Dkt. 130 at 15. Ms. Dalessio's
19  argument is that if the documents were exempt from production then the documents should not
20  have been produced, but set apart in a separate file, in a secured location with restricted access.
21        Ms. Dalessio has also argued extensively in her response to defendant's first motion for
22  summary judgment Dkt. 42 and her motion to seal records Dkt. 37 regarding the exempt status of
23  documents. Whether the disclosure was pursuant or in compliance with the PRA is a disputed
24  issue of material fact.

25        **4.   This Court should correct Dkt. 153 at 6**

26        This Court should correct its ruling because Ms. Dalessio does not acknowledge the
27  release of private information to Mr. Betz was accidental.
28        This Court ruled in Dkt. 153 at 6 that "in fact, she acknowledges that the release of any

1  private information to Betz was accidental.  (See Dkt. No. 37, Decl. of Dalessio at 2.5).″ *See* Dkt.
2  153 at 6.

3  Ms. Dalessio argues in the Response to Summary Judgment that it is Defendants' burden
4  to establish the state of mind, be it accidental or something else.  "The existence of a subjective
5  belief will frequently turn on factors which a plaintiff cannot reasonably be expected to know."[1]
6  Dkt. 130 at 21.  How can Ms. Dalessio acknowledge the release of her private information was
7  accidental when she argues and cites case law that Defendants state of mind is something she
8  cannot know?

9  Ms. Dalessio argues "The record is absent of Defendants providing any evidence that this
10  an inadvertent mistake."  Dkt. 130 at 14.

11  This Court takes Ms. Dalessio's declaration out of context.  Ms. Dalessio's statement in
12  Dkt. 37 was not even about the merits of the case, it was to seal the record because of Ms.
13  Freeman's and Mr. Chen's impermissible disclosure of Ms. Dalessio's private information
14  violating Rule 5. Since that declaration Ms. Dalessio has conducted discovery and her theory of
15  the case has changed.  This Court should not be relying upon mistaken theory made a year prior
16  to summary judgment.

18  Respectfully submitted this 11 day of March 2019.

19  Law Office of Joseph Thomas

20  ___/s/ Joseph Thomas_____
21  Joseph Thomas, WSBA 49532

---

[1] *Gomez v. Toledo*, 446 US 635, 641 (1980).

**Certificate of Service**

I hereby certify that on 11 of March 2019, I filed the foregoing with the Clerk of the Court through the CM/ECF system which will automatically send electronic mail notification of such filing to the CM/ECF registered participants as identified on the Electronic Email Notice List.

       /s/ Joseph Thomas
Joseph Thomas, WSBA 49532
5991 Rainier Ave. South #B
Seattle, WA 98118
(206) 390-8848