# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| JULIE DALESSIO, | CASE NO. C17-642 MJP |
|---|---|
| Plaintiff, | ORDER ON MOTIONS: |
| v. | (1) MOTION FOR RECONSIDERATION |
| UNIVERSITY OF WASHINGTON, et al., | (2) MOTION FOR RELIEF (FRCP 60(A)) |
| Defendants. | (3) JOINT STIPULATED MOTION TO EXTEND TRIAL DATE |

The above-entitled Court, having received and reviewed:

1. Defendants' Motion for Reconsideration (Dkt. No. 155) and Plaintiff's Response (Dkt. No. 158),

2. Plaintiff's Motion for Relief from Order Pursuant to CR 60(A) (Dkt. No. 159),

3. Joint Stipulated Motion to Extend Trial Date (Dkt. No. 157),

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

IT IS ORDERED that Defendant's motion for reconsideration is DENIED.

1    IT IS FURTHER ORDERED that Plaintiff's motion for relief pursuant to FRCP 60(a) is
2    DENIED.
3    IT IS FURTHER ORDERED that the parties' Joint Stipulated Motion to Extend the Trial
4    Date is STAYED.
5    IT IS FURTHER ORDERED that discovery will be stayed and the case schedule
6    suspended to permit the filing of a second summary judgment motion, limited to issues
7    enumerated in the body of this Order.

**Background**

On February 11, 2019, the Court entered an order on Defendants' Motion for Summary Judgment, partially granting and partially denying the motion. (Dkt. No. 153.) The motion was granted as to Plaintiff's claims regarding the disclosure of certain personal information (her SSN, birthdate, home address, phone number, email address, etc.) and denied as to Plaintiff's claims that disclosure of information which she alleged was "private medical information" violated HIPAA and the ADA and constituted a separate violation of her constitutional rights. Additionally, Plaintiff's claims for breach of contract and injunctive and declaratory relief were dismissed, along with Plaintiff's claims against the Doe defendants. The order struck portions of the argument in Defendant's reply briefing (related to the "private medical information" claims) on the grounds that it was being presented for the first time in their reply, and thus impermissible. (Id.) Presently before the Court are two motions related to that dispositive order, and a joint motion requesting an extension of the case schedule.

**Discussion**

I. <u>Defendants' Motion for Reconsideration</u>

First-filed was Defendants' motion for reconsideration (Dkt. No. 153), in which Defendants request reconsideration of the order on two grounds. Defendants argue, first, that Plaintiff's claims are so poorly drafted that they cannot be faulted for failing to discern that her 1983 claims included HIPAA and ADA violations and, second, that the state and federal immunity defenses which they interposed apply equally to Plaintiff's claims regarding her "protected private medical information."

While the Court agrees that Plaintiff's amended complaint was not a model of clarity, it nevertheless stands by its observation that the quantity of allegations made concerning Plaintiff's medical information and alleged violations of HIPAA and the ADA (*see* Dkt. No. 153 at 14 for the pin cite of 10 paragraphs in the amended complaint containing mentions of the above) make it clear that Plaintiff considered these allegations part of her causes of action. Attempting to address those allegations substantively for the first time in Defendants' reply brief is not permissible.

The Court also concedes that Defendants' argument that their immunity theories (which the Court adopted) appear as applicable to the production of any medical information as to the production of Plaintiffs' SSN and her other personal data is not without merit. However, that is <u>not</u> what Defendants argued in their reply brief -- they instead presented (for the first time) substantive arguments about the ineligibility of HIPAA and ADA claims for 1983 actions. Their focus on the substantive merits of Plaintiff's claims regarding the release of allegedly private medical information left the Court with no alternative. It would have been improper to credit those "merits" arguments without Plaintiff having had a chance to respond to them. It would

have been equally inappropriate for the Court to *sua sponte* rule that the immunity defenses applied equally to the "medical information" claims when Plaintiff had not had an opportunity to dispute that argument, either.

Defendants have failed to demonstrate "manifest error" on the Court's part, and their motion for reconsideration will be DENIED.

II.     Plaintiff's Motion for Relief Pursuant to FRCP 60(a)

FRCP 60(a) states that "[t]he court may correct a clerical mistake or a mistake arising from an oversight or omission whenever one is found in a judgment, order, or other part of the record. The Court may do so on motion or on its own, with or without notice."

