1

2

3

4

5

6

7

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

9

JULIE DALESSIO, an individual,

Plaintiff,

10

v.

11

12

13

14

15

16

UNIVERSITY OF WASHINGTON, a
Washington Public Corporation; ELIZA
SAUNDERS, Director of the Office of
Public Records, in her personal and official
capacity; ALISON SWENSON, Compliance
Analyst, in her personal capacity; PERRY
TAPPER, Public Records Compliance
Officer, in his personal capacity; ANDREW
PALMER, Compliance Analyst, in his
personal capacity; JOHN or JANES DOES
1-12, in his or her personal capacity,

17

Defendants.

No. 2:17-cv-00642-MJP

DEFENDANTS' REPLY BRIEF IN
SUPPORT OF DEFENDANTS'
SECOND MOTION FOR SUMMARY
JUDGMENT

**Noted for Hearing:**
**Friday, April 19, 2019**

18

19

## I.     ARGUMENT AND ANALYSIS

20

21

22

23

24

25

26

Unable to refute Defendants' authority directly addressing the court's four requested topics, Plaintiff attempts several "back-door" theories, which all fail.  Ultimately, Plaintiff confirms the distinction between "confidential information" and "protected health information" under the ADA and HIPAA is immaterial as those statutes were *only* referenced to define the alleged contours of her constitutional privacy rights.[1]  The Court should dismiss Plaintiff's remaining § 1983 (Fourth Amendment search/seizure and Fourteenth Amendment privacy) and state public disclosure of private facts claims based on

27

---

[1] This is exactly how Defendants interpreted Plaintiff's claims in original summary judgment motion (Dkt. 119 at pp. 6-8) and on reconsideration (Dkt.155, p. 2-4).

DEFENDANTS' REPLY BRIEF IN SUPPORT OF DEFENDANTS'
SECOND MOTION FOR SUMMARY JUDGMENT - 1
2:17-cv-00642-MJP

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

1010-00051/426982.docx

alleged public disclosure of private medical information against Defendants Swenson, Palmer, Tapper and Swanson.

**A. Question a: Regardless of Plaintiff's Factual Allegations, She Cannot Use the ADA and HIPAA to Establish Contours of an Actionable § 1983 Claim.**

Despite arguments to the contrary, Plaintiff repeatedly bases her Fourth and Fourteenth Amendment claims *solely* on rights allegedly created by the ADA or HIPAA, citing repeatedly to those statutes' specific provisions.[2]  However, Plaintiff fails to establish (or even argue) ***an independent source*** of alleged privacy rights, as required by law to even establish the basis for a §1983 claim. Dkt. 162, p. 7-9.

It is well-established that she cannot enforce the literal definitions and statutory privacy requirements of the ADA and HIPAA through a §1983 claim, as both statutory schemes already include comprehensive remedial measures. *Iceberg v. Martin*, 2017 WL 396438, at *8 (W.D. Wash. 2017), appeal dism. sub nom. 2018 WL 4904818 (9th Cir. 2018), *citing Vinson v. Thomas,* 288 F.3d 1145, 1155-1156 (9th Cir. 2002) ("[P]laintiff cannot bring action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA[.]"); *Nickler v. Cty. of Clark*, 752 F.App'x 427, 429 (9th Cir. 2018) (same regarding HIPAA.) Plaintiff simply ignores this legal authority and makes no attempt to dispute it.

*Castro v. County of Los Angeles*, 833 F.3d 1060, 1067 (9th Cir. 2016), cited at Dkt. 162, p. 8:16-19 does not, in fact, suggest that HIPAA, ADA, or any other Federal statute "define the 'contours' of rights to privacy under the Fourth or Fourteenth Amendments" rather, this prisoner case discusses a prisoner's "right to be free from violence at the hands of other inmates." It is unclear why this case is cited at all.  Plaintiff also cites *Nicholas v. Wallenstein* for the proposition that a statute may be relevant to determining a person's expected privacy. 266 F.3d 1083 (9th Cir. 2001).  However, *Nicholas* simply states compliance with a state statute does not excuse a constitutional violation where one has

---

[2] Plaintiff also cites RCW 70.02.020.  However, as addressed below, Plaintiff has not shown how this state statute can form the basis of a Section 1983 claim.

