The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIE DALESSIO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON, a Washington Public Corporation; Eliza Saunders, Director of the Office of Public Records, in her personal and official capacity; Alison Swenson, Compliance Analyst, in her personal capacity; Perry Tapper, Public Records Compliance Officer, in his personal capacity; Andrew Palmer, Compliance Analyst, in his personal capacity; John or Jane Does 1-12, in his or her personal capacity,<br><br>Defendants. | No. 2:17-cv-00642-MJP<br><br>OBJECTION TO NEW EVIDENCE IN DEFENDANTS' REPLY TO SECOND MOTION FOR SUMMARY JUDGMENT<br><br>**Note on Motion Calendar November 19, 2019** |

"[T]he purpose of an objection is to provide the district court an opportunity to correct any substantive errors before they are appealed." *US v. Wiley*, 509 F. 3d 474, 479 (8th Cir. 2007).

1. **Plaintiff objects to Defendants' new evidence in the Reply to the Second Motion for Summary Judgment – Dkt. 164-1.**

Plaintiff Julie Dalessio objects to Defendants' new evidence in its Reply to the Second

Objection
Case 2:17-cv-00642

1

Law Office of Joseph Thomas
14625 SE 176th St., Apt. N101
Renton, Washington
Phone (206)390-8848

1  Motion for Summary Judgment where it was produced for the first time in Dkt. 164-1.

2  "It is well established that new arguments and evidence presented for the first time in
3  Reply are waived." *Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006)
4  (*citing United States v. Patterson*, 230 F.3d 1168, 1172 (9th Cir.2000)); *Sophanthavong v.*
5  *Palmateer*, 365 F.3d 726, 737 (9th Cir.2004) (noting the "obvious" prejudice wrought by
6  allowing litigants to raise arguments for the first time in reply: doing so deprives opposing
7  counsel of "the opportunity to point to the record to show that the new theory lacks legal or
8  factual support"); *Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir.1996) ("Issues raised for the first
9  time in the reply brief are waived."); *FT Travel—New York, LLC v. Your Travel Center Inc.,* 112
10 F. Supp. 3d 1063, 1079 (C.D. Cal. 2015); *Montana Fair Hous., Inc. v. City of Bozeman*, 854 F.
11 Supp. 2d 832, 846 (D. Mont. 2012) ("Because Bozeman has not had an opportunity to respond
12 [to] this specific argument, raised for the first time on reply, the Court declines to address it
13 here."); *Dietrich v. Trek Bicycle Corp.*, 297 F.Supp.2d 1122, 1128 (W.D. Wis.2003) ("Defendant
14 raised this argument for the first time in its reply brief. Because this argument should have been
15 raised earlier or not at all, I will not consider it"); *Public Citizen Health Research Group v.*
16 *National Institutes of Health*, 209 F.Supp.2d 37, 44 (D.D.C.2002) ("The Court highly disfavors
17 parties creating new arguments at the reply stage that were not fully briefed during the
18 litigation.... By placing a new argument in the Reply, Plaintiff does not permit Defendant or
19 Intervenor-Defendant to competently respond to such an argument"); *Grupo Gigante S.A. de C.V.*
20 *v. Dallo & Co., Inc.*, 119 F.Supp.2d 1083, 1103 n. 15 (C.D.Cal.2000) ("Although the defendants
21 raised a laches defense in their opposition to the plaintiffs' motion for summary judgment, the
22 first time they raised a statute of limitations defense was in their reply brief. The Court need not,
23 and does not, consider arguments raised for the first time in a reply brief").

24 Here Defendants produced evidence for the first time the Reply to the Second Motion for
25 Summary Judgment for the purpose that Defendants Swenson and Palmer acted in the scope of
26 their job duties.  Defendants first made arguments about the scope of Defendants' job duties in
27 the Motion for Leave to file an Amended Answer. *See* Dkt. 97.  In the Motion for Leave to file an
28 Amended Answer, Defendants argued the defenses of discretionary immunity and good faith

immunity needed to be added to an Amended Answer. Discretionary immunity by definition is a defense based upon the official's job function and if that job function included discretionary decisions. Good faith immunity applies when an official is acting in good faith within the scope of their job. Defendants have been making arguments about the scope of their jobs for eight months. There is no reason why this evidence could not be produced before.

If this Court considers Defendants new evidence, then Plaintiff will be prejudiced and deprived of the "opportunity to point to the record to show that the new" evidence "lacks legal or factual support" because of Defendants impermissible ambush. *Sophanthavong v. Palmateer,* 365 F.3d 726, 737 (9th Cir.2004).

This new evidence is not appropriately before the Court and as a matter of well-established law Defendants have waived this evidence

Respectfully submitted this 25 day of April 2019.

                            Law Office of Joseph Thomas

                            ___/s/ Joseph Thomas_____
                            Joseph Thomas, WSBA 49532

**Certificate of Service**

I hereby certify that on 25 of April 2019, I filed the foregoing with the Clerk of the Court through the CM/ECF system which will automatically send electronic mail notification of such filing to the CM/ECF registered participants as identified on the Electronic Email Notice List.

                            ___/s/ Joseph Thomas_____
                            Joseph Thomas, WSBA 49532
                            14625 SE 176th St., Apt. N101
                            Renton, WA 98058
                            (206) 390-8848