The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIE DALESSIO, an individual,<br>Plaintiff,<br>v.<br>UNIVERSITY OF WASHINGTON, a Washington Public Corporation; Eliza Saunders, Director of the Office of Public Records, in her personal and official capacity; Alison Swenson, Compliance Analyst, in her personal capacity; Perry Tapper, Public Records Compliance Officer, in his personal capacity; Andrew Palmer, Compliance Analyst, in his personal capacity; John or Jane Does 1-12, in his or her personal capacity,<br>Defendant. | No. 2:17-cv-00642-MJP<br>PLAINTIFF'S MOTION FOR FILED DOCUMENTS TO REMAIN UNDER SEAL<br>**Noted for Hearing: Friday, June 14, 2019**<br>***** Oral Argument Requested** |



Law Office of Joseph Thomas
5991 Rainier Ave. South #B
Seattle, Washington 98118
Phone (206)390-8848

## I. INTRODUCTION

It does not make any sense for Ms. Dalessio to disclose her private medical information in public court record to prove that Defendants are violating her right to privacy by disclosing it to the public through the Public Records Act.

## II. RELIEF REQUESTED

1. The Court orders the documents with this motion to remain under seal; or alternatively,
2. Allow plaintiff to proceed anonymously under a new case number and file documents with only her identifying information redacted.

## III. FACTUAL BACKGROUND

This is a lawsuit about whether the disclosure of private medical information is unlawful and unconstitutional. Dkt. 82 (first amended complaint). Specifically, Ms. Dalessio is arguing that her privacy rights are violated when Defendants disclosed her private medical information to the public. Id.

In Dkt. 51 this Court granted Ms. Dalessio's motion in part and ordered the following documents sealed in the court record: Dkt. 30-1, Dkt. 30-2, Dkt. 32, Dkt. 33, Dkt. 34, and Dkt. 37-1 through 37-7. This Court recognized the sensitive nature of these documents, which often contain private medical information that should not be public. In Dkt. 39 Defendant did not object to these documents being sealed by the Court.

In pertinent part, this Court ordered both parties to specifically address in a second motion for summary judgement whether Ms. Dalessio is entitled to relief: 1; for the "disclosure of medical information and alleged violations of HIPAA and the ADA eligible for relief under § 1983"; and 2. for the release of her private medical information to "herself, or are her claims limited to the release of information to third parties?" Dkt. 160 at 8.

## IV. EVIDENCE RELIED UPON

Declaration of Terrilyn Heggins, and Declaration of Julie Dalessio.

## V. LEGAL AUTHORITY

LCR 5(g) permits this Court to order that documents remain under seal.

"There can be no question that ... medical records, which may contain intimate facts of a personal nature, are well within the ambit of materials entitled to privacy protection." *Doe v. Delie*, 257 F. 3d 309, 315 (3rd Cir. 2001) (quoting *United States v. Westinghouse Elec. Corp.*, 638 F.2d 570, 577 (3d Cir.1980)); *Norman-Bloodsaw v. Lawrence Berkeley Laboratory*, 135 F. 3d 1260, 1269 (9th Cir. 1998) (stating "[t]he constitutionally protected privacy interest in avoiding disclosure of personal matters clearly encompasses medical information and its confidentiality").

## VI. CERTIFICATION OF MEET AND CONFER

Plaintiff Julie Dalessio's attorney has met and conferred with Defendants' attorneys in an attempt to reach agreement on the need to file the document under seal, and to minimize to minimize the amount of material filed under seal. Defendants objected filing a joint motion. This conference was by email with Plaintiff's attorney Joseph Thomas and Defendants' attorneys Jayne Freeman and Derek Chen on May 30-31, 2019.

## VII. ARGUMENT

### 1. Ms. Dalessio's legitimate private interests that warrant the relief sought

It is without question that Ms. Dalessio has a legitimate constitutional right of privacy in her medical information, protected by the Fourth and Fourteenth Amendments to the United States Constitution. U.S. Const. amend. IV; U.S. Const. amend. XIV. If this Court does not grant the requested relief then Ms. Dalessio's private medical information will be produced to the public through PACER, which will irreparably violate her constitutionally protected right of privacy.

"There can be no question that ... medical records, which may contain intimate facts of a personal nature, are well within the ambit of materials entitled to privacy protection." *Doe v. Delie*, 257 F. 3d 309, 315 (3rd Cir. 2001) (quoting *United States v. Westinghouse Elec. Corp.*, 638 F.2d 570, 577 (3d Cir.1980)); *Norman-Bloodsaw v. Lawrence Berkeley Laboratory*, 135 F. 3d 1260, 1269 (9th Cir. 1998) (stating "[t]he constitutionally protected privacy interest in

avoiding disclosure of personal matters clearly encompasses medical information and its confidentiality”).

The 20 documents that Ms. Dalessio is requesting remain under seal are medical documents. The documents contain the doctor’s name, doctor’s signature, patient’s name, and medical diagnoses.

Ms. Dalessio has never signed a waiver or authorized the dissemination of this information. Dkt. 131 at 2, ¶ 4.

If this information is published in the court record then the damage will be irreparably done because “once there is disclosure, the information belongs to the general public.” *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004).

**2. There will be immediate and irreparable injury to Ms. Dalessio’s privacy if the relief sought is not granted**

Publishing Ms. Dalessio’s private medical information in the court record will irreparably damage her privacy rights.

“[O]nce there is disclosure, the information belongs to the general public.” *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004).

The court record is a public record. Therefore, anything that is in the court record belongs to the public. Ms. Dalessio’s privacy is damaged when her medical information is released to the public.

**3. There is not a less restrictive alternative to the relief sought**

There is not a less restrictive alternative to the relief sought. Ms. Dalessio and her attorney tried to work with Defendants to find an agreeable solution. Defendants’ attorneys are intransigent and refused to even engage in a discussion.

Moreover, to be as transparent as possible, Ms. Dalessio and her pro bono attorney selected a small sampling of 20 pages out of more than 1,300 documents. Ms. Dalessio could legitimately add more documents from the 1,300 as evidence, but to be transparent selected a few to make its point.

## VIII. CONCLUSION

This motion is in line with what this Court's previous order to seal documents in Dkt. 51. It does not make any sense for Ms. Dalessio to disclose her private medical information in public court record to prove that Defendants are violating her right to privacy by disclosing it to the public through the Public Records Act.

Respectfully submitted this 04 day of June 2019.

Law Office of Joseph Thomas

___/s/ Joseph Thomas_____
Joseph Thomas, WSBA 49532

**Certificate of Service**

I hereby certify that on 04 of June 2019, I filed the foregoing with the Clerk of the Court through a hand-delivered paper copy, and served upon Defendants' attorneys a hand-delivered paper copy.

___/s/ Joseph Thomas_____
Joseph Thomas, WSBA 49532
5991 Rainier Ave. South #B
Seattle, WA 98118
(206) 390-8848