1

The Honorable Marsha J. Pechman

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9           WESTERN DISTRICT OF WASHINGTON

10

11    JULIE DALESSIO, an individual,              No.  2:17-cv-00642-MJP

12              Plaintiff,                         PLAINTIFF'S MOTION FOR
                                                   RECONSIDERATION of Orders Dkt. 160, 176,
13        v.                                       177 summary judgment and dismissal,

14    UNIVERSITY OF WASHINGTON, a                   and
      Washington Public Corporation; Eliza
15    Saunders, Director of the Office of Public   MOTION TO AMEND COMPLAINT
      Records, in her personal and official
16    capacity; Alison Swenson, Compliance
      Analyst, in her personal capacity; Perry
17    Tapper, Public Records Compliance
      Officer, in his personal capacity; Andrew        **Noted for Hearing:  Friday, June 21, 2019**
18    Palmer, Compliance Analyst, in his
      personal capacity; John or Jane Does 1-12,
19    in his or her personal capacity,

20              Defendant.

21

22

23

24

25

26

27

28
      Plaintiff's Motion for  Reconsideration              1
      Case 2:17-cv-00642

## I.   RELIEF REQUESTED

Plaintiff, Ms. Dalessio, requests the Court reconsider its Orders in Dkts. 160, 176 and 177 for summary judgment and dismissal of her claims and allow this case to go forward to trial.

## II.   LEGAL AUTHORITY

LCR 7(h) permits this Court to reconsider orders "upon showing of new facts . . . which could not have been brought to its attention earlier with reasonable diligence."

Rule 60(b) provides "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;" or "(6) any other reason that justifies relief."

Rule 15(a)(2) provides that a party may amend its complaint with the court's leave, and "The court should freely give leave when justice so requires."

## III.   HISTORY

Following several attempts by Ms. Dalessio to work with representatives of the University of Washington (UW), to obtain assurances of action to secure the personal and private information that was improperly produced by the Office of Public Records [Dkt. 82 at 7-9] Plaintiff filed a lawsuit in King County Superior Court on March 28, 2017, naming Defendant UW, in her complaint for "INVASION OF PRIVACY/ PUBLIC RECORDS VIOLATIONS; BREACH OF CONTRACT; DEFAMATION/LIBEL; DISCRIMINATION/ RETALIATION; NEGLIGENCE." [Dkt. 1.1]

On April 24, 2017, Defendant UW removed this case to this U.S. District Court. [Dkt. 1]

With Plaintiff's pending *pro se* motions to compel discovery, defendant's counter motions for protection from discovery and defendant's motion for summary judgment, On January 19, 2018, this court appointed pro bono counsel, Joseph Thomas to represent Ms. Dalessio.[Dkt. 67]

Subsequently, this court granted Plaintiff's opposed motion to amend her complaint and on April 12, 2018, Mr. Thomas filed Plaintiff's first amended complaint [Dkt. 82] directed at defining Ms. Dalessio's claims to meet the heightened pleading requirements for Federal Courts.

2

Plaintiff's Motion for Reconsideration -
Case 2:17-cv-00642

1    Following Plaintiff's additional motions to compel disclosures[1] and discovery[2] and

2    defendant's several motions for protection from discovery, then defendant's two additional

3    motions for summary judgment, and a hearing in open court on June 5, this Court granted

4    summary judgment to Defendants and ordered dismissal of this case on June 7, 2019.

5                    **IV.    ARGUMENT**

6       **1.  New facts in this case warrant the relief sought**

7    In April, 2019 defendants produced a public records release to "Public Records News

8    Media."(*see* Dkts. 172, 173, 174 and attachments, identifying this new evidence.)  Dkt. 174-1

9    identifies that Defendant Tapper was the "Compliance Officer" involved in the production of PR-

10    2019-00035. *id* at 2

11    In PR-2019-00035, Defendants again produced the same documents and information (and

12    more[3]) that is the subject of Ms. Dalessio's complaint including her social security number; date

13    of birth, place of birth; home address; citizenship; phone number; personal email; employee

14    identification number; payroll records; protected health information; comments by other

15    employees about her disabilities; benefits information; insurance information; employment

16    security records; performance evaluations and deliberately misleading, unfounded allegations

17    related to alleged misconduct; work and leave records; previous legal surnames; signature; copies

18    of letters retained in breach of the 2003 settlement agreement between Defendant UW and

19    Dalessio; cognitive job analysis; psychiatric notes; intimate personal information about Dalessio's

20    home life;

21    Defendants apparently made no attempts to redact this information (except SSN, which

22    they failed to redact in 13 instances), and even produced a psychiatric evaluation of Ms. Dalessio,

23    unredacted, to "Public Records News Media."

