The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

JULIE DALESSIO, an individual,

Plaintiff,

v.

UNIVERSITY OF WASHINGTON, a Washington Public Corporation; ELIZA SAUNDERS, Director of the Office of Public Records, in her personal and official capacity; ALISON SWENSON, Compliance Analyst, in her personal capacity; PERRY TAPPER, Public Records Compliance Officer, in his personal capacity; ANDREW PALMER, Compliance Analyst, in his personal capacity; JOHN or JANES DOES 1-12, in his or her personal capacity,

Defendants.

No. 2:17-cv-00642-MJP

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDERS DKT. 160, 176, 177, AND MOTION TO AMEND COMPLAINT

NOTE ON MOTION CALENDER: June 21, 2019 (response requested by July 3, 2019)

## I.   INTRODUCTION

Over the past nine months, the Defendants named in this lawsuit filed in 2017 have awaited resolution of the claims against them. After allowing Plaintiff to amend the original Complaint, the Court dismissed the only claims Plaintiff pled against the University and "Doe" Defendants in February of 2019 and narrowed potential claims against the remaining four Defendants—Alison Swenson, Andrew Palmer, Perry Tapper, and Eliza Saunders—before dismissing those claims as well. The claims and evidence at issue were solely related to PRA requests that Defendants Swenson and Palmer responded

DEFS' OPP. TO PLTF'S MOTION FOR RECONSID. OF ORDERS DKT. 160, 176, 177, AND MOTION TO AMEND COMPLAINT - 1
2:17-cv-00642-MJP
1010-00051/437958

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

to in 2015 (Betz) and 2016 (Dalessio).

Plaintiff now claims "new evidence" calls for reconsideration of the Court's decision. It does not. It appears that a close friend of plaintiff submitted a new Public Records Act (PRA) request to the University <u>in 2019</u>, while Defendants' summary judgment motions were pending. Plaintiff claims information that was released to her friend in April of 2019 should have been redacted. The evidence itself is immaterial to disposition of the pending claims against Defendants Swenson, Palmer, Tapper, and Saunders based on conduct that occurred in 2015 and 2016. In addition, Plaintiff's evidence admits she was fully aware of what she now characterizes as "new evidence" prior to the court's ruling and chose not to present it. See, Dkt. 82. Thus, Plaintiff's Motions for Reconsideration and to further Amend her Complaint should be denied.

## II. STATEMENT OF FACTS

The facts of this case have been briefed extensively by both sides. See Dkts. 27, 42, 119, 130, 161, 162. After Defendants removed the case to federal court and filed a motion for summary judgment, Plaintiff was appointed counsel and allowed to file a substantially revised Amended Complaint while the motion was pending. Dkts. 67, 74, 80, 81. After additional discovery, two rounds of summary judgment motions, and oral argument, the Court dismissed Plaintiff's claims in their entirety. Dkts. 153, 176.

Several days prior to the June 5th oral argument scheduled by the court, Plaintiff's counsel emailed counsel for Defendants to discuss a stipulated protective order for a set of documents he indicated his client had received from "Public Records News Media." *Exh. A to Freeman Decl.*, at p. 4. Plaintiff's counsel's email stated he had reviewed at least some of the documents and summarized the documents he believed supported Plaintiff's opposition to Defendants' pending Motion for Summary Judgment. *Id.* Plaintiff's counsel specifically asked about "how to introduce these documents as newly discovered evidence" to oppose Defendants' pending motion seeking dismissal of Plaintiff's Amended

DEFS' OPP. TO PLTF'S MOTION FOR RECONSID. OF
ORDERS DKT. 160, 176, 177, AND MOTION TO
AMEND COMPLAINT - 2
2:17-cv-00642-MJP
1010-00051/437958

Keating, Bucklin & McCormack, Inc., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

Complaint, filed in 2018. *Id.* at p. 4.  Plaintiff's counsel's email did not include the documents he was seeking to introduce.  After defense counsel's request, Plaintiff's counsel provided defense counsel with a PRA release letter for "PR 2019-00035" and about twenty pages of documents to review. *Id.* at pp. 3-4.  Defense counsel received the documents after-hours on May 30, 2019, less than four business days prior to the hearing.  This public records request was apparently made on January 20, 2019. *Exh. C to Freeman Decl.*  The release letter is dated <u>March 26, 2019</u> – over two months prior to oral argument and three weeks before Plaintiff filed her opposition to the pending summary judgment motion. Dkt. 174.[1]

Defendants made it clear they did not think it was appropriate to file these documents under seal or that they were material to the issues and claims pending against the four remaining Defendants named in Plaintiff's lawsuit, and did not agree to the sealed filing. *Exh. A to Freeman Decl.*, at p. 1.  Nothing prevented Plaintiff from: (1) filing a motion to seal the documents unilaterally, (2) seeking to submit supplemental evidence in support of her opposition to Defendant's pending summary judgment motion, or (3) raising the issue with the Court at oral argument on June 5, 2019.  In fact, during oral argument, Plaintiff's counsel alluded that he may be introducing new evidence but failed to do so during the hearing despite having possession and knowledge of the contents of the documents.

