UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JULIE DALESSIO,

                Plaintiff,

    v.

UNIVERSITY OF WASHINGTON, et al.,

                Defendants.

CASE NO. C17-642 MJP

ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION TO AMEND COMPLAINT

The above-entitled Court, having received and reviewed Plaintiff's Motion for Reconsideration and Motion to Amend Complaint (Dkt. No. 184), Defendants' Opposition (Dkt. No. 186), all attached declarations and exhibits, and relevant portions of the record, rules as follows:

    IT IS ORDERED that the motion for reconsideration is DENIED.

    IT IS FURTHER ORDERED that the motion to amend the complaint is DENIED.

**Background**

Plaintiff, originally appearing *pro se*, filed a complaint in state court alleging invasion of privacy, public records violations, breach of contract, defamation/libel, discrimination/retaliation and negligence. (Dkt. No. 1-1.) The matter was removed by Defendants to federal court in April 2017. (Dkt. No. 1.) In January 2018, counsel was appointed to represent Plaintiff (Dkt. No. 67) and an amended complaint was filed, now alleging violations of 42 U.S.C. § 1983 (Fourth and Fourteenth Amendments), breach of contract, and public disclosure of private facts. (Dkt. No. 82.)

Over the course of two summary judgment motions filed by Defendants, Plaintiff was challenged to produce both facts and law to support her claims. This Court found deficiencies in both areas – a portion of her claims were dismissed in February 2019 (Dkt. No. 153) and the remainder of her case was dismissed in its entirety in June 2019. (Dkt. No. 176.) Plaintiff has filed a motion to reconsider (1) the order denying her motion to reconsider the partial granting of Defendant's first summary judgment motion (Dkt. No. 160) and (2) the order and judgment granting Defendant's second summary judgment motion and dismissing her case. (Dkt. Nos. 176, 177.) Additionally, she has requested leave to file an amended complaint.

**Discussion**

Local Rule 7(h) ("Motions for Reconsideration") states:

(1) Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

The motion shall be filed within 14 days following the finding of the order to which it relates. LCR 7(h)(2).

In keeping with the filing deadline announced at LCR 7(h)(2), that portion of Plaintiff's motion seeking reconsideration of the order at Dkt. No. 160 will be summarily denied. That order was issued on March 15, 2019 and the 14-day deadline has long expired. Furthermore, that order was already a denial of a motion for reconsideration (improperly characterized as a "Motion for Relief Pursuant to FRCP 60(a)"); Plaintiff's only legitimate recourse is an appeal to the Ninth Circuit Court of Appeals.

Regarding that portion of Plaintiff's motion for reconsideration which is addressed to the Order Granting Defendants' Second Motion for Summary Judgment (Dkt. No. 176), the Court finds that motion for reconsideration was timely filed. Plaintiff claims both legal error and new facts in justification of her position that the Court ruled improperly against her.

Turning first to her allegations of "new evidence," Plaintiff asserts that evidence which was produced in April 2019 pursuant to a public records request from "Public Records News Media" (found at Dkt. Nos. 172, 173, and 174) constitutes "new facts" justifying a reconsideration of the Court's dismissal of Plaintiff's suit. The argument is not meritorious.

In the first place, the evidence was in the possession of Plaintiff's acquaintance Terrilyn Heggins (a/k/a "Public Records News Media") as of April 10, 2019. *See* Dkt. No. 173, Decl. of Heggins at ¶ 6. Plaintiff indicates that she received the information "[o]n or about the end of April 2019" and did not provide it to her attorney until a month later. Dkt. No. 174, Decl. of Dalessio at ¶¶ 2, 4.[1] This in no way comports with the requirement of a showing that the new facts "could not have been brought to [the Court's] attention earlier with reasonable diligence."

---

[1] Plaintiff provides no explanation of either the two-week delay in receiving the information from Ms. Heggins or the one-month delay in delivering it to her counsel.

In the second place, the evidence Plaintiff seeks to use to justify her reconsideration request is (as Defendants point out) "entirely separate from the public records requests and responses at issue in this lawsuit." The allegations in Plaintiff's suit involve material produced in 2015 and 2016; Plaintiff's attempt to use documents produced three years after that, with no opportunity for Defendants to test its relevance or authenticity through discovery or deposition, is not a proper litigation tactic.

