```
                    UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF WASHINGTON AT SEATTLE
_____

 JULIE DALESSIO,                  )
                                  ) CASE NO. C17-642 MJP
             Plaintiff,           )
                                  ) SEATTLE, WASHINGTON
 v.                               )
                                  ) February 22, 2018
 UNIVERSITY OF WASHINGTON, et al.,) 12:00 p.m.
                                  )
             Defendants.          ) TELEPHONE CONFERENCE
                                  )
_____

                  VERBATIM REPORT OF PROCEEDINGS
              BEFORE THE HONORABLE MARSHA J. PECHMAN
                   UNITED STATES DISTRICT JUDGE
_____


 APPEARANCES:

  For the Plaintiff:     JOSEPH THOMAS
                         Law Office of Joseph Thomas PLLC
                         14625 SE 176th Street, Apt N101
                         Renton, WA 98058


  For the Defendants:    JAYNE LYN FREEMAN
                         DEREK CHEN
                         Keating Bucklin McCormack, Inc. PS
                         801 Second Avenue, Suite 1210
                         Seattle WA 98101


  Reported by:           NANCY L. BAUER, CCR, RPR
                         Federal Court Reporter
                         700 Stewart Street, Suite 17205
                         Seattle, WA 98101
                         (206) 370-8506
                         nancy_bauer@wawd.uscourts.gov
```

Proceedings recorded by mechanical stenography; transcript produced with aid of computer

```
 1   February 22, 2018                                    12:00 p.m.
                              PROCEEDINGS
 2   _____

 3             THE COURT:  Good morning, this is Judge Pechman.

 4             THE CLERK:  Good morning, Your Honor.

 5      This is in the matter of Julie Dalessio versus the

 6   University of Washington, Cause No. 17-642.

 7      Counsel, please make your appearances for the record.

 8             MS. FREEMAN:  Jayne Freeman, counsel for defendant,

 9   University of Washington, and Derek Chen, from my office, is

10   also here on behalf of the University of Washington.

11             MR. THOMAS:  And Joseph Thomas on behalf of

12   Ms. Dalessio, the plaintiff.

13             THE COURT: Good morning, counsel.  Thank you very

14   much for taking my call.  I thought it best that we have a

15   conversation because I have had a chance to review your

16   amended joint status report, and I think we've got some

17   issues that it would be helpful for us to all talk about.

18      One of the first things that I wanted to talk with you

19   about is the amendment of the pleadings, and so can the

20   plaintiff tell me what your plan is there and when you

21   believe that you will be able to accomplish that?

22             MR. THOMAS:  So Ms. Dalessio would like to amend the

23   complaint.  I think that Ms. Dalessio did a great job, as a

24   pro se individual, drafting the complaint; however, I feel

25   the legal issues could be crystallized better.  So I believe
```

1   that Ms. Dalessio interprets the substance of issues; for
2   example, her privacy was violated, but I don't think she
3   addressed the crux cause of action to address the legal
4   problem.  So Ms. Dalessio would like to file a motion for
5   leave of this court in order to amend the complaint in order
6   to change the causes of action while leaving the substance of
7   allegations the same.
8              THE COURT:  Okay.  And at the same time, there is a
9   cause of action that reaches back to her employment with the
10  university.  Is the plan still to keep that cause of action
11  in the mix?
12             MR. THOMAS:  No.  Ms. Dalessio is willing to drop the
13  causes of action that relate to the termination.  She would
14  like to keep the breach-of-contract claim, but she's willing
15  to drop all the discrimination claims.
16             THE COURT:  Okay.
17     All right.  Let me hear from the defense as to why that
18  would not be a good idea to allow the amendment.
19             MS. FREEMAN:  Thank you, Your Honor.
20     First, because it's past the time for amending a
21  complaint, specific to the case schedule, and Ms. Dalessio
22  has outlined all of her complaints, as counsel indicated.
23  And in our summary judgment motion, we addressed her
24  complaints, and it seems that the appointment of counsel was
25  primarily to assist in clarifying those claims in responding

