**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIE DALESSIO, | No. 19-35675 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00642-MJP |
| v. | |
| UNIVERSITY OF WASHINGTON, a Washington Public Corporation; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted August 4, 2020[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Julie Dalessio appeals the district court's grant of summary judgment and

denial of a motion for reconsideration arising out of public records requests to the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

University of Washington ("UW") under Washington's Public Records Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the grant of summary judgment. *See Clicks Billiards Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir.2001). The district court properly granted summary judgment on Dalessio's breach of contract claim against UW, because it was timed barred, *see* RCW 4.16.040(1) (statute of limitations for a claim on a written contract is six years), and the discovery rule does not apply. *See 1000 Va. Ltd. P'ship v. Vertecs Corp.*, 146 P.3d 423, 430–32 (Wash. 2006) (en banc) (applying the discovery rule narrowly to construction contracts where latent defects are alleged).

The district court did not err in granting summary judgment on Dalessio's constitutional claims under 42 U.S.C. § 1983. A violation of § 1983 requires proof that "(1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). There is no proof defendants violated Dalessio's Fourth or Fourteenth Amendment rights. *See City of Ontario, Cal. v. Quon*, 560 U.S. 746, 761 (2010) (no Fourth Amendment violation where there were "reasonable grounds for suspecting that the search [was] necessary for a noninvestigatory work-related purpose" (internal quotation marks and citation omitted)); *Daniels v. Williams*, 474 U.S. 327, 332 (1986) (negligent conduct by a

state official does not constitute deprivation under the Due Process Clause); *Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (in absence of personal participation, § 1983 liability exists where an actor "set[s] in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury" (internal quotation marks and citation omitted)).

With respect to the release of Dalessio's health and medical information, a § 1983 claim cannot be sustained under the ADA or HIPAA. *See Vinson v. Thomas*, 288 F.3d 1145, 1155–56 (9th Cir. 2002) ("[A] comprehensive remedial scheme for the enforcement of a statutory right creates a presumption that Congress intended to foreclose resort to more general remedial schemes to vindicate that right." (internal quotation marks and citation omitted)). A constitutional right to privacy does not reach every disclosure of personal information. *See Paul v. Davis*, 424 U.S. 693, 713 (1976).

The district court properly granted summary judgment on Dalessio's common law tort claim, because defendants were entitled to good faith immunity under RCW § 42.56.060. *See Whaley v. State, Dep't of Soc. & Health Servs.*, 956 P.2d 1100, 1106 (Wash. App. 1998).

The district court did not err in granting summary judgment on Dalessio's claims for injunctive and declaratory relief. Dalessio failed to show that she has "a

well-grounded fear of immediate invasion" of "a clear legal or equitable right," *Wash. Fed. Of State Emps., Council 28 v. State of Washington*, 665 P.2d 1337, 1343 (Wash. 1983) (en banc) (citation omitted), and a declaratory judgment would not resolve an "autonomous and independent dispute" of "vital importance" *L.A. Cty. Bar Ass'n v. Eu*, 979 F.2d 697, 703 (9th Cir. 1992) (citation omitted).

Finally, because the district court was not presented with newly-discovered evidence and did not commit clear error, it was not an abuse of discretion to deny the motion for reconsideration. *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 661, 665 (9th Cir. 1999).

**AFFIRMED**.