Plaintiff cites to this procedural rule as support for a motion which seeks "to correct mistakes in the Order on Summary Judgment." (Dkt. No. 159, Motion for Relief from Order Pursuant to CR 60(A) at 2. The Court states at the outset its belief that what Plaintiff is attempting – which is basically to dispute interpretations by the Court of Plaintiff's factual allegations, pleadings, and legal arguments with which Plaintiff disagrees -- is not a proper or correct use of FRCP 60(a), a rule which permits only the correction of "clerical errors" or "oversights," neither of which accurately describes the portions of the order to which Plaintiff objects.

Nonetheless, the Court takes this opportunity to address Plaintiff's arguments, in hopes that the explanation will inform Plaintiff's response to the next round of summary judgment briefing.

Plaintiff objects to four "factual errors:"

1. <u>The Court's statement (Order at 4, n.2) that "Defendants argue (and Plaintiff does not dispute) that Plaintiff's claims against all individual Defendants but Swenson are based on the UW's production of documents to her personally, or for failures to personally supervise Swenson's production of documents to Betz."</u>

> Plaintiff argues that she had in fact stated that
>
> it is a disputed issue of material fact whether Defendants John and Jane Does 1-12 participated in the PRA responses to any of the PRA requests listed in the complaint. (Dkt. 130 at 9.) Here Plaintiff is stating the John or Jane Does directly participated in the production of documents to third parties, which may include but is not limited to Mr. Betz.

(Dkt. No. 159, 60(a) Motion at 2.)

In the first place, what Plaintiff stated in her response brief (that it was "disputed" whether the Doe Defendants participated in the PRA responses) is <u>not</u> the same thing as saying that the Doe Defendants "directly participated in the production of documents to third parties." It was not an "error" for the Court to state otherwise. In the second place, in response to the summary judgment motion, Plaintiff produced not an iota of evidence regarding either the identities of the Doe Defendants or what they actually did that had a bearing on any of her claims. (Response Brief at 9.[1]) Summary judgment is the stage of the case where the non-moving party is required to come forward with the factual evidence that supports his/her legal position—speculation and conjecture will not suffice to create "disputed issues of material fact."

---

[1] "There is nothing known about the John or Jane Does 1-12. It is unknown what John or Jane Does 1-12 job responsibilities are. It is unknown whether John or Jane Does 1-12 were acting outside the scope of their jobs. It is unknown whether the Jon or Jane does [*sic*] 1-12 were involved in causation of the records being unlawfully and unconstitutionally produced."

2. <u>The Court's statement (Order at 4, n.3) that "The Does have been named based on allegations that they collected the documents which were assembled and redacted by Swenson and transmitted to Betz an to Plaintiff."</u>

Plaintiff asserts "error" in this statement on the grounds that she "asserted at least one of the John or Jane Does oversaw compliance with HIPAA and the ADA." (60(a) Motion at 3.) Plaintiff then cited her statement in her responsive brief: "The disclosure of protected health information under HIPAA and the ADA is likely to be overseen by the UW Medicine Chief Privacy Officer." (Response at 9.)

Again: Asserting (with no factual support) that "[t]he disclosure of protected health information under HIPAA and the ADA *is likely to* be overseen by the UW Medicine Chief Privacy Officer" is not a statement of fact; it is a conjecture. The fact that a statement in the Court's order does not comport with Plaintiff's speculation about an unnamed defendant does not constitute factual error.

3. <u>The Court's statement (Order at 5) that "[i]t is undisputed that Defendants, employees of a state university releasing documents pursuant to the PRA, were acting under color of state law."</u>

While Plaintiff takes no exception to the Court's finding that Defendants were acting under color of state law, she cites as error the statement that Defendants released the documents "pursuant to the PRA." It is evident from her briefing that she considers the phrase "pursuant to" equivalent to the phrase "in compliance with." It is not. The statement that a party released a document "pursuant to the PRA" (i.e., in response to a request made under that statute) is factual; to describe such an act as "in compliance with" the PRA is a legal conclusion which appears nowhere in the Court's order.

JOINT STIPULATED MOTION TO EXTEND TRIAL DATE - 6

4. <u>The Court's statement (Order at 6) that Plaintiff "in fact, [] acknowledges that the release of any private information to Betz was accidental."</u>

The record speaks for itself. Plaintiff stated, under penalty of perjury, that she contacted the University of Washington in hopes "that UW would request that my neighbor, Betz (who is an attorney) destroy all copies of personal, confidential information *that he was mistakenly provided*." (Dkt. No. 37, Declaration of Dalessio at 2; emphasis supplied.) Plaintiff argues that the statement is taken out of context because the declaration was in support of a motion to seal. That is irrelevant – Plaintiff made a statement under penalty of perjury touching directly on the merits of her case.