DEFENDANTS' REPLY BRIEF IN SUPPORT OF DEFENDANTS'
SECOND MOTION FOR SUMMARY JUDGMENT - 2
2:17-cv-00642-MJP

**KEATING, BUCKLIN & McCORMACK, INC., P.S.**
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

occurred. *Id.* at 1088.  Nowhere does it say the ADA or HIPAA statutory rights may be used to establish Section 1983 claims or suggest a Constitutional violation occurred here.

Plaintiff's "disputed issues of material fact" address the definition of "protected health information" HIPAA, ADA, and RCW 70.02.010(17)." Dkt. 162 at pp. 4-5.  Plaintiff admits "[she] is referring to HIPAA and the ADA to define what privacy rights are afforded to her by the United States Constitution." Id. at p. 8:18-20.  Plaintiff herself describes the nine pages she alleges constitute the privacy breach only as allegedly protected by the ADA Id. at p. 10:2-4.  Thus, even assuming any question of whether HIPPA/ADA protected information might have been disclosed (which is was not), it is immaterial.  *See*, *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)( "Material" facts are those which might affect the outcome of the suit under governing law).

1.   Plaintiff's Fourth Amendment Claims Are Based on ADA and HIPAA Rights.

Plaintiff's brief unmistakably argues the alleged Fourth Amendment violation is based on "searching" for personnel files that she alleges is unreasonably only because they allegedly may contain ADA and HIPAA protected information somewhere therein.

> **Defendants should not have searched in confidential employee records** such as employee benefits and disability services office records **that contain protected HIPAA or ADA documents**. … Any documents containing Plaintiff's personal information should have been segregated off and protected from unauthorized searches or public inspection.
>
> A search should not even include any documents that fall under the purview of either HIPAA or the ADA.  Both HIPAA and the ADA requires [*sic*] documents that are governed by the respective laws to be segregated out from all other documents.  **The ADA requires in 42 U.S.C. § 12112(d)(3)(B) and 42 U.S.C. § 12112(d)(4)(C) that medical records be kept separately from nonconfidential information, and that access to confidential files be limited.**  Similarly, HIPAA 42 U.S.C. § 1320d-6(a)(3) is violated when a person knowingly "discloses individually identifiable health information to another person."

The undisputed factual evidence is also contrary to any such theory of liability against any named Defendant here. It is undisputed that neither Defendants Swenson,

DEFENDANTS' REPLY BRIEF IN SUPPORT OF DEFENDANTS'
SECOND MOTION FOR SUMMARY JUDGMENT - 3
2:17-cv-00642-MJP
1010-00051/426982.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

Palmer, Saunders, or Tapper actually accessed or "searched" any records or files themselves; they simply sent emails out to various departments throughout the University notifying them of the PRA request and asking that responsive documents be forwarded to the OPR. Dkt. 30 at ¶5-¶7, 30-7 (Swenson), Dkt. 120 at ¶6-¶9 (Saunders), Dkt. 121 (Tapper), Dkt. 29 (Palmer); *see also*, *Freeman Dec. in Support of Reply*, **Ex. A**. This Court had already ruled there is no Fourth Amendment violation stemming from public records officers requesting files internally, and subsequent searches, when responding to PRA requests. Dkt. 153, at p. 9.

        2.    <u>Plaintiff's Fourteenth Amendment Claims Are Based on ADA and HIPAA Rights.</u>

Similarly, Plaintiff's Fourteenth Amendment arguments show she is attempting to enforce ADA and HIPAA rights through Section 1983:

> The contours of this right to privacy in one's medical records is further evidences by several federal and state laws. **Similarly, HIPAA 42 U.S.C. § 1320d-6(a)(3) is violated when a person knowingly "discloses individually identifiable health information to another person." Also, for HIPAA in 45 CFR § 164.512(a) a covered entity may only disclose protected health information "to the extent that such use or disclosure is required by law and the use of disclosure complies with and is limited to the relevant requirements of such law."**

*Dkt. 162* at pp. 18:21-19:2. (Emphasis added.)  Plaintiff argued in her "Objection to New Arguments in Defendants Reply to Summary Judgment" that

> Defendants were on notice of Plaintiff's use of HIPAA and the ADA as Plaintiff mentions HIPAA and the ADA approximately ten (10) times in the First Amended Complaint. … Furthermore, the record is absent in the Motion for Summary Judgment of the case law and the legal argument that the ADA and HIPAA do not support a direct cause of action or give rise to a §1983 claim.