---

[1] This court granted Plaintiff's motion to compel disclosures regarding persons with direct involvement, and denied her request for identification and production of documents regarding the job description and training of Ms. Saunders, Ms. Swenson, Mr. Tapper, Mr. Palmer and John/Jane Does, stating "Any documents Defendants intend to introduce as part of their defense have already been produced." [Dkt. 133 at 2]  Defendants have not produced any training records.
[2] This court has not made any rulings on any discovery motions.

[3] The PR release to "Public Records News Media" contains 1347 pages.  This is 205 pages more than that previously produced in response to Ms. Dalessio's public records request (filed under seal as Dkt. 38).

Plaintiff's Motion for Reconsideration -
Case 2:17-cv-00642

1    Dkt. 175 filed under seal, contains a small 20-page sample of this evidence. The

2    documents were provided by the UW Office of Public Records and Defendant Tapper,

3    unredacted, to "Public Records News Media." Dkt. 174-1

4    Ms. Dalessio did not obtain this evidence in time to produce it in opposition to

5    defendants' motions for summary judgment. *See decl.* Dkt. 182 and Dkt. 174

6    This evidence is proof that defendants knew of their intention to produce this public

7    records release (at least) before their latest motion for summary judgment filed March 28, 2019

8    (see the letter to "Public Records News Media" Dkt. 174-1 "Prepared for release: March 26,

9    2019") yet they never informed Ms. Dalessio of their intended public records production.

10    Defendants' flagrant, repeated public records production of the same personal and private

11    information that is the subject of Plaintiff's complaint is evidence that their production of

12    confidential information under the Public Records Act (PRA) was not accidental.

13    The UW Office of Public Records and Defendant Tapper repeated the production of the

14    same documents that are the subject of this lawsuit,[4] with deliberate indifference to exemptions

15    from production under the PRA, reckless disregard for their obligations under HIPAA and the

16    ADA, and flagrant disregard for the risks of harm to Ms. Dalessio's lawfully protected privacy

17    interests.  Defendants' deliberate selection and compilation of documents for production to

18    "Public Records News Media" is irrefutable evidence of Defendants' intent to humiliate and

19    discredit Ms. Dalessio, to harm her reputation and cast doubt on her credibility.

20

21    "to violate the constitutional right of privacy "the information disclosed must be either a shocking
degradation or an egregious humiliation ...to further some specific state interest, or a flagrant

22    breach of a pledge of confidentiality which was instrumental in obtaining the personal
information." Alexander, 993 F.2d at 1350 (citation omitted).Cooksey v. Boyer, 289 F.3d 513,

23    515-16 (8th Cir. 2002)." *from order* Dkt. 176 at 8

24    Defendants have acted to further their interests in influencing public opinion against Ms.

25    Dalessio and avoiding risks of lawsuits brought under the PRA.  This repeated production of

26

27    _____

28    [4] Defendants produced a different selection, assortment, and 205 more documents concerning Ms. Dalessio to "Public Records
News Media" than they produced in response to Ms. Dalessio's PR request (filed under seal as Dkt. 38) This is evidence of
dishonesty and unlawfulness of purpose, as well as proof of violations of the PRA.

Plaintiff's Motion for Reconsideration -

Case 2:17-cv-00642

personal, confidential information is another "flagrant breach of a pledge of confidentiality which was instrumental in obtaining the personal information." *Id*   Defendants' flagrant disregard for Ms. Dalessio's protected privacy interest amounts to a violation of her rights under the U.S. and Washington State Constitutions.

### 2.   Misrepresentation, or misconduct by defendants warrant the relief sought.

Defendants knew of their intention to produce this personal information about Ms. Dalessio to Public Records News Media at least two months before the June 5 hearing (see Dkt. 174-1 "Prepared for release: March 26, 2019") and were put on notice by Mr. Thomas that Ms. Dalessio had obtained this evidence a week before oral arguments (Dkt. 182-1) and yet defendants still maintained their assertions that any improper disclosure of protected information was unintentional.