After the hearing but prior to the court's order granting summary judgment, Plaintiff's counsel filed a "Motion for Filed Documents to Remain Under Seal." *Dkt. 172*. Plaintiff's friend Terrilyn Heggins submitted a declaration establishing she was "Public Records News Media" and had received the documents April 10, 2019. Dkts. 173, 173-4.

---

[1] Pursuant to the court's rulings in Dkts. 153 and 160, Defendants Swenson, Palmer, Tapper, and Saunders filed a second motion for summary judgment on March 28, 2019. Dkt. 161. Plaintiff filed her opposition to the motion on April 15, 2019. Dkt. 162. On May 24, 2019, the court notified the parties that oral argument was set for June 5, 2019. Dkt. 167.

DEFS' OPP. TO PLTF'S MOTION FOR RECONSID. OF
ORDERS DKT. 160, 176, 177, AND MOTION TO
AMEND COMPLAINT - 3
2:17-cv-00642-MJP
1010-00051/437958

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

Plaintiff earlier disclosed Ms. Heggins in Initial Disclosures. See *Exh. B to Freeman Decl.* ("Ms. Heggins is a close family friend[.]")  The Court then entered an order dismissing Plaintiff's lawsuit with prejudice and dismissing as moot Plaintiff's "Motion for Filed Documents to Remain Under Seal" and attached documents as moot. Dkts. 176, 178.

Plaintiff's evidence is not "new information" relevant to her claims in this lawsuit. The record shows these documents are from PR 19-00035 – a public records request made by one of Plaintiff's admitted close friends and fulfilled and sent out in March or early April of 2019.  Plaintiff concedes she received the documents prior to oral argument on Defendants' Second Summary Judgment motion and the documents were briefly referenced by her counsel during argument.  There is also no dispute the request was made almost four years after Defendant Alison Swenson responded to the Betz request (PR 15-00570) and therefore does not introduce any new facts relevant to the Betz request or PR 16-00760.

The new public records request has no bearing on the documents at issue in this case.  The Court found the specific records identified by Plaintiff as supporting her claims did not come close to violating a privacy right secured by the United States Constitution. Further, the Court did not find it necessary to determine any defendant's intent.  Therefore, purportedly "new evidence" intended to show Defendants' actions rise above negligence is irrelevant.  There is no reason to disturb the Court's summary judgment dismissal of Plaintiff's claims on a legal or factual basis.

### III.   ARGUMENT AND ANALYSIS

Plaintiff attacks the Court's summary judgment dismissal both on the merits and by alleging there are new facts which would have changed the Court's decision.  Plaintiff's motion fails for several procedural and substantive reasons.

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

DEFS' OPP. TO PLTF'S MOTION FOR RECONSID. OF ORDERS DKT. 160, 176, 177, AND MOTION TO AMEND COMPLAINT - 4
2:17-cv-00642-MJP
1010-00051/437958

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

WDLCR 7(h)(1). Plaintiff's public records request years after the events giving rise to this lawsuit does not factually or legally disturb the Court's rulings with regard to Plaintiff's Constitutional privacy rights and actionable claims against Defendants. Similarly, Plaintiff still may not pursue Americans with Disabilities Act (ADA) claims under 42 U.S.C. §1983. The Court's order is clear and on solid legal grounds. Motions for reconsideration are permitted in specific circumstances not met by Plaintiff's new arguments regarding documents apparently produced in response to a **2019 PRA request.** Therefore, Plaintiff's motion should be denied.

### A.  Only the Court's Order on Defendants' *Second* Motion for Summary Judgment (Dkt. 176) is Properly Before the Court; Motions Regarding Prior Rulings by the Court are Untimely.

Plaintiff's caption seeks reconsideration of Dkt. 160, the Court's order on Defendants' Motion for Reconsideration regarding Defendants' First Motion for Summary Judgment. Dkt. 184. That order was issued March 15, 2019 – more than three months before Plaintiff's Motion for Reconsideration. Dkt. 160. Plaintiff's motion is therefore untimely in that respect and as a result, she has waived that right. WDLCR 7(h)(2) (Motions for reconsideration must be filed within fourteen days of the order.)