Finally, even if the documents presented by Plaintiff as "new facts" were admissible and adjudged relevant to her allegations, their legal impact is non-existent; i.e., they would have made no difference in the Court's ruling. The Court has previously announced that it would assess the viability of Plaintiff's claims to a violation of her constitutional right to privacy on the basis of a legal standard which tests whether any of the information produced was "shocking," "degrading," "egregious," "humiliating," or "flagrant." Dkt. No. 176 at 8-9. The information contained in Plaintiff's "new evidence" is the same kind of personal information which, the Court has already ruled, satisfies none of those standards. The fact that the information was allegedly produced to an acquaintance of Plaintiff's (acting, in all likelihood, at Plaintiff's behest) renders it even less qualified to establish her claims than the information produced to her neighbor Mr. Betz.

Furthermore, it is apparent that Plaintiff seeks to introduce this evidence as further proof of a "pattern or practice" on the part of the University and its employees which, according to her theory of the case, elevates the Defendants' conduct above the mere negligence which qualifies them for immunity from liability. As the Court pointed out previously, Plaintiff still has not adduced statistical evidence of any sort which might tend to prove that the three instances (Mr. Betz, herself, and now Ms. Heggins) of which she has evidence constitute a sufficient percentage

of the University's total records production to constitute a "pattern or practice." Nor has she ever cited to persuasive legal authority that evidence of a "pattern or practice" would raise any of the Defendants' conduct above simple negligence. Id. at 14.

Turning to the allegations of legal error on the Court's part, Plaintiff continues to argue that Defendants' production of information from the Disability Services Office and her employee benefits records was improper. Having already found that Defendants' searches of files and documents in possession of the University were conducted in the course of "responding to a legitimate PRA request" pursuant to a "legitimate 'noninvestigatory work-related purpose'" (and thus not a Fourth Amendment violation; *see* id. at 9), the Court sees no legal authority cited in Plaintiff's reconsideration request tending to establish that such a finding was in error.

It now appears that Plaintiff is maintaining that the Court erred by "overlook[ing] that Ms. Dalessio's claims describe violations of Title I of the Americans with Disabilities Act (ADA)." Dkt. No. 184, Motion at 6. The Court understood that Plaintiff was citing to alleged ADA violations in attempting to establish her § 1983 claims and addressed the ineffectuality of that argument with case law "which holds that § 1983 is not available to vindicate rights under the ADA." Dkt. No. 176 at 6 (citations omitted). Plaintiff cites case law from a 2009 Supreme Court case in opposition to that finding, case law which was clearly capable of being brought to the Court's attention in her original briefing. This is not proper argument on reconsideration and merely constitutes an improper "second bite at the apple" not permitted at this juncture. Aronson v. Dog Eat Dog Films, Inc., 738 F.Supp. 2d 1104, 1118 (W.D. Wash. 2010).

Plaintiff alleges error in that "[t]his court only considered 9 pages of personal and confidential information given to Betz, and overlooked many others." Motion at 8. She neglects to mention that this was the very information cited by her attorney as "[t]he evidence… already

in the record identifying Plaintiff's protected health information that was produced pursuant to the PRA to David Betz." Dkt. No. 130 at 5. The additional information cited by Plaintiff was available to her at the time her briefing was filed, and at the time her attorney presented oral argument on her behalf; it was not cited in either instance and may not properly be cited in a motion for reconsideration as it did not form a part of the Court's analysis or ruling.

Regarding Plaintiff's motion to amend: Plaintiff alleges that her "tort claims can be cured by naming the University of Washington and justice so requires this court give leave to amend her complaint." She asserts that UW was "inadvertently omitted from her first amended complaint" and would not be prejudiced by being added at this point. Motion at 8. Firstly, UW was <u>not</u> omitted from her first amended complaint; the University is named in the case caption and as the sole defendant on Plaintiff's sixth cause of action for breach of contract. Dkt. No. 82 at ¶¶ 183-190. Because that was the only claim in which the institution was named as a defendant, it was dismissed from the lawsuit when that claim was found to be barred by the statute of limitations. Dkt. No. 153, Order at 12. Plaintiff's failure to name UW as a defendant on any of her other claims cannot be cured at this point. Nor does Plaintiff explain how adding UW would overcome the good-faith immunity already found to shield the remaining Defendants from state tort liability. RCW 42.56.060; Dkt. No. 153 at 10 and Dkt. No. 176 at 11.

**Conclusion**

Plaintiff presents neither new facts nor proof of legal error which could not, with reasonable diligence, have been produced during the briefing and oral argument on Defendant's second summary judgment motion. Her attempt to invite reconsideration of the Court's ruling on Defendant's first summary judgment request is untimely and improper. Neither is she entitled, at this point, to amend her complaint further.

Plaintiff's motion for reconsideration and motion to amend her complaint are DENIED.

The clerk is ordered to provide copies of this order to Plaintiff and to all counsel.

Dated July 9, 2019.

Marsha J. Pechman
United States Senior District Judge