1  to the summary judgment motion.
2      It's unclear -- I know that Mr. Thomas has had some
3  discussions with our office about wanting to add, I think,
4  1983 due-process claims, and I'm not certain if there is
5  anything else.  I think that Ms. Dalessio did raise some 1983
6  claims, and that was part of the purpose of our summary
7  judgment motion.
8      It seems that counsel and Ms. Dalessio have the
9  opportunity to file a new response to the summary judgment
10 motion, if they need to clarify it there.  If an amendment
11 were filed, of course, one of the things we would be looking
12 at would be whether the claim was futile or not.  I think
13 we've already addressed some of those arguments about the
14 fact that a 1983 claim would be futile under the facts of
15 this case and the summary judgment motion.  So I assume,
16 again, unless something different comes along, that we would
17 be responding to a motion to amend the complaint on those
18 grounds as well.  It would be futile to add the claim and
19 then just turn around and address it in our summary judgment
20 motion.
21         THE COURT:  Well, at least from this judge's
22 perspective, having an amendment cleans up the causes of
23 action, and I think it will make things easier for everyone.
24 So the plaintiff should go forward and file their motion to
25 amend, clean up their causes of action.

```
 1        Now, counsel, when can you get that done by?
 2            MR. THOMAS:  Your Honor, if I may add in one more
 3   thing.
 4       There have been intervening violations of
 5   Ms. Dalessio's privacy that would be filed under the same
 6   cause of action -- it would be under the same legal cause of
 7   action of substantive due-process violation of Ms. Dalessio's
 8   rights.
 9       When counsel in this case filed her documents on Pacer,
10   and it caused the same substantive violation where her
11   privacy was violated, where her social security number and
12   her date of birth were given out to the public, and so
13   Ms. Dalessio would also like to add that additional claim,
14   because that -- those facts weren't around at the time when
15   she wrote the original complaint.
16            THE COURT:  Ms. Freeman, is that correct?  Do we have
17   violations up on Pacer now?
18            MR. THOMAS:  Your Honor, let me clarify.  There
19   aren't current violations.  Those documents were sealed;
20   however, Ms. Dalessio is worried because they were on Pacer
21   for a time, and she doesn't know who saw them and who had
22   access to them while they were on Pacer without being sealed.
23            THE COURT:  All right.  Well, we'll have to sort out
24   whether that's an actionable action or if it's taken place in
25   the course of the litigation.  But I would tell counsel for
```

1   the university, if there's another violation of that kind

2   while we're litigating these issues, you can expect that I'll

3   hold you in contempt immediately, because that is a violation

4   of the court rule, not a violation of the statute.

5       So even if there were immunity here on some of the other

6   causes of action, the university would not be immune if the

7   court held you in contempt for failing to follow the rules.

8           MS. FREEMAN:  I understand, Your Honor.  And there is

9   some disagreement over that basis of that issue, but I think

10  it's been addressed already, earlier on.  And all the

11  documents are sealed, pursuant to Ms. Dalessio's request, and

12  that's fine with the university.

13          THE COURT:  Okay.  Well, as far as Ms. Dalessio's

14  claim for that, you know, counsel, I would suggest that you

15  make the claim, and we'll sort out whether or not it is one

16  that can stand within the lawsuit or if it comes under the

17  heading of problems with the current litigation that are

18  handled by the rules of the court.

19          MR. THOMAS:  Thank you, Your Honor.

20      And so that's the other question of when -- when we think

21  that we can amend the complaint by.  I am hopeful that we can

22  amend the complaint by March 12.

23      The problem is is that we would need to, under a 1983

24  cause of action, it would be frivolous if we just allege the

25  University of Washington conducted or made these sort of

1  actions, and so we would need to name individual state
2  officers and in their personal capacity, and without the
3  University of Washington's help, that's going to take some
4  time in order to determine who actually performed these
5  actions in releasing Ms. Dalessio's personal information
6  through the Public Records Act request.
7         THE COURT:  Okay.  Well, let's handle it this way:
8  Go ahead and make your motion to amend, and file it by
9  March 12th.  The university will have a chance to make their
10 objections to what they believe is frivolous or
11 non-actionable.
12    Let's turn ourselves to the summary judgment.
13    I'm assuming the summary judgment, some of the issues
14 outlined there, would still be operable.  For example, one of
15 the issues being argued, that would still be operable.  But
16 does the plaintiff intend to respond to the summary judgment?
17 Do the defense want to have the opportunity to amend the
18 summary judgment after the new pleadings are filed?
19         MR. THOMAS:  I guess I'll let the defense go first.
20         MS. FREEMAN:  Well, again, I think we'll have to see
21 the amended complaint.  I agree with the court that if the
22 amended complaint does clean up the claims and --
23 particularly if it results in some issues and clarifies some
24 others, then we can file an amended motion.  It might be
25 easier for the court to track because I know in our efforts