Plaintiff claims that she has since "conducted discovery and her theory of the case has changed." (60(a) Motion at 4.) She has provided zero evidence from this alleged discovery in support of a theory that Defendants deliberately divulged her personal information. She argues that it is Defendants' burden to establish the state of mind of its actors – Defendants are not required to produce proof of an element of their defense that Plaintiff has admitted. Additionally, the Court pointed to a wealth of circumstantial evidence supporting the conclusion that the disclosure of Plaintiff's information was inadvertent (*see* Order at 10-11), along with case law supporting a finding of good faith/inadvertence under those circumstances. Viewing the facts in the light most favorable to the non-moving party does not mean ignoring facts which do not support Plaintiff's theories, especially in the absence of any evidence to the contrary.

The Court's findings, based (in part) on Plaintiff's admission, were not made in error, and certainly do not represent the kind of "clerical error or oversight" contemplated by FRCP 60(a).

### III. Joint Stipulated Motion to Extend Trial Date

The parties jointly request an extension of their case schedule, for purposes of

1. Clarifying which Defendants are still in the case and whether additional discovery is necessary, and
2. Permitting Defendants to file an additional motion for summary judgment addressing the claims still remaining in Plaintiff's case.

As indicated *supra*, the Court does intend to permit Defendants an additional summary judgment motion (*see infra* for briefing schedule and noting date). To assist the parties in clarifying which Defendants remain in the case, the Court has created a spreadsheet indicating its understanding of the parties and claims remaining in this matter following the previous dispositive ruling. (*See* Attachment A.)

Defendants may file a second motion for summary judgment. Without ruling on whether additional dispositive motions practice will be permitted, the Court orders Defendants to confine their argument in the second summary judgment motion to the following issues:

a) Are Plaintiff's allegations concerning the disclosure of medical information and alleged violations of HIPAA and the ADA eligible for relief under § 1983?
b) Do Defendants' immunity defenses apply equally to Plaintiff's allegations concerning the disclosure of medical information and alleged violations of HIPAA and the ADA?
c) Is Plaintiff entitled to relief under any federal or state cause of action for the release of any of her protected information to herself, or are her claims limited to the release of information to third parties?
d) Does Plaintiff have standing to sue for the release of any information regarding third parties contained in the documents in her UW file?

This motion will be filed pursuant to the following schedule:

- Opening brief due: **Thursday, March 28**
- Response brief due: **Monday, April 15**
- Reply brief due (noting date): **Friday, April 19**

The motion will be governed in all other regards by the guidelines in LCR 7 (Form and Scheduling of Motions).

During the pendency of this second summary judgment motion, discovery will be stayed and the case schedule (including the trial date) will be suspended. The Court will revisit the issue of the case schedule and trial date after ruling on the upcoming motion.

### Conclusion

Neither party has established adequate grounds for either reconsideration or relief pursuant to FRCP 60(a). In the interest of permitting dispositive briefing on all the issues remaining in this case, the Court will permit the filing of a second summary judgment motion (limited to the issues described *supra*) and will suspend the case schedule pending a ruling on that motion.

The clerk is ordered to provide copies of this order to all counsel.

Dated March 15, 2019.

Marsha J. Pechman
United States Senior District Judge

# Attachment A

| | 1st Cause of Action: § 1983 (14th A.) | 2nd Cause of Action (stricken) | 3rd Cause of Action: § 1983 (4th A.) | 4th Cause of Action: Declaratory Jmt | 5th Cause of Action (stricken) | 6th Cause of Action: Breach of contract | 7th Cause of Action: Public Disclosure of Private Facts | 8th Cause of Action: Injunctive Relief |
|---|---|---|---|---|---|---|---|---|
| **Univ. of Wash.** | | | | Dismissed | | Dismissed | | |
| **E. Saunders** | Partially dism'd* | | Partially dism'd* | Dismissed | | | Partially dism'd* | Dismissed |
| **A. Swenson** | Partially dism'd* | | Partially dism'd* | Dismissed | | | Partially dism'd* | Dismissed |
| **P. Tapper** | Partially dism'd* | | Partially dism'd* | Dismissed | | | Partially dism'd* | Dismissed |
| **A. Palmer** | Partially dism'd* | | Partially dism'd* | Dismissed | | | Partially dism'd* | Dismissed |
| **Does 1-12** | Dismissed | | Dismissed | Dismissed | | | Dismissed | Dismissed |

* The portion of Plaintiff's claims concerning the release of her personal information (SSN, birthdate, etc. was dismissed)