*Dkt. 134* at pp. 2-3.  After using those arguments of false prejudice to avoid complete dismissal on Defendants' earlier Motion, Plaintiff misled the Court into coming full-circle back to argue the issues originally briefed in Defendants' Motion for Summary Judgment regarding private health information. *See Dkt. 119*, at pp. 6-7.

DEFENDANTS' REPLY BRIEF IN SUPPORT OF DEFENDANTS'
SECOND MOTION FOR SUMMARY JUDGMENT - 4
2:17-cv-00642-MJP
1010-00051/426982.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

3.      Even If Plaintiff Had Established a Violation of *Constitutionally-Protected* Privacy Rights, the Court Has Already Found There is No Evidence Any of the Defendants Acted Intentionally to Violate Such a Right, and Plaintiff Presents No Such Evidence Here.

42 U.S.C. §1983 does not confer rights, but instead allows individuals to enforce rights contained in the U.S. Constitution. *Vinson v.Thomas*, 288 F.3d 1145, 1155 (9th Cir. 2002).   Blanket citations to cases merely referencing privacy *interests* in medical information are insufficient to withstand dismissal.   Even assuming nine pages of documents released to Betz contained constitutionally-protected material, it is undisputed the documents were highly redacted (and withheld as exempt) in an attempt to protect private information. "[T]the Constitution is intended as a bulwark against abuses of power, governmental power 'used for purposes of oppression.' " *Dkt. 153* at p. 6:4-13 (citing *Daniels v. Williams*, 474 U.S. 327, 331-32.)  It is does not provide actionable claims for conduct that is allegedly negligent or merely debatable in its wisdom. *Id.*   Plaintiff absolutely fails to point to any evidence suggesting any Defendant intentionally tried to violate any right protected by the U.S. Constitution, which is required to proceed on a §1983 claim.

This Court already found Plaintiff failed to produce evidence any Defendant intentionally acted to violate her constitutional rights by failing to redact Plaintiff's SSN in some locations; the same conclusion is warranted  here in light of undisputed evidence Defendant Swenson made extensive redactions and withheld documents determined might be exempt based on privacy interests. Dkt. 153 at p. 8:11-16.   Attempting to argue "Defendants" intentionally violated her constitutional rights because they withheld or redacted documents pursuant to HIPAA and RCW 70.02.020, Plaintiff concedes that Defendant Swenson made extensive efforts to protect Plaintiff's private information and at best Plaintiff argues she simply disagrees with her interpretation of the scope of those interests.  Dkt. 162 at p. 6:5-19.

4.      Section 1983 Claims Cannot Be Based on Rights Established Under State Law; Plaintiff's Repeated References to Rights Under RCW 70.02.020 Are Irrelevant.

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX:  (206) 223-9423

Plaintiff's claims for violations of her rights under RCW 70.02.020 must fail as she has not shown how that statute implicates a federal right. *Holy Ghost Revival Ministries v. City of Marysville*, 98 F. Supp. 3d 1153, 1174 (W.D. Wash. 2015) ("Without an underlying violation of a federally protected right, a Section 1983 must fail."; "Section 1983 does not vindicate state constitutional violations.")