Defendants objected to a joint motion to file this evidence under seal, therefore Mr. Thomas was unable to present this evidence to the court before summary judgement.*id*

### 3.   Misrepresentation by defendants in this case warrant the relief sought.

Defense Counsel, Ms. Freeman filed a declaration with this court in Dkt. 164, swearing "Exhibit A is a true and correct copy of excerpts from discovery responses from the University of Washington and Alison Swenson and transmittal letters confirming Alison Swenson and Andrew Palmer requested employment records . ." Since this exhibit (Dkt. 164-1) was submitted with Defendants' reply to summary judgment, Plaintiff filed a surreply/objection. Dkt. 165. This Court relied on Ms. Freeman's misrepresentations, denied Plaintiff's motion to strike, and mistakenly declared

"this evidence was excerpted from discovery responses produced to Plaintiff in August of 2018. See Dkt. No. 164-1 at 9. Both sides have previously filed the exhibit to which Plaintiff now objects. See Dkt. Nos. 136-1, 113 at 9, 113-12, and 108-3." *in order* Dkt. 176 at 5

Exhibit A in Dkt. 164-1 is in fact not a true or correct copy of anything, and it has not been previously filed in court documents. Dkt. 164-1 contains a selection and compilation of

Plaintiff's Motion for Reconsideration -
Case 2:17-cv-00642

different documents, with significant redactions (in yellow), significant pages missing, and even more egregious, Ms. Freeman has inserted Ms. Swenson's undated signature into other documents. See Dkt. 164-1 at 13

Attached at the end in Dkt. 164-1 is a selection of email strings with significant pages missing.  This exhibit does not confirm "Alison Swenson and Andrew Palmer requested employment records . ." as Ms. Freeman misrepresents, but instead confirms that UW Medical Center employees improperly searched Disability Services Office (DSO) *id* at 17 and Employee benefits records. *Id* at 23   Additionally, see Dkt. 164-1 at 21 (stating "UWMC would like to review over files they've received from record office") confirming that additional UW Medical Center employees were involved in the selection of documents before production to Betz.  This conduct is contrary to laws, codes, and written policies.

The identification of UW Medicine in the documents described in Plaintiff's response to summary judgment is relevant in that UW Medicine has its own privacy officer, UW Medicine employees are required to attend yearly HIPAA training, UW Medicine has a history of HIPAA violations (not just in clinical/hospital medical records) and UW Medicine is currently under HHS order regarding compliance.

Dkt. 164-1 does not contain any information regarding the production by Andrew Palmer. This court mistakenly relied on Ms. Freeman's misrepresentations in its decisions.

**4. This court overlooked that Ms. Dalessio's claims describe violations of Title I of the Americans with Disabilities Act (ADA),** 42 U.S.C. § 12112(d)**.**

While HIPAA, FERPA, and Title II of the ADA may contain "[A] comprehensive remedial scheme for the enforcement of a statutory right" that "creates a presumption that Congress intended to foreclose resort to more general remedial schemes to vindicate that right" (as this court has found in Dkt. 176 at 6), Title I of the ADA (§ 12117) specifically provides that

Plaintiff's Motion for Reconsideration -
Case 2:17-cv-00642

1    the powers, remedies, and procedures set forth in sections including 2000e–5 shall be available to

2    persons alleging "violations of regulations promulgated under section 12116 of this title."  42

3    U.S.C § 2000e–5(f) specifies that a civil action may be brought "by the person claiming to be

4    aggrieved."  42 U.S.C. § 12101(b)(4) (listing among the ADA's purposes "to invoke the sweep of

5    congressional authority, including the power to enforce the fourteenth amendment and to regulate

6    commerce, in order to address the major areas of discrimination faced day-to-day by people with

7    disabilities")

8         In <u>Okwu v. McKim</u>, 682 F.3d 842, 846 (9th Cir. 2012), Ms. Okwu claimed a right to a

9    reasonable accommodation under the ADA, and the court concluded "that Congress's inclusion of

10   a comprehensive remedial scheme in Title I of the ADA precludes § 1983 claims predicated on

11   alleged violations of ADA Title I substantive rights."  Okwu's claim was based on a right created

12   under the ADA (to reasonable accommodations), and the ADA contains a comprehensive

13   remedial scheme to vindicate rights to reasonable accommodations in employment, which had

14   already been employed in Okwu.