### B.  Plaintiff Had Possession of Allegedly "New Evidence" Prior to Filing a Response and Presenting Oral Argument on Defendants' Second Motion for Summary Judgment and Chose Not To Present it to the Court.

"Plaintiff is *obliged* to show not only that **this evidence was newly discovered or unknown to [her] until after the hearing**, but also that [she] could not with reasonable diligence have discovered and produced such evidence at the hearing." *Tagupa v. Vipdesk, Inc.*, 2016 WL 236210, at *3 (D. Haw. Jan. 19, 2016) (internal quotations and citations omitted and emphasis added.); *Aronson v. Dog Eat Dog Films, Inc.*, 738 F. Supp. 2d 1104, 1119 (W.D. Wash. 2010).

Plaintiff's motion based on allegedly "new evidence" immediately fails. By her and her counsel's admissions, Plaintiff had possession of the documents prior to the hearing and

DEFS' OPP. TO PLTF'S MOTION FOR RECONSID. OF ORDERS DKT. 160, 176, 177, AND MOTION TO AMEND COMPLAINT - 5
2:17-cv-00642-MJP
1010-00051/437958

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

had done at least a cursory review by the Thursday prior to the Wednesday hearing. *Exh. A to Freeman Decl.*, at p. 4. (Plaintiff's counsel wrote on May 30th, "I am writing to you with an urgent matter in the *Dalessio v. UW* case.  My client, Ms. Dalessio, just contacted me today and told me that she new [*sic*] evidence that is pertinent to the second motion for summary judgment.")  This evidence was clearly available prior to the summary judgment hearing and in fact was referenced briefly by Plaintiff's counsel.  For this reason alone, Plaintiff's evidence is not "new evidence" and all arguments based on the alleged "new evidence" fail.

> C. **Plaintiff's "New Evidence" Does Not Change the Court's Analysis or Ruling That Alleged Medical Information in the Betz PRA Response is Not *Constitutionally*-Protected Health Information.**

Plaintiff's motion for reconsideration also fails to establish the allegedly new information would materially alter the analysis or rulings by the court on Defendants' pending Motion for Summary Judgment.  Assuming *arguendo* that a subsequent disclosure of information, by a particular individual, pursuant to a separate and unrelated Public Records Act request was admissible as evidence of intent, there are several clear disconnects that would still cause Plaintiff's claims to fail.

The Court was clear that the information contained in the nine pages ***identified by Plaintiff*** (Dkt. 130, at p. 5:5-8) was not constitutionally protected health information.

> Despite the Court's admonitions to the contrary …, Plaintiff continues to confuse her "right to privacy" with her constitutional rights.  While there is *some* overlap, they are not the same thing, and establishing that one or more governmental actors have negligently done something which compromises the former does not automatically mean that Plaintiff's constitutional rights have been violated. Much more is required, and Plaintiff's proof fails to rise to that higher standard.

Dkt. 176, at p. 6:13-18.

Plaintiff attempts to distort the issue by focusing now on PR 19-00035, which was never at issue in this lawsuit and has no relevance to the response to the Betz request in

DEFS' OPP. TO PLTF'S MOTION FOR RECONSID. OF ORDERS DKT. 160, 176, 177, AND MOTION TO AMEND COMPLAINT - 6
2:17-cv-00642-MJP
1010-00051/437958

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

2015 or Plaintiff's own request for her records in 2016. Subsequent disclosure of different information does not affect the Court's ruling that the response to the 2015 Betz request does not contain constitutionally protected health information.

> None of the information concerning Plaintiff which appears in any document she has produced as evidence can be described as "shocking," "degrading," "egregious," "humiliating," or "flagrant." Even if she could establish that "protected" health information about her was transmitted to a third party, she has failed as a matter of law to establish that the information was of such an extreme nature that it rose to the level of violation of a constitutional right.

*Id.*, at p. 8:20-9:2.

PR 2019-00035 is entirely separate from the public records requests and responses at issue in this lawsuit. Even if there are issues related to the University's response to PR 19-00035, such issues are not a part of this lawsuit and do not alter the Court's ruling as to the claims pending against the named Defendants here.

Moreover, the Court specifically declined to rule on whether any one Defendants actions rose above mere negligence because it found no constitutional violation.

> Because Plaintiff has failed to establish the violation of a constitutional right on which to ground her federal claims, the Court need not and does not reach the issue of whether Defendants' conduct was more than merely negligent. Without the violation of a constitutional right, Defendants are entitled to qualified immunity, and the issue of their *mens rea* is immaterial.