1  to put the motion together, it was an effort to try and
2  figure out what plaintiffs were claiming and address it.  So
3  that might clean things up and shorten the process, I guess.
4      I anticipate all the evidence that's been filed already
5  would be the same.  The plaintiffs already have both their
6  initial disclosures and their summary judgment motions,
7  declarations and evidence from all of the parties involved in
8  the public disclosure issues, and there's nothing really
9  that's a mystery there.  Everything is out front.
10     I think I'm more concerned about getting this process
11 moving so we have some time limits and time frames so we
12 can -- we can move forward, because the trial date was set
13 for March.
14         THE COURT:  Well, obviously, we're not going to make
15 March.
16         MS. FREEMAN:  Right.  So if we can get a time frame,
17 that's fine.  We can refile it.
18         THE COURT:  Okay.
19     All right.  Then how long after the filing of the amended
20 complaint would you need in order to amend your summary
21 judgment and start that process again?
22         MS. FREEMAN:  So, preferably, I guess, if the
23 plaintiff files a motion to amend the complaint, and there
24 are some futile actions there, we would be opposing the
25 amendment, and we'd need a ruling from the court, and then

```
 1   we'd file a summary judgment motion.
 2        But if the court is going to look at it all at the same
 3   time anyway, from the time, I guess, it's noted for
 4   amendment, we'd need, you know, maybe 30 days to file a new
 5   motion.
 6             THE COURT:  All right.
 7             MS. FREEMAN:  I assume that the legal arguments are
 8   going to be similar.
 9             THE COURT:  They'd probably be similar, but I'm
10   assuming you'd want to hear what I have to say about what
11   causes of action are going to be allowed to go forward before
12   you have to file a summary judgment.
13             MS. FREEMAN:  Yeah, preferably.
14             THE COURT:  Yeah.  So we can do that.  I'm just
15   trying to figure out what we need to put into an overall
16   scheduling order.
17             MR. THOMAS:  Your Honor, if I may?
18             THE COURT:  Go ahead.
19             MR. THOMAS:  I haven't got through all the discovery
20   yet, but there appears to be some instances with discovery,
21   and I'm not sure if they're going to affect -- if the amended
22   complaint is allowed to go forward, how that's going to
23   affect discovery.  So I think that we should -- I think the
24   court should consider how discovery will be impacted with the
25   two of us setting the summary judgment schedule.
```

| | |
|---|---|
| 1 | THE COURT:  Okay.  Well, there was some request |
| 2 | for -- there was some request for discovery, and I don't know |
| 3 | if they have been responded to completely or if, Mr. Thomas, |
| 4 | you are intending to rework the request for discovery, based |
| 5 | upon the fact that you now, perhaps, have different causes of |
| 6 | action, or have a different understanding of what your client |
| 7 | wants to push forward on. |
| 8 | MR. THOMAS:  I spoke with Mr. Chen about this during |
| 9 | the joint status report, and I don't think that -- if there |
| 10 | needs to be some additional discovery, I think that we agreed |
| 11 | that we would be able to accommodate a limited discovery.  I |
| 12 | don't see the need in redoing discovery completely. |
| 13 | But Ms. Dalessio has expressed to me -- like I said, I |
| 14 | haven't had the time to follow through in the joint status |
| 15 | report and looking through her substantive claims, to go |
| 16 | through the discovery yet and vet everything in this case. |
| 17 | So I haven't been able to see if defendants' response to |
| 18 | discovery are adequate or if we have any problems there. |
| 19 | THE COURT:  Okay. |
| 20 | MS. FREEMAN:  And so, yeah, I'm hoping this is a |
| 21 | matter of -- and once Mr. Thomas has time to actually look at |
| 22 | the discovery history, he'll see the university did provide |
| 23 | everything responsive to the issues that need to be resolved |
| 24 | in the summary judgment motion. |
| 25 | The main area where we made an objection and asked to be |