**B.    Question b:  Plaintiff Fails to Raise a Question of Fact or Law as to Application of Qualified Immunity and/or Statutory Good Faith Immunity to Preclude Federal or State Law Claims Against Named Defendants.**

Even assuming Plaintiff could state a viable source of legal authority supporting a § 1983 claim and create a question of about "intentional" versus "negligent" conduct that could amount to a violation of a Constitutional right, Defendant Swenson (the only employee to produce documents to a third party) would be entitled to qualified immunity for the reasons argued previously. Dkts. 161, 153. As this court previously acknowledged, defining the scope of Constitutionally-protected privacy rights is a "fluid and not entirely well-defined area of law." Order, Dkt. 153, p. 7.  Plaintiff fails to establish a constitutional violation under either the Fourth or Fourteenth Amendment, much less that it was clearly established at the time that any defendant conduct here could amount to a § 1983 constitutional violation

The standard for qualified immunity from Federal claims is an objective one: if any individual in Ms. Swenson's (or any Defendant's) position arguably *could have believed* they were complying with Constitutional mandates as they performed their job duties, they are immune from liability.  *See*, *White v. Pauly*, 137 S. Ct. 548, 552 (2017). In finding the law is clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate[.]" *Id*., at 551.

As Plaintiff fails to identify *any* case where a government employee acting under similar circumstances as Ms. Swenson or any Defendant here was held to have violated the Fourth or Fourteenth Amendment, even assuming one could argue a potential new theory of liability, there is no question that any such notion is far from clearly-established.

DEFENDANTS' REPLY BRIEF IN SUPPORT OF DEFENDANTS'
SECOND MOTION FOR SUMMARY JUDGMENT - 6
2:17-cv-00642-MJP
1010-00051/426982.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

1.      Nothing in Pages 69-77 of *Dkt. 34* Constitutes Constitutionally-Protected Health Information, Nor Is it Clearly-Established That a Public Employee Would Know That It Might.

Plaintiff's response immediately confirms the *only* documents produced by Defendant Swenson to a third-party that she alleges contain constitutionally-protected health information are pages 69-77 in *Dkt. 34*. *Dkt. 162*, at p. 4:21-25. The documents referenced on page five of her response brief (lines 2-18) were only produced to Plaintiff herself and are therefore not actionable under any state or federal cause of action. (*See*, *Dkt. 161* at pp. 11-14 for an in-depth analysis.) As the Court can see, these documents are either illegible, highly redacted, or do not contain even a potential reference to "highly private" health information.

Even if Plaintiff personally disagrees with the scope of redactions made pursuant to the PRA and other statutes, the information on the nine pages Plaintiff claims to be health-related is not the type of information that any public employee would *know* to implicate *constitutional* privacy rights. *See*, *Cooksey v. Boyer*, 289 F.3d 513, 515-16 (8th Cir. 2002) (Requiring information released to be either a "shocking degradation or an egregious humiliation."). Nor does any legal authority remotely suggest that producing an individual's personnel file *to herself* as Defendant Palmer did, even under the PRA, violates any constitutional right. To the contrary, there are state statues requiring it when requested by the employee. RCW 49.12.240-.250. Thus, Defendants Swenson and Palmer, and Defendants Saunders and Tapper, who had no role but serving as their supervisors at the time of this conduct, are entitled to qualified immunity from Plaintiff's Fourteenth Amendment Substantive Due Process "Constitutional privacy" claims (First Cause of Action).

2.      This Court Has Already Held That Searching Departments for Employee Records in Response to a Public Records Act Request Does Not Constitute an Unreasonable Search or Seizure Under the Fourth Amendment and No Legal Authority Suggests it Could Be.

Plaintiff spends significant time addressing a decided issue, asserting "[t]he search of Plaintiff's medical information under the Public Records Act is an unreasonable search

**KEATING, BUCKLIN & McCORMACK, INC., P.S.**
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

and seizure[.]" *Dkt. 162* at p. 13:21-3.  This Court has already held as a matter of law that "responding to a legitimate PRA request falls into the category of a legitimate 'noninvestigatory work-related purpose' and that Plaintiff's Fourth Amendment rights have not been violated by Defendants' conduct." *Dkt. 153* at p. 9:8-11.  No court has ever suggested the conduct similar to Defendants' here could even arguable amount to a an unlawful search and seizure, and Plaintiff points to none.  Dkt. 162, pp. 13-17, 19-21.