15

16        "The "remedial schemes" under the ADA relate only to claims concerning employment
     discrimination.  Fitzgerald instructed that, "[i]n cases in which the § 1983 claim alleges a

17   constitutional violation," the presence of significant differences in the "rights and protections"
     offered by the Constitution and the statute in question make it unlikely "that Congress intended to

18   displace § 1983 suits enforcing constitutional rights" by enacting the statute." 555 U.S. at 252–
     53.6   https://cdn.ca9.uscourts.gov/datastore/opinions/2016/08/05/14-15540.pdf

19

20        Ms. Dalessio bases her § 1983 claim on rights created under the fourth and fourteenth

21   amendments of the Constitution, what some describe as her right to informational privacy.  By

22   their improper disclosures of medical information, defendants violated regulations promulgated

23   under section 12116 of the ADA, and these regulations define a well-founded expectation of

24   privacy protections of personal health and medical information that is obtained by employers.  In

25   Ms. Dalessio's case, §1983 provides a unique remedy for enforcement of 42 U.S.C. § 12112(d).[5]

26

27   _____
     [5] "information obtained regarding the medical condition or history of the applicant is collected and maintained on separate forms

28   and in separate medical files and is treated as a confidential medical record." 42 U.S.C. § 12112(d) § 12112(d)(4)(C) indicates that
     the same privacy protections are applied to employees as well as applicants.

     Plaintiff's Motion for Reconsideration -

     Case 2:17-cv-00642

Ms. Dalessio's claims regarding improper disclosure of personal health information are not precluded by the ADA.

5. **This Court Overlooked Evidence already in the record**

This court only considered 9 pages of personal confidential information given to Betz, and overlooked many others in Dkts. 32, 33, 34, and 38. Dkt. 34 alone contains at least 24 more pages containing references to health and disability and all of this in conjunction with all of the identifying details described in Ms. Dalessio's complaint, in publicly accessible documents.

6. **Plaintiff's tort claims can be cured**

Ms. Dalessio's tort claims can be cured by naming the University of Washington and justice so requires this court give leave to amend her complaint.

This court notes in Dkt. 176 at 11 "Plaintiff does interpose a provision in Washington law which states that the State of Washington is liable for damages for the tortious conduct of its employees (RCW 4.92.090) but the State of Washington is no longer a defendant in this case and the statute is inapplicable to the individual defendants."

The UW was named defendant in Plaintiff's original claim, and was inadvertently omitted from her first amended complaint. Hence, the UW has sufficient notice of the allegations against them and there would be no resulting prejudice from correcting Plaintiff's complaint.

Here (as in *Eminence*) "plaintiffs' allegations were not frivolous, plaintiffs were endeavoring in good faith to meet the heightened pleading requirements and to comply with court guidance, and, most importantly, it appears that plaintiffs had a reasonable chance of successfully stating a claim if given another opportunity." Eminence Capital, LLC v. Aspeon, Inc., 316 F. 3d 1048, 9th Circuit 2003.

7. **If Plaintiff's complaint can be cured "the court should freely give leave when justice so requires."**

If ADA regulations can be enforced through an individual claim under the ADA for

Plaintiff's Motion for Reconsideration -
Case 2:17-cv-00642

8

injunctive relief (*see* Iceberg v. Martin, 2017 WL 396438 at *8 (WAWD, C15- 1232JLR) stating,

"a plaintiff may, in appropriate circumstances, seek prospective injunctive relief against state

officials under Ex Parte Young, 209 U.S. 123, 155-56 (1908)" then this court should give leave to

amend Plaintiff's complaint, and grant injunctive relief.

Defendants have repeatedly ignored their duties under state and federal laws to protect Ms.

Dalessio's personal information.  Defendants have intentionally produced personal information,

including protected health information, in public records in flagrant disregard for privacy rights

and interests, and "flagrant breach of a pledge of confidentiality which was instrumental in

obtaining the personal information." Alexander, 993 F.2d at 1350 (citation omitted). Cooksey v.

Boyer, 289 F.3d 513, 515-16 (8th Cir. 2002)." *see order*  Dkt. 176 at 8

 Ms. Dalessio requests that her motion for reconsideration is granted and her claims go

forward to trial.

 Respectfully submitted this 21st day of June 2019.

       Julie Dalessio

       ____/s/ julie dalessio_____

**Certificate of Service**

 I hereby certify that on 21 of June 2019, I filed the foregoing with the Clerk of the Court

through the CM/ECF system which will automatically send electronic mail notification of such

filing to the CM/ECF registered participants as identified on the Electronic Email Notice List.

       ____/s/ julie dalessio_____

Plaintiff's Motion for Reconsideration -
Case 2:17-cv-00642