*Id.* at p. 11:1-5. Therefore, the stated relevance of the "new evidence" (addressing the University, or perhaps only Mr. Tapper's intent in a 2019 response) was not a factor in the Court's decision. Therefore, it cannot be a basis for reconsideration or revision of the order dismissing Plaintiff's pending claims against Defendants Swenson, Palmer, Tapper, and Saunders on June 7, 2019. To the extent Plaintiff again attempts to establish a "pattern or practice", she has still not provided evidence of a statistically significant percentage of UW's total annual PRA production to do so—or evidence sufficient to establish "causation" of a Constitutional injury to her. *Id.* at p. 13:15-18. More importantly, she again cites no

DEFS' OPP. TO PLTF'S MOTION FOR RECONSID. OF ORDERS DKT. 160, 176, 177, AND MOTION TO AMEND COMPLAINT - 7
2:17-cv-00642-MJP
1010-00051/437958

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

authority that proof of a "pattern or practice" can raise any one Defendant's conduct above mere "negligence." *Id.*, at p. 14:1-3.

Finally, Plaintiff's claims fail for additional reasons. First, the Betz request was processed by Defendant Alison Swenson and Plaintiff alleges PR 19-00035 was produced by Perry Tapper. Plaintiff cannot attempt to argue Swenson's intent based on assumptions regarding a production by Tapper nearly four years later. Separately, in addition to examining the content of the information disclosed, the Court also looks at whether the "circumstances of disclosure" are "shockingly degrading or egregiously humiliating." *Cooksey v. Boyer*, 289 F.3d 513, 516 (8th Cir. 2002). Similar to the Court's ruling on documents produced to herself, documents produced to her friend can hardly be considered "shockingly degrading or egregiously humiliating" so as to constitute a violation of her privacy, especially if she sanctioned or encouraged the request knowing documents she believes are confidential would be produced.

**D.    The Court's Other Decisions As a Matter of Law Are Correct Statements of Law; There is No Evidence to Support a Finding of "Manifest Error."**

Plaintiff makes several other allegations purportedly warranting reversal. To prevail on these grounds on a motion for reconsideration, Plaintiff must show "manifest error" by the Court. WDLCR 7(h)(1).

1.    <u>Plaintiff's Allegations of "Misrepresentations" Are Inaccurate and Immaterial to the Outcome.</u>

Plaintiff argues "misrepresentations" by defendants regarding Dkt. 164-1 caused the Court to mistakenly rule against her. This document was also the subject of Plaintiff's Motion to Strike. Dkt. 165. As an initial matter, the Court is correct that these documents were previously produced to Plaintiff and were already in the Court record. See, for example, Dkt. 113-12. More importantly, the Court has repeatedly and appropriately ruled the searches for University of Washington files and documents were conducted in the

DEFS' OPP. TO PLTF'S MOTION FOR RECONSID. OF
ORDERS DKT. 160, 176, 177, AND MOTION TO
AMEND COMPLAINT - 8
2:17-cv-00642-MJP
1010-00051/437958

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

course of "responding to a legitimate PRA request" which "falls into the category of a legitimate 'noninvestigatory work-related purpose' and that "plaintiff's Fourth Amendment rights have not been violated by Defendants' conduct." Dkt. 176, at p. 9:10-13; Dkt. 153, at p. 9:1-11.  Plaintiff's repeated conclusory assertions that "[t]his conduct is contrary to laws, codes, and written policies" simply renews her repetitive arguments that "UW employees" searched for records in places she alleges they should not have.  The Court has consistently rejected this argument.

Plaintiff now argues she is attempting to make a claim under Title I of the ADA or possibly under the ADA itself as opposed to pursuing a §1983 claim based on standards set forth in the ADA.  As an initial matter, these arguments are not properly before the Court. Motions for reconsideration are not intended to provide litigants with a "second bite at the apple." *Aronson*, 738 F. Supp. at 1118.  Plaintiff's claims do not rely on new legal authority which could not have been found prior to the summary judgment hearing and therefore are not a proper basis for reconsideration; she clearly reiterated her position regarding her §1983 claims (based on the ADA) in legal briefing and via her counsel in oral argument. See Dkt. 194., at p. 7:16-19 (Plaintiff relies on a 2016 opinion.); Dkts. 134, 158, 162.  In addition, the Court has already cited authority precluding enforcing ADA Title I rights through §1983. *Okwu v. McKim*, 682 F.3d 841, 846 (9th Cir. 2012).  Plaintiff's argument would fail even if it was properly before the Court.