1  relieved of an obligation to provide extensive discovery was
2  really related to things going all the way back to her 2003
3  employment and her separation agreement, her settlement
4  agreement from back then.  So if those claims are dropped,
5  and once Mr. Thomas has had a chance to see everything
6  produced, which is everything related to the public
7  disclosure request, the process, et cetera, I don't think
8  there would be any need for discovery in order to get the
9  summary judgment motions ruled on.
10           THE COURT:  Okay.  So that's a task that Mr. Thomas
11 needs to address himself to.  And if there is need for
12 additional discovery, then what I'd like to have you do is go
13 through a meet-and-confer process and see if that can get
14 resolved.  If not, then what I'd suggest to get this thing
15 moving is that if there is need for additional discovery,
16 Rule 37 and through a unified request to me, because that way
17 you don't have to wait for something to ripen.  It becomes
18 ripe on the day that you finish it and it hits my desk.  I
19 can move faster than a motion to compel.  Are you with me on
20 that?
21           MS. FREEMAN:  Sounds good.
22           MR. THOMAS:  Yes.
23           THE COURT:  Okay.  Now, let's talk about a trial
24 date.
25      August is one of the trial dates that was put forth.  I

```
 1  can't give you August.  Honestly, I think you're probably not
 2  going to be done by August if we, essentially, start
 3  resetting the clock on some of these issues.  So I'm looking
 4  at an October date, and Ms. Miller is on the line, and she's
 5  the one that controls the scheduling.
 6       Ms. Miller, could we give them a date sometime in October?
 7            THE CLERK:  Your Honor, October 22nd or October 29th,
 8  although you have other matters.  They wouldn't be first set
 9  on that date.
10            THE COURT:  Okay.  How is that looking for October?
11            MS. FREEMAN:  That works for the defendant.
12            MR. THOMAS:  What was the date again?  I apologize.
13  I was looking through my availability.
14            THE CLERK:  October 22nd.
15            MR. THOMAS:  I believe that would work for the
16  plaintiffs, too.
17            THE COURT:  Okay. Let's do this:  Let's go back and
18  recalculate some of the things -- the dates and times that
19  need to be done.  Is that something, counsel, that you think
20  you can do together, or is that something you want me to do?
21  If we have a motion to amend the pleadings by March 12th, can
22  you fill in the rest of the dates and date for filing as an
23  amended summary judgment, as well as a deadline for any
24  further discovery that needs to be turned over?
25            MS. FREEMAN:  We can prepare that.
```

```
 1            MR. THOMAS:  My hope is that we'll be able to work
 2   something out with defendants.
 3            THE COURT:  Okay.  I'd like to have you using those
 4   two dates as a bracket, March 12th and October 22nd.  I'll
 5   leave it to you to fill in the dates of when it is that you
 6   believe you're going to be ready to turn your attention to an
 7   amended summary judgment, be able to go through the
 8   discovery, and make sure you have what you need.  And if you
 9   don't file a motion -- and then if it has to be tried, then
10   we move forward with the trial preparation.
11      Can you do that in the next week?
12            MR. THOMAS:  Yes, I think we can.
13            MS. FREEMAN:  Yeah, we can do that.  That sounds
14   good.
15            THE COURT:  All right.  Then this is what I'd like to
16   have you do:  Put together your proposed schedule.  I'd like
17   to see it in a week from today.  Then we'll generate a new
18   scheduling order based upon what it is that you're
19   suggesting, and Ms. Miller will hold that October time frame.
20   Okay?
21            MS. FREEMAN:  Okay.  Thank you, Your Honor.
22            THE COURT:  All right.
23            MR. THOMAS:  Thank you, Your Honor.
24            THE COURT:  Anything else I can help you with?
25            MS. FREEMAN:  I don't think so.  Sounds like we just
```

1   need to plow through some of this stuff.
2           THE COURT:  All right.  Thank you, both, very much.
3
4           (The proceedings concluded at 12:21 p.m.)

C E R T I F I C A T E

       I, Nancy L. Bauer, CCR, RPR, Court Reporter for the United States District Court in the Western District of Washington at Seattle, do hereby certify that I was present in court during the foregoing matter and reported said proceedings stenographically.

       I further certify that thereafter, I have caused said stenographic notes to be transcribed under my direction and that the foregoing pages are a true and accurate transcription to the best of my ability.

       Dated this 18th day of September 2019.

       /S/   Nancy L. Bauer

       Nancy L. Bauer, CCR, RPR
       Official Court Reporter