Plaintiff repeatedly accuses "Defendants" of searching through protected medical information retained by "UW Medicine" in an apparent attempt to create an impression that someone (not the named Defendants) actually may have searched some sort of patient records at a hospital. Dkt. 162, p. 14-16. [3]  Plaintiff is well-aware, and the evidence is undisputed, that requests for employment files potentially responsive to PRA requests were sent to "UW Medicine" because that is where Plaintiff had *worked*: at UW Medicine in the Department of Laboratory Medicine.  *Dkt. 1.1*, at ¶ 3.1.  Defendants have a duty under the PRA caselaw to make a reasonable search of anywhere responsive documents may be found. *Neighborhood All. of Spokane Cty. v. Spokane Cty.*, 172 Wash. 2d 702, 720, 261 P.3d 119, 128 (2011).  Plaintiff's insinuation that anyone may have searched personal patient medical records is simply false; it is undisputed that no Defendant here actually "searched" anywhere as opposed to emailing requests to various departments.  *See, Freeman Dec.*, Ex. A.  All Defendants here are entitled qualified immunity from a § 1983 claim based Fourth Amendment unlawful search and seizure (Fourth Cause of Action).

3.   <u>At All Times, Defendants Acted in Good Faith to Comply With the PRA, and are, Therefore, Immune From State Law Claims.</u>

Plaintiff simply ignores the specific immunity RCW 42.56.060 provides.  Dkt. 162,

---

[3] Defendants request the Court strike *Dkt. 162-1*, Exhibit A to Plaintiff's response (PR-2017-00359), as it is not attached to any declaration properly establishing foundation and personal knowledge of the contents of the document. Nor does this record contain any request for **Plaintiff's** employment records or evidence regarding production of Plaintiff's information, and it is thus irrelevant. Plaintiff's Resp., p. 15, ll. 3-7, falsely asserts that "Defendants" seized Plaintiff's "medical information, subsequently producing it numerous times in response to multiple Public Records Act requests" and erroneously implies PR-2017-00359, submitted after Plaintiff filed this lawsuit and requesting records of unrelated third parties, involved a search or production of Plaintiff's records when it is undisputed it did not. *Id*. p. 15.

DEFENDANTS' REPLY BRIEF IN SUPPORT OF DEFENDANTS'
SECOND MOTION FOR SUMMARY JUDGMENT - 8
2:17-cv-00642-MJP

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

p. 22.  Good faith is determined by considering all the relevant circumstances.  *Deschamps v. Mason Cty,* 123 Wn.App. 551 (2004), *citing Whaley v. DSHS*, 90 Wn.App. 658, 669, 956 P.2d 1100 (1998).   The issue of good faith is routinely resolved on summary judgment where the evidence in the record shows good faith and there is no evidence to show lack of it.  *Id.*; *see also*, *Marthaller v. King Cty.*, 973 P.2d 1098 (1999); *Levine v. Bothell*, 2012 WL 2567095 (W.D. WA 2012).   The record clearly establishes that all four defendants were simply trying to fulfill their job duties as required by the PRA.  They described the reasonable steps they took consistent with the PRA and training and Swenson's documented efforts to interpret and apply exemptions.

**C.     Question c:  Producing Plaintiff's Own Personnel Records Produced to Her In Response to Her Request Does Not Invalidate PRA Protections or Support a Cause of Action Under State or Federal Law.**

Plaintiff incorrectly argues that a personnel file processed as responsive to a request for her own employment records, whether in response to a PRA request or otherwise, somehow sheds all protections and exemptions otherwise applicable to those records if requested by a third-party in the future.  No legal authority supports this red-herring theory.  Regardless of the form of Plaintiff's request for her own records, it is undisputed Defendant Andrew Palmer "interpreted [Plaintiff's] request as a former employee's request for her own file, meaning it would not be redacted." *Dkt. 29* at ¶ 5.  Employee's requests for their own personnel files often come in the form of PRA requests, and employers are separately obligated to provide such files to their employees pursuant to RCW 49.12.240-.250.  *Phillips v. Valley Commc'ns, Inc.*, 2010 WL 5394783, 159 Wash. App. 1008 (2010); *Wood v. Lowe*, 102 Wash. App. 872, 10 P.3d 494 (2000) (PRA requirements and penalties did not apply where defendant interpreted the request as an RCW 49.12.240, .250 request for her own personnel file.)