        2.     <u>Plaintiff Herself Identified the Nine Pages Referenced By The Court.</u>

Plaintiff had the opportunity to identify any pages she believed purportedly contained sensitive medical information that amounted to a violation of her Constitutional rights.  Her counsel was questioned about these documents by the court at oral argument. Plaintiff identified "Dkt. 34 at 69-77." Dkt 130, at p. 5:5-8.  Plaintiff again attempts to have a "second bite at the apple" by identifying more pages without any explanation.  The documents produced in the Betz request have not changed—none of the information

DEFS' OPP. TO PLTF'S MOTION FOR RECONSID. OF
ORDERS DKT. 160, 176, 177, AND MOTION TO
AMEND COMPLAINT - 9
2:17-cv-00642-MJP
1010-00051/437958

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

produced in response to Betz's 2015 PRA request are of Constitutional magnitude. If Plaintiff believed there were additional pages that contained Constitutionally-protected information, this should have been raised in her opposition brief. It was not, and is not properly raised for the first time in a motion for reconsideration. WDLCR 7(h)(2).

**E.   A Request for Leave to Amend is Not Properly Before the Court and Would Not Change the Outcome of Plaintiff's Claims Against Defendants.**

Plaintiff cannot request to amend a pleading in a closed case that was dismissed on summary judgment. *Thrune v. Shetler*, 892 F.2d 1046, at *1 (9th Cir. 1989) (citing *Cf. Jackson v. American Bar Ass.,* 538 F.2d 829, 833 (9th Cir.1976)). Permitting such an amendment prejudices Defendants in the most extreme way possible – it reopens a case to face claims that were not pled at any point, essentially permitting plaintiffs to pick and choose which arguments they want to test with the assurance that they can always amend even after dismissal to add new parties and new claims.

Plaintiff already requested, and was granted, leave to amend her Complaint, over Defendants' objections based on legal grounds ultimately leading to dismissal of her claims. Dkts. 74, 82. The result essentially re-started the case and postponed dismissal of claims against the named parties for another year. Plaintiff's amended Complaint [Dkt. 82] included a request for injunctive relief against individual Defendants only, which was dismissed following Defendants' first Motion for Summary Judgment on the Amended Complaint on February 11, 2019. Dkt. 153, at p. 13. In both her original and amended Complaints, she chose to pursue only a breach of contract claim against the University, which was also previously dismissed. Dkt. 153, p. 12-13. Plaintiff's motion for reconsideration of those rulings is untimely.

More importantly, adding claims against the UW would not eliminate Defendants' good-faith immunity from all state law tort claims. Unlike qualified immunity for individuals under federal law, immunity under the PRA applies to agencies as well:

DEFS' OPP. TO PLTF'S MOTION FOR RECONSID. OF
ORDERS DKT. 160, 176, 177, AND MOTION TO
AMEND COMPLAINT - 10
2:17-cv-00642-MJP

1010-00051/437958

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

"[n]o public agency … shall be liable, nor shall a cause of action exist, for any loss or damage based upon the release of a public record if the public agency … acted in good faith in attempting to comply with the provision of this chapter."

RCW 42.56.060 [emphasis added].

Plaintiff has provided no authority to support the argument that *respondeat superior* would in any way vitiate the good faith exemption for public agencies as well as individual employees.

## IV.   CONCLUSION

Plaintiff's motion is nothing more than a request for a "do-over." She chose not to introduce her "new evidence" at the hearing and has now waived that argument. Even if it is permitted, it does not disturb the Court's order. Defendants' respectfully request the Court deny Plaintiff's motion.

DATED: July 3, 2019

KEATING, BUCKLIN & McCORMACK, INC., P.S.

By: */s/ Jayne L. Freeman*
Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for Defendant

801 Second Avenue, Suite 1210
Seattle, WA 98104
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: jfreeman@kbmlawyers.com

DEFS' OPP. TO PLTF'S MOTION FOR RECONSID. OF ORDERS DKT. 160, 176, 177, AND MOTION TO AMEND COMPLAINT - 11
2:17-cv-00642-MJP
1010-00051/437958

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

# CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Plaintiff Pro Se**
Ms. Julie Dalessio
1110 29th Avenue
Seattle, WA  98122
Phone:  (206) 324-2590
Email:  juliedalessio@msn.com          **Courtesy copy also sent by e-mail.**

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

N/A.

DATED:  July 3, 2019

                                                  */s/ Jayne L. Freeman*
                                                  Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for Defendant
801 Second Avenue, Suite 1210
Seattle, WA  98104
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: jfreeman@kbmlawyers.com

DEFS' OPP. TO PLTF'S MOTION FOR RECONSID. OF ORDERS DKT. 160, 176, 177, AND MOTION TO AMEND COMPLAINT - 12
2:17-cv-00642-MJP
1010-00051/437958

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423