There is no basis for presuming Plaintiff's records would not be similarly redacted/exempted if requested again by a third-party (and any such theorized allegation

DEFENDANTS' REPLY BRIEF IN SUPPORT OF DEFENDANTS'
SECOND MOTION FOR SUMMARY JUDGMENT - 9
2:17-cv-00642-MJP
1010-00051/426982.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

would be premature as it has not occurred).[4]  In fact, courts have specifically found parties

do not waive their right to object to disclosure of public records requests even where they

knowingly choose not to object to an earlier PRA request for the same records.

> Neither the personal information exemption nor the investigative records
> exemption expressly requires a person to object to every single public
> records request that might occur in order to preserve the exemption for
> future requests. … The failure to object to a single public records request is
> only a relinquishment of the right to prevent that specific production. It is
> not an intentional and voluntary relinquishment of a person's right to privacy
> regarding all future requests for that document. The fact that Officer Cain
> failed to prevent the production of the PCIR and the MIIIR for Baurick and
> the *Kitsap Sun* newspaper should not mean he is forever prohibited from
> protecting his right to privacy.

*Bainbridge Island Police Guild v. City of Puyallup*, 172 Wash. 2d 398, 409–11, 259 P.3d

190, 195–96 (2011).[5]

Plaintiff's personnel files are not "in the public domain"—they were produced in

unredacted form <u>to her and only her</u>.  "[A] plaintiff asserting that information has been

previously disclosed bears the initial burden of pointing to specific information in the

public domain that duplicates that being withheld." *Muslim Advocates v. U.S. Dep't of

Justice*, 833 F. Supp. 2d 92, 99 (D.D.C. 2011).  No legal theory under Federal or State law

provides for any cause of action where information is not published to a third-party.  *See*,

Dkts. 119, 132, and 161.

**D.     Question d:  Plaintiff Concedes She Does Not Have Standing and is Not
Pursuing Claims Based on Release of Information Regarding Third Parties
Claims, Nor Does Any Actionable Claim Exist.**

Plaintiff concedes she is not claiming standing to sue for release of information

regarding third parties. Dkt 162, at pp. 8:6-7, 23:17-20.  Nor has Plaintiff produced legal

authority supporting any theory of liability based on such facts.

---

[4] This court already dismissed any claims for injunctive relief with prejudice. Dkt. 153 at pp. 13-14; Dkt. 160 at p. 10.

[5] Further, there is no evidence the Ninth Circuit has adopted the "public domain doctrine." Watkins v. U.S. Bureau of Customs & Border Prot., 643 F.3d 1189, 1199 (9th Cir. 2011).  Plaintiff cites no legal authority, and Defendants can similarly locate no cases, applying the "public domain doctrine" to documents produced under the Washington Public Records Act.  This doctrine is wholly inapplicable to the facts of this case.

DEFENDANTS' REPLY BRIEF IN SUPPORT OF DEFENDANTS'
SECOND MOTION FOR SUMMARY JUDGMENT - 10
2:17-cv-00642-MJP

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

1010-00051/426982.docx

1.    "Pattern and Practice" Is Inapplicable to Plaintiff's Remaining Claims.

Plaintiff spends considerable time referring to alleged "pattern and practices" of "Defendant" or "Defendants."   Dkt. 162, pp. 23-24. Here again, Plaintiff appears to ignore that the University is not a Defendant, and fails to produce evidence Defendants Swenson, Palmer, Tapper, or Saunders unlawfully disclosed protected employee health information on this *or any other* occasion. Even if the court considered the inadmissible document attached to Plaintiff's Response, this PRA report appears to document processing of a single PRA request in 2017-2018 by an "Officer" and "Decision Maker" named Lynn O'Shea—*not* any of the Defendants named here.  Dkt. 162-1.

Plaintiff provides no additional actionable legal authority related to her "pattern and practice" arguments.  The Court previously noted a similar lack of authority and expressed doubt as to the viability of these arguments, and fails to provide legal authority supporting an actionable claim against Defendants here. *Dkt. 153* at fn. 8.

Plaintiff repeatedly asserts that "Defendants" engaged in a "pattern and practice" of overproducing confidential medical information to support her 42 U.S.C. § 1983 claims. To be clear, "pattern and practice" evidence is only potentially relevant in *Monell* claims against an agency, and still requires evidence that such a pattern or practice actually caused an actionable violation of the plaintiff's Constitutional rights.   Unsupported theories of "pattern or practice" is irrelevant to claims against Defendants Tapper, Swenson, Palmer and Saunders who are sued in their individual capacities

Knowing negligence cannot support a §1983, Plaintiff argues "[o]ne of the recognized legal standards above negligence is a pattern and practice of a behavior." *Dkt. 162* at p. 24:6-7.  It is not.  Plaintiff cites a failure to train case to support her argument, but it is undisputed that the "deliberate indifference" standard applies for municipal liability in "failure to train" cases, and a plaintiff still must prove, with evidence, that such a practice was known to cause constitutional injuries, and that it did so to the Plaintiff here.  *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 411, 117 S. Ct. 1382, 1392, 137

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

L. Ed. 2d 626 (1997).

    2.    <u>Claims Against Eliza Saunders in Her Official Capacity Should Separately Be Dismissed Because They Attempt to Enforce ADA and HIPAA Rights Through Section 1983 Claims.</u>

In *Iceberg, supra,* the court ruled in 2017 that the preclusion of §1983 suits based on rights set forth in the ADA applies to claims brought against public employees in their official as well as individual capacities. *Id.* at 8 (dismissing all 1983 claims based on rights created by ADA against all defendants in both individual and official capacities); *see also, Holbrook v. City of Alpharetta*, 112 F.3d 1522 (11th Cir. 1997)(plaintiff cannot maintain a 1983 action in lieu of—or in addition to—the ADA if the only alleged deprivation is of the rights created by the ADA); *Cherry v. City of Coll. Of S.F.* 2006 WL 6602454 at *12 (official/individual capacity distinction does not alter preclusive effect of the ADA). For the same reason, the principles barring §1983 claims based on HIPAA apply whether a Defendant is named in an individual or official capacity. *See, Nickler, supra* at 429 (9th Cir. 2018).  As Plaintiff concedes her § 1983 claims are based solely on rights she alleges are established by HIPPA and the ADA, any "official capacity" claims are similarly barred.

## II.    CONCLUSION

It is important to remember the foundation of Plaintiff's claims is her incorrect believe as to the scope of privacy the U.S. Constitution guarantees. A complaint does not survive dismissal where "it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iceberg,* at *4. (quoting *Twombly*, 550 U.S. at 557). In addition, "[a] plaintiff suing multiple defendants 'must allege the basis of his claim against each defendant.'" *Id.*  Plaintiff has never stated legal authority or evidence supporting a viable legal theory against these Defendants and thus her remaining claims against all defendants should be dismissed as a matter of law.

///

///

///

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

DATED:  April 19, 2019

KEATING, BUCKLIN & McCORMACK, INC., P.S.


By:  */s/ Jayne L. Freeman*
Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for Defendant

801 Second Avenue, Suite 1210
Seattle, WA  98104
Phone: (206) 623-8861
Fax:     (206) 223-9423
Email: jfreeman@kbmlawyers.com

DEFENDANTS' REPLY BRIEF IN SUPPORT OF DEFENDANTS'
SECOND MOTION FOR SUMMARY JUDGMENT - 13
2:17-cv-00642-MJP
1010-00051/426982.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**CERTIFICATE OF SERVICE**

I hereby certify that on April 19, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiff**

Mr. Joseph Thomas
14625 SE 176th Street, Apt. N-101
Renton, WA 98058-8994
Telephone:  (206) 390-8848
Email:  joe@joethomas.org

DATED:  April 19, 2019

/s/ Jayne L. Freeman
Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for
Defendant
801 Second Avenue, Suite 1210
Seattle, WA  98104
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: jfreeman@kbmlawyers.com

DEFENDANTS' REPLY BRIEF IN SUPPORT OF DEFENDANTS'
SECOND MOTION FOR SUMMARY JUDGMENT - 14
2:17-cv-00642-MJP
1010-00051